07MD 1902

DEC 28 2007

Dec 28, 2007

FILED
CLERK'S OFFICE

ATTEST
By Mecca Thompson on Dec 28, 2007

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

IN RE: REFCO SECURITIES LITIGATION                             MDL No. 1902

### TRANSFER ORDER

**Before the entire Panel**[*]: Defendants Credit Suisse Securities (USA) LLC, Banc of America Securities LLC, Deutsche Bank Securities Inc., Grant Thornton LLP, Mayer Brown LLP, Mayer Brown International LLP, and PricewaterhouseCoopers LLP have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of the actions listed on Schedule A in the Southern District of New York. The defendants' motion encompasses nine actions in the Southern District of New York and one action in the Northern District of Illinois.[1] Defendants Beckenham Trading Co., Inc., and Andrew Krieger join in the motion for transfer. Plaintiff in the Northern District of Illinois action opposes the motion.

On the basis of the papers filed and hearing session held, we find that these ten actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions arise out of the collapse of Refco Inc. (Refco) and share allegations related to purported misstatements and omissions in Refco's financial statements, the supposed harm caused to Refco and its creditors from the leveraged buy-out of Refco in 2004 and the company's initial public offering in 2005, and Refco's subsequent insolvency and ultimate liquidation. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

The Southern District of New York stands out as an appropriate transferee forum. Relevant documents and witnesses can be expected to be found within the Southern District of New York because Refco was headquartered there, as are the various investment banks involved in the securities offerings. The Refco bankruptcy proceedings, as well as related criminal proceedings involving several of its former officers, are also pending in the Southern District of New York. Many actions are already proceeding apace in this district, including some that have been pending over a year longer than the one pending outside this district. Indeed, the judge to whom we are assigning this litigation has already

---

[*] Judges Heyburn and Scirica took no part in the decision of this matter.

[1] In addition to the actions included on the motion for transfer, three related actions are also pending in the Southern District of New York. In light of our disposition of this docket, these potential tag-along actions are already pending before the transferee judge. See Rule 7.5(a), R.P.J.P.M.L., 199 F.R.D. 425, 436 (2001).

- 2 -

developed familiarity with the issues present in this docket as a result of presiding over motion practice and other pretrial proceedings in the actions pending before him for the past two years.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending outside the Southern District of New York is transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Gerard E. Lynch for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

PANEL ON MULTIDISTRICT LITIGATION

D. Lowell Jensen
Acting Chairman

John G. Heyburn II, Chairman*   J. Frederick Motz
Robert L. Miller, Jr.           Kathryn H. Vratil
David R. Hansen                 Anthony J. Scirica*

IN RE: REFCO INC. SECURITIES LITIGATION                          MDL No. 1902

## SCHEDULE A

### Northern District of Illinois

Marc S. Kirschner, etc. v. Grant Thornton LLP, et al., C.A. No. 1:07-5306

### Southern District of New York

Joseph Mazur, et al. v. Refco Inc., et al., C.A. No. 1:05-8626
American Financial International Group-Asia, LLC, et al. v. Refco Inc., et al., C.A. No. 1:05-8988
Christopher Carmona, etc. v. Henry M. Paulson, Jr., et al., C.A. No. 1:05-9327
Thomas H. Lee Equity Fund V, L.P., et al. v. Phillip R. Bennett, et al., C.A. No. 1:05-9608
In re Refco Capital Markets, Ltd. Brokerage Customer Securities Litigation, C.A. No. 1:06-643
Thomas H. Lee Equity Fund V, L.P., et al. v. Mayer Brown LLP, et al., C.A. No. 1:07-6767
Marc S. Kirschner, etc. v. Thomas H. Lee Partners, L.P., et al., C.A. No. 1:07-7074
Axis Reinsurance Co. v. Phillip R. Bennett, et al., C.A. No. 1:07-7924
Marc S. Kirschner, etc. v. Phillip R. Bennett, et al., C.A. No. 1:07-8165