UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                 )
In re REFCO, INC. SECURITIES LITIGATION        )    07 MDL No. 1902 (GEL)
                                                                 )
-----------------------------------------------------------------x
-----------------------------------------------------------------x
                                                                 )
MARC S. KIRSCHNER,                                               )
As Trustee of the Refco Litigation Trust,                        )
                                                                 )
            Plaintiff,                                           )
     -vs.-                                                       )
                                                                 )
GRANT THORNTON LLP, MAYER BROWN,                                 )
ROWE & MAW, LLP, et al., ERNST & YOUNG                           )
U.S. LLP., PRICEWATERHOUSECOOPERS LLP,                           )    Kirschner v. Grant Thornton LLP et al.
CREDIT SUISSE SECURITIES (USA) LLC, (f/k/a                       )    No. 07 Civ. 11604 (GEL)
CREDIT SUISSE FIRST BOSTON LLC), BANC                            )
OF AMERICA SECURITIES LLC, DEUTSCHE                              )    ORAL ARGUMENT REQUESTED
BANK SECURITIES INC., PHILLIP R. BENNETT,                        )
SANTO C. MAGGIO, ROBERT C. TROSTEN,                              )
TONE N. GRANT, REFCO GROUP HOLDINGS,                             )
INC., LIBERTY CORNER CAPITAL                                     )
STRATEGIES, LLC, WILLIAM T. PIGOTT, EMF                          )
FINANCIAL PRODUCTS, LLC, EMF CORE                                )
FUND, LTD., DELTA FLYER FUND, LLC, ERIC                          )
M. FLANAGAN, INGRAM MICRO, INC., CIM                             )
VENTURES, INC., BECKENHAM TRADING CO.,                           )
INC., ANDREW KRIEGER, COAST ASSET                                )
MANAGEMENT, LLC (f/k/a COAST ASSET                               )
MANAGEMENT LP), CS LAND MANAGEMENT,                              )
LLC, and CHRISTOPHER PETITT,                                     )
                                                                 )
            Defendants.                                          )
-----------------------------------------------------------------x

**REMOVING DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW
IN FURTHER OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND TO THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**TABLE OF CONTENTS**

I. THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THE CLAIMS ASSERTED BY THE TRUSTEE BECAUSE THEY ARE "RELATED TO" THE REFCO BANKRUPTCY PROCEEDINGS. ........................................................1

II. ABSTENTION IS NEITHER MANDATORY NOR APPROPRIATE. ............................7

## TABLE OF AUTHORITIES

### CASES

*Agway Liquidating Trust v. Burkeholder (In re Agway, Inc.)*,
    Adv. Pro. No. 04-80269, slip op. (Bankr. N.D.N.Y. Mar. 6, 2006) ..................4, 6

*Beightol v. UBS (In re Global Crossing, Ltd. Securities Litigation)*,
    311 B.R. 345 (S.D.N.Y. 2003)............................................................................6, 7

*Bondi v. Grant Thornton*,
    322 B.R. 44 (S.D.N.Y. 2005)...............................................................................1, 7

*Celotex Corp. v. Edwards*,
    514 U.S. 300 (1995)..................................................................................................2

*Coker v. Pan America World Airways, Inc. (In re Pan America Corp.)*,
    950 F.2d 839 (2d Cir. 1991)......................................................................................1

*Desiano v. Warner-Lambert & Co.*,
    467 F.3d 85 (2d Cir. 2007).........................................................................................1

*Good v. Kvaerner U.S. Inc.*,
    2003 WL 21755782 (S.D. Ind. July 25, 2003)..........................................................4

*Guccione v. Bell*,
    2006 WL 2032641 (S.D.N.Y. July 20, 2006) ...........................................................5

*Hesselman v. Arthur Anderson, LLP (In re Global Crossing, Ltd. Sec. Litigation)*,
    2003 WL 21659360 (S.D.N.Y. July 15, 2003) .........................................................7

*In re 610 W. 142 Owners Corp.*,
    219 B.R. 363 (Bankr. S.D.N.Y. 1998).......................................................................7

*In re Adelphia Communications Corp. Securities & Derivative Litigation*,
    2005 WL 1026559 (S.D.N.Y. May 2, 2005) ............................................................7

*In re Adelphia Communications Corp. Securities & Derivative Litigation*,
    2006 WL 337667 (S.D.N.Y. Feb. 10, 2006)............................................................6

*In re Air Crash at Belle Harbor, N.Y.*,
    2003 WL 124677 (S.D.N.Y. Jan. 15, 2003) .............................................................1

*In re AstroPower Liquidating Trust*,
    335 B.R. 309 (Bankr. D. Del. 2005) .........................................................................4

*In re Avado Brands, Inc.*,
   358 B.R. 868 (Bankr. N.D. Tex. 2006) ........................................................................... 4

*In re Boston Regional Medical Center*,
   410 F.3d 100 (1st Cir. 2005) ......................................................................................... 5

*In re Cross Media Marketing Corp.*,
   367 B.R. 435 (Bankr. S.D.N.Y. 2007) ........................................................................... 5

*In re Cuyahoga Equipment Corp.*,
   980 F.2d 110 (2d Cir. 1992) ......................................................................................... 2

*In re LGI, Inc.*,
   322 B.R. 95 (Bankr. D.N.J. 2005) ................................................................................ 4

*In re Nasdaq Marketing Makers Antitrust Litigation*,
   929 F. Supp. 174 (S.D.N.Y. 1996) ............................................................................... 1

*In re O'Neill*,
   177 B.R. 809 (Bankr. S.D.N.Y. 1995) .......................................................................... 3

*In re Southern Industries Banking Corp.*,
   67 B.R. 399 (Bankr. E.D. Tenn. 1986) ......................................................................... 4

*In re Terrorist Attacks on Sept. 11, 2001*,
   349 F. Supp. 2d 765 (S.D.N.Y. 2005) .......................................................................... 1

*In re Tyson*,
   2007 WL 2379624 (Bankr. S.D.N.Y. Aug. 17, 2007) ................................................... 6

*In re Van Dyke*,
   275 B.R. 854 (Bankr. C.D. Ill. 2002) ............................................................................ 4

*In re WRT Energy Corp.*,
   2007 WL 2893426 (Bankr. W.D. La. Sept. 28, 2007) .................................................. 4

*In re Worldcom, Inc. Securities Litigation*,
   293 B.R. 308 (S.D.N.Y. 2003) ..................................................................................... 7

*Menowitz v. Brown*,
   991 F.2d 36 (2d Cir. 1993) ........................................................................................... 1

*North American Car Corp. v. Peerless Weighing & Vending Machine Corp.*,
   143 F.2d 938 (2d Cir. 1944)) ....................................................................................... 5

*Penthouse Media Group v. Guccione (In re General Media, Inc.)*,
   335 B.R. 66 (Bankr. S.D.N.Y. 2005) ............................................................................. 4, 5, 6

*Rahl v. Bande*,
   316 B.R. 127 (S.D.N.Y. 2004) ............................................................................................ 4, 7

*Rubin v. MasterCard, Inc.*,
   342 F. Supp. 2d 217 (S.D.N.Y. 2004) ................................................................................... 1

## STATUTES

11 U.S.C. § 550(a) .................................................................................................................... 3

11 U.S.C. § 1123(b)(3)(B) ........................................................................................................ 3

11 U.S.C. § 1141(b) .................................................................................................................. 2

28 U.S.C. § 1334 ....................................................................................................................... 1

The Removing Defendants[1] respectfully submit this supplemental memorandum in further opposition to Plaintiff's Remand Motion.

I. **THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THE CLAIMS ASSERTED BY THE TRUSTEE BECAUSE THEY ARE "RELATED TO" THE REFCO BANKRUPTCY PROCEEDINGS.**

This case has been brought by the trust created under the bankruptcy plan ("Plan") for Refco, Inc. and its affiliated debtors ("Refco Debtors") to pursue causes of action purportedly belonging to the Refco Debtors and their estates in bankruptcy ("Refco Trust"). The beneficiaries of the Refco Trust are the estate of RCM and pre-petition unsecured creditors of the Refco Debtors, who received interests in the Refco Trust pursuant to the Plan. The subject matter of this suit is the pre-petition events that allegedly "forced [the Refco Debtors] into bankruptcy." (Compl. ¶ 149.) Under these circumstances, this Court has federal subject matter jurisdiction because the Refco Trust's claims are "related to" the Refco Debtors' bankruptcy cases. 28 U.S.C. § 1334.

For the reasons set forth in the Removing Defendants' principal brief, filed before the Judicial Panel on Multidistrict Litigation ("MDL Panel") entered its transfer order, federal subject matter jurisdiction would plainly lie even under what the Trustee describes as "the 'more limited' view of 'related to' jurisdiction adopted by the Seventh Circuit." (Tr. Reply Mem. at 1.) But, now that the MDL Panel has transferred this case to this Court, and what the Trustee himself characterizes as the Second Circuit's "sweeping," "broad" and "flexible" test for "related to" jurisdiction applies (Tr. Mem. at 6; Tr. Reply Mem. at 1, 3), there can be no serious doubt that this Court has jurisdiction over this action and that the Trustee's Remand Motion should be denied.[2]

---

[1] Unless otherwise noted, all defined terms herein shall have the same meaning as they were given in the Removing Defendants' Opposition to the Remand Motion, dated October 17, 2007 ("Opp. Mem.").

[2] Under settled law in this Circuit, it is clear that where, as here, the MDL Panel transfers an action for coordination or consolidation for pre-trial purposes while a motion to remand is pending, the law of the transferee court – in this case, the Second Circuit − applies to the issues presented by the remand motion. *See, e.g., Desiano v. Warner-Lambert & Co.*, 467 F.3d 85, 91 (2d Cir. 2007); *Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993); *Coker v. Pan Am. World Airways, Inc. (In re Pan Am. Corp.)*, 950 F.2d 839, 847 (2d Cir. 1991); *In re Terrorist Attacks on Sept. 11, 2001*, 349 F. Supp. 2d 765, 782 n.2 (S.D.N.Y. 2005); *Bondi v. Grant Thornton*, 322 B.R. 44, 45, 47 (S.D.N.Y. 2005); *Rubin v. MasterCard,*

In this Circuit, a matter is sufficiently "related to" a bankruptcy proceeding for federal subject matter jurisdiction to exist as long as "its outcome might have any 'conceivable effect' on the bankrupt estate." *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992). It is well settled that litigation brought prior to confirmation of a bankruptcy plan by a trustee, debtor-in-possession, creditors' committee or other representative of a bankruptcy estate seeking damages or other monetary relief for the estate satisfies this "conceivable effect" test. *Id.*; *see also, e.g., Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.5 (1995).

Nevertheless, the Trustee argues that "related to" jurisdiction does not exist over the claims in this case – seeking "in excess of $2 billion" for the benefit of the Refco Debtors' creditors (Compl. at 155) – simply because the Plan has been confirmed and the Trustee, rather than the Refco Debtors, has brought those claims. The Trustee repeats, over and over again, that under the Plan, the Refco Debtors irrevocably assigned their causes of action to the Refco Trust. But the test in this Circuit for "related to" jurisdiction is whether the litigation could have a conceivable effect on "**the bankruptcy estate**," *Cuyahoga*, 980 F.2d at 114 (emphasis added), not whether it could have a conceivable effect on the ***debtor***.

Here, the Plan makes clear that the Refco Debtors' bankruptcy estates continue post-confirmation and that the assignment of the causes of action simply substituted the Refco Trust for the Refco Debtors as the authorized representatives of the bankruptcy estates.[3] As described more

---

*Inc.*, 342 F. Supp. 2d 217, 218 n.1 (S.D.N.Y. 2004); *In re Air Crash at Belle Harbor, N.Y.*, 2003 WL 124677, at *3 (S.D.N.Y. Jan. 15, 2003); *In re Nasdaq Market Makers Antitrust Litig.*, 929 F. Supp. 174, 177-78 (S.D.N.Y. 1996). Indeed, the Trustee has conceded as much. *See* Decl. of Ross E. Firsenbaum, dated Jan. 22, 2008, filed herewith, Ex. A, at 6-7 (Trustee's brief to the MDL Panel opposing transfer; arguing that "[t]ransferring the [Trustee] Action while the [Illinois] [D]istrict [C]ourt is considering fully briefed issues, only to have a new transferee court start from square one and require the parties to submit new briefing on the same issue **under different, Second Circuit law**, cannot serve the 'just and efficient conduct' standard for transfer") (emphasis added).

[3] Under the Bankruptcy Code, "***[e]xcept as otherwise provided in the plan***," confirmation of the plan "vests all property of the estate in the debtor," and the estate may be deemed to terminate. 11 U.S.C. § 1141(b) (emphasis added). Here, the Refco Debtors' Plan provides "otherwise." *See* Firsenbaum Decl. Ex. C, at § 5.9 (providing that the "Contributed Claims" shall be assigned to the Refco Trust and that all remaining property of the bankruptcy estates "***shall not revest in the Debtors . . . but shall remain property of the respective [e]states***") (emphasis added).

fully in the Removing Defendants' principal brief (at 6-8), the Plan, as well as the bankruptcy court's confirmation order, specifically deems the Trustee the "representative" of the Refco Debtors' bankruptcy estates on whose "behalf" he acts.  It does so because, as the Trustee concedes, the Trustee would otherwise lack standing to bring any "estate claim." (Tr. Reply Mem. at 5, citing 11 U.S.C. § 1123(b)(3)(B) (permitting a plan to provide for the retention and enforcement of estate causes of action by a "representative of the estate")).  In reliance on this law and these provisions of the Plan, the very same Trustee has recently filed more than 200 lawsuits in bankruptcy court (*see* Wilson Decl., dated Oct. 17, 2007, Ex. E), virtually all of which seek to recover allegedly avoidable transfers, relief that can be sought only "for the benefit of the estate."  11 U.S.C. § 550(a); *see, e.g.*, *In re O'Neill*, 177 B.R. 809, 813 (Bankr. S.D.N.Y. 1995) (avoidance claims may be brought only if recovery would benefit the bankruptcy estate).  Indeed, in actions where it does not suit his interests to take precisely the opposite position, the Trustee has candidly admitted that he is the "Estate Trustee" and that the Refco Trust is properly considered the "Refco Estate Trust."  Firsenbaum Decl. Ex. B, at 1.  The Trustee cannot have it both ways.  The Plan provisions making him the "representative" of the Refco Debtors' estates – provisions on which he is relying in other litigation that he has commenced in bankruptcy court – are binding.  In light of those provisions, the Trustee's argument that this litigation, also brought by him, could not have "any conceivable effect" on the very estates he represents in bringing his claims is nonsensical.  Accordingly, this Court has "related to" jurisdiction over this action.

     A decision arising out of the Agway bankruptcy is directly on point.  There, as here, the debtors confirmed a liquidating chapter 11 plan under which their causes of action were assigned to a liquidating trust, and the trust brought suit seeking damages from those it deemed responsible for the pre-petition events that led to the debtors' bankruptcy and liquidation.  The district court (Judge Hurd) accepted the bankruptcy court's report and recommendation that it had "related to"

bankruptcy jurisdiction because, in the words of the bankruptcy court (Chief Judge Gerling), the lawsuit "is designed to marshall the [debtors'] assets for the benefit of creditors pursuant to a liquidating plan . . . and has the potential for having a conceivable effect on the estate being administered by the Liquidating Trustee." *Agway Liquidating Trust v. Burkeholder (In re Agway, Inc.)*, Adv. Pro. No. 04-80269, slip op. at 8 (Bankr. N.D.N.Y. Mar. 6, 2006), *accepted*, 6:06-MC-48 (N.D.N.Y. Apr. 13, 2006), attached as Ex. F to the Wilson Decl.  Numerous cases, from other Circuits that have adopted the same or a similar "conceivable effects" test for "related to" jurisdiction as the Second, are in accord.[4]  Indeed, even where the debtor is reorganized (as opposed to liquidated), a court in this District has concluded that "related to" jurisdiction exists over litigation brought post-confirmation by a trust to which the debtor assigned its pre-petition causes of action.  *See Rahl v. Bande*, 316 B.R. 127, 134 (S.D.N.Y. 2004).

While some lower courts have suggested that, following confirmation of a plan, the "conceivable effects" test requires an assessment of whether there is a "close nexus" between the litigation and the plan and whether the plan provides for continuing bankruptcy jurisdiction over the action, these cases have typically involved litigation brought by a reorganized debtor, often asserting claims that arose only after it emerged from bankruptcy, and a plan that did not provide for the bankruptcy estate to continue or for the litigation to benefit the debtor's pre-petition creditors. *Penthouse Media Group v. Guccione (In re General Media, Inc.)*, 335 B.R. 66 (Bankr. S.D.N.Y. 2005) is illustrative.  There, the corporate successor to a reorganized debtor filed suit after

---

[4]*See, e.g., In re Avado Brands, Inc.,* 358 B.R. 868, 878 (Bankr. N.D. Tex. 2006) ("related to" jurisdiction over post-confirmation, state-law action brought by liquidating trust)*; In re AstroPower Liquidating Trust*, 335 B.R. 309, 323-35 (Bankr. D. Del. 2005) (same); *In re LGI, Inc.*, 322 B.R. 95, 102-02 (Bankr. D.N.J. 2005) (same); *In re Southern Indus. Banking Corp.*, 67 B.R. 399, 402-03 (Bankr. E.D. Tenn. 1986) (same); *accord In re WRT Energy Corp.*, 2007 WL 2893426, at *7 (Bankr. W.D. La. Sept. 28, 2007) ("When the matter at hand involves the liquidation of pre-petition claims assigned to the [liquidation] trust by the plan, the nexus is usually sufficient to confer post-confirmation jurisdiction over the matter"); *see also Good v. Kvaerner U.S. Inc.*, 2003 WL 21755782, at *3 (S.D. Ind. July 25, 2003) ("related to" jurisdiction over state law, post-confirmation action brought by liquidating trustee); *In re Van Dyke*, 275 B.R. 854, 861 (Bankr. C.D. Ill. 2002) ("related to" jurisdiction over post-confirmation action brought by liquidating trustee).

confirmation of the plan. Explaining that post-confirmation bankruptcy jurisdiction must be more limited in reorganization cases in order to avoid "keep[ing] reorganized concerns in tutelage indefinitely," *id.* at 73 (*quoting North Am. Car Corp. v. Peerless Weighing & Vending Mach. Corp.*, 143 F.2d 938, 940 (2d Cir. 1944)), the bankruptcy court held that such jurisdiction did not exist. It reasoned that the plan provided for the estate to terminate at confirmation; that, accordingly, "any recovery will inure solely to the benefit of [the reorganized debtor]"; and that, indeed, "[n]one of the proceeds" of the litigation would be paid "to the unsecured creditors." 335 B.R. at 74-75.[5]

Here, precisely the opposite is true: the Plan provides for the Refco Debtors' liquidation (so there can be no concern about endless bankruptcy jurisdiction), the Refco Debtors' bankruptcy estates remain in effect, and any recoveries in this action will flow from the Trust to its beneficiaries, including the RCM Estate and the Refco Debtors' pre-petition unsecured creditors. In such a circumstance, as the *General Media* court noted, the litigation "'relates much more directly to a proceeding under title 11 [the Bankruptcy Code].'" *Id.* at 74 n.7 (citation omitted). Thus, the Trustee is correct to emphasize that the Refco Debtors are liquidating, not reorganizing (Tr. Reply Mem. at 5), but that fact supports, rather than undermines, jurisdiction. *See In re Boston Regional Med. Ctr.*, 410 F.3d 100, 106-07 (1st Cir. 2005) ("when a debtor (or a trustee acting to the debtor's behalf) commences litigation designed to marshal the debtor's assets for the benefit of its creditors pursuant to a liquidating plan of reorganization, the compass of related to jurisdiction persists undiminished after plan confirmation"); *In re Cross Media Mktg. Corp.*, 367 B.R. 435, 444 (Bankr.

---

[5] Notably, even in post-confirmation cases involving claims arising post-petition, at least one court in this District has still concluded that "related to" jurisdiction exists. *See Guccione v. Bell*, 2006 WL 2032641, at *4 - *5 (S.D.N.Y. July 20, 2006) (finding "related to" jurisdiction over action brought by reorganized debtor's creditor based on post-petition events where action affected the interpretation of the reorganization plan, and plan provided for the retention of jurisdiction over all matters arising in connection with the chapter 11 case and the plan).

S.D.N.Y. 2007) ("related to" jurisdiction exists over state-law action filed by debtor following confirmation of liquidating plan).[6]

In any event, even if the "close nexus" and "retention of jurisdiction" tests described in *General Media* applied here, those tests are amply satisfied. This suit plainly "affects the . . . implementation, consummation, execution or administration of the confirmed plan or incorporated litigation trust agreement." *See General Media*, 335 B.R. at 73 (citation omitted). The Plan established the Refco Trust to bring claims owned by the bankruptcy estates of the Refco Debtors for the benefit of the Refco Debtors' pre-petition creditors. Indeed, it aptly named the trust the "Litigation Trust" and specified that its very purpose would be "pursuit of the Contributed Claims." Firsenbaum Decl. Ex. C, at §§ 1.113, 5.7(a); *see Agway Liquidating Trust*, slip op. at 9. And the Plan also expressly preserved bankruptcy court jurisdiction over any "causes of action by or on behalf of . . . the Litigation Trustee . . ." *Id.*, § 11.1(k); *see, e.g., In re Tyson*, 2007 WL 2379624, at *3 (Bankr. S.D.N.Y. Aug. 17, 2007) (holding plan's retention of jurisdiction provision "to hear and resolve any causes of action involving the Debtors, the Reorganized Debtor, or the Estates that arose prior to the Effective Date or in connection with the implementation of the Plan" was sufficient to satisfy the "close nexus" test).[7]

Finally, both the pending proofs of claim filed in the Refco Debtors' bankruptcy cases by at least two of the defendants in this case – the allowance of which will almost surely be affected by the outcome of this action – and the ongoing efforts by several of the other defendants to access the

---

[6] Indeed, courts in this Circuit have found "related to" jurisdiction over actions brought by litigation trusts created under liquidating plans even when the suits concerned events that transpired post-petition. *See, e.g., In re Tyson*, 2007 WL 2379624, at *2 - *3 (Bankr. S.D.N.Y. Aug. 17, 2007) (finding "related to" jurisdiction over action brought by liquidating trust based on post-petition events because any proceeds recovered by liquidating trust would be paid to creditors, the chapter 11 proceedings had not yet been fully administered, and the plan provided for the bankruptcy court's retention of jurisdiction over actions brought in connection with the implementation of the plan).

[7] Although removal based on bankruptcy jurisdiction may permit the referral of this case from district to bankruptcy court, *see* 28 U.S.C. § 157(a), district judges in this District have withdrawn the reference in circumstances similar to those present here (indeed, even where the complaint asserts "core" claims under the Bankruptcy Code), so that the litigation can proceed in district court in tandem with other litigation already pending there. *See, e.g., In re Adelphia Commc'ns Corp. Sec. & Deriv. Litig.*, 2006 WL 337667 (S.D.N.Y. Feb. 10, 2006).

Refco Debtors' liability insurance to pay for their defense costs provide additional bases, under applicable law in this Circuit, for "related to" jurisdiction. *See, e.g., Beightol v. UBS (In re Global Crossing, Ltd. Sec. Litig.)*, 311 B.R. 345, 347 (S.D.N.Y. 2003) (Lynch, J.) (finding "related to" jurisdiction over state-law claims where "possibility that litigation against an officer of a bankrupt corporation could lead to a claim against the corporation for contribution based on wrongdoing of other corporate employees would certainly have a 'conceivable effect' on the bankrupt estate");[8] *In re 610 W. 142 Owners Corp.*, 219 B.R. 363, 371 (Bankr. S.D.N.Y. 1998) (finding "related to" jurisdiction over state-law claims that would "affect property available for distribution to creditors of the bankruptcy estate through the proceeds of either the Directors and Officers' liability insurance coverage of if the [directors] are personally liable").[9]

## II. ABSTENTION IS NEITHER MANDATORY NOR APPROPRIATE.

The Trustee's alternative argument – that this Court should abstain from exercising its jurisdiction – is also contrary to the governing law in this Circuit. This Court has already held that abstention, both mandatory and permissive, "simply has no application to litigation of this sort, in which a case properly removed to federal court is intertwined both with complex bankruptcy proceedings and equally complex securities class actions pending in federal court." *In re Global Crossing*, 311 B.R. at 349.[10] For this Court to abstain now would also undermine the significant efficiencies recognized by the MDL Panel in its transfer decision. MDL Order, dated Dec. 28, 2007, at 1 ("[C]entralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation").

---

[8] *See also* Opp. Mem., at 9-11*; In re Adelphia Commc's Corp. Sec. & Derivative Litig.*, 2005 WL 1026559, at *5 (S.D.N.Y. May 2, 2005); *In re Worldcom, Inc. Sec. Litig.*, 293 B.R. 308, 318-20 (S.D.N.Y. 2003) (collecting cases); *Hesselman v. Arthur Anderson, LLP (In re Global Crossing, Ltd. Sec. Litig.)*, 2003 WL 21659360, at *1 n.2 (S.D.N.Y. July 15, 2003) (Lynch J.).

[9] *See* Opp. Mem., at 11-12; Firsenbaum Decl. Ex. C, at § 5.9.

[10] *See also* Opp. Mem., at 12-15; *In re Worldcom*, 293 B.R. at 331; *Bondi*, 322 B.R. at 50; *Rahl*, 316 B.R. at 135.

- 7 -

                                    Respectfully Submitted,

Dated: January 22, 2008                  WILMER CUTLER PICKERING
       New York, New York                  HALE AND DORR LLP

                                    By: /s/ Philip D. Anker
                                        Robert B. McCaw
                                        Philip D. Anker
                                        Lori A. Martin
                                        John V.H. Pierce
                                        Dawn M. Wilson
                                        Michael L. Feinberg
                                        Ross E. Firsenbaum

                                        399 Park Avenue
                                        New York, New York 10022
                                        Tel.: (212)-230-8800
                                        Fax: (212)-230-8888
                                        *Attorneys for Defendants Credit Suisse*
                                        *Securities (USA) LLC (formerly Credit*
                                        *Suisse First Boston LLC), Banc of America*
                                        *Securities LLC, and Deutsche Bank*
                                        *Securities Inc.*

- 9 -

        WINSTON & STRAWN LLP

By: /s/ David E. Mollón
   David E. Mollón (dmollon@winston.com)
   WINSTON & STRAWN LLP
   200 Park Avenue
   New York, New York 10166
   Tel.: (212)-294-6700
   Fax: (212)-294-4700

   Bradley E. Lerman (blerman@winston.com)
   Catherine W. Joyce (cjoyce@winston.com)
   Linda T. Coberly (lcoberly@winston.com)
   WINSTON & STRAWN LLP
   35 West Wacker Drive
   Chicago, Illinois 60601
   Tel.: (312)-558-5600
   Fax: (312)-558-5700


   *Attorneys for Defendant*
   *Grant Thornton LLP*

        ORRICK HERRINGTON & SUTCLIFFE LLP

By: /s/ James J. Capra Jr.
    James J. Capra Jr.

    666 Fifth Avenue
    New York, New York 10103
    Tel.: (212)-506-5000
    Fax: (212)-506-5151
    *Attorneys for Defendant*
    *PricewaterhouseCoopers LLP*

        WILLIAMS & CONNOLLY LLP

By: /s/ Craig D. Singer
    Craig D. Singer

    John K. Villa
    Michael S. Sundermeyer
    Craig D. Singer
    Thomas G. Ward

    725 Twelfth Street, NW
    Washington, DC 20005
    *Attorneys for Mayer Brown LLP*

- 12 -

        CLIFFORD CHANCE US LLP

By: /s/ Anthony M. Candido
    Anthony M. Candido

    Joel M. Cohen (JC -9162)
    Anthony M. Candido (AC - 9458)

    31 West 52nd Street
    New York, New York 10019
    *Attorneys for UK Limited Liability*
      *Partnership*
    *Mayer Brown International LLP*