UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                        :     MASTER FILE NO.

In re REFCO, INC. SECURITIES    :     05 Civ. 8626 (GEL)
LITIGATION                   :

                        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## ANSWER AND AFFIRMATIVE DEFENSES OF
## CERTAIN UNDERWRITER DEFENDANTS TO LEAD PLAINTIFFS'
## SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

**WILMER CUTLER PICKERING
HALE AND DORR LLP**

Robert B. McCaw (RM-7427)
Lori A. Martin (LM-7125)
John V.H. Pierce (JP-2870)
Dawn M. Wilson (DW-3810)

399 Park Avenue
New York, New York 10022
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

*Attorneys for Defendants Goldman, Sachs &
Co., Merrill Lynch, Pierce, Fenner & Smith
Incorporated, J.P. Morgan Securities, Inc.,
Sandler O'Neill & Partners, L.P., HSBC
Securities (USA) Inc., William Blair &
Company, L.L.C., BMO Capital Markets
Corp., CMG Institutional Trading LLC,
Samuel A. Ramirez & Company, Inc., Muriel
Siebert & Co. Inc., The Williams Capital
Group, L.P., and Utendahl Capital Partners,
L.P.*

Defendants Goldman, Sachs & Co., Merrill Lynch, Pierce, Fenner & Smith Incorporated, J.P. Morgan Securities, Inc., Sandler O'Neill & Partners, L.P., HSBC Securities (USA) Inc., William Blair & Company, L.L.C., BMO Capital Markets Corp. (formerly Harris Nesbitt Corp.), CMG Institutional Trading LLC, Samuel A. Ramirez & Company, Inc., Muriel Siebert & Co. Inc., The Williams Capital Group, L.P., and Utendahl Capital Partners, L.P. (together, the "Answering Underwriter Defendants"),[1] by their attorneys, hereby answer the Second Amended Consolidated Class Action Complaint, dated December 3, 2007 (the "Complaint"). The Answering Underwriter Defendants deny all allegations in the Complaint to the extent they suggest that the IPO Registration Statement was false and misleading and further respond to the specific allegations in the Complaint as follows:

## NATURE OF THE ACTION

1.     The Answering Underwriter Defendants deny the allegations contained in Paragraph 1, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations involving the non-underwriter defendants, admit that Plaintiffs purport to describe the nature of this action, and respectfully refer the Court to Refco's public statements for a true and accurate description of the Company's statements regarding its historical financial statements.[2]

2.     The Answering Underwriter Defendants deny on information and belief the allegations contained in Paragraph 2, except the Answering Underwriter Defendants deny the allegations contained in Paragraph 2 to the extent they suggest that the IPO Registration

---

[1] The initial purchasers in the 144A private placement have moved to dismiss Count Three of the Second Amended Consolidated Class Action Complaint and, accordingly, do not join this Answer. The non-answering initial purchasers include Credit Suisse Securities (USA) LLC, Banc of America Securities LLC, and Deutsche Bank Securities Inc.

[2] Terms used in this Answer shall have the meaning ascribed to them in the Complaint unless otherwise defined herein.

Statement was false and misleading, admit, upon information and belief, that Refco provided

brokerage and clearing services in the international derivatives, currency, and futures markets,

and respectfully refer the Court to the Refco 144A Offering Memorandum, dated July 22, 2004

("Offering Memorandum"), the Refco Form S-4, dated October 12, 2004 (the "Bond

Registration Statement"), and the Refco IPO Registration Statement, dated August 10, 2005

("IPO Registration Statement"), for a description of Refco's business at the time of the offerings.

3.      The Answering Underwriter Defendants deny knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3,

except the Answering Underwriter Defendants deny the allegations contained in Paragraph 3 to

the extent they suggest that the IPO Registration Statement was false and misleading, and refer to

and incorporate their responses below to the extent Plaintiffs refer to their subsequent

allegations.

4.      The Answering Underwriter Defendants deny knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4,

except the Answering Underwriter Defendants deny the allegations contained in Paragraph 4 to

the extent they suggest that the IPO Registration Statement was false and misleading.

5.      The Answering Underwriter Defendants deny on information and belief the

allegations contained in Paragraph 5, except the Answering Underwriter Defendants deny the

allegations contained in Paragraph 5 to the extent they suggest that the IPO Registration

Statement was false and misleading, and deny knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations involving the non-underwriter defendants.

6.      The Answering Underwriter Defendants deny on information and belief the

allegations contained in Paragraph 6, except the Answering Underwriter Defendants deny the

allegations contained in Paragraph 6 to the extent they suggest that the IPO Registration

Statement was false and misleading, and respectfully refer the Court to the Bond Offering

Memorandum ("Offering Memorandum") for a description of that transaction, and deny

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

involving the non-underwriter defendants.

7.     The Answering Underwriter Defendants deny the allegations contained in

Paragraph 7, except deny knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations involving the non-underwriter defendants, admit that they acted as

underwriters for the IPO, and respectfully refer the Court to Refco's IPO Registration Statement

for a description of that transaction.

8.     The Answering Underwriter Defendants deny the allegations contained in

Paragraph 8, except deny knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations involving the non-underwriter defendants, admit that Refco's stock was

issued at $22 per share on August 10, 2005, and respectfully refer the Court to publicly reported

sources for the closing prices of Refco stock in the secondary market.

9.     The Answering Underwriter Defendants deny the allegations contained in

Paragraph 9, except deny knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations involving the non-underwriter defendants, and respectfully refer the

Court to Refco's public announcements for the contents thereof.

10.     The Answering Underwriter Defendants deny the allegations contained in

Paragraph 10, except deny knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations involving the non-underwriter defendants, and respectfully refer the

Court to Refco's public announcements for the contents thereof and to publicly reported sources for the market prices of Refco securities.

11.     To the extent that Paragraph 11 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants respectfully refer the Court to the report issued on July 11, 2007 by the examiner appointed in Refco's bankruptcy proceedings ("Examiner's Report") for the contents thereof.

12.     The Answering Underwriter Defendants deny the allegations contained in Paragraph 12, except admit that they purport to describe Plaintiffs' claims and legal theories, and respectfully refer the Court to the Court's Opinion and Order dated April 30, 2007 for the contents thereof.

## JURISDICTION AND VENUE

13.     To the extent that Paragraph 13 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny the allegations, except admit that Plaintiffs purport to bring this action pursuant to the statutes cited therein.

14.     To the extent that Paragraph 14 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny the allegations, except admit that Plaintiffs purport to base jurisdiction over the subject matter of this action on the statutes cited therein.

15.     To the extent that Paragraph 15 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny the allegations, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations involving the non-underwriter defendants, except admit that Plaintiffs purport to base venue on the statutes cited therein.

16.     To the extent that Paragraph 16 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny the allegations contained in Paragraph 16, and deny knowledge or information sufficient to form a belief as to the truth or falsity of such allegations involving the non-underwriter defendants, except admit that they used the mails, interstate telephone communications and/or the facilities of national securities exchanges in the course of the IPO.

## PARTIES AND RELEVANT NON-PARTIES

### A.     Plaintiffs

17.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17, except admit on February 3, 2006, the Court appointed RH Capital Associates LLC ("RH Capital") as Co-Lead Plaintiff in the above-captioned action.

18.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18, except admit on information and belief that Pacific Investment Management Company LLC ("PIMCO") is a registered investment adviser, and respectfully refer the Court to the Form ADV for PIMCO for a description of that firm's business, and admit that on February 3, 2006 the Court appointed PIMCO as Co-Lead Plaintiff in the above-captioned action.

19.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19, except admit on information and belief that Pacific Investment Management Series - PIMCO High Yield Fund (the "PIMCO High Yield Fund") is a registered investment company, and respectfully refer the Court to the registration statement of the PIMCO High Yield Fund for a

description of that Fund's investment objective, and admit that PIMCO High Yield Fund is not a Lead Plaintiff in the above-captioned action.

20.    Because Paragraph 20 contains no factual allegations, no responsive pleading is required.

**B.    <u>The Company</u>**

21.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21, except admit on information and belief that Refco, Inc. filed for bankruptcy in October 2005, that it was (prior to its bankruptcy filing) a publicly-traded financial services company with its principal offices located at One World Financial Center, 200 Liberty Street, Tower A, New York, New York, and that it issued stock in the IPO, and respectfully refer the Court to the IPO Registration Statement for a description of Refco, Inc. and its owners at the time of the IPO and to Refco Inc.'s financial statements for the contents thereof.

22.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22, except admit on information and belief that Refco Group Ltd., LLC ("Refco Group") is a Delaware limited liability company with its principal offices at One World Financial Center, 200 Liberty Street, Tower A, New York, New York, and that it filed for bankruptcy in October 2005, and respectfully refer the Court to the IPO Registration Statement, Offering Memorandum, Bond Registration Statement, and Refco Group's securities filings for a description of Refco Group at the time of such offering, and to Refco Group's financial statements for the contents thereof.

23.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23, except admit on information and belief that New Refco Group Ltd., LLC ("New Refco") was the

parent of, and owned all of the outstanding membership interest in, Refco Group, and respectfully refer the Court to the IPO Registration Statement and Offering Memorandum for a description of New Refco at the time of such offering.

24.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24, except admit on information and belief that Refco Finance Holdings Inc. ("Refco Finance Holdings") was a co-issuer of the Company's bonds and merged with Refco Group, and respectfully refer to the Court to the Offering Memorandum, the Bond Registration Statement, and the IPO Registration Statement for a description of Refco Finance Holdings at the time of such offering.

25.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25, except admit on information and belief that Refco Finance Inc. ("Refco Finance") was a co-issuer of the Company's bonds and respectfully refer the Court to the Offering Memorandum, the Bond Registration Statement, the IPO Registration Statement, and the Form 10K referred to therein for a description of Refco Finance at the time of such offering or documents.

26.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26, except admit on information and belief that Refco Capital Markets Ltd. ("Refco Capital") was a Bermuda-based Refco subsidiary, and respectfully refer the Court to the Offering Memorandum, the Bond Registration Statement, and the IPO Registration Statement for a description of Refco Capital and to the Company's financial statements and the criminal complaint filed against Phillip R. Bennett ("Bennett") for the contents thereof.

27.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 27, except admit that Plaintiffs do not name Refco Managed Futures LLC ("Refco Futures") in the Second Amended Complaint, and respectfully refer the Court to the Offering Memorandum, the Bond Registration Statement, and the IPO Registration Statement for a description of Refco Futures.

28.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28, except admit that Plaintiffs do not name Westminster-Refco Management LLC ("Westminster-Refco") in the Second Amended Complaint, and respectfully refer the Court to the Offering Memorandum, the Bond Registration Statement, and the IPO Registration Statement for a description of Westminster-Refco and its rights and obligations with respect to the Registered Bonds.

29.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29, except admit that Plaintiffs do not name Lind-Waldock Securities LLC ("Lind-Waldock") in the Second Amended Complaint, and respectfully refer the Court to the Offering Memorandum, the Bond Registration Statement, and the IPO Registration Statement for a description of Lind-Waldock and its rights and obligations with respect to the Registered Bonds.

C.    **The Defendants**

30.    Because Paragraph 30 contains no factual allegations, no responsive pleading is required.

1.    **The Bennett Shell-Entity Defendants**

31.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 31, except respectfully refer the Court to the Offering Memorandum, the Bond Registration Statement, and the IPO Registration Statement for a description of Refco Group Holdings, Inc. ("RGHI") and its ownership structure prior to the date of the Bond Offering.

32.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 32, except respectfully refer the Court to the Offering Memorandum, the Bond Registration Statement, and IPO Registration Statement for a description of Bennett's ownership interest in The Phillip R. Bennett Three Year Annuity Trust.

2.    **The Officer Defendants**

33.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33, except respectfully refer the Court to the Offering Memorandum, the Bond Registration Statement, the IPO Registration Statement, and Refco's public filings for a description of Bennett, his employment history and his responsibility for Refco's filings, and to the November 10, 2005 indictment for the contents thereof.

34.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34, expect respectfully refer the Court to the Offering Memorandum, the Bond Registration Statement, the IPO Registration Statement, and Refco's public filings for a description of Gerald M. Sherer ("Sherer"), his employment history and his responsibility for Refco's filings.

35.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35, except respectfully refer the Court to the Offering Memorandum, the Bond Registration Statement, the IPO Registration Statement, and Refco's public filings for a description of William M. Sexton ("Sexton"), his employment history and his responsibility for Refco's filings.

36.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 36, except respectfully refer the Court to the Offering Memorandum, the Bond Registration Statement, the IPO Registration Statement, and Refco's public filings for a description of Santo C. Maggio ("Maggio"), his employment history and his responsibility for Refco's filings.

37.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 37, except respectfully refer the Court to the Offering Memorandum, the Bond Registration Statement, the IPO Registration Statement, and Refco's public filings for a description of Joseph J. Murphy ("Murphy"), his employment history, and his responsibility for Refco's filings.

38.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 38, except respectfully refer the Court to the Offering Memorandum, the Bond Registration Statement, the IPO Registration Statement, and Refco's public filings for a description of Philip Silverman ("Silverman"), his employment history, and his responsibility for Refco's filings.

39.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 39, except respectfully refer the Court to the Offering Memorandum, the Bond Registration

Statement, the IPO Registration Statement, and Refco's public filings for a description of

Dennis A. Klejna ("Klejna"), his employment history, and his responsibility for Refco's filings.

    40.    Because Paragraph 40 contains no factual allegations, no responsive pleading is

required.

### 3.    <u>Defendant Trosten</u>

    41.    The Answering Underwriter Defendants deny knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 41,

except respectfully refer the Court to the Offering Memorandum, the Bond Registration

Statement, the IPO Registration Statement, and Refco's public filings for a description of

Robert C. Trosten ("Trosten"), his employment history, and his responsibility for Refco's filings,

and to the October 24, 2006 indictment for the contents thereof.

### 4.    <u>Defendant Grant</u>

    42.    The Answering Underwriter Defendants deny knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 42,

except respectfully refer the Court to the Offering Memorandum, the Bond Registration

Statement, the IPO Registration Statement and Refco's public filings for a description of Tone N.

Grant ("Grant") and his employment history, and to the January 16, 2007 indictment for the

contents thereof.

### 5.    <u>The Audit Committee Defendants</u>

    43.    The Answering Underwriter Defendants deny knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 43,

except respectfully refer the Court to the IPO Registration Statement and Refco's public filings

for a description of Ronald L. O'Kelley ("O'Kelley") and his employment history.

44.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 44, except respectfully refer the Court to the IPO Registration Statement and Refco's public filings for a description of Leo R. Breitman ("Breitman") and his employment history.

45.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 45, except respectfully refer the Court to the IPO Registration Statement and Refco's public filings for a description of Nathan Gantcher ("Gantcher") and his employment history.

46.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 46, except respectfully refer the Court to Refco's public filings for a description of the scope and function of its Audit Committee.

### 6.     The Defendants Affiliated with Thomas H. Lee Partners

47.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 47(a), 47(b), and 47(c) of the Complaint, except admit on information and belief that certain affiliates of Thomas H. Lee Partners held equity interests in Refco, and respectfully refer the Court to the Offering Memorandum, the Bond Registration Statement, and the IPO Registration Statement for a description of the THL Partner Defendants and their involvement with Refco.

48.     Because Paragraph 48 contains no factual allegations, no responsive pleading is required.

49.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 49,

except respectfully refer the Court to the IPO Registration Statement for a description of the THL Partner Defendants' ownership interest in Refco before and after the IPO.

50.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 50, except respectfully refer the Court to the Offering Memorandum, the Bond Registration Statement, and the IPO Registration Statement for a description of Thomas H. Lee's employment history, involvement with Refco, and responsibility for the IPO Registration Statement, and to other publicly available filings for a more general description of Thomas H. Lee.

51.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 51, except respectfully refer the Court to the Offering Memorandum, the Bond Registration Statement, and the IPO Registration Statement for a description of David V. Harkins ("Harkins"), his employment history, and his responsibility for Refco's filings.

52.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 52, except respectfully refer the Court to the Offering Memorandum, the Bond Registration Statement, and the IPO Registration Statement for a description of Scott L. Jaeckel ("Jaeckel"), his employment history, and his responsibility for Refco's filings.

53.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 53, except respectfully refer the Court to the Offering Memorandum, the Bond Registration Statement, and the IPO Registration Statement for a description of Scott A. Schoen ("Schoen"), his employment history, and his responsibility for Refco's filings.

54.     Because Paragraph 54 contains no factual allegations, no responsive pleading is required.

### 7.     **Grant Thornton**

55.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 55, except admit on information and belief that Grant Thornton provided auditing and accounting services to Refco prior to and in connection with the Bond Offering and the IPO, which included the issuance of clean and unqualified audit opinion letters on the Company's financial statements for fiscal years 2003, 2004, and 2005, and respectfully refer the Court to the Offering Memorandum, the Bond Registration Statement, the IPO Registration Statement, and such opinion letters for a description of Grant Thornton and its relationship to Refco.

56.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 56, except admit on information and belief that Grant Thornton provided auditing and accounting services to Refco prior to and in connection with the Bond Offering and the IPO, and respectfully refer the Court to the Offering Memorandum, the Bond Registration Statement, the IPO Registration Statement, and Grant Thornton's opinion letters issued in connection therewith for a description of Grant Thornton and its relationship to Refco.

57.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 57, except admit on information and belief that Grant Thornton provided auditing and accounting services to Refco prior to and in connection with the Bond Offering and the IPO, and respectfully refer the Court to the Offering Memorandum, the Bond Registration Statement, and

the IPO Registration Statement for a description of Grant Thornton and its relationship to Refco, and to Refco's financial statements for the contents thereof.

58.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 58.

### 8.    The Underwriter Defendants

59.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 59, except admit, upon information and belief, that Credit Suisse Securities (USA) LLC is an investment banking firm, and respectfully refer the Court to the public website for Credit Suisse Securities (USA) LLC for a description of its corporate structure and business, and to the Offering Memorandum and the IPO Registration Statement for a description of the underwriting arrangements relating thereto.

60.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 60, except admit, upon information and belief, that Banc of America Securities LLC ("BAS") is an investment banking firm, and respectfully refer the Court to the public website for BAS for a description of its corporate structure and business, and to the Offering Memorandum and the IPO Registration Statement for a description of the underwriting arrangements relating thereto.

61.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 61, except admit, upon information and belief, that Deutsche Bank Securities Inc. ("Deutsche Bank") is an investment banking firm, and respectfully refer the Court to the public website for Deutsche Bank for a description of its corporate structure and business, and to the Offering Memorandum and the IPO Registration Statement for a description of the underwriting arrangements relating thereto.

62.     The Answering Underwriter Defendants deny the allegations contained in Paragraph 62, except that Goldman, Sachs & Co. ("Goldman Sachs") admits that it is an investment banking firm, and the remaining Answering Underwriter Defendants admit, upon information and belief, that Goldman Sachs is an investment banking firm, and respectfully refer the Court to the public website for Goldman Sachs for a description of its corporate structure and business, and to the IPO Registration Statement for a description of the underwriting arrangements relating thereto.

63.     The Answering Underwriter Defendants deny the allegations contained in Paragraph 63, except that Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") admits that it is an investment banking firm, and the remaining Answering Underwriter Defendants admit, upon information and belief, that Merrill Lynch is an investment banking firm, and respectfully refer the Court to the public website for Merrill Lynch for a description of its corporate structure and business, and to the IPO Registration Statement for a description of the underwriting arrangements relating thereto.

64.     The Answering Underwriter Defendants deny the allegations contained in Paragraph 64, except that J.P. Morgan Securities, Inc. ("J.P. Morgan") admits that it is an investment banking firm, and the remaining Answering Underwriter Defendants admit, upon information and belief, that J.P. Morgan is an investment banking firm, and respectfully refer the Court to the public website for J.P. Morgan for a description of its corporate structure and business, and to the IPO Registration Statement for a description of the underwriting arrangements relating thereto.

65.     The Answering Underwriter Defendants deny the allegations contained in Paragraph 65, except that Sandler O'Neill & Partners, L.P. ("Sandler O'Neill") admits that it is

an investment banking firm, and the remaining Answering Underwriter Defendants admit, upon information and belief, that Sandler O'Neill is an investment banking firm, and respectfully refer the Court to the public website for Sandler O'Neill for a description of its corporate structure and business, and to the IPO Registration Statement for a description of the underwriting arrangements relating thereto.

66.     The Answering Underwriter Defendants deny the allegations contained in Paragraph 66, except that HSBC Securities (USA) Inc. ("HSBC") admits that it is an investment banking firm, and the remaining Answering Underwriter Defendants admit, upon information and belief, that HSBC is an investment banking firm, and respectfully refer the Court to the public website for HSBC for a description of its corporate structure and business, and to the IPO Registration Statement for a description of the underwriting arrangements relating thereto.

67.     The Answering Underwriter Defendants deny the allegations contained in Paragraph 67, except that William Blair & Company, L.L.C. ("William Blair") admits that it is an investment banking firm, and the remaining Answering Underwriter Defendants admit, upon information and belief, that William Blair is an investment banking firm, and respectfully refer the Court to the public website for William Blair for a description of its corporate structure and business, and to the IPO Registration Statement for a description of the underwriting arrangements relating thereto.

68.     The Answering Underwriter Defendants deny the allegations contained in Paragraph 68, except that BMO Capital Markets (formerly Harris Nesbitt Corp.) admits that it is an investment banking firm, and the remaining Answering Underwriter Defendants admit, upon information and belief, that BMO Capital Markets is an investment banking firm, and respectfully refer the Court to the public website for BMO Capital Markets for a description of

its corporate structure and business, and to the IPO Registration Statement for a description of the underwriting arrangements relating thereto.

69.     The Answering Underwriter Defendants deny the allegations contained in Paragraph 69, except that CMG Institutional Trading LLC ("CMG") admits that it is or was an investment banking firm, and the remaining Answering Underwriter Defendants admit, upon information and belief, that CMG is or was an investment banking firm, and respectfully refer the Court to the IPO Registration Statement for a description of the underwriting arrangements relating thereto.

70.     The Answering Underwriter Defendants deny the allegations contained in Paragraph 70, except that Samuel A. Ramirez & Company, Inc. ("Ramirez & Co.") admits that it is an investment banking firm, and the remaining Answering Underwriter Defendants admit, upon information and belief, that Ramirez & Co. is an investment banking firm, and respectfully refer the Court to the public website for Ramirez & Co. for a description of its corporate structure and business, and to the IPO Registration Statement for a description of the underwriting arrangements relating thereto.

71.     The Answering Underwriter Defendants deny the allegations contained in Paragraph 71, except that Muriel Siebert & Co. Inc. ("Seibert & Co.") admits that it is an investment banking firm, and the remaining Answering Underwriter Defendants admit, upon information and belief, that Seibert & Co. is an investment banking firm, and respectfully refer the Court to the public website for Seibert & Co. for a description of its corporate structure and business, and to the IPO Registration Statement for a description of the underwriting arrangements relating thereto.

72.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 72, except that The Williams Capital Group, L.P. ("Williams Capital") admits that it is an investment banking firm, and the remaining Answering Underwriter Defendants admit, upon information and belief, that Williams Capital is an investment banking firm, and respectfully refer the Court to the public website for Williams Capital for a description of its corporate structure and business, and to the IPO Registration Statement for a description of the underwriting arrangements relating thereto.

73.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 73, except that Utendahl Capital Partners, L.P. ("Utendahl") admits that it is an investment banking firm, and the remaining Answering Underwriter Defendants admit, upon information and belief, that Utendahl is an investment banking firm, and respectfully refer the Court to (i) the public website for Utendahl for a description of its corporate structure and business, and (ii) the IPO Registration Statement for a description of the underwriting arrangements relating thereto.

74.    Because Paragraph 74 contains no factual allegations, no responsive pleading is required.

75.    Because Paragraph 75 contains no factual allegations, no responsive pleading is required.

## 9.    The Mayer Brown Defendants

76.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations described in Paragraph 76, except admit on information and belief that Mayer Brown is a global law firm, respectfully refer the Court to the Offering Memorandum and the IPO Registration Statement for a description of

Mayer Brown and its relationship to Refco, and to Mayer Brown's publicly available website for a description of its structure and business.

77.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations described in Paragraph 77, except admit, upon information and belief, that Joseph P. Collins ("Collins") is or was a partner of Mayer Brown who performed certain services for Refco, and respectfully refer the Court to the "profile" and "press reports" referred to therein.

78.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations described in Paragraph 78, except respectfully refer the Court to the Examiner's Report for the contents thereof.

79.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 79, except admit on information and belief that Mayer Brown provided certain legal services to Refco prior to and in connection with the Bond Offering and the IPO, respectfully refer the Court to the Offering Memorandum and the IPO Registration Statement for a description of Mayer Brown and its relationship to Refco, and incorporate their responses below to the extent Plaintiffs refer to their subsequent allegations.

80.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations described in Paragraph 80.

## CLASS ALLEGATIONS

81.     To the extent that Paragraph 81 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny the allegations contained in Paragraph 81, except admit that Plaintiffs purport to bring this action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

82.     To the extent that Paragraph 82 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny the allegations contained in Paragraph 82, except admit that Refco conducted an IPO in August 2005.

83.     To the extent that Paragraph 83 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny the allegations contained in Paragraph 83.

84.     To the extent that Paragraph 84 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny the allegations contained in Paragraph 84.

85.     To the extent that Paragraph 85 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny the allegations contained in Paragraph 85.

86.     To the extent that Paragraph 86 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny the allegations contained in Paragraph 86.

87.     To the extent that Paragraph 87 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny the allegations contained in Paragraph 87.

88.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 88.

**FACTUAL ALLEGATIONS PERTINENT TO**
**CLAIMS FOR RELIEF UNDER THE SECURITIES ACT**

   A.     **Historical Background Regarding the Company**

   89.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 89, except respectfully refer the Court to the Offering Memorandum, the Bond Registration Statement, and the IPO Registration Statement for a description of Refco and its business at the time of the offerings.

   90.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 90, except respectfully refer the Court to the Offering Memorandum, the Bond Registration Statement, and the IPO Registration Statement for a description of Refco and its business at the time of the offerings.

   91.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 91, except respectfully refer the Court to the Offering Memorandum, the Bond Registration Statement, and the IPO Registration Statement for a description of Refco and its business at the time of the offerings.

   92.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 92, except respectfully refer the Court to contemporaneous financial news reports for descriptions of the Asian financial crisis.

93.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 93, except respectfully refer the Court to contemporaneous financial news reports for discussions of the effect of the Asian financial crisis on U.S. equity and bond markets.

94.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 94.

95.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 95.

96.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 96, except the Answering Underwriter Defendants deny the allegations contained in Paragraph 96 to the extent they suggest that the IPO Registration Statement was false and misleading.

97.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 97, except the Answering Underwriter Defendants deny the allegations contained in Paragraph 97 to the extent they suggest that the IPO Registration Statement was false and misleading, and respectfully refer the Court to the complaint filed on October 9, 2007 in *VR Global Partners, L.P., et al. v. Bennett, et al.*, 07 CIV. 8686 (S.D.N.Y.), for the contents thereof.

**B.      Early Efforts to Sell the Company**

98.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 98, except deny such allegations to the extent they suggest that the IPO Registration Statement was false and misleading.

99.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 99, except respectfully refer the Court to the Examiner's Report and to the February 6, 2002 purchase agreement for the contents thereof.

C.    **The THL Partner Defendants' Investment and the 2004 Recapitalization**

100.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 100.

101.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 101, except respectfully refer the Court to the Examiner's Report and to the Merger Agreement for a true and accurate description of their contents.

102.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 102, except respectfully refer the Court to the Offering Memorandum, the Bond Registration Statement, and the IPO Registration Statement for a description of the recapitalization of Refco in 2004.

103.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 103.

104.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 104, except respectfully refer the Court to the Offering Memorandum, the Bond Registration Statement, and the Senior Credit Facility for a description of the arrangements relating to the senior credit facility.

105.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 105,

except respectfully refer the Court to the Offering Memorandum, the Bond Registration
Statement, and the IPO Registration Statement for a description of the Senior Subordinated
Notes and Refco's corporate structure at the time of such offering.

106.    The Answering Underwriter Defendants deny the allegations contained in
Paragraph 106, except respectfully refer the Court to the Bond Registration Statement and the
IPO Registration Statement for a description of Refco's corporate structure at the time of the
offerings.

### D.    **The Bond Offering**

107.    To the extent that Paragraph 107 of the Complaint states a legal conclusion, no
responsive pleading is required.  To the extent that a response is required, the Answering
Underwriter Defendants deny on information and belief the allegations of Paragraph 107, except
respectfully refer the Court to the Offering Memorandum and the Bond Registration Statement
for a description of the 144A private placement and the *Exxon Capital* Exchange.

108.    To the extent that Paragraph 108 of the Complaint states a legal conclusion, no
responsive pleading is required.  To the extent that a response is required, the Answering
Underwriter Defendants deny on information and belief the allegations of Paragraph 108, except
respectfully refer the Court to the Offering Memorandum and the Bond Registration Statement
for a description of the 144A private placement and the *Exxon Capital* Exchange.

109.    To the extent that Paragraph 109 of the Complaint states a legal conclusion, no
responsive pleading is required.  To the extent that a response is required, the Answering
Underwriter Defendants deny on information and belief the allegations of Paragraph 109, except
respectfully refer the Court to the Offering Memorandum and the Bond Registration Statement
for a description of the 144A private placement, the *Exxon Capital* Exchange, and a description
of the underwriting arrangements relating thereto.

110.    To the extent that Paragraph 110 of the Complaint states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 110, except respectfully refer the Court to the Offering Memorandum and the Bond Registration Statement for a description of the terms of the 144A private placement and the *Exxon Capital* Exchange.

111.    To the extent that Paragraph 111 of the Complaint states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 111, except respectfully refer the Court to the Offering Memorandum and the Bond Registration Statement for the terms of the 144A private placement and the *Exxon Capital* Exchange.

112.    To the extent that Paragraph 112 of the Complaint states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 112, except respectfully refer the Court to the Registration Statement for the PIMCO High Yield Fund for a description of its investment objectives and fundamental investment restrictions, and to the Offering Memorandum and the Bond Registration Statement for a description of the terms of the 144A private placement and the *Exxon Capital* Exchange.

### 1.    The Offering Memorandum

113.    To the extent that Paragraph 113 of the Complaint states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in Paragraph 113, except respectfully refer the Court to the Offering Memorandum for a description of the terms of the 144A private placement.

114.    To the extent that Paragraph 114 of the Complaint states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 114, except respectfully refer the Court to the Offering Memorandum for a description of the terms of the 144A private placement.

115.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 115, except respectfully refer the Court to the Offering Memorandum and to the May 2004 document referenced in Paragraph 115 for the contents thereof.

116.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 116, except respectfully refer the Court to the Examiner's Report and the Offering Memorandum for the contents thereof.

117.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 117, except respectfully refer the Court to the Examiner's Report for the contents thereof.

118.     The Answering Underwriter Defendants deny on information and belief the allegations contained in Paragraph 118 that the Offering Memorandum was false or misleading, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 118.

**(a)      The Financial Statements in the Offering Memorandum
<u>Contained Untrue Statements of Material Facts</u>**

119.    The Answering Underwriter Defendants deny on information and belief the allegations contained in Paragraph 119, except respectfully refer the Court to the Offering Memorandum for the contents thereof.

120.    The Answering Underwriter Defendants deny on information and belief the allegations of Paragraph 120, except respectfully refer the Court to the Offering Memorandum for the contents thereof.

121.    The Answering Underwriter Defendants deny on information and belief the allegations of Paragraph 121, except respectfully refer the Court to the Offering Memorandum for the contents thereof.

122.    The Answering Underwriter Defendants deny on information and belief the allegations of Paragraph 122, except respectfully refer the Court to the Offering Memorandum for the contents thereof.

123.    The Answering Underwriter Defendants deny on information and belief the allegations of Paragraph 123, except respectfully refer the Court to the Offering Memorandum for the contents thereof.

124.    The Answering Underwriter Defendants deny on information and belief the allegations of Paragraph 124, except respectfully refer the Court to the Offering Memorandum for the contents thereof.

125.    The Answering Underwriter Defendants deny on information and belief the allegations of Paragraph 125, except respectfully refer the Court to the Offering Memorandum for the contents thereof.

126.    The Answering Underwriter Defendants deny on information and belief the allegations of Paragraph 126, except respectfully refer the Court to the Offering Memorandum for the contents thereof.

127.    The Answering Underwriter Defendants deny on information and belief the allegations of Paragraph 127, except respectfully refer the Court to the Offering Memorandum for the contents thereof.

128.    The Answering Underwriter Defendants deny on information and belief the allegations contained in Paragraph 128, except respectfully refer the Court to the Offering Memorandum for the contents thereof.

129.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 129, except respectfully refer the Court to the public disclosures and the complaint referred to therein for the contents thereof.

130.    The Answering Underwriter Defendants deny on information and belief the allegations contained in Paragraph 130, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations involving the non-underwriter defendants.

131.    The Answering Underwriter Defendants deny on information and belief the allegations contained in Paragraph 131, except deny knowledge or information sufficient to form a belief as to the truth or falsity of such allegations as to the non-underwriter defendants, and respectfully refer the Court to the Offering Memorandum for the contents thereof.

**(b)     The Description of Customer Receivables and
Related-Party Transactions in the
Offering Memorandum Contained Untrue
Statements and Omissions of Material Fact**

132.     The Answering Underwriter Defendants deny on information and belief the allegations of Paragraph 132, except respectfully refer the Court to the Offering Memorandum for the contents thereof.

133.     The Answering Underwriter Defendants deny on information and belief the allegations of Paragraph 133, except respectfully refer the Court to the Offering Memorandum for the contents thereof.

134.     The Answering Underwriter Defendants deny on information and belief the allegations of Paragraph 134, except respectfully refer the Court to the Offering Memorandum for the contents thereof.

135.     The Answering Underwriter Defendants deny on information and belief the allegations contained in Paragraph 135, except respectfully refer the Court to the Offering Memorandum for the contents thereof.

**(c)     The Offering Memorandum Misrepresented the
Reasons for the Company's Purported Success**

136.     The Answering Underwriter Defendants deny on information and belief the allegations of Paragraph 136, except respectfully refer the Court to the Offering Memorandum and the SEC comment letter referenced in Paragraph 136 for the contents thereof.

137.     The Answering Underwriter Defendants deny on information and belief the allegations of Paragraph 137, except respectfully refer the Court to the Offering Memorandum for the contents thereof.

138.    The Answering Underwriter Defendants deny on information and belief the allegations of Paragraph 138, except respectfully refer the Court to the Offering Memorandum for the contents thereof.

139.    The Answering Underwriter Defendants deny on information and belief the allegations of Paragraph 139, except respectfully refer the Court to the Offering Memorandum for the contents thereof.

140.    The Answering Underwriter Defendants deny on information and belief the allegations contained in Paragraph 140, except respectfully refer the Court to the Offering Memorandum for the contents thereof.

> **(d)     The Offering Memorandum Misrepresented the Company's Ability to Access the Cash It Needed to Service Its Debt**

141.    The Answering Underwriter Defendants deny on information and belief the allegations contained in Paragraph 141, except respectfully refer the Court to the Offering Memorandum for the contents thereof.

142.    The Answering Underwriter Defendants deny on information and belief the allegations of Paragraph 142, except respectfully refer the Court to the Offering Memorandum for the contents thereof.

143.    The Answering Underwriter Defendants deny on information and belief the allegations of Paragraph 143, except respectfully refer the Court to the Offering Memorandum for the contents thereof.

144.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 144.

145.    The Answering Underwriter Defendants deny on information and belief the allegations of Paragraph 145, except deny knowledge or information sufficient to form a belief

as to the truth or falsity of the allegations involving the non-underwriter defendants, and respectfully refer the Court to the Offering Memorandum for the contents thereof.

146.   The Answering Underwriter Defendants deny on information and belief the allegations contained in Paragraph 146.

**(e)**     **The Offering Memorandum Misrepresented
That the Company Had Taken Adequate Steps to
<u>Protect Itself From the Risk of Customer Defaults</u>**

147.   The Answering Underwriter Defendants deny on information and belief the allegations of Paragraph 147, except respectfully refer the Court to the Offering Memorandum for the contents thereof.

148.   The Answering Underwriter Defendants deny on information and belief the allegations of Paragraph 148, except respectfully refer the Court to the Offering Memorandum for the contents thereof.

149.   The Answering Underwriter Defendants deny on information and belief the allegations of Paragraph 149, except respectfully refer the Court to the Offering Memorandum for the contents thereof.

150.   The Answering Underwriter Defendants deny on information and belief the allegations contained in Paragraph 150, except respectfully refer the Court to the Offering Memorandum for the contents thereof.

**(f)**     **The Offering Memorandum Misrepresented That
<u>the Company Maintained Excess Regulatory Capital</u>**

151.   The Answering Underwriter Defendants deny on information and belief the allegations contained in Paragraph 151, except respectfully refer the Court to the Offering Memorandum for the contents thereof.

152.    The Answering Underwriter Defendants deny on information and belief the allegations contained in Paragraph 152, except respectfully refer the Court to the Offering Memorandum for the contents thereof.

153.    The Answering Underwriter Defendants deny on information and belief the allegations contained in Paragraph 153, except respectfully refer the Court to the Offering Memorandum for the contents thereof.

**(g)     The Offering Memorandum Failed to Disclose
BAWAG's Full Ownership Interest in Refco Group**

154.    The Answering Underwriter Defendants deny on information and belief the allegations contained in Paragraph 154, except respectfully refer the Court to the Offering Memorandum for the contents thereof.

155.    The Answering Underwriter Defendants deny on information and belief the allegations contained in Paragraph 155, except respectfully refer the Court to the Offering Memorandum for the contents thereof.

**2.      Presentations to Ratings Agencies**

156.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 156, except respectfully refer the Court to the emails and presentations referenced therein for the contents thereof.

157.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 157, except respectfully refer the Court to publicly reported market services for the credit ratings of Refco's securities.

### 3.    <u>The Bond Road Show</u>

158.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 158.

159.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 159.

160.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 160.

161.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 161, except respectfully refer the Court to the emails and presentations referenced therein for the contents thereof.

162.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 162.

163.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 163, except respectfully refer the Court to the email, "ratings," and "terms" referenced therein for the contents thereof.

164.    The Answering Underwriter Defendants deny on information and belief the allegations contained in Paragraph 164, expect respectfully refer the Court to the Offering Memorandum for the contents thereof.

### 4.    <u>The Bond Registration Statement</u>

165.    The Answering Underwriter Defendants deny on information and belief the allegations contained in Paragraph 165, except respectfully refer the Court to the Bond Registration Statement and its amendments for the contents thereof.

166.    The Answering Underwriter Defendants deny on information and belief the allegations contained in Paragraph 166, except respectfully refer the Court to the Bond Registration Statement and its amendments for the contents thereof.

167.    The Answering Underwriter Defendants deny on information and belief the allegations contained in Paragraph 167, except respectfully refer the Court to the Bond Registration Statement and its amendments for the contents thereof.

168.    The Answering Underwriter Defendants deny on information and belief the allegations contained in Paragraph 168, except respectfully refer the Court to the Bond Registration Statement and its amendments for the contents thereof.

169.    The Answering Underwriter Defendants deny on information and belief the allegations contained in Paragraph 169, except respectfully refer the Court to the Bond Registration Statement and its amendments for the contents thereof.

170.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 170, except respectfully refer the Court to the documents referenced therein for the contents thereof.

171.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 171, except respectfully refer the Court to the documents referenced therein for the contents thereof.  To the extent the allegations in Paragraph 171 refer to defendants J.P. Morgan, Merrill Lynch and Sandler O'Neill, such defendants deny such allegations, except respectfully refer to the Court to the documents referenced therein for the contents thereof.

172.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 172, except respectfully refer the Court to the documents referenced therein for the contents thereof.

173.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 173, except respectfully refer the Court to the documents referenced therein for the contents thereof.

174.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 174, except respectfully refer the Court to the documents referenced therein for the contents thereof. To the extent the allegations in Paragraph 174 refer to defendants J.P. Morgan, Merrill Lynch and Sandler O'Neill, such defendants deny such allegations, except respectfully refer to the Court to the documents referenced therein for the contents thereof.

175.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 175, except respectfully refer the Court to the documents referenced therein for the contents thereof.

176.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 176, except respectfully refer the Court to the documents referenced therein for the contents thereof.

177.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 177, except respectfully refer the Court to the documents referenced therein for the contents thereof.

178.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 178, except respectfully refer the Court to the documents referenced therein for the contents thereof.

179.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 179, except respectfully refer the Court to the documents referenced therein for the contents thereof.

180.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 180, except respectfully refer the Court to the documents referenced therein for the contents thereof.

181.    The Answering Underwriter Defendants deny on information and belief the allegations contained in Paragraph 181, except respectfully refer the Court to the Bond Registration Statement and its amendments, and the Offering Memorandum, for the contents thereof.

182.    The Answering Underwriter Defendants deny on information and belief the allegations contained in Paragraph 182, except respectfully refer the Court to the Bond Registration Statement and its amendments for the contents thereof.

183.    The Answering Underwriter Defendants deny on information and belief the allegations contained in Paragraph 183, except respectfully refer the Court to the Bond Registration Statement and its amendments for the contents thereof.

184.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 184, except respectfully refer the Court to the Bond Registration Statement and its amendments for the contents thereof.

185.     The Answering Underwriter Defendants deny on information and belief the allegations contained in Paragraph 185, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the non-underwriter defendants, and respectfully refer the Court to the Bond Registration Statement and its amendments, and the November 10, 2004 SEC comment letter referenced in Paragraph 185, for the contents thereof.

186.     The Answering Underwriter Defendants deny on information and belief the allegations contained in Paragraph 186, except respectfully refer the Court to the Bond Registration Statement and its amendments for the contents thereof.

187.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 187, admit, upon information and belief, that the Bond Registration Statement contained an audit report from Grant Thornton dated October 8, 2004, and respectfully refer the Court to the Bond Registration Statement for the contents thereof.

188.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 188, except respectfully refer the Court to the Offering Memorandum and the Bond Registration Statement for the contents thereof.

189.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 189, except respectfully refer the Court to the Offering Memorandum and the Bond Registration Statement for the contents thereof.

190.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 190,

except respectfully refer the Court to the Offering Memorandum and the Bond Registration Statement for the contents thereof.

191.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 191, except respectfully refer the Court to the Offering Memorandum and the Bond Registration Statement for the contents thereof.

192.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 192, except respectfully refer the Court to the Offering Memorandum and the Bond Registration Statement for the contents thereof.

193.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 193, except respectfully refer the Court to the Offering Memorandum and the Bond Registration Statement for the contents thereof.

194.    To the extent that Paragraph 194 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny on information and belief the allegations contained in Paragraph 194, except respectfully refer the Court to the Bond Registration Statement for the contents thereof.

**E.**     **The August 2005 Initial Public Offering**

195.    The Answering Underwriter Defendants deny on information and belief the allegations contained in Paragraph 195, except admit that Refco offered shares through the IPO in or about August 2005, and respectfully refer the Court to the IPO Registration Statement for a description of the IPO, including the underwriting agreements.

196.    The Answering Underwriter Defendants deny that the allegations contained in Paragraph 196 accurately portray the IPO roadshow, except admit and aver that Refco offered shares through the IPO in or about August 2005, and that it conducted a road show in connection with the IPO, and respectfully refer the Court to the IPO Registration Statement for a description of the offering.

197.    The Answering Underwriter Defendants deny the allegations of Paragraph 197, except respectfully refer the Court to the IPO Registration Statement for a description of Refco and its affiliates as of the date of the IPO.

### 1.    The IPO Registration Statement

198.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 198, except admit that Refco offered stock pursuant to the IPO Registration Statement, and respectfully refer the Court to the IPO Registration Statement for a description of the IPO.

199.    The Answering Underwriter Defendants admit on information and belief the allegations contained in Paragraph 199.

200.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 200, except admit and aver that they participated in the IPO process and respectfully refer the Court to the "materials" referenced therein for the contents thereof.

201.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as the truth or falsity of the allegations contained in Paragraph 201, except admit and aver that Mayer Brown and Collins participated in the IPO process and respectfully refer the Court to the IPO Registration Statement and to the Examiner's Report for the contents thereof.

202.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 202, except respectfully refer the Court to the IPO Registration Statement for the contents thereof.

203.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 203.

(a)    **The Financial Statements in the IPO Registration Statement Contained Untrue Statements of Material Facts**

204.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 204, except respectfully refer the Court to the IPO Registration Statement for the contents thereof.

205.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 205, except respectfully refer the Court to the IPO Registration Statement for the contents thereof.

206.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 206, except respectfully refer the Court to the IPO Registration Statement for the contents thereof.

207.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 207, except admit that Grant Thornton provided audit opinions incorporated into the IPO Registration Statement and respectfully refer the Court to the Grant Thornton letters and the IPO Registration Statement for the contents thereof.

208.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 208, except respectfully refer the Court to the IPO Registration Statement for the contents thereof.

209.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 209, except respectfully refer the Court to the IPO Registration Statement for the contents thereof.

210.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 210, except respectfully refer the Court to the IPO Registration Statement for the contents thereof.

211.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 211, except respectfully refer the Court to the IPO Registration Statement for the contents thereof.

212.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 212, except respectfully refer the Court to the IPO Registration Statement for the contents thereof.

213.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 213, except respectfully refer the Court to the IPO Registration Statement for the contents thereof.

214.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 214, except respectfully refer the Court to the IPO Registration Statement for the contents thereof.

215.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 215, except respectfully refer the Court to the IPO Registration Statement for the contents thereof.

216.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 216,

except deny such allegations in Paragraph 216 to the extent they suggest that the IPO

Registration Statement was false and misleading.

217.    The Answering Underwriter Defendants deny knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 217,

except deny such allegations to the extent they suggest that the IPO Registration Statement was

false and misleading, and respectfully refer the Court to the Grant Thornton audit opinions and

the IPO Registration Statement for the contents thereof.

> **(b)    The Description of Customer Receivables and
> Related-Party Transactions in the IPO
> Registration Statement Contained Untrue
> Statements and Omissions of Material Fact**

218.    The Answering Underwriter Defendants deny the allegations contained in

Paragraph 218, except respectfully refer the Court to the IPO Registration Statement for the

contents thereof.

219.    The Answering Underwriter Defendants deny the allegations contained in

Paragraph 219, except respectfully refer the Court to the IPO Registration Statement for the

contents thereof.

220.    The Answering Underwriter Defendants deny the allegations contained in

Paragraph 220, except respectfully refer the Court to the IPO Registration Statement for the

contents thereof.

221.    The Answering Underwriter Defendants deny the allegations contained in

Paragraph 221, except respectfully refer the Court to the IPO Registration Statement for the

contents thereof.

222.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 222, except respectfully refer the Court to the IPO Registration Statement for the contents thereof.

223.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 223, except respectfully refer the Court to the IPO Registration Statement for the contents thereof.

**(c)     The IPO Registration Statement Misrepresented
That the Company Had Taken Adequate Steps to
<u>Protect Itself From the Risk of Customer Defaults</u>**

224.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 224, except respectfully refer the Court to the IPO Registration Statement for the contents thereof.

225.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 225, except respectfully refer the Court to the IPO Registration Statement for the contents thereof.

226.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 226, except respectfully refer the Court to the IPO Registration Statement for the contents thereof.

**(d)     The IPO Registration Statement Misrepresented That
<u>The Company Maintained Excess Regulatory Capital</u>**

227.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 227, except respectfully refer the Court to the IPO Registration Statement for the contents thereof.

228.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 228, except respectfully refer the Court to the IPO Registration Statement for the contents thereof.

229.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 229, except respectfully refer the Court to the IPO Registration Statement for the contents thereof.

230.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 230, except respectfully refer the Court to the IPO Registration Statement for the contents thereof.

**(e)    The IPO Registration Statement Failed to Disclose BAWAG's Full Ownership Interest in Refco Group.**

231.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 231, except respectfully refer the Court to the IPO Registration Statement for the contents thereof.

**F.    The Truth Begins to Emerge and the Company Collapses**

232.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 232, except deny such allegations to the extent they suggest that the IPO Registration Statement was false and misleading.

233.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 233, except deny such allegations to the extent they suggest that the IPO Registration Statement was false and misleading, and respectfully refer the Court to Refco's October 10, 2005 Press Release for the contents thereof.

234.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 234, except deny such allegations to the extent they suggest that the IPO Registration Statement was false and misleading, and respectfully refer the Court to Refco's October 10, 2005 Press Release for the contents thereof.

235.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 235, except deny such allegations to the extent they suggest that the IPO Registration Statement was false and misleading, and respectfully refer the Court to Refco's October 10, 2005 Press Release for the contents thereof.

236.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 236, except deny such allegations to the extent they suggest that the IPO Registration Statement was false and misleading, and respectfully refer the Court to publicly reported market services for the trading price and credit ratings of Refco's securities.

237.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 237, except deny such allegations to the extent they suggest that the IPO Registration Statement was false and misleading, and respectfully refer the Court to Refco's October 10, 2005 Press Release for the contents thereof.

238.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 238, except deny such allegations to the extent they suggest that the IPO Registration Statement was

false and misleading, and respectfully refer the Court to Refco's October 10, 2005 Press Release for the contents thereof.

239.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 239, except respectfully refer the Court to the SEC announcement of October 11, 2005, Refco's press release of October 11, 2005, and publicly reported market services for the trading price of Refco's securities.

240.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 240, except respectfully refer the Court to the "news" referred to therein, as well as publicly reported market services for the trading price of Refco's securities.

241.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 241, except deny such allegations to the extent they suggest that the IPO Registration Statement was false and misleading, and respectfully refer the Court to Refco's October 10, 2005 Press Release for the contents thereof.

242.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 242, except respectfully refer the Court to publicly reported market services for the credit ratings of Refco's securities.

243.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 243, except respectfully refer the Court to the public statements of the NYSE and publicly reported market services for the price and credit ratings of Refco's securities.

244.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 244, except respectfully refer the Court to publicly reported market services for the

trading price of Refco's securities and to Refco's public announcement of October 17, 2005, and Refco's bankruptcy filing for the contents thereof.

245.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 245, except respectfully refer the Court to the news article referenced therein for the contents thereof.

246.    To the extent that Paragraph 246 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny the allegations contained in Paragraph 246.

247.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 247.

**THE COMPANY'S VIOLATIONS OF GAAP**

248.    To the extent that the allegations contained in Paragraph 248 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny the allegations contained in Paragraph 248, except respectfully refer the Court to statements of the organizations identified in Paragraph 248 and the GAAP accounting principles for the contents thereof.

249.    To the extent that the allegations contained in Paragraph 249 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny the allegations contained in Paragraph 249, except respectfully refer the Court to 17 C.F.R. § 210.4-01(a)(1) for the contents thereof.

250.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 250, except deny that the IPO Registration Statement was false and misleading.

251.    To the extent that the allegations contained in Paragraph 251 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 251, except deny that the IPO Registration Statement was false and misleading, and respectfully refer the Court to SFAS No. 57 for the contents thereof.

252.    To the extent that the allegations contained in Paragraph 252 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 252, except deny that the IPO Registration Statement was false and misleading, and respectfully refer the Court to SFAS No. 57 for the contents thereof.

253.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 253, except deny that the IPO Registration Statement was false and misleading.

254.    To the extent that Paragraph 254 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 254, except deny that the IPO Registration Statement was false and misleading.

255.    To the extent that the allegations contained in Paragraph 255 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as

to the truth or falsity of the allegations contained in Paragraph 255, except deny that the IPO Registration Statement was false and misleading.

256.    To the extent that the allegations contained in Paragraph 256 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 256, except deny that the IPO Registration Statement was false and misleading, and respectfully refer the Court to SFAS No. 5 for the contents thereof.

257.    To the extent that the allegations contained in Paragraph 257 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 257, except deny that the IPO Registration Statement was false and misleading at the time of the IPO, and respectfully refer the Court to FIN No. 45 for the contents thereof.

258.    To the extent that the allegations contained in Paragraph 258 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 258, except deny that the IPO Registration Statement was false and misleading, and respectfully refer the Court to APB Opinion No. 22 for the contents thereof.

259.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 259, and respectfully refer the Court to Refco's SEC filings for the contents thereof.

260.    To the extent that the allegations contained in Paragraph 260 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 260, except deny such allegations to the extent that they suggest that the IPO Registration Statement was false and misleading, and respectfully refer the Court to FASCON Nos. 1, 2, and 6 for the contents thereof.

261.    To the extent that the allegations contained in Paragraph 261 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 261, except deny such allegations to the extent that they suggest that the IPO Registration Statement was false and misleading.

## GRANT THORNTON'S VIOLATIONS OF AUDITING STANDARDS

262.    To the extent that the allegations contained in Paragraph 262 purport to state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny the allegations contained in Paragraph 262, except respectfully refer the Court to the Public Company Accounting Oversight Board and AU § 150 for the contents thereof.

263.    To the extent that the allegations contained in Paragraph 263 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 263, except respectfully refer the Court to the GAAS provisions for the contents thereof.

A.    **Violations of General Standards**

264.    To the extent that the allegations contained in Paragraph 264 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 264, except deny such allegations to the extent that they suggest that the IPO Registration Statement was false and misleading, admit on information and belief that Grant Thornton audited Refco's financial statements for the three years ending February 28, 2003, February 29, 2004, and February 28, 2005, and respectfully refer the Court to the Examiner's Report and GAAS No. 3 for the contents thereof.

265.    To the extent that the allegations contained in Paragraph 265 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 265, except deny such allegations to the extent that they suggest that the IPO Registration Statement was false and misleading, admit on information and belief that Grant Thornton partner Mark Ramler, formerly of Arthur Anderson, was the lead audit partner on the Refco engagement, and respectfully refer the Court to the Examiner's Report and GAAS No. 2 for the contents thereof.

B.    **Violations of Standards of Fieldwork**

1.    **Standard of Fieldwork No. 1 – Audit Planning**

266.    To the extent that the allegations contained in Paragraph 266 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny the allegations contained in Paragraph 266, except respectfully refer the Court to GAAS Standard of Fieldwork No. 1 for the contents thereof.

267.    To the extent that the allegations contained in Paragraph 267 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny the allegations contained in Paragraph 267, except respectfully refer the Court to GAAS provisions SFAS § 57 for the contents thereof.

268.    To the extent that the allegations contained in Paragraph 268 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny the allegations contained in Paragraph 268, except respectfully refer the Court to AU § 334 for the contents thereof.

269.    To the extent that the allegations contained in Paragraph 269 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny the allegations contained in Paragraph 269, except respectfully refer the Court to AU § 9934.19 for the contents thereof.

270.    To the extent that the allegations contained in Paragraph 270 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny the allegations contained in Paragraph 270, except respectfully refer the Court to AU § 334.08 for the contents thereof.

271.    To the extent that the allegations contained in Paragraph 271 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny the allegations contained in Paragraph 271, except respectfully refer the Court to GAAS for the contents thereof.

272.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 272,

except deny such allegations to the extent that they suggest that the IPO Registration Statement was false and misleading, and respectfully refer the Court to GAAS for the contents thereof.

273.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 273, except deny such allegations to the extent that they suggest that the IPO Registration Statement was false and misleading.

274.    To the extent that the allegations contained in Paragraph 274 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 274, except deny such allegations to the extent that they suggest that the IPO Registration Statement was false and misleading, and respectfully refer the Court to AU § 316 for the contents thereof.

275.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 275, except deny such allegations to the extent that they suggest that the IPO Registration Statement was false and misleading, and respectfully refer the Court to the Examiner's Report for the contents thereof.

## 2.    Standard of Fieldwork No. 2 – Evaluation of Internal Controls

276.    To the extent that the allegations contained in Paragraph 276 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny the allegations contained in Paragraph 276, except respectfully refer the Court to AU § 312 and GAAS Standard of Fieldwork No. 2 for the contents thereof.

277.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 277, except deny such allegations to the extent that they suggest that the IPO Registration Statement was false and misleading, and admit on information and belief that Grant Thornton identified and reported certain significant deficiencies in Refco's internal controls for the fiscal year ending February 28, 2005.

278.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 278, except deny such allegations to the extent that they suggest that the IPO Registration Statement was false and misleading, admit on information and belief that Grant Thornton identified and reported certain significant deficiencies in Refco's internal controls for the year ending February 28, 2005, and respectfully refer the Court to the draft management letter for the fiscal 2005 audit for the contents thereof.

279.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 279, except deny such allegations to the extent that they suggest that the IPO Registration Statement was false and misleading.

### 3.    Standard of Fieldwork No. 3 – Obtaining Evidential Matter

280.    To the extent that the allegations contained in Paragraph 280 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 280, except deny such allegations to the extent that they suggest that the IPO Registration Statement was false and misleading, and

respectfully refer the Court to GAAS Standard of Fieldwork No. 3 and AU § 326 for the contents thereof.

281.     To the extent that the allegations contained in Paragraph 281 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny the allegations contained in Paragraph 281, except respectfully refer the Court to AU § 334 for the contents thereof.

282.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 282, except deny such allegations to the extent that they suggest that the IPO Registration Statement was false and misleading, and respectfully refer the Court to the "Evaluation of Proposed Client" form and the Examiner's Report for the contents thereof.

283.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 283, except deny such allegations to the extent that they suggest that the IPO Registration Statement was false and misleading, and respectfully refer the Court to the Examiner's Report for the contents thereof.

284.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 284, except deny such allegations to the extent that they suggest that the IPO Registration Statement was false and misleading, and respectfully refer the Court to the Examiner's Report for the contents thereof.

285.     The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 285,

except deny such allegations to the extent that they suggest that the IPO Registration Statement was false and misleading, and respectfully refer the Court to the Examiner's Report for the contents thereof.

286.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 286, except deny such allegations to the extent that they suggest that the IPO Registration Statement was false and misleading.

287.    To the extent that the allegations contained in Paragraph 287 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 287, except deny such allegations to the extent that they suggest that the IPO Registration Statement was false and misleading, and respectfully refer the Court to AU § 342 for the contents thereof.

288.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 288, except deny such allegations to the extent that they suggest that the IPO Registration Statement was false and misleading.

289.    To the extent that the allegations contained in Paragraph 289 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 289, except deny such allegations to the extent that they suggest that the IPO Registration Statement was false and misleading, and respectfully refer the court to the Examiner's Report for the contents thereof.

C.    **Violations of Reporting Standards**

290.    To the extent that the allegations contained in Paragraph 290 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 290, except deny such allegations to the extent that they suggest that the IPO Registration Statement was false and misleading, and respectfully refer the Court to GAAS Standard of Reporting No. 1 for the contents thereof.

291.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 291, except deny such allegations to the extent that they suggest that the IPO Registration Statement was false and misleading, and respectfully refer the Court to GAAS Standard of Reporting No. 3 for the contents thereof.

292.    To the extent that the allegations contained in Paragraph 292 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 292, except deny such allegations to the extent that they suggest that the IPO Registration Statement was false and misleading, and respectfully refer the Court to GAAS Standard of Reporting No. 4 and AU § 508 for the contents thereof.

293.    To the extent that the allegations contained in Paragraph 293 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 293, except deny such allegations to the extent that they suggest that the IPO Registration Statement was false and misleading.

294. To the extent that the allegations contained in Paragraph 294 state a legal conclusion, no responsive pleading is required. To the extent that a response is required, the Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 294, except deny such allegations to the extent that they suggest that the IPO Registration Statement was false and misleading, and respectfully refer the Court to GAAS Standard of Reporting No. 3 for the contents thereof.

295. To the extent that Paragraph 295 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, the Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 295, except deny such allegations to the extent that they suggest that the IPO Registration Statement was false and misleading.

### D. Violations of CFTC Rules and Regulations

296. To the extent that the allegations contained in Paragraph 296 state a legal conclusion, no responsive pleading is required. To the extent that a response is required, the Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 296, except deny such allegations to the extent that they suggest that the IPO Registration Statement was false and misleading, and respectfully refer the Court to the CFTC rules and regulations for the contents thereof.

## DEFENDANTS' NEGLIGENCE

### A. The Offering Memorandum and the Bond Registration Statement

297. The Answering Underwriter Defendants deny on information and belief the allegations contained in Paragraph 297.

298.    The Answering Underwriter Defendants deny on information and belief the allegations contained in Paragraph 298, except respectfully refer the Court to the Offering Memorandum and the Bond Registration Statement for the contents thereof.

299.    The Answering Underwriter Defendants deny on information and belief the allegations contained in Paragraph 299, except respectfully refer the Court to the document referenced therein for the contents thereof.

300.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 300, except respectfully refer the Court to the document referenced therein for the contents thereof.

301.    The Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 301, except deny such allegations to the extent they suggest that the IPO Registration Statement was false and misleading and respectfully refer the Court to the document referenced therein for the contents thereof.

302.    To the extent that the allegations contained in Paragraph 302 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny on information and belief the allegations contained in Paragraph 302, except respectfully refer the Court to the entire *WorldCom* decision for the contents thereof.

303.    The allegations contained in Paragraph 303 are not directed at the Answering Underwriter Defendants and therefore the Answering Underwriter Defendants are not required to answer such allegations.

304.    To the extent that the allegations contained in Paragraph 304 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 304, except deny such allegations to the extent that they suggest that the IPO Registration Statement was false and misleading.

**B.    The IPO Registration Statement**

305.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 305.

306.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 306, except admit on information and belief that Grant Thornton identified and reported certain deficiencies in Refco's internal controls for the fiscal year ending February 28, 2005, and respectfully refer the Court to the documents referenced therein for the contents thereof, and to the IPO Registration Statement which fully disclosed such deficiencies.

307.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 307, except admit that certain Stock Underwriter Defendants held an audit due diligence call with Grant Thornton on or about March 30, 2005, and respectfully refer the Court to the document referenced therein for the contents thereof.

308.    To the extent that the allegations contained in Paragraph 308 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny the allegations contained in Paragraph 308, except respectfully refer the Court to the entire *WorldCom* decision for the contents thereof.

309.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 309, except respectfully refer the Court to the IPO Registration Statement for the contents thereof.

310.    The allegations contained in Paragraph 310 are not directed at the Answering Underwriter Defendants and therefore the Answering Underwriter Defendants are not required to answer such allegations.

311.    To the extent that the allegations contained in Paragraph 311 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 311, except deny such allegations to the extent that they suggest that the IPO Registration Statement was false and misleading.

## ALLEGATIONS PERTAINING TO CONTROL PERSON LIABILITY

312.    The Answering Underwriter Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.  The remaining allegations contained in Paragraph 312 are not directed at the Answering Underwriter Defendants, who are not alleged to be control persons, and therefore the Answering Underwriter Defendants are not required to answer such allegations.

313-321.    The allegations contained in Paragraphs 313-321 are not directed at the Answering Underwriter Defendants, who are not alleged to be control persons, and therefore the Answering Underwriter Defendants are not required to answer such allegations.

## CLAIMS FOR RELIEF UNDER THE SECURITIES ACT

## COUNT ONE

**For Violations of Section 12(a)(2) of the Securities Act,
On Behalf of Those Who Purchased or Otherwise
Acquired 144A Bonds in the Bond Offering,
Against Bennett, Trosten, Jaeckel, the THL Partner Defendants,
and the Bond Underwriter Defendants**

322.    The Answering Underwriter Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.  The remaining

allegations contained in Paragraph 322 are not directed at the Answering Underwriter

Defendants, who are not alleged to be underwriters in the 144A private placement, and therefore

the Answering Underwriter Defendants are not required to answer such allegations.

323-335.    The allegations contained in Paragraphs 323-335 are not directed at the

Answering Underwriter Defendants, who are not alleged to be underwriters for the 144A private

placement, and therefore the Answering Underwriter Defendants are not required to answer such

allegations.

## COUNT TWO

**Control Person Liability Pursuant to Section 15 of the Securities Act,
On Behalf of Purchasers of 144A Bonds in the Bond Offering,
Against the THL Partner Defendants, Lee, Bennett,
RGHI, Grant, Murphy, Trosten, Sexton, Silverman, and Maggio
(Based on Violations of Section 12(a)(2) of the Securities Act
by Refco Group, Refco Finance Holdings, and Refco Finance)**

336.    The Answering Underwriter Defendants repeat and reallege each and every

response set forth in the foregoing Paragraphs as if fully set forth herein.  The remaining

allegations contained in Paragraph 336 are not directed at the Answering Underwriter

Defendants, who are not alleged to be control persons, and therefore the Answering Underwriter

Defendants are not required to answer such allegations.

337-347.    The allegations contained in Paragraphs 337-347 are not directed at the

Answering Underwriter Defendants, who are not alleged to be control persons, and therefore the

Answering Underwriter Defendants are not required to answer such allegations.

## COUNT THREE

**For Violations of Section 11 of the Securities Act,
On Behalf of Purchasers of Registered Bonds,
Against the Section 11 Bond Defendants**

348.    The Answering Underwriter Defendants repeat and reallege each and every

response set forth in the foregoing Paragraphs as if fully set forth herein.  The remaining allegations contained in Paragraph 348 are not directed at the Answering Underwriter Defendants, who are not alleged to be underwriters in the 144A private placement or the *Exxon Exchange*, and therefore the Answering Underwriter Defendants are not required to answer such allegations.

349-361.       The allegations contained in Paragraphs 349-361 are not directed at the Answering Underwriter Defendants, who are not alleged to be underwriters for the 144A private placement or the *Exxon Exchange*, and therefore the Answering Underwriter Defendants are not required to answer such allegations.

## COUNT FOUR

**Control Person Liability Pursuant to Section 15 of the Securities Act,
On Behalf of the Section 11 Bond Plaintiffs,
Against the THL Defendants, Bennett, RGHI,
the Bennett Trust, Murphy, Sherer, Sexton, Silverman,
Maggio, Klejna, O'Kelley, Gantcher, and Breitman
(Based on Violation of Section 11 of the Securities Act by Refco Group)**

362.     The Answering Underwriter Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.  The remaining allegations contained in Paragraph 362 are not directed at the Answering Underwriter Defendants, who are not alleged to be control persons, and therefore the Answering Underwriter Defendants are not required to answer such allegations.

363-375.       The allegations contained in Paragraphs 363-375 are not directed at the Answering Underwriter Defendants, who are not alleged to be control persons, and therefore the Answering Underwriter Defendants are not required to answer such allegations.

## COUNT FIVE

**For Violations of Section 11 of the Securities Act,
On Behalf of Purchasers of Refco Common Stock,
Against the Section 11 Stock Defendants**

376.    The Answering Underwriter Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein, except admit that Plaintiffs purport to describe their Claim therein.

377.    The Answering Underwriter Defendants deny the allegations of Paragraph 377, except admit that Plaintiffs purport to bring Count Five as described therein.

378.    To the extent that the allegations contained in Paragraph 378 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny the allegations contained in Paragraph 378, except admit that Refco issued common stock pursuant to the IPO Registration Statement.

379.    To the extent that the allegations contained in Paragraph 379 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny the allegations contained in Paragraph 379.

380.    The allegations contained in Paragraph 380 are not directed at the Answering Underwriter Defendants and therefore the Answering Underwriter Defendants are not required to answer such allegations.

381.    The Answering Underwriter Defendants admit on information and belief the allegations contained in Paragraph 381.

382.    The Answering Underwriter Defendants admit on information and belief the allegations contained in Paragraph 382.

383.    The Answering Underwriter Defendants deny the allegations contained in Paragraph 383, except admit, upon information and belief, that Grant Thornton was the auditor

for Refco Group and its subsidiaries and respectfully refer the Court to Grant Thornton's audit opinions and consents and the IPO Registration Statement for the contents thereof.

384.    To the extent that the allegations contained in Paragraph 384 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny the allegations contained in Paragraph 384, except admit that they acted as underwriters in connection with the IPO and respectfully refer the Court to the IPO Registration Statement for the contents of the underwriting arrangements.

385.    Paragraph 385 states a legal conclusion as to which no responsive pleading is required.

386.    To the extent that the allegations contained in Paragraph 386 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny the allegations contained in Paragraph 386.

387.    To the extent that the allegations contained in Paragraph 387 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny the allegations contained in Paragraph 387.

388.    To the extent that the allegations contained in Paragraph 388 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny the allegations contained in Paragraph 388.

## COUNT SIX

**Control Person Liability Pursuant to Section 15 of the Securities Act,
On Behalf of Purchasers of Refco Common Stock
Against The Section 15 Stock Defendants
(Based on Violations of Section 11 of the Securities Act
by Refco)**

389.    The Answering Underwriter Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.  The remaining

allegations contained in Paragraph 389 are not directed at the Answering Underwriter

Defendants, who are not alleged to be control persons, and therefore the Answering Underwriter

Defendants are not required to answer such allegations.

390-405.    The allegations contained in Paragraphs 390-405 are not directed at the

Answering Underwriter Defendants, who are not alleged to be control persons, and therefore the

Answering Underwriter Defendants are not required to answer such allegations.

**COUNT SEVEN**

**For Violations of Section 12(a)(2) of the Securities Act,
On Behalf of Those Who Purchased or Otherwise Acquired
Refco Common Stock in the IPO,
Against the Stock Underwriter Defendants**

406.    The Answering Underwriter Defendants repeat and reallege each and every

response set forth in the foregoing Paragraphs as if fully set forth herein, except admit that

Plaintiffs purport to describe their Claim therein.

407.    The Answering Underwriter Defendants deny the allegations of Paragraph 407,

except admit that Plaintiffs purport to bring Count Seven as described therein.

408.    To the extent that the allegations contained in Paragraph 408 state a legal

conclusion, no responsive pleading is required.  To the extent that a response is required, the

Answering Underwriter Defendants deny the allegations contained in Paragraph 408, except

admit that the Answering Underwriter Defendants acted as underwriters of Refco stock in

connection with the IPO and respectfully refer the Court to the IPO Registration Statement for

the contents thereof.

409.    Paragraph 409 states a legal conclusion as to which no responsive pleading is

required.

410.    To the extent that the allegations contained in Paragraph 410 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny the allegations contained in Paragraph 410.

411.    To the extent that the allegations contained in Paragraph 411 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny the allegations contained in Paragraph 411.

412.    To the extent that the allegations contained in Paragraph 412 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Answering Underwriter Defendants deny the allegations contained in Paragraph 412.

413.    The Answering Underwriter Defendants deny that Plaintiffs are entitled to the relief requested in Paragraph 413 as to the Answering Underwriter Defendants, deny that Plaintiffs have suffered any damages as a consequence of any acts of the Answering Underwriter Defendants alleged in the Complaint, and deny that the Answering Underwriter Defendants have any liability thereunder.

## COUNT EIGHT

**Control Person Liability Pursuant to Section 15 of the Securities Act,
On Behalf of Purchasers of Refco Common Stock
Against the Section 15 Stock Defendants
(Based on Violations of Section 12(a)(2) of the Securities Act
by Refco)**

414.    The Answering Underwriter Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.  The remaining allegations contained in Paragraph 414 are not directed at the Answering Underwriter Defendants, who are not alleged to be control persons, and therefore the Answering Underwriter Defendants are not required to answer such allegations.

415-424.        The allegations contained in Paragraphs 415-424 are not directed at the Answering Underwriter Defendants, who are not alleged to be control persons, and therefore the Answering Underwriter Defendants are not required to answer such allegations.

**DEFENDANTS' FRAUDULENT SCHEME**

425-744.        The allegations contained in Paragraphs 425-744 are not directed at the Answering Underwriter Defendants, as to whom the Complaint disclaims any claim of fraud or intentional misconduct, and therefore the Answering Underwriter Defendants are not required to answer such allegations.

## CLAIMS FOR RELIEF UNDER THE EXCHANGE ACT
### COUNT NINE

**For Violations of Section 10(b) of the Exchange Act and
Rule 10b-5(b) Promulgated Thereunder,
On Behalf of Plaintiffs and All Members of the Class,
Against the Officer Defendants, the Audit Committee Defendants, Trosten, the THL
Defendants, Mayer Brown, and Grant
Thornton**

745.    The Answering Underwriter Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.  The remaining allegations contained in Paragraph 745 are not directed at the Answering Underwriter Defendants, as to whom the Complaint disclaims any claim of fraud or intentional misconduct, and therefore the Answering Underwriter Defendants are not required to answer such allegations.

746-755.        The allegations contained in Paragraphs 746-755 are not directed at the Answering Underwriter Defendants, as to whom the Complaint disclaims any claim of fraud or intentional misconduct, and therefore the Answering Underwriter Defendants are not required to answer such allegations.

## COUNT TEN

### For Violations of Section 10(b) of the Exchange Act, and Rule 10b-5(a) and (c) Promulgated Thereunder, On Behalf of Lead Plaintiffs and All Members of the Class, Against RGHI

756.    The Answering Underwriter Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.  The remaining allegations contained in Paragraph 756 are not directed at the Answering Underwriter Defendants, as to whom the Complaint disclaims any claim of fraud or intentional misconduct, and therefore the Answering Underwriter Defendants are not required to answer such allegations.

757-763.    The allegations contained in Paragraphs 757-763 are not directed at the Answering Underwriter Defendants, as to whom the Complaint disclaims any claim of fraud or intentional misconduct, and therefore the Answering Underwriter Defendants are not required to answer such allegations.

## COUNT ELEVEN

### Pursuant to Section 10(b) of the Exchange Act and Rule 10b-5(a) and (c) Promulgated Thereunder, on Behalf of Plaintiffs and all Class Members Against Mayer Brown and Collins

764.    The Answering Underwriter Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.  The remaining allegations contained in Paragraph 764 are not directed at the Answering Underwriter Defendants, as to whom the Complaint disclaims any claims of fraud or intentional misconduct, and therefore the Answering Underwriter Defendants are not required to answer such allegations.

765-773.    The allegations contained in Paragraphs 765-773 are not directed at the Answering Underwriter Defendants, as to whom the Complaint disclaims any claim of fraud or

intentional misconduct, and therefore the Answering Underwriter Defendants are not required to answer such allegations.

## COUNT TWELVE

**Control Person Liability Pursuant to Section 20(a) of the Exchange Act,
On Behalf of Purchasers of 144A Bonds in the Bond Offering,
Against Bennett, Grant, RGHI, the THL Partner Defendants, Lee, Murphy,
Trosten, Sexton, Silverman, and Maggio
(Based on Violations of Section 10(b) and Rule 10b-5 by Refco Group,
Refco Finance Holdings and Refco Finance)**

774.    The Answering Underwriter Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.  The remaining allegations contained in Paragraph 774 are not directed at the Answering Underwriter Defendants, who are not alleged to be control persons, and therefore the Answering Underwriter Defendants are not required to answer such allegations.

775-786.    The allegations contained in Paragraphs 775-786 are not directed at the Answering Underwriter Defendants, who are not alleged to be control persons, and therefore the Answering Underwriter Defendants are not required to answer such allegations.

## COUNT THIRTEEN

**Control Person Liability Pursuant to Section 20(a) of the Exchange Act,
On Behalf of Purchasers of Bonds After the Bond Offering and
Before the Date of the IPO, Against the
THL Defendants and Defendants Bennett, RGHI, the Bennett Trust,
Murphy, Trosten, Sherer, Sexton, Silverman, Maggio, Klejna, O'Kelley,
Gantcher, and Breitman
(Based on Violations of Section 10(b) and Rule 10b-5 By Refco Group)**

787.    The Answering Underwriter Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.  The remaining allegations contained in Paragraph 787 are not directed at the Answering Underwriter Defendants, who are not alleged to be control persons, and therefore the Answering Underwriter

Defendants are not required to answer such allegations.

788-803.    The allegations contained in Paragraphs 788-803 are not directed at the Answering Underwriter Defendants, who are not alleged to be control persons, and therefore the Answering Underwriter Defendants are not required to answer such allegations.

## COUNT FOURTEEN

**Control Person Liability Pursuant to Section 20(a) of the Exchange Act,
On Behalf of Purchasers of Bonds and/or Refco Common Stock
On and After the Date of the IPO, Against the
THL Defendants and Defendants Bennett, RGHI, the
Bennett Trust, Murphy, Sherer, Sexton, Silverman, Maggio, Klejna,
O'Kelley, Gantcher, and Breitman
(Based on Violations of Section 10(b) and Rule 10b-5 By Refco)**

804.    The Answering Underwriter Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.  The remaining allegations contained in Paragraph 804 are not directed at the Answering Underwriter Defendants, who are not alleged to be control persons, and therefore the Answering Underwriter Defendants are not required to answer such allegations.

805-817.    The allegations contained in Paragraphs 805-817 are not directed at the Answering Underwriter Defendants, who are not alleged to be control persons, and therefore the Answering Underwriter Defendants are not required to answer such allegations.

## COUNT FIFTEEN

**Control Person Liability Pursuant to Section 20(a) of the
Exchange Act Against Mayer Brown on Behalf of Plaintiffs and all Class Members
(Based on Violations of Section 10(b) and Rule 10b-5 by Collins,
Koury, Monk, and Other Mayer Brown Partners and Employees)**

818.    The Answering Underwriter Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.  The remaining allegations contained in Paragraph 818 are not directed at the Answering Underwriter

Defendants, who are not alleged to be control persons, and therefore the Answering Underwriter Defendants are not required to answer such allegations.

819-827.     The allegations contained in Paragraphs 819-827 are not directed at the Answering Underwriter Defendants, who are not alleged to be control persons, and therefore the Answering Underwriter Defendants are not required to answer such allegations.

### COUNT SIXTEEN

**Pursuant to Section 20A of the Exchange Act,
On Behalf of Purchasers of Refco Stock,
Against Bennett, Thomas H. Lee Equity Fund V., L.P.,
Thomas H. Lee Parallel Fund V, L.P.,
Thomas H. Lee Equity (Cayman) Fund V, L.P., and
Thomas H. Lee Investors Limited Partnership**

828.     The Answering Underwriter Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.  The remaining allegations contained in Paragraph 828 are not directed at the Answering Underwriter Defendants, who are not alleged to be insiders of Refco, and therefore the Answering Underwriter Defendants are not required to answer such allegations.

829-833.     The allegations contained in Paragraphs 829-833 are not directed at the Answering Underwriter Defendants, who are not alleged to be insiders of Refco, and therefore the Answering Underwriter Defendants are not required to answer such allegations.

### JURY DEMAND

834.     The Answering Underwriter Defendants deny the allegations of Paragraph 834, except admit that Plaintiffs purport to demand a jury trial.

### PRAYER FOR RELIEF

The Answering Underwriter Defendants deny that Plaintiffs are entitled to relief against the Answering Underwriter Defendants.

## FIRST AFFIRMATIVE DEFENSE

1.      The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2.      Plaintiffs have failed to plead their claims against the Answering Underwriter Defendants with particularity.

## THIRD AFFIRMATIVE DEFENSE

3.      The Answering Underwriter Defendants are not liable to Plaintiffs because they did not make any false or misleading statements of material fact or omission of material fact, bespoke caution about the risks of investing in the Company, and the Answering Underwriter Defendants are not responsible in law or fact for any alleged false or misleading statement or omission of material fact by others.

## FOURTH AFFIRMATIVE DEFENSE

4.      The Answering Underwriter Defendants are not liable to Plaintiffs because any alleged misstatements by the Answering Underwriter Defendants were forward-looking statements and/or contained sufficient cautionary language and risk disclosure.

## FIFTH AFFIRMATIVE DEFENSE

5.      The Answering Underwriter Defendants are not liable to Plaintiffs because they had no duty to disclose any facts allegedly not disclosed.

## SIXTH AFFIRMATIVE DEFENSE

6.      The Answering Underwriter Defendants are not liable to Plaintiffs because any alleged misrepresentations or omissions for which the Answering Underwriter Defendants are allegedly responsible were not material.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiffs and others alleged to be members of the putative class lack standing to maintain some or all of their claims.  Specifically, Plaintiffs who did not purchase Refco securities from the Answering Underwriter Defendants lack standing to assert claims against the Answering Underwriter Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

8.      The Answering Underwriter Defendants acted at all times in good faith and had no knowledge, and were not reckless in not knowing, that any alleged statement or omission was false or misleading.

## NINTH AFFIRMATIVE DEFENSE

9.      The Answering Underwriter Defendants are not liable to Plaintiffs because they had, after reasonable and diligent investigation, reasonable grounds to believe, and did believe, at the time the Refco IPO Registration Statement became effective, that the statements in the Registration Statement and IPO Prospectus were true and that there were no misstatements of material fact or omissions of material fact that were necessary to make the statements therein not misleading.

## TENTH AFFIRMATIVE DEFENSE

10.     The Answering Underwriter Defendants are not liable to Plaintiffs to the extent that the acts or omissions alleged in the Complaint relate to portions of the IPO Registration Statement reviewed by experts retained to assist in preparing such documents, as to which the Answering Underwriter Defendants had no reasonable grounds to believe, and did not believe, that any statements contained therein were misleading.

## ELEVENTH AFFIRMATIVE DEFENSE

11.    The Answering Underwriter Defendants are not liable to Plaintiffs because Plaintiffs' alleged losses were not actually or proximately caused by the Answering Underwriter Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

12.    The conduct of persons and/or entities other than the Answering Underwriter Defendants was a superseding or intervening cause of any damage, loss, or injury sustained by Plaintiffs or the purported Class members.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.    The Answering Underwriter Defendants are not liable to Plaintiffs to the extent that the alleged misstatements and omissions attributed to the Answering Underwriter Defendants in the Complaint were not made in connection with the purchase or sale of any securities by Plaintiffs.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    Plaintiffs' claims against the Answering Underwriter Defendants are barred in whole or in part because of the lack of loss causation.  Plaintiffs have not suffered any injury or harm as a result of the actions of the Answering Underwriter Defendants alleged in the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    Plaintiffs' claims against the Answering Underwriter Defendants are barred in whole, or in part, because the depreciation in the market price of Refco securities resulted from factors other than the misstatements or omissions alleged in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.    Plaintiffs' claims against the Answering Underwriter Defendants are barred in whole or in part because of the lack of transaction causation.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    Other parties not named in the Complaint may be indispensable parties to this action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.    Plaintiffs' claims against the Answering Underwriter Defendants are barred in whole or in part because Plaintiffs did not reasonably rely on the issuer's relevant Registration Statements, Prospectuses, and Bond Offering documents, alleged in the Complaint to be materially false and misleading.

## NINETEENTH AFFIRMATIVE DEFENSE

19.    Plaintiffs' claims against the Answering Underwriter Defendants are barred in whole or in part by their own actions, omissions, and/or negligence.

## TWENTIETH AFFIRMATIVE DEFENSE

20.    Plaintiffs' claims against the Answering Underwriter Defendants are barred in whole or in part because of the contribution of or the comparative fault and contributory negligence of Plaintiffs or other entities or persons.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    Plaintiffs' claims against the Answering Underwriter Defendants are barred in whole or in part because the alleged damages or other injuries were caused solely by the acts or omissions of the Plaintiffs or others (including the non-underwriter defendants) over which the Answering Underwriter Defendants had no control.

## TWENTY- SECOND AFFIRMATIVE DEFENSE

22.    Plaintiffs' damages, if any, are due to the negligence, or other acts or omissions, of persons or entities other than the Answering Underwriter Defendants; however, in the event that a finding is made that negligence exists on the part of Answering Underwriter Defendants, which proximately contributed to Plaintiffs' damages alleged in the Complaint, the Answering Underwriter Defendants' liability, if any, should be reduced, at least, by an amount proportionate to the amount by which the comparative negligence, or other acts or omissions, of such other persons or entities contributed to the happening of the incident and alleged damages upon which Plaintiffs seek recovery.

## TWENTY- THIRD AFFIRMATIVE DEFENSE

23.    If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement made not misleading was omitted, which the Answering Underwriter Defendants deny, and if the Plaintiffs or any members of the putative class were aware of that statement or omission, then such Plaintiffs cannot prevail.

## TWENTY- FOURTH AFFIRMATIVE DEFENSE

24.    Plaintiffs' claims against the Answering Underwriter Defendants are barred in whole or in part by laches, equitable estoppel, waiver, or other related equitable doctrine.

## TWENTY- FIFTH AFFIRMATIVE DEFENSE

25.    Plaintiffs' claims against the Answering Underwriter Defendants are barred in whole or in part because of Plaintiffs' inequitable conduct and unclean hands.

## TWENTY- SIXTH AFFIRMATIVE DEFENSE

26.    The Answering Underwriter Defendants adopt by reference any applicable defense pled by any other defendant not expressly set forth herein.

## TWENTY- SEVENTH AFFIRMATIVE DEFENSE

27.    The Answering Underwriter Defendants reserve the right to assert such other

additional defenses as may be appropriate at a later time.

Dated: New York, New York
        February 1, 2008

        WILMER CUTLER PICKERING
        HALE AND DORR LLP


        By:   /s/ Robert B. McCaw
           Robert B. McCaw
           Lori A. Martin
           John V.H. Pierce
           Dawn M. Wilson

           399 Park Avenue
           New York, New York 10022
           Tel.: (212) 230-8800
           Fax: (212) 230-8888

           *Attorneys for Defendants Goldman, Sachs*
           *& Co., Merrill Lynch, Pierce, Fenner &*
           *Smith Incorporated, J.P. Morgan*
           *Securities, Inc., Sandler O'Neill &*
           *Partners, L.P., HSBC Securities (USA)*
           *Inc., William Blair & Company, L.L.C.,*
           *BMO Capital Markets Corp., CMG*
           *Institutional Trading LLC, Samuel A.*
           *Ramirez & Company, Inc., Muriel Siebert*
           *& Co. Inc., The Williams Capital Group,*
           *L.P., and Utendahl Capital Partners, L.P.*

### CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2008, I caused to be served, by Federal Express, a true and correct copy of the Answering Underwriter Defendants Answer to the Complaint on the individuals shown below:

Max W. Berger, Esquire
BERNSTEIN LITOWITZ BERGER &
GROSSMAN LLP
1285 Avenue of the Americas
New York, NY 10019
*Counsel to Lead Plaintiffs RH Capital
Associates LLC & Pacific Investment
Management Company LLC*

Stuart M. Grant, Esquire
GRANT & EISENHOFER, ESQUIRE
485 Lexington Avenue
29th Floor
New York, NY 10017
*Counsel to Lead Plaintiffs RH Capital
Associates LLC & Pacific Investment
Management Company LLC*

Greg A. Danilow, Esquire
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
*Counsel to Defendant Thomas H. Lee, Scott
A. Schoen, Scott L. Jaeckel, David V.
Harkins, Leo R. Breitman, Ronald L.
O'Kelley, Nathan Gantcher, Thomas H. Lee
Partners L.P., Thomas H. Lee Partners
Fund V, Thomas H. Lee Parallel Fund V.,
L/P., Thomas H. Lee Equity (Cayman) Fund
V., L.P., THL Equity Advisors V., LLC, &
Thomas H. Lee Investors Limited
Partnership*

Jeffrey T. Golenbock, Esquire
GOLENBOCK EISEMAN ASSOR
BELL & PESKIE
437 Madison Avenue
New York, NY 10022-7302
*Counsel to Defendant Phillip R. Bennett,
Refco Group Holdings Inc., and The Phillip R.
Bennett Three Year Annuity Trust*

Jonathan Paul Bach
Cooley Godward Kronish LLP
1114 Avenue of the Americas
New York, NY 10036
*Counsel to Defendant Joseph Collins*
David E. Mollon, Esquire
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
*Counsel to Defendant Grant Thornton LLP*

John K. Villa, Esquire
Williams & Connolly LLP
725 12th Street, NW
Washington, DC 20005
*Counsel to Defendant Mayer Brown LLP*
Helen B. Kim, Esquire
BAKER HOSTETLER
333 South Grand Avenue
Suite 1800
Los Angeles, CA 90071
*Counsel to Defendant Dennis Klejna*

Melinda Sarafa, Esquire

Michael T. Hannafan, Esquire

ZUCKERMAN SPAEDER LLP
1540 Broadway
Suite 1604
New York, NY 10036
*Counsel to Defendant Tone Grant*

Scott E. Hershman
HUNTON & WILLIAMS LLP
200 Park Avenue
New York, NY 10116
*Counsel to Defendant Santo C. Maggio*

Barbara Moses, Esquire
MORVILLO, ABRAMOWITZ, GRAND,
IASON & SILBERBERG, P.C.
565 Fifth Avenue
New York, NY 10071
*Counsel to Defendant Robert Trosten*

Andrew Levander, Esquire
Dechert LLP
30 Rockefeller Plaza
New York, NY 10112-2200
*Counsel to Defendant BAWAG P.S.K. Bank
fur Arbeit und Wirtschaft und
Osterreichische Postsparkasse
Aktiengesellschaft*

Richard B. Levin, Esq.
SKADDEN ARPS SLATE MEAGHER &
FLOM LLP
Four Times Square
New York, NY 10036-6522
*Counsel for Refco Managed Futures LLC,
Westminster-Refco Management LLC, and
Lind-Waldock Securities LLC*

MICHAEL T. HANNAFAN &
ASSOCIATES, LTD.
One East Wacker Drive, Suite 1208
Chicago, Illinois 60601
*Counsel to Defendant Tone Grant*

Stuart I. Friedman, Esquire
FRIEDMAN & WITTENSTEIN P.C.
600 Lexington Avenue
New York, NY 10022
*Counsel to Defendant William Sexton*

Holly K. Kulka, Esquire
HELLER EHRMAN WHITE &
MCAULIFFE, LLP
7 Times Square
New York, NY 10036
*Counsel to Defendant Phillip Silverman*

Stuart L. Shapiro
SHAPIRO FORMAN ALLEN SAVA &
MCPHERSON LLP
380 Madison Avenue
New York, NY 10017
*Counsel to Defendant Gerald M. Sherer and
Joseph J. Murphy*

Dated:    February 1, 2008
          New York, New York

                                        _____
                                        Jeremy Masys