**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re REFCO, INC. SECURITIES LITIGATION | **ELECTRONICALLY FILED**<br><br>**07 MDL 1902**<br>**MASTER FILE NO.**<br>**05 CIV. 8626 (GEL)**<br><br>**Hon. Gerald E. Lynch**<br><br>**JURY TRIAL DEMANDED** |

**GRANT THORNTON LLP'S ANSWER AND AFFIRMATIVE DEFENSES TO LEAD PLAINTIFFS' SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700

35 W. Wacker Drive
Chicago, Illinois 60601
(312) 558-5600

*Attorneys for Defendant*
*Grant Thornton LLP*

<u>**ANSWER**</u>

Defendant Grant Thornton LLP ("Grant Thornton"), by and through its attorneys, Winston & Strawn LLP, hereby alleges as its Answer and Affirmative Defenses to the Second Amended Consolidated Class Action Complaint, dated December 3, 2007 ("Complaint")[1], and avers as follows:

## I.    <u>**NATURE OF THE ACTION**</u>[2]

1.    Grant Thornton denies the allegations set forth in paragraph 1 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 as to Refco[3] or the other defendants in this action (collectively, "Defendants").[4]  Grant Thornton further denies the allegations set forth in paragraph 1 to the extent that they purport to characterize Refco's public statements, and respectfully refers the Court to the public statements referenced therein for the exact terms and contents thereof.

2.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint, except states, upon

---

[1]    Grant Thornton submits this Answer in response to the Complaint (as defined above).  Per this Court's Opinion and Order dated April 30, 2007 ("April 30 Order"), the Section 11 claim (Count Three) on behalf of persons who exchanged Rule 144A Bonds for registered bonds in the Exxon Capital exchange was dismissed.  Per a letter from Megan McIntyre, counsel for plaintiffs, dated January 25, 2008, this claim was "included in the Second Amended Complaint in order to preserve the plaintiffs' appellate rights, and not in an attempt to resurrect those claims through repleading."  Accordingly, in response to the Complaint, Grant Thornton is not making a motion to dismiss any of the claims asserted therein.  However, Grant Thornton preserves its appellate rights.

[2]    Grant Thornton utilizes the titles, headings, and subheadings as used in the Complaint solely for the Court's convenience and does not admit to any assertions or allegations as set forth in any such title, heading, or subheading.

[3]    The term "Refco" as referred to herein includes Refco Inc., and its predecessors Refco Group Ltd., LLC ("Refco Group") and New Refco Group Ltd., LLC ("New Refco").

[4]    Notwithstanding  the fact that certain Refco entities are not parties to this action due to their filing for bankruptcy protection under Chapter 11 of the Bankruptcy Code, where applicable (*i.e.*, where the allegations encompass Refco and/or any of its affiliates or subsidiaries), the term Defendants shall include Refco and/or its relevant subsidiaries and affiliates.

information and belief, that Refco provided brokerage and clearing services in the international, currency and futures markets.

3.    Grant Thornton denies the allegations set forth in paragraph 3 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 as to the other Defendants.

4.    Grant Thornton denies the allegations set forth in paragraph 4 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 as to the other Defendants.

5.    Grant Thornton denies the allegations set forth in paragraph 5 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 as to the other Defendants.

6.    Grant Thornton denies the allegations set forth in paragraph 6 of the Complaint, except states, upon information and belief, that Refco engaged in a Leveraged Buyout[5] with Thomas H. Lee Partners L.P. ("Thomas H. Lee Partners") and certain affiliates in August 2004, and in connection with the Leveraged Buyout, issued and sold $600 million worth of bonds. Grant Thornton respectfully refers the Court to the S-4  Registration Statement, filed with the Securities and Exchange Commissions ("SEC") on or about April 6, 2005 (hereinafter, "Bond Registration Statement") and the offering circular dated July 22, 2004 (hereinafter, "Offering Memorandum") for the details of that transaction.

7.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint, except states that Refco conducted an initial public offering in 2005 (hereinafter, "IPO"), and respectfully refers the

---

[5] Unless otherwise indicated herein, for the convenience of the Court, all capitalized terms are defined as set forth in the Complaint.

Court to the S-1 Registration Statement, dated August 10, 2005 (hereinafter, "IPO Registration Statement") for the details of that transaction.

8.     Grant Thornton denies the allegations set forth in paragraph 8 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 as to the other Defendants, except states that Refco announced the discovery of a receivable owed to it by an entity controlled by Phillip Bennett ("Bennett") in a press release dated October 10, 2005 ("October 10 Press Release"). Refco determined on October 9, 2005 that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon." Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and contents thereof.

9.     Grant Thornton denies the allegations set forth in paragraph 9 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 as to the other Defendants, except states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release. Refco determined on October 9, 2005 that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon." Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and contents thereof.

10.     Grant Thornton denies the allegations set forth in paragraph 10 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 as to the other Defendants, except states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release.  Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon."  Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and contents thereof.

11.     Grant Thornton denies the allegations set forth in paragraph 11 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 as to the other Defendants, and respectfully refers the Court to the Examiner's Report for the exact terms and contents thereof.

12.     Grant Thornton denies the allegations set forth in paragraph 12 of the Complaint, except states that the allegations set forth therein purport to describe Plaintiffs' claims.  The statements set forth in the last sentence of paragraph 12 are not allegations for which an admission or denial is required.

## II.     <u>JURISDICTION AND VENUE</u>

13.     Grant Thornton neither admits nor denies the allegations set forth in paragraph 13 of the Complaint, which state a legal conclusion, as to which no response is required.

14.     Grant Thornton neither admits nor denies the allegations set forth in paragraph 14 of the Complaint, which state a legal conclusion, as to which no response is required.

15.    Grant Thornton neither admits nor denies the allegations set forth in paragraph 15 of the Complaint, which state a legal conclusion, as to which no response is required.  Grant Thornton denies the remaining allegations set forth in paragraph 15.

16.    Grant Thornton denies the allegations set forth in paragraph 16 to the extent asserted against Grant Thornton and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 as to the other Defendants.

## III.    PARTIES AND RELEVANT NON-PARTIES

### A.    Plaintiffs

17.    Grant Thornton denies the allegations set forth in paragraph 17 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 as to the other Defendants and RH Capital Associates LLC, except states, that, by order dated on or about February 8, 2006, the Court appointed RH Capital Associates LLC as Co-Lead Plaintiff in this action.

18.    Grant Thornton denies the allegations set forth in paragraph 18 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 as to the other Defendants and Pacific Investment Management Company LLC, except states that, by order dated on or about February 8, 2006, the Court appointed Pacific Investment Management Company LLC as Co-Lead Plaintiff in this action.

19.    Grant Thornton denies the allegations set forth in paragraph 19 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 as to the other Defendants and PIMCO Funds: Pacific Investment Management Series-PIMCO High Yield Fund, except

states that PIMCO Funds: Pacific Investment Management Series-PIMCO High Yield Fund is
not a lead plaintiff in this action.

20.     The statements set forth in paragraph 20 of the Complaint are not allegations for
which an admission or denial is required.

### B.     The Company

21.     Grant Thornton denies knowledge or information sufficient to form a belief as to
the truth of the allegations set forth in paragraph 21 of the Complaint, except states, upon
information and belief, that Refco Inc. filed for bankruptcy protection on or about October 17,
2005, was a Delaware limited liability company with offices located at One World Financial
Center, 200 Liberty Street, Tower A, New York, New York, and issued stock in connection with
the IPO.  Grant Thornton respectfully refers the Court to the IPO Registration Statement for a
description of Refco's business structure and ownership interests.  Grant Thornton further states,
upon information and belief, that the financial results of Refco Securities, LLC, Refco LLC and
Refco Capital Markets Ltd., LLC, among others, were consolidated into Refco's financial
statements.

22.     Grant Thornton denies knowledge or information sufficient to form a belief as to
the truth of the allegations set forth in paragraph 22 of the Complaint, except states, upon
information and belief, that Refco Group Ltd., LLC ("Refco Group") filed for bankruptcy
protection on or about October 17, 2005, and was a Delaware limited liability company with
offices located at One World Financial Center, 200 Liberty Street, Tower A, New York, New
York.  Grant Thornton respectfully refers the Court to the Bond Registration Statement for the
exact terms and contents thereof and a description of Refco Group Ltd. LLC's business structure
and ownership interests, and to the Form 10-K Annual Report, and Form 10-K/A Annual Report
for the exact terms and contents thereof.  Grant Thornton further states that the financial results

of Refco Securities, LLC, Refco LLC and Refco Capital Markets Ltd. were consolidated into Refco's financial statements.

23.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint, except states, upon information and belief, that New Refco Group Ltd., LLC ("New Refco") was the parent of Refco Group Ltd. LLC and filed for bankruptcy protection on or about October 17, 2005.  Grant Thornton respectfully refers the Court to the IPO Registration Statement and Bond Registration Statement for a description of New Refco's business structure and ownership interests.

24.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint, except states, upon information and belief, that Refco Finance Holdings LLC filed for bankruptcy protection on or about October 17, 2005.  Grant Thornton respectfully refers the Court to the Bond Registration Statement for the exact terms and contents thereof and a description of Refco Finance Holdings LLC's business structure and ownership interests, and to the Form 10-K Annual Report, and Form 10-K/A Annual Report for the exact terms and contents thereof.

25.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint, except states, upon information and belief, that Refco Finance Inc. filed for bankruptcy protection on or about October 17, 2005.  Grant Thornton respectfully refers the Court to the Bond Registration Statement for the exact terms and contents thereof and a description of Refco Finance Inc.'s business structure and ownership interests, and to the Form 10-K Annual Report, and Form 10-K/A Annual Report for the exact terms and contents thereof.

26.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint, except states, upon information and belief, that Refco Capital Markets Ltd. was an offshore broker and it filed for bankruptcy protection on or about October 17, 2005.  Grant Thornton respectfully refers the Court to the criminal complaint referenced in paragraph 26 for the exact contents thereof.

27.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint, except states, upon information and belief, that Refco Managed Futures LLC filed for bankruptcy protection on or about June 5, 2006.

28.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint, except states, upon information and belief, that Westminster-Refco Management LLC filed for bankruptcy protection on or about June 5, 2006.

29.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint, except states, upon information and belief, that Lind-Waldock Securities LLC filed for bankruptcy protection on or about June 5, 2006.

**C.     The Defendants**

30.     The statements set forth in paragraph 30 of the Complaint are not allegations for which an admission or denial is required.

**1.     The Bennett Shell-Entity Defendants**

31.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint.

32.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint.

### 2.     The Officer Defendants

33.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint, except states, upon information and belief, that Bennett became President and Chief Executive Officer of Refco Group in or about September 1998.  Grant Thornton respectfully refers the Court to the Offering Memorandum, Bond Registration Statement, and IPO Registration Statement for the exact terms and contents thereof and a description of Bennett's history with Refco.  Grant Thornton further respectfully refers the Court to the Form 10-K Annual Report and Form 10-K/A Annual Report referenced in paragraph 33 of the Complaint for the exact terms and contents thereof.  To the extent the allegations set forth in paragraph 33 purport to characterize the indictment against Bennett, which was dated on or about November 10, 2005, Grant Thornton respectfully refers the Court thereto for the exact contents thereof.

34.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint, except states, upon information and belief, that Gerald M. Sherer ("Sherer") joined New Refco as Executive Vice President and CFO in or about January 2005.  Grant Thornton respectfully refers the Court to the IPO Registration Statement for the exact terms and contents thereof and a description of Sherer's history with Refco.  Grant Thornton further respectfully refers the Court to the Form 10-K Annual Report and Form 10-K/A Annual Report referenced in paragraph 34 for the exact terms and contents thereof.

35.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint, except states, upon

10

information and belief, that William M. Sexton ("Sexton") joined Refco Group in or about April 1999 as Executive Vice President and Chief Operating Officer of Refco, LLC for a period of time until he served as Executive Vice President and Chief Operating Officer of Refco Group in or about August 2004. Grant Thornton respectfully refers the Court to the Offering Memorandum, Bond Registration Statement, and IPO Registration Statement for the exact terms and contents thereof and a description of Sexton's history with Refco. Grant Thornton further respectfully refers the Court to the Form 10-K Annual Report and Form 10-K/A Annual Report referenced in paragraph 35 for the exact terms and contents thereof.

36.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint, except states, upon information and belief, that Santo C. Maggio ("Maggio") joined Refco in 1985 and was Executive Vice President of Refco Group and an officer of other Refco subsidiaries as well during his tenure at Refco. Grant Thornton respectfully refers the Court to the Offering Memorandum, Bond Registration Statement, and IPO Registration Statement for the exact terms and contents thereof and a description of Maggio's history with Refco. Grant Thornton further respectfully refers the Court to the Form 10-K Annual Report and Form 10-K/A Annual Report referenced in paragraph 36 for the exact terms and contents thereof.

37.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint, except states, upon information and belief, that Joseph J. Murphy ("Murphy") was Executive Vice President of Refco Group since 1999 and was also an officer of other Refco subsidiaries at certain points in time. Grant Thornton respectfully refers the Court to the Offering Memorandum, Bond Registration Statement, and IPO Registration Statement for the exact terms and contents thereof

and a description of Murphy's history with Refco.  Grant Thornton further respectfully refers the Court to the Form 10-K Annual Report and Form 10-K/A Annual Report referenced in paragraph 37 for the exact terms and contents thereof.

38.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint, except states, upon information and belief, that Philip Silverman ("Silverman") was an officer of Refco and several of its subsidiaries.  Grant Thornton respectfully refers the Court to the Offering Memorandum, Bond Registration Statement, and IPO Registration Statement for the exact terms and contents thereof and a description of Silverman's history with Refco.  Grant Thornton further respectfully refers to the Form 10-K Annual Report and Form 10-K/A Annual Report referenced in paragraph 38 for the exact terms and contents thereof.

39.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint, except states, upon information and belief, that Dennis A. Klejna ("Klejna") began serving as Executive Vice President and General Counsel of Refco Group in 1999.  Grant Thornton respectfully refers the Court to the Offering Memorandum, Bond Registration Statement, IPO Registration Statement for the exact terms and contents thereof and a description of Klejna's history with Refco.  Grant Thornton further respectfully refers the Court to the Form 10-K Annual Report and Form 10-K/A Annual Report referenced in paragraph 39 for the exact terms and contents thereof.

40.    The statements set forth in paragraph 40 of the Complaint are not allegations for which an admission or denial is required.

### 3.    Defendant Trosten

41.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint, except states, upon

information and belief, that Robert C. Trosten ("Trosten") was Executive Vice President and

CFO of Refco Group from in or about 2001 until in or about October 2004.  Grant Thornton

respectfully refers the Court to the Offering Memorandum for the exact terms and contents

thereof and a description of Trosten's history with Refco.  To the extent the allegations set forth

in paragraph 41 purport to characterize the indictment against Trosten, which was dated on or

about October 24, 2006, Grant Thornton respectfully refers the Court thereto for the exact

contents thereof.

### 4.   Defendant Grant

42.    Grant Thornton denies knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 42 of the Complaint, except states, upon

information and belief, that Tone N. Grant ("Grant") was the CEO of Refco Group prior to

Bennett.  Grant Thornton respectfully refers the Court to the Offering Memorandum and Bond

Registration Statement for a description of Grant's history with Refco and the ownership

interests thereof.  To the extent the allegations set forth in paragraph 42 purport to characterize

the indictment against Grant, which was dated on or about January 16, 2007, Grant Thornton

respectfully refers the Court thereto for the exact contents thereof.

### 5.   Audit Committee Defendants

43.    Grant Thornton denies knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 43 of the Complaint, except states, upon

information and belief, that Ronald L. O'Kelley ("O'Kelley"), at certain points in time, was a

member of Refco's audit committee.  Grant Thornton respectfully refers the Court to the IPO

Registration Statement for the exact terms and contents thereof and a description of O'Kelley's

employment history.  Grant Thornton further respectfully refers the Court to the Offering

Memorandum, Bond Registration Statement, Form 10-K, and Form 10-K/A referenced in paragraph 43 for the exact terms and contents thereof.

44.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint, except states, upon information and belief, that Leo R. Breitman ("Breitman"), at certain points in time, was a member of Refco's audit committee.  Grant Thornton respectfully refers the Court to the IPO Registration Statement for the exact terms and contents thereof and a description of Breitman's employment history.  Grant Thornton further respectfully refers the Court to the Bond Registration Statement, Form 10-K, and Form 10-K/A referenced in paragraph 44 for the exact terms and contents thereof.

45.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint, except states, upon information and belief, that Nathan Gantcher ("Gantcher"), at certain points in time, was a member of Refco's audit committee.  Grant Thornton respectfully refers the Court to the IPO Registration Statement for the exact terms and contents thereof and a description of Gantcher's employment history.  Grant Thornton further respectfully refers the Court to the Bond Registration Statement, Form 10-K, and Form 10-K/A referenced in paragraph 45 for the exact terms and contents of thereof.

46.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint.

**6.    The Defendants Affiliated with Thomas H. Lee Partners**

47.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Complaint, except states, upon

14

information and belief, that Thomas H. Lee Partners and/or an affiliate acquired interests in Refco in or about August 2004.

48.     The statements set forth in paragraph 48 of the Complaint are not allegations for which an admission or denial is required.

49.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Complaint.

50.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Complaint, and respectfully refers the Court to the Offering Memorandum, Bond Registration Statement, IPO Registration Statement, Form 10-K and Form 10-K/A referenced in paragraph 50 for the exact terms and contents thereof and for a description of Thomas H. Lee's employment history and relationship with Refco.

51.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Complaint, and respectfully refers the Court to the Offering Memorandum, Bond Registration Statement, IPO Registration Statement, Form 10-K and Form 10-K/A referenced in paragraph 51 for the exact terms and contents thereof and a description of David V. Harkins' employment history and relationship with Refco.

52.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Complaint, and respectfully refers the Court to the Offering Memorandum, Bond Registration Statement, IPO Registration Statement, Form 10-K and Form 10-K/A referenced in paragraph 52 for the exact terms and contents thereof and a description of Scott L. Jaeckel's employment history and relationship with Refco.

53.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Complaint, and respectfully refers the

Court to the Offering Memorandum, Bond Registration Statement, IPO Registration Statement, Form 10-K and Form 10-K/A referenced in paragraph 53 for the exact contents and terms thereof and a description of Scott A. Schoen's employment history and relationship with Refco.

54.    The statements set forth in paragraph 54 of the Complaint are not allegations for which an admission or denial is required.

### 7.    Grant Thornton

55.    Grant Thornton denies the allegations set forth in paragraph 55 of the Complaint, except states that Grant Thornton is a Chicago-based U.S. member firm of Grant Thornton International, which has member firms in 110 countries and is one of six global accounting, tax, and business advisory organizations.  Grant Thornton further states that it served as Refco's independent registered public accountant, subsequent to Arthur Andersen LLP, beginning in or about October 2002, and provided audit reports in connection with its role as Refco's independent registered public accountant.

56.    Grant Thornton denies the allegations set forth in paragraph 56 of the Complaint, except states that it served as Refco's independent registered public accountant, subsequent to Arthur Andersen LLP, beginning in or about October 2002, and provided audit reports in connection with its role as Refco's independent registered public accountant.

57.    Grant Thornton denies the allegations set forth in paragraph 57 of the Complaint, except states that it served as Refco's independent registered public accountant, subsequent to Arthur Andersen LLP, beginning in or about October 2002, and provided audit reports in connection with its role as Refco's independent registered public accountant.

58.    Grant Thornton denies the allegations set forth in paragraph 58 of the Complaint, except states that it prepared tax returns for Phillip Bennett.

### 8.    The Underwriter Defendants

59.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the Complaint, except neither admits nor denies the allegations set forth in paragraph 59, which state a legal conclusion, as to which no response is required.

60.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Complaint, except neither admits nor denies the allegations set forth in paragraph 60, which state a legal conclusion, as to which no response is required.

61.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Complaint, except neither admits nor denies the allegations set forth in paragraph 61, which state a legal conclusion, as to which no response is required.

62.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Complaint, except neither admits nor denies the allegations set forth in paragraph 62, which state a legal conclusion, as to which no response is required.

63.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Complaint, except neither admits nor denies the allegations set forth in paragraph 63, which state a legal conclusion, as to which no response is required.

64.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Complaint, except neither admits nor

denies the allegations set forth in paragraph, which state a legal conclusion, as to which no response is required.

65.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the Complaint, except neither admits nor denies the allegations set forth in paragraph 65, which state a legal conclusion, as to which no response is required.

66.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the Complaint, except neither admits nor denies the allegations set forth in paragraph 66, which state a legal conclusion, as to which no response is required.

67.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the Complaint, except neither admits nor denies the allegations set forth in paragraph 67, which state a legal conclusion, as to which no response is required.

68.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the Complaint, except neither admits nor denies the allegations set forth in paragraph 68, which state a legal conclusion, as to which no response is required.

69.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of the Complaint, except neither admits nor denies the allegations set forth in paragraph 69, which state a legal conclusion, as to which no response is required.

70.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 of the Complaint, except neither admits nor denies the allegations set forth in paragraph 70, which state a legal conclusion, as to which no response is required.

71.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71 of the Complaint, except neither admits nor denies the allegations set forth in paragraph 71, which state a legal conclusion, as to which no response is required.

72.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 72 of the Complaint, except neither admits nor denies the allegations set forth in paragraph 72, which state a legal conclusion, as to which no response is required.

73.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73 of the Complaint, except neither admits nor denies the allegations set forth in paragraph 73, which state a legal conclusion, as to which no response is required.

74.     The statements set forth in paragraph 74 of the Complaint are not allegations for which an admission or denial is required.

75.     The statements set forth in paragraph 75 of the Complaint are not allegations for which an admission or denial is required.

### 9.     Mayer Brown Defendants

76.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76 of the Complaint, except states, upon

information and belief, that Mayer Brown and/or its predecessor firms were Refco's primary outside legal counsel.

77.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 77 of the Complaint, and respectfully refers the Court to Mr. Collins' "Chambers and Partners" profile and press reports referenced in paragraph 77 for the exact contents thereof.

78.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 78 of the Complaint, and respectfully refers the Court to the Examiner's Report for the exact terms and contents thereof.

79.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 79 of the Complaint, and respectfully refers the Court to the Offering Memorandum and IPO Registration Statement for the exact terms and context thereof.

80.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 80 of the Complaint.

## IV.    <u>CLASS ALLEGATIONS</u>

81.    Grant Thornton denies the allegations set forth in paragraph 81 of the Complaint, except neither admits nor denies the allegations set forth in paragraph 81, which state a legal conclusion, as to which no response is required, except states that Plaintiffs purport to bring this action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

82.    Grant Thornton denies the allegations set forth in paragraph 82 of the Complaint, except states, upon information and belief, that Refco offered to exchange $600 million of unregistered 9% Senior Subordinated Notes for registered notes in April 2005, and consummated an IPO in or about August 2005.

83.     Grant Thornton denies the allegations set forth in paragraph 83 of the Complaint.

84.     Grant Thornton denies the allegations set forth in paragraph 84 of the Complaint.

85.     Grant Thornton denies the allegations set forth in paragraph 85 of the Complaint.

86.     Grant Thornton denies the allegations set forth in paragraph 86 of the Complaint.

87.     Grant Thornton denies the allegations set forth in paragraph 87 of the Complaint.

88.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 88 of the Complaint.

## V.    FACTUAL ALLEGATIONS PERTINENT TO CLAIMS FOR RELIEF UNDER THE SECURITIES ACT

### A.    Historical Background Regarding the Company

89.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 89 of the Complaint, except states, upon information and belief, that Refco provided brokerage and clearing services.

90.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 90 of the Complaint.

91.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 91 of the Complaint.

92.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 92 of the Complaint.

93.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 93 of the Complaint.

94.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 94 of the Complaint.

95.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 95 of the Complaint.

96.     Grant Thornton denies the allegations set forth in paragraph 96 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 96 as to the other Defendants, except states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release.  Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon."  Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

97.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 97 of the Complaint, and respectfully refers the Court to the complaint filed in VR Global Partners, L.P. v. Bennett, 07 Civ. 8686 (GEL) (S.D.N.Y.) for the exact terms and context thereof.

**B.     Early Efforts to Sell the Company**

98.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 98 of the Complaint.

99.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 99 of the Complaint, and respectfully refers the Court to the Examiner's Report for the exact terms and context thereof.

C. __The THL Partner Defendants' Investment and the 2004 Recapitalization__

100.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 100 of the Complaint.

101.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 101 of the Complaint, except states, upon information and belief, that a recapitalization of Refco took place on or about August 5, 2004, and respectfully refers the Court to the Merger Agreement referenced in paragraph 101, and the Examiner's Report, for the exact terms and contents thereof.

102.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 102 of the Complaint, except states, upon information and belief, that a recapitalization of Refco took place on or about August 5, 2004.

103.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 103 of the Complaint, except states, upon information and belief, that a recapitalization of Refco took place on or about August 5, 2004.

104.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 104 of the Complaint.

105.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 105 of the Complaint, except states, upon information and belief, that Refco Finance Holdings merged with Refco Group at the time of the Bond Offering.

106.    Grant Thornton denies the allegations set forth in paragraph 106 of the Complaint to the extent that they purport to characterize the contents of the Bond Registration Statement and IPO Registration Statement, except states that paragraph 106 accurately quotes a chart contained in the Bond Registration Statement and IPO Registration Statement, and respectfully

refers the Court to the Bond Registration Statement and IPO Registration Statement for the exact terms and context thereof.

###    D.    **The Bond Offering**

107.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 107 of the Complaint, except states that there was a 144A bond offering, and respectfully refers the Court to the Offering Memorandum and Bond Registration Statement for the exact terms and contents thereof.

108.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 108 of the Complaint, and respectfully refers the Court to the Bond Registration Statement for a description of the 144A bond offering.

109.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 109 of the Complaint, and respectfully refers the Court to the Offering Memorandum for the exact terms and contents thereof and a description of the 144A bond offering.

110.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 110 of the Complaint, except states, upon information and belief, that Refco offered to exchange $600 million of unregistered 9% Senior Subordinated Notes for registered notes in April 2005, and respectfully refers the Court to the Offering Memorandum for the exact terms and contents thereof.

111.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 111 of the Complaint, and respectfully refers the Court to the Offering Memorandum for the exact terms and context thereof.

112.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 112 of the Complaint.

### 1.   **The Offering Memorandum**

113.   Grant Thornton denies the allegations set forth in paragraph 113 of the Complaint to the extent that they purport to characterize the contents of the Offering Memorandum, and respectfully refers the Court to the Offering Memorandum for the exact terms and contents thereof.  Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 113.

114.   Grant Thornton denies the allegations set forth in paragraph 114 of the Complaint to the extent that they purport to characterize the contents of the Offering Memorandum, and respectfully refers the Court to the Offering Memorandum for the exact terms and contents thereof.  Grant Thornton further denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 114, except that Grant Thornton neither admits nor denies the allegations set forth in the first sentence of paragraph 114, which state a legal conclusion, as to which no response is required.

115.   Grant Thornton denies the allegations set forth in paragraph 115 of the Complaint as to Grant Thornton and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 115 as to the other Defendants, except states that Grant Thornton issued an audit report relating to Refco's consolidated financial statements as of February 28, 2003 and February 29, 2004, and respectfully refers the Court to the Offering Memorandum and the High Yield Preliminary Timetable referenced in paragraph 115 for the exact terms and contents thereof.

116.   Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 116 of the Complaint, and respectfully refers the Court to the Offering Memorandum, the Examiner's Report and other documents referenced in paragraph 116 for the exact terms and context thereof.  Grant Thornton neither admits nor

denies the allegations in paragraph 116 which state a legal conclusion, as to which no response is required.

117.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 117 of the Complaint, and respectfully refers the Court to the Examiner's Report for the exact terms and context thereof.  Grant Thornton neither admits nor denies the allegations in paragraph 117 which state a legal conclusion, as to which no response is required.

118.    Grant Thornton denies the allegations set forth in paragraph 118 of the Complaint to the extent that they purport to characterize the contents of the Offering Memorandum, and respectfully refers the Court to the Offering Memorandum for the exact terms and contents thereof.  Grant Thornton denies the remaining allegations set forth in paragraph 118, except states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release.  Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon."  Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

### (a)    The Financial Statements in the Offering Memorandum Set forth Untrue Statements of Material Facts

119.    Grant Thornton denies the allegations set forth in paragraph 119 of the Complaint to the extent that they purport to characterize the contents of the Offering Memorandum, and respectfully refers the Court to the Offering Memorandum for the exact terms and contents thereof.  Grant Thornton denies the remaining allegations set forth in paragraph 119, except

states, upon information and belief, that the Offering Memorandum set forth Refco's audited and unaudited financial statements as well as a discussion of certain historical financial data. Grant Thornton further states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release. Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon." Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

120.    Grant Thornton denies the allegations set forth in paragraph 120 of the Complaint, except states that Grant Thornton issued an audit report relating to Refco's consolidated financial statements as of February 28, 2003 and February 29, 2004, which financial statements were included in the Offering Memorandum, to which the Court is respectfully referred for the exact terms and contents thereof.

121.    Grant Thornton denies the allegations set forth in paragraph 121 of the Complaint, except states that Grant Thornton issued an audit report relating to Refco's consolidated financial statements as of February 28, 2003 and February 29, 2004, which financial statements were included in the Offering Memorandum, to which the Court is respectfully referred for the exact terms and contents thereof.

122.    Grant Thornton denies the allegations set forth in paragraph 122 of the Complaint, except states that it issued an audit report relating to Refco's consolidated financial statements as of February 28, 2003 and February 29, 2004, which financial statements were included in the

Offering Memorandum, to which the Court is respectfully referred for the exact terms and contents thereof.

123.     Grant Thornton denies the allegations set forth in paragraph 123 of the Complaint, except states that Refco's unaudited consolidated financial statements for fiscal years 2000, 2001 and 2002 were included in the Offering Memorandum, to which the Court respectfully is referred for the exact terms and contents thereof.

124.     Grant Thornton denies the allegations set forth in paragraph 124 of the Complaint, except states that Refco's unaudited financial statements for the first quarter of fiscal year 2005 were included in the Offering Memorandum, to which the Court respectfully is referred for the exact terms and contents thereof.

125.     Grant Thornton denies the allegations set forth in paragraph 125 of the Complaint, except states that Refco's Unaudited Pro Forma Consolidated Statements of Operations for fiscal year 2004, the twelve months ended May 31, 2004, and the three months ended May 31, 2004 were included in the Offering Memorandum, to which the Court respectfully is referred for the exact terms and contents thereof.

126.     Grant Thornton denies the allegations set forth in paragraph 126 of the Complaint, except states that Refco's Unaudited Pro Forma Consolidated Balance Sheet for the twelve month period ending May 31, 2004 was included in the Offering Memorandum, to which the Court respectfully is referred for the exact terms and contents thereof.

127.     Grant Thornton denies the allegations set forth in paragraph 127 of the Complaint to the extent that they purport to characterize the contents of Offering Memorandum, except states that paragraph 127 accurately quotes only a portion of the Offering Memorandum, and

respectfully refers the Court to the Offering Memorandum for the exact terms and context thereof.

128.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 128 of the Complaint, except states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release. Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon." Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

129.    Grant Thornton denies the allegations set forth in paragraph 129 of the Complaint to the extent that they purport to characterize the contents of Refco's public statements and the complaint in <u>Thomas H. Lee Equity Fund V., L.P. v. Bennett</u>, No. 05 Civ. 9608 (S.D.N.Y.) ("THL Complaint"), and respectfully refers the Court to those documents for the exact terms and contents thereof.

130.    Grant Thornton denies the allegations set forth in paragraph 130 of the Complaint to the extent that they purport to characterize the contents of Refco's public statements and the THL Complaint, and respectfully refers the Court to those documents for the exact terms and contents thereof. Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 130, except states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release. Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004,

February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon." Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

131.    Grant Thornton denies the allegations set forth in paragraph 131 of the Complaint, and states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release. Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon." Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

> **(b)    The Description of Customer Receivables and Related-Party Transactions in the Offering Memorandum Set forth Untrue Statements and Omissions of Material Fact**

132.    Grant Thornton denies the allegations set forth in paragraph 132 of the Complaint to the extent that they purport to characterize the Offering Memorandum, except states that paragraph 132 accurately quotes only a portion of the Offering Memorandum, and respectfully refers the Court to the Offering Memorandum for the exact terms and context thereof. Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 132.

133.    Grant Thornton denies the allegations set forth in paragraph 133 of the Complaint to the extent that they purport to characterize the Offering Memorandum, except states that paragraph 133 accurately quotes only a portion of the Offering Memorandum, and respectfully refers the Court to the Offering Memorandum for the exact terms and contents thereof.

134.    Grant Thornton denies the allegations set forth in paragraph 134 of the Complaint, except states that paragraph 134 accurately quotes only a portion of the Offering Memorandum, and respectfully refers the Court to the Offering Memorandum for the exact terms and context thereof.

135.    Grant Thornton denies the allegations set forth in paragraph 135 of the Complaint to the extent that they purport to characterize the Offering Memorandum, and respectfully refers the Court to the Offering Memorandum for the exact terms and contents thereof.  Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 135, and states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release.  Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon."  Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

136.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 136 of the Complaint, and respectfully refers the Court to the Offering Memorandum for the exact terms and contents thereof.

137.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 137 of the Complaint, except Grant Thornton neither admits nor denies the allegations set forth in paragraph 137 of the Complaint, which state a legal conclusion, as to which no response is required, and respectfully refers the Court to the Offering Memorandum for the exact terms and contents thereof.

**(c)    The Offering Memorandum Misrepresented the Reasons for the
Company's Purported Success**

138.    Grant Thornton denies the allegations set forth in paragraph 138 of the Complaint
to the extent that they purport to characterize the Offering Memorandum, except states that
paragraph 138 accurately quotes only a portion of the Offering Memorandum, and respectfully
refers the Court to the Offering Memorandum for the exact terms and context thereof.

139.    Grant Thornton denies the allegations set forth in paragraph 139 of the Complaint
to the extent that they purport to characterize the Offering Memorandum, except states that
paragraph 139 accurately quotes only a portion of the Offering Memorandum, and respectfully
refers the Court to the Offering Memorandum for the exact terms and context thereof.

140.    Grant Thornton denies the allegations set forth in paragraph 140 of the Complaint
to the extent that they purport to characterize the Offering Memorandum, and respectfully refers
the Court to the Offering Memorandum for the exact terms and contents thereof.  Grant Thornton
denies knowledge or information sufficient to form a belief as to the truth of the remaining
allegations set forth in paragraph 140, and states that Refco announced the discovery of a
receivable owed to it by an entity controlled by Bennett in the October 10 Press Release.  Refco
determined on October 9, 2005, that "its financial statements, as of, and for the periods ended
February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005,
taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no
longer be relied upon."  Grant Thornton respectfully refers the Court to the October 10 Press
Release for the exact terms and context thereof.

**(d)    The Offering Memorandum Misrepresented the Company's Ability to
Access the Cash It Needed to Service Its Debt**

141.    Grant Thornton denies the allegations set forth in paragraph 141 of the Complaint
to the extent that they purport to characterize the Offering Memorandum, except states that

paragraph 141 accurately quotes only a portion of the Offering Memorandum, and respectfully refers the Court to the Offering Memorandum for the exact terms and context thereof.  Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 141.

142.    Grant Thornton denies the allegations set forth in paragraph 142 of the Complaint to the extent that they purport to characterize the Offering Memorandum, except states that paragraph 142 accurately quotes only a portion of the Offering Memorandum, and respectfully refers the Court to the Offering Memorandum for the exact terms and context thereof.  Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 142.

143.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 143 of the Complaint.

144.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 144 of the Complaint.

145.    Grant Thornton denies the allegations set forth in paragraph 145 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 145 as to the other Defendants, except states that paragraph 145 accurately quotes only a portion of the Offering Memorandum, and respectfully refers the Court to the Offering Memorandum for the exact terms and context thereof.

146.    Grant Thornton denies the allegations set forth in paragraph 146 of the Complaint to the extent that they purport to characterize the Offering Memorandum, and respectfully refers the Court to the Offering Memorandum for the exact terms and contents thereof.  Grant Thornton

denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 146. Grant Thornton states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release. Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon." Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

>           **(e)    The Offering Memorandum Misrepresented
>                    That the Company Had Taken Adequate Steps
>                    To Protect Itself From the Risk of Customer Defaults**

147.    Grant Thornton denies the allegations set forth in paragraph 147 of the Complaint to the extent that they purport to characterize the Offering Memorandum, except states that paragraph 147 accurately quotes only a portion of the Offering Memorandum, and respectfully refers the Court to the Offering Memorandum for the exact terms and contents thereof. Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 147.

148.    Grant Thornton denies the allegations set forth in paragraph 148 of the Complaint to the extent that they purport to characterize the Offering Memorandum, except states that paragraph 148 accurately quotes only a portion of the Offering Memorandum, and respectfully refers the Court to the Offering Memorandum for the exact terms and contents thereof. Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 148.

149.    Grant Thornton denies the allegations set forth in paragraph 149 of the Complaint, except states that paragraph 149 accurately quotes only a portion of the Offering Memorandum,

and respectfully refers the Court to the Offering Memorandum for the exact terms and context thereof.

150.    Grant Thornton denies the allegations set forth in paragraph 150 of the Complaint to the extent that they purport to characterize the Offering Memorandum, and respectfully refers the Court to the Offering Memorandum for the exact terms and contents thereof.  Grant Thornton denies the allegations set forth in paragraph 150 to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 150 as to the other Defendants.  Grant Thornton states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release.  Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon."  Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

### (f)    The Offering Memorandum Misrepresented That the Company Maintained Excess Regulatory Capital

151.    Grant Thornton denies the allegations set forth in paragraph 151 of the Complaint to the extent that they purport to characterize the Offering Memorandum, except states that paragraph 151 accurately quotes only a portion of the Offering Memorandum, and respectfully refers the Court to the Offering Memorandum for the exact terms and context thereof.  Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 151.

152.    Grant Thornton denies the allegations set forth in paragraph 152 of the Complaint to the extent that they purport to characterize the Offering Memorandum, except states that

paragraph 152 accurately quotes only a portion of the Offering Memorandum, and respectfully refers the Court to the Offering Memorandum for the exact terms and context thereof.  Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 152.

153.    Grant Thornton denies the allegations set forth in paragraph 153 of the Complaint to the extent that they purport to characterize the Offering Memorandum, and respectfully refers the Court to the Offering Memorandum for the exact terms and contents thereof.  Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 153 and states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release.  Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon."  Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

(g)    **The Offering Memorandum Failed to Disclose BAWAG's Full Ownership Interest in Refco Group**

154.    Grant Thornton denies the allegations set forth in paragraph 154 of the Complaint to the extent that they purport to characterize the Offering Memorandum, except states that the notes to Refco's financial statements in the Offering Memorandum stated that Refco was 90% owned by RGHI and 10% owned by BAWAG Overseas, Inc., and respectfully refers the Court to the Offering Memorandum for the exact terms and contents thereof.  Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 154, and states that Refco announced the discovery of a receivable owed to

it by an entity controlled by Bennett in the October 10 Press Release.  Refco determined on

October 9, 2005, that "its financial statements, as of, and for the periods ended February 28,

2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a

whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied

upon."  Grant Thornton respectfully refers the Court to the October 10 Press Release for the

exact terms and context thereof.

155.    Grant Thornton denies knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 155 of the Complaint, and respectfully refers

the Court to the Offering Memorandum for the exact terms and context thereof.

### 2.    Presentations to Ratings Agencies

156.    Grant Thornton denies knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 156 of the Complaint.

157.    Grant Thornton denies knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 157 of the Complaint.

### 3.    The Bond Road Show

158.    Grant Thornton denies knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 158 of the Complaint, except states, upon

information and belief, that representatives of Refco and its investment advisors may have met

with potential investors in the summer of 2004.

159.    Grant Thornton denies knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 159 of the Complaint, and states that Refco

announced the discovery of a receivable owed to it by an entity controlled by Bennett in the

October 10 Press Release.  Refco determined on October 9, 2005, that "its financial statements,

as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004,

February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon." Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

160.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 160 of the Complaint, and states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release. Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon." Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

161.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 161 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 161 for the exact terms and contents thereof.

162.    Grant Thornton denies the allegations set forth in paragraph 162 of the Complaint to the extent that they purport to characterize the documents and presentations referenced in paragraph 162, and respectfully refers the Court to those documents for the exact terms and contents thereof. Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 162, and states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release. Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC,

and Refco Finance, Inc. should no longer be relied upon." Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

163.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 163 of the Complaint, except states, upon information and belief, that Refco issued its 144A bonds at a 9% coupon rate. Grant Thornton respectfully refers the Court to the July 20, 2004 email referenced in paragraph 163 for the exact terms and contents thereof.

164.    Grant Thornton denies the allegations set forth in paragraph 164 of the Complaint to the extent that they purport to characterize the Offering Memorandum and respectfully refers the Court to the Offering Memorandum for the exact terms and contents thereof. Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 164 of the Complaint, and states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release. Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon." Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

### 4.    The Bond Registration Statement

165.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 165 of the Complaint, except states, upon information and belief, that a Form S-4 registration statement was filed on or about October 12, 2004 and subsequently was amended several times. Grant Thornton states, upon information and belief, that the Bond Registration Statement was filed on or about April 6, 2005.

166.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 166 of the Complaint, except states, upon information and belief, that the Bond Registration Statement became effective on or about April 13, 2005.

167.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 167 of the Complaint, and respectfully refers the Court to the Bond Registration Statement for a description of the issuers and registrants.

168.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 168 of the Complaint, and respectfully refers the Court to the Bond Registration Statement for the exact terms and contents thereof.

169.    Grant Thornton denies the allegations set forth in paragraph 169 of the Complaint to the extent that they purport to characterize the Bond Registration Statement and Offering Memorandum, and respectfully refers the Court to the Bond Registration Statement and Offering Memorandum for the exact terms and contents thereof.  Grant Thornton denies the allegations set forth in paragraph 169 to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 169 as to the other Defendants.  Grant Thornton states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release.  Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon."  Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

170.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 170 of the Complaint, except states, upon information and belief, that there were six amendments to the Bond Registration Statement between the time it was first filed in October 2004 and the time it went effective in April 2005.

171.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 171 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 171 for the exact terms and contents thereof. Grant Thornton states, upon information and belief, that the SEC sent comments to the Bond Registration Statement by letter dated November 10, 2004.

172.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 172 of the Complaint, except states, upon information and belief, that a response to the SEC's comment letter dated November 10, 2004 was sent to the SEC on or about December 10, 2004.  Grant Thornton respectfully refers the Court to the documents referenced in paragraph 172 for the exact terms and contents thereof.

173.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 173 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 173 for the exact terms and contents thereof.

174.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 174 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 174 for the exact terms and contents thereof.

175.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 175 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 175 for the exact terms and contents thereof.

176.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 176 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 176 for the exact terms and contents thereof.

177.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 177 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 177 for the exact terms and contents thereof.

178.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 178 of the Complaint, except states, upon information and belief, that on or about February 23, 2005, Refco filed the third amendment to the Bond Registration Statement.  Grant Thornton respectfully refers the Court to the email referenced in paragraph 178 for the exact terms and contents thereof.

179.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 179 of the Complaint, except states, upon information and belief, that on or about March 11, 2005 Refco filed the fourth amendment to the Bond Registration Statement.  Grant Thornton respectfully refers the Court to the documents referenced in paragraph 179 for the exact terms and contents thereof.

180.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 180 of the Complaint, except states, upon information and belief, that Refco submitted a letter dated March 18, 2005 to the SEC, and respectfully refers the Court to the documents referenced in paragraph 180 for the exact terms and contents thereof.

181.     Grant Thornton denies the allegations set forth in paragraph 181 of the Complaint to the extent that they purport to characterize the Bond Registration Statement, and respectfully

refers the Court to the Bond Registration Statement for the exact terms and contents thereof, except Grant Thornton states, upon information and belief, that the Bond Registration Statement was filed on or about April 6, 2005. Grant Thornton further states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release. Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon." Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

182.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 182 of the Complaint, except states that Grant Thornton issued audit reports relating to Refco's consolidated financial statements as of February 28, 2003 and February 29, 2004, which financial statements were included in the Bond Registration Statement, to which the Court is respectfully referred for the exact terms and contents thereof. Grant Thornton denies the remaining allegations to the extent that they purport to characterize the Offering Memorandum and the S-4 registration statement filed on or about October 12, 2004, and respectfully refers the Court to the Offering Memorandum and the S-4 registration statement filed on or about October 12, 2004 for the exact terms and contents thereof. Grant Thornton states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release. Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon." Grant

Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

183.    Grant Thornton denies the allegations set forth in paragraph 183 of the Complaint to the extent that they purport to characterize the S-4 registration statement filed on or about October 12, 2004 and its subsequent amendments, the Bond Registration Statement and Offering Memorandum, and respectfully refers the Court to the S-4 registration statement filed on or about October 12, 2004 and its subsequent amendments, the Bond Registration Statement and Offering Memorandum for the exact terms and contents thereof.

184.    Grant Thornton denies the allegations set forth in paragraph 184 of the Complaint to the extent that they purport to characterize the S-4 registration statement filed on or about October 12, 2004 and its subsequent amendments, the Bond Registration Statement and Offering Memorandum, and respectfully refers the Court to the S-4 registration statement filed on or about October 12, 2004 and its subsequent amendments, the Bond Registration Statement and Offering Memorandum for the exact terms and contents thereof.  Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 184, and states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release.  Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon."  Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

185.    Grant Thornton denies the allegations set forth in paragraph 185 of the Complaint to the extent that they purport to characterize the S-4 registration statement filed on or about October 12, 2004 and its subsequent amendments and the Bond Registration Statement, except states that paragraph 185 accurately quotes only a portion of the Bond Registration Statement, and respectfully refers the Court to the Bond Registration Statement for the exact terms and contents thereof.  Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 185, and states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release.  Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon."  Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

186.    Grant Thornton denies the allegations set forth in paragraph 186 of the Complaint to the extent that they purport to characterize the Bond Registration Statement, and respectfully refers the Court to the Bond Registration Statement for the exact terms and contents thereof. Grant Thornton denies the remaining allegations set forth in paragraph 186 to the extent asserted against Grant Thornton, and further denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 186 as to the other Defendants, and states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release.  Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco

Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon." Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

187.    Grant Thornton denies the allegations set forth in paragraph 187 of the Complaint to the extent that they purport to characterize the Bond Registration Statement and Offering Memorandum, and respectfully refers the Court to the Bond Registration Statement and Offering Memorandum for the exact terms and contents thereof. Grant Thornton denies the remaining allegations set forth in paragraph 187 as to Grant Thornton, except states that Grant Thornton issued an audit report relating to Refco's consolidated financial statements as of February 28, 2003 and February 29, 2004, which financial statements were included in the Bond Registration Statement, and paragraph 187 accurately quotes only a portion of the Bond Registration Statement. Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 187 as to the other Defendants, and states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release. Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon." Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

188.    Grant Thornton denies the allegations set forth in paragraph 188 of the Complaint, except states that paragraph 188 accurately quotes only a portion of the Bond Registration

Statement, and respectfully refers the Court to the Bond Registration Statement for the exact terms and contents thereof.

189.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 189 of the Complaint, and states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release.  Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon."  Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

190.    Grant Thornton denies the allegations set forth in paragraph 190 of the Complaint, except states that Refco's unaudited financial statements for the periods from March 1, 2004 through August 5, 2004 and from August 6, 2004 through November 30, 2004 were included in the Bond Registration Statement, to which the Court respectfully is referred for the exact terms and contents thereof.

191.    Grant Thornton denies the allegations set forth in paragraph 191 of the Complaint, except states that Refco's Unaudited Pro Forma Consolidated Statements of Income for fiscal year 2004, and for the nine months ended November 30, 2004 were included in the Bond Registration Statement, to which the Court respectfully is referred for the exact terms and contents thereof.

192.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 192, and states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press

Release.  Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon."  Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

193.    Grant Thornton denies the allegations set forth in paragraph 193 of the Complaint to the extent that they purport to characterize the Bond Registration Statement, and respectfully refers the Court to the Bond Registration Statement for the exact terms and contents thereof. Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 193.

194.    Grant Thornton denies the allegations set forth in paragraph 194 of the Complaint, and respectfully refers the Court to the Offering Memorandum and Bond Registration Statement for the exact terms and contents thereof.  Grant Thornton states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release.  Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon."  Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

**E.    The August 2005 Initial Public Offering**

195.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 195 of the Complaint, except states, upon information and belief, that Refco's initial public offering of common stock occurred on or about August 10, 2005.

196.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 196 of the Complaint, except states, upon information and belief, that representatives of Refco and its investment advisors may have met with potential investors in the summer of 2005.

197.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 197 of the Complaint, except states that paragraph 197 accurately quotes a chart that is included in the IPO Registration Statement, and respectfully refers the Court to the IPO Registration Statement for the exact terms and contents thereof.

### 1.    The IPO Registration Statement

198.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 198 of the Complaint, except states, upon information and belief, that Refco's Form S-1 registration statement was filed on or about April 8, 2005 and subsequently was amended several times.  Grant Thornton states, upon information and belief, that the IPO Registration Statement was filed on or about August 10, 2005.  Grant Thornton respectfully refers the Court to the IPO Registration Statement for the exact terms and contents thereof.

199.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 199 of the Complaint, and respectfully refers the Court to the IPO Registration Statement for the exact terms and contents thereof.

200.    The allegations set forth in paragraph 200 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 200 as no response is required.  Grant Thornton respectfully refers the Court to the organizational materials referenced in paragraph 200 for the exact terms and contents thereof.

201.    The allegations set forth in paragraph 201 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 201 as no response is required.  Grant Thornton respectfully refers the Court to the IPO Registration Statement and the Examiner's Report for the exact terms and contents thereof.

202.    Grant Thornton denies the allegations set forth in paragraph 202 of the Complaint, except states that Grant Thornton issued audit reports in connection with Refco's consolidated financial statements for the fiscal years ended 2003, 2004 and 2005, which financial statements were included in the IPO Registration Statement, to which the Court is respectfully referred for the exact terms and contents thereof.

203.    Grant Thornton denies the allegations set forth in paragraph 203 of the Complaint to the extent that they purport to characterize the contents of the Bond Registration Statement, Offering Memorandum, and IPO Registration Statement, and respectfully refers the Court to the Bond Registration Statement, Offering Memorandum, and IPO Registration Statement for the exact terms and contents thereof.  Grant Thornton denies the remaining allegations set forth in paragraph 203, except states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release.  Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon."  Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

      (a)      **The Financial Statements in the IPO Registration Statement Set forth**
              **Untrue Statements of Material Facts**

204.    Grant Thornton denies the allegations set forth in paragraph 204 of the Complaint to the extent that they purport to characterize the IPO Registration Statement, and respectfully refers the Court to the IPO Registration Statement for the exact terms and contents thereof. Grant Thornton denies the remaining allegations set forth in paragraph 204, except states that the IPO Registration Statement sets forth financial statements regarding Refco, and respectfully refers the Court to the IPO Registration Statement for the exact terms and contents thereof. Grant Thornton states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release. Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon." Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

205.    Grant Thornton denies the allegations set forth in paragraph 205 of the Complaint, except states that Grant Thornton issued audit reports relating to Refco's consolidated financial statements for the fiscal years ended 2003, 2004 and 2005, which financial statements were included in the IPO Registration Statement, to which the Court is respectfully referred for the exact terms and contents thereof.

206.    Grant Thornton denies the allegations set forth in paragraph 206 of the Complaint, except states that Grant Thornton issued audit reports relating to Refco's consolidated financial statements for the fiscal years ended 2003, 2004 and 2005, which financial statements were

included in the IPO Registration Statement, to which the Court is respectfully referred for the exact terms and contents thereof.

207.    Grant Thornton denies the allegations set forth in paragraph 207 of the Complaint, except states that Grant Thornton issued audit reports relating to Refco's consolidated financial statements for the fiscal years ended 2003, 2004 and 2005, which financial statements were included in the IPO Registration Statement, to which the Court is respectfully referred for the exact terms and contents thereof.

208.    Grant Thornton denies the allegations set forth in paragraph 208 of the Complaint, except states that Grant Thornton issued audit reports relating to Refco's consolidated financial statements for the fiscal years ended 2003, 2004 and 2005, which financial statements were included in the IPO Registration Statement, to which the Court is respectfully referred for the exact terms and contents thereof.

209.    Grant Thornton denies the allegations set forth in paragraph 209 of the Complaint, except states that Refco's unaudited financial statements for the three month periods ending May 31, 2005 and May 31, 2004 were included in the IPO Registration Statement, to which the Court respectfully is referred for the exact terms and contents thereof.

210.    Grant Thornton denies the allegations set forth in paragraph 210 of the Complaint, except states that Refco's Unaudited Pro Forma Consolidated Statements of Income for the year ended February 28, 2005 and the three months ended May 31, 2005 were included in the IPO Registration Statement, to which the Court respectfully is referred for the exact terms and contents thereof.

211.    Grant Thornton denies the allegations set forth in paragraph 211 of the Complaint, except states that Refco's Unaudited Pro Forma Consolidated Balance Sheet as of May 31, 2005

was included in the IPO Registration Statement, to which the Court respectfully is referred for the exact terms and contents thereof.

212.    Grant Thornton denies the allegations set forth in paragraph 212 of the Complaint, except states that Refco's unaudited consolidated financial statements were included in the IPO Registration Statement, to which the Court respectfully is referred for the exact terms and contents thereof.

213.    Grant Thornton denies the allegations set forth in paragraph 213 of the Complaint to the extent they purport to characterize the IPO Registration Statement, except states that paragraph 181 accurately quotes only portions of the IPO Registration Statement, and respectfully refers the Court to the IPO Registration Statement for the exact terms and contents thereof.

214.    Grant Thornton denies the allegations set forth in paragraph 214 of the Complaint to the extent that they purport to characterize the IPO Registration Statement, and respectfully refers the Court to the IPO Registration Statement for the exact terms and contents thereof.

215.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 215 of the Complaint, except states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release.  Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon."  Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

216.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 216 of the Complaint.

217.    Grant Thornton denies the allegations set forth in paragraph 186 of the Complaint, except states that paragraph 217 accurately quotes only a portion of the IPO Registration Statement, and respectfully refers the Court to the IPO Registration Statement for the exact terms and contents thereof.  Grant Thornton states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release.  Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon."  Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

**(b)    Description of Customer Receivables and Related-Party Transactions in the IPO Registration Statement Set forth Untrue Statements and <u>Omissions of Material Fact</u>**

218.    Grant Thornton denies the allegations set forth in paragraph 218 of the Complaint to the extent that they purport to characterize the IPO Registration Statement, except states that paragraph 218 accurately quotes only a portion of the IPO Registration Statement, and respectfully refers the Court to the IPO Registration Statement for the exact terms and contents thereof.  Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 218.

219.    Grant Thornton denies the allegations set forth in paragraph 219 of the Complaint, except states that paragraph 219 of the Complaint accurately quotes only a portion of the IPO Registration Statement, and respectfully refers the Court to the IPO Registration Statement for the exact terms and contents thereof.

54

220.    Grant Thornton denies the allegations set forth in paragraph 220 of the Complaint, except states that paragraph 220 of the Complaint accurately quotes only a portion of the IPO Registration Statement, and respectfully refers the Court to the IPO Registration Statement for the exact terms and contents thereof.

221.    Grant Thornton denies the allegations set forth in paragraph 221 of the Complaint to the extent that they purport to characterize the IPO Registration Statement, and respectfully refers the Court to the IPO Registration Statement for the exact terms and contents thereof. Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 221, and states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release. Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon."  Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

222.    Grant Thornton denies the allegations set forth in paragraph 222 of the Complaint to the extent that they purport to characterize the IPO Registration Statement, and respectfully refers the Court to the IPO Registration Statement for the exact terms and contents thereof. Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 222, and states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release. Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31,

2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon." Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

223. Grant Thornton denies the allegations set forth in paragraph 223 of the Complaint to the extent that they purport to characterize the IPO Registration Statement, and respectfully refers the Court to the IPO Registration Statement for the exact terms and contents thereof. Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 223, and states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release. Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon." Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

> **(c)    The IPO Registration Statement Misrepresented That the Company Had Taken Adequate Steps to Protect Itself from the Risk of Customer Defaults**

224. Grant Thornton denies the allegations set forth in paragraph 224 of the Complaint to the extent that they purport to characterize the IPO Registration Statement, except states that paragraph 224 accurately quotes only a portion of the IPO Registration Statement, and respectfully refers the Court to the IPO Registration Statement for the exact terms and context thereof.

225. Grant Thornton denies the allegations set forth in paragraph 225 of the Complaint to the extent that they purport to characterize the IPO Registration Statement, except states that paragraph 225 accurately quotes only a portion of the IPO Registration Statement. Grant

Thornton respectfully refers the Court to the IPO Registration Statement for the exact terms and contents thereof.

226.    Grant Thornton denies the allegations set forth in paragraph 226 of the Complaint to the extent that they purport to characterize the IPO Registration Statement, and respectfully refers the Court to the IPO Registration Statement for the exact terms and contents thereof. Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 226, and states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release. Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon."  Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

> **(d)    The IPO Registration Statement Misrepresented That the Company Maintained Excess Regulatory Capital**

227.    Grant Thornton denies the allegations set forth in paragraph 227 of the Complaint, except states that paragraph 227 of the Complaint accurately quotes only a portion of the IPO Registration Statement, and respectfully refers the Court to the IPO Registration Statement for the exact terms and context thereof.

228.    Grant Thornton denies the allegations set forth in paragraph 228 of the Complaint to the extent that they purport to characterize the IPO Registration Statement, except states that paragraph 228 accurately quotes only a portion of the IPO Registration Statement.  Grant Thornton respectfully refers the Court to the IPO Registration Statement for the exact terms and

context thereof.  Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 228.

229.    Grant Thornton denies the allegations set forth in paragraph 229 of the Complaint, except states that paragraph 229 of the Complaint accurately quotes only a portion of the IPO Registration Statement, and respectfully refers the Court to the IPO Registration Statement for the exact terms and context thereof.

230.    Grant Thornton denies the allegations set forth in paragraph 230 of the Complaint to the extent that they purport to characterize the guarantee referenced therein and the IPO Registration Statement, and respectfully refers the Court to the guarantee referenced in paragraph 230 and the IPO Registration Statement for the exact terms and contents thereof.  Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 230, and states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release.  Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon."  Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

      (e)      **The IPO Registration Statement Failed to Disclose BAWAG's Full Ownership Interests in Refco Group**

231.    Grant Thornton denies the allegations set forth in paragraph 231 of the Complaint to the extent that they purport to characterize the IPO Registration Statement, and respectfully refers the Court to the IPO Registration Statement for the exact terms and contents thereof. Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the

remaining allegations set forth in paragraph 231, except states that the notes to Refco's financial statements in the IPO Registration Statement stated that Refco was 90% owned by RGHI and 10% owned by BAWAG Overseas, Inc., and respectfully refers the Court to the IPO Registration Statement for the exact terms and context thereof.  Grant Thornton states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release.  Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon."  Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

**F.      The Truth Begins to Emerge and the Company Collapses**

232.     Grant Thornton denies the allegations set forth in the last sentence of paragraph 232 of the Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 232.

233.     Grant Thornton denies the allegations set forth in paragraph 233 of the Complaint to the extent that they purport to characterize the October 10 Press Release, except states that paragraph 233 accurately quotes only a portion of the October 10 Press Release.  Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

234.     Grant Thornton denies the allegations set forth in paragraph 234 of the Complaint to the extent that they purport to characterize the October 10 Press Release, except states that paragraph 234 accurately quotes only a portion of the October 10 Press Release.  Grant Thornton respectfully refers the Court to the October 10, 2005 Press Release for the exact terms and context thereof.

235.     Grant Thornton denies the allegations set forth in paragraph 235 of the Complaint to the extent that they purport to characterize the October 10 Press Release, except states that paragraph 235 accurately quotes only a portion of the October 10 Press Release.  Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

236.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 236 of the Complaint.

237.     Grant Thornton denies the allegations set forth in paragraph 237 of the Complaint, except states that paragraph 237 accurately quotes only a portion of the October 10 Press Release, and respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

238.     Grant Thornton denies the allegations set forth in paragraph 238 of the Complaint to the extent that they purport to characterize the October 10 Press Release, except states that paragraph 238 accurately quotes only a portion of the October 10 Press Release.  Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.  Grant Thornton further states, upon information and belief, that BAWAG loaned funds to Bennett or a Bennett controlled entity on or about October 10, 2005, and denies the remaining allegations set forth in paragraph 238.  Grant Thornton states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release. Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should

no longer be relied upon." Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

239.    Grant Thornton denies the allegations set forth in paragraph 239 of the Complaint to the extent that they purport to characterize the October 11, 2005 press release ("October 11 Press Release"), except states that paragraph 239 accurately quotes only a portion of the October 11 Press Release, and respectfully refers the Court to the October 11 Press Release for the exact terms and context thereof. Grant Thornton denies the remaining allegations set forth in paragraph 239, and states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release. Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon." Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

240.    Grant Thornton denies the allegations set forth in paragraph 240 of the Complaint.

241.    Grant Thornton denies the allegations set forth in paragraph 241 of the Complaint to the extent that they purport to characterize the October 13, 2005 statement by Refco ("October 13 Statement"), October 10 Press Release and October 11 Press Release, except states that paragraph 241 accurately quotes only a portion of the October 13 Statement (with the exception of a typographical error). Grant Thornton respectfully refers the Court to the October 13 Statement, October 10 Press Release and October 11 Press Release for the exact terms and contents thereof. Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 241.

242.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 242 of the Complaint.

243.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 243 of the Complaint.

244.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 244 of the Complaint, except states, upon information and belief, that Refco filed for bankruptcy protection on or about October 17, 2005.

245.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 245 of the Complaint, and respectfully refers the Court to the news article referenced in paragraph 245 for the exact terms and contents thereof.

246.    Grant Thornton denies allegations set forth in paragraph 246 of the Complaint.

247.    Grant Thornton denies the allegations contained in paragraph 247 to the extent asserted against Grant Thornton and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 247 of the Complaint as to the other Defendants, and states that Grant Thornton has been served with subpoenas by several domestic regulatory agencies.

## VI.    THE COMPANY'S VIOLATIONS OF GAAP

248.    Grant Thornton denies allegations set forth in paragraph 248 of the Complaint, and states that GAAP refers to generally accepted accounting principles, and respectfully refers the Court to Statement of Auditing Standards ("SAS") No. 69, which sets forth the American Institute of Certified Public Accountants' ("AICPA") hierarchy of generally accepted accounting principles.

249.    Grant Thornton neither admits nor denies the allegations set forth in paragraph 249 of the Complaint, which state a legal conclusion, as to which no response is required, and respectfully refers the Court to 17 C.F.R. § 210.4-01(a)(1) for the exact terms and contents thereof.

250.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 250 of the Complaint, and states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release.  Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon."  Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

251.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 251 of the Complaint, except states that paragraph 251 accurately quotes only a portion of SFAS No. 57, and respectfully refers the Court to SFAS No. 57 for the exact terms and context thereof.  Grant Thornton further states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release.  Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon."  Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

252.    Grant Thornton denies the allegations set forth in paragraph 252 of the Complaint, except states that SFAS No. 57 concerns Related Party Disclosures, and further states that paragraph 252 accurately quotes only a portion of SFAS No. 57.  Grant Thornton respectfully refers the Court to SFAS No. 57 for the exact terms and contents thereof.  Grant Thornton neither admits nor denies the allegations in paragraph 252, which state a legal conclusion, as to which no response is required.

253.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 253 of the Complaint, and states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release.  Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon."  Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

254.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 254 of the Complaint, and states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release.  Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon."  Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

255.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 255 of the Complaint, and states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release.  Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon."  Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

256.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 256 of the Complaint, except states that SFAS No. 5 concerns Accounting for Contingencies.  Grant Thornton respectfully refers the Court to SFAS No. 5 for the exact terms and contents thereof.  Grant Thornton further denies the remaining allegations to the extent asserted as to Grant Thornton.  Grant Thornton states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release.  Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon."  Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

257.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 257 of the Complaint, except states that FIN No. 45 concerns Guarantor's Accounting and Disclosure Requirements for Guarantees.  Grant Thornton respectfully refers the Court to FIN No. 45 for the exact terms and contents thereof.

Grant Thornton states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release.  Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon."  Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

258.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 258 of the Complaint, and respectfully refers the Court to APB Opinion No. 22 for the exact terms and contents thereof.

259.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 259 of the Complaint, except states that Refco's SEC filings contained sections titled "Summary of Significant Accounting Policies" and "Critical Accounting Policies and Estimates."  Grant Thornton respectfully refers the Court to those filings for the exact terms and contents thereof.  Grant Thornton further states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release.  Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon."  Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

260.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 260 of the Complaint, except states that

paragraph 260 accurately quotes only portions of FASCON No. 1 ¶¶ 34, 40, 50, and FASCON No. 2 ¶¶ 58-59, 79, 80, 95, 97, and FASCON No. 6 ¶ 145. Grant Thornton respectfully refers the Court to FASCON Nos. 1, 2 and 6 for the exact terms and context thereof. Grant Thornton states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release. Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon." Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

261.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 261 of the Complaint, and states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release. Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon." Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

## VII.    GRANT THORNTON'S VIOLATIONS OF AUDITING STANDARDS

262.    Grant Thornton denies the allegations contained in paragraph 262 of the Complaint, except states that the Public Company Accounting Oversight Board ("PCAOB") was established by the Sarbanes-Oxley Act of 2002, and that the PCAOB has issued Auditing and Related Professional Practice Standards.

263.    Grant Thornton denies the allegations set forth in paragraph 263 of the Complaint, except states that there are ten GAAS provisions, which are divided into three standards; (i)

general standards; (ii) standards of fieldwork; and (iii) standards of reporting.  Grant Thornton respectfully refers the Court to the ten GAAS provisions referred to therein for the exact terms and contents thereof.

A.    **Violations of General Standards**

264.    Grant Thornton denies the allegations set forth in paragraph 264 of the Complaint, except states that paragraph 264 accurately quotes only a portion of GAAS General Standard No. 3.  Grant Thornton respectfully refers the Court to GAAS General Standard No. 3 and to the Examiner's Report for the exact terms and context thereof.  Grant Thornton further states that it audited Refco's financial statements and provided audit reports for the years ended February 28, 2003, February 29, 2004, and February 28, 2005.

265.    Grant Thornton denies the allegations set forth in paragraph 265 of the Complaint, except states that paragraph 265 accurately quotes only a portion of GAAS General Standard No. 2.  Grant Thornton respectfully refers the Court to GAAS General Standard No. 2, the Examiner's Report, and the other documents referenced in paragraph 265 for the exact terms and context thereof.  Grant Thornton states that Mark Ramler was employed by Arthur Andersen LLP prior to 2002 and that Refco was formerly a client of Arthur Andersen LLP.

B.    **Violations of Standards of Fieldwork**

1.    **Standard of Fieldwork No. 1 – Audit Planning**

266.    Grant Thornton denies the allegations set forth in paragraph 266 of the Complaint to the extent that they purport to characterize the contents of GAAS Standard of Fieldwork No. 1, and respectfully refers the Court to GAAS Standard of Fieldwork No. 1 for the exact terms and contents thereof.

267.    Grant Thornton denies the allegations set forth in paragraph 267 of the Complaint to the extent that they purport to characterize the contents of SFAS No. 57, and respectfully

refers the Court to contents of SFAS No. 57 for the exact terms and contents thereof. Grant Thornton denies the remaining allegations set forth in paragraph 267.

268.     Grant Thornton denies the allegations set forth in paragraph 268 of the Complaint to the extent that they purport to characterize the contents of AU §§ 334 and 334.02, and respectfully refers the Court to contents of AU §§ 334 and 334.02 for the exact terms and contents thereof. Grant Thornton denies the remaining allegations set forth in paragraph 268.

269.     Grant Thornton denies the allegations set forth in paragraph 269 of the Complaint to the extent that they purport to characterize the contents of AU § 9334.19, except states that paragraph 269 accurately quotes only a portion of AU § 9334.19, and respectfully refers the Court to contents of AU § 9334.19 for the exact terms and contents thereof.

270.     Grant Thornton denies the allegations set forth in paragraph 270 of the Complaint to the extent that they purport to characterize the contents of AU § 334.08, and respectfully refers the Court to contents of AU § 334.08 for the exact terms and contents thereof.

271.     Grant Thornton denies the allegations set forth in paragraph 271 of the Complaint to the extent that they purport to characterize GAAS, and respectfully refers the Court to the provisions of GAAS for the exact terms and contents thereof.

272.     Grant Thornton denies the allegations set forth in paragraph 272 of the Complaint and respectfully refers the Court to the "Evaluation of Proposed Client Form" referenced in paragraph 272 for the exact terms and contents thereof.

273.     Grant Thornton denies the allegations set forth in paragraph 273 of the Complaint.

274.     Grant Thornton denies the allegations set forth in paragraph 274 of the Complaint to the extent that they purport to characterize the contents of AU § 316, except states that paragraph 274 accurately quotes only a portion of AU § 316. Grant Thornton respectfully refers

the Court to AU § 316 for the exact terms and context thereof.  Grant Thornton denies the

remaining allegations set forth in paragraph 274.

275.    Grant Thornton denies the allegations set forth in paragraph 275 of the Complaint,

and respectfully refers the Court to the document referenced in paragraph 275 and the

Examiner's Report for the exact context thereof.

### 2.    Standard of Fieldwork No. 2 – Evaluation of Internal Controls

276.    Grant Thornton denies the allegations set forth in paragraph 276 of the Complaint

to the extent that they purport to characterize the contents of GAAS Standard of Fieldwork No. 2

and AU § 319, except states that paragraph 276 accurately quotes only a portion of AU § 312.02

and AU § 319.06.  Grant Thornton respectfully refers the Court to GAAS Standard of Fieldwork

No. 2, AU § 319, AU § 319.06, and AU § 312.02 for the exact terms and context thereof.

277.    Grant Thornton denies the allegations set forth in paragraph 277 of the Complaint,

and respectfully refers the Court to the document referenced in paragraph 277 for the exact

context thereof.

278.    Grant Thornton denies the allegations set forth in paragraph 278 of the Complaint,

except states that paragraph 278 accurately quotes only a portion of the document referenced in

paragraph 278, and respectfully refers the Court to that document for the exact terms and context

thereof.

279.    Grant Thornton denies the allegations set forth in paragraph 279 of the Complaint.

### 3.    Standard of Fieldwork No. 3 – Obtaining Evidential Matter

280.    Grant Thornton denies the allegations set forth in paragraph 280 of the Complaint

to the extent that they purport to characterize the contents of GAAS Standard of Fieldwork No. 3

and AU § 326, except states that paragraph 280 accurately quotes only a portion of GAAS

Standard of Fieldwork No. 3.  Grant Thornton respectfully refers the Court to GAAS Standard of

Fieldwork No. 3 and AU § 326 for the exact terms and context thereof. Grant Thornton denies the remaining allegations set forth in paragraph 280.

281.    Grant Thornton denies the allegations set forth in paragraph 281 of the Complaint to the extent they purport to characterize the contents of AU § 334.09, and respectfully refers the Court to AU § 334.09 for the exact terms and context thereof.

282.    Grant Thornton denies the allegations set forth in paragraph 282 of the Complaint, except states that paragraph 282 accurately quotes only a portion of the documents referenced in paragraph 282, and respectfully refers the Court to the Evaluation of Proposed Client form referenced in paragraph 282 and the Examiner's Report for the exact terms and context thereof.

283.    Grant Thornton denies the allegations set forth in paragraph 283 of the Complaint, except states that paragraph 283 accurately quotes only a portion of the Examiner's Report, and respectfully refers the Court to the Examiner's Report for the exact terms and context thereof.

284.    Grant Thornton denies the allegations set forth in paragraph 284 of the Complaint, and respectfully refers the Court to the Examiner's Report for the exact terms and context thereof.

285.    Grant Thornton denies the allegations set forth in paragraph 285 of the Complaint, except states that it sent a confirmation request to BAWAG. Grant Thornton further states that paragraph 285 accurately quotes only a portion of the Examiner's Report, and respectfully refers the Court to the Examiner's Report for the exact terms and context thereof.

286.    Grant Thornton denies the allegations set forth in paragraph 286 of the Complaint.

287.    Grant Thornton denies the allegations set forth in paragraph 287 of the Complaint, except states that paragraph 287 accurately quotes only a portion of AU § 342.07. Grant Thornton respectfully refers the Court to AU § 342.07 for the exact terms and context thereof.

288.    Grant Thornton denies the allegations set forth in paragraph 288 of the Complaint.

289.    Grant Thornton denies the allegations set forth in paragraph 289 of the Complaint, except states that paragraph 289 accurately quotes only a portion of the Examiner's Report, and respectfully refers the Court to the Examiner's Report for the exact terms and context thereof.

### C.    <u>Violation of Reporting Standards</u>

290.    Grant Thornton denies the allegations set forth in paragraph 290 of the Complaint, except states that Grant Thornton issued audit reports relating to Refco's consolidated financial statements, to which the Court is respectfully referred for the exact terms and contents thereof. Grant Thornton further states that paragraph 290 accurately quotes only a portion of GAAS Standard of Reporting No. 1, and respectfully refers the Court to GAAS Standard of Reporting No. 1 for the exact terms and context thereof.  Grant Thornton states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release.  Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon."  Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

291.    Grant Thornton denies the allegations set forth in paragraph 291 of the Complaint, except states that paragraph 291 accurately quotes only a portion of GAAS Standard of Reporting No. 3, and respectfully refers the Court to GAAS Standard of Reporting No. 3 for the exact terms and context thereof.

292.    Grant Thornton denies the allegations set forth in paragraph 292 of the Complaint to the extent that they purport to characterize the contents of GAAS Standard of Reporting No. 4

and AU § 508, and respectfully refers the Court to GAAS Standard of Reporting No. 4 and AU §

508 for the exact terms and contents thereof.

293.    Grant Thornton denies the allegations set forth in paragraph 293 of the Complaint.

294.    Grant Thornton denies the allegations set forth in paragraph 294 of the Complaint

to the extent they purport to characterize GAAS Standard of Reporting No. 3, except states that

paragraph 294 accurately quotes only a portion of GAAS Standard of Reporting No. 3.  Grant

Thornton respectfully refers the Court to GAAS Standard of Reporting No. 3 for the exact terms

and context thereof.  Grant Thornton denies knowledge or information sufficient to form a belief

as to the truth of the remaining allegations set forth in paragraph 294, and states that Refco

announced the discovery of a receivable owed to it by an entity controlled by Bennett in the

October 10 Press Release.  Refco determined on October 9, 2005, that "its financial statements,

as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004,

February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC,

and Refco Finance, Inc. should no longer be relied upon."  Grant Thornton respectfully refers the

Court to the October 10 Press Release for the exact terms and context thereof.

295.    Grant Thornton denies the allegations set forth in paragraph 295 of the Complaint.

**D.**      **Violations of CFTC Rules and Regulations**

296.    Grant Thornton denies the allegations set forth in paragraph 296 of the Complaint.

## VIII.  DEFENDANTS' NEGLIGENCE

**A.**      **The Offering Memorandum and the Bond Registration Statement**

297.    The allegations set forth in paragraph 297 of the Complaint are not directed at

Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth

in paragraph 297 as no response is required.

298.     The allegations set forth in paragraph 298 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 298 as no response is required.

299.     The allegations set forth in paragraph 299 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 299 as no response is required.

300.     The allegations set forth in paragraph 300 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 300 as no response is required.

301.     The allegations set forth in paragraph 301 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 301 as no response is required.

302.     The allegations set forth in paragraph 302 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 302 as no response is required.

303.     The allegations set forth in paragraph 303 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 303 as no response is required.

304.     Grant Thornton denies the allegations set forth in paragraph 304 of the Complaint.

**B.**     **The IPO Registration Statement**

305.     The allegations set forth in paragraph 305 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 305 as no response is required.

306.    Grant Thornton denies the allegations set forth in paragraph 306 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 306 as to the other Defendants, and respectfully refers the Court to the documents referenced in paragraph 306 for the exact terms and context thereof.

307.    Grant Thornton denies the allegations set forth in paragraph 307 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 307 as to the other Defendants, except states that Grant Thornton attended an audit due diligence call on or about March 30, 2005.  Grant Thornton respectfully refers the Court to the document referenced in paragraph 307 for the exact terms and context thereof.

308.    The allegations set forth in paragraph 308 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 308 as no response is required.

309.    The allegations set forth in paragraph 309 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 309 as no response is required.

310.    The allegations set forth in paragraph 310 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 310 as no response is required.

311.    Grant Thornton denies the allegations set forth in paragraph 311 of the Complaint.

## IX.    ALLEGATIONS PERTAINING TO CONTROL PERSON LIABILITY

312.    Grant Thornton repeats and realleges each and every response set forth in paragraphs 1-311 as if fully set forth herein.  Grant Thornton neither admits nor denies the

allegations set forth in the second sentence of paragraph 312 of the Complaint, which state a legal conclusion, as to which no response is required.

313-321.    The allegations set forth in paragraphs 313-321 are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraphs 313-321 as no response is required.

## X.    CLAIMS FOR RELIEF UNDER THE SECURITIES ACT

### COUNT ONE

322.    Grant Thornton repeats and realleges each and every response set forth in paragraphs 1-321 as if fully set forth herein.  Grant Thornton states that the remaining statements set forth in paragraph 322 of the Complaint are not allegations for which an admission or denial is required.

323-335.    The allegations set forth in paragraphs 323-335 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraphs 323-335 as no response is required.

### COUNT TWO

336.    Grant Thornton repeats and realleges each and every response set forth in paragraphs 1-335 as if fully set forth herein.  Grant Thornton states that the remaining statements set forth in paragraph 336 of the Complaint are not allegations for which an admission or denial is required.

337-347.    The allegations set forth in paragraphs 337-347 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraphs 337-347 as no response is required.

## COUNT THREE

348.     Grant Thornton repeats and realleges each and every response set forth in paragraphs 1-347 as if fully set forth herein.  Grant Thornton states that the remaining statements set forth in paragraph 348 of the Complaint are not allegations for which an admission or denial is required.

349.     Grant Thornton denies the allegations set forth in paragraph 349 of the Complaint, except states that Plaintiffs purport to assert Count Three as described therein.

350.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 350 of the Complaint, except states, upon information and belief, that Refco offered to exchange $600 million of unregistered 9% Senior Subordinated Notes for registered notes pursuant to the Bond Registration Statement.  Grant Thornton neither admits nor denies the allegations set forth in the second sentence of paragraph 350, which state a legal conclusion, as to which no response is required.

351.     Grant Thornton neither admits nor denies the allegations set forth in paragraph 351 of the Complaint, which state a legal conclusion, as to which no response is required.  Grant Thornton denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 351 of the Complaint, and states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release.  Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon."  Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

352.    The allegations set forth in paragraph 352 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraphs 352 as no response is required.

353.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 353 of the Complaint, and respectfully refers the Court to the Bond Registration Statement for the exact terms and contents thereof.

354.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 354 of the Complaint, and respectfully refers the Court to the Bond Registration Statement for a description of Bennett, Lee, Harkins, Jaeckel, Schoen, O'Kelley, Gantcher, and Breitman's employment history and relationship with Refco.

355.    Grant Thornton denies the allegations set forth in paragraph 355 of the Complaint, and states that Grant Thornton issued an audit report in connection with Refco's consolidated financial statements for the fiscal years ended 2003 and 2004, which financial statements were included in the Bond Registration Statement, to which the Court is respectfully referred for the exact terms and contents thereof.  Grant Thornton neither admits nor denies the allegations set forth in paragraph 355 of the Complaint, which state a legal conclusion, as to which no response is required.

356.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 356 of the Complaint, and respectfully refers the Court to the Offering Memorandum and Bond Registration Statement for the exact terms and contents thereof.

357.    Grant Thornton denies the allegations set forth in paragraph 357 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to

form a belief as to the allegations set forth in paragraph 357 as to the other Defendants. Grant Thornton neither admits nor denies the allegations set forth in paragraph 357 of the Complaint, which state a legal conclusion, as to which no response is required.

358.    Grant Thornton denies the allegations set forth in paragraph 358 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 358 as to the other Defendants.

359.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 359 of the Complaint.

360.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 360 of the Complaint.

361.    Grant Thornton denies the allegations set forth in paragraph 361 of the Complaint.

## COUNT FOUR

362.    Grant Thornton repeats and realleges each and every response set forth in paragraphs 1-361 as if fully set forth herein. Grant Thornton states that the remaining statements set forth in paragraph 362 of the Complaint are not allegations for which an admission or denial is required.

363-375.    The allegations set forth in paragraphs 363-375 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraphs 363-375 as no response is required.

## COUNT FIVE

376.    Grant Thornton repeats and realleges each and every response set forth in paragraphs 1-375 as if fully set forth herein. Grant Thornton states that the remaining statements

set forth in paragraph 376 of the Complaint are not allegations for which an admission or denial is required.

377.     Grant Thornton denies the allegations set forth in paragraph 377 of the Complaint, except states that Plaintiffs purport to bring Count Five as described therein.

378.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 378 of the Complaint, except states, upon information and belief, that Refco issued stock pursuant to the IPO Registration Statement. Grant Thornton neither admits nor denies the allegations set forth in the second sentence of paragraph 378, which state a legal conclusion, as to which no response is required.

379.     Grant Thornton neither admits nor denies the allegations set forth in paragraph 379 of the Complaint, which state a legal conclusion, as to which no response is required.  Grant Thornton denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 379 of the Complaint, and states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release.  Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon."  Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

380.     The allegations set forth in paragraph 380 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 380 as no response is required.

381.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 381 of the Complaint, and respectfully refers the Court to the IPO Registration Statement for the exact terms and contents thereof and signatories thereto.

382.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 382 of the Complaint, and respectfully refers the Court to the IPO Registration Statement for a description of  Bennett, Sherer, Breitman, Gantcher, Harkins, Jaeckel, Lee, O'Kelley and Schoen's employment history and relationship with Refco.

383.    Grant Thornton denies the allegations set forth in paragraph 383 of the Complaint, and states that Grant Thornton issued audit reports in connection with Refco's consolidated financial statements for the fiscal years ended 2003, 2004 and 2005, which financial statements were included in the IPO Registration Statement, to which the Court is respectfully referred for the exact terms and contents thereof.  Grant Thornton neither admits nor denies the allegations set forth in paragraph 383, which state a legal conclusion, as to which no response is required.

384.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 384 of the Complaint, and respectfully refers the Court to the IPO Registration Statement for the exact terms and contents thereof.

385.    Grant Thornton denies the allegations set forth in paragraph 385 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 385 as to the other Defendants.  Grant Thornton neither admits nor denies the allegations set forth in paragraph 385 of the Complaint, which state a legal conclusion, as to which no response is required.

386.    Grant Thornton denies the allegations set forth in paragraph 386 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 386 of the Complaint as to the other Defendants.

387.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 387 of the Complaint.

388.    Grant Thornton denies the allegations set forth in paragraph 388 of the Complaint.

## COUNT SIX

389.    Grant Thornton repeats and realleges each and every response set forth in paragraphs 1-388 as if fully set forth herein.  Grant Thornton states that the remaining statements set forth in paragraph 389 of the Complaint are not allegations for which an admission or denial is required.

390-405.        The allegations set forth in paragraphs 390-405 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraphs 390-405 as no response is required.

## COUNT SEVEN

406.    Grant Thornton repeats and realleges each and every response set forth in paragraphs 1-405 as if fully set forth herein.  Grant Thornton states that the remaining statements set forth in paragraph 406 of the Complaint are not allegations for which an admission or denial is required.

407-413.        The allegations set forth in paragraphs 407-413 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraphs 407-413 as no response is required.

## COUNT EIGHT

414.    Grant Thornton repeats and realleges each and every response set forth in paragraphs 1-413 as if fully set forth herein.  Grant Thornton states that the remaining statements set forth in paragraph 414 of the Complaint are not allegations for which an admission or denial is required.

415-424.    The allegations set forth in paragraphs 415-424 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraphs 415-424 as no response is required.

## XI.    DEFENDANTS' FRAUDULENT SCHEME

425.    Grant Thornton denies the allegations set forth in paragraph 425 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 425 as to the other Defendants.  Grant Thornton neither admits nor denies allegations set forth in paragraph 425, which state a legal conclusion, as to which no response is required.  Grant Thornton states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release.  Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon."  Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

426.    Grant Thornton denies the allegations set forth in paragraph 426 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 426 as to the other Defendants.  Grant Thornton states that Refco announced the discovery of a receivable owed to it

by an entity controlled by Bennett in the October 10 Press Release.  Refco determined on

October 9, 2005, that "its financial statements, as of, and for the periods ended February 28,

2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a

whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied

upon."  Grant Thornton respectfully refers the Court to the October 10 Press Release for the

exact terms and context thereof.

427.    Grant Thornton denies knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 427 of the Complaint, except states, upon

information and belief, that Phillip Bennett, Robert Trosten and Tone Grant have been indicted

and are awaiting trial.

A.    **Refco and Its Customers Suffer
      Hundreds of Millions of Dollars in Trading Losses**

428.    Grant Thornton denies knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 428 of the Complaint.

429.    Grant Thornton denies knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 429 of the Complaint.

430.    Grant Thornton denies knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 430 of the Complaint.

431.    Grant Thornton denies knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 431 of the Complaint.

432.    Grant Thornton denies knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 432 of the Complaint.

433.    Grant Thornton denies knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 433 of the Complaint.

434.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 434 of the Complaint.

435.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 435 of the Complaint.

**B.    Bennett Becomes CEO and, With the Aid of Collins, Mayer Brown and Maggio, Transfers Uncollectible Receivables Off Refco's Books**

436.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 436 of the Complaint.

437.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 437 of the Complaint.

438.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 438 of the Complaint.

439.    Grant Thornton denies the allegations set forth in paragraph 439 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 439 as to the other Defendants.  Grant Thornton states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release.  Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon."  Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

440.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 440 of the Complaint.

441.    Grant Thornton denies the allegations set forth in paragraph 441 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 441 as to the other Defendants.

442.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 442 of the Complaint.

443.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 443 of the Complaint.

444.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 444 of the Complaint.

445.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 445 of the Complaint.

446.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 446 of the Complaint.

447.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 447 of the Complaint.

448.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 448 of the Complaint.

449.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 449 of the Complaint.

**C.    Refco Conceals the Uncollectible Receivable
Through a Series of Fraudulent "Round Trip" Loan Transactions**

450.    Grant Thornton denies the allegations set forth in paragraph 450 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to

form a belief as to the truth of the allegations set forth in paragraph 450 as to the other

Defendants.

451.    Grant Thornton denies the allegations set forth in paragraph 451 of the Complaint

to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to

form a belief as to the truth of the allegations set forth in paragraph 451 as to the other

Defendants.  Grant Thornton states that Refco announced the discovery of a receivable owed to it

by an entity controlled by Bennett in the October 10 Press Release.  Refco determined on

October 9, 2005, that "its financial statements, as of, and for the periods ended February 28,

2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a

whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied

upon."  Grant Thornton respectfully refers the Court to the October 10 Press Release for the

exact terms and context thereof.

452.    Grant Thornton denies the allegations set forth in paragraph 452 of the Complaint

to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to

form a belief as to the truth of the allegations set forth in paragraph 452 as to the other

Defendants.

453.    Grant Thornton denies knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 453 of the Complaint.  The statements set forth

in the second sentence of paragraph 453 are not allegations for which an admission or denial is

required.

### 1.    The Fraudulent Transactions with Customer X

454.    Grant Thornton denies knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 454 of the Complaint.

455.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 455 of the Complaint.

456.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 456 of the Complaint.

457.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 457 of the Complaint.

458.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 458 of the Complaint, and respectfully refers the Court to the guarantee referenced in paragraph 458 for the exact terms and contents thereof.

459.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 459 of the Complaint.

**(i)    The February 2002 Transaction**

460.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 460 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 460 for the exact terms and contents thereof.

461.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 461 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 461 for the exact terms and contents thereof.

462.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 462 of the Complaint, and respectfully refers the Court to the document referenced in paragraph 462 for the exact terms and contents thereof.

463.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 463 of the Complaint, and respectfully refers the Court to the document referenced in paragraph 463 for the exact terms and contents thereof.

464.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 464 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 464 for the exact terms and contents thereof.

465.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 465 of the Complaint, and respectfully refers the Court to the document referenced in paragraph 465 for the exact terms and contents thereof.

466.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 466 of the Complaint, and respectfully refers the Court to the document referenced in paragraph 466 for the exact terms and contents thereof.

467.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 467 of the Complaint, and respectfully refers the Court to the document referenced in paragraph 467 for the exact terms and contents thereof.

468.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 468 of the Complaint, and respectfully refers the Court to the document referenced in paragraph 468 for the exact terms and contents thereof.

469.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 469 of the Complaint.

470.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 470 of the Complaint.

**(ii)    The February 2003 Transaction**

471.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 471 of the Complaint.

472.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 472 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 472 for the exact terms and contents thereof.

473.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 473 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 473 for the exact terms and contents thereof.

474.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 474 of the Complaint, and respectfully refers the Court to the document referenced in paragraph 474 for the exact terms and contents thereof.

475.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 475 of the Complaint.

### (iii)    The February 2004 Transaction

476.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 476 of the Complaint.

477.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 477 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 477 for the exact terms and contents thereof.

478.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 478 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 478 for the exact terms and contents thereof.

479.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 479 of the Complaint, and respectfully refers the Court to the document referenced in paragraph 479 for the exact terms and contents thereof.

480.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 480 of the Complaint, and respectfully refers the Court to the document referenced in paragraph 480 for the exact terms and contents thereof.

481.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 481 of the Complaint.

### (iv)    The May 2004 Transaction

482.    Grant Thornton denies the allegations set forth in paragraph 482 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 482 as to the other Defendants.

483.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 483 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 483 for the exact terms and contents thereof.

484.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 484 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 484 for the exact terms and contents thereof.

485.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 485 of the Complaint, and respectfully refers the Court to the document referenced in paragraph 485 for the exact terms and contents thereof.

486.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 486 of the Complaint, and respectfully refers the Court to the document referenced in paragraph 486 for the exact terms and contents thereof.

487.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 487 of the Complaint.

(v)    **The August 2004 Transaction**

488.    Grant Thornton denies the allegations set forth in paragraph 488 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 488 of the Complaint as to the other Defendants.

489.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 489 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 489for the exact terms and contents thereof.

490.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 490 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 490 for the exact terms and contents thereof.

491.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 491 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 491 for the exact terms and contents thereof.

492.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 492 of the Complaint, and respectfully refers the Court to the document referenced in paragraph 492 for the exact terms and contents thereof.

493.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 493 of the Complaint.

(vi)    **The November 2004 Transaction**

494.    Grant Thornton denies the allegations set forth in paragraph 494 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 494 of the Complaint as to the other Defendants.

495.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 495 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 495 for the exact terms and contents thereof.

496.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 496 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 496 for the exact terms and contents thereof.

497.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 497 of the Complaint, and respectfully refers the Court to the document referenced in paragraph 497 for the exact terms and contents thereof.

498.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 498 of the Complaint, and respectfully refers the Court to the document referenced in paragraph 498 for the exact terms and contents thereof.

499.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 499 of the Complaint.

**(vii)    The December 2004 Transaction**

500.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 500 of the Complaint.

501.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 501 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 501 for the exact terms and contents thereof.

502.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 502 of the Complaint, and respectfully refers the Court to the document referenced in paragraph 502 for the exact terms and contents thereof.

503.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 503 of the Complaint, and respectfully refers the Court to the document referenced in paragraph 503 for the exact terms and contents thereof.

504.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 504 of the Complaint, and respectfully refers the Court to the document referenced in paragraph 504 for the exact terms and contents thereof.

505.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 505 of the Complaint.

**(viii)    The February 2005 Transaction**

506.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 506 of the Complaint.

507.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 507 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 507 for the exact terms and contents thereof.

508.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 508 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 508 for the exact terms and contents thereof.

509.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 509 of the Complaint, and respectfully refers the Court to the document referenced in paragraph 509 for the exact terms and contents thereof.

510.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 510 of the Complaint, and respectfully refers the Court to the document referenced in paragraph 510 for the exact terms and contents thereof.

511.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 511 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 511 for the exact contents thereof.

### (ix)    The May 2005 Transaction

512.    Grant Thornton denies the allegations set forth in paragraph 512 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 512 as to the other Defendants.  Grant Thornton respectfully refers the Court to the documents referenced in paragraph 512 for the exact terms and contents thereof.

513.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 513 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 513 for the exact terms and contents thereof.

### (x)    The August 2005 Transaction

514.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 514 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 514 for the exact terms and contents thereof.

515.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 515 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 515 for the exact terms and contents thereof.

516.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 516 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 516 for the exact terms and contents thereof.

517.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 517 of the Complaint, and respectfully refers the Court to the document referenced in paragraph 517 for the exact terms and contents thereof.

518.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 518 of the Complaint, and respectfully refers the Court to the document referenced in paragraph 518 for the exact terms and contents thereof.

519.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 519 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 519 for the exact contents thereof.

### 2.    The Fraudulent Transactions with BAWAG

520.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 520 of the Complaint.

521.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 521 of the Complaint.

522.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 522 of the Complaint.

### (i)    The February 2000 Transaction

523.    Grant Thornton denies the allegations set forth in paragraph 523 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 523 as to the other Defendants.

524.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 524 of the Complaint, and respectfully refers

the Court to the Creditors' Committee Answer and other documents referenced in paragraph 524 for the exact terms and contents thereof.

525.    Grant Thornton denies the allegations set forth in paragraph 525 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 525 as to the other Defendants.

526.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 526 of the Complaint.

527.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 527 of the Complaint, and respectfully refers the Court to the document referenced in paragraph 527 for the exact contents thereof.

(ii)    **The February 2001 Transaction**

528.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 528 of the Complaint, and respectfully refers the Court to the Creditors' Committee Answer and other documents referenced in paragraph 528 for the exact terms and contents thereof.

529.    Grant Thornton denies the allegations set forth in paragraph 529 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 529 as to the other Defendants.

530.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 530 of the Complaint.

531.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 531 of the Complaint, and respectfully refers the Court to the document referenced in paragraph 531 for the exact contents thereof.

### (iii)    The February 2002 Transaction

532.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 532 of the Complaint, and respectfully refers the Court to the Creditors' Committee Answer, the e-mail quoted in paragraph 532 and other documents referenced in paragraph 532 for the exact terms and contents thereof.

533.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 533 of the Complaint.

534.    Grant Thornton denies the allegations set forth in paragraph 534 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 534 as to the other Defendants.  Grant Thornton respectfully refers the Court to the document referenced in paragraph 534 for the exact contents thereof.

535.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 535 of the Complaint.

536.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 536 of the Complaint, and respectfully refers the Court to the document referenced in paragraph 536 for the exact contents thereof.

### (iv)    The February 2003 Transaction

537.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 537 of the Complaint, and respectfully refers

the Court to the Creditors' Committee Answer and other documents referenced in paragraph 537 for the exact terms and contents thereof.

538.    Grant Thornton denies the allegations set forth in paragraph 538 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 538 as to the other Defendants.

539.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 539 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 539 for the exact terms and contents thereof.

540.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 540 of the Complaint, and respectfully refers the Court to the document referenced in paragraph 540 for the exact contents thereof.

(v)    **The February 2004 Transaction**

541.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 541 of the Complaint, and respectfully refers the Court to the Creditors' Committee Answer and other documents referenced in paragraph 541 for the exact terms and contents thereof.

542.    Grant Thornton denies the allegations set forth in paragraph 542 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 542 as to the other Defendants.  Grant Thornton respectfully refers the Court to the document referenced in paragraph 542 for the exact contents thereof.

543.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 543 of the Complaint.

544.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 544 of the Complaint, and respectfully refers the Court to the document referenced in paragraph 544 for the exact contents thereof.

545.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 545 of the Complaint, and respectfully refers the Court to the document referenced in paragraph 545 for the exact contents thereof.

### (vi)    The February 2005 Transaction

546.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 546 of the Complaint, and respectfully refers the Court to the Creditors' Committee Answer and other documents referenced in paragraph 546 for the exact terms and contents thereof.

547.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 547 of the Complaint, and respectfully refers the Court to the document referenced in paragraph 547 for the exact contents thereof.

548.    Grant Thornton denies the allegations set forth in paragraph 548 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 548 as to the other Defendants.  Grant Thornton respectfully refers the Court to the documents referenced in paragraph 548 for the exact contents thereof.

### 3.    The Fraudulent Transactions with Other Customers

549.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 549 of the Complaint, and respectfully refers the Court to the Examiner's Report for the exact terms and context thereof.

### (i)    The February 2000 Transaction

550.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 550 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 550 for the exact contents thereof.

551.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 551 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 551 for the exact contents thereof.

552.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 552 of the Complaint, and respectfully refers the Court to the document referenced in paragraph 552 for the exact contents thereof.

553.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 553 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 553 for the exact contents thereof.

554.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 554 of the Complaint, and respectfully refers the Court to the document referenced in paragraph 554 for the exact contents thereof.

### (ii)    The February 2001 Transaction

555.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 555 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 555 for the exact terms and contents thereof.

556.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 556 of the Complaint, and respectfully refers the Court to the document referenced in paragraph 556 for the exact contents thereof.

557.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 557 of the Complaint, and respectfully refers the Court to the document referenced in paragraph 557 for the exact contents thereof.

558.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 558 of the Complaint, and respectfully refers the Court to the document referenced in paragraph 558 for the exact contents thereof.

### (iii)    The Aborted February 2002 Transaction

559.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 559 of the Complaint.

560.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 560 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 560 for the exact contents thereof.

561.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 561 of the Complaint, and respectfully refers the Court to the document referenced in paragraph 561 for the exact contents thereof.

562.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 562 of the Complaint, and respectfully refers the Court to the document referenced in paragraph 562 for the exact contents thereof.

### 4.    The Fraudulent Transactions With EMF and Delta Flyer

563.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 563 of the Complaint.

### (i)    The February 2000 Transaction

564.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 564 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 564 for the exact contents thereof.

### (ii)    The February 2001 Transaction

565.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 565 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 565 for the exact terms and contents thereof.

566.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 566 of the Complaint.

567.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 567 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 567 for the exact terms and contents thereof.

568.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 568 of the Complaint, and respectfully refers the Court to the Examiner's Report for the exact contents thereof.

### (iii)    The February 2002 Transaction

569.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 569 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 569 for the exact contents thereof.

### (iv)    The February 2003 Transaction

570.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 570 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 570 for the exact contents thereof.

### 5. The Fraudulent Transaction With Beckenham

571.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 571 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 571 for the exact contents thereof.

### 6. The Fraudulent Transaction With CS Land

572.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 572 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 572, including the Examiner's Report, for the exact contents thereof.

### D. Summary and Form of Transactions

573.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 573 of the Complaint.

574.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 574 of the Complaint, and respectfully refers the Court to the Examiner's Report for the exact contents thereof.

575.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 575 of the Complaint.

576.     Grant Thornton neither admits nor denies the allegations set forth in paragraph 576 of the Complaint, which state a legal conclusion, as to which no response is required.  Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 576.

577.     Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 577 of the Complaint.

E. **Impact on Financial Statements**

578.    Grant Thornton denies the allegations set forth in paragraph 578 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 578 as to the other Defendants.  Grant Thornton neither admits nor denies the allegations set forth in paragraph 578, which state a legal conclusion, as to which no response is required.  Grant Thornton states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release.  Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon."  Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

579.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 579 of the Complaint.

580.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 580 of the Complaint.

581.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 581 of the Complaint.

582.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 582 of the Complaint.

583.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 583 of the Complaint.

584.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 584 of the Complaint.

585.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 585 of the Complaint.

586.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 586 of the Complaint.

587.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 587 of the Complaint.

## XII.    FALSE AND MISLEADING STATEMENTS

588.    Grant Thornton denies the allegations set forth in paragraph 588 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 588 as to the other Defendants.  The statements set forth in the last sentence of paragraph 588 are not allegations for which an admission or denial is required.  Grant Thornton states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release.  Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon."  Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

589.    Grant Thornton denies the allegations set forth in paragraph 589 of the Complaint to the extent that they purport to characterize the Bond Registration Statement, IPO Registration Statement, Form 8-K, Form 10-Q, and Form 10K SEC filings, and respectfully refers the Court to those documents for the exact terms and contents thereof.  Grant Thornton denies the remaining allegations set forth in paragraph 589 to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations

set forth in paragraph 589 as to the other Defendants, except states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release. Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon." Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

### A.    The May 2005 Press Release and May 2005 8-K

590.    Grant Thornton denies the allegations set forth in paragraph 590 of the Complaint, except states that Refco filed a Form 8-K on or about May 27, 2005, and respectfully refers the Court to the Form 8-K referenced in paragraph 590 for the exact terms and contents thereof.

591.    Grant Thornton denies the allegations set forth in paragraph 591 to the extent that they purport to characterize the May 2005 Press Release referenced therein, except states that paragraph 591 accurately quotes only a portion of the May 2005 Press Release. Grant Thornton respectfully refers the Court to the May 2005 Press Release referenced in paragraph 591 for the exact contents and context thereof. Grant Thornton states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release. Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon." Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

592.    Grant Thornton denies the allegations set forth in paragraph 592 of the Complaint, except states that paragraph 592 accurately quotes only a portion of the May 2005 Press Release.

Grant Thornton respectfully refers the Court to the May 2005 Press Release referenced in paragraph 592 for the exact contents and context thereof.

593.    Grant Thornton denies the allegations set forth in paragraph 593 of the Complaint to the extent that they purport to characterize the May 2005 Press Release referenced therein, except states that paragraph 593 accurately quotes only a portion of the May 2005 Press Release. Grant Thornton respectfully refers the Court to the May 2005 Press Release referenced in paragraph 593 for the exact contents and context thereof.

594.    Grant Thornton denies the allegations set forth in paragraph 594 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 594 as to the other Defendants.  Grant Thornton neither admits nor denies the allegations set forth in paragraph 594, which state a legal conclusion, as to which no response is required.  Grant Thornton states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release.  Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon."  Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

**B.    The Year End 2005 Press Release and 2005 10-K**

595.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 595 of the Complaint, except states that Refco filed its Annual Report for fiscal year 2005 on Form 10-K on or about July 1, 2005 and a Form 10-K/A on or about July 20, 2005 (collectively "2005 10-K"), and respectfully refers the Court to the 2005 10-K for the exact terms and contents thereof.

596.    Grant Thornton denies the allegations set forth in paragraph 596 of the Complaint, except states that Grant Thornton issued audit reports in connection with Refco's consolidated financial statements for the fiscal years ended 2003, 2004 and 2005, which financial statements were included in Refco's 2005 10-K, to which the Court is respectfully referred for the exact terms and contents thereof.

597.    Grant Thornton denies the allegations set forth in paragraph 597 of the Complaint to the extent that they purport to characterize the audited financial statements contained in the 2005 10-K, except states that paragraph 597 accurately reflects only a portion of Refco's audited financial statements contained in the 2005 10-K referenced therein, and respectfully refers the Court to Refco's audited financial statements included in the 2005 10-K referenced in paragraph 597 for the exact contents and context thereof.

598.    Grant Thornton denies the allegations set forth in paragraph 598 of the Complaint to the extent that they purport to characterize the 2005 10-K, except states that paragraph 598 accurately quotes only a portion of the 2005 10-K referenced therein, and respectfully refers the Court to the notes to Refco's audited financial statements included in the 2005 10-K for the exact contents and context thereof.

599.    Grant Thornton denies the allegations set forth in paragraph 599 of the Complaint to the extent that they purport to characterize the 2005 10-K, except states that paragraph 599 accurately quotes only a portion of the 2005 10-K referenced therein, and respectfully refers the Court to the 2005 10-K for the exact contents and context thereof.

600.    Grant Thornton denies the allegations set forth in paragraph 600 of the Complaint to the extent that they purport to characterize the 2005 10-K, except states that paragraph 600

accurately quotes only a portion of the 2005 10-K referenced therein, and respectfully refers the Court to the 2005 10-K for the exact contents and context thereof.

601.    Grant Thornton denies the allegations set forth in paragraph 601 of the Complaint to the extent that they purport to characterize the 2005 10-K, except states that paragraph 601 accurately quotes only a portion of the 2005 10-K referenced therein, and respectfully refers the Court to the 2005 10-K for the exact contents and context thereof.

602.    Grant Thornton denies the allegations set forth in paragraph 602 of the Complaint to the extent that they purport to characterize the 2005 10-K, except states that paragraph 602 accurately quotes only a portion of the 2005 10-K referenced therein, and respectfully refers the Court to the 2005 10-K for the exact contents and context thereof.  Grant Thornton neither admits nor denies the allegations set forth in paragraph 602, which state a legal conclusion, as to which no response is required.

603.    Grant Thornton denies the allegations set forth in paragraph 603 of the Complaint, except states that paragraph 603 accurately quotes only a portion of the 2005 10-K referenced therein, and respectfully refers the Court to the 2005 10-K for the exact contents and context thereof.

604.    Grant Thornton denies the allegations set forth in paragraph 604 of the Complaint, except states that paragraph 604 accurately quotes only a portion of the 2005 10-K referenced therein, and respectfully refers the Court to the 2005 10-K for the exact contents and context thereof.  Grant Thornton neither admits nor denies the allegations set forth in paragraph 604, which state a legal conclusion, as to which no response is required.

605.    Grant Thornton denies the allegations set forth in paragraph 605 to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief

as to the truth of the allegations set forth in paragraph 605 as to the other Defendants.  Grant

Thornton states that Refco announced the discovery of a receivable owed to it by an entity

controlled by Bennett in the October 10 Press Release.  Refco determined on October 9, 2005,

that "its financial statements, as of, and for the periods ended February 28, 2002, February 28,

2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc.,

Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon."  Grant

Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and

context thereof.

    **C.    The First Quarter 2006 Press Release,
        July 2005 8-K And First Quarter 2006 10-Q**

606.    Grant Thornton denies knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 606 of the Complaint, except states that Refco

filed a Form 8-K on or about July 15, 2005 and respectfully refers the Court to the July 2005 8-K

referenced in paragraph 606 for the exact terms and contents thereof.

607.    Grant Thornton denies the allegations set forth in paragraph 607 of the Complaint

to the extent that they purport to characterize the First Quarter 2006 Press Release, except states

that paragraph 607 accurately quotes only a portion of the First Quarter 2006 Press Release

referenced therein, and respectfully refers the Court to the First Quarter 2006 Press Release for

the exact contents and context thereof.

608.    Grant Thornton denies the allegations set forth in paragraph 608 of the Complaint,

except states that paragraph 608 accurately quotes only a portion of the First Quarter 2006 Press

Release referenced therein, and respectfully refers the Court to the First Quarter 2006 Press

Release for the exact contents and context thereof.

609.    Grant Thornton denies the allegations set forth in paragraph 609 of the Complaint to the extent that they purport to characterize the First Quarter 2006 10-Q and the First Quarter 2006 Press Release, except states that Refco's unaudited consolidated financial statements for the quarter ended May 31, 2005 were included in the First Quarter 2006 10-Q filed on or about July 15, 2005, to which the Court respectfully is referred for the exact terms and contents thereof.

610.    Grant Thornton denies the allegations set forth in paragraph 610 of the Complaint to the extent that they purport to characterize the First Quarter 2006 10-Q, except states that paragraph 546 accurately quotes only a portion of the First Quarter 2006 10-Q referenced therein, and respectfully refers the Court to the First Quarter 2006 10-Q for the exact contents and context thereof.

611.    Grant Thornton denies the allegations set forth in paragraph 611 of the Complaint to the extent that they purport to characterize the First Quarter 2006 10-Q, except states that paragraph 611 accurately quotes only a portion of the First Quarter 2006 10-Q referenced therein, and respectfully refers the Court to the First Quarter 2006 10-Q for the exact contents and context thereof.

612.    Grant Thornton denies the allegations set forth in paragraph 612 of the Complaint to the extent that they purport to characterize the First Quarter 2006 10-Q, except states that paragraph 612 accurately quotes only a portion of the First Quarter 2006 10-Q referenced therein, and respectfully refers the Court to the First Quarter 2006 10-Q for the exact contents and context thereof.  Grant Thornton neither admits nor denies the allegations set forth in paragraph 612, which state a legal conclusion, as to which no response is required.

613.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 613 of the Complaint, except states that paragraph 613 accurately quotes only a portion of the First Quarter 2006 10-Q referenced therein, and respectfully refers the Court to the First Quarter 2006 10-Q for the exact contents and context thereof.

614.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 614 of the Complaint, except states that paragraph 614 accurately quotes only a portion of the First Quarter 2006 10-Q referenced therein, and respectfully refers the Court to the First Quarter 2006 10-Q for the exact contents and context thereof.  Grant Thornton neither admits nor denies the allegations set forth in paragraph 614, which state a legal conclusion, as to which no response is required.

615.    Grant Thornton denies the allegations set forth in paragraph 615 of the Complaint to the extent that they purport to characterize the First Quarter 2006 10-Q, and respectfully refers the Court to the First Quarter 2006 10-Q for the exact terms and contents thereof.  Grant Thornton denies the allegations set forth in paragraph 615 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 615 as to the other Defendants.  Grant Thornton states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release.  Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon."  Grant Thornton

respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

## XIII.    ADDITIONAL ALLEGATIONS OF SCIENTER

616.    Grant Thornton denies the allegations set forth in paragraph 616 of the Complaint as to Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 616 as to the other Defendants.  Grant Thornton neither admits nor denies the allegations set forth in paragraph 616, which state a legal conclusion, as to which no response is required.  Grant Thornton states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release.  Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon."  Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

### A.    Circumstantial Evidence of Scienter

617.    Grant Thornton denies the allegations set forth in paragraph 617 of the Complaint as to Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 617 as to the other Defendants.  Grant Thornton neither admits nor denies the allegations set forth in paragraph 617, which state a legal conclusion, as to which no response is required.

618.    Grant Thornton denies the allegations set forth in paragraph 618 of the Complaint.

619.    Grant Thornton denies the allegations set forth in paragraph 619 of the Complaint.

620.    Grant Thornton denies the allegations set forth in paragraph 620 of the Complaint, except states that it sent a confirmation request to Delta Flyer, and respectfully refers the Court

to the documents referenced in paragraph 620 for the exact terms and context thereof. Grant Thornton further states that it lacks sufficient information about Customer X to be able to confirm or deny the allegations concerning Customer X.

621.    Grant Thornton denies the allegations set forth in paragraph 621 of the Complaint.

622.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 622 of the Complaint, except states that Grant Thornton performed a re-audit of Refco's February 2002 year end consolidated financial statements. Grant Thornton respectfully refers the Court to the confirmation requests referenced in paragraph 622 for the exact terms and context thereof.

623.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 623 of the Complaint, and respectfully refers the Court to the Statements of Account for Customer X, Delta Flyer and Beckenham referenced in paragraph 623 for the exact contents thereof.

624.    Grant Thornton denies the allegations set forth in paragraph 624 of the Complaint and respectfully refers the Court to the Statements of Account referenced in paragraph 624 for the exact contents thereof.

625.    Grant Thornton denies the allegations set forth in paragraph 625 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 625 as to Lead Plaintiffs' investigation.

626.    Grant Thornton denies the allegations set forth in paragraph 626 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 626, including the Examiner's Report, for the exact terms and context thereof.

627.    Grant Thornton denies the allegations set forth in paragraph 627 of the Complaint as to Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 627 as to the other Defendants.  Grant Thornton neither admits nor denies the truth of the allegations set forth in paragraph 627, which state a legal conclusion, as to which no response is required.

628.    Grant Thornton denies the allegations set forth in paragraph 628 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 628 for the exact terms and context thereof.

629.    Grant Thornton denies the allegations set forth in paragraph 629 of the Complaint as to Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 629 as to the other Defendants.  Grant Thornton neither admits nor denies the truth of the allegations set forth in paragraph 629, which state a legal conclusion, as to which no response is required.

630.    Grant Thornton denies the allegations set forth in paragraph 630 of the Complaint as to Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 630 as to the other Defendants.  Grant Thornton neither admits nor denies the truth of the allegations set forth in paragraph 630, which state a legal conclusion, as to which no response is required.

631.    Grant Thornton denies the allegations set forth in paragraph 631 of the Complaint as to Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 631 as to the other Defendants, and respectfully refers the Court to the documents referenced in paragraph 631 for the exact terms and context thereof.

632.     Grant Thornton denies the allegations set forth in paragraph 632 of the Complaint as to Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 632 as to the other Defendants.

633.     Grant Thornton denies the allegations set forth in paragraph 633 of the Complaint as to Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 633 as to the other Defendants.

634.     Grant Thornton denies the allegations set forth in paragraph 634 of the Complaint as to Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 634 as to the other Defendants.  Grant Thornton neither admits nor denies the truth of the allegations set forth in paragraph 634, which state a legal conclusion, as to which no response is required.

635.     Grant Thornton denies the allegations set forth in paragraph 635 as to Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 635 as to the other Defendants.  Grant Thornton denies the allegations set forth in paragraph 635 of the Complaint to the extent they purport to characterize the IPO Registration Statement, and respectfully refers the Court to the IPO Registration Statement for the exact terms and contents thereof.  Grant Thornton neither admits nor denies the truth of the allegations set forth in paragraph 635, which state a legal conclusion, as to which no response is required.

636.     Grant Thornton denies the allegations set forth in paragraph 636 of the Complaint as to Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 636 as to the other Defendants, except states, upon information and belief, that RGHI, at certain times, was wholly owned by Bennett.  Grant

Thornton denies the allegations set forth in paragraph 636 to the extent they purport to characterize the Bond Registration Statement and the IPO Registration Statement and respectfully refers the Court to the Bond Registration Statement and IPO Registration Statement for the exact contents thereof.  Grant Thornton neither admits nor denies the truth of the allegations set forth in paragraph 636, which state a legal conclusion, as to which no response is required.

637.    Grant Thornton denies the allegations set forth in paragraph 637 of the Complaint as to Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 637 as to the other Defendants.

638.    Grant Thornton denies the allegations set forth in paragraph 638 of the Complaint as to Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 638 as to the other Defendants.

639.    Grant Thornton denies the allegations set forth in paragraph 639 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 639 for the exact terms and contents thereof.  Grant Thornton neither admits nor denies the allegations set forth in paragraph 639, which state a legal conclusion, as to which no response is required.

640.    The allegations set forth in paragraph 640 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 640 as no response is required.

641.    The allegations set forth in paragraph 641 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 641 as no response is required.

642.    The allegations set forth in paragraph 642 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 642 as no response is required.

643.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 643 of the Complaint.

644.    Grant Thornton denies the allegations set forth in paragraph 644 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 644 as to the other Defendants.  Grant Thornton neither admits nor denies the allegations set forth in paragraph 644, which state a legal conclusion, as to which no response is required.

645.    Grant Thornton denies the allegations set forth in paragraph 645 of the Complaint as to Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 645 as to the other Defendants.

646.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 646 of the Complaint.

647.    Grant Thornton denies the allegations set forth in paragraph 647 of the Complaint as to Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 647 as to the other Defendants.

648.    Grant Thornton denies the allegations set forth in paragraph 648 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 648 as to the other Defendants, except states that Refco was fined $1.25 million by the CFTC in 1994.

649. Grant Thornton denies the allegations set forth in paragraph 649 of the Complaint as to Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 649 as to the other Defendants.

650. The allegations set forth in paragraph 650 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 650 as no response is required.

651. Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 651 of the Complaint.

652. Grant Thornton denies the allegations set forth in paragraph 652 of the Complaint, and states that paragraph 652 accurately quotes only a portion of the document referenced in paragraph 652, and respectfully refers the Court to the document referenced in paragraph 652 for the exact contents thereof.

653. Grant Thornton denies the allegations set forth in paragraph 653 of the Complaint, and states that paragraph 653 accurately quotes only a portion of the document referenced in paragraph 653 (with the exception of a typographical error), and respectfully refers the Court to the document referenced in paragraph 653 for the exact contents thereof.

654. Grant Thornton denies the allegations set forth in paragraph 654 of the Complaint, and states that paragraph 654 accurately quotes only a portion of the document referenced in paragraph 654, and respectfully refers the Court to the document referenced in paragraph 654 for the exact contents thereof.

### B.    **Motive and Opportunity**

655. The allegations set forth in paragraph 655 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 655 as no response is required.

656.    The allegations set forth in paragraph 656 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 656 as no response is required.

657.    The allegations set forth in paragraph 657 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 657 as no response is required.

658.    The allegations set forth in paragraph 658 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 658 as no response is required.

659.    The allegations set forth in paragraph 659 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 659 as no response is required.

660.    The allegations set forth in paragraph 660 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 660 as no response is required.

661.    The allegations set forth in paragraph 661 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 661 as no response is required.

662.    The allegations set forth in paragraph 662 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 662 as no response is required.

663.    The allegations set forth in paragraph 663 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 663 as no response is required.

664.    The allegations set forth in paragraph 664 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 664 as no response is required.

665.    The allegations set forth in paragraph 665 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 665 as no response is required.

666.    The allegations set forth in paragraph 666 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 666 as no response is required.

667.    The allegations set forth in paragraph 667 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 667 as no response is required.

668.    The allegations set forth in paragraph 668 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 668 as no response is required.

669.    The allegations set forth in paragraph 669 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 669 as no response is required.

670.    The allegations set forth in paragraph 670 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 670 as no response is required.

671.    Grant Thornton denies the allegations set forth in paragraph 671 of the Complaint, except states that Arthur Andersen LLP was formerly Refco's auditor, and that Mark Ramler was formerly a partner at Arthur Andersen LLP.

672.    Grant Thornton denies the allegations set forth in paragraph 672, except Grant Thornton neither admits nor denies the allegations set forth in paragraph 672 of the Complaint, which state a legal conclusion, as to which no response is required.

673.    Grant Thornton denies the allegations set forth in paragraph 673 of the Complaint, and respectfully refers the Court to the documents referenced in paragraph 673 for the exact terms and context thereof.

**C.    Additional Allegations of Scienter As to the Audit Committee**

674.    The allegations set forth in paragraph 674 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 674 as no response is required.

675.    The allegations set forth in paragraph 675 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 675 as no response is required.

676.    The allegations set forth in paragraph 676 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 676 as no response is required.

677.    The allegations set forth in paragraph 677 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 677 as no response is required.

678.    The allegations set forth in paragraph 678 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 678 as no response is required.

679.    The allegations set forth in paragraph 679 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 679 as no response is required.

680.    The allegations set forth in paragraph 680 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 680 as no response is required.

681.    The allegations set forth in paragraph 681 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 681 as no response is required.

682.    The allegations set forth in paragraph 682 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 682 as no response is required.

683.    The allegations set forth in paragraph 683 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 683 as no response is required.

684.    The allegations set forth in paragraph 684 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 684 as no response is required.

### D.    Additional Allegations of Scienter Against the THL Defendants

685.    The allegations set forth in paragraph 685 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 685 as no response is required.

686.    The allegations set forth in paragraph 686 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 686 as no response is required.

687.    The allegations set forth in paragraph 687 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 687 as no response is required.

688.    The allegations set forth in paragraph 688 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 688 as no response is required.

689.    The allegations set forth in paragraph 689 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 689 as no response is required.

690.    Grant Thornton denies the allegations set forth in paragraph 690 of the Complaint as to Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 690 as to the other Defendants.

691.    Grant Thornton denies the allegations set forth in paragraph 691 of the Complaint as to Grant Thornton, and denies knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 691 as to the other Defendants. Grant Thornton respectfully refers the Court to the documents referenced in paragraph 691 for the exact terms and contents thereof.

692. The allegations set forth in paragraph 692 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 692 as no response is required.

693. The allegations set forth in paragraph 693 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 693 as no response is required.

694. The allegations set forth in paragraph 694 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 694 as no response is required.

695. The allegations set forth in paragraph 695 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 695 as no response is required.

696. The allegations set forth in paragraph 696 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 696 as no response is required.

697. The allegations set forth in paragraph 697 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 697 as no response is required.

698.    The allegations set forth in paragraph 698 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 698 as no response is required.

699.    The allegations set forth in paragraph 699 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 699 as no response is required.

700.    The allegations set forth in paragraph 700 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 700 as no response is required.

701.    The allegations set forth in paragraph 701 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 701 as no response is required.

702.    Grant Thornton denies the allegations set forth in paragraph 702 of the Complaint as to Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 702 as to the other Defendants, and respectfully refers the Court to the documents referenced in paragraph 702 for the exact terms and context thereof.

703.    Grant Thornton denies the allegations set forth in paragraph 703 of the Complaint as to Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 703 as to the other Defendants, and respectfully refers the Court to the Management Letter referenced in paragraph 703 for the exact terms and context thereof.

704.    The allegations set forth in paragraph 704 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 704 as no response is required.

705.    Grant Thornton denies the allegations set forth in paragraph 705 of the Complaint as to Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 705 as to the other Defendants, and respectfully refers the Court to the documents referenced in paragraph 705 for the exact terms and context thereof.

706.    Grant Thornton denies the allegations set forth in paragraph 706 of the Complaint as to Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 706 as to the other Defendants, and respectfully refers the Court to the documents referenced in paragraph 706 for the exact terms and context thereof.

707.    The allegations set forth in paragraph 707 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 707 as no response is required.

708.    The allegations set forth in paragraph 708 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 708 as no response is required.

709.    The allegations set forth in paragraph 709 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 709 as no response is required.

### E. Additional Allegations of Scienter Against Mayer Brown and Collins

#### 1. Motive and Opportunity

710.    The allegations set forth in paragraph 710 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 710 as no response is required.

711.    The allegations set forth in paragraph 711 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 711 as no response is required.

712.    The allegations set forth in paragraph 712 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 712 as no response is required.

713.    The allegations set forth in paragraph 713 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 713 as no response is required.

714.    The allegations set forth in paragraph 714 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 714 as no response is required.

#### 2. Knowledge and/or reckless disregard of the fraud

715.    The allegations set forth in paragraph 715 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 715 as no response is required.

716.    The allegations set forth in paragraph 716 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 716 as no response is required.

717.    The allegations set forth in paragraph 717 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 717 as no response is required.

718.    The allegations set forth in paragraph 718 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 718 as no response is required.

719.    The allegations set forth in paragraph 719 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 719 as no response is required.

720.    The allegations set forth in paragraph 720 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 720 as no response is required.

721.    The allegations set forth in paragraph 721 of the Complaint are not directed against Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 721 as no response is required.

## XIV.  LOSS CAUSATION

722.    Grant Thornton denies the allegations set forth in paragraph 722 of the Complaint.

723.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 723 of the Complaint.

724.    Grant Thornton denies the allegations set forth in paragraph 724 of the Complaint, except states, upon information and belief, that Refco filed for bankruptcy protection on or about October 17, 2005.  Grant Thornton states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release.  Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28,

2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon." Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

725.    Grant Thornton denies the allegations set forth in paragraph 725 of the Complaint, and states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release. Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon." Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

726.    Grant Thornton denies the allegations set forth in paragraph 726 of the Complaint.

## XV.    INAPPLICABILITY OF THE STATUTORY SAFE HARBOR

727.    Grant Thornton denies the allegations set forth in paragraph 727 of the Complaint, except to the extent they state a legal conclusion, as to which no response is required.

728.    Grant Thornton denies the allegations set forth in paragraph 728 of the Complaint, except to the extent they state a legal conclusion, as to which no response is required.

## XVI.  PRESUMPTION OF RELIANCE

### A.  Reliance Should Be Presumed With Respect to Defendants' Omissions

729.    Grant Thornton denies the allegations set forth in paragraph 729 of the Complaint, except to the extent they state a legal conclusion, as to which no response is required.

### B.  Reliance Upon the Offering Memorandum and Road Show Should Be Presumed For All Purchasers of 144A Bonds in the Initial Offering

730.    Grant Thornton denies the allegations set forth in paragraph 730 of the Complaint as to Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 730 as to the other Defendants, except states that paragraph 730 accurately quotes only a portion of the Offering Memorandum, and respectfully refers the Court to the Offering Memorandum for the exact terms and context thereof.

731.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 731 of the Complaint, except to the extent they state a legal conclusion, as to which no response is required.

### C.  Reliance Should Be Presumed Because Fraud Created The Market for the Company's Securities

732.    Grant Thornton denies the allegations set forth in paragraph 732 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 732 of the Complaint as to the other Defendants, except that Grant Thornton neither admits nor denies the allegations set forth in paragraph 732 which state a legal conclusion, as to which no response is required.

733.    Grant Thornton denies the allegations set forth in paragraph 733 of the Complaint to the extent they purport to characterize the Offering Memorandum and Bond Registration Statement and respectfully refers the Court to the Offering Memorandum and

Bond Registration Statement for the exact terms and contents thereof.  Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 733.  Grant Thornton states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release. Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon."  Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

734.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 734 of the Complaint, except to the extent they state a legal conclusion, as to which no response is required.

735.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 735 of the Complaint.  Grant Thornton neither admits nor denies the allegations set forth in paragraph 735, which state a legal conclusion, as to which no response is required.

736.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 736 of the Complaint.  Grant Thornton neither admits nor denies the allegations set forth in paragraph 736, which state a legal conclusion, as to which no response is required.

**D.    Reliance Should Be Presumed Under the Fraud-on-the-Market Doctrine**

737.    Grant Thornton denies the allegations set forth in paragraph 737 of the Complaint, except to the extent they state a legal conclusion, as to which no response is required.

738.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 738 of the Complaint.

739.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 739 of the Complaint.

740.    Grant Thornton denies the allegations set forth in paragraph 740 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 740 as to the other Defendants.

741.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 741 of the Complaint, and respectfully refers the Court to the document referenced in paragraph 741 for the exact terms and context thereof.

742.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 742 of the Complaint.

743.    Grant Thornton denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 743 of the Complaint.

744.    Grant Thornton denies the allegations set forth in paragraph 744 of the Complaint, except to the extent they state a legal conclusion, as to which no response is required.

## XVII.  CLAIMS FOR RELIEF UNDER THE EXCHANGE ACT

### COUNT NINE

745.    Grant Thornton repeats and realleges each and every response set forth in paragraphs 1-744 as if fully set forth herein.

746.    Grant Thornton neither admits nor denies the allegations set forth in paragraph 746 of the Complaint, which state a legal conclusion, as to which no response is required, except states that Plaintiffs purport to bring a claim under Section 10(b) of the Exchange Act and Rule 10b-5.

747.    Grant Thornton denies the allegations set forth in paragraph 747 to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 747 as to the other Defendants, except that Grant Thornton neither admits nor denies the allegations set forth in paragraph 747 of the Complaint, which state a legal conclusion, as to which no response is required. Grant Thornton respectfully refers the Court to the documents referenced in paragraph 747 for the exact terms and contents thereof.  Grant Thornton states that Refco announced the discovery of a receivable owed to it by an entity controlled by Bennett in the October 10 Press Release.  Refco determined on October 9, 2005, that "its financial statements, as of, and for the periods ended February 28, 2002, February 28, 2003, February 28, 2004, February 28, 2005 and May 31, 2005, taken as a whole for Refco Inc., Refco Group Ltd., LLC, and Refco Finance, Inc. should no longer be relied upon."  Grant Thornton respectfully refers the Court to the October 10 Press Release for the exact terms and context thereof.

748.    Grant Thornton denies the allegations set forth in paragraph 748 to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 748 as to the other Defendants, except that Grant Thornton neither admits nor denies the allegations set forth in paragraph 748 of the Complaint, which state a legal conclusion, as to which no response is required.

749.    Grant Thornton denies the allegations set forth in paragraph 749 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 749 as to the other Defendants.

750.    The allegations set forth in paragraph 750 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraph 750 as no response is required.

751.    Grant Thornton denies the allegations set forth in paragraph 751 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 751 as to the other Defendants, except that Grant Thornton neither admits nor denies the allegations set forth in paragraph 751 of the Complaint, which state a legal conclusion, as to which no response is required.

752.    Grant Thornton denies the allegations set forth in paragraph 752 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 752 as to the other Defendants.

753.    Grant Thornton denies the allegations set forth in paragraph 753 of the Complaint to the extent asserted against Grant Thornton, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 753 as to the other Defendants.

754.    Grant Thornton denies the allegations set forth in paragraph 754 of the Complaint.

755.    Grant Thornton denies the allegations set forth in paragraph 755 of the Complaint.

## COUNT TEN

756.    Grant Thornton repeats and realleges each and every response set forth in paragraphs 1-755 as if fully set forth herein.

757-763.    The allegations set forth in paragraphs 757-763 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraphs 757-763 as no response is required.

## COUNT ELEVEN

764.    Grant Thornton repeats and realleges each and every response set forth in paragraphs 1-763 as if fully set forth herein.

765-773.    The allegations set forth in paragraphs 765-773 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraphs 765-773 as no response is required.

## COUNT TWELVE

774.    Grant Thornton repeats and realleges each and every response set forth in paragraphs 1-773 as if fully set forth herein.

775-786.    The allegations set forth in paragraphs 775-786 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraphs 775-786 as no response is required.

## COUNT THIRTEEN

787.    Grant Thornton repeats and realleges each and every response set forth in paragraphs 1-786 as if fully set forth herein.

788-803.    The allegations set forth in paragraphs 788-803 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraphs 788-803 as no response is required.

## COUNT FOURTEEN

804.    Grant Thornton repeats and realleges each and every response set forth in paragraphs 1-803 as if fully set forth herein.

805-817.    The allegations set forth in paragraphs 805-817 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraphs 805-817 as no response is required.

## COUNT FIFTEEN

818.    Grant Thornton repeats and realleges each and every response set forth in paragraphs 1-817 as if fully set forth herein.

819-827.    The allegations set forth in paragraphs 819-827 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraphs 819-827 as no response is required.

## COUNT SIXTEEN

828.    Grant Thornton repeats and realleges each and every response set forth in paragraphs 1-827 as if fully set forth herein.

829-833.    The allegations set forth in paragraphs 829-833 of the Complaint are not directed at Grant Thornton, and therefore Grant Thornton neither admits nor denies the allegations set forth in paragraphs 829-833 as no response is required.

## JURY DEMAND

834.    The statements set forth in paragraph 834 of the Complaint are not allegations for which an admission or denial is required.


## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Grant Thornton planned and conducted its audits in accordance with the applicable professional standards.

### THIRD AFFIRMATIVE DEFENSE

Grant Thornton is not liable to Plaintiffs because it had reasonable grounds to believe, and did believe at the time, that Refco's financial statements, which were contained in, among other documents, the Offering Memorandum; Bond Registration Statement (including prior amendments); Form 10-K and Form 10-K/A Annual Reports, filed on or about July 1, 2005 and July 20, 2005, respectively; and IPO Registration Statement (including prior amendments) were true and that there were no misstatements of material fact or omissions of material fact that were necessary to make the statements therein not misleading.

### FOURTH AFFIRMATIVE DEFENSE

Grant Thornton acted at all times in good faith and had no knowledge, and was not reckless in not knowing, that any alleged statement or omission was false or misleading.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Grant Thornton are barred in whole, or in part, because the depreciation in the market price of Refco securities resulted from factors other than Grant Thornton's alleged misconduct.

## SIXTH AFFIRMATIVE DEFENSE

Any loss allegedly incurred by Plaintiffs is not recoverable because all or a portion of that loss resulted from intervening or superseding causes, including the conduct of persons and/or entities other than Grant Thornton, including, but not limited to, co-defendants in this action.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Grant Thornton are barred in whole or in part by their own actions, omissions, and/or negligence, or the actions, omissions and/or negligence of others over whom Grant Thornton has no control, including, but not limited to, co-defendants in this action.

## EIGHTH AFFIRMATIVE DEFENSE

Grant Thornton is not liable because Plaintiffs' alleged losses were not actually or proximately caused by Grant Thornton.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because of the lack of loss causation. Plaintiffs have not suffered any injury or harm as a result of the actions of Grant Thornton alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Grant Thornton are barred in whole or in part because of the lack of transaction causation. Grant Thornton's alleged misconduct did not cause Plaintiffs to engage in the transaction alleged in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

This action is not maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs and other members of the putative class lack standing to maintain some or all of their claims.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Grant Thornton are barred, in whole or in part, by the fraud of third parties, including, but not limited to, co-defendants in this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their alleged damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any damage, loss, or liability sustained by Plaintiffs must be reduced, diminished, and/or eliminated in proportion to the wrongful or negligent conduct of entities or individuals other than Grant Thornton under the principles of equitable allocation, recoupment, set-off, contribution, proportionate responsibility, and comparative fault.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages are reduced by the amounts they have recovered from third parties in connection with the claims alleged in the Complaint, including, but not

limited to, any amounts recovered in connection with distributions made under the bankruptcy plan in the In re Refco, Inc., et al., 05-60006, (Bankr. S.D.N.Y.) and their settlement with BAWAG in this action.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Other parties not named in the Complaint may be indispensable parties to this action.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to plead their claims against Grant Thornton with particularity.

### NINETEENTH AFFIRMATIVE DEFENSE

Grant Thornton adopts by reference any applicable defense pled by any other defendant not expressly set forth herein.

### TWENTIETH AFFIRMATIVE DEFENSE

Grant Thornton has insufficient knowledge or information upon which to form a belief as to whether there may be additional affirmative defenses available to it, and therefore reserves the right to assert such additional defenses.


Dated: February 1, 2008
     New York, New York                  WINSTON & STRAWN LLP

                                   By:          /s/

David E. Mollón (dmollon@winston.com)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
Ph: (212) 294-6700
Fax: (212) 294-4700

Bradley E. Lerman (blerman@winston.com)
Linda T. Coberly (lcoberly@winston.com)
35 W. Wacker Drive
Chicago, Illinois 60601
Ph: (312) 558-5600
Fax: (312) 558-5700

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |
|---|
| In re REFCO, INC. SECURITIES LITIGATION |

**ELECTRONICALLY FILED**

**07 MDL 1902**
**MASTER FILE NO.**
**05 CIV. 8626 (GEL)**

**Hon. Gerald E. Lynch**

I hereby affirm under penalties of perjury the following:

1.      I am an attorney with the firm of Winston & Strawn LLP, 200 Park Avenue, New York, New York, counsel of record for Defendant Grant Thornton LLP.

2.      On February 1, 2008, Grant Thornton LLP's Answer and Affirmative Defenses To Lead Plaintiffs' Second Amended Consolidated Class Action Complaint was served via electronic filing in the Southern District of New York's CM/ECF system to all parties and via U.S. Postal Service to:

American Financial International Group - Asia, LLC
Squitieri & Fearon, LLP
32 East 57th Street
12th Floor
New York, NY 10022

John K. Villa
William T. Burke
Williams & Connolly LLP
725 Twelfth Street, North West
Washington, Dc 20005

Dated: February 1, 2008
    New York, New York

_____
Ruth A. Braun