UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
In re REFCO, INC. SECURITIES              :   MDL-1902
LITIGATION                                :   05 Civ. 8626 (GEL)
                                          :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE 144A DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

WILMER CUTLER PICKERING
  HALE AND DORR LLP

Robert B. McCaw
Lori A. Martin
John V.H. Pierce
Dawn M. Wilson
Michael L. Feinberg

399 Park Avenue
New York, New York 10022
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

*Attorneys for 144A Defendants Credit Suisse Securities (USA) LLC, Banc of America Securities LLC, and Deutsche Bank Securities, Inc.*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT

    The 144A Defendants Did Not Directly Or Indirectly
    Participate In The Distribution of Registered Bonds To Investors......................................2

CONCLUSION..................................................................................................................8

**TABLE OF AUTHORITIES**

**Cases**

*Ackerberg v. Johnson*, 892 F.2d 1328 (8th Cir. 1989)..................................................................3

*Escott v. BarChris Construction Corporation*,
    283 F. Supp. 643 (S.D.N.Y. 1968)..........................................................................................4

*Harden v. Raffensperger, Hughes & Co.*,
    65 F.3d 1392 (7th Cir. 1995) ..................................................................................................5

*Hedden v. Marinelli*, 796 F. Supp. 432 (N.D. Cal. 1992)...............................................................3

*Herman & MacLean v. Huddleston*, 459 U.S. 375 (1983) .........................................................4, 5

*Ingenito v. Bermec Corporation*, 441 F. Supp. 525 (S.D.N.Y. 1977) ............................................4

*In re Activision Securities Litigation*,
    621 F. Supp. 415 (N.D. Cal. 1985) .........................................................................................6

*In re Adelphia Communications Corporation Securities & Derivative Litigation*,
    No. 03 MD 1529, 2007 WL 2615928 (S.D.N.Y. Sept. 10, 2007) ..........................................4

*In re Flight Transport Corporation Securities Litigation*,
    593 F. Supp. 612 (D. Minn. 1984)..........................................................................................4

*In re Refco, Inc. Securities Litigation*,
    503 F. Supp. 2d 611 (S.D.N.Y. 2007)........................................................................1, 3, 5, 6

*In re WorldCom Securities Litigation*,
    308 F. Supp. 2d 338 (S.D.N.Y. 2004).....................................................................................7

*McFarland v. Memorex Corporation*,
    493 F. Supp. 631 (D.C. Cal. 1980) .....................................................................................3, 6

*New York City Shoes Securities Litigation*,
    No. 87 Civ. 4677, 1988 WL 80125 (E.D. Pa. July 9, 1988)...................................................4

*Special Situations Fund, III, L.P. v. Cocchiola*,
    No. 02 Civ. 3099, 2007 WL 2261557 (D.N.J. Aug. 3, 2007).................................................6

**Federal Statutes**

15 U.S.C. § 77b(a)(11)....................................................................................................................3

The 144A Defendants[1] respectfully submit this reply memorandum in further support of their motion to dismiss Count Three of the Second Amended Consolidated Class Action Complaint ("Complaint") for failure to state a claim upon which relief may be granted.

## PRELIMINARY STATEMENT

In the previous iteration of their complaint, Plaintiffs argued that the private placement of unregistered bonds and the subsequent offering of registered bonds should be integrated into a single transaction, and that the conduct of the 144A Defendants in connection with the private placement of unregistered bonds should subject them to Section 11 liability with respect to the registered offering. This Court rejected that theory, but invited Plaintiffs to file an amended complaint explaining the 144A Defendants' participation in the distribution of the registered bonds. *In re Refco, Inc. Sec. Litig.*, 503 F. Supp. 2d 611, 630 n.15 (S.D.N.Y. 2007).

Plaintiffs' Opposition confirms that the 144A Defendants did not participate in the distribution of the registered bonds within the meaning of Section 11. Although this Court's prior opinion plainly states that statutory underwriters distribute securities to investors, hold themselves out in respect to offerings, acknowledge their roles in the offering, and bear risk on transactions, Plaintiffs' allegations meet none of these requirements. To the contrary: the very first sentence of Plaintiffs' opposition concedes that the 144A Defendants "did not actually distribute the registered bonds to investors."[2] Instead, Plaintiffs allege that the 144A Defendants, who were also underwriters for the IPO, reviewed and commented on drafts of the Bond Registration Statement "[t]o ensure the success of the IPO." Opp. at 3. This conduct does not

---

[1] The 144A Defendants were initial purchasers for a private placement of Refco Group Ltd., LLC bonds and also served as underwriters for the initial public offering ("IPO") of the Company's stock.

[2] Lead Plaintiffs' Memorandum of Law In Opposition to the 144A Defendants' Motion to Dismiss the Second Amended Consolidated Class Action Complaint, dated February 2, 2008 ("Opp."), at 1.

amount to participation – direct or indirect – in the distribution of the *bonds*, and there is no case law supporting the imposition of Section 11 liability for such conduct.

Plaintiffs, thus, advance a policy preference for expanding the definition of underwriter from one who distributes securities to any person who communicates with an issuer about a securities offering. There is no limiting principle to this interpretation and it effectively reads out of Section 11 the requirement that an underwriter participate in the distribution of the security. On similar reasoning, the courts have refused to expand Section 11 to include legal scriveners who draft portions of registration statements but who do not participate in the distribution of securities. Just as a legal scrivener's participation in drafting a registration statement is not tantamount to expertising the document, an investment bank's review of drafts of a registration statement does not equate to holding the investment bank out to the public as having evaluated the financial condition of the issuer. Congress chose instead to restrict liability to actual distribution activity. As is now clear, Plaintiffs make no allegations that the 144A Defendants participated in the distribution of the registered bonds, and Count Three should be dismissed as against them.

## ARGUMENT

### I.

**THE 144A DEFENDANTS DID NOT DIRECTLY OR INDIRECTLY PARTICIPATE IN THE DISTRIBUTION OF REGISTERED BONDS TO INVESTORS**

The Section 11 claim is deficient because the 144A Defendants did not participate in the distribution of registered bonds to investors. Plaintiffs have conceded as much. Opp. at 10 (stating that the 144A Defendants "did not actually distribute the registered bonds to investors"). That concession is fatal to their claim.

Section 11, in pertinent part, defines an underwriter as:

> any person who has purchased from an issuer with a view to, or offers or sells for an issuer in connection with, *the distribution of any security*, or participates or has a direct or indirect participation in any *such undertaking*, or participates or has a participation in the direct or indirect underwriting of any *such undertaking*. . . .

15 U.S.C. § 77b(a)(11) (emphasis supplied).[3] Thus, to be an underwriter within the meaning of the Securities Act, one "'must participate in the distribution of a security.'" *In re Refco*, 503 F. Supp. 2d 611, 629 (S.D.N.Y. 2007) (quoting *McFarland v. Memorex Corp.*, 493 F. Supp. 631, 644 (D.C. Cal. 1980)).

The legislative history of the Securities Act similarly confirms that underwriters are those who participate in the distribution of the security at issue. *See, e.g., Ackerberg v. Johnson*, 892 F.2d 1328, 1335 (8th Cir. 1989) (*quoting* H.R. Rep. No. 73-85, at 13-14 (1933)) ("The congressional intent in defining 'underwriter' was to cover all persons who might operate as conduits for the transfer of securities to the public."); *McFarland*, 493 F. Supp. at 644 ("It is crucial to the definition of 'underwriter' that any underwriter must participate in the distribution of a security."); *Hedden v. Marinelli*, 796 F. Supp. 432, 437 (N.D. Cal. 1992) ("The congressional intent of this definition was to cover all persons who might operate as conduits for the transfer of securities to the public").

In this context, the allegation that the 144A Defendants "influenced the content of the Bond Registration Statement" (Opp. at 13) is not sufficient participation in the distribution of a security to qualify the 144A Defendants as underwriters of the public offering. The courts have long and uniformly held that the drafting of a registration statement, without more, cannot create

---

[3] Section 11 defines "underwriter" in three parts. 15 U.S.C. § 77b(a)(11). The first two parts refer to "firm commitment" or "best efforts" forms of distribution, neither of which is applicable in this action.

Section 11 liability. *Herman & MacLean v. Huddleston*, 459 U.S. 375, 386 n. 22 (1983) (noting that "certain individuals who play a part in preparing the registration statement generally cannot be reached by a Section 11 action," including "lawyers not acting as 'experts,' and accountants with respect to parts of a registration statement which they are not named as having prepared or certified"); *Escott v. BarChris Const. Corp.*, 283 F. Supp. 643, 683 (S.D.N.Y. 1968) (attorneys); *N.Y. City Shoes Sec. Litig.*, No. 87 Civ. 4677, 1988 WL 80125, at *2-3 (E.D. Pa. July 9, 1988) (dismissing Section 11 claim against law firm where complaint alleged that law firm "drafted the preliminary prospectus, prospectus, and registration statement, but not that it was named with its consent as having prepared these documents"); *In re Flight Transport Corp. Sec. Litig.*, 593 F. Supp. 612, 615-16 (D. Minn. 1984) (attorney not "expert" for Section 11); *Ingenito v. Bermec Corp.*, 441 F. Supp. 525, 536 (S.D.N.Y. 1977) ("An underwriter buys securities directly or indirectly from the issuer and resells them to the public, or he performs some act (or acts) that facilitates the issuer's distribution. He participates in the transmission process between the issuer and the public.").[4]

Although Plaintiffs understandably seek to limit the application of these cases to attorneys (Opp. at 12-13), the rationale for the exclusion of attorneys from Section 11 liability is not status-based. Instead, it "hinges on [the entity's] relationship to the particular offering, and the kind of business it conducts in general." *In re Adelphia Commc'n Corp. Sec. & Deriv. Litig.*, No. 03 MD 1529, 2007 WL 2615928, at*8 (S.D.N.Y. Sept. 10, 2007). If an attorney's review and drafting of portions of the registration statement do not make the law firm liable as an underwriter, it follows that the investment bank's commentary on portions of a registration

---

[4] See also Memorandum of Law In Support of the 144A Defendants' Motion to Dismiss the Second Amended Consolidated Class Action Complaint, dated February 1, 2008 ("Mem.") at 9-10.

statement, without some participation in the distribution of securities, would not render the investment bank liable. Relatedly, drafting of a registration statement does not create Section 11 liability because the drafting attorney has not acted as an "expert" with respect to the registration statement. *Huddleston*, 459 U.S. at 386, n. 22. This animating principle applies with full force to the 144A Defendants. As this Court explained in its earlier decision:

> Underwriters are subjected to liability because they hold themselves out as professionals who are able to evaluate the financial condition of the issuer. This is precisely what the Underwriting Defendants did *not* do with respect to the public offering in this case. Plaintiffs have alleged no facts suggesting the Bond Underwriter Defendants held themselves out in any respect as to the public offering; on the contrary, any role they may have played in that offering was never publicly acknowledged.

*In re Refco*, 503 F. Supp. 2d at 629 (citations omitted).

The authorities cited at pages 9 and 10 of Plaintiffs' Opposition do not support the imposition of liability in this case. *Harden v. Raffensperger, Hughes & Co., Inc.*, 65 F.3d 1392, 1396 (7th Cir. 1995), is illustrative. As set forth in the 144A Defendants' opening brief, *Harden* involved a "qualified independent underwriter" whose participation was necessary to the offering on which plaintiffs sued. Mem. at 8-9. In contrast with an *Exxon Capital* exchange, NASD rules require qualified independent underwriters to accept Section 11 liability. *Harden*, 65 F.3d at 1397. Here, there is no claim that the 144A Defendants were necessary to the distribution of the registered bonds. As one court noted, the qualified independent underwriters involved in *Harden* are "an entirely different animal" than the initial purchasers of an *Exxon Capital* exchange. *Adelphia*, 2007 WL 2615928, at *9. Accordingly, *Harden* is "a decision of no moment here." *Id*.

Plaintiffs' effort to treat mere commentary on the language of the registration statement as distribution activity similarly fails to take into account another attribute of underwriting;

5

namely, that underwriters bear risk with respect to a transaction. *Cf. Refco*, 503 F. Supp. 2d at 629; *see also McFarland*, 493 F. Supp. at 645 ("Because the [alleged underwriters] took no risk and received no corresponding reward, it would be anomalous to include them within the definition of underwriter along with those who engaged in the selling effort"); *Activision*, 621 F. Supp. at 423 (noting risk as consideration in determining parties' status as underwriter).[5]

Relying on *Special Situations Fund, III, L.P. v. Cocchiola*, No. 02 Civ. 3099, 2007 WL 2261557 (D.N.J. Aug. 3, 2007), Plaintiffs erroneously contend that a Section 11 underwriter need not take risk. Opp. at 9-10. Their quotation is selective, emphasizing that "it is not necessary for a person to undertake the risk that they will be left holding unsold shares." *Special Situations*, 2007 WL 2261557, at *5. Plaintiffs omit, however, the next sentence, which makes clear that the reference to undertaking risk is not limitless, but relates specifically to underwriters in best efforts offerings. *Id*. Unlike the 144A Defendants, the *Special Situations Fund* defendants had executed an underwriting agreement, been listed in the prospectus as underwriters, and collected underwriting fees. *Id*., at *7-8. Thus, rather than demonstrating a more expansive definition of "participates," *Special Situations Fund* serves as an example of the limitations courts have placed on the scope of Section 11.

Plaintiffs also argue that the 144A Defendants fail to give effect to the portion of the statutory definition of underwriter relating to those "with an 'indirect participation' in the offering, sale and distribution of securities." Opp. at 11. The 144A Defendants, however, argue

---

[5] *In re Activision Sec., Litig.,* 621 F. Supp. 415 (N.D. Cal. 1985), provides no support for the claim that "involve[ment] in the preparation of the registration statement" constitutes "participation" under Section 11. Opp. 10, n.7. In *Activision*, the court rejected plaintiffs' efforts to extend Section 11 liability to include a venture capital firm that sold its shares to an underwriting syndicate engaged in a firm commitment underwriting, which in turn distributed the shares to the public. *Id*., at 424. While Plaintiffs cite to potentially broader language in *dicta*, the court was not presented with, and did not decide, the level of participation necessary to meet the Section 11 statutory requirements.

6

only that reviewing and commenting on drafts of a registration statement, without more, does not rise to the level of "indirect participation" in the distribution of securities. Other conduct may well rise to this level. For example, "'underwriters of the underwriter'" or "'participa[nts] in the underwriting or outright purchase, who may or may not be formal parties to the underwriting contract, but who are given a certain share or interest therein,'" may indirectly participate in the distribution of securities. *In re Worldcom Sec. Litig.*, 308 F. Supp. 2d 338, 343 (S.D.N.Y. 2004) (quoting H.R. Rep. No. 85, 73rd Cong., 1st Sess. 13 (1933)). But persons who merely review and comment on drafts of the registration statement and have no involvement in the distribution of the securities do not qualify as Section 11 underwriters.

Ultimately, then, Plaintiffs rest their claim on the following contention: the 144A Defendants must perforce be underwriters of the Refco bonds because they and their counsel "reviewed SEC comment letters and the amendments of the Bond Registration Statement that addressed those comments, and . . . offered specific comments and revisions that were incorporated into the Bond Registration Statement" – all "to ensure the success of the IPO." Opp. at 5. The case law, for good reason, holds that the act of commenting on a registration statement does not make the commentator an underwriter. It is difficult to conceive that the IPO underwriter would not see, and might not comment on, a registration statement being submitted to the SEC for securities of the same company for which it is engaged to facilitate the IPO. It would be inconsistent with the body of case law interpreting Section 11 if the 144A Defendants' review of a registration statement, in their capacity as IPO underwriters, somehow made them underwriters of an entirely separate offering on which they did *not* offer securities, participate in their distribution, assume risk, and in which they were neither identified nor served as underwriters.

**CONCLUSION**

For the foregoing reasons, and for the reasons set forth in the 144A Defendants' opening memorandum, Count Three of the Complaint should be dismissed as against the 144A Defendants.

Dated: New York, New York
      March 21, 2008

WILMER CUTLER PICKERING
  HALE AND DORR LLP


By: /s/ Robert B. McCaw
    Robert B. McCaw
    Lori A. Martin
    John V.H. Pierce
    Dawn M. Wilson
    Michael L. Feinberg

399 Park Avenue
New York, New York 10022
Tel.: (212) 230-8800
Fax: (212) 230-8888

*Attorneys for Defendants Credit Suisse Securities (USA) LLC, Banc of America Securities LLC, Deutsche Bank Securities, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2008, I caused to be served, by Federal Express, a true and correct copy of the 144A Defendants' Reply Memorandum of Law in Further Support of the 144A Defendants' Motion to Dismiss Count Three of the Second Amended Consolidated Class Action Complaint on the individuals shown below:

Max W. Berger, Esq.
BERNSTEIN LITOWITZ BERGER &
GROSSMAN LLP
1285 Avenue of the Americas
New York, NY 10019
*Counsel to Lead Plaintiffs RH Capital Associates LLC & Pacific Investment Management Company LLC*

Stuart M. Grant, Esq.
GRANT & EISENHOFER, ESQUIRE
485 Lexington Avenue
29th Floor
New York, NY 10017
*Counsel to Lead Plaintiffs RH Capital Associates LLC & Pacific Investment Management Company LLC*

Greg A. Danilow, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
*Counsel to Defendant Thomas H. Lee, Scott A. Schoen, Scott L. Jaeckel, David V. Harkins, Leo R. Breitman, Ronald L. O'Kelley, Nathan Gantcher, Thomas H. Lee Partners L.P., Thomas H. Lee Partners Fund V, Thomas H. Lee Parallel Fund V., L/P., Thomas H. Lee Equity (Cayman) Fund V., L.P., THL Equity Advisors V., LLC, & Thomas H. Lee Investors Limited Partnership*

Jeffrey T. Golenbock, Esq.
GOLENBOCK EISEMAN ASSOR
BELL & PESKIE
437 Madison Avenue
New York, NY 10022-7302
*Counsel to Defendant Phillip R. Bennett, Refco Group Holdings Inc., and The Phillip R. Bennett Three Year Annuity Trust*

Jonathan Paul Bach
Cooley Godward Kronish LLP
1114 Avenue of the Americas
New York, NY 10036
*Counsel to Defendant Joseph Collins*
David E. Mollon, Esq.
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
*Counsel to Defendant Grant Thornton LLP*

John K. Villa, Esq.
Williams & Connolly LLP
725 12th Street, NW
Washington, DC 20005
*Counsel to Defendant Mayer Brown LLP*
Helen B. Kim, Esq.
BAKER HOSTETLER
333 South Grand Avenue
Suite 1800
Los Angeles, CA 90071
*Counsel to Defendant Dennis Klejna*

Melinda Sarafa, Esq.
ZUCKERMAN SPAEDER LLP
1540 Broadway
Suite 1604
New York, NY 10036
*Counsel to Defendant Tone Grant*

Scott E. Hershman
HUNTON & WILLIAMS LLP
200 Park Avenue
New York, NY 10116
*Counsel to Defendant Santo C. Maggio*

Barbara Moses, Esq.
MORVILLO, ABRAMOWITZ, GRAND,
IASON & SILBERBERG, P.C.
565 Fifth Avenue
New York, NY 10071
*Counsel to Defendant Robert Trosten*

Andrew Levander, Esq.
Dechert LLP
30 Rockefeller Plaza
New York, NY 10112-2200
*Counsel to Defendant BAWAG P.S.K. Bank fur Arbeit und Wirtschaft und Osterreichische Postsparkasse Aktiengesellschaft*

Richard B. Levin, Esq.
SKADDEN ARPS SLATE MEAGHER &
FLOM LLP
Four Times Square
New York, NY 10036-6522
*Counsel for Refco Managed Futures LLC, Westminster-Refco Management LLC, and Lind-Waldock Securities LLC*

Michael T. Hannafan, Esq.
MICHAEL T. HANNAFAN &
ASSOCIATES, LTD.
One East Wacker Drive, Suite 1208
Chicago, Illinois 60601
*Counsel to Defendant Tone Grant*

Stuart I. Friedman, Esq.
FRIEDMAN & WITTENSTEIN P.C.
600 Lexington Avenue
New York, NY 10022
*Counsel to Defendant William Sexton*

Holly K. Kulka, Esq.
HELLER EHRMAN WHITE &
MCAULIFFE, LLP
7 Times Square
New York, NY 10036
*Counsel to Defendant Phillip Silverman*

Stuart L. Shapiro
SHAPIRO FORMAN ALLEN SAVA &
MCPHERSON LLP
380 Madison Avenue
New York, NY 10017
*Counsel to Defendant Gerald M. Sherer and Joseph J. Murphy*

Dated:   March 21, 2008
         New York, New York

_____
Michael S. Smith