

A CERTIFIED TRUE COPY
ATTEST

By Denise Morgan-Stone on Aug 21, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DOC #_____                              *07 MD 1902*

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL                    Aug 21, 2008
on
MULTIDISTRICT LITIGATION

U.S. DISTRICT COURT
CLERK'S OFFICE
AUG 21 2008
S. D. OF N.Y.

IN RE: REFCO INC. SECURITIES LITIGATION
Kenneth M. Krys, et al. v. Robert Aaron, et al.,         )
D. New Jersey, C.A. No. 1:08-1902                        )    MDL No. 1902

## TRANSFER ORDER

**Before the entire Panel**: Plaintiffs move, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate our order conditionally transferring their action to the Southern District of New York for inclusion in MDL No. 1902. Defendants oppose the motion.

After considering all argument of counsel, we find that this action involves common questions of fact with the actions in this litigation previously transferred to the Southern District of New York, and that transfer of this action to the Southern District of New York for inclusion in MDL No. 1902 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of this action is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Southern District of New York was a proper Section 1407 forum for actions arising out of the collapse of Refco Inc. (Refco). *See In re Refco Inc. Securities Litigation*, 530 F.Supp.2d 1350 (J.P.M.L. 2007).

Plaintiffs can present any motions on jurisdictional issues to the transferee court. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

Plaintiffs argue against transfer, *inter alia*, that their action shares few, if any, questions of fact with the actions pending in the transferee district. Based upon the Panel's precedents and for the following reasons, we respectfully disagree with this argument. Transfer under Section 1407 does not require a complete identity of common factual issues as a prerequisite to transfer. Also, the presence of additional or differing legal theories is not significant when the actions still arise from a common factual core, in this instance, Refco's insolvency and ultimate liquidation and its effect on investors and others.

Moreover, an action brought by the same plaintiffs arising from the same factual circumstances is already pending in the transferee district before the transferee judge; although plaintiffs bring this action against a different set of defendants, the factual allegations between the two actions overlap. Accordingly, inclusion of the present claims in MDL No. 1902 will have the salutary effect of placing all related claims in this docket before a single judge who can formulate a pretrial program that: 1) prevents repetition of previously considered matters; and 2) allows pretrial proceedings with respect to any individual issues to proceed concurrently with pretrial proceedings on common issues. *See, e.g., In re Ephedra Products Liability Litigation*, 314 F.Supp.2d 1373, 1375 (J.P.M.L. 2004).

- 2 -

It may be, on further refinement of the issues and close scrutiny by the transferee judge, that the claims in plaintiffs' complaint can be remanded in advance of other claims in the transferee district. But we are unwilling, on the basis of the record before us, to make a determination at this time that the degree of interconnection between the plaintiffs' claims against these defendants and the claims pending in the transferee district is so small as to warrant exclusion of this action from MDL No. 1902 at this point. Whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Gerard E. Lynch for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

J. Frederick Motz          Robert L. Miller, Jr.
Kathryn H. Vratil          David R. Hansen