IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X
In re REFCO, INC. SECURITIES : 07 MDL No. 1902 (GEL)
LITIGATION :
: ECF FILED
:
: ORAL ARGUMENT REQUESTED
---------------------------------------------------X
GEORGE L. MILLER, Chapter 7 Trustee :
For the Estate of Suffolk LLC, :
:
                Plaintiff, :
: Index No. 09 Civ. 2917 (GEL)
    v. :
:
JOSHUA MAILMAN, :
:
                Defendant. :
---------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF JOSHUA MAILMAN'S
MOTION TO DISMISS THE COMPLAINT**

VANDENBERG & FELIU, LLP
110 EAST 42ND STREET, SUITE 1502
NEW YORK, NY 10017
(212) 763-6800

ATTORNEYS FOR DEFENDANT

Defendant Joshua Mailman ("Mailman"), by his attorneys Vandenberg & Feliu LLP, hereby submits this Memorandum of Law in Support of his Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1), 12(b)(5), and 12(b)(6) because the Complaint fails to state a claim upon which relief can be granted and it has not been properly served upon Mailman.

**ARGUMENT**

The Trustee's claims against Mailman are deficient as a matter of and require the dismissal of the Complaint. These infirmities have been briefed at length by other defendants in the more than ninety substantial identical actions filed simultaneously by the Trustee, each of which seeks to avoid transfers whereby Suffolk, LLC ("Suffolk") allegedly acquired stock in PlusFunds Group, Inc. ("PlusFunds"). The Trustee has already burdened this Court by filing scores of separate yet identical cases. Mailman does not wish to add to this burden, and incorporates by reference the arguments set forth in Sections I though V of the Memorandum of Law submitted by Credit Suisse First Boston Next Fund, Inc., Lab Morgan Corporation, and ML IBK Positions (the "Bank Defendants") in support of their motion to dismiss, and the facts and exhibits set forth in or attached to the Declaration of Ross E. Firsenbaum ("Firsenbaum Decl."), dated June 8, 2009.[1]

The Complaint contains no specific allegations about Mailman, except for the fact that he allegedly sold 1,027.52 shares of PlusFunds to Suffolk for $379,113.77. Complaint, ¶¶ 1, 28-29. Mailman adopts the statement of facts set forth in the Bank Defendants' Memorandum, but in brief, the Complaint alleges that Suffolk was created for the purpose of acquiring PlusFunds shares and never had assets other than the proceeds of a $204 million loan from Refco

---

[1] The Bank Defendant actions were assigned the index numbers 09-CV-02885, 09-CV-02920, and 09-CV-02922. All of them, like the instant action, have been consolidated into the Refco MDL proceedings.

1

Capital LLC ("Refco Capital"). Complaint, ¶¶ 8, 31-32, 34. Suffolk was required to use the funds solely to acquire the PlusFunds shares. Bank Defs. Mem. at 7-8. Significantly, Refco Capital's loan was a means to further its ultimate scheme to acquire the PlusFunds shares for itself. Id. at 8. The transaction was, therefore, a sham. Id. Presently, Refco is Suffolk's only non-contingent creditor, and therefore would be the ultimate beneficiary of this action. Complaint, ¶ 11. Thus, by asking this Court to unwind the transfers of the PlusFunds stock and allow Refco, as Suffolk's only creditor, the benefit of the proceeds of its "loan," plaintiff is asking this Court to reward and perpetuate Refco's fraud.

These facts do not entitle the Trustee to the requested relief. Even assuming the truth of the non-conclusory allegations in the Complaint, as we must on a motion to dismiss, the claims fail to state a claim for the following reasons:

**A.     Plaintiff lacks standing to assert fraudulent transfer claims to benefit Refco Capital.** The Trustee only has standing to pursue claims to benefit legitimate creditors. Of course, Refco is far from a legitimate creditor because of its complicity in a massive fraud. Accordingly, either under the *Wagoner* rule or under the well-settled law in this Circuit which requires that fraudulent transfer actions benefit legitimate creditors, the Trustee lacks standing. *See* Bank Defs. Mem. at Section I.[2]

**B.     The transferred funds were not the property of Suffolk.** Plaintiff's fraudulent transfer claims must be dismissed as a matter of law because the funds at issue were not Suffolk's property – they belonged to Refco Capital, which created Suffolk as a mere conduit. As set forth in Section II of the Bank Defendants' Memorandum, the fraudulent transfer claims must be dismissed because the Trustee cannot take back what Suffolk never had.

---

[2] *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114 (2d Cir. 1991).

C. **The transferred funds constituted an unavoidable settlement payment or transfer pursuant to Section 546(e) of the Bankruptcy Code.** As set forth in Section III of the Bank Defendants' Memorandum, also incorporated by reference herein, the transfer at issue was a "settlement payment" or a "transfer made ... in connection with a securities contract" within the ambit of Section 546(e). Here, Mailman tendered his shares to the Bank of New York, who served as escrow agent, and he received payment from Bank of New York, not Suffolk. Declaration of Joshua Mailman, dated June 8, 2009 ("Mailman Decl."), ¶ 2 and Exh. A. It cannot be disputed that Bank of New York is a "financial institution" for purposes of Section 546(e). Therefore, the transfer at issue cannot be avoided by the Trustee.

D. **The claims alleging actual fraud are not and could not be particularized.** Counts Two and Three fall far short of the particularity required to plead a fraud claim which could satisfy Rule 9(b). The Complaint's token, conclusory allegations improperly lump Mailman in with the other 90 or so other defendants, but there are no allegations that Mailman was an "insider" of Suffolk or that any "badges of fraud" were present. Likewise, plaintiff has not pled facts that would show that any creditor of Suffolk was defrauded. Thus, the intentional fraudulent transfer claims must be denied. *See* Bank Defs' Mem. at Section IV.

E. **The unjust enrichment claim does not state a cause of action.** As set forth in the Bank Defendants' Memorandum at Section V, which is also incorporated by reference, the Trustee cannot bring a claim for unjust enrichment because that claim is preempted by the Bankruptcy Code and because there can be no such claim when there is a valid contract. This claim must also be denied because plaintiff has an adequate remedy at law and because the facts alleged in the Complaint demonstrate that plaintiff cannot obtain equitable relief in order to reward a wrongdoer.

**F. Plaintiff's fraudulent transfer claims improperly seek a windfall.** It is well-settled that the purpose of Section 550 of the Bankruptcy Code is to "restore the estate to the financial condition it would have enjoyed if the transfer had not occurred." *Morris v. Kansas Drywall Supply Co. (In re Classic Drywall, Inc.)*, 127 B.R. 874, 876 (D. Kan. 1991); *Pritchard v. Brown (In re Brown)*, 118 B.R. 57, 60 (Bankr. N.D. Tex. 1990) (same). Avoidance powers cannot be used to create "a windfall for the debtor." *In re Kennedy Inn Assocs.*, 221 B.R. 704, 714 (Bankr. S.D.N.Y. 1998). Likewise, the Second Circuit has noted that fraudulent conveyance claims under New York law must be evaluated in the context of the entire transaction, focusing on substance, not the form of the transaction. *Orr v. Kinderhill Corp.*, 991 F.2d 31, 35 (2d Cir. 1993) ("[w]here a transfer is only a step in a general plan, the plan 'must be viewed as a whole with all its composite implications.'") (citations omitted).

Here, based on the facts set forth in the Complaint and the documents referenced therein, the loan from Refco Capital and the transfer of PlusFunds stock are inextricable. This was one transaction conceived of by the Suffolk Insiders and Refco, whereby the Refco loan could only have been used to acquire the PlusFunds shares. Firsenbaum Decl., Exh. G. However, plaintiff seeks to unwind one half of the transaction (the acquisition of PlusFunds shares) and keep the other half (the loan) intact. This could only be characterized as a windfall to Suffolk. Thus, plaintiff's fraudulent conveyance must be dismissed

**G. Mailman was not properly served.** As is the case with other defendants, plaintiff did not satisfy his obligation to serve a copy of the Summons and Complaint in a manner permitted by the Federal Rules of Civil Procedure. Instead, plaintiff sent a copy of the Summons and Complaint by first class mail to Mailman's former business and home addresses. Mailman Decl. ¶¶ 3-5 and Exh. B. However, service of process of a Summons requires more

4

than service by mail to a last-known address. Fed. R. Civ. P. 4. Nor can plaintiff avail himself of Fed. R. Bank. P. 7004(e), which permits service by mail, but does not apply to this District Court action. Even so, plaintiff mailed the Summons on April 2, 2009, long past Rule 7004(e)'s 10 day deadline after obtaining the summons for service by mail in non-District Court actions. For these reasons too, the Complaint should be dismissed under Rule 12(b)(5).

## CONCLUSION

For the reasons set forth above, and for the reasons set forth in the moving papers of the Bank Defendants, which are incorporated by reference herein, the Complaint should be dismissed with prejudice. The Court should also grant other and further relief to defendant as appropriate.

Dated: New York, New York
June 8, 2009

VANDENBERG & FELIU, LLP

By: _____
Raymond L. Vandenberg (RV 3661)
Jeffrey E. Gross (JG 5200)
110 East 42nd Street, Suite 1502
New York, NY 10017
(212) 763-6800

Attorneys for Defendant