# GIBSON, DUNN & CRUTCHER LLP

LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

200 Park Avenue  New York, New York 10166-0193
(212) 351-4000
www.gibsondunn.com

MKarlan@gibsondunn.com

November 30, 2009

Direct Dial
(212) 351-3827

Fax No.
(212) 351-5254

Client No.
41740-00014

VIA ELECTRONIC MAIL

Prof. Daniel Capra
Fordham Law School
140 West 62nd Street
New York, NY 10023

Re:  *Krys, et al. v. Sugrue et al.*, 08 Civ 3086

Dear Prof. Capra:

We represent defendants Mark Kavanagh and Brian Owens in the above-referenced litigation (the "Krys Action"). We do not intend to present oral argument concerning any of the so-called Omnibus Issues. We are content to rely upon the oral arguments presented by others concerning those issues. Arguments on certain of those issues (including, for example, whether Plaintiffs have adequately alleged a primary violation and whether Plaintiffs have adequately alleged proximate causation, and whether Plaintiffs' claims are barred by SLUSA) if accepted, would require dismissal of the action against Messrs. Kavanagh and Owens as well.[1]

We do, however, wish to offer one observation concerning the issue of causation, which issue has come up during the Omnibus argument.

As noted in Kavanagh and Owens' Memorandum of Law, Plaintiffs' claims against Kavanagh and Owens should be dismissed because Plaintiffs have failed to establish that any of

---

[1] Argument on certain other Omnibus Issues, including whether certain Plaintiffs have standing to assert claims and whether certain of Plaintiffs' claims are barred by the doctrine of in pari delicto and/or the Wagoner Rule, if accepted would require dismissal of some, but all, of Plaintiffs' claims against Kavanagh and Owens.

GIBSON, DUNN & CRUTCHER LLP

Prof. Daniel Capra
November 30, 2009
Page 2

the alleged actions taken by Kavanagh and Owens were the proximate cause for Plaintiffs' alleged losses. Plaintiffs have admitted that the but for cause of these alleged losses was not Kavanagh and Owens' actions, but rather the fraudulent actions of the Refco felons. See, e.g., Am. Comp. ¶ 129("Bennett's breaches of duty proximately caused the damages suffered by SPhinX and PlusFunds. Bennett conspired to fuel customer assets, including SMFF assets, held at regulated Refco entities to RCM, where Bennett caused those assets to be used to fund operations and conceal Refco losses. . . . But for Bennett's actions, SMFF's cash would never have been diverted to RCM, and SPhinX and PlusFunds would have avoided their losses entirely"); Am. Compl. ¶¶ 199-280, 570-604 (discussing Refco's fraud); Pl. Omnibus Br. at 14 ("Had it not been for Refco's fraud and misrepresentation of its financial health, SMFF's cash would never have been maintained at Refco."); Pl. Reply Mem. in Opp. to Tone Grant's Motion to Dismiss at 6 ("[H]ad Refco's customer and proprietary trading losses from 1997 to 1999 alone (which amounted to hundreds of millions of dollars) been disclosed, trading losses of this magnitude would have forced Refco to discontinue its business, and customers such as SPhinX and PlusFunds would never have done business with Refco at all."); Pl. Mem. in Opp. to BAWAG's Motion to Dismiss at 11 ("[T]here is no question that Refco's fraud had a devastating effect on Plaintiffs—'but for' Refco's fraud, Plaintiffs would not have been damaged."); Pls. Reply Mem. in Opp. to Bank Defendants' Motion to Dismiss at 16 (same).

Plaintiffs attempt to get around this glaring deficiency in their claim by arguing that they must only allege that Kavanagh and Owens' actions were a "substantial cause" of the events which produced the injury. See Pl. Opp. Br. at 19. Plaintiffs' position, however, is contrary to New York law.

The general rule under New York law is that a plaintiff must establish that an alleged tortfeasor's actions was the but for and proximate cause of the plaintiff's injury. Cygan v. City of New York, 566 N.Y.S.2d 232, 233, 238–239 (1st Dep't 1991). This applies to all tort actions. Id. The less stringent "substantial factor" standard that Plaintiffs erroneously assert applies only in the limited circumstance where a plaintiff asserts a breach of fiduciary duty claim for restitution. American Fed. Group, Ltd. v. Rothenberg, 136 F.3d 897, 907 n. 7 (2d Cir.1998). ("Where ... the remedy sought is damages to compensate for a claimant's loss, the usual damages-causation rule for tort and contract breach cases is appropriate," but "where . . . the remedy being sought is a restitutionary one to prevent the fiduciary's unjust enrichment as measured by his ill-gotten gain, the less stringent 'substantial factor' standard may be more appropriate."); LNC Investments, Inc. v. First Fidelity Bank, N.A. New Jersey, 173 F.3d 454 (2d Cir. 1999) (noting that breach of fiduciary duty cases, which serve a prophylactic purpose, comprise a special breed of cases that may justify loosening normally stringent requirements of causation and damages).

In the Krys Action, Plaintiffs seek damages not restitution. Accordingly, the "substantial factor" standard is inapplicable and Plaintiffs must establish that their alleged losses would not have occurred but for Kavanagh and Owens' actions.

GIBSON, DUNN & CRUTCHER LLP

Prof. Daniel Capra
November 30, 2009
Page 3

Plaintiffs cannot establish causation on the part of Kavanagh and Owens because, as the Amended Complaint itself makes clear, the losses claimed by Plaintiffs were the direct result of the fraudulent conduct of the Refco felons. Courts in this Circuit, and New York courts, have held that independent, intervening, criminal conduct severs the chain of causation as a matter of law. See Cullen v. BMW of North America, Inc., 691 F.2d 1097, 1101 (2d Cir. 1982) (automobile distributor not liable to customer of its independent franchise whose funds were stolen by owner of franchise because franchise owner's criminal activity was not reasonably foreseeable by distributor.); McCarthy v. Sturm, Ruger & Co., 916 F. Supp. 366, 372 (S.D.N.Y. 1996) (holding that a "murderous shooting spree on a Long Island Railroad passenger train" was "an extraordinary act which broke the chain of causation," and absolved the manufacturer of hollow point ammunition from all liability as a matter of law).

\* \* \*

As you have instructed us, we will be prepared to present oral argument concerning those issues specific to Kavanagh and Owens beginning on Thursday, December 3.

Respectfully,

Mitchell A. Karlan

MAK/kjf

cc: All counsel in the Krys actions at
WHRefcoKrysAll@wilmerhale.com

100767313_3.DOC