UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re REFCO, INC. SECURITIES LITIGATION | Case No. 07-md-1902 (JSR) |

| | |
|---|---|
| KENNETH M. KRYS, *et al.*, | Case No. 08-cv-3065 (JSR) |
| Plaintiffs, | Case No. 08-cv-3086 (JSR) |
| v. | |
| CHRISTOPHER SUGRUE, *et al.*, | |
| Defendants. | ECF Filed |

**LIMITED OBJECTION OF DEFENDANTS MARK KAVANAGH AND BRIAN OWENS TO THE SPECIAL MASTER'S REPORT AND RECOMMENDATION ON STANDING**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, New York 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

*Attorneys for Defendants Mark Kavanagh and Brian Owens*

February 16, 2010

# TABLE OF CONTENTS

Page

PROCEDURAL BACKGROUND CONCERNING THE SPECIAL MASTER'S
REPORT ............................................................................................................................. 1

    A.     The Refco Felons ....................................................................................................... 1

    B.     The Motions To Dismiss For Failure To State A Claim............................................ 2

    C.     Certain Issues Get Grouped Together And Called The Omnibus Issues.................. 2

    D.     The Special Master Issues An Initial Report On The Motions To
          Dismiss Limited To The Issue Of Standing............................................................. 3

ARGUMENT..................................................................................................................................... 3

I.     THE RULING ON STANDING SHOULD NOT RESOLVE THE ISSUE OF
       PROXIMATE CAUSE ....................................................................................................... 3

    A.     The Report Includes Statements That May Later Be Read As
          Resolving The Issue Of Proximate Cause. ............................................................... 3

    B.     Plaintiffs Have Alleged That The Proximate Cause Of The Injuries
          They Allegedly Suffered Was The Conduct of The Refco Felons. ......................... 4

    C.     Criminal Acts By Third Parties That Intervene Between The Allegedly
          Tortious Conduct Of A Defendant And The Injury To The Plaintiff
          Sever The Chain Of Legal Causation. ...................................................................... 5

II.    OTHER CLARIFICATIONS IN THE REPORT ............................................................... 7

    A.     Suffolk Loans ............................................................................................................ 7

    B.     SPhinX's Prime Broker.............................................................................................. 7

CONCLUSION.................................................................................................................................. 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Brewster v. Nassau County, 349 F. Supp. 2d 540 (E.D.N.Y. 2004) ............................................. 4

Cullen v. BMW of North America, Inc., 691 F.2d 1097 (2d Cir. 1982) ...................................... 6

Deskovics v. City of Peekskill, No. 07-cv-8150 (KMK), 2009 WL 3050275
(S.D.N.Y. Sept. 22, 2009) ........................................................................................................ 6

In re Sept. 11 Litig., 280 F. Supp. 2d 279 (S.D.N.Y. 2003) ........................................................ 6

Kush v. City of Buffalo, 59 N.Y.2d 26 (1983) ............................................................................. 6

McCarthy v. Sturm, Ruger & Co., 916 F. Supp. 366 (S.D.N.Y. 1996) ....................................... 6

Sack v. Low, 478 F.2d 360 (2d Cir. 1973) ................................................................................... 4

Zahrey v. Coffey, 221 F.3d 342 (2d Cir. 2000) ............................................................................ 6

**Statutes**

Fed. R. Civ. P. 53 ......................................................................................................................... 1

**Other Authorities**

Amended Complaint, Krys v. Sugrue, Nos. 08-cv-3065, 08-cv-3086 (GEL)
(S.D.N.Y. filed Oct. 10, 2008) ......................................................................................... 4, 5, 7

Defendants' Limited Objection to the Report and Recommendation of the Special
Master on the Omnibus Issue of Standing, Krys v. Sugrue, Nos. 08-cv-3065,
08-cv-3086 (JSR), Krys v. Aaron, No. 08-cv-7416 (JSR), Krys v. Butt, No. 08-
cv-8267 (JSR) (S.D.N.Y. dated Feb. 6, 2010) ......................................................................... 1

Figueroa Decl. Ex. 1, Addendum to PlusFunds Second Amended Proof of Claim,
dated Feb. 20, 2007, Krys v. Sugrue, Nos. 08-cv3065, 08-cv-3086 (GEL)
(S.D.N.Y. filed Dec. 24, 2008) ................................................................................................ 7

Letter from M. Karlan to D. Capra, Krys v. Sugrue, Nos. 08-cv-3065, 08-cv-3086
(JSR) (S.D.N.Y. filed Nov. 30, 2009) ..................................................................................... 2

# TABLE OF AUTHORITIES
[Continued]

Page(s)

Memorandum of Law in Support of Defendants Mark Kavanagh's and Brian
  Owens's Motion to Dismiss, Krys v. Sugrue, Nos. 08-cv3065, 08-cv-3086
  (GEL) (S.D.N.Y. dated Dec. 24, 2008) ................................................................. 2, 5

Plaintiffs' Memorandum of Law in Opposition to BAWAG's Motion to Dismiss
  the Amended Complaint, Krys v. Sugrue, Nos. 08-cv-3065, 08-cv-3086 (GEL)
  (S.D.N.Y. filed Mar. 16, 2009) ................................................................................ 5

Plaintiffs' Memorandum of Law in Opposition to the Bank Defendants' Motion to
  Dismiss the Amended Complaint, Krys v. Sugrue, Nos. 08-cv-3065, 08-cv-
  3086 (GEL) (S.D.N.Y. filed Mar. 16, 2009) ............................................................ 5

Plaintiffs' Memorandum of Law in Opposition to Tone Grant's Motion to Dismiss
  the Amended Complaint, Krys v. Sugrue, Nos. 08-cv-3065, 08-cv-3086 (GEL)
  (S.D.N.Y. filed Mar. 16, 2009) ................................................................................ 5

Plaintiffs' Omnibus Memorandum of Law in Opposition to Motions to Dismiss,
  Krys v. Sugrue, Nos. 08-cv-3065, 08-cv-3086 (GEL), Krys v. Aaron, No. 08-
  cv-7415 (GEL), Krys v. Butt, No. 08-cv-8267 (GEL) (S.D.N.Y. filed Mar. 16,
  2009) ........................................................................................................................ 5

Reply Memorandum of Defendants Mark Kavanagh and Brian Owens in Further
  Support of Their Motion to Dismiss, Krys v. Sugrue, Nos. 08-cv3065, 08-cv-
  3086 (GEL) (S.D.N.Y. dated May 22, 2009) ...................................................... 2, 5

Report and Recommendation of the Special Master on the Omnibus Issue of
  Standing, Krys v. Sugrue, Nos. 08-cv-3065, 08-cv-3086 (JSR), Krys v. Aaron,
  No. 08-cv-7415 (JSR), Krys v. Butt, No. 08-cv-8267 (JSR) (S.D.N.Y. filed
  Feb. 3, 2010) .................................................................................................... 3, 4, 7

Restatement (Second) of Torts ........................................................................................ 6

Transcript of Hearing on Motion for Summary Judgment with Respect to Proofs
  of Claim of PlusFunds Group, Inc., In re Refco, Inc., No. 05-60006 (Bankr.
  S.D.N.Y. Apr. 12, 2007) .......................................................................................... 8

Defendants Mark Kavanagh and Brian Owens submit this limited objection, pursuant to Fed. R. Civ. P. 53(f)(2), to the Report and Recommendation of Special Master Capra, dated February 3, 2010 (the "Report").

Messrs. Kavanagh and Owens join in the limited objection of the other defendants to the Special Master's recommendation that plaintiffs have standing to bring claims on behalf of PlusFunds. See Defendants' Limited Objection to the Report and Recommendation of the Special Master on the Omnibus Issue of Standing, at Section II.

Messrs. Kavanagh and Owens write separately to address a different issue: we ask that this Court, in resolving the issue of standing, make clear that it is not resolving or even addressing the issue of proximate cause, which Kavanagh and Owens have briefed separately in their motion to dismiss, and which the Special Master has yet to address. Alternatively, we request that this Court reserve decision concerning objections to the Report until the Special Master has rendered his reports and recommendations on all pending motions to dismiss the Krys complaints.

## PROCEDURAL BACKGROUND CONCERNING THE SPECIAL MASTER'S REPORT

### A.    The Refco Felons

The Krys defendants include five convicted felons, three of whom pleaded guilty and two of whom are already incarcerated: Messrs. Bennett, Maggio, Trosten, Grant, and Collins. These five defendants were convicted in this Court of having masterminded the fraud that brought

down Refco, SPhinX, and PlusFunds.[1] These five defendants are referred to below as the "Refco felons."

B.  **The Motions To Dismiss For Failure To State A Claim**

Between November 2008 and June 2009, most of the defendants in the three Krys actions moved to dismiss, and most of the motions urged that the plaintiffs failed to state a claim upon which relief could be granted.

Kavanagh and Owens moved to dismiss on December 24, 2008. Among many other grounds suggested for dismissal, Kavanagh and Owens argued that the acts alleged against them were not the proximate cause of any injury allegedly suffered by the plaintiffs. Rather, we argued, the proximate cause of the injuries allegedly suffered by the plaintiffs was the acts alleged against (and in many instances confessed to by) the Refco felons.[2]

C.  **Certain Issues Get Grouped Together And Called The Omnibus Issues**

When the plaintiffs opposed the motions to dismiss, they chose to address a series of arguments, which were raised in more than one of the defense motions, in a single brief, dated March 16, 2009. Certain defendants then replied to that brief on May 1, 2009. The parties have come to refer to the issues raised in those two briefs as the "omnibus issues." Special Master Capra heard oral argument on those issues together before hearing oral argument on the other

---

[1] An additional defendant, Hackl, was named by the United States as an unindicted co-conspirator in the Bennett prosecution.

[2] See Mem. in Support of Kavanagh and Owens Motion to Dismiss, dated Dec. 24, 2008, at 37-38 ("K&O Mem."); Reply Mem. of Kavanagh and Owens, dated May 22, 2009 ("K&O Reply Mem."), at 20-21; Letter from M. Karlan to D. Capra, dated Nov. 30, 2009 ("November 30 Letter"), at 2-3.

grounds for dismissal, some of which apply only to one or two defendants. See Report at 2. Among the issues treated in the omnibus briefs was the issue of standing.

D.  **The Special Master Issues An Initial Report On The Motions To Dismiss Limited To The Issue Of Standing**

Special Master Capra then decided that, rather than issue a single report on all of the motions to dismiss, or a single report on all of the omnibus issues, he would instead issue separate reports concerning each one of the omnibus issues. The first of these is the February 3 Report concerning standing.

The Report expresses the view that the issue of standing has some overlap with other issues raised in various of the defense motions, including the issue of proximate cause. Report at 12. The Special Master suggests that the concepts of standing and proximate cause "if not interchangeable, are at the very least substantially similar." Report at 12 n.14 ("[t]he cases cited in this Report and Recommendation often blur, or equate, the two concepts—so that the term 'derivative' means 'no standing' and 'no [proximate] cause.'").

## ARGUMENT

### I.

### THE RULING ON STANDING SHOULD NOT RESOLVE THE ISSUE OF PROXIMATE CAUSE

A.  **The Report Includes Statements That May Later Be Read As Resolving The Issue Of Proximate Cause**

The Report opines that the plaintiffs allege two separate harms: one resulting from the alleged movement of funds from Refco LLC to RCM, and the other resulting from other felonious conduct at Refco, which caused all the Refco entities to become insolvent. Report at 7-8. The Report names the transfer of funds to RCM as "the SPhinX fraud injury," which "occurred when the cash was transferred to RCM." Report at 25 n.31.

3

In recommending that claims arising from the Refco fraud be dismissed, the Special Master states that "any damages claimed by Plaintiffs must flow from . . . the transfer to the unsegregated account . . . and not any damages that might have occurred as a result of the Refco fraud." Report at 19. This would appear to be a finding of fact, and could later be argued to have resolved the issue of proximate cause. We respectfully suggest that this statement is erroneous, and that the issue of proximate cause is awaiting resolution below on full briefing. We therefore object to it.[3]

**B. Plaintiffs Have Alleged That The Proximate Cause Of The Injuries They Allegedly Suffered Was The Conduct of The Refco Felons**

In their motion to dismiss, Kavanagh and Owens have demonstrated that plaintiffs cannot establish that the transfer of SMFF cash to accounts at RCM was the proximate cause of

---

[3] Similarly, the Report states that the transfer of SMFF funds to RCM, by itself, constituted an "injury" which gave rise to a cause of action. See Report at 21, 25 n.31. Perhaps this is merely a recitation of the allegations in the Amended Complaint, and nothing more. If, however, it was intended to be a finding of fact or conclusion of law, it would be inappropriate at this stage and, in any event, erroneous. See Sack v. Low, 478 F.2d 360, 365-66 (2d Cir. 1973) (holding that six-year statute of limitations period for fraud under New York law is not measured from the date of the defendant's last fraudulent act, but from when the plaintiff suffers a loss as a result thereof); Brewster v. Nassau County, 349 F. Supp. 2d 540, 552 (E.D.N.Y. 2004) ("[A]s with any cause of action in tort, a . . . claimant must allege some actual, cognizable injury").

Here, the plaintiffs have alleged that the transfer of SMFF's cash to an account at RCM occurred in 2002. Amended Complaint, Krys v. Sugrue, Nos. 08-cv-3065, 08-cv-3086 (JSR) (S.D.N.Y. filed Oct. 10, 2008) ¶ 193 ("Am. Compl."). However, plaintiffs do not allege any actual loss until April 2006, when SPhinX settled the preference litigation and returned $263 million to the Refco estate. Am. Compl. ¶ 342.

Thus, plaintiffs were not injured when the transfer of SMFF funds to RCM commenced and could not assert a claim based solely on the transfer of such funds. Plaintiffs would not have been injured at all were it not for the independent criminal actions of the Refco felons.

plaintiffs' alleged damages.[4] Plaintiffs have alleged that their injury—the inability to retrieve the cash held at RCM—was the direct result of the fraudulent conduct of the Refco felons. See Am. Compl. ¶ 129 ("Bennett's breaches of duty proximately caused the damages suffered by SPhinX and PlusFunds . . . But for Bennett's actions. . . SPhinX and PlusFunds would have avoided their losses entirely"); Pl. Omnibus Br. at 14 ("Had it not been for Refco's fraud and misrepresentation of its financial health, SMFF's cash would never have been maintained at Refco."); Pl. Reply Mem. in Opp. to Tone Grant's Motion to Dismiss at 6 ("[H]ad Refco's customer and proprietary trading losses from 1997 to 1999 alone (which amounted to hundreds of millions of dollars) been disclosed, trading losses of this magnitude would have forced Refco to discontinue its business, and customers such as SPhinX and PlusFunds would never have done business with Refco at all."); Pl. Mem. in Opp. to BAWAG's Motion to Dismiss at 11 ("[T]here is no question that Refco's fraud had a devastating effect on Plaintiffs—'but for' Refco's fraud, Plaintiffs would not have been damaged."); Pls. Reply Mem. in Opp. to Bank Defendants' Motion to Dismiss at 16 (same).

Had it not been for the Refco fraud, the movement of funds from Refco LLC to RCM would never have caused damage to plaintiffs.

C. **Criminal Acts By Third Parties That Intervene Between The Allegedly Tortious Conduct Of A Defendant And The Injury To The Plaintiff Sever The Chain Of Legal Causation**

Even if a defendant's intentional "initial act is the 'but for' cause of some ultimate harm (i.e., the harm would not have happened but for the initial act) [, he] is not legally liable for the harm if an intervening act is a 'superseding cause' that breaks the legal chain of proximate

---

[4] K&O Mem., at 37-38; K&O Reply Mem., at 20-21; November 30 Letter, at 2-3

5

cause." Deskovics v. City of Peekskill, No. 07-cv-8150 (KMK), 2009 WL 3050275, at * 5 (S.D.N.Y. Sept. 22, 2009) (quoting Zahrey v. Coffey, 221 F.3d 342, 351 n.7 (2d Cir. 2000)). See also Restatement (Second) of Torts § 440. "[A]n intervening intentional or criminal act is a type of superseding cause that severs the liability of the original tortfeasor." Descovics, 2009 WL 3050275, at *5 (citing In re Sept. 11 Litig., 280 F. Supp. 2d 279, 302 (S.D.N.Y. 2003), and Kush v. City of Buffalo, 59 N.Y.2d 26 (1983)). Cf. Cullen v. BMW of North America, Inc., 691 F.2d 1097, 1101 (2d Cir. 1982) (automobile distributor not liable to customer of its independent franchise whose funds were stolen by owner of franchise because franchise owner's criminal activity was not reasonably foreseeable by distributor); McCarthy v. Sturm, Ruger & Co., 916 F. Supp. 366, 372 (S.D.N.Y. 1996) ("murderous shooting spree on a Long Island Railroad passenger train" was "an extraordinary act which broke the chain of causation," and absolved the manufacturer of hollow point ammunition from all liability as a matter of law).

Here, plaintiffs themselves allege that, before and after the alleged SPhinX fraud (the transfer of funds from Refco LLC to RCM), the Refco felons were engaged in criminal conduct for which they have been convicted. And plaintiffs allege that these crimes were both a but for and a proximate cause of their alleged injury. The issue of whether, therefore, the alleged SPhinX fraud could, as a matter of law, be the legal cause of plaintiffs' injuries is an important issue awaiting a recommendation by the Special Master. In resolving the issue of standing, this Court ought not rule on the issue of proximate cause. Alternatively, if that is not possible, then this Court should defer resolving the issue of standing until it receives the Special Master's recommendation (and any objections thereto) concerning proximate cause as briefed by Kavanagh and Owens.

## II.

## OTHER CLARIFICATIONS IN THE REPORT

In describing the allegations of the Krys complaints, the Report makes two misstatements that, while not necessary to the Special Master's recommendations, should nonetheless be corrected.

### A. Suffolk Loans

In describing plaintiffs' allegations concerning the Suffolk Transactions, the Report states that "when the facts about the Suffolk transactions [including the involvement of a Refco affiliate] were disclosed to innocent members of PlusFunds' board and management, they were furious." Report at 7 (emphasis added). This statement does not accurately reflect plaintiffs' allegations.

The Amended Complaint states: "When the facts regarding the Suffolk transactions were disclosed to innocent members of PlusFunds' board and management, Aaronson [PlusFunds CEO] and other members of management were furious." Am. Compl. ¶ 328. There are no allegations in the Amended Complaint that any member of PlusFunds' board of directors reacted negatively to the Suffolk Transactions.

### B. SPhinX's Prime Broker

The Report makes the factually incorrect statement that "Refco LLC was the prime broker for many of the SPhinX Funds, including the SPhinX Managed Futures Fund ("SMFF")." Report at 4. This does not correctly reflect plaintiffs' allegation in the Amended Complaint (nor their previous submissions to the bankruptcy court), which states that RCM was designated SMFF's prime broker. Am. Compl. ¶ 195. See also Figueroa Decl. Ex. 1, Addendum to PlusFunds Second Amended Proof of Claim dated Feb. 20, 2007, at 3 ("RCM became the PB [prime broker] for the 15 SMFF Segregated Portfolios"); Transcript of Hearing on Motion for

7

Summary Judgment with Respect to Proofs of Claim of PlusFunds Group, Inc., In re Refco, Inc., No. 05-60006 (Bankr. S.D.N.Y.), Tr. at 15 (PlusFunds' counsel states: "They weren't trading securities, but the account opening documents all say that the RCM account is a prime brokerage account, so they were in the position of being a prime broker . . . .").

## CONCLUSION

For the reasons set forth above, Kavanagh and Owens respectfully request that, in resolving the issue of standing, this Court (1) not resolve the issue of proximate cause (or, alternatively, defer resolving the issue of standing until the remaining motions are addressed by the Special Master), and (2) not adopt the incorrect factual statements in the Report as described above.

Dated: New York, New York
February 16, 2010

GIBSON, DUNN & CRUTCHER LLP

By:_____
Mitchell A. Karlan (MK-4413)

200 Park Avenue, 47th Floor
New York, New York 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

*Attorneys for Defendants Mark Kavanagh and Brian Owens*