UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE REFCO INC. SECURITIES LITIGATION | : | CASE NO. 07-MD-1902 (JSR) |

This document relates to:

| | | |
|---|---|---|
| KENNETH M. KRYS, *ET AL.*, | : | CASE NO. 08-CV-3065 (JSR) |
| Plaintiffs, | : | CASE NO. 08-CV-3086 (JSR) |
| -against- | : | |
| CHRISTOPHER SUGRUE, *ET AL.* | : | |
| Defendants. | : | |
| KENNETH M. KRYS, *ET AL.*, | : | CASE NO. 08-CV-7416 (JSR) |
| Plaintiffs, | : | |
| -against- | : | |
| ROBERT AARON, *ET AL.* | : | |
| Defendants. | : | |
| KENNETH M. KRYS, *ET AL.*, | : | CASE NO. 08-CV-8267 (JSR) |
| Plaintiffs, | : | |
| -against- | : | |
| RICHARD BUTT | : | |
| Defendant. | : | |

**SUPPLEMENTAL LIMITED OBJECTION OF PWC AND MARI FERRIS TO THE
REPORT AND RECOMMENDATION OF THE SPECIAL MASTER
ON THE OMNIBUS ISSUE OF STANDING**

PricewaterhouseCoopers LLP ("PwC") and PwC partner Mari Ferris submit this limited supplemental objection to the February 3, 2010, Report and Recommendation of the Special Master on the Omnibus Issue of Standing ("R&R") with respect to the Amended Complaint ("Compl."). PwC and Ms. Ferris also join in Defendants' Limited Objection ("Defs' Obj.") to the Special Master's recommendation: 1) to dismiss plaintiffs' claims that arise from the Refco Inc. ("Refco") fraud without prejudice, as opposed to dismissing those claims with prejudice; and 2) not to dismiss as derivative claims by PlusFunds Group, Inc. ("PlusFunds"), the investment advisor for the SPhinX funds, that are contingent upon injury to a third party, namely SPhinX Managed Futures Funds SPC ("SMFF").[1]

PwC and Ms. Ferris separately object in this submission to address one aspect of the Special Master's recommendation that claims based on the Refco fraud should be dismissed on standing grounds, while claims based on the SPhinX fraud should not be dismissed. PwC and Ms. Ferris agree with this recommendation generally, except that, as set forth in Defendants' Limited Objection, the dismissal of those claims should be with prejudice. However, for the reasons set forth herein, PwC objects to the Special Master's application of this standing principle to the claims against PwC in Counts 17, 18 and 19 of the Complaint, specifically his determination that those claims "implicate[] the SPhinX fraud," and that therefore SMFF and PlusFunds have standing to assert them. R&R at 32-33. Ms. Ferris raises the same objection in regard to Counts 17 and 19 (she is not named in Count 18).

The rationale of the Special Master in determining that plaintiffs generally lack standing to assert claims for damages that occurred as a result of the Refco fraud is indisputably applicable to the allegations in Counts 17, 18 and 19 related to PwC's engagements to provide

---

[1] PwC and Ms. Ferris do not object to those parts of the R&R: 1) dismissing the claims of the investors with prejudice; and 2) dismissing the claims of the SPhinX funds, other than SMFF, with prejudice.

advisory services to Refco, not SPhinX or PlusFunds. The allegation in each of those counts related to PwC's separate engagements to audit certain of the SPhinX funds, which the Special Master cited in carving out PwC and Ms. Ferris from his ruling, is not a basis for making any meaningful distinction on standing grounds between PwC and other defendants. Counts 17, 18 and 19 should be dismissed as to PwC, and Counts 17 and 19 should be dismissed as to Ms. Ferris. For the reasons set forth in Defendants' Limited Objection, the dismissal should be with prejudice.

## The Amended Complaint as to PwC

Plaintiffs' claims against PwC and Ms. Ferris are based on two different engagements by PwC for two different clients performed by two different teams of PwC professionals: 1) audit work performed for various SPhinX funds by PwC's assurance group, including audits in 2004 as to which Ms. Ferris was the engagement leader; and 2) advisory work for Refco performed by PwC's transactions services group. Thus, plaintiffs' case against PwC and Ms. Ferris is premised on two different theories:

First, plaintiffs assert claims against PwC and Ms. Ferris based on PwC's audits of various SPhinX funds for fiscal years 2003 and 2004. Complaint ¶¶ 611-12, 614, 617, 704-05. While plaintiffs allege a long laundry list of audit failures, the gravamen of their case is that PwC and Ms. Ferris committed malpractice and fraud in issuing unqualified opinions on the financial statements of one of the SPhinX funds, SMFF, because PwC and Ms. Ferris knew that there were hundreds of millions of dollars of SPhinX assets held at Refco Capital Markets, Ltd. ("RCM"), where they were subject to credit risk. Id. ¶ 694; see also id. ¶ 695 ("PwC did not implement any audit procedures designed to determine whether SPhinX Funds assets were in fact held in protected and segregated accounts."); ¶ 696 ("PwC failed to identify, or knowingly

2

disregarded, and failed to require disclosure in the financial statements of the fact that hundreds of millions of dollars of SMFF assets had been diverted to unprotected, unregulated accounts at RCM. . . .").

These allegations relate to what the Special Master described as the "'SPhinX fraud'" (R&R at 3) -- plaintiffs' claim that they were injured "from the diversion of SPhinX's cash from protected, customer-segregated accounts [Refco LLC] to unprotected offshore accounts [RCM], where those assets were ultimately lost in the Refco scandal" (Compl. ¶ 1).

Second, plaintiffs assert claims arising from PwC's separate engagements to provide advisory services to Refco, initially in connection with its leveraged buyout (id. ¶ 570), and later in connection with Refco's preparation of an S-1 filing for its initial public offering (id. ¶ 574). Plaintiffs characterize PwC "as Refco's principal advisor concerning accounting and financial reporting in connection with the LBO and IPO and . . . the de facto Chief Accounting Officer for Refco. . . ." Id. ¶ 580. The Complaint further alleges that in the course of providing services to Refco, PwC learned of key aspects of the Refco fraud, including the existence of the so called "RGHI Receivable" and the round-trip loans ("RTLs")," as well as Refco's looting of RCM customer assets, and that PwC provided substantial assistance to Refco in carrying out the Refco fraud. See id. ¶¶ 570-605.

These allegations are similar to ones made by plaintiffs against other Refco service providers, such as its auditors and outside counsel. They also relate to what the Special Master described as "'the Refco fraud,'" which "emphasizes the Round-Trip loans, the Refco hidden receivables, the fraudulent LBO and IPO, and the funding of Refco interests by looting the accounts at RCM." R&R at 3.

3

Based on these two different theories, plaintiffs have alleged two different sets of claims against PwC and Ms. Ferris. Counts 6 (Accountant Malpractice), 7 (Aiding and Abetting Breach of Fiduciary Duty owed to SPhinX and PlusFunds), and 8 (Fraud/Misrepresentation) are based upon PwC's alleged SPhinX-related audit failures. They were categorized by the Special Master as "solely alleging damages from the unauthorized transfer of SMFF excess cash from Refco LLC to RCM." R&R at 30. In contrast, in Counts 17, 18 and 19, plaintiffs bring claims against PwC and other service providers to Refco, all of which require actual knowledge and substantial assistance by those parties in the Refco fraud: aiding and abetting the Refco fraud (Count 17), aiding and abetting breaches of fiduciary duty owed to plaintiffs by Refco entities and their officers and directors (Count 18), and aiding and abetting the conversion of SPhinX assets by Refco entities and their officers and agents (Count 19).

## OBJECTION[2]

This supplemental submission addresses that part of the R&R in which the Special Master largely dismissed Counts 17, 18 and 19 because plaintiffs lack standing to assert claims based on the Refco fraud -- the round-trip loans, the Refco hidden receivables, the fraudulent LBO and IPO, and the diversion of SMFF funds <u>from RCM</u> for use by Refco. In doing so, however, the Special Master determined that a conclusory allegation in each of those counts as to PwC's audit work for SPhinX was sufficient to give plaintiffs standing to make those claims against PwC (and on the two counts in which she is named, Ms. Ferris). R&R at 32-33. More specifically, the Special Master cited plaintiffs' allegation that "PwC and Ferris

---

[2] In the R&R, the Special Master addressed plaintiffs' standing to assert claims against PwC and Ms. Ferris, and they therefore submit this supplemental objection and join in Defendants' Limited Objections to address certain aspects of that ruling. In their motion to dismiss, PwC and Ms. Ferris argued many other bases for dismissal of the claims against them, including as to the aiding and abetting Refco wrongdoing counts. PwC and Ms. Ferris will seek to be heard before the Special Master at the appropriate time on issues specific to allegations as to them, and reserve their right to make any arguments not precluded by the Court's Order on this R&R.

4

further gave substantial assistance to the Refco fraud by issuing unqualified audit opinions on the financial statements of SPhinX and PlusFunds, which financial statements <u>concealed and failed to disclose the Refco fraud</u> and the diversion and use of SPhinX cash at RCM to fund that fraud." Compl. ¶ 1262 (cited in the R&R at 32) (emphasis added); <u>see also</u> Compl. ¶ 1277 (cited in the R&R at 32); Compl. ¶ 1288 (cited in the R&R at 33).

PwC and Ms. Ferris respectfully submit that the Special Master erred in this aspect of his ruling for the following reasons:

1. The thrust of Counts 17, 18 and 19 is the same as to each defendant. Plaintiffs make claims against various service providers to Refco -- its independent auditor (Grant Thornton), outside legal counsel (Mayer Brown), tax preparer (Ernst & Young), and financial reporting advisor (PwC) -- based on their knowledge of, and active participation in, the Refco fraud.

2. The rationale of the Special Master in generally dismissing these counts was that SMFF's damages flow from the transfer of its assets to non-segregated accounts at RCM, not from "Refco insiders cashing out in the IPO, or improperly upstreamed assets from RCM, or Round Trip Loans, etc." R&R at 19. That rationale indisputably applies with equal force to the allegations in these counts of PwC's alleged participation in the Refco fraud in its role as Refco's financial reporting advisor. <u>See</u> Compl. ¶¶ 1261 ("PwC gave substantial assistance by concealing the Refco fraud, advising Refco on financial matters and preparing and approving Refco's financial statements and public filings in connection with the LBO and IPO offerings.") (Count 17); <u>see also id.</u>, ¶ 1276 (Count 18); ¶ 1287 (Count 19).

3. The additional, makeweight allegation in each of the counts as to PwC's audit work on SPhinX is not sufficient to give plaintiffs standing to pursue claims of aiding and abetting Refco wrongdoing. The audit-related allegation is no different than any other allegation in those claims -- that defendants assisted the Refco fraud by failing to disclose the Refco fraud. Compare Compl. ¶¶ 1262, 1277, and 1288 (PwC "concealed and failed to disclose the Refco fraud") (cited by the Special Master in allowing the claims to go forward) with id. ¶ 1259 (Grant Thornton gave substantial assistance by "helping conceal the Refco fraud"); ¶ 1260 (Ernst & Young - same); ¶ 1263 (Mayer Brown gave substantial assistance by "concealing the RGHI receivable" and "preparing fraudulent public filings in connection with the LBO and IPO transactions"). The Special Master correctly concluded as to these other defendants that such failure-to-disclose allegations are legally insufficient to give plaintiffs standing to sue based on the Refco fraud. The fact that the alleged failure to disclose by PwC is both with respect to its advisory work for Refco and its audit work for SPhinX should not affect the analysis, or result. Plaintiffs lack standing to assert claims based on the Refco fraud, including as to PwC and Ms. Ferris.

4. PwC and Ms. Ferris are not objecting to the Special Master's conclusion that SMFF has standing to pursue other claims against them: Accountant Malpractice (Count 6), Aiding and Abetting Breach of Fiduciary Duty (owed to PlusFunds and SPhinX) (Count 7), and Fraud/Misrepresentation (Count 8). See R&R at 30. These claims squarely implicate what the Special Master described as the "SPhinX fraud" -- the alleged wrongful transfer of SMFF assets to RCM. The dismissal of Counts 17, 18 and 19 on standing grounds will therefore not deprive plaintiffs of the opportunity to pursue that theory of their case against PwC and Ms. Ferris,

6

assuming those claims survive other bases for dismissal raised in the defendants' motions to dismiss.

## **CONCLUSION**

For the reasons set forth herein and in Defendants' Limited Objection, PwC and Ms. Ferris respectfully object to portions of the Special Master's Report and Recommendation on the Omnibus Issue of Standing and request that the Court: 1) dismiss plaintiffs' claims that arise from the Refco fraud with prejudice, including Counts 17, 18 and 19 as to PwC, and Counts 17 and 19 as to Ms. Ferris; and 2) dismiss claims by PlusFunds, the investment advisor for the SPhinX funds, that are contingent upon injury to a third party.

Dated: New York, New York
February 16, 2010

KING & SPALDING LLP

By: /s/ James J. Capra, Jr.
    James J. Capra, Jr.
    (jcapra@kslaw.com)
    James P. Cusick

    1185 Avenue of the Americas
    New York, New York 10036-4003
    Tel.: (212) 556-2100

    -and-

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: /s/ Matthew L. Craner
    Matthew L. Craner
    (mcraner@orrick.com)
    666 Fifth Avenue
    New York, New York 10103
    Tel.: (212) 506-5000

    *Attorneys for Defendants*
    *PricewaterhouseCoopers LLP and Mari Ferris*