UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
                                      :
IN RE REFCO SECURITIES LITIGATION     :    07 MDL 1902 (JSR)
                                      :
------------------------------------- x
------------------------------------- x
THOMAS H. LEE EQUITY FUND V, L.P.,    :
THOMAS H. LEE PARALLEL FUND V., L.P., :
and THOMAS H. LEE EQUITY (CAYMAN)     :
FUND V, L.P.,                         :
                                      :
            Plaintiffs,               :    Applies To:
                                      :
            -v-                       :    07 Civ. 6767
                                      :
MAYER, BROWN, ROWE & MAW LLP and      :
JOSEPH P. COLLINS,                    :
                                      :
            Defendants.               :    OPINION AND ORDER
------------------------------------- x

JED S. RAKOFF, U.S.D.J.

The law firm of Weil, Gotshal & Manges LLP ("Weil Gotshal") represented the plaintiffs here in connection with various of the underlying events at issue in this litigation and continues to represent them at present, along with, inter alia, the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss"). Because of their involvement in the underlying events, six attorneys from Weil Gotshal were deposed in the course of this multi-district litigation. On June 17, 2010, Special Master Ronald Hedges issued an order holding that defendant Mayer, Brown, Rowe & Maw LLP ("Mayer Brown") was entitled to discovery of certain communications made in connection with the preparation sessions of these witnesses, at which lawyers from both Weil Gotshal and Paul Weiss participated. Although tacitly


acknowledging that such materials would normally be protected from discovery by the work product doctrine, see Fed. R. Civ. P. 26(b)(3)(A), the Special Master held that such protection was waived because, at the time, there was a "reasonable anticipation of litigation" between the plaintiffs and the Weil Gotshal firm itself. Special Master Order on Privilege at 1, ECF No. 146; see also, e.g., In re Steinhardt Partners, L.P., 9 F.3d 230, 235 (2d Cir. 1993) ("Once a party allows an adversary to share the otherwise privileged thought processes of counsel, the need for the privilege disappears."). On the basis of this waiver, the Special Master held that the Weil Gotshal lawyers could be questioned by defendant at upcoming depositions as to what was said at the preparation sessions and that, to the extent that these witnesses did not recall such communications when questioned at the depositions, defendant could seek production of lawyers' notes and memoranda reflecting those communications upon a showing of substantial need. Special Master Order on Privilege at 2.

After receiving a timely appeal from plaintiffs and full briefing from plaintiffs and defendant Mayer Brown, the Court heard oral argument on July 19, 2010. Although, pursuant to this Court's prior order, the Special Master's discovery orders are normally reviewed for abuse of discretion, the Court finds that what is presented here is a pure legal issue relating to privilege, which the Court reviews de novo. Having done so, the Court concludes that work

product protection has not been waived in connection with the deposition preparation sessions.

It is undisputed that all the lawyers who were preparing the Weil Gotshal witnesses to testify -- whether from Weil Gotshal or from Paul Weiss -- were lawyers engaged in the representation of the plaintiffs in this multi-district litigation.[1] Mayer Brown nonetheless contends that, consciously or not, the Weil Gotshal lawyers were also representing Weil Gotshal's own interests, which, defendant asserts, were potentially adverse to plaintiffs' interests. But defendant's sole basis for making this claim is a so-called "Standstill Agreement" entered into between plaintiffs and Weil Gotshal on September 25, 2008, which, if anything, proves the contrary. See Standstill Agreement, Broderick Decl. Ex. B, ECF No. 152-4. Specifically, the stated purpose of the Standstill Agreement is to preserve contingent claims by plaintiffs against Weil Gotshal only "to the extent such claims are based at least in part upon material facts unknown to THL as of the Effective Date," id. at 1 -- thus rather clearly implying that the information known to plaintiffs as of the effective date of the Standstill Agreement would not support any claim against Weil Gotshal. The point of the Standstill

---

[1] At oral argument, reference was made to the fact that Richard Davis, Esq., a Weil Gotshal partner who did not represent plaintiffs, was intermittently in the room, but there was no suggestion that his brief appearances were material in any respect. See Tr., 07/19/10, at 20-21, 25.

Agreement, then, was simply to toll the statute of limitations against the speculative possibility that new information might come to light in the future that would permit plaintiffs to bring a claim against Weil Gotshal. See, e.g., Tr. at 5.

There is no indication that any such information ever emerged. To be sure, as part of Weil Gotshal's eventual agreement to contribute $15 million toward the settlement of the securities class action arising from the Refco fraud, the plaintiffs agreed to terminate the Standstill Agreement. See, e.g., Tr. at 8. But nothing in this fairly suggests an adversarial position between plaintiffs and Weil Gotshal. On the contrary, as noted, Weill Gotshal continues to this very day to represent the plaintiffs in this very litigation.

Nor is Mayer Brown able to point to any case law involving waiver that is remotely like the situation here. Indeed, the leading cases on inadvertent waiver, In re Steinhardt and Westinghouse Electric Corp. v. Republic of the Philippines, 951 F.2d 1414 (3d Cir. 1991), involved selective disclosures to unquestioned adversaries; this is not remotely analogous to a situation where one is making disclosures to one's own co-counsel, to whose joint client one might theoretically have some potential liability. Indeed, adopting defendant's gloss on the relationship between plaintiffs and Weil Gotshal would render potentially discoverable any work product-protected communications between Weil Gotshal and plaintiffs' other

4

co-counsel in any part of this multi-district litigation. The work product privilege is not so readily compromised.

Accordingly, the Court hereby reverses the June 17 Order on Privilege and remands the matter to the Special Master for further proceedings consistent with this Opinion.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       August 3, 2010