UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
:
:
In re REFCO, INC. SECURITIES LITIGATION   :   07 MDL No. 1902 (JSR)
:
:
------------------------------------------------------------X

------------------------------------------------------------X
:
:
KENNETH M. KRYS, et al.,   :
:   08 Civ. 8267 (JSR)
            Plaintiffs,   :
:   <u>ECF CASE</u>
   -against-   :
:   ORAL ARGUMENT
RICHARD BUTT,   :   <u>REQUESTED        </u>
:
            Defendant.   :
:
------------------------------------------------------------X

**DEFENDANT RICHARD BUTT'S RESPONSE TO PLAINTIFFS'
OBJECTION TO THE AUGUST 4, 2010 REPORT AND
<u>RECOMMENDATION OF THE SPECIAL MASTER ON MOTION TO DISMISS</u>**

ALSTON & BIRD LLP
John F. Cambria
Alexander S. Lorenzo
90 Park Avenue
New York, New York 10016
Tel.: 212-910-9400

*Attorneys for Defendant Richard Butt*

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT .............................................................................................. 1

BACKGROUND ...................................................................................................................... 2

ARGUMENT ............................................................................................................................ 4

    I.    THE COURT SHOULD ADOPT THE FINDINGS IN THE CAPRA REPORT AND DISMISS PLAINTIFFS' FIDUCIARY DUTY CLAIM WITH PREJUDICE BECAUSE BUTT DID NOT OWE SPHINX OR PLUSFUNDS ANY SUCH DUTY ............................................. 5

        A.  Plaintiffs Fail to Demonstrate That Butt "Participated" in RAI's Breach of Fiduciary Duty ................................................................. 5

    II.   THE COURT SHOULD ADOPT THE FINDINGS IN THE CAPRA REPORT AND DISMISS PLAINTIFFS' AIDING AND ABETTING CLAIM WITH PREJUDICE BECAUSE PLAINTIFFS FAIL TO DEMONSTRATE THAT BUTT AIDED AND ABETTED ANY BREACH OF A FIDUCIARY DUTY OWED TO PLAINTIFFS .................... 9

        A.  Butt Lacked Actual Knowledge of Any Breach of a Fiduciary Duty Owed to Plaintiffs ............................................................. 9

        B.  Even Assuming Pleading "Conscious Avoidance" is Sufficient to Demonstrate Knowledge for an Aiding and Abetting Claim, Plaintiffs' Allegations are Insufficient ......................... 11

        C.  Plaintiffs Have Not Sufficiently Alleged Substantial Assistance by Butt .................................................................................... 12

CONCLUSION ....................................................................................................................... 13

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                                                                                 **Page(s)**

*Acito v. IMCERA Group, Inc.*,
47 F.3d 47 (2d Cir. 1995)..................................................................................................14

*A.I.A. Holdings, S.A. v. Lehman Bros, Inc.*,
No. 97 CIV 4978 (LMM), 1999 WL 47223 (S.D.N.Y. Feb. 3, 1999)............................4, 9

*Am. Exp. Travel Related Servs. Co., Inc. v. N. Alt. Resources, Inc.*,
261 A.D.2d 310, 691 N.Y.S.2d 403 (1st Dep't 1999) .......................................................8

*American Fin. Int'l Group-Asia, LLC v. Bennett*,
No. 05 Civ. 8988 (GEL), 2007 WL 1732427 (S.D.N.Y. June 14, 2007) ...........................5

*Ashcroft v. Iqbal*,
556 U.S. ____, 129 S.Ct. 1937 (May 18, 2009) .................................................................5

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 127 S. Ct. 1955 (2007)................................................................................4

*Chemtex, LLC v. St. Anthony Enterprises, Inc.*,
490 F. Supp. 2d 536 (S.D.N.Y. 2007)..............................................................................12

*Fireman's Fund Ins. Co. v. Allied Programs Corp.*,
No. 92 Civ. 7505 (CSH), 1993 WL 481344 (S.D.N.Y. Nov. 17, 1993).............................8

*Fraternity Fund Ltd. v. Beacon Hill Asset Management, LLC*,
479 F. Supp. 2d 370 (S.D.N.Y. 2007).........................................................................11, 13

*Hirsch v. Arthur Anderson & Co.*,
72 F.3d 1085 (2d Cir. 1995)...............................................................................................5

*Ho Myung Moolsan Co., Ltd. v. Manitou Mineral Water, Inc.*,
665 F. Supp. 2d 239 (S.D.N.Y. 2009)................................................................................8

*Iqbal v. Hasty*,
490 F.3d 143 (2d Cir. 2007), *cert. granted*, 128 S. Ct. 2931 (2008),
*rev'd on other grounds*, 129 S. Ct. 1937 (2009) ........................................................ 4-5, 13

*Key Bank of New York v. Grossi*,
227 A.D.2d 841, 642 N.Y.S.2d 403 (3d Dep't 1996).........................................................8

*Kolbeck v. LIT Am., Inc.*,
939 F. Supp. 240 (S.D.N.Y. 1996) .............................................................................10, 13

**Cases**                                                                                                      **Page(s)**

*Maxwell MacMillan Realization Liquidating Trust v. Aboff (In re Macmillan, Inc.)*,
204 B.R. 378 (S.D.N.Y. 1997) ..................................................................................................6

*Pension Committee of University of Montreal Pension Plan v. Banc of Am. Securities, LLC*,
446 F. Supp. 2d 163 (S.D.N.Y. 2006) .....................................................................................11

*People v. Apple Health & Sports Clubs, Ltd., Inc.*,
206 A.D.2d 266, 613 N.Y.S.2d 868 (1994) ..............................................................................8

*Pludeman v. N. Leasing Sys., Inc.*,
10 N.Y.3d 486, 860 N.Y.S.2d 422 (2008) ..............................................................................12

*Rajeev Sindhwani, M.D., PLLC v. Coe Business Servs.*,
52 A.D.3d 674, 861 N.Y.S.2d 705 (2d Dep't 2008) .................................................................7

*Reddington v. Staten Island Univ. Hosp.*,
511 F.3d 126, 131 (2d Cir. 2007) .............................................................................................5

*Rosner v. Bank of China*,
349 Fed. Appx. 637 (2d Cir. 2009) .........................................................................................12

*Six West Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp.*,
No. 97 Civ. 5499 (DNE), 2000 WL 264295 (S.D.N.Y. Mar. 9, 2000) ....................................8

*Talansky v. Schulman*,
2 A.D.3d 355, 770 N.Y.S.2d 48 (2003) ...................................................................................8

*VR Global Partners, L.P. v. Bennett (In re Refco Capital Mkts., Ltd. Brokerage Customer Secs. Litig.)*,
Nos. 06 Civ. 643 (GEL), 07 Civ. 8626 (GEL), 07 Civ. 8688 (GEL),
2008 WL 4056159 (S.D.N.Y. Aug. 28, 2008) .........................................................................5

Defendant Richard Butt ("Butt"), by and through his undersigned counsel, Alston & Bird LLP, respectfully submits this Response to Plaintiffs' Objection ("Objection") to the August 4, 2010 Report and Recommendation of the Special Master on Motion to Dismiss ("Capra Report").[1]  Butt incorporates by reference all briefs filed by Butt in connection with his motion to dismiss Plaintiffs' Amended Complaint and the oral arguments made by Butt to the Special Master.

## PRELIMINARY STATEMENT

Plaintiffs' Objection fails to address the core conclusions in the Capra Report, which forcefully rejected the notion that the Amended Complaint sufficiently alleged either that Butt owed any fiduciary duty to SPhinX and/or PlusFunds or that Butt aided and abetted any breach of a fiduciary duty owed to SPhinX and/or PlusFunds.[2]  On the fiduciary duty point, the Special Master correctly dismissed the fatuous notion that whenever an entity has a fiduciary duty, that duty is automatically imputed to all officers of the entity regardless of whether they have an individual position of trust and confidence with the plaintiff.  On the aiding and abetting point, the Special Master correctly held that there were no allegations supporting either the requisite knowledge or the substantial participation on Butt's part that are required to state such a claim.

Plainly, the deficiencies in Plaintiffs' Amended Complaint conclusively support the Capra Report and demonstrate that this "afterthought" case brought solely against Butt should be dismissed with prejudice.  (Capra Report at 8.)  Tellingly, it is undisputed that Butt did not

---

[1] The capitalized terms used herein are defined in Butt's opening memorandum in support of his motion to dismiss.

[2] Butt's Response responds to the arguments set forth in Plaintiffs' Objection, and does so without waiving any of the other arguments set forth in Butt's prior pleadings, which Plaintiffs' Objection does not address.

become an officer of RAI until well after the allegedly unauthorized transfers of excess cash began, (*see* Am. Compl. ¶¶ 9, 121.); that Butt had no part whatsoever in ordering the transfers to take place, (*see id.* ¶ 136.); and that even if Butt did inquire of his supervisors as to whether the transfers were authorized, nothing would have changed or been done differently since those in control had authorized transfers and the same was widely known throughout the Refco entities (*see, e.g., id.* ¶ 113, 251.). In short, Special Master Capra saw through the fog of blunderbuss and conclusory allegations leveled at Butt and found that Plaintiffs' claims were entirely implausible. Apart from the glaring illogic that Butt was somehow supposed to divine that the regular and persistent sweeping of excess into RCM was "unauthorized," it is ludicrous to suggest that he had some duty to reverse the course of Refco and/or Plaintiffs' business practices which he neither originated, supervised, nor controlled.

Accordingly, the Court should adopt Special Master Capra's Report and Recommendation in its entirety and dismiss Plaintiffs' Amended Complaint with prejudice.

## BACKGROUND

Plaintiffs' claims arise from the losses suffered when assets were allegedly transferred from segregated accounts at Refco LLC to unprotected accounts at RCM. After filing a number of complaints against various Refco entities, Plaintiffs filed the instant action against Butt, who was senior vice-president and later, starting in 2005, president of RAI, asserting claims for breach of fiduciary duty and aiding and abetting breach of fiduciary duty.[3]

There is not, nor could there be, any allegation that Butt was a Refco "insider" or decision maker with respect to the complained-of migration of SMFF funds. Instead, in wholly

---

[3] Note that Plaintiff's Objection conflates Butt's time as president by stating that "Richard Butt was at relevant times the vice-president, chief of operations *and* president of RAI." (Objection at 2) (emphasis added).

conclusory allegations, Plaintiffs allege that RAI was an "agent" of the Refco entities and was responsible for the movement of funds from segregated accounts, and thus, owed a fiduciary duty to the SPhinX Funds and/or PlusFunds' investors. Plaintiffs then leapfrog to Butt who, as an officer of RAI, is alleged to be RAI's "agent." The Amended Complaint is, however, bereft of any factual allegations establishing a fiduciary relationship between Butt, an individual officer of RAI, and Plaintiffs.

Based on these facts, Butt moved to dismiss the Complaint. In lieu of opposing Butt's motion to dismiss, Plaintiffs filed the operative Amended Complaint. Butt then moved to dismiss the Amended Complaint. Plaintiffs opposed this motion but, unlike in the other SPhinX Actions, Plaintiffs did not tender a proposed second amended complaint. In evaluating Butt's motion, the Capra Report recommended that all claims against Butt be dismissed with prejudice. The Plaintiffs filed an objection to the Capra Report, and Butt submits this Response to the Plaintiffs' Objection.

Special Master Capra makes a number of findings in his Report:

First, as to Plaintiffs' claim of breach of fiduciary duty, Special Master Capra found that "there is nothing in the Complaint to indicate that there was anything about Butt's role as a corporate official that created a personal relationship of trust and confidence between Butt and either SPhinX or PlusFunds." (Capra Report at 6.) Special Master Capra further found that, "[t]here is nothing in the Complaint to indicate that Butt did or undertook anything personally to justify any reliance or confidence by PlusFunds or SPhinX." (*Id.*) Additionally, "nothing in the Complaint indicates that Butt had anything personally to do with the transfer of excess cash to RCM." (*Id.*) Thus, "'because status as a corporate official is not enough to establish breach of fiduciary duty,'" the claim "against Butt for breach of fiduciary duty should be dismissed." (*Id.*

at 8 (quoting *A.I.A. Holdings, S.A. v. Lehman Bros, Inc.*, No. 97 CIV.4978 (LMM), 1999 WL 47223, at *6 (S.D.N.Y. Feb. 3, 1999)).)

<u>Second</u>, as to Plaintiffs' claim of aiding and abetting breach of fiduciary duty, Special Master Capra found that "[n]othing in the Complaint indicates that Butt had knowledge that the transfers were unauthorized, " a necessary element in an aiding and abetting claim. (*Id.* at 11.) In addition, "the Plaintiffs have utterly failed to plead any act that could constitute substantial assistance of the breaches of fiduciary duty by the listed wrongdoers." (*Id.* at 14.)

<u>Finally</u>, Special Master Capra recommended that the Complaint be dismissed on all counts with prejudice:

> "Given the fact that 1) the Complaint has been once amended, and 2) the Plaintiffs have already had access to Butt's testimony … and yet have been utterly unable in an amended complaint to establish a fiduciary relationship – the Special Master recommends that the dismissal should be with prejudice.  The process of this litigation indicates that Butt is little more than an afterthought, and the Complaint against him read as if that is the case.  Under the circumstances, the costs and inconvenience of an amended complaint are not justified."

(*Id.* at 8-9, 15.)

## ARGUMENT

As the Capra Report so finds, Plaintiffs' claims against Butt for breach of fiduciary duty and aiding and abetting such a breach should be dismissed because Plaintiffs have not – and cannot – meet the pleading requirements for either claim.

It is well settled that "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964–65 (2007) (internal quotation marks omitted; alteration in original).  Rather, a complaint must "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143, 157–58 (2d Cir. 2007), *cert.*

*granted*, 128 S. Ct. 2931 (2008), *rev'd on other grounds*, 129 S. Ct. 1937 (2009) (emphasis in original); *see also Twombly*, 127 S. Ct. at 1965, 1974.  In other words, a complaint must be dismissed where the "plaintiff ha[s] not 'nudged [its] claims across the line from conceivable to plausible.'"  *VR Global Partners, L.P. v. Bennett (In re Refco Capital Mkts., Ltd. Brokerage Customer Secs. Litig.)*, Nos. 06 Civ. 643 (GEL), 07 Civ. 8626 (GEL), 07 Civ. 8688 (GEL), 2008 WL 4056159, at *3 (S.D.N.Y. Aug. 28, 2008) (hereafter "RCM II") (alterations in original) (quoting *Twombly*, 127 S. Ct. at 1974); *Ashcroft v. Iqbal*, 556 U.S. ____, 129 S.Ct. 1937, 1950 (May 18, 2009) ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"); *see also American Fin. Int'l Group-Asia, LLC v. Bennett*, No. 05 Civ. 8988 (GEL), 2007 WL 1732427, at *5 (S.D.N.Y. June 14, 2007).

Furthermore, to defeat a motion to dismiss, "bald assertions and conclusions of law will not suffice."  *Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126, 131 (2d Cir. 2007) (quotation marks omitted).  Moreover, "[g]eneral, conclusory allegations need not be credited . . . when they are belied by more specific allegations of the complaint."  *Hirsch v. Arthur Anderson & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995).

I.   **THE COURT SHOULD ADOPT THE FINDINGS IN THE CAPRA REPORT AND DISMISS PLAINTIFFS' FIDUCIARY DUTY CLAIM WITH PREJUDICE BECAUSE BUTT DID NOT OWE SPHINX OR PLUSFUNDS ANY SUCH DUTY.**

   **A. Plaintiffs Fail to Demonstrate That Butt "Participated" in RAI's Breach of Fiduciary Duty.**

Plaintiffs assert in their Objection that the "Special Master fails to credit the simple allegations against Richard Butt" and that "Butt is personally liable if he 'participated' in RAI's breach of fiduciary duty."  (Objection at 2.)  Notably, however, Plaintiffs' Objection does not address the Special Master's foundational point that "[t]here is nothing in the Complaint to

indicate that Butt did or undertook anything personally to justify any reliance or confidence by PlusFunds or SPhinX," and thus, Plaintiffs have failed to allege sufficient facts that show that Butt personally "participated" in the transfer of excess cash to RCM.  (Capra Report at 7.)

Furthermore, the laundry list of cases Plaintiffs cite to support their claim that "if a corporate officer participates in the corporate entity's tort [here, RAI's breach of fiduciary duty], the officer is personally liable," are entirely inapposite, and in some instances, directly support Butt's position.  (Objection at 3 (internal quotations omitted).)  For example, in *Maxwell MacMillan Realization Liquidating Trust v. Aboff (In re Macmillan, Inc.)*, 204 B.R. 378 (S.D.N.Y. 1997), a case strikingly similar to the case at bar, debtors sued an officer of a corporation for conversion, breach of fiduciary duty and fraud, alleging that he "knowingly misappropriated and converted tax refund checks aggregating millions of dollars." *Id.* at 405. To support their allegation, plaintiffs asserted that the officer was one of three signatories of a bank account into which the debtor's misappropriated tax refund checks were deposited, and that many transactions involving the account were conducted out of his office and with his staff.  *Id.* Furthermore, plaintiffs inferred that because the defendant was the president of the corporation, he should have knowledge about the improper deposits.  The court dismissed the action against the individual officer, and held that:

> The debtors [] ask that I infer [the officer's] knowledge that the transfers were wrongful.  They reason that the [officer's] denial of knowledge of wrongdoing ought not be believed. . . .  [However,] [s]imply because [the officer] was effectuating transfers as part and parcel of his responsibilities at [the corporation] does not prove knowledge of wrongdoing with respect to these transfers effected by someone else. . . .  ***When the claim is based entirely on inference, the facts must give rise to a strong inference that the defendant had knowledge or participated in the wrongdoing at the time of the alleged wrongdoing.***

*Id.* at 406 (emphasis added).  Thus, while Plaintiffs cite *Aboff* for the simple proposition that a corporate officer might be held liable for his participation in tort for the corporation's benefit, they ignore its holding which squarely supports dismissal.

Plaintiffs also trumpet *Rajeev Sindhwani, M.D., PLLC v. Coe Business Servs.*, 52 A.D.3d 674, 861 N.Y.S.2d 705 (2d Dep't 2008), where a physician sued a company he hired to process his patients' medical records.  *Id.* at 677-78, 861 N.Y.S.2d at 709.  The physician subsequently terminated the defendant's services; however, the owner of the company refused to return the records until the doctor paid for the last three months of invoices that were due.  *Id.*  The court allowed the doctor to sue the company and the owner individually for conversion because the evidence demonstrated that she "was responsible for the determination to withhold the subject records from the plaintiff, despite the doctor's demands" for their return.  *Id.*

Special Master Capra rightly distinguished *Rajeev Sindhwani* for two reasons:  first, it is a ***conversion*** case based on the wrongful withholding of medical records (*i.e.*, defendant had possession of that as to which plaintiff claimed a superior possessory interest); and second, the individual defendant in *Rajeev* "actually committed the tortious act on behalf of the entity." (Capra Report at 7.)  Plaintiff argues that the Special Master's "attempts to distinguish" the case fail because the present case "*is* a conversion case." (Objection at 3, FN 1.)  However, Plaintiffs plead no conversion cause of action in their Amended Complaint.  Plaintiffs also fail to address the Special Master's core point that *Rajeev* (like almost every other case cited in Plaintiff's Objection) involved an individual who actually committed the tortious act in question.  It is undisputed that Butt never had possession of the excess cash which Plaintiffs' claim was improperly transferred, and no one has ever contended that Butt profited in any way from the galaxy of alleged (and/or actual) Refco wrongdoings.

- 7 -

In addition, other cases cited by Plaintiffs are also readily distinguishable and mostly involve individual defendants who *directly participated in the conduct – usually fraudulent or quasi-fraudulent – which was the basis of the plaintiffs' complaints*. See, e.g.:

- *Ho Myung Moolsan Co., Ltd. v. Manitou Mineral Water, Inc.*, 665 F. Supp. 2d 239, 258 (S.D.N.Y. 2009) (plaintiffs stated claim for breach of fiduciary duty against officer of company because officer acted as plaintiff's agent and was "secretly accepting compensation" in violation of their contract);

- *Six West Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp.*, No. 97 Civ. 5499 (DNE), 2000 WL 264295, at *35 (S.D.N.Y. Mar. 9, 2000) (allowing plaintiffs to move forward against individual defendants "for the purported antitrust violations because of the influence they exerted in effectuating Sony's corporate policy");

- *Fireman's Fund Ins. Co. v. Allied Programs Corp.*, No. 92 Civ. 7505 (CSH), 1993 WL 481344, at *7 (S.D.N.Y. Nov. 17, 1993) (officer of insurance company could be sued individually based on allegations that he personally "willfully and wrongfully exercised dominion and control of hundreds of thousands of dollars of premiums belonging to Fireman's Fund");

- *Talansky v. Schulman*, 2 A.D.3d 355, 359-60, 770 N.Y.S.2d 48, 53 (2003) (escrow agent, who allegedly misled plaintiff in regard to a business investment by "stating repeatedly that the collateral was in hand" when, in fact, it was not, could be sued individually);

- *Am. Exp. Travel Related Servs. Co., Inc. v. N. Alt. Resources, Inc.*, 261 A.D.2d 310, 311, 691 N.Y.S.2d 403, 404 (1st Dep't 1999) ("[P]laintiff adequately stated a cause of action for fraud by alleging or adducing evidence indicating that defendants affirmatively misrepresented the status of the applicants for plaintiff's corporate credit card as agents of the defendant corporation, when in fact they were not.");

- *Key Bank of New York v. Grossi*, 227 A.D.2d 841, 843, 642 N.Y.S.2d 403, 404-05 (3d Dep't 1996) (officers, who were responsible for company's day-to-day activities, could be sued individually for conversion where they sold plaintiffs items at auction, and used the money to pay off other business debts instead of transmitting proceeds to plaintiffs);

- *People v. Apple Health & Sports Clubs, Ltd., Inc.*, 206 A.D.2d 266, 613 N.Y.S.2d 868 (1994) (owner and executive director of sports club, which was closing imminently, who continued to personally sell new and extended memberships at prices exceeding $1,000, could be held personally liable for fraud and deceptive business practices).

Here, Plaintiffs are unable to overcome the deficiencies of their Amended Complaint to establish that Butt owed a fiduciary duty to Plaintiffs because there are simply no allegations that

Butt undertook any affirmative acts or had any personal involvement whatsoever in the transfer of excess cash to RCM. The Special Master rightfully scored the Plaintiffs for having nothing more than Butt being copied on certain emails pertaining to the transfers to RCM. (Capra Report at 6-7.)

Furthermore, as emphasized by the Special Master, if Plaintiffs' bare allegations were sufficient to demonstrate that a fiduciary relationship existed between Butt and Plaintiffs, then "any high-ranking corporate official [would be] subject to personal liability for breach of fiduciary duty whenever the corporation breached its own fiduciary duty. But this is not the law." (*Id.* at 7); *see, e.g.*, *A.I.A. Holdings, S.A. v. Lehman Bros., Inc.*, No. 97 CIV.4978 (LMM), 1999 WL 47223, at *6 (S.D.N.Y. Feb. 3, 1999) (court rejected claim that an officer breached a personal fiduciary duty and declared it insufficient to have "merely stated in conclusory and general terms that because [the officer] solicited investors to the SIGMA fund and communicated with them, a fiduciary duty was established").

Thus, because the Plaintiffs have failed to put forth allegations that demonstrate that Butt participated in RAI's breach of fiduciary duty in an affirmative or individual way, the Capra Report should be adopted and Plaintiffs' fiduciary duty claim should be dismissed with prejudice.

II.   **THE COURT SHOULD ADOPT THE FINDINGS IN THE CAPRA REPORT AND DISMISS PLAINTIFFS' AIDING AND ABETTING CLAIM WITH PREJUDICE BECAUSE PLAINTIFFS FAIL TO DEMONSTRATE THAT BUTT AIDED AND ABETTED ANY BREACH OF A FIDUCIARY DUTY OWED TO PLAINTIFFS.**

   **A.   Butt Lacked Actual Knowledge of Any Breach of a Fiduciary Duty Owed to Plaintiffs.**

Plaintiffs basely assert in their Objection that "[t]he Special Master misreads Plaintiffs' allegations" in reference to his conclusion "that Plaintiffs fail to allege actual knowledge because

they do not establish that Butt knew that the movement of SMFF cash to RCM was 'unauthorized.'" (Objection at 11.) The only "misreading" at play here is the failure of Plaintiffs' Objection to come to grips with the essential conclusions of Special Master Capra.

To prove an aiding and abetting claim, a plaintiff must demonstrate that "'the defendant had actual knowledge of the primary violator's status as a fiduciary and actual knowledge that the primary violator's conduct contravened a fiduciary duty.'" (Capra Report at 10 (quoting *Kolbeck v. LIT Am., Inc.*, 939 F. Supp. 240, 246 (S.D.N.Y. 1996)).) Furthermore, actual knowledge "is not satisfied by a mere allegation of constructive knowledge." (*Id.* (citing *Kolbeck*, 939 F. Supp. at 246).)

Here, "[n]othing in the Complaint indicates that Butt had knowledge that the transfers were unauthorized." (*Id.*) Indeed, the transfers were taking place long before Butt ever became an officer of RAI, and Butt did not order the transfers to take place. (*See* Am. Compl. ¶¶ 9, 136.) Plaintiffs' seem to be claiming that Butt had some undefined duty to effectively countermand and reverse the pre-existing and widely-known policy. The silliness of that proposition in terms of imposing personal liability on a subsequently hired officer is self-evident. Plaintiffs seem not to grasp that Butt's mere awareness of the transfers is both innocent and non-actionable, and that they are required to alleged fact showing that Butt knew that that the ***transfers were unauthorized***. (*See* Capra Report at 11.) At oral argument (*see id.*; Transcript of May 5, 2010 Oral Argument at 151-56), the Special Master appropriately pointed out that even if Butt had questioned the authorization, and even if he had come to the questionable conclusion that the SPhinX prospectus in fact was evidence that the transfers were unauthorized, he simply would have been directed by the control persons to continue as before. In short, and again, Plaintiffs

have alleged no plausible way in which Butt would have known *or even could have known* that the transfers were unauthorized.

### B. Even Assuming Pleading "Conscious Avoidance" is Sufficient to Demonstrate Knowledge for an Aiding and Abetting Claim, Plaintiffs' Allegations are Insufficient.

Plaintiffs also argue that even if their allegations are insufficient to demonstrate that Butt had actual knowledge that the transfers were unauthorized, their allegations would suffice to demonstrate that Butt "consciously avoided" learning this fact. (*See* Objection at 8.) However, the Special Master noted that "there is a dispute in the case law as to whether 'conscious avoidance' is sufficient for the knowledge prong of an aiding and abetting claim." (Capra Report at 10.); c*ompare Fraternity Fund Ltd.*, 479 F. Supp. 2d at 368 (finding it sufficient to plead with particularity conscious avoidance, meaning that it can almost be said that, given the underlying circumstances, the defendant actually know of the breach), *with Pension Committee of University of Montreal Pension Plan v. Banc of Am. Securities, LLC*, 446 F. Supp. 2d 163, 202, n. 279 (S.D.N.Y. 2006) (noting that the weight of authority under New York law requires actual knowledge, as distinct from 'willful blindness')." (Capra Report at 10.) The Special Master found this nuance to be inconsequential: "[t]he difference, however, between actual knowledge and 'it can almost be said that the defendant actually knew' is, to say the least, a narrow one. And any difference is not material in this case." (*Id.*)

Without conceding Butt's position that actual knowledge is required in an aiding and abetting claim, the Amended Complaint is entirely devoid of allegations that demonstrate that Butt could have known that the transfers were without proper authorization. Thus, even assuming that conscious avoidance is sufficient to state a claim for aiding and abetting, Plaintiffs would have to allege facts showing that it could "almost be said that, given the underlying

circumstances, the defendant actually kn[e]w of the breach." (*Id.*).  Plaintiffs' allegations do not meet this standard.

In addition, as stated by the Special Master, any claim by Plaintiffs that Butt ***should have known*** that the transfers were unauthorized, based on their allegations of "insufficient returns on the unsegregated accounts, no account opening documents … coupled with the knowledge that the cash was unprotected," is irrelevant because "what Butt *should have known* is not enough to establish knowledge."  (*See* Capra Report at 12) (citing *Rosner v. Bank of China*, 349 Fed. Appx. 637, 638 (2d Cir. 2009) (reason to question some transactions is not sufficient to indicate actual knowledge); *Chemtex, LLC v. St. Anthony Enterprises, Inc.*, 490 F. Supp. 2d 536, 546 (S.D.N.Y. 2007) (allegations that amounted to an assertion that the defendant should have known of improper transfers were insufficient to establish knowledge requirement for aiding and abetting)).

Accordingly, Plaintiffs have failed to plead the knowledge requirement for their aiding and abetting claim.[4]

### C.  Plaintiffs Have Not Sufficiently Alleged Substantial Assistance by Butt.

In addition to alleging that Butt had actual knowledge of a breach of fiduciary duty owed to Plaintiffs, Plaintiffs must also allege "'that the defendant's substantial assistance in the primary violation proximately caused the harm on which the primary liability is predicated.

---

[4] Interestingly, Plaintiffs cite *Pludeman v. N. Leasing Sys., Inc.*, 10 N.Y.3d 486, 493, 860 N.Y.S.2d 422, 426 (2008), for the proposition that "[a]lthough the plaintiffs have not alleged specific details of each individual defendant's conduct, we have never required talismanic, unbending allegations.  Simply put, sometimes such facts are unavailable prior to discovery."  Here, Plaintiffs have already been afforded the opportunity to amend their Complaint with the benefit of the prior deposition of Butt and they have attempted to bootstrap their allegations with materials and information beyond the four corners of their pleading.  Still, all this was to no avail.

Plaintiffs must allege more than but-for causation. They must allege also that their injury was a direct or reasonably foreseeable result of the conduct.'" (Capra Report at 13 (quoting *Fraternity Fund Ltd. v. Beacon Hill Asset Management, LLC*, 479 F. Supp. 2d 370-71 (S.D.N.Y. 2007)).)

Here, "Plaintiffs have utterly failed to plead any act that could constitute substantial assistance of the breaches of fiduciary duty by the listed wrongdoers." (Capra Report at 14.) In fact, as pointed out by the Special Master, the only affirmative act even alleged is that Butt "authorized" the transfers. (*Id.*) Plaintiffs respond to this by stating in their Objection that "[t]he allegations of the Amended Complaint make Butt's substantial assistance abundantly clear." (Objection at 13-14.) Notable, though, Plaintiffs point to no affirmative acts taken by Butt that have been alleged in the Complaint. (*Id.*) Furthermore, "it is well established that 'inaction or failure to investigate, constitutes actionable participation only when a defendant owes a fiduciary duty directly to the plaintiff; that the primary violator owes a fiduciary duty directly to the plaintiff is not enough." (Capra Report at 14 (quoting *Kolbeck v. LIT Am., Inc.*, 940 F. Supp. 240, 246-47 (S.D.N.Y. 1996)).) Not surprisingly, Plaintiffs cite no case law to demonstrate that their aiding and abetting claim, absent any affirmative acts by Butt, can survive a motion to dismiss.

Thus, Plaintiffs have failed to adequately plead substantial assistance of the underlying breaches of fiduciary duty, and the Complaint should be dismissed.

## CONCLUSION

Among the many tests failed by the Amended Complaint is the measure of common sense. The plausibility standard of *Twombly/Iqbal* is, of course, rooted in such logic, or as with

Plaintiffs' offering, illogic. Accordingly, the Amended Complaint should be dismissed in its entirety with prejudice.[5]

Dated: New York, New York
August 26, 2010

                              ALSTON & BIRD LLP

                    By: /s/ John F. Cambria
                        John F. Cambria
                        Alexander S. Lorenzo
                        90 Park Avenue
                        New York, New York 10016
                        Tel.: 212-910-9400

                        *Attorneys for Defendant Richard Butt*

---

[5] A dismissal with prejudice is appropriate where granting leave to replead would be futile. *See Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 55 (2d Cir. 1995). Here, in preparing the Amended Complaint, Plaintiffs had the benefit of the detailed roadmap of pleading deficiencies in Plaintiffs' Complaint set out in Butt's motion to dismiss the Complaint. In addition, the Amended Complaint draws from the substantial discovery related to the Refco collapse, the bankruptcy and liquidation proceedings, multiple Refco complaints, and the contents of the Bankruptcy Examiner's Report. Despite the availability of this extensive evidentiary material and notice of the pleading deficiencies in their original Complaint, Plaintiffs are unable to plead as against Butt the essential standing requirement of causation or the basic elements of breach of fiduciary duty or aiding-and-abetting liability. Thus, as Special Master Capra concludes, "[u]nder the circumstances, the costs and inconvenience of an amended complaint are not justified." (Capra Report at 9.)