**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
:
IN RE REFCO, INC. SECURITIES LITIGATION   :   07 MDL 1902 (JSR)
:
-------------------------------------------------------------x
:
THOMAS H. LEE EQUITY FUND V, L.P.,   :   07 Civ. 6767 (JSR)
THOMAS H. LEE PARALLEL FUND V, L.P.,   :
and THOMAS H. LEE EQUITY (CAYMAN)   :
FUND V, L.P.,   :   **MEMORANDUM OF LAW**
:   **IN SUPPORT OF MOTION TO**
Plaintiffs,   :   **ENTER A BAR ORDER**
v.   :
:
MAYER, BROWN, ROWE & MAW LLP,   :
and JOSEPH P. COLLINS,   :
:
Defendant.   :
:
-------------------------------------------------------------x

1.  Plaintiffs brought *Thomas H. Lee Equity Fund V, L.P. v. Mayer, Brown, Rowe & Maw LLP*, 07 Civ. 6767 (JSR) (the "Action") against Defendants Mayer Brown LLP, Mayer Brown International LLP, and Joseph P. Collins, alleging violations of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 15 C.F.R. § 240.10b-5; the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–68; and common law torts of fraud and negligent misrepresentation.

2.  Because Plaintiffs brought claims under Section 10(b), this Action "arises under" Chapter 2B of Title 15 of the United States Code.[1]  Accordingly, pursuant to the Private

---

[1] That is so notwithstanding that Judge Lynch dismissed the federal securities claims. The dismissal is not final and would have been subject to appeal if this action were not settled. Accordingly, the parties' settlement finally disposes of the federal securities claims, as well as all other claims in the Action.

Securities Litigation Reform Act of 1995, Defendants are "covered persons" for purposes of 15 U.S.C. § 78u-4(f). *See* § 78u-4(f)(10)(C)(i) (defining "covered person" as "a defendant in any private action arising under this chapter").

      3.      Section 78u-4(f)(7)(A) states that "[a] covered person who settled any private action at any time before final verdict or judgment shall be discharged from all claims for contribution brought by other persons." The same provision directs courts to enter bar orders that "bar all future claims for contribution arising out of the action (i) by any person against the settling covered person; and (ii) by the settling covered person against any person, other than a person whose liability has been extinguished by the settlement of the settling covered person." § 78u-4(f)(7)(A)(i)-(ii).

      4.      Defendants have settled the Action with Plaintiffs and will shortly file a Joint Stipulation of Dismissal With Prejudice. *See* Declaration of Thomas G. Ward. Defendant Mayer Brown LLP respectfully requests that the Court enter the proposed Bar Order attached as Exhibit A to the accompanying Declaration of Thomas G. Ward, which states "IT IS HEREBY ORDERED that all claims for contribution by or against the defendants in this action are barred, enjoined and finally discharged as provided by 15 U.S.C. § 78u-4(f)(7)(A). Nothing herein precludes defendants' ability to argue or seek any bar on contribution claims as may be provided by applicable federal or state statutes or common law."

      5.      Plaintiffs consent to the relief requested in this motion.

Dated: Washington, D.C.
       September 9, 2010

Respectfully submitted,

      /s/ Thomas G. Ward
John K. Villa (admitted *pro hac vice*)
George A. Borden (GB-7019)
Thomas G. Ward (TW- 6255)
WILLIAMS & CONNOLLY LLP
725 Twelfth St., NW
Washington, DC  20005
(202) 434-5000
(202) 434-5029 (fax)
*Attorneys for Defendant Mayer Brown LLP*