UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
                                      :
IN RE REFCO SECURITIES LITIGATION     :    07 MDL 1902 (JSR)
                                      :
------------------------------------- x
------------------------------------- x
                                      :
THOMAS H. LEE EQUITY FUND V, L.P.,    :
THOMAS H. LEE PARALLEL FUND V., L.P., :
and THOMAS H. LEE EQUITY (CAYMAN)     :
FUND V, L.P.,                         :
                                      :
              Plaintiffs,             :    Applies To:
                                      :
         -v-                          :    07 Civ. 6767
                                      :
MAYER, BROWN, ROWE & MAW LLP and      :
JOSEPH P. COLLINS,                    :
                                      :
              Defendants.             :    MEMORANDUM ORDER
------------------------------------- x

JED S. RAKOFF, U.S.D.J.

There have been pending before the Court two Reports and Recommendations from Special Master Capra addressing defendants' motions to dismiss plaintiffs' civil RICO claim against them. The Special Master's Report and Recommendation dated May 3, 2010 (the "May 30 Report") recommended the dismissal with prejudice of plaintiffs' RICO claim against defendant Mayer, Brown, Rowe & Maw LLP ("Mayer Brown"). The Report and Recommendation dated May 6, 2010 (the "May 6 Report") recommended the denial of defendant Collins's motion.[1] After

---

[1] Plaintiffs' Second Amended Complaint also asserted a claim for common law fraud against both defendants, which survived a prior motion to dismiss brought before Judge Lynch, see Thomas H. Lee Equity Fund V, L.P. v. Mayer Brown, Rowe & Maw LLP, 612 F. Supp. 2d 267, 286-89 (S.D.N.Y. 2009), and was not at issue on these motions.

receiving timely objections from plaintiffs and defendant Collins and full briefing from the parties, the Court heard oral argument on June 24, 2010, at which time the Court overruled plaintiffs' objection to the May 3 Report and Recommendation but indicated that it would issue a short opinion stating the reasons therefore. See Tr. at 18. Defendant Collins chose to rest on his papers and his objection was not argued. Recently, however, plaintiffs settled all claims against both defendants. Nevertheless, since the motions raised some novel, if modest, issues, it is appropriate to set forth briefly, as promised, the reasons for the Court's previous overruling of plaintiffs' objection to the May 3 Report and Recommendation, as well as the reasons why the Court would have overruled Collins's objection to the May 6 Report and Recommendation, if the matter had not become moot.

Plaintiffs invested more than $450 million in Refco and acquired the majority of Refco's stock through the August 2004 leveraged buy-out. See 2d Am. Compl. ¶ 83, ECF No. 132. After Refco collapsed in the fall of 2005, plaintiffs allegedly lost more than $245 million. Id. ¶ 90. Plaintiffs alleged that defendants conspired with certain Refco insiders, in violation of § 1962(d) of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68, to violate § 1962(c) of RICO in such a way as to further

the insiders' fraudulent scheme to conceal Refco's true financial condition. See id. ¶¶ 95-96, 100-01.

On July 10, 2009, defendant Collins was convicted by a jury on five of fourteen counts relating to his participation in the Refco fraud: one count of conspiracy to commit securities fraud, wire fraud, bank fraud, and money laundering, to make false filings with the SEC, and to make material misstatements to auditors; two counts of securities fraud; and two counts of wire fraud. Id. ¶ 4; see also Judgment, United States v. Collins, 07 CR 1170(RPP) (S.D.N.Y. Mar. 17, 2010), ECF No. 120. By Opinion and Order dated March 2, 2010, Judge Patterson denied Collins's motion for a new trial. See Collins, slip op. at 23 (S.D.N.Y. Mar. 2, 2010), ECF No.3 114. Judge Patterson subsequently sentenced Collins principally to seven years' imprisonment. See Judgment at 2.

Under section 107 of the Private Securities Litigation Reform Act ("PSLRA"), incorporated into § 1964(c) of RICO, a civil RICO claim may not be premised on conduct that would have been actionable as securities fraud unless brought against a "person that is criminally convicted in connection with the fraud, in which case the statute of limitations shall start to run on the date on which the conviction becomes final." 18 U.S.C. § 1964(c). The parties do not dispute that the RICO claims at issue would have been actionable as securities fraud, but plaintiffs contend that the so-called "criminal conviction

exception" of § 1964(c) applies not just to Collins but also to Mayer Brown, because defendant Collins was a Mayer Brown partner at the time of the relevant underlying events. However, even though, theoretically, the Government might have brought criminal charges against Mayer Brown based on the acts of its partner, it chose not to do so, and the plain language of section 1964(c) requires a person-specific conviction. In the absence of such a conviction, plaintiffs' civil RICO claim against defendant Mayer Brown is barred by the PSLRA. Therefore, the Court, on June 24, 2010, overruled plaintiffs' objection to the May 3 Report and adopted the Report in its entirety.

With respect to defendant Collins, the Court agrees with Special Master Capra that Collins's conviction is "final" and rejects defendant Collins's objection that a conviction is not final for the purposes of the criminal conviction exception until after the appeals process is exhausted. Collins has been convicted by a jury, his motion for a new trial has been denied, and judgment has been entered against him. This is sufficient to render a judgment final for virtually all collateral purposes.

Therefore, the Court turns to defendant Collins's objection that plaintiffs have failed to adequately plead a RICO claim, especially with respect to "scienter" and "continuity."

A claim that a person conspired under § 1962(d) to violate § 1962(c) by conspiracy to conduct the affairs of an enterprise through

4

predicate acts of mail, wire, and securities fraud requires, <u>inter alia</u>, that the defendant "knew about and agreed to facilitate the [fraudulent] scheme," <u>Salinas v. United States</u>, 522 U.S. 52, 66 (1997). Plaintiffs allege that "Collins intended to further, agreed to further, and in fact did further the fraudulent schemes of the Refco Operators and w[as] aware of the existence, if not the very identity, of the other participants in the fraudulent schemes and conspiracy." 2d Am. Compl. ¶ 101. Specific factual allegations from which scienter can be inferred include that "Collins was involved from the inception of [the sham loan] transactions" and directed the handling of the transaction documents, <u>id.</u> ¶¶ 35(a)-(b), that "Bennett asked Collins for assistance in developing arguments that could be used to demonstrate to the Federal Reserve Bank of New York that RGHI had substantial net worth," <u>id.</u> ¶ 38(e), and that Collins "manufactur[ed] . . . the counterfeit Fourth LLC Agreement, which Collins falsely represented to the THL Funds to be the genuine Fourth LLC Agreement," <u>id.</u> ¶ 101. Plaintiffs' allegations are thus sufficiently detailed to establish that defendant Collins possessed the required scienter.

As for the requirement that the underlying pattern of predicate acts exhibit continuity, plaintiffs' allegations sufficiently plead so-called "close-ended" continuity, <u>see H.J. Inc. v. Nw. Bell Tel. Co.</u>, 492 U.S. 229, 240-41 (1989), with the requisite

5

particularity under Rule 9(b), see, e.g., World Wrestling Entm't, Inc. v. Jakks Pac., Inc., 530 F. Supp. 2d 486, 498 (S.D.N.Y. 2007).[2] Plaintiffs' Second Amended Complaint details a fraudulent scheme by the Refco insiders, paid by Collins, to conceal Refco's financial condition, that began "as early as 1997," 2d Am. Compl. ¶ 20, and included Collins' involvement between 2000 and 2005 "in multiple facets of the 17 sham round-trip loan transactions that Bennett orchestrated to hide the RGHI Receivable and misrepresent Refco's true financial condition," id. ¶ 34, before the scheme was finally exposed in 2005. See also id. ¶¶ 20-40, 88. The Court thus concludes that plaintiffs have sufficiently pleaded a continuous, close-ended pattern of racketeering activity.

For the foregoing reasons, the Court previously overruled plaintiffs' objection to the May 3 Report, and, if the case had not settled, would have now overruled defendant Collins's objection to the May 6 Report, adopted both Reports in their entirely, granted Mayer Brown's motion to dismiss the RICO claim with prejudice, and denied defendant Collins's motion to dismiss the RICO claim. Thus, the Clerk of the Court, if she has not already done so, is directed to close

---

[2] Because the Court, like the Special Master concludes that plaintiffs adequately pleaded closed-ended continuity, see Report & Recommendation at 12, ECF No. 133, the Court does not need to reach whether plaintiffs have adequately pleaded open-ended continuity.

document numbers 101 and 103 on the docket of this case, and, in light of the settlement, to close the entire case numbered 07 Civ. 6767 .

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.


Dated: New York, New York

September 27, 2010