# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Mitchell A. Karlan
Direct: 212.351.3827
Fax: 212.351.5254
MKarlan@gibsondunn.com

Client: T 41740-00014

November 5, 2010

VIA ELECTRONIC MAIL

Special Master Daniel J. Capra
DCapra@fordham.law.edu

Re:  Krys et al. v. Sugrue et al., 08 CV 3086 (S.D.N.Y.) (JSR)

Dear Special Master Capra:

We represent defendants Mark Kavanagh and Brian Owens in connection with the above-referenced action. We submit this letter to call to your attention the specific claims alleged against Messrs. Kavanagh and Owens that should be dismissed with prejudice in light of the New York Court of Appeals' recent decision in *Kirschner v. KPMG LLP, et al.*

### A.  The *in pari delicto* defense bars all claims asserted by SPhinX against Mr. Kavanagh

Mr. Kavanagh is a third party as to SPhinX. He was not, nor is he alleged to have been, a director or officer of SPhinX. Indeed, as you recently concluded in your Report and Recommendation on Motions to Dismiss Brought by Defendants Owens and Kavanagh, dated October 21, 2010 ("Kavanagh and Owens R&R"), Mr. Kavanagh owed no fiduciary duties to SPhinX. Because SPhinX has alleged that its own insiders were complicit and voluntarily participated in the improper transfer and subsequent maintenance of SPhinX's cash at RCM, the *in pari delicto* defense precludes SPhinX from bringing any claim against a third party, including Mr. Kavanagh, in connection with the alleged wrongdoing.

Accordingly, application of the *in pari delicto* defense requires that each of the following claims alleged against Mr. Kavanagh by SPhinX, which you did not recommend be dismissed in the Kavanagh & Owens R&R, should now be dismissed with prejudice:

- Aiding and Abetting Mr. Owens' Breach of Fiduciary Duty Owed to SPhinX;

- Aiding and Abetting Christopher Sugrue's Breach of Fiduciary Duty Owed to SPhinX;

- Aiding and Abetting Refco's[1] Breach of Fiduciary Duty Owed to SPhinX;

---

[1] All references to Refco are intended to include Refco, RGL, RAI, Refco LLC, and RCM.

Brussels • Century City • Dallas • Denver • Dubai • London • Los Angeles • Munich • New York • Orange County
Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

# GIBSON DUNN

Special Master Capra
November 5, 2010
Page 2

- Aiding and Abetting DPM's Breach of Fiduciary Duty Owed to SPhinX;

- Aiding and Abetting Robert Aaron's Breach of Fiduciary Duty Owed to SPhinX;

- Fraud/Misrepresentation; and

- Aiding and Abetting Refco's Conversion of SPhinX's Cash.[2]

In addition, you recently recommended in the Kavanagh and Owens R&R that the following claims against Mr. Kavanagh should be dismissed on other grounds. These claims should also be dismissed on the separate basis of the *in pari delicto* defense (and it is important that you issue a recommendation on this issue in the event that Judge Rakoff does not accept your previous recommendation to dismiss these claims on other grounds):

- Breach of Fiduciary Duty Owed to SPhinX;

- Aiding and Abetting PlusFunds' Breach of Fiduciary Duty Owed to SPhinX;

- Conversion; and

- Interference with Contractual Relations/Prospective Business Relations.

**B.    The *in pari delicto* defense bars certain aiding and abetting claims asserted by PlusFunds and SPhinX against Messrs. Kavanagh and Owens**

The *in pari delicto* doctrine also precludes certain of SPhinX's and PlusFunds' aiding and abetting claims asserted against Messrs. Kavanagh and Owens. As you set forth in the Kavanagh and Owens R&R, aiding and abetting claims cannot be brought absent a primary wrong. Here, plaintiffs allege that certain third parties to SPhinX and/or PlusFunds including Refco, DPM, Mr. Aaron, and Mr. Sugrue committed breaches of fiduciary duty by moving SPhinX's money to RCM.

However, as argued in more detail in the letter brief submitted by the Bank Defendants, Grant Thornton Defendants, TH Lee Defendants, Mayer Brown Defendants, PwC Defendants, DPM Defendants, certain Round Trip Loan Defendants, Richard Butt,

---

[2] The only potential remaining claim asserted by SPhinX against Mr. Kavanagh is officer/director liability pursuant to New York Bus. Corp. Law § 720. However, SPhinX has no standing to bring this statutory claim because Mr. Kavanagh did not serve as an officer or director of SPhinX.

# GIBSON DUNN

Special Master Capra
November 5, 2010
Page 3

Dennis Klejna, BAWAG, and Deutsche Bank on November 5, 2010, SPhinX's and PlusFunds' claims against these third parties, among others, should be dismissed with prejudice pursuant to the *in pari delicto* defense. Moreover, the adverse interest exception to imputation is inapplicable because PlusFunds and SPhinX received numerous benefits from its agents' allegedly improper acts.

Assuming the breach of fiduciary duty claims asserted by PlusFunds and SPhinX against Refco, DPM, Mr. Aaron, and Mr. Sugrue are dismissed, each of the following aiding and abetting claims against Messrs. Kavanagh and Owens should also be dismissed with prejudice because there will be no underlying primary wrong:

- Aiding and Abetting Refco's Breach of Fiduciary Duty Owed to PlusFunds;

- Aiding and Abetting Refco's Breach of Fiduciary Duty Owed to SPhinX;

- Aiding and Abetting DPM's Breach of Fiduciary Duty Owed to PlusFunds;

- Aiding and Abetting DPM's Breach of Fiduciary Duty Owed to SPhinX;

- Aiding and Abetting Mr. Aaron's Breach of Fiduciary Duty Owed to PlusFunds;

- Aiding and Abetting Mr. Aaron's Breach of Fiduciary Duty Owed to SPhinX;[3] and

- Aiding and Abetting Mr. Sugrue's Breach of Fiduciary Duty Owed to SPhinX.

---

[3] As you previously concluded in your Report and Recommendation on the Motions to Dismiss Brought by DPM and Aaron, dated July 19, 2010, Mr. Aaron owed no fiduciary duty to PlusFunds. In addition, you reasoned that Mr. Aaron was considered a third party to SPhinX in his capacity as DPM's President.

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Special Master Capra
November 5, 2010
Page 4

      In addition, you recently recommended in the Kavanagh and Owens R&R that the claim that Mr. Owens aided and abetted Mr. Kavanagh's breach of fiduciary duty to SPhinX should be dismissed on other grounds. This claim should also be dismissed on the separate basis of the *in pari delicto* defense (and it is important that you issue a recommendation on this issue in the event that Judge Rakoff does not accept your previous recommendation to dismiss these claims on other grounds).

Respectfully,

Mitchell A. Karlan

Brussels · Century City · Dallas · Denver · Dubai · London · Los Angeles · Munich · New York · Orange County
Palo Alto · Paris · San Francisco · São Paulo · Singapore · Washington, D.C.