UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
                                      :
                                      :
IN RE REFCO SECURITIES LITIGATION     :   07 MDL 1902 (JSR)
                                      :
                                      :
------------------------------------- :
------------------------------------- :
MARC S. KIRSCHNER, as Trustee of the  :
Refco Private Actions Trust,          :
                                      x   07 Civ. 8165 (JSR)
            Plaintiff,                x
                                      :
            -v-                       :   ORDER
                                      :
PHILIP R. BENNETT, SANTO C. MAGGIO,   :
ROBERT C. TROSTEN, MAYOR BROWN, LLP,  :
MAYOR BROWN INTERNATIONAL, LLP, and   :
GRANT THORNTON, LLP,                  :
                                      :
            Defendants.               :
------------------------------------- x

JED S. RAKOFF, U.S.D.J.


     On June 3, 2010, Special Master Daniel J. Capra issued a

Report and Recommendation in the above-captioned case recommending

that the Court adopt the following conclusions:

   (1) The Trustee has adequately pled a claim for fraudulent
       inducement as to those FX Customer deposits made *after* the
       2004 leveraged buyout ("LBO").
   (2) The Trustee has not adequately pled a claim for fraudulent
       inducement as to those FX Customer deposits made *before* the
       2004 LBO.
   (3) The Trustee has not adequately pled a claim for breach of
       fiduciary duty.
   (4) The Trustee has not adequately pled a claim for conversion.
   (5) The Motion to Dismiss the Fifth, Sixth and Seventh Claims for
       Relief against Mayor Brown should be *granted*. Those
       dismissals should be *with prejudice* because the Trustee cannot
       allege facts that would create a plausible claim that Mayer

>   Brown substantially assisted the customer scheme.
> (6) The Motion to Dismiss the Fifth Claim for Relief against Grant Thornton should be *denied* with respect to those FX Customer deposits with RCM made after the 2004 LBO.
> (7) The Motion to Dismiss the Fifth Claim for Relief against Grant Thornton should be *granted* with respect to those FX Customer deposits with RCM made before the 2004 LBO. The dismissal should be *with prejudice* because the Trustee cannot show that the primary wrong caused any injury.
> (8) The Motions to dismiss the Sixth and Seventh Claims for Relief against Grant Thornton should be *granted*. The dismissals should be *with prejudice* because the Trustee cannot allege facts that would create a plausible claim of a primary wrong.

See 06/03/2010 R&R at 41-42.

After plaintiff timely submitted objections to the Special Master's recommendations and defendants responded thereto, the Court heard oral argument on July 28, 2010. Having now reviewed the matter de novo, the Court finds itself fully persuaded by the Special Master's thorough and well-reasoned Report and Recommendation and hereby adopts it in full as if incorporated herein.

In particular, the Court finds no reason to disturb the conclusions of the Honorable Judge Gerard E. Lynch as set forth in Kirschner v. Bennett, 648 F. Supp. 2d 525 (S.D.N.Y. 2009). The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Liona Corp. v. PCH Assocs. (In Re PCH Assocs.), 949 F.2d 585, 592 (2d Cir. 1991) (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 815-16 (1988)). This "doctrine is admittedly discretionary and does not

2

limit a court's power to reconsider its own decisions prior to final judgment." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992), cert. denied, 506 U.S. 820 (1992). Still, as noted by the Second Circuit, "the major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Id. (quoting 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 4478 at 790 (1981)). No such circumstances are present in this case, however.

Accordingly, the Court affirms and adopts in all respects the conclusions set forth in the Report and Recommendation of June 3, 2010.

SO ORDERED.

JED S. RAKOFF, U.S.D.J.

Dated:   New York, New York
         December 13, 2010

3