UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
                                     :
                                     :
IN RE REFCO SECURITIES LITIGATION    :        07 MDL 1902 (JSR)
                                     :
                                     :
------------------------------------ :
------------------------------------ :
GEORGE L. MILLER, Chapter 7 Trustee  :
for the Estate of Suffolk, LLC,      :
                                     x        09 Civ. 2866 (JSR)
              Plaintiff,             x        (Consolidated)
                                     :
              -v-                    :          ORDER
                                     :
PF SALECO, LLC, et al.,              :
                                     :
              Defendants.            :
------------------------------------ x

JED S. RAKOFF, U.S.D.J.


     On March 13, 2009, plaintiff George L. Miller, Chapter 7

Trustee for the Estate of Suffolk, LLC, filed a four-count complaint

("Complaint") alleging that funds transferred by Refco through Suffolk

LLC ("Suffolk") to the defendants[1] in exchange for defendants' equity

interests in PlusFunds Group, Inc. ("PlusFunds") constituted a

fraudulent conveyance or otherwise unjustly enriched the defendants.

---

     [1] The defendants named in the original Complaint were PF
Saleco LLC, Gryphon Holdings II, LPP, Gryphon Holdings, L.P., SMS
Securities AG, Bruce Rauner, Charles Dill, Donald Rosenfeld,
Michael Donahue, B. Douglas Morris, John S. Wehrle, HF
Investments AG, and PF Representative LLC.  On March 10, 2010,
the Court consolidated the Miller Actions to aid in the efficient
administration of the cases, and accordingly plaintiff has filed
his Amended Complaint against all the defendants in the 92 Miller
Actions.

On November 13, 2009, Special Master Daniel J. Capra issued a Report and Recommendation recommending the dismissal of Counts I, III, and IV with prejudice and Count II with leave to amend.  After plaintiff submitted timely objections and the defendants responded thereto, the Court heard oral argument on January 5, 2010 and considered the entire matter de novo.  By Order dated January 11, 2010, the Court adopted Special Master Capra's Report and Recommendation in full and dismissed Counts I, III, and IV with prejudice.  In dismissing Count II with leave to amend, the Court noted that, "while a significant argument might have been made that Count II should also have been dismissed with prejudice, defendants, in their response to plaintiff's objections, expressly disclaimed any objections to the Special Master's recommendation in this regard." See 01/11/2010 Order.  Accordingly, the Court granted plaintiff until March 5, 2010 to replead Count II.

Plaintiff duly filed an Amended Complaint dated March 5, 2010. The Amended Complaint re-asserted Count II, which alleges avoidance of fraudulent transfers pursuant to Section 548(a)(1)(A) of the Bankruptcy Code, and added Count V, a claim for recovery of the transfers that is entirely dependent on Count II.  On August 26, 2010, after full briefing on defendants' motion to dismiss the Amended Complaint, Special Master Capra issued a Report and Recommendation recommending the dismissal of Counts II and V with prejudice.  After

2

plaintiff submitted timely objections and the defendants responded thereto, the Court heard oral argument on October 28, 2010 and considered the entire matter de novo.

Having done so, the Court again finds itself in complete agreement with Special Master Capra's thorough and well-reasoned Report and Recommendation and hereby adopts it in full as if incorporated herein.  In particular, the Court agrees that the new theory of the Amended Complaint, referred to in the Report & Recommendation as "the blackmail scenario," see 08/26/10 R&R at 6, fails to cure the defect identified in the original Complaint, namely that plaintiff has not adequately alleged the existence of a valid creditor.

The Court therefore adopts in full the recommendation of the Special Master and orders that the Amended Complaint be dismissed in its entirety. *Clerk to enter judgment.*

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated:  New York, New York
        December 13 , 2010

3