UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                      :
In re REFCO INC. SECURITIES LITIGATION : 07 MDL 1902 (JSR)
                                      :
------------------------------------- X
         This Document Relates to:
------------------------------------- X
KENNETH M. KRYS, et al.,              : [PROPOSED]
                                      : PROTECTIVE ORDER
              Plaintiffs,             :
                                      :
        -against-                     :
                                      : 08 Civ. 3086 (JSR)
CHRISTOPHER SUGRUE; et al.,           : 08 Civ. 3065 (JSR)
                                      :
              Defendants              :
------------------------------------- X

WHEREAS, in a subpoena dated November 6, 2009 (the "Subpoena"), Plaintiffs sought production of certain documents from non-parties Gibson, Dunn & Crutcher LLP ("Gibson Dunn"), Scott A. Kislin and Mitchell A. Karlan (together, the "Gibson Dunn parties"), pertaining to, among other things, Gibson Dunn's communications with Mark Kavanagh ("Kavanagh"), Brian Owens ("Owens"), and Christopher Sugrue (together, the "Suffolk Shareholders") and representation of PlusFunds Group, Inc. ("PlusFunds") and the SPhinX family of hedge funds ("SPhinX");

WHEREAS, it is the Gibson Dunn parties' position that certain documents in Gibson Dunn's possession that are responsive to the Subpoena are subject to the attorney-client privilege and/or protected under the attorney work product doctrine and are privileged with respect to parties other than PlusFunds and SPhinX because they are subject to the common interest privilege that at one time existed between the Suffolk Shareholders, on the one hand, and PlusFunds and/or SPhinX on the other hand (the "Common Interest Privileged Documents");

WHEREAS, Gibson Dunn continues to represent Kavanagh and Owens, including in this Action;

WHEREAS, so as not to waive the aforementioned attorney-client privilege and/or attorney work product protection enjoyed by Kavanagh and Owens, Gibson Dunn withheld the Common Interest Privileged Documents from its productions of documents in response to the Subpoena and itemized those documents in the privilege logs for those document productions;

WHEREAS, Gibson Dunn is prepared to produce the Common Interest Privileged Documents to Plaintiffs, on express condition that Plaintiffs shall not, and shall not be permitted or required to, produce or provide any such documents to any party other than the Gibson Dunn parties ("Non-Common Interest Party") or to any other party outside the aforementioned common interest privileged relationship;

WHEREAS, while Plaintiffs do not admit, concede or acknowledge that a common interest privilege existed or that any assertion of privilege, work product or other protection is applicable, and while Plaintiffs reserve any and all rights to challenge the assertion of any such protection, Plaintiffs do not object to the relief presently sought by the Gibson Dunn parties;

NOW, THEREFORE, **IT IS HEREBY ORDERED** that:

1. Gibson Dunn shall produce the Common Interest Privileged Documents to Plaintiffs within ten (10) business days of the entry of this Protective Order.

2. Such production by Gibson Dunn shall not constitute a waiver of any otherwise applicable privilege or protection from disclosure that the Gibson Dunn parties and/or Gibson Dunn's clients would have the right to assert against any party or non-party.

3. Plaintiffs shall not produce, provide or otherwise disclose any of the Common Interest Privileged Documents being produced by Gibson Dunn pursuant to this Protective Order

to any Non-Common Interest Party or to any other party outside the common interest privileged relationship that at one time may have existed between the Suffolk Shareholders, on the one hand, and PlusFunds and/or SPhinX on the other hand.

Dated: ~~New York, New York~~ Washington DC
December 10, 2010

SO ORDERED:

_____
~~Hon.~~ Ronald Hedges
SPECIAL MASTER