**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IN RE REFCO INC. SECURITIES LITIGATION | : : : | CASE NO. 07-MD-1902 (JSR) |

This document relates to:

| | | |
|---|---|---|
| KENNETH M. KRYS, *ET AL.*, | : : : | CASE NO. 08-CV-3065 (JSR)<br>CASE NO. 08-CV-3086 (JSR) |
| Plaintiffs, | : | |
| -against- | : : | |
| CHRISTOPHER SUGRUE, *ET AL.* | : : | |
| Defendants. | : : | |
| KENNETH M. KRYS, *ET AL.*, | : : | CASE NO. 08-CV-8267 (JSR) |
| Plaintiffs, | : : | |
| -against- | : : | |
| RICHARD BUTT | : : | |
| Defendant. | : : | |

**DEFENDANTS' LIMITED OBJECTION TO THE**
**REPORT AND RECOMMENDATION OF THE SPECIAL MASTER**
**ON THE OMNIBUS ISSUE OF *IN PARI DELICTO* AND *WAGONER***

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................... ii

PRELIMINARY STATEMENT ...................................................................................... 1

ARGUMENT .................................................................................................................... 2

    A.    Plaintiffs have not adequately alleged the existence of innocent insiders at SPhinX who were able to stop the alleged wrongdoing. ......................................... 3

    B.    Plaintiffs have not adequately alleged the existence of innocent insiders at PlusFunds who were able to stop the alleged wrongdoing. .................................... 5

CONCLUSION .................................................................................................................. 7

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009)..................................................................................................4

*In re 1031 Tax Corp., LLC*,
    420 B.R. 178 (Bankr. S.D.N.Y. 2009) ...................................................................2, 4

*In re Bennett Funding Corp., Inc.*,
    336 F.3d 94 (2d Cir. 2003).....................................................................................2, 3,

*In re Parmalat Securities Litigation*,
    477 F. Supp. 2d 602 (S.D.N.Y. 2007).......................................................................4

*Hirsch v. Arthur Andersen & Co.*,
    72 F.3d 1085 (2d Cir. 1995).......................................................................................6

The Defendants listed below respectfully submit this memorandum in support of their Limited Objection to the December 6, 2010 Report and Recommendation of the Special Master on the Omnibus Issue of *In Pari Delicto* and *Wagoner* (the "Report").[1] This Objection presents the narrow argument that the "sole actor" rule provides an additional basis for dismissal beyond those already recommended by the Special Master.

## PRELIMINARY STATEMENT

In nearly all respects, the Report is a sound application of the *in pari delicto* doctrine under New York law. The Defendants agree that the alleged misconduct of the SPhinX and PlusFunds insiders is imputed to those companies (and hence to Plaintiffs, who stand in the companies' shoes), thereby barring Plaintiffs' claims against these Defendants. The Special Master correctly reasoned that the adverse interest exception does not apply because the SPhinX and PlusFunds insiders' conduct was not totally adverse to their principals. On the contrary, "Plaintiffs' own allegations" show that SPhinX and PlusFunds obtained benefits that "would not have been reaped" but for the insiders' alleged misconduct. Report at 25. If the Court agrees with this analysis, it need not reach this Limited Objection.

Out of an abundance of caution, however, Defendants file this Objection to explain that there is yet another reason for dismissal. Even if the Court were to conclude—contrary to the

---

[1] The Defendants are: Credit Suisse Securities (USA) LLC, Banc of America Securities LLC and JPMorgan Chase & Co.; Grant Thornton LLP and Mark Ramler; PricewaterhouseCoopers LLP ("PwC") and PwC partner Mari Ferris; Thomas H. Lee, David V. Harkins, Scott L. Jaeckel, Scott A. Schoen, Thomas H. Lee Equity Fund V, L.P., Thomas H. Lee Parallel Fund V, L.P., Thomas H. Lee Equity (Cayman) Fund V, L.P., THL Equity Advisors V, LLC, Thomas H. Lee Advisors, LLC, THL Managers V, LLC, Thomas H. Lee Investors Limited Partnership and The 1997 Thomas H. Lee Nominee Trust; Mayer Brown LLP, Edward Best, Joseph Collins, and Paul Koury; Ingram Micro Inc.; CIM Ventures Inc.; Liberty Corner Capital Strategies, LLC; William T. Pigott; EMF Financial Products LLC, Delta Flyer Fund LLC and Eric M. Flanagan; Bank für Arbeit und Wirtschaft und Österreichische Postsparkasse Aktiengesellschaft ("BAWAG"); Dennis Klejna; and Richard Butt.

Special Master's recommendation—that the adverse interest exception *did* apply, the claims against these Defendants still should be dismissed because of the "sole actor" rule, which precludes application of the adverse interest exception where all relevant decision-makers were either complicit in the insiders' alleged wrongdoing or powerless to stop it.  On this one issue, Defendants respectfully submit, the Report should not be followed.  The Complaint is devoid of any factual allegations that "innocent insiders" at SPhinX and PlusFunds would have and could have stopped the alleged wrongdoing, and therefore Plaintiffs' claims should be dismissed under the sole actor rule as well.

## ARGUMENT

The adverse interest exception does not apply—no matter the nature of the wrongdoing or its effect on the company—if "all relevant shareholders and/or decisionmakers" were involved in the misconduct that allegedly harmed the company.  *See In re Bennett Funding Corp., Inc.*, 336 F.3d 94, 101 (2d Cir. 2003).  This principle is known as the "sole actor rule," and it operates as a limitation on a party's ability to invoke the adverse interest exception.

In some circumstances, a party may avoid the sole actor rule by specifying innocent insiders who could and would have stopped the wrongdoing, had they known about it.  To meet this burden, however, a plaintiff must do more than merely "identify allegedly innocent insiders"; it must plead specific facts "explain[ing] *how* those persons could and would have been able to end the fraud."  *In re 1031 Tax Corp., LLC*, 420 B.R. 178, 206 (Bankr. S.D.N.Y. 2009) (emphasis added).  As the Second Circuit has explained, the relevant inquiry is not whether a member of management "might have in some metaphysical sense stopped the fraud." *Bennett Funding*, 336 F.3d at 101 (*in pari delicto* doctrine is not defeated "by a would-a, could-a, should-a test").  Thus, the Special Master was entirely correct that "Plaintiffs cannot rely on the adverse interest exception unless they adequately allege that 'at least one decision-maker in a

management role or amongst the shareholders'" at SPhinX or PlusFunds was "'innocent *and* could have stopped the fraud.'"  Report at 26 (quoting *Bennett Funding* (emphasis added)).

Plaintiffs have not done so.  They have failed even to identify (except in an entirely conclusory way) any supposed "innocent insiders" at SPhinX and have not alleged any facts explaining how the few supposed innocents at SPhinX or PlusFunds would have stopped the alleged wrongdoing.  The sole actor rule thus bars application of the adverse interest exception.

### A.   Plaintiffs have not adequately alleged the existence of innocent insiders at SPhinX who were able to stop the alleged wrongdoing.

According to the allegations in the Complaint, PlusFunds, which created SPhinX and served as its "exclusive investment manager" (Am. Compl. ¶ 100)[2], made all relevant decisions on behalf of the SPhinX funds.  PlusFunds "was given broad authority and discretion to run SPhinX's daily operations" and, "for and on behalf of SPhinX," had the power to "allocate assets, transfer and hold cash balances, open and maintain bank accounts, make distributions, borrow and pledge funds, hire service providers and professionals and execute documents."  *Id.* ¶ 133.  Indeed, "SPhinX had no employees or physical facilities."  *Id.* ¶ 137.  And, while SPhinX had a separate board, "[m]eetings of SphinX's board of directors took place in New York at the offices of PlusFunds," and "a PlusFunds employee acted as the secretary for the SPhinX board meetings and prepared the board minutes."  *Id.*

Given these detailed factual allegations—and the absence of *any* allegations concerning the role that SPhinX's board played in governing its affairs—Plaintiffs' conclusory assertion that

---

[2] While the citations in this Limited Objection are to the Amended Complaint in *Krys v. Sugrue*, the same analysis also applies with respect to the Amended Complaint in *Krys v. Butt*.  Further, as noted in footnote 4 of the Report, the Special Master has previously recommended the dismissal, with prejudice, of all claims in *Krys v. Butt*.  *See* Special Master Capra's August 4, 2010 Report and Recommendation (Dkt. No. 95).  This Court heard argument on Plaintiffs' objection thereto on October 28, 2010.

"[a]t all relevant times, there were innocent decision-makers on the SPhinX board that could have and would have taken steps to prevent the misconduct," *id.* ¶ 101, is insufficient as a matter of law.  *See 1031 Tax Corp.*, 420 B.R. at 205 (observing that complaint's "bare legal conclusion" that insiders "'had sufficient authority' to stop the misconduct, and would have done so if aware of" it, is "essentially a restatement of the [legal] standard" that need not be accepted as true on a motion to dismiss) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions")); *see also In re Parmalat Sec. Litig.*, 477 F. Supp. 2d 602, 610 (S.D.N.Y. 2007) (dismissing complaint under sole actor rule because complaint's "cursory references" to role of allegedly innocent board members are "unsupported by alleged facts" and "cannot shift the overwhelming tenor of the complaint's story" that alleged wrongdoers had "broad powers and authority" over transactions at issue).

Plaintiffs' reference to a single supposedly innocent SPhinX director, Andrew Feighery, is also insufficient as a matter of law.  Am. Compl. ¶ 296.  The only fact—as opposed to legal conclusion—alleged about Mr. Feighery is that he asked fellow SPhinX director Brian Owens whether the resignation of PlusFunds' president Gabriel Bousbib "would affect SPhinX" and was told that it would not.  *Id.*  Plaintiffs do not allege what (if anything) Mr. Feighery did to verify the answer, or how, if he had suspected or been aware of any wrongdoing, he would have been able to end the fraud allegedly being perpetrated by two of his fellow SPhinX board members and by the majority owners of PlusFunds.  Absent any facts suggesting how Mr. Feighery "could and would have been able to end the fraud," Plaintiffs' conclusory assertions need not be credited.  *See In re Parmalat*, 477 F. Supp. 2d at 610; *1031 Tax Corp.*, 420 B.R. at 206.

**B.    Plaintiffs have not adequately alleged the existence of innocent insiders at PlusFunds who were able to stop the alleged wrongdoing.**

Plaintiffs likewise have failed adequately to allege that there were innocent insiders at PlusFunds who were both willing *and able* to stop the wrongdoers. *Bennett Funding*, 336 F.3d at 101. Notably, the Complaint alleges that PlusFunds was run by three of the central figures in the alleged wrongdoing: Christopher Sugrue (who "is considered the founder of the SPhinX Funds" and was at "[a]t all relevant times" the "chairman of the board and director" of PlusFunds), Mark Kavanagh (a PlusFunds director) and Owens (a PlusFunds and SPhinX director). Am. Compl. ¶¶ 38-40, 356. The Complaint admits that those three "protected their relationship with Refco and Refco's relationship with SPhinX by forcing out PlusFunds agents who questioned the use of Refco as SPhinX's FCM, prime broker and custodial agent." *Id.* ¶ 281. Nevertheless, the Report declines to apply the sole actor rule, concluding that it is not implausible to believe that a "collective effort" among unspecified innocent insiders at PlusFunds could have put an end to the wrongdoing. Report at 26.

According to Plaintiffs, however, such a "collective effort" was made *and failed*. As acknowledged in the Complaint, Sugrue, Kavanagh and Owens caused alleged innocent insider Bousbib to resign after he proposed that SPhinX assets be moved from Refco. Am. Compl. ¶¶ 292, 296. Later, supposed innocent insider Paul Aaronson "and several other members of PlusFunds' senior management" "demanded the resignation of Sugrue, Kavanagh and Owens" but, when that effort "failed," Aaronson and the others "*resigned from PlusFunds*." *Id.* ¶ 330 (emphasis added). Beyond that, the Complaint offers only rank speculation that alleged innocent insiders Doug Morriss and John Wehrle "would have taken steps" to move SPhinX assets from Refco or end SPhinX's relationship with Refco (*id.* ¶ 293), but the only step those directors actually took was to sell their ownership interests in PlusFunds and resign as directors (*id.* ¶¶

295, 307).  Plaintiffs' conclusory assertions about what the supposed innocents *might have done* need not—and should not—be credited when they are contradicted by detailed factual allegations about what the insiders *actually did*.  *See Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995) ("conclusory allegations need not be credited [] when they are belied by more specific allegations of the complaint").

In concluding that these insiders might have mounted a successful "collective effort" to stop the alleged wrongdoing, the Report notes that, according to the Complaint, the insiders "knew only about the Suffolk Transactions" and not about the "unauthorized transfers" of SPhinX assets to RCM.  Report at 26-27.  But the Complaint does not describe the Suffolk Transactions as innocuous or immaterial; on the contrary, it describes them as "sham transactions" that were "intended to transfer control of PlusFunds to Refco."  Am. Compl. ¶ 303. Moreover, Plaintiffs allege that the supposed innocent insiders learned about these "sham transactions" *after* the Refco fraud was revealed in October 2005, which resulted in the loss of hundreds of millions of dollars in Refco customer assets.  *Id.*  ¶¶ 326-28.  It is implausible to suggest that members of PlusFunds management would have stopped the "unauthorized transfers" of SPhinX funds to RCM when those same insiders failed to do anything—other than resign—after learning that PlusFunds' corrupt insiders had been colluding with Refco in order to take control of PlusFunds.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that, if the Court declines to adopt the Report's conclusion that the adverse interest exception does not apply, it nonetheless dismiss all of Plaintiffs' remaining claims[3] against Defendants with prejudice on the alternate ground that the sole actor rule bars application of the adverse interest exception.

Dated: New York, New York          WILMER CUTLER PICKERING
       December 23, 2010            HALE AND DORR LLP

                                By:  /s/ Philip D. Anker
                                    Philip D. Anker
                                    (philip.anker@wilmerhale.com)
                                    Jeremy S. Winer
                                    Ross E. Firsenbaum
                                    399 Park Avenue
                                    New York, New York 10022
                                    Tel:  (212) 230-8800
                                    Fax:  (212) 230-8888

                                    *Attorneys for Defendants Banc of America Securities LLC, Credit Suisse Securities (USA) LLC, and JPMorgan Chase & Co.*

---

[3] As noted in the Report, Plaintiffs' claims on behalf of the Assignors—SPhinX investors who purportedly assigned their claims to the plaintiff liquidators—and by SPhinX funds other than SMFF (the only fund alleged to have maintained assets at Refco) already have been dismissed with prejudice, and therefore were not addressed in the Report.  Report at 5 (citing March 31, 2010 Order adopting the Special Master's Report and Recommendation on the Omnibus Issue of Standing).

Dated:  New York, New York                    DECHERT LLP
        December 23, 2010


                                              By:  /s/ Benjamin E. Rosenberg
                                                   Benjamin E. Rosenberg
                                                   (benjamin.rosenberg@dechert.com)
                                                   Nicolle L. Jacoby
                                                   Brian H. Brick
                                                   1095 Avenue of the Americas
                                                   New York, New York 10036
                                                   Tel.:  (212) 698-3500

                                                   *Attorneys for Defendant Bank für Arbeit
                                                   und Wirtschaft und Österreichische
                                                   Postsparkasse Aktiengesellschaft*


Dated:  New York, New York                    DAVIS POLK & WARDWELL LLP
        December 23, 2010


                                              By:  /s/ Robert F. Wise, Jr.
                                                   Robert F. Wise, Jr.
                                                   (robert.wise@davispolk.com)
                                                   Paul Spagnoletti
                                                   450 Lexington Avenue
                                                   New York, New York 10017
                                                   Tel.:  (212) 450-4000

                                                   *Attorneys for Defendants Ingram Micro
                                                   Inc. and CIM Ventures Inc.*


Dated:  New York, New York                    ARNOLD & PORTER LLP
        December 23, 2010


                                              By:  /s/ Veronica E. Rendón
                                                   Veronica E. Rendón
                                                   (Veronica.Rendon@aporter.com)
                                                   Lucy S. McMillan
                                                   399 Park Avenue
                                                   New York, New York 10022
                                                   Tel.:  (212) 715-1000

                                                        -and-

                                                   Robert A. Schwartz
                                                   555 12th Street N.W.
                                                   Washington, DC  20004

Tel:  (202) 942-6219

*Attorneys for Defendants EMF Financial
Products, LLC, Delta Flyer Fund, LLC
and Eric M. Flanagan*

Dated: Chicago, Illinois                    WINSTON & STRAWN LLP
      December 23, 2010

By:  /s/ Linda T. Coberly
     Linda T. Coberly
     (lcoberly@winston.com)
     35 West Wacker Drive
     Chicago, Illinois 60601
     Tel.:  (312) 558-5600

     *Attorneys for Defendants Grant Thornton
     LLP and Mark Ramler*

Dated: Los Angeles, California              KATTEN MUCHIN ROSENMANN LLP
      December 23, 2010

By:  /s/ Helen B. Kim
     Helen B. Kim
     (helen.kim@kattenlaw.com)
     2029 Century Park East, Suite 2600
     Los Angeles, CA  90067-3012
     Tel.:  (310) 788-4400

     *Attorneys for Defendant Dennis Klejna*

Dated: Chatham, New Jersey                  MARINO, TORTORELLA & BOYLE, P.C.
      December 23, 2010

By:  /s/ Kevin H. Marino
     Kevin H. Marino
     (kmarino@khmarino.com)
     John D. Tortorella
     437 Southern Boulevard
     Chatham, New Jersey 07928-1488
     Tel.: (973) 824-9300

     *Attorneys for Defendants Liberty Corner
     Capital Strategies, LLC and William T.*

*Pigott*

Dated: Washington, D.C.            WILLIAMS & CONNOLLY LLP
       December 23, 2010


By:  /s/ Craig D. Singer
     John K. Villa
     George A. Borden
     Craig D. Singer
     (csinger@wc.com)
     725 Twelfth Street, NW
     Washington, DC  20005
     Tel.:  (202) 434-5000

     *Attorneys for Defendants Mayer Brown*
     *LLP and Edward S. Best*


Dated: New York, New York          COOLEY GODWARD KRONISH LLP
       December 23, 2010


By:  /s/ William J. Schwartz
     William J. Schwartz
     (wschwartz@cooley.com)
     Jonathan P. Bach
     Reed A. Smith
     Daniel M. Hibshoosh
     Kathleen E. Cassidy
     1114 Avenue of the Americas
     New York, NY  10036-7798
     Tel.:  (212) 479-6000

     *Attorneys for Defendant Joseph P. Collins*


Dated: New York, New York          CLAYMAN & ROSENBERG
       December 23, 2010


By:  /s/ Charles E. Clayman
     Charles E. Clayman
     (clayman@clayro.com)
     305 Madison Avenue, Suite 1301
     New York, NY  10165
     Tel.:  (212) 922-1080

     *Attorneys for Defendant Paul Koury*

Dated: New York, New York        KING & SPALDING LLP
       December 23, 2010


By:  /s/ James J. Capra, Jr.
     James J. Capra, Jr.
     (jcapra@kslaw.com)
     James P. Cusick
     1185 Avenue of the Americas
     New York, New York 10036-4003
     Tel.:  (212) 556-2100

*Attorneys for Defendants*
*PricewaterhouseCoopers LLP and Mari*
*Ferris*


Dated: New York, New York        PAUL, WEISS, RIFKIND, WHARTON &
       December 23, 2010        GARRISON LLP


By:  /s/ Walter Rieman
     Richard A. Rosen
     Walter Rieman
     (wrieman@paulweiss.com)
     1285 Avenue of the Americas
     New York, NY  10019-6064
     Tel.:  (212) 373-3000

       -and-

WEIL, GOTSHAL & MANGES

     Greg Danilow
     767 Fifth Avenue
     New York, NY  10153-0003
     Tel.:  (212) 310-8000

*Attorneys for Defendants Thomas H. Lee*
*Equity Fund V, L.P., Thomas H. Lee*
*Parallel Fund V, L.P., Thomas H. Lee*
*Equity (Cayman) Fund V, L.P., THL*
*Equity Advisors V, LLC, Thomas H. Lee*
*Advisors, LLC, THL Managers V, LLC,*
*Thomas H. Lee Investors Limited*
*Partnership and The 1997 Thomas H. Lee*
*Nominee Trust, Thomas H. Lee, David V.*
*Harkins, Scott L. Jaeckel, and Scott A.*

*Schoen*

Dated: New York, New York
   December 23, 2010

        ALSTON & BIRD LLP


        By: /s/ John F. Cambria      
          John F. Cambria
          (john.cambria@alston.com)
          Alexander S. Lorenzo
          90 Park Avenue
          New York, NY  10116
          Tel.:  (212) 910-9400

          *Attorneys for Defendant Richard Butt*