UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                             :
In re REFCO, INC. Securities Litigation        :    07 MDL 1902 (JSR)
                                                             :
------------------------------------------------------------ x
This document applies to:                      :
                                                             :
THOMAS H. LEE EQUITY FUND V, L.P.,             :
THOMAS H. LEE PARALLEL FUND V, L.P.,           :
and THOMAS H. LEE EQUITY (CAYMAN)              :
FUND V, L.P.,                                  :    07 Civ. 8663 (JSR)
                                                             :
        Plaintiffs/Counterclaim-Defendants,    :
                                                             :
                    v.                         :
                                                             :
GRANT THORNTON LLP,                            :
                                                             :
        Defendant/Counterclaim-Plaintiff.      :
------------------------------------------------------------ x


# GRANT THORNTON LLP'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO EXCLUDE PROPOSED EXPERT TESTIMONY OF HARRIS DEVOR

**(Redacted)**

 

WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700

35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600

*Attorneys for Defendant*
*Grant Thornton LLP*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

I.     Distractions and mischaracterizations cannot overcome Devor's own admission that he is "not an expert" in due diligence. ........................................................................ 2

II.    Devor's "no audit at all" and "false and misleading" opinions are still inadmissible even if they are merely "factual statements," as TH Lee argues. ................... 6

III.   Devor cannot escape the past exclusions of his opinions for the same type of overreaching he is guilty of here. ........................................................................................ 9

# TABLE OF AUTHORITIES

**CASES**                                                                                                        **PAGE**

*Amorgianos v. Amtrak*,
   303 F.3d 256, 266-67 (2d Cir. 2002) ..................................................................................7

*Andrews v. Metro N. Commuter R.R. Co.*,
   882 F.2d 705, 708 (2d Cir. 1989)........................................................................................6

*Compania Embotelladora del Pacifico, S.A. v. Pepsi Cola Co.*,
   650 F. Supp. 2d 314, 319 (S.D.N.Y. 2009).........................................................................7

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993).............................................................................................................1

   509 U.S. at 595....................................................................................................................2

   509 U.S. at 595....................................................................................................................8

   509 U.S. 579 .......................................................................................................................9

   509 U.S. 579 .....................................................................................................................10

*In re Acceptance Ins. Co., Inc. Sec. Litig.*,
   352 F. Supp. 2d 940, 948 (D. Neb. 2004)............................................................................9

*In re Acceptance Ins. Co., Inc. Sec. Litig.*,
   423 F.3d 889, 905 (8th Cir. 2005) .....................................................................................10

*In re Parmalat Sec. Litig.*,
   659 F. Supp. 2d 504, 516-17 (S.D.N.Y. 2009) ...................................................................6

*In re Rezulin Prods. Liab. Litig.*,
   309 F. Supp. 2d 531, 554 (S.D.N.Y. 2004).........................................................................6

   309 F. Supp. 2d at 545 ........................................................................................................8

*In re Trasylol Prods. Liab. Litig.*,
   709 F. Supp. 2d 1323, 1346 (S.D. Fla. 2010) .....................................................................2

   709 F. Supp. 2d at 1345-46.................................................................................................8

*In re Worldcom, Inc. Sec. Litig.*,
   352 F. Supp. 2d 472, 496 (S.D.N.Y. 2005).........................................................................6

*Lawrence E. Jaffe Pension Plan v. Household International, Inc. ("Jaffe")*,
   1:02-cv-05893 (N.D. Ill. March 23, 2009)..................................................................9

   1:02-cv-05893, at 2 .......................................................................................10

*Linkco, Inc. v. Fujitsu Ltd.*,
   No. 00 Civ. 7242, 2002 WL 1585551, at *2 (S.D.N.Y. July 16, 2002).....................3

*Nimely v. City of New York*,
   414 F.3d 381, 399 n.13 (2d Cir. 2005) .....................................................................2

   414 F.3d at 396 n.11 ...................................................................................3

   414 F.3d at 397 ..........................................................................................8

*United States v. Williams*,
   506 F.3d 151, 160 (2d Cir. 2007)..............................................................................7


**RULES**

Federal Rule of Evidence 702............................................................................................1

   Rule 702....................................................................................................7

   Rule 702...................................................................................................10

Federal Rule of Evidence 403............................................................................................8

Grant Thornton's motion with respect to Harris Devor targets three specific categories of opinion that are clearly inadmissible under *Daubert* and Rule 702. To the extent that TH Lee attempts to defend those opinions at all, its efforts fail as a matter of law. To be sure, Devor presents other opinions as well—including opinions with respect to GAAP and GAAS. The serious flaws in those opinions, as well as Devor's lack of credibility as an expert, will be exposed at trial if necessary. In the meantime, though, TH Lee cannot use the GAAP and GAAS opinions that are not at issue here as a basis for supporting the challenged opinions, which are both improper and admittedly outside Devor's purview as an expert.

TH Lee's discussion of the few due diligence engagements that Devor has "worked on" does nothing to save his due diligence opinions. This sort of argument cannot overcome the fact that Devor has ***admitted*** he is ▇▇▇▇▇▇▇ in this area and that ▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Tewarie Decl., Ex. C at 230:10-11, 229:18-23.

Nor can TH Lee save these opinions by mischaracterizing the opinions of Grant Thornton's due diligence expert, Albert Osborne, as somehow bearing on auditing standards, so that it can suggest that Devor is merely responding to opinions in his own field. Professor Osborne expressly declined to stray from his own area of expertise—due diligence—to opine on auditing issues. By contrast, Devor's challenged opinions indisputably concern due diligence standards, about which he admits he is ▇▇▇▇▇▇▇ *Id.* at 229:18-23. TH Lee has proffered a different expert—Robert Haft, who purports to be an expert on due diligence—to respond to Professor Osborne's report.

As to the "no audit at all" opinion, TH Lee has tellingly abandoned any reliance on that opinion in its opposition to summary judgment. While it still mounts a defense of this and the "false and misleading" opinion here, TH Lee merely argues that these are "factual statements"

and "truisms" that "follow naturally" from Devor's GAAP and GAAS opinions. Opp. 10-17. Yet if these "opinions" are, in fact, merely logical "truisms," then they are not proper expert testimony, as they required no particular expertise on Devor's part. Such inferences should be presented (if at all) only through arguments by counsel, without the "powerful and quite misleading" imprimatur of an expert. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 595 (1993). In this respect, Devor "assumes the role of Plaintiffs' advocate . . . and invades the province of the jury." *In re Trasylol Prods. Liab. Litig.*, 709 F. Supp. 2d 1323, 1346 (S.D. Fla. 2010). These opinions should be excluded as a result.

Finally, TH Lee cannot avoid or obscure the fact that this is not the first time that Devor has been guilty of overreaching to offer unsupported opinions that amount to legal conclusions. Other courts have excluded his opinions for this very reason, as should the Court here.

I.  **Distractions and mischaracterizations cannot overcome Devor's own admission that he is "not an expert" in due diligence.**

To distract the Court from Devor's lack of due diligence expertise, TH Lee describes at length Devor's *auditing and accounting* experience and claims he reached his opinions "as a GAAS expert." Opp. 3-4, 5. But as TH Lee repeatedly admits, Grant Thornton's motion does not challenge Devor's auditing and accounting experience or his opinions in this area. TH Lee's emphasis on these issues serves no other purpose than to distract from the real issue at hand. *See Nimely v. City of New York*, 414 F.3d 381, 399 n.13 (2d Cir. 2005) ("[B]ecause a witness qualifies as an expert with respect to certain matters or areas of knowledge, it by no means follows that he or she is qualified to express expert opinions as to other fields.").

In discussing Devor's due diligence experience, TH Lee can say no more than that Devor "worked on" due diligence engagements and did things "which *he would consider* accounting or business due diligence." Opp. 5 (emphasis supplied). What Devor *considers* due diligence,

2

however, is irrelevant given that he has admitted that he is not qualified to opine on due diligence, saying "███████████████████████████████████████████████ ███████████" Tewarie Decl., Ex. C at 229:4-5; 230:10-11. While TH Lee argues that courts may allow "shaky" expert testimony (Opp. 7), this misses the point. Devor could not offer opinions outside of his field of expertise even if they were reliable, which they are not. *See Nimely*, 414 F.3d at 396 n.11 (whether a witness is qualified as an expert is separate from the relevance and reliability inquires). TH Lee does not address Devor's admissions and has offered no authority even suggesting that expert testimony can be allowed where the witness himself admits that he has no expertise in the relevant field.

TH Lee nevertheless tries to salvage Devor's July 16 report on due diligence by mischaracterizing it and the opinions of Professor Osborne to which Devor purports to respond. Devor's report contains three opinions, only two of which are addressed in TH Lee's opposition brief. The first is that ███████████████████████████████████████████████ ███████████████████████████████████████ Tewarie Decl. Ex. B ¶ 9 (emphasis supplied). While TH Lee argues that "Mr. Devor is not offering an opinion on due diligence standards" (Opp. 5), it is hard to imagine how this could be anything but an opinion on due diligence. Without expertise, Devor cannot opine on whether the procedures TH Lee performed did, in fact, constitute "due diligence." To the extent TH Lee suggests that Devor is merely making a factual observation that certain procedures were performed, TH Lee must present the underlying factual evidence to the jury, **without** the gloss on an expert. *See Linkco, Inc. v. Fujitsu Ltd.*, No. 00 Civ. 7242, 2002 WL 1585551, at *2 (S.D.N.Y. July 16, 2002) (excluding expert testimony consisting of "conclusory statements about questions of fact masquerading

behind a veneer of technical language"; "[T]estimony by fact witnesses familiar with [the evidence] would be far more appropriate.") (internal quotations omitted).

TH Lee cannot fix the problem by claiming that Devor's opinion that TH Lee ██████ ██████ was merely a response ██████████████████████ ██████████████████████████████████ Opp. 4, 5. Everyone—including Professor Osborne—agrees that the excess cash "existed." The referenced opinion by Professor Osborne concerned ████████████████████████ ██████████████████ Hetherington Decl. in Supp. of THL's Mot. for SJ, Ex. 46 ¶ 11. Devor's "opinion" does not respond to this at all. And Devor is admittedly not qualified to opine on whether any steps TH Lee took with regard to the excess cash were *sufficient* due diligence.

The second opinion in Devor's July 16 report is that ████████████████████ ██████████████████████████████████ ██████████████████████████████████ ████████ Tewarie Decl. Ex. B ¶ 14. TH Lee does not address this opinion, which clearly would require due diligence expertise. Accordingly, it has waived any objection to its exclusion.

For his third due diligence opinion, Devor writes: ██████████████████ ██████████████████████████████████ ██████████████████████████████████ ██████████████████████████████████ ██████████████████ Tewarie Decl. Ex. B ¶ 15. According to TH Lee, Devor offers this opinion ██████████████████████████████ ██████████████████████████ Opp. 5-6 (emphasis in original). But Professor Osborne never made any such "suggestion." Professor Osborne never opined on the

4

degree of similarity or dissimilarity between GAAS and due diligence procedures, and TH Lee's opposition does not reference any such opinion in Professor Osborne's testimony or report. TH Lee cannot manufacture an "auditing issue" for Devor to testify on by misrepresenting Professor Osborne's opinions and ginning up a false dispute. Nor should this Court allow TH Lee to mislead a jury into thinking that Devor has rebutted Professor Osborne's opinions.

Of course, even if the similarity of audit and due diligence procedures were in dispute, Devor still would not be qualified to opine on it. When asked about this by counsel for TH Lee, Professor Osborne responsibly stayed within the limits of his due diligence expertise:



\*   \*   \*

Hetherington Decl. in Supp. of THL's Opp'n to GT's Mot. to Exclude, Ex. 7 at 72:8–24, 74:17-24. Devor similarly testified that  Tewarie Decl., Ex. C at 229:18-23. Unlike Professor Osborne, however, this did not stop Devor from opining on                         There is no defense for these opinions.

5

## II.  Devor's "no audit at all" and "false and misleading" opinions are still inadmissible even if they are merely "factual statements," as TH Lee argues.

Tellingly, TH Lee abandons any reliance on Devor's "no audit at all" opinion in its opposition to summary judgment, arguing that the admissibility of Devor's opinions "can—and should—be left for trial." Opp. 17.  Accordingly, TH Lee apparently agrees that if it is to prevail on summary judgment, it must do so without aid of this opinion.[1]  *See In re Parmalat Sec. Litig.*, 659 F. Supp. 2d 504, 516-17 (S.D.N.Y. 2009) ("[O]nly admissible evidence may be considered in passing on motions for summary judgment.").  TH Lee's opposition to summary judgment instead depends largely on its argument that "no audit at all," *In re Worldcom, Inc. Sec. Litig.*, 352 F. Supp. 2d 472, 496 (S.D.N.Y. 2005), is not the right standard.  This is wrong.  *Worldcom* and the other cases applying the "no audit at all" standard are controlling law and are consistently followed in this Circuit.  *See* GT's Reply in Supp. of SJ at 6-7.

Although TH Lee does oppose the motion to exclude this purported opinion, as well as the opinion that Grant Thornton's statements were "false and misleading," it offers no real defense of these opinions based on Devor's expertise.  As the opening memorandum shows, these purported opinions are legal conclusions that lack any reliable basis or support.  *See* Mem. 5-9.  TH Lee's response is simply to argue that these statements are "factual statements"—or "truisms"—that "follow naturally" from his GAAP and GAAS opinions.  Opp. 10-17.  Thus, TH Lee *admits* that Devor has not brought any special expertise to bear in offering these "opinions." This alone is a sufficient basis to exclude them.  *See In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 554 (S.D.N.Y. 2004) ("[A]n expert . . . may only testify about the underlying facts if he is actually bringing to bear his . . . expertise.") (internal quotations omitted); *see also Andrews v. Metro N. Commuter R.R. Co.*, 882 F.2d 705, 708 (2d Cir. 1989) (experts may not

---

[1] As explained in Grant Thornton's motion for summary judgment, even if the opinion were allowed, it would be insufficient to avoid summary judgment on the knowledge element.

6

address "lay matters which a jury is capable of understanding and deciding without the expert's help").

It is also incorrect to suggest that the "no audit and all" and "false and misleading" opinions should be allowed on the ground that they are extensions of the GAAS and GAAP opinions and cannot be "parse[d] out . . . for exclusion." Opp. 17.  Courts performing their "gatekeeping" role look at "every step" of an expert's analysis and will limit expert testimony that goes astray.  *See Compania Embotelladora del Pacifico, S.A. v. Pepsi Cola Co.*, 650 F. Supp. 2d 314, 319 (S.D.N.Y. 2009) (Rakoff, J.) (quoting *Amorgianos v. Amtrak*, 303 F.3d 256, 266-67 (2d Cir. 2002)).  In any event, Devor has presented these as freestanding opinions and has admitted that ███████████████████████████████████████████████████████████████████████████████████ Tewarie Decl., Ex. A at 2.

TH Lee also cannot save these "opinions" by relying on the evidence and methodology he used to reach his GAAP and GAAS opinions.  *E.g.*, Opp. 10-12.  TH Lee does not even attempt to tie the two suspect opinions to the professional standards, and Devor has not disputed that such support is nonexistent.  *See* Mem. 10-12.  There is nothing—other than Devor's *ipse dixit*—to bridge the analytical gap between Devor's GAAP and GAAS opinions and his conclusions that the "no audit at all" and "false and misleading" standards have been satisfied. Devor's failure to cite a single reliable principle or method used in the industry that would lead to these conclusions precludes TH Lee from satisfying its burden of proving by a preponderance of the evidence that the proposed opinions are "the product of reliable principles and methods." Fed. R. Evid. 702; *United States v. Williams*, 506 F.3d 151, 160 (2d Cir. 2007).[2]

---

[2] While TH Lee complains that Grant Thornton did not cite any case in which an expert was prevented "from stating that an audit was so bad that it amounted to 'no audit at all'" (Opp. 12), it is TH Lee's burden to establish admissibility (*Williams*, 506 F.3d at 160), and it has not located

Finally, TH Lee seems to suggest that the Court should not bother excluding the opinions because they are not "significant." Opp. 17. If that were so, then there would have been no reason for TH Lee to engage Devor—and pay him—to offer them. Clearly, TH Lee has done so in hopes that the jury will give more weight to expert evidence than it would to the underlying facts, which clearly fall short. But courts do not allow expert testimony to be misused in this way. Rule 403 plays an especially important role with regard to expert testimony "given the unique weight such evidence may have in the jury's deliberations." *Nimely*, 414 F.3d at 397. "Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it. Because of this risk, the judge in weighing the possible prejudice against probative force under Rule 403 . . . exercises more control over experts than over lay witnesses. *Daubert*, 509 U.S. at 595; *see also In re Rezulin Prods.*, 309 F. Supp. 2d at 545 (even if the proposed expert testimony were reasonable and reliable, "it would be likely unfairly to prejudice and confuse the trier by introducing the 'experts'' opinions and rhetoric . . . as alternative and improper grounds for decision on bases other than the pertinent legal standard").

In sum, Devor's baseless opinions invoking these two legal standards put him squarely in "the role of Plaintiffs' advocate." *In re Trasylol*, 709 F. Supp. 2d at 1345-46 (excluding expert where testimony "will not assist the trier of fact because she makes no effort to confine it to her area of expertise" and "reaches conclusory opinions that are purportedly based on these facts"). These "opinions" are improper and should be excluded.

---

any case in which a "no audit at all" opinion *was* allowed. That there are no cases directly addressing this specific proposed testimony demonstrates only that Devor is uniquely audacious in attempting to opine on this legal standard, not that the testimony should be allowed.

8

### III. Devor cannot escape the past exclusions of his opinions for the same type of overreaching he is guilty of here.

TH Lee tries to explain away the cases in which Devor's opinions have been excluded under *Daubert*, arguing that they have been "overstate[d]."[3] Opp. 17. TH Lee does not deny that Devor's opinions were excluded, but instead suggests that the courts did not carefully analyze them before doing so. Opp. 18-20. Despite these protestations, the fact remains that this is not the first time that Devor has overreached to give inadmissible opinions that warrant exclusion.

With respect to *In re Acceptance Insurance*, TH Lee suggests that the court merely concluded "without analysis" that Devor's affidavit was "not particularly helpful to the Court" at the summary judgment stage. Opp. 18. TH Lee also criticizes the Eight Circuit's affirmance of the ruling, arguing that the court mischaracterized the district court's reason for excluding Devor. Opp. 18. There is no basis for these criticisms. The district court clearly explained its reasoning: "In his affidavit, Devor sets forth some foundation for his expert opinions, including an explanation of accounting theory and his interpretation of various accounting rules . . . . However, . . . Devor does not explain how he reached his ultimate opinions nor does he describe the analytical processes he went through to reach his opinions." *In re Acceptance Ins. Co., Inc. Sec. Litig.*, 352 F. Supp. 2d 940, 948 (D. Neb. 2004). On this basis, the court concluded that the opinions were inadmissible under *Daubert*. *Id.* As accurately—not "distort[edly] (Opp. 19)— quoted in Grant Thornton's motion, the Eighth Circuit affirmed because Devor's opinions "'were merely opinions meant to substitute the judgment of the district court'" and "'were more or less

---

[3] TH Lee also complains that it is "bizarre," given the time that has passed, that Grant Thornton would take exception to Devor's initial denials that his opinions have been excluded. Opp. 19 n.10. What is bizarre is the notion that a professional expert (Opp. 3, 20) would not recall when testifying under oath that his opinions have been excluded multiple times under *Daubert*, including as recently as one year before. *See Lawrence E. Jaffe Pension Plan v. Household International, Inc.*, 1:02-cv-05893 (N.D. Ill. March 23, 2009), at Tewarie Decl., Ex. E.

9

legal conclusions.'"  Mem. 12 (quoting *In re Acceptance Ins. Co. Sec. Litig.*, 423 F.3d 889, 905 (8th Cir. 2005)).  The same is true here.

Similarly, with respect to the *Jaffe* case, TH Lee complains that the court ruled "without analyzing . . . Mr. Devor's opinions."  Opp. 20.  In reality, the court's decision reveals that Devor's opinion was excluded because he attempted to advance the conclusion that, assuming revenues received from predatory lending are considered improper, the defendant's revenue was "falsely report[ed]" and therefore subject to liability under federal securities laws.  *Jaffe*, No. 02 Civ. 5893, at 2.  Not only was this contrary to controlling law, but it again demonstrates Devor's practice of offering legal conclusions in the guise of expert opinions.  As in the past, he should not be permitted to do so here.

*  *  *

For the reasons stated here and in Grant Thornton's motion, Devor's purported expert opinions concerning due diligence, "no audit at all," and "false and misleading" audit reports are improper and unreliable.  Grant Thornton respectfully requests that they be excluded under *Daubert* and Rule 702.

Dated:  January 14, 2011
       New York, New York

*Of Counsel:*

Margaret Maxwell Zagel
Tracy W. Berry
Kenneth Cunningham
GRANT THORNTON LLP
175 West Jackson, 20th Floor
Chicago, Illinois 60604
Ph: 312-856-0001
Fax: 312-565-3473

Respectfully submitted,

WINSTON & STRAWN LLP

      /s/ Linda T. Coberly
By:  Linda T. Coberly

Beth A. Tagliamonti
(btagliamonti@winston.com)
Ruth A. Braun (rbraun@winston.com)
WINSTON & STRAWN LLP
200 Park Avenue
Ph: 212-294-6700
Fax: 212-294-4700

Bruce R. Braun (bbraun@winston.com)
Catherine W. Joyce (cjoyce@winston.com)
Linda T. Coberly (lcoberly@winston.com)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
Ph: 312-558-5600
Fax: 312-558-5700

*Attorneys for Grant Thornton LLP*