UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X

In re REFCO INC. SECURITIES LITIGATION  :  07 MDL 1902 (JSR)

------------------------------------- X
         This Document Relates to:
------------------------------------- X

KENNETH M. KRYS, et al.,                :  [PROPOSED]
                                           PROTECTIVE ORDER
         Plaintiffs,                    :

   -against-                            :

CHRISTOPHER SUGRUE; et al.,             :  08 Civ. 3086 (JSR)
                                           08 Civ. 3065 (JSR)
         Defendants                     :
------------------------------------- X
------------------------------------- X  08 Civ. 7416 (JSR)
KENNETH M. KRYS and CHRISTOPHER          :
STRIDE, as JOINT OFFICIAL LIQUIDATORS
of SPHINX LTD., et al.                   :

         Plaintiffs,                     :

   -against-                             :

ROBERT AARON, et al.,                    :

         Defendants.
------------------------------------- X

     WHEREAS, defendants Mark Kavanagh and Brian Owens and, separately, defendants Derivatives Management LLC, DPM-Mellon, LLC, Derivatives Portfolio Management, Ltd., DPM-Mellon, Ltd., Guy Castranova, and Bank of New York Mellon Corporation (collectively, the "Defendants"), have served subpoenas on Peter Ginsberg in the above-captioned case (the "Action"), to which he has objected, and certain of those requests encompass documents, communications and information subject to claims of attorney-client privilege and/or work product protection;

     WHEREAS, in response to such subpoenas, Crowell and Moring and Mr. Ginsberg have produced a privilege log containing references to documents purportedly subject to the claims of attorney-client and/or work product protection ("Privilege Log");

EAST\44002273.1

WHEREAS, Mr. Ginsberg is prepared to produce for the Defendants' inspection, in accordance with terms and conditions to be agreed upon between Mr. Ginsberg and the Defendants, documents identified on the Privilege Log that are responsive to one or more search terms to be agreed upon by Mr. Ginsberg and Defendants prior to any such inspection.

**NOW, THEREFORE,** upon consideration of the record and proceedings herein:

IT IS ORDERED AND DECREED, pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure and Rule 502(d) of the Federal Rules of Evidence, as follows:

1. By producing or disclosing documents, communications, and information listed on the Privilege Log that are subject to claims of attorney-client privilege and/or work-product protection held by Mr. Ginsberg and/or his clients, Patrina Farquharson and Andrew Feighrey (collectively, the "Ginsberg Disclosed Protected Information"), Mr. Ginsberg shall not be deemed to have waived or forfeited any claim of attorney-client privilege or attorney work product protection that Mr. Ginsberg or his clients would otherwise be entitled to assert with respect to such documents, communications, and information.

2. Pursuant to Rule 502(d) of the Federal Rules of Evidence, disclosures of Ginsberg Disclosed Protected Information made pursuant to this Protective Order shall also not be deemed a waiver of a claim of attorney-client privilege and/or attorney work product protection in any other Federal or State proceeding.

SO ORDERED:

_____
Jed S. Rakoff
United States District Judge

Dated: 1-2\-11

EAST\44002273.1