```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
                                      :
                                      :
                                      :
                                      :
IN RE REFCO SECURITIES LITIGATION     :      07 MDL 1902 (JSR)
                                      :
                                      :      Applies To:
                                      :      08 Civ. 3065
                                      :      08 Civ. 3086
                                      :
------------------------------------- x
------------------------------------- x
KENNETH M. KRYS, et al.,              :      MEMORANDUM
                                      :
             Plaintiffs,              :
                                      :
         -v-                          :
                                      :
CHRISTOPHER SUGRUE, et al.,           :
                                      :
             Defendants.              :
------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

On December 21, 2010 Special Master Hedges heard oral argument on a discovery dispute between the so-called "Krys Plaintiffs" and non-parties Gibson Dunn & Crutcher LLP ("Gibson Dunn"), Scott Kislin, and Mitchell Karlan (collectively, the "Gibson Dunn Objectors") regarding whether or not the Gibson Dunn Objectors had to produce a particular Gibson Dunn e-mail exhibit. The Special Master subsequently issued an Order, filed January 13, 2011 in docket number 07 MD 1902, directing the Gibson Dunn Objectors to produce the disputed e-mail to the Krys Plaintiffs. On January 20, 2011 the Gibson Dunn Objectors appealed to this Court. The Court directed the Gibson Dunn Objectors to submit a letter brief ("Gibson Dunn Br.") setting forth the grounds for their

appeal by January 25, 2011, and directed the Krys Plaintiffs to submit a letter brief ("Krys Br.") in response by January 28, 2011. After careful consideration of these submissions and an in camera review of the disputed e-mail itself, the Court issued a bottom-line Order on February 4, 2011 overruling the Special Master's January 13, 2011 Order. This Memorandum sets forth the reasons for the Court's decision.

By way of background, the Krys Plaintiffs are successors to the SPhinX Funds and their investment manager, PlusFunds Group, Inc. ("PlusFunds"). Krys Br. at 1. At relevant times, Gibson Dunn represented three PlusFunds directors: Chris Sugrue, Mark Kavanagh and Brian Owens. Id. Gibson Dunn also represented PlusFunds in litigation matters beginning in early 2005, and represented SPhinX and PlusFunds in Refco bankruptcy proceedings beginning in October 2005. Id. The Krys Plaintiffs assert the following two claims against Gibson Dunn Objectors, both of which the Court referred to arbitration by Order dated January 21, 2010: (1) that Gibson Dunn aided and abetted the breaches of fiduciary duty committed by Sugrue, Kavanagh and Owens; and (2) that Gibson Dunn committed legal malpractice by representing SphinX and PlusFunds in the Refco bankruptcy proceedings when its legal advice was "compromised by unresolved conflicts of interest arising from its simultaneous representation of PlusFunds,

2

SPhinX, Sugrue, Kavanagh, Owens, the Suffolk entities, and other parties connected to Sugrue and Kavanagh." Id. at 2.

On November 6, 2009, before the Court referred these claims to arbitration, the Krys Plaintiffs served a subpoena on the Gibson Dunn Objectors. Gibson Dunn Br. at 2. In response to this subpoena, the Gibson Dunn Objectors produced two privilege logs and over 137,000 pages of documents, including the Gibson Dunn e-mail here at issue (the "E-mail"). The E-mail is a three-page document that consists of a series of internal Gibson Dunn electronic communications among Gibson Dunn partners Scott Kislin, Mitchell Karlan, Natasha Labovitz, Andrew Levy and Bruce Bolander dated October 30-31, 2005. In general terms, the partners share their preliminary thoughts concerning Gibson Dunn's representation of SPhinX and PlusFunds in various matters, including the Refco bankruptcy proceedings.

On September 17, 2010 Gibson Dunn discovered that the E-mail had been inadvertently produced and notified the Krys Plaintiffs of the inadvertent production; the Krys Plaintiffs subsequently certified that they had destroyed all copies of the E-mail in accordance with the Court's December 15, 2009 Protective Order. Id. On November 15, 2010, Gibson Dunn produced to the Krys Plaintiffs a privilege log identifying "Internal Law Firm Communication/Document; work product" as the basis for withholding the E-mail. Id. The Krys Plaintiffs subsequently argued before the Special Master that the Gibson Dunn Objectors were required to produce the E-mail, and the Special Master

3

agreed. Gibson Dunn then timely appealed to this Court. In accordance with the federal rules and with the orders of this Court appointing the two special masters in this MDL, the Court reviews the discovery orders of Special Master Hedges for abuse of discretion.

The Gibson Dunn Objectors present two grounds for appeal. First, they argue that the E-mail has no relevance to the instant multi-district litigation ("MDL") in which the Special Master is presiding over discovery and, indeed, is relevant only to the arbitration between the Gibson Dunn Objectors and the Krys Plaintiffs. Gibson Dunn Br. at 1. They contend that "discovery relevant only to claims pending in arbitration is a matter to be decided in arbitration, and that the Krys Plaintiffs cannot end run that truism by serving a subpoena in the MDL." Id. at 2. They further argue that, by seeking to compel the production of information that is irrelevant to the instant action, the Krys Plaintiffs are engaged in an abuse of the federal subpoena power. Id. at 2 (citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352 n.17 (1978) ("[W]hen the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery is properly denied.")).

The Special Master in fact agreed with the Krys Plaintiffs that the E-mail is irrelevant to the MDL. See 12/21/10 Transcript at 10 ("I don't see how it is relevant to this proceeding frankly."); Id. at 11 ("I, frankly, don't see how it's discoverable or usable in much

4

of anything . . . ."). Although this factual finding by Special Master Hedges could only be overturned if it were clear error, the Court has independently reviewed the record and concludes that the Special Master's finding in this regard was plainly correct. Indeed, while the Krys Plaintiffs offer a series of tenuous arguments for the E-mail's relevance to the MDL, the Court finds the arguments not only unpersuasive but also intended to obscure the bald fact that the true purpose of the Krys Plaintiffs' request for the E-mail is to bolster claims in the arbitration, and nothing else. See Oppenheimer Fund, Inc., 437 U.S. at 352 n.17 ("In deciding whether a request comes within the discovery rules, a court is not required to blind itself to the purpose for which a party seeks information.").

Having correctly concluded that the E-mail was irrelevant to the MDL, Special Master Hedges nonetheless concluded, for reasons obscure, that the E-mail's relevance (or irrelevance) to the MDL was "not the point." See 12/21/10 Transcript at 11. This was an abuse of discretion. Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. R. 26(b)(1) (emphasis supplied). Subpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1). See During v. City Univ. of N.Y., No. 05 Civ. 6992 (RCC), 2006 WL 2192843, at *2 (S.D.N.Y. Aug. 1, 2006) ("Subpoenas issued under Rule 45 of the Federal Rules of Civil Procedure are subject to

Rule 26(b)(1)'s overriding relevance requirement."). Thus, the relevance <u>vel</u> <u>non</u> of the E-mail to the MDL is key to whether or not it is discoverable, and it was an abuse of discretion for the Special Master, having found that the E-mail was irrelevant to the MDL, to nonetheless order its production.[1]

Reversal is also warranted on the second ground raised by the Gibson Dunn Objectors, <u>viz.</u>, that the E-mail is privileged under the doctrine of <u>Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn LLP</u>, 91 N.Y.2d 30 (1997).[2] Although the court in <u>Sage Realty</u> recognized that a client has "presumptive access to the attorney's entire file on the represented matter, subject to narrow exceptions," 91 N.Y.2d at 37, one of those exceptions is "documents intended for internal law office review and use." <u>Id.</u> This is because "[t]he need for lawyers to be able to set down their thoughts privately in order to assure effective and appropriate representation warrants keeping such documents secret from the client involved." <u>Id.</u>

---

[1] The Krys Plaintiffs contend that arguments regarding relevancy are misplaced because "Gibson Dunn has an ethical duty to produce the e-mails at Plaintiffs' request." Krys Br. at 3. As explained further below, the Court finds that Gibson Dunn does not in fact have an ethical obligation, at least not in the context of the MDL. However, even if it did, this argument -- premised on Gibson Dunn's legal representation of SPhinX and PlusFunds -- again highlights the fact that the requested information is relevant to the Krys Plaintiffs' legal malpractice claims against Gibson Dunn that are the subject of the arbitration, not the MDL.

[2] New York law applies to this issue. <u>See</u> Fed. R. Ev. 501.

As non-exclusive examples of the kinds of documents that might be properly withheld under this exception, the court in Sage Realty mentioned "documents containing a firm attorney's general or other assessment of the client, or tentative preliminary impressions of the legal or factual issues presented in the representation, recorded primarily for the purpose of giving internal direction to facilitate performance of the legal services entailed in that representation." Id. at 37-38. The conversations in the E-mail are precisely these kinds of discussions. They are internal conversations among law firm partners setting forth their "preliminary impressions of the legal or factual issues presented in the representation." Id. at 38.

The Special Master does not appear to have concluded to the contrary. See 12/21/10 Transcript at 7 ("These are internal musings."); Transcript at 8 ("these are just partners chatting about something"); Transcript at 11 ("[T]hese, frankly, are musings between counsel and partners at the firm as to how litigation might shape or whatever."). He failed, nonetheless, to apply the Sage Realty exception. This was, again, an abuse of discretion.

On appeal, the Krys Plaintiffs argue that even if the Sage Realty exception otherwise applies, the document is discoverable under an exception to Sage Realty's exception. Krys Br. at 5. They contend that where the client demonstrates a need for the document, the lawyer has an ethical duty to produce it, even if it fits within the exception. Krys Br. at 5 (citing Polin v. Wisehart & Koch, No. 00

CIV. 9624 (AGS)(MHD), 2002 WL 1033807, at *2-3 (S.D.N.Y. May 22, 2002) ("[W]hen the interests of the client and the attorney clash - as here - it is the client's interest that will prevail. . . . [W]hat may be withheld turns upon the needs of the client, and . . . even opinion work product is subject to production on that basis.")). In this case, the Krys Plaintiffs argue that they have a need for the E-mail because it demonstrates Gibson Dunn's knowledge that it had a conflict of interest at the time it rendered advice to SPhinX and PlusFunds, and that cases construing Sage Realty have ordered such communications produced where relevant to allegations of malpractice and conflict of interest. Krys Br. at 5 (citing, for example, Bolton v. Weil, Gotshal & Manges LLP, 836 N.Y.S.2d 483, 2005 WL 5118189, at *4 (N.Y. Sup. 2005)).

Again, however, as the Gibson Dunn Objectors note, this argument only proves their point. The cases cited by the Krys Plaintiffs were legal malpractice cases in which the documents were found relevant to those actions. Legal malpractice claims are not before the Court, as they have been referred to arbitration. Thus, to the extent the exception to Sage Realty's exception applies in this case, it applies only to the legal malpractice claims currently in arbitration. More generally, the ethical duty to produce the E-mail arises, if at all, only in the context of the arbitration.

The Court has considered the other arguments raised by the Krys Plaintiffs and finds them without merit. In sum, the Court

concludes that the Special Master abused his discretion in ordering the Gibson Dunn Objectors to produce the E-mail, both because the E-mail is irrelevant to the MDL proceedings and because it is privileged under Sage Realty. Accordingly, the Court reaffirms its February 4, 2011 Order in all respects.

                                                          _____
                                                        JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       February 14, 2011

9