UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Refco, Inc. Securities Litigation | 07 MDL 1902 (JSR) |
| This document applies to: | |
| MARC S. KIRSCHNER, As Trustee of the Refco Private Actions Trust, | 07 Civ. 8165 (JSR) |
| Plaintiff, | |
| -vs- | |
| PHILLIP R. BENNETT, SANTO C. MAGGIO, ROBERT C. TROSTEN, MAYER, BROWN LLP, MAYER BROWN INTERNATIONAL LLP, and GRANT THORNTON LLP, | |
| Defendants. | |
| GRANT THORNTON LLP, | |
| Defendant/Third-Party Plaintiff, | |
| -vs- | |
| THOMAS H. LEE PARTNERS, L.P.; THL EQUITY ADVISORS V, LLC; THL MANAGERS V, LLC; THOMAS H. LEE EQUITY FUND V, L.P.; THOMAS H. LEE PARALLEL FUND V, L.P., THOMAS H. LEE EQUITY (CAYMAN) FUND V, L.P., THOMAS H. LEE; DAVID V. HARKINS; SCOTT L. JAECKEL; and SCOTT A SCHOEN, | **SPECIAL MASTER HEDGES' PARTIAL ORDER ON GRANT THORNTON LLP'S MOTION TO COMPEL** |
| Third-Party Defendants. | |

02852.60994/4066177.2
CHI:2516992.1

WHEREAS, counsel for Marc S. Kirschner, as Trustee of the Refco Private Actions Trust (the "Trustee") and counsel for Grant Thornton LLP ("Grant Thornton") in the above-captioned action having appeared telephonically on March 29, 2011 before Special Master Hedges on Grant Thornton's Motion to Compel Production of FX Customers' Documents and Witnesses,

SPECIAL MASTER HEDGES, for good cause shown, hereby enters the following partial order:

1. On or before April 8, 2011, the Trustee shall provide to Grant Thornton the current or last known address for each FX Customer listed in the Trustee's Response to Interrogatory No. 2 of Grant Thornton's First Set of Interrogatories dated January 12, 2011 (the "FX Customers").

2. On or before May 2, 2011, the Trustee shall disclose to Grant Thornton the witnesses he will call at a trial of the claims of all the FX Customers or, alternatively, a "bellwether" trial of the claims of a subset of the FX Customers.

3. The Trustee shall promptly send to the FX Customers a request ("Notice") for the documents sought in Grant Thornton's First Request for Production of Documents (dated February 13, 2009) and Second Request for Production of Documents (dated January 12, 2011) that relate to

   i. each FX Customer's decision to open an account at, and maintain deposits or other assets at, Refco Capital Markets, Ltd. ("RCM") or any other Refco entity;

   ii. any insurance or hedges these FX Customers had on their foreign exchange account(s) at RCM that reduced or mitigated their actual loss

     below the amounts reflected on Exhibit A to the Trustee's Amended Complaint;

   iii. all documents in the possession of each FX Customer relating to Grant Thornton's audits of RCM, including audit opinions; and

   iv. all documents concerning the FX Customers' damages including, but not limited to, insurance proceeds, indemnifications, legal processes, settlements, and/or bankruptcy recoveries.

4. The parties will meet in good faith and immediately bring any disagreements regarding the Notice to the attention of Special Masters Hedges no later than Monday, April 4, 2011. The request shall instruct the FX Customers to provide the requested documents, as well as any and all documents responsive to the Trustee's three earlier notices to the FX Customers to produce documents that were not previously provided, to the Trustee's counsel no later than thirty (30) days after its issuance (the "Notice Production Date").

5. On or before seven days after the Notice Production Date, the Trustee shall produce to Grant Thornton any and all documents provided to it by the FX Customers in response to the Notices described in paragraphs 3 and 4 above that had not previously been produced to Grant Thornton. By the same date, counsel to the Trustee shall provide to Grant Thornton a certification that any documents received by the Trustee in response to the four Notices have been produced by the Trustee. The Trustee has advised Grant Thornton that prior to the deposition of any FX Customer, the Trustee also intends to cause such FX Customer to produce any additional documents determined to be necessary to comply with the Notices set forth in paragraph 3 and 4 above. Prior to the deposition of any such FX Customer, the Trustee (or his counsel) shall provide to Grant

Thornton a certification that any and all documents responsive to the Trustee's four notices have, to the best of the Trustee's knowledge and ability, been produced, or made available for inspection, by that FX Customer and the Trustee. Absent exigent circumstances, the Trustee will be barred from using any document not produced, or made available for inspection, prior to the date of the deposition of the FX Customer to which the document pertains (or, if the FX Customer is not deposed, prior to the close of fact discovery), including but not limited to, consideration of, reliance upon, or review by an expert witness or use at trial.

6. On or before May 27, 2011, the Trustee and Grant Thornton shall submit a joint letter stating their respective positions on the possibility of conducting a bellwether trial on the claims of a subset of the FX Customers.

7. On June 8, 2011 at 10 am, the parties shall appear before Special Master Hedges on any remaining open issues. Location TBD. The fact discovery deadline set forth in the Discovery Schedule in this action dated December 31, 2010, shall be extended for forty-five (45) days following the date of this conference, and all other remaining dates in the Discovery Schedule shall be extended accordingly.

8. This is an interim order. No determination has been made as to whether the Trustee "controls" any FX Customer. Grant Thornton's motion to compel remains pending.

SO ORDERED

Dated: Phoenix AZ
4/1/11

_____
Ronald Hedges
Special Master