UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
In re REFCO INC. SECURITIES LITIGATION  :  Case No. 07-md-1902 (JSR)
                                                           :
-----------------------------------------------------------X

## SPECIAL MASTER ORDER ON DISCOVERY DISPUTES

WHEREAS this Court entered an Order on the 24th day of March, 2011 with respect to the subpoenas served upon Peter Ginsberg, Esq., by the attorneys for Kavanagh and Owens and the DPM defendants; and

WHEREAS Mr. Ginsberg appealed that Order on March 31, 2011 after efforts to negotiate a procedure for production that was agreeable to the parties were unsuccessful; and

WHEREAS the Honorable Jed S. Rakoff ordered that the parties submit briefing as to the substance of the appealed Order; and

WHEREAS Ginsberg & Burgos, PLLC, in an effort to settle this discovery dispute, allowed counsel for Kavanagh and Owens and the DPM Defendants to review certain documents that had previously been withheld on the ground of privilege in whole or in part pursuant to a Protective Order pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure and Rule 502(d) of the Federal Rules of Evidence entered by the Court on January 24, 2011 and subject to certain limitations; and

WHEREAS after the review of the purportedly privileged documents on April 8, 2011, the parties agreed to meet and confer concerning continuing disagreement as to whether certain documents reviewed by counsel for the DPM defendants and Kavanagh and Owens, were privileged; and

WHEREAS Mr. Ginsberg and Ms. Burgos on behalf of Peter Ginsberg, Esq. met with Mitchell Karlan and Jonathan Fortney of Gibson Dunn & Crutcher, LLP attorneys for Kavanagh and Owens and B. John Pendleton, Jr. and Michael Salerno of DLA Piper, attorneys for the DPM Defendants; and

WHEREAS the parties agreed to the production of certain documents as follows:

SPECIAL MASTER RONALD J. HEDGES, ~~for good cause shown~~, hereby orders as follows:

Ginsberg & Burgos agrees to produce certain documents to the attorneys for Kavanagh and Owens and the DPM Defendants which had previously been withheld on the ground of privilege with the understanding that Ginsberg & Burgos still contend that such documents are privileged but nonetheless desire to end the instant dispute regarding production and agree that those documents may be used by the attorneys for Kavanagh and Owens and the DPM Defendants and that the production of these documents does not constitute a waiver of any privilege, attorney-client or attorney work product or otherwise, that Mr. Ginsberg or his clients would be otherwise entitled to assert with respect to any other documents, communications and information.

Each party seeking such production shall bear the cost of copying such documents.

Mr. Ginsberg shall make available for copying all such documents produced to Messrs. Kavanagh and Owens and the DPM Defendants upon request to any other party in the actions captioned *Krys v. Sugrue*, Nos. 08 Civ. 3065 & 3086 and *Krys v. Aaron*, No. 08 Civ. 7416 subject to any such party and counsel agreeing to be bound by the terms and conditions of the instant Order.

Messrs. Kavanagh and Owens and the DPM Defendants, including their counsel, shall not make available to any party to this action, including counsel, or to any other person or entity any of the documents released pursuant to this Order, until such person or entity agrees, in writing, to be bound to the terms and conditions set forth in the instant Order and until Messrs. Kavanagh and Owens and the DPM Defendants, or their counsel, have provided to Ginsberg & Burgos twenty four (24) hours written advance notice of any such production.

The production of these documents to any party to this Agreement or any party who subsequently makes a request for such documents does not constitute a waiver of any privilege, attorney-client or attorney work product or otherwise, that Mr. Ginsberg or his clients would be otherwise entitled to assert with respect to any other documents, communications and information. Production shall be subject to the existing 502(d) order.

**SO ORDERED** this 27th day of April 2011

_____
HON. RONALD HEDGES
SPECIAL MASTER