USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/4/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
In re REFCO INC. SECURITIES         :    07 MDL 1902 (JSR)
LITIGATION                          :
------------------------------------x

This Document Relates to:

------------------------------------x
KENNETH M. KRYS, et al.,            :
                                    :
        Plaintiffs,                 :    08 Civ. 3065 (JSR)
                                    :    08 Civ. 3086 (JSR)
        -v-                         :
                                    :
CHRISTOPHER SUGRUE, et al.,         :
                                    :
        Defendants.                 :
------------------------------------x
KENNETH M. KRYS, et al.,            :
                                    :
        Plaintiffs,                 :    08 Civ. 7416 (JSR)
                                    :
        -v-                         :
                                    :
ROBERT AARON, et al.,               :
                                    :
        Defendants.                 :
------------------------------------x
KENNETH M. KRYS, et al.,            :
                                    :    08 Civ. 8267 (JSR)
        Plaintiffs,                 :
                                    :
        -v-                         :
                                    :
RICHARD BUTT,                       :    MEMORANDUM ORDER
                                    :
        Defendant.                  :
------------------------------------x

JED S. RAKOFF, U.S.D.J.

By Order dated March 31, 2010, the Court adopted the conclusions of Special Master Daniel J. Capra's February 3, 2010 Report and Recommendation addressing the omnibus issue of standing. Specifically, the Court dismissed all counts with

prejudice insofar as they purported to bring claims on behalf of the SPhinX investors and any SPhinX fund other than SPhinX Managed Futures Fund ("SMFF"). See 03/31/10 Order at 2. The Court also denied defendants' motion to dismiss for lack of standing the claims brought by PlusFunds, finding that PlusFunds had alleged direct injuries and damages independent from those of SMFF. See 02/03/10 R&R at 17, 34. Finally, the Court dismissed, without prejudice, all claims of SMFF and PlusFunds arising from the so-called "Refco fraud," as that term was defined in the 02/03/10 Report and Recommendation. Id. at 34. The Court adopted the Special Master's recommendation that, "[s]hould it finally be determined that the Refco Trustee is barred by the Wagoner[1] doctrine from bringing the [Refco fraud] claims of RCM[2] . . . [,] it is recommended that the Court at that point revisit the question of [SMFF's and PlusFunds'] standing to bring claims derived from the Refco fraud." Id.[3]

---

[1] Shearson Lehman Hutton v Wagoner, 944 F.2d 114 (2d Cir. 1991).

[2] Refco Capital Markets, Ltd. ("RCM").

[3] The Court also indicated that, because many of the objections to the 02/03/10 Report and Recommendation were "worthy of further discussion," the Court would issue an opinion in due course stating it reasons for rejecting the more significant objections. However, in light of subsequent events, Reports and Recommendations, and rulings of this Court (including the instant Order), the Court finds that many of the issues raised in those objections have either been mooted or clarified to the point where a full opinion is no longer necessary. Accordingly, the Court declines to issue a follow-up opinion to its 03/31/10

As explained in detail in Special Master Capra's December 6, 2010 Report and Recommendation addressing the omnibus issue of in pari delicto and Wagoner, it has now been finally determined that the Refco Trustee is barred from bringing the claims of RCM. Specifically, after the Honorable Gerard E. Lynch concluded in Kirschner v. Grant Thornton LLP, No. 07 Civ. 11604 (GEL), 2009 WL 1286326, at *5 (S.D.N.Y. May 6, 2009) ("Kirschner I"), that the Trustee's claims were barred under Wagoner, Judge Lynch's determination was appealed to the United States Court of Appeals for the Second Circuit. The Second Circuit, in turn, certified the question to the New York Court of Appeals. See Kirschner v. KPMG LLP, 590 F.3d 186 (2d Cir. 2009) ("Kirschner II"). On October 21, 2010, the New York Court of Appeals confirmed Judge Lynch's initial determination and concluded that the Refco Trustee's claims were barred under the principles of in pari delicto. See Kirschner v. KPMG LLP, 15 N.Y.3d 446 (N.Y. 2010) ("Kirschner III").

Accordingly, the Court must now determine whether the claims the Court dismissed without prejudice in its 03/31/10 Order may be revived. The Special Master addressed this issue in his December 6, 2010 Report and Recommendation as follows:

> In a Letter Brief to the Special Master dated November 5, 2010, the Plaintiffs argue that under the terms of the Standing R and R, the Plaintiffs now have standing to sue those defendants

---

Order.

3

alleged to have committed wrongdoing related to the "Refco Fraud." The Standing R and R provides that all claims arising from the Refco Fraud are claims of the Refco Estate, and therefore that these Plaintiffs do not have standing to bring them. But the Special Master further recommended that the Refco Fraud claims should be dismissed without prejudice and subject to reconsideration, should it finally be determined that the Refco Trustee is barred by the *in pari delicto/Wagoner* doctrine from bringing the claims of RCM.

It is this last ruling that the Plaintiffs understandably seek to use to their advantage, as they note, quite accurately, that the New York Court of Appeals' and Second Circuit's rulings in *Kirschner* have effectively foreclosed the possibility of the Refco Trustee collecting on the claims of the Estate against any third party involved in the Refco Fraud. The Plaintiffs note that the Special Master's reasoning for a dismissal without prejudice was that if the Refco Trustee was barred under *Wagoner* and the Plaintiffs were barred *because their claims were derivative*, there would be a wrong without a remedy.

12/06/10 R&R at 12. The Special Master then quoted the following passage from the Standing R&R: "When the defendants' arguments are juxtaposed, the irony is evident. In this action, they argue that the Plaintiffs have no standing to sue on the basis of the Refco Fraud because those actions are to be brought by the Refco Trustee. And in the action brought by the Refco Trustee, they argue that the Trustee has no standing to sue on the basis of the Refco Fraud because he stands in the shoes of the wrongdoing corporation." 02/03/10 R&R at 26 n.34. To avoid this "Catch-22," the Special Master recommended, so far as standing is concerned, that plaintiffs' claims could be revived after <u>Kirschner III</u>. The Court agrees.

4

The Special Master ultimately concluded, however, that this whole line of argument was irrelevant because plaintiffs' own claims were barred by in pari delicto/Wagoner. 12/06/10 R&R at 13. This Court, however, subsequently overruled the Special Master on this issue, see 04/25/11 Opinion and Order. Thus, there now appears to be no reason why the Refco Fraud claims dismissed without prejudice by the Court's 03/31/10 Order should not be revived(unless otherwise dismissed by other previous Orders of the Court).

Accordingly, to the extent those claims have not been dismissed on alternative grounds by other rulings of this Court,[4] plaintiffs may now reassert the Refco Fraud claims dismissed without prejudice in the Court's Order of March 30, 2010. The effected parties are instructed to confer with Special Masters and set a schedule for further proceedings on any claims so revived.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated:   New York, New York
         May 3, 2011

---

[4] For example, as explained in the Court's separate Order of May 3, 2011 addressing the motions to dismiss filed by Bawag and the EMF Defendants, the Refco Fraud claims against those defendants have now been dismissed, with prejudice, on other grounds.