**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                       :
                                       :
In re REFCO, INC. SECURITIES LITIGATION  :      07 MDL No. 1902 (JSR)
                                       :
                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
           This document relates to:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                       :
KENNETH M. KRYS, et al.                 :      ECF CASE
                                       :
               Plaintiffs,          :      08 Civ. 3086 (JSR)
         -v-                               :
                                         :
CHRISTOPHER SUGRUE, et al.          :
                                         :
               Defendants.           :
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                       :
KENNETH M. KRYS, et al.                 :
                                         :
               Plaintiffs,          :      10 Civ. 3594 (JSR)
         -v-                               :
                                         :
DEUTSCHE BANK SECURITIES INC., et al.  :
                                         :
               Defendants.           :
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANTS' SUPPLEMENTAL BRIEF SEEKING**
**DISMISSAL OF THE "REFCO FRAUD" CLAIMS**

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ....................................................................................... ii

PRELIMINARY STATEMENT ................................................................................. 1

ARGUMENT ........................................................................................................... 2

I.  *Kirschner* makes clear that Refco's wrongdoing bars all claims based on injury suffered by the Refco entities, whether asserted by Refco itself, Refco's Litigation Trustee, or Refco's creditors derivatively. ............................... 2

II. *Kirschner* answers the critical equitable question left open by the dismissal "without prejudice." ........................................................................................... 5

## TABLE OF AUTHORITIES

**CASES**                                                                          **PAGE**

*ABF Capital Mgt. v. Askin Capital Mgmt.*,
    957 F. Supp. 1308 (S.D.N.Y. 1997)………………………………………………          8

*AIG, Inc. v. Greenberg*,
    976 A.2d 872 (Del. Ch. 2009) …………………………………………………          6

*Buechner v. Avery*,
    836 N.Y.S.2d 1 (1st Dep't 2007) ………………………………………………          9

*In re Granite Partners, L.P.*,
    194 B.R. 318 (Bankr. S.D.N.Y. 1996) …………………………………………          6

*In re Mediators*,
    190 B.R. 515 (S.D.N.Y. 1995), *aff'd*, 105 F.3d 822 (2d Cir. 1997) …..………          5

*In re Salomon Inc. S'holders' Deriv. Litig.*,
    No. 91-5500, 1994 WL 533595 (S.D.N.Y. Sept. 30, 1994) ……………..………          5

*Jackson National Life Insurance v. Ligator*,
    949 F. Supp. 200 (S.D.N.Y. 1996) ……………………………………………          5

*Kirschner v. KPMG LLP*,
    15 N.Y.3d 446 (2010) ………………………………………………………          1

    15 N.Y.3d at 477………………………………………………………………          5

    15 N.Y.3d at 462-63…………………………………………………………          5

    15 N.Y.3d at 475-76…………………………………………………………          6

    15 N.Y.3d at 475………………………………………………………………          7

    15 N.Y.3d at 475………………………………………………………………          7

    15 N.Y.3d at 476………………………………………………………………          7

*Kirschner v. KPMG LLP*,
    626 F.3d 673 (2d Cir. 2010). …………………………………………..………          5

*Teachers' Ret. Sys. v. PricewaterhouseCoopers LLP*,
    11 A.3d 228 (Del. 2011) ……………………………………………………          3

*Ziemba v. Rell*,
    409 F.3d 553 (2d Cir. 2005) ……………………………………………………          8

## PRELIMINARY STATEMENT

With the Court's permission, Defendants[1] submit this supplemental brief to address the impact of the New York Court of Appeals' decision in *Kirschner v. KPMG LLP*, 15 N.Y.3d 446 (2010), on Plaintiffs' "Refco fraud" claims.  In light of the *Kirschner* decision, it is clear that these claims are barred as a matter of law, for two reasons.

First, *Kirschner* establishes that the Refco fraud claims asserted here are barred by the doctrine of *in pari delicto*, based on the wrongdoing of the Refco insiders.  Under the law of this case, as both the Special Master and Judge Rakoff have repeatedly held, the Refco fraud claims are *derivative* claims belonging to Refco and RCM.  *Kirschner* holds—as a matter of controlling New York law—that a wrongdoing company's claims are barred by the defense of *in pari delicto* whether they are asserted by the company itself, by a trustee, or (as here) by creditors suing derivatively.  Thus, independent of whether SPhinX and PlusFunds insiders themselves engaged in wrongdoing—an issue recently addressed by the Court in its order on *in pari delicto*—the claims based on the Refco fraud are barred by the wrongdoing of the Refco insiders.

Second, *Kirschner* answers the equitable question left open when these claims were originally dismissed.  The Special Master recommended that the dismissal be "without prejudice" so that if the Trustee could not pursue these claims, then the Court could assess whether these Plaintiffs should be allowed to pursue them derivatively, in the interest of "equit[y]."  But as the Special Master has since recognized, New York's highest court subsequently declared in *Kirschner* that there is no inequity in leaving a wrongdoing company

---

[1]  These defendants include Grant Thornton LLP, Mark Ramler, Mayer Brown LLP, Edward S. Best, Joseph P. Collins, Paul Koury, JPMorgan Chase & Co., Banc of America Securities LLC, Credit Suisse Securities (USA) LLC, PricewaterhouseCoopers LLP, Mari Ferris, Ingram Micro Inc., CIM Ventures Inc., Liberty Corner Capital Strategies, LLC, William T. Pigott, Deutsche Bank Securities Inc., Deutsche Bank Trust Company Americas, and Deutsche Bank AG.

and its creditors without recovery from third parties who allegedly aided the company's wrongs. That clear statement of New York law eliminates any equitable basis for reviving these claims.

In short, although the Special Master's dismissal "without prejudice" may have left the door open to the revival of these claims, the Court of Appeals' decision has since closed it. Defendants respectfully request that the Refco fraud claims be dismissed with prejudice. That will leave Plaintiffs to pursue the claims they have pleaded based on the "SPhinX fraud"—the allegedly improper transfer of SPhinX funds from segregated accounts at Refco LLC to unsegregated accounts at RCM—which Judge Rakoff recently described as the "heart" of Plaintiffs' complaints. Opinion & Order, April 25, 2011, at 3.

## ARGUMENT

**I.     *Kirschner* makes clear that Refco's wrongdoing bars all claims based on injury suffered by the Refco entities, whether asserted by Refco itself, Refco's Litigation Trustee, or Refco's creditors derivatively.**

In *Kirschner*, the New York Court of Appeals addressed not only the lawsuit brought by the Refco Litigation Trust against many of these Defendants but also a companion case, *Teachers' Retirement System v. PricewaterhouseCoopers LLP ("AIG")*, in which a group of AIG shareholders were asserting AIG's claims derivatively. In connection with that case, the Court considered a question certified by the Delaware Supreme Court—whether "the doctrine of *in pari delicto* bar[s] a derivative claim under New York law" when that claim is based on an outside auditor's alleged failure to detect fraud committed by the corporation. *Kirschner*, 15 N.Y.3d at 463 (quoting certification order).

Among other things, the plaintiffs in *AIG* argued that the defense of *in pari delicto* should not bar derivative claims. *See id*. at 469, 475. In other words, like the SPhinX Plaintiffs here, they argued that even if the misconduct of AIG's own senior management would bar claims brought by AIG itself, it should not bar derivative claims brought by or for the benefit of

2

"innocent" stakeholders.  The New York Court of Appeals rejected that argument, explaining

that AIG's claims are barred by the AIG officers' wrongdoing no matter who asserts them.  *See*

*id*. at 462-63, 475-77; *see also Teachers' Ret. Sys. v. PricewaterhouseCoopers LLP*, 11 A.3d 228

(Del. 2011) (affirming dismissal based on answers to certified questions).

This reasoning applies here:  Plaintiffs' "Refco fraud" claims are derivative of the claims

of Refco and RCM, and thus they are barred by the Refco officers' wrongdoing no matter who

asserts them.  Both this Court and the Special Master have already concluded that the Refco

fraud claims in this case are derivative of claims belonging to Refco and RCM.  In the Report &

Recommendation dated February 3, 2010 (the "Standing R&R"), the Special Master defined the

"Refco fraud" claims as encompassing allegations about "Round-Trip loans, the Refco hidden

receivables, the fraudulent LBO and IPO, and the funding of Refco interests by looting the

accounts at RCM."  Standing R&R at 3.  The R&R explains:

> [A]ny claim that Plaintiffs were hurt by Refco insiders cashing out in the IPO, or
> improperly upstream[ing] assets from RCM, or Round Trip Loans, etc., would be
> claims derived from the harm to Refco that occurred because of that scheme.  It is
> only because Refco couldn't pay them off that Plaintiffs would have a cause of
> action under the Refco fraud theory.  And RCM was unable to pay them because
> it was stripped and made insolvent by the Refco fraud.

*Id*. at 19.

In short, the Refco fraud claims asserted by Plaintiffs are, in fact, the claims of Refco and

RCM in the first instance.[2]  That is why the Special Master recommended that the ultimate fate

---

[2] Indeed, the SPhinX Plaintiffs' allegations were taken, virtually verbatim, from the complaint
filed by the Refco Litigation Trust against these same Defendants.  *Compare*, *e.g.*, Compl. in
*Kirschner v. Grant Thornton LLP, et al.*, dated August 21, 2007, ¶¶ 7, 9, 95, 395, *with* Krys Am.
Compl. ¶¶ 12, 64-66.  Counsel for the SPhinX Plaintiffs acknowledges that with respect to the
Refco fraud allegations found in the SPhinX Plaintiffs' complaint, he "borrowed" liberally from
the Litigation Trust's complaint.  Nov. 18, 2009 Arg. Tr. at 119.

of these claims should turn on the outcome of the appeal in *Kirschner*, which concerned whether the very same claims could be asserted by Refco's Litigation Trustee.  Standing R&R at 26-27.

The Court's recent ruling on the claims against BAWAG and the EMF Defendants underscores this conclusion.  *See* Order dated May 3, 2011.  Noting that those defendants "had reached a settlement with [the] Refco Trustee" and hence with the estate of Refco and RCM, Judge Rakoff recently adopted the Special Master's Report & Recommendation holding that the Refco fraud claims asserted against those defendants in this case were barred as a matter of law. *Id*.  That outcome rests on the fact that these Plaintiffs' Refco fraud claims are the very same claims as the ones that Refco and RCM released in the Trustee's settlement.

Plaintiffs argued unsuccessfully before the Special Master that their claims are *not* derivative and that they do "'*not* seek to recover damages resulting from any generalized harm suffered by all Refco's creditors.'"  Standing R&R at 19 (quoting Plaintiffs' brief; emphasis in original).  They explained that they were injured uniquely by "'the wrongful transfer of SPhinX cash to RCM,'" at which point the "'cash was lost'" by virtue of the "'segregation protections [being] removed,'" so that the cash became "'immediately available to Refco for its own corporate purposes.'"  *Id*.  But that argument merely confirms that Plaintiffs assert claims and seek to recover based on the so-called *SPhinX fraud*—that is, the "wrongful transfer of SPhinX cash" from Refco LLC to RCM—which had nothing to do with most of these Defendants.  As the Special Master explained, "the argument cannot shift from one theory to another to avoid a finding that, as to one of the theories, the Plaintiffs' claims are no different from any other creditor."  *Id*. at 21.

Based on this analysis of Plaintiffs' allegations and arguments, the Special Master concluded (and the Court agreed) that Plaintiffs had standing to proceed with claims in this case

based on the "SPhinX fraud" but not the "Refco fraud."  *Id.* at 27; *see* Order dated March 31,

2010 (adopting Standing R&R).  Still, the Special Master held out the "possibility" that it might

be appropriate, as a matter of equity, to allow these Plaintiffs to pursue the Refco fraud claims

derivatively if the Litigation Trustee could not.  Standing R&R at 24-26 (discussing this

"interesting possibility" based on comments by Judge Preska in *Jackson National Life Insurance*

*v. Ligator*, 949 F. Supp. 200, 205-06 (S.D.N.Y. 1996)).

      In reaching its decision in the Trustee's case, however, the New York Court of Appeals

closed the door on that possibility.  It is now beyond dispute that the wrongdoing of Refco's

officers and directors is imputed to Refco and, whatever the applicable rule of derivative

standing, bars the claims of RCM and the other Refco entities under the separate doctrine of *in*

*pari delicto.*  15 N.Y.3d at 477; *Kirschner v. KPMG LLP*, 626 F.3d 673 (2d Cir. 2010) (affirming

dismissal based on answers to certified questions).  Further, as discussed above, the Court of

Appeals made clear that the defense of *in pari delicto* bars a wrongdoing corporation's claims

whether those claims are asserted by the company itself, a Litigation Trustee, or derivatively by a

supposedly innocent stakeholder.  15 N.Y.3d at 462-63.[3]  In light of that defense, the Refco fraud

claims asserted in this case should not be allowed to proceed.

**II.**    ***Kirschner* answers the critical equitable question left open by the dismissal "without prejudice."**

      The Court of Appeals' decision in *Kirschner* also answers the question that the dismissal

"without prejudice" left for another day—namely, whether the Refco fraud claims should later be

revived because there is something inequitable about leaving these Plaintiffs without the ability

---

[3]  *Accord, e.g.*, *In re Salomon Inc. S'holders' Deriv. Litig.*, No. 91-5500, 1994 WL 533595, at *4
(S.D.N.Y. Sept. 30, 1994); *In re Mediators*, 190 B.R. 515, 526-27 (S.D.N.Y. 1995) (if insider
wrongdoing would bar a corporation's claim, it also bars a claim by a committee of innocent
creditors), *aff'd*, 105 F.3d 822 (2d Cir. 1997).

to recover from third-party defendants.  Under the Standing R&R, "[i]f it is determined that the Refco Trustee cannot bring the claims for the Estate, the equities of allowing SMFF and PlusFunds to bring the derivative claims based on the "Refco fraud" can be assessed at that time."  Standing R&R at 26.  The concern underlying this conclusion was that it might be inequitable to leave these Plaintiffs without any way to recover losses they suffered when, because of the Refco fraud, RCM was unable to return their funds.  *Id*. at 25-26.

The New York Court of Appeals considered that very issue in *Kirschner* and held that even when the estate itself is barred from asserting its claims, there is no inequity in leaving innocent creditors without the ability to press the same claims derivatively.  The question here, as in *Kirschner*, arises in the context of a fraud committed by corporate insiders on the corporation's behalf.  In such a case, the corporation's estate (and, hence, the creditors) may recover from the corrupt insiders who masterminded the fraud, who have no *in pari delicto* defense.[4]  But the defense of *in pari delicto* bars the estate (and the creditors) from recovering from third parties who allegedly aided in the insiders' wrongdoing.  15 N.Y.3d at 475-76.  As the Special Master has since observed, the New York Court of Appeals in *Kirschner* made "quite clear" that it is "comfortable with that outcome," in part because there is "no reason to choose the corporation's innocent stakeholders over the innocent stakeholders of third parties."  Report & Recommendation dated December 6, 2010 ("IPD R&R"), at 13 (referring to *Kirschner*, 15 N.Y.3d at 475).  Indeed, that outcome is a necessary result of the long-established doctrine of *in*

---

[4] *See, e.g.*, *AIG, Inc. v. Greenberg*, 976 A.2d 872, 889-90 (Del. Ch. 2009) (*in pari delicto* does not bar a suit by a corporation or its representatives against its own officers or employees); *In re Granite Partners, L.P.*, 194 B.R. 318, 332 (Bankr. S.D.N.Y. 1996) ("*In pari delicto* bars claims against third parties, but does not apply to corporate insiders or partners.").

6

*pari delicto*, which operates as a complete defense to claims brought by, or on behalf of, a wrongdoing corporation.  *See id.*

According to the Court of Appeals, to allow a corporation's innocent stakeholders to pursue the corporation's claims despite the corporation's own wrongdoing would create "a double standard whereby the innocent stakeholders of the corporation's outside professionals are held responsible for the sins of their errant agents while the innocent stakeholders of the corporation itself are not charged with knowledge of their wrongdoing agents."  *Kirschner*, 15 N.Y.3d at 475.  That result has no support in equity—and, more importantly, no support under controlling New York law as articulated by the highest court in the State.  As the Court of Appeals observed, "[t]he owners and creditors of [the defendant professional service providers] may be said to be at least as 'innocent' as Refco's unsecured creditors and AIG's stockholders."  *Id*. at 476.  And "[t]he costs of litigation and any settlements or judgments would have to be borne, in the first instance, by the defendants' blameless stakeholders; in the second instance, by the public."  *Id*. at 475-76.

The Court of Appeals also rejected the argument that creditor suits should be allowed notwithstanding *in pari delicto* as a means of deterring third-party professionals from aiding and abetting corporate fraud.  As the Court observed, "outside professionals—underwriters, law firms and especially accounting firms—already are at risk for large settlements and judgments in the litigation that inevitably follows the collapse of an Enron, or a Worldcom or a Refco or an AIG-type scandal.  Indeed, in the Refco securities fraud litigation, the IPO's underwriters, including the three underwriter defendants in this action, have agreed to settlements totaling $53 million (www.refcosecuritieslitigation.com)."  *Id*. at 476.  In fact, most of the professional firms that remain among the Defendants in this case—including not only the underwriters but Refco's

outside counsel Mayer Brown LLP, its outside auditor Grant Thornton LLP, and its principal

equity investor TH Lee—have paid significant settlements in one or more of the lawsuits that

followed Refco's collapse.  As the Court of Appeals held, allowing these Plaintiffs to pursue

claims on Refco and RCM's behalf is unnecessary to ensure deterrence in future cases.

Even aside from these considerations, SPhinX and PlusFunds were always in a

"somewhat weaker" position than other creditors might be in respect to the equities.  Standing

R&R at 26.  As the Special Master previously observed:

> First, SMFF and PlusFunds, assuming their allegations are true, are not without a
> remedy in this case.  They have standing to bring all the claims arising from the
> SPhinX fraud.  The inclusion of the Refco fraud theory brings these Plaintiffs
> nothing in terms of additional damages.  It only brings them additional
> defendants.  Second, SPhinX has already had its claims related to the Refco
> bankruptcy resolved, in a sense.  In the Preference Settlement, SPhinX released its
> claims against the Refco Estate and, in exchange, retained approximately $50
> million of the alleged preferential payment of $313 million.  So, while creditors
> without any remedy other than reliance on the Refco fraud might have an
> argument that equity is in their favor, SMFF and PlusFunds are in a somewhat
> weaker position to make that argument.

*Id*. at 26.  When these factors are taken into account, it is unclear whether SPhinX and PlusFunds

could *ever* have claimed to have equity on their side.  But in light of *Kirschner*, any doubt about

the equities has been put to rest, as a matter of New York law.

Defendants do not concede that considerations of equity could ever enable a plaintiff to

bring a claim that he would not otherwise have standing to assert.  Standing is both a

constitutional and prudential requirement, rooted not merely in concerns about the threat of

double recovery but also in the fundamental requirement that a plaintiff plead an injury that is

"fairly traceable" to the defendant's alleged misconduct.  *See generally Ziemba v. Rell*, 409 F.3d

553, 555 (2d Cir. 2005).  Thus, a derivative claim is barred as a matter of law for lack of standing

even where the corporation itself does not or cannot sue.  *See ABF Capital Mgt. v. Askin Capital

Mgmt.*, 957 F. Supp. 1308, 1332-33 (S.D.N.Y. 1997) (citing *Primavera Familienstiftung v.*

*Askin,* No. 95 Civ. 8905, 1996 WL 494904 (S.D.N.Y. Aug. 30, 1996)); *cf. Buechner v. Avery,*

836 N.Y.S.2d 1, 2-3 (1st Dep't 2007) (affirming dismissal of shareholder claims as derivative,

while at the same time affirming dismissal of bankruptcy trustee's claim under *in pari delicto*).

To the extent that equity plays a role, however, the Court of Appeals' reasoning and

holding in *Kirschner* make clear that there is nothing inequitable about applying long-standing

principles of *in pari delicto* and standing to dismiss a derivative claim.  In fact, to allow Plaintiffs

here to assert their derivative Refco fraud claims would be an end-run around *Kirschner* itself.

Thus, Defendants urge the Special Master to recommend dismissal of the Refco fraud claims

with prejudice.

Dated:  May 13, 2011  
      New York, New York

*Of Counsel:*

Margaret Maxwell Zagel  
Kenneth Cunningham  
Tracy W. Berry  
GRANT THORNTON LLP  
175 West Jackson, 20th Floor  
Chicago, Illinois 60604  
Ph: 312-856-0001  
Fax: 312-565-3473

Respectfully submitted,

WINSTON & STRAWN LLP

By:   /s/ Linda T. Coberly             
      Linda T. Coberly

Beth A. Tagliamonti  
(btagliamonti@winston.com)  
WINSTON & STRAWN LLP  
200 Park Avenue  
New York, New York 10166  
Ph: 212-294-6700  
Fax: 212-294-4700

Bruce Braun (bbraun@winston.com)  
Catherine W. Joyce (cjoyce@winston.com)  
Linda T. Coberly (lcoberly@winston.com)  
WINSTON & STRAWN LLP  
35 W. Wacker Drive  
Chicago, Illinois 60601  
Ph: 312-558-5600  
Fax: 312-558-5700

*Attorneys for Defendants*  
*Grant Thornton LLP and Mark Ramler*

9

Dated:  May 13, 2011                    WILMER CUTLER PICKERING
          New York, New York              HALE AND DORR LLP

                                    By:  /s/ Philip D. Anker
                                       Philip D. Anker
                                       (philip.anker@wilmerhale.com)
                                       Jeremy S. Winer
                                       Ross E. Firsenbaum

                                       399 Park Avenue
                                     New York, New York 10022
                                     Tel: (212) 230-8800
                                     Fax: (212) 230-8888

                                     *Attorneys for Defendants Banc of America*
                                     *Securities LLC, Credit Suisse Securities*
                                     *(USA) LLC, and JPMorgan Chase & Co.*


Dated:  May 13, 2011                    WILLIAMS & CONNOLLY LLP
          Washington, D.C.

                                    By:  /s/ Craig D. Singer
                                     John K. Villa
                                     George A. Borden
                                     Craig D. Singer
                                     (csinger@wc.com)

                                     725 Twelfth Street, NW
                                     Washington, DC 20005
                                     Tel.: (202) 434-5000

                                     *Attorneys for Defendants Mayer Brown*
                                     *LLP and Edward S. Best*

Dated:  May 13, 2011          KING AND SPALDING LLP
        New York, New York


                         By:  /s/ James J. Capra Jr.
                             James J. Capra Jr.
                             (jcapra@kslaw.com)
                             James P. Cusick

                             1185 Avenue of the Americas
                             New York, New York 10036
                             Tel: (212) 556-2100
                             Fax: (212) 556-2222

                             *Attorneys for Defendants*
                             *PricewaterhouseCoopers LLP*
                             *and Mari Ferris*


Dated:  May 13, 2011          COOLEY GODWARD KRONISH LLP
        New York, New York

                         By:  /s/ William J. Schwartz
                             William J. Schwartz
                             (wschwartz@cooley.com)
                             Jonathan P. Bach
                             Reed A. Smith
                             Daniel M. Hibshoosh
                             Kathleen E. Cassidy

                             1114 Avenue of the Americas
                             New York, NY 10036-7798
                             Tel.: (212) 479-6000

                             *Attorneys for Defendant Joseph P. Collins*


Dated:  May 13, 2011          CLAYMAN & ROSENBERG
        New York, New York

                         By:  /s/ Charles E. Clayman
                             Charles E. Clayman
                             (clayman@clayro.com)

                             305 Madison Avenue, Suite 1301
                             New York, NY 10165
                             Tel.: (212) 922-1080

                             *Attorneys for Defendant Paul Koury*

Dated:  May 13, 2011                          DAVIS POLK & WARDWELL LLP
       New York, New York

                                           By:  /s/ Robert F. Wise, Jr.
                                               Robert F. Wise, Jr.
                                               (Robert.wise@davispolk.com)

                                               450 Lexington Avenue
                                             New York, NY 10017
                                           Tel.: (212) 450-4000

                                         *Attorneys for Defendants Ingram Micro*
                                         *Inc. and CIM Ventures Inc.*

Dated:  May 13, 2011                          MARINO, TORTORELLA & BOYLE, P.C.
       Chatham, New Jersey

                                         By:  /s/ John D. Tortorella
                                             John D. Tortorella
                                         (jtortorella@khmarino.com)

                                           437 Southern Boulevard
                                         Chatham, New Jersey 07928-1488
                                         Tel.: (973) 824-9300

                                         *Attorneys for Defendants Liberty Corner*
                                         *Capital Strategies, LLC and William T.*
                                         *Pigott*

Dated:  May 13, 2011                          LINKLATERS LLP
       New York, New York

                                         By:  /s/ James R. Warnot, Jr.
                                             James R. Warnot, Jr.
                                         (james.warnot@linklaters.com)

                                         1345 Avenue of the Americas
                                         New York, NY 10105
                                         Tel.: (212) 903-9000

                                         *Attorneys for Defendants Deutsche Bank*
                                         *Securities Inc., Deutsche Bank Trust*
                                         *Company Americas, and Deutsche Bank*
                                         *AG*