IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: REFCO INC. SECURITIES LITIGATION | 05 Civ. 8626 (JSR) <br><br> 07 MDL 1902 (JSR) |

**MEMORANDUM IN SUPPORT OF MOTION FOR AN ORDER MODIFYING THE REFCO SECURITIES CLASS ACTION NET SETTLEMENT FUND DISTRIBUTION PLAN TO PROVIDE FOR THE DISTRIBUTION TO THE PRIVATE ACTIONS TRUST OF CERTAIN SETTLEMENT PROCEEDS ASSIGNED TO THE PRIVATE ACTIONS TRUST BY SECURITIES ACTION CLASS MEMBERS**

Marc S. Kirschner, as Trustee of the Refco Private Actions Trust (the "PAT"), respectfully submits this Memorandum in Support of the Motion for An Order Modifying the Refco Securities Class Action Net Settlement Fund Distribution Plan To Provide For Distribution to the Refco Private Actions Trust of Certain Settlement Proceeds Assigned To the Private Actions Trust By Securities Action Class Members (the "Motion").

**PRELIMINARY STATEMENT**

Pursuant to the Court's May 2, 2011 order approving the distribution plan for the net settlement funds recovered in the Refco Securities Action (the "Distribution Order"), distribution of the securities class action settlement funds is currently being made. A small portion (approximately 1%-2%) of the funds to be distributed were assigned to the PAT by approximately 150 Class Members in late January, 2007 (the "Assigning Class Members").[1] So as to ensure the efficient and expedient distribution of the Class Action Settlement proceeds, the

---

[1] The PAT administrator and Garden City Group, Inc., the Court-approved Refco Securities Class Action claims administrator, with the assistance of counsel, are in the process of reviewing the list of the Assigning Class Members and the distributions at issue and expect to conclude that process no later than Monday June 6, 2011, if not earlier.

1

PAT respectfully seeks (i) the deferral of the distributions of net settlements proceeds to Class Members who executed PAT election forms assigning settlement proceeds to the PAT; and (ii) distribution of these amounts to the PAT following a 30 day notice period to allow for the resolution of any objections to such distribution.[2]

## BACKGROUND: THE PAT ELECTION

In connection with the confirmation of the Refco bankruptcy plan in December 2006, the Bankruptcy Court approved the formation of the Refco Private Actions Trust (the "PAT"). Among other things, the PAT permitted individuals and entities that purchased or sold shares of Refco common stock to elect to receive distributions from the PAT and, therein (pursuant to the terms of the Refco Modified Joint Chapter 11 Plan), from the Refco Litigation Trust.[3] An express condition of the election to become a PAT beneficiary was the irrevocable assignment of "any allocable share of any proceeds of claims for violation of securities laws arising under and pursuant to Section 10(b) and 20(a) of the Securities and Exchange Act of 1934" that had been asserted in, among other actions, the class action captioned *In re Refco Inc. Securities Litigation*, Case No. 05 Civ. 8626 (JSR) (the "Securities Class Action").  *See* Exhibit B (PAT Election Form) to Rand Declaration at 1-2.[4]  Accordingly, each individual or entity that purchased or sold

---

[2] The Distribution Order (docket number 793) provides that the Court "retains jurisdiction to consider any further applications concerning the administration of the Settlements, and such other and further relief as this Court deems appropriate." *Id.* at 5.

[3] The Refco Private Actions Trust Agreement, which sets forth the structure of and provisions governing the PAT, is attached as Exhibit A to the Declaration of Sascha N. Rand (the "Rand Declaration").

[4] As the PAT election form includes sensitive information, such as taxpayer identification information, the signature section of the representative election form has been redacted.  At the Court's request, counsel for the PAT will, of course, provide the Court with a representative sample, or all, of the relevant PAT election forms.

Refco Inc. shares and elected to join the PAT completed and executed a PAT election form in late January, 2007 that provided, *inter alia*, that:

- "**IF YOU MAKE THE PRIVATE ACTIONS TRUST ELECTION, YOU WILL BE CONTRIBUTING YOUR NON-ESTATE REFCO CLAIMS AND ASSIGNING YOUR ALLOCABLE SHARE OF ANY PROCEEDS OF CLASS ACTION CLAIMS TO THE PRIVATE ACTIONS TRUST**" (emphasis original).  *Id.* at 2 of 9.

- "**ANY HOLDER OF OLD EQUITY INTERESTS WHO DOES NOT WISH TO PARTICIPATE IN THE [PAT] . . . WILL RECEIVE NO DISTRIBUTION UNDER THE PLAN, BUT WILL RETAIN THE RIGHT TO PURSUE NON-ESTATE REFCO CLAIMS AND CLASS ACTION CLAIMS. . . . DO NOT MAKE THE [PAT] ELECTION IF YOU WISH TO RETAIN YOUR NON-ESTATE REFCO CLAIMS AND YOUR ALLOCABLE SHARE OF PROCEEDS OF CLASS ACTION CLAIMS**."  (emphasis original).  *Id.* at 5 of 9.

- "By returning this Private Actions Trust Election Form, I . . . certify that (i) I have full power and authority to make this Private Actions Trust Election . . . I hereby assign and contribute . . . the proceeds of any Class Action Claims, to the Private Actions Trust." *Id.* at 6 of 9.

- "I . . . certify that I have considered carefully and have consulted with such legal, business, financial and tax consultants as I considered necessary before deciding on whether or not to make the Private Actions Trust Election (or have chosen to forego such consultation) and that I understand that if I make the Private Actions Trust Election that I cannot withdraw or revoke my Election and that I cannot further trade my [Refco, Inc. shares]." *Id.* at 7 of 9.

- "[S]uch transfer and assignment shall include Grantor's allocable shares of any proceeds of Class Action Claims. . . . To the extent Grantor receives any proceeds of any of the foregoing, Grantor shall be deemed to hold such proceeds in trust on behalf of the Private Actions Trustee." *Id.* at 8 of 9.

### RELIEF REQUESTED

It is counsel for the PAT's understanding that the approximately 150 Assigning Class Members are to receive approximately $3 million in settlement proceeds.[5]  As set forth above, any proceeds from the Refco Securities Class Action that are subject to validly executed PAT

---

[5] It is also counsel for the PAT's understanding that this distribution amount (i.e. $3 million) accounts for roughly 1% to 2% of the net settlement proceeds being distributed to Class Members in the Refco Securities Class Action.

3

election forms have been irrevocably assigned to the PAT and can only be held "in trust" for the PAT by the Assigning Class Members.  *See* Ex. B to Rand Declaration at 8-9 of 9.[6]

To allow funds subject to executed PAT election forms to be distributed directly to the Assigning Class Members will result in additional delay and expense and potentially require the PAT to commence numerous turnover actions against individual Assigning Class Members. Directing payment of the Assigning Class Members' distributions to the PAT (following a 30 day notice period to allow for the submission of any objections to such distribution) will avoid these unnecessary additional burdens and inefficiencies and promote judicial efficiency by avoiding any potential turnover actions.

Attached as Exhibit C to the Rand Declaration is a proposed form of Notice.  Upon the Court's approval of the Notice and review of the list of Assigning Class Members by the Garden City Group, Inc., the Court-approved Refco Securities Class Action claims administrator, and the PAT Administrator, the PAT will prepare and cause the Notices to be mailed to the Assigning Class Members.  It is currently expected that the Notices can be mailed no later than Wednesday June 8, 2011 and will advise the Court if there is any delay.  At the request of Lead Counsel for the Securities Action, the proposed Order accompanying this motion includes language to the effect that any disputes arising after transfer of funds to the PAT will be resolved between the claimant and the Trustee.  The Trustee takes no position with regard to the inclusion of this language.

---

[6] As the proceeds subject to the PAT election forms relate to recoveries stemming from individual Class Members' securities law claims based on their purchase and sale of Refco common stock, and do not include proceeds recovered from BAWAG, proceeds recovered by the securities class members based on their purchase and sale of Refco bonds or proceeds recovered from victim restitution funds established by the Government, it is counsel for the PAT's understanding that the Assigning Class Members will still receive some portion of their allocable share of net settlement proceeds distributed in the Refco Securities Class Action.

**CONCLUSION**

For the reasons set forth above and as set forth in the accompanying proposed order, the PAT Trustee respectfully requests that the payment of Assigning Class Members' distributions be deferred and, barring objection, be paid directly to the PAT at the end of the 30 day notice period. The PAT Trustee further respectfully requests that should an objection be filed by any Assigning Class Member, only payment of that specific Assigning Class Member's distribution be deferred past the 30 day notice period pending the Court's consideration of the Assigning Class Member's objection.

DATED:   May 31, 2011

          **QUINN EMANUEL URQUHART &**
           **SULLIVAN LLP**


          By: /s/ Richard I. Werder, Jr.
           Richard I. Werder, Jr.
           Sascha N. Rand
            rickwerder@quinnemanuel.com
            sascharand@quinnemanuel.com

          51 Madison Avenue, 22nd Floor
          New York, New York  10010-1601
          (212) 849-7000

          *Attorneys for Plaintiff Marc S. Kirschner, as*
           *Trustee of the Refco Private Actions Trust*