**THE DEADLINE FOR YOUR NOMINEE TO MAKE THE PRIVATE ACTIONS TRUST ELECTION IS 5:00 P.M. (EASTERN TIME) ON JANUARY 30, 2007**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:                                             :      Chapter 11

Refco Inc., et al.,                                :      Case No. 05-60006 (RDD)

                              Debtors.             :      (Jointly Administered)

- - - - - - - - - - - - - - - - - - - - - - - - - - x

---

**Private Actions Trust Election for
Holders of Old Common Stock of Refco Inc.**

---

Refco Inc. ("Refco") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),[1] along with Marc S. Kirschner, the Chapter 11 Trustee of the Estate of Refco Capital Markets, Ltd. ("RCM"), the Official Committee of Unsecured Creditors of Refco Inc., et al., and the Additional Committee of Unsecured Creditors of Refco Inc., et al., are offering the holders of the common stock of Refco Inc. outstanding immediately prior to the Petition Date, including treasury stock and all options, warrants, calls, rights, participation rights, puts, awards, commitments, or any other agreements of any character to acquire such common stock (collectively, the "Old Equity Interests") an opportunity to receive a distribution of certain trust interests pursuant to the terms of the Modified Joint Chapter 11 Plan Of Refco Inc. And Certain Of Its Direct And Indirect Subsidiaries (as may be amended, supplemented or otherwise modified, the "Plan").[2]

---

[1] The following entities are Debtors in these chapter 11 cases: Bersec International LLC; Kroeck & Associates, LLC; Lind-Waldock Securities LLC; Marshall Metals, LLC; New Refco Group Ltd., LLC; Refco Administration, LLC; Refco Capital Holdings, LLC; Refco Capital LLC; Refco Capital Management, LLC; Refco Capital Trading LLC; Refco Commodity Management, Inc.; Refco Finance Inc.; Refco Financial, LLC; Refco Fixed Assets Management, LLC; Refco F/X Associates, LLC; Refco Global Capital Management LLC; Refco Global Finance Limited; Refco Global Futures, LLC; Refco Global Holdings, LLC; Refco Group Ltd., LLC; Refco Inc.; Refco Information Services, LLC; Refco Managed Futures, LLC; Refco Mortgage Securities, LLC; Refco Regulated Companies, LLC; Summit Management, LLC; and Westminster-Refco Management LLC. Refco Capital Markets, Ltd. is a debtor in these chapter 11 cases, but not a debtor-in-possession.

[2] Unless defined herein, capitalized terms used herein shall have the meanings ascribed to such terms in the Plan.

**Old Common Stock**

The Plan provides that holders of Allowed Old Equity Interests that elect (the "Private Actions Trust Election") (i) to contribute their Non-Estate Refco Claims (as defined below) to the trust established on the Effective Date pursuant to section 5.8 of the Plan to hold such Non-Estate Refco Claims (the "Private Actions Trust") and (ii) to assign (or cause to be assigned) their allocable share of any proceeds of Class Action Claims (as defined below) to the Private Actions Trust will receive (a) their Pro Rata share of the Tranche B Litigation Trust Interests (as defined below) and (b) an equivalent number of interests in the Private Actions Trust. Attached is the Private Actions Trust Election form for holders of Old Equity Interests. The distributions that will be received by holders of Allowed Old Equity Interests who make the Private Actions Trust Election are derived from the recoveries generated by the Litigation Trust and the Private Actions Trust, each as summarized below and discussed more fully in the Plan.

"Non-Estate Refco Claims" are defined in Section 1.126 of the Plan to mean non-estate causes of action arising from any matter involving any Refco Entity and the Old Equity Interests held or previously held by holders thereof making the Private Actions Trust Election, including, without limitation, causes of action against: (i) all current and former officers, directors or employees of the Refco Entities; (ii) all persons or entities that conducted transactions with the Refco Entities; and (iii) all persons or entities that provided services to the Refco Entities, including, without limitation, all attorneys, accountants, financial advisors and parties providing services to the Refco Entities in connection with the public issuance of debt or equity, including, without limitation, all underwriters; *provided, however*, Non-Estate Refco Claims shall exclude (i) contract claims against third parties and (ii) Class Action Claims (although making the Private Actions Trust Election will cause your allocable share of proceeds from such Class Action Claims to be assigned to the Private Actions Trust).

IF YOU MAKE THE PRIVATE ACTIONS TRUST ELECTION, YOU WILL BE CONTRIBUTING YOUR NON-ESTATE REFCO CLAIMS AND ASSIGNING YOUR ALLOCABLE SHARE OF ANY PROCEEDS OF CLASS ACTION CLAIMS TO THE PRIVATE ACTIONS TRUST.

"Class Actions Claims" are defined in Section 1.41 of the Plan to mean (i) claims for violation of securities laws arising under and pursuant to Section 10(b) and 20(a) of the Securities Exchange Act of 1934 that currently are being asserted in the class action styled *In re Refco Capital Markets, Ltd. Brokerage Customer Securities Litigation*, 06-Civ. 643 (GEL) (S.D.N.Y.), (ii) claims asserted in the securities class action entitled *In re Refco Inc. Securities Litigation*, Case No. 05 Civ. 8626 (GEL) (S.D.N.Y.), and (iii) other claims currently being asserted in certified class actions relating to the Debtors and RCM, if any. Notwithstanding the foregoing, the transfer of (i) Non-Estate Refco Claims or (ii) the proceeds of any Class Action Claims by any of the plaintiffs in the securities class action styled *In re Refco Inc. Securities Litigation*, Case No. 05 Civ. 8626 (GEL) (S.D.N.Y.) (the "Securities Litigation") shall not include the transfer of any recovery received by such plaintiffs in any pending action against BAWAG.

"Tranche B Litigation Trust Interests" are defined in Section 1.227 of the Plan to mean interests in the Litigation Trust consisting of 3% of the first $500 million of total proceeds from the Litigation Trust and the Private Actions Trust (net of certain costs as

set forth in the Plan, the "Combined Recoveries"), 7.5% of the Combined Recoveries greater than $500 million and 15% of the Combined Recoveries greater than $1 billion.

The following briefly describes the Debtors' chapter 11 cases and the applicable Plan provisions giving rise to the Private Actions Trust Election and the distributions associated with such election. For further details concerning the Debtors' chapter 11 cases and the Private Actions Trust Election, please refer to the provisions of the Plan referenced herein.

### The Chapter 11 Cases

On October 17, 2005 (the "Petition Date") and thereafter, each of the Debtors filed a voluntary petition in the United States Bankruptcy Court for the Southern District of New York for reorganization relief under chapter 11 of the Bankruptcy Code.

On September 14, 2006, the Debtors filed the Plan and the Disclosure Statement With Respect To Chapter 11 Plan Of Refco Inc. And Certain Of Its Direct And Indirect Subsidiaries (as amended, the "Disclosure Statement"). On October 20, 2006, the Court entered an order approving the Disclosure Statement.

### Litigation Trust

Section 5.7 of the Plan provides for the establishment of a trust (the "Litigation Trust") on the Effective Date for the purpose of pursuing any and all Litigation Claims (as defined in section 1.112 of the Plan) of the Debtors, RCM or their Estates (including claims being pursued by the Committees on behalf of the Debtors), which will be contributed (i) by the Debtors, RCM and their Estates and (ii) by Holders of RCM Related Claims, to the extent of any election or deemed election to exchange and subordinate such Claims in accordance with section 6.6(c) of the Plan (all such Claims collectively, the "Contributed Claims").

As provided by Plan section 5.7(c), the Litigation Trust will be structured in a manner that provides for a Tranche A and a Tranche B. All Contributed Claims Recoveries, whether applicable to Tranche A or Tranche B, will be distributed Pro Rata according to the beneficial interests in Tranche A and Tranche B.

### Tranche A Litigation Trust Interests

Section 5.7(c)(i) of the Plan provides that the Beneficiaries of Tranche A Litigation Trust Interests will be the RCM Estate, Holders of Allowed Contributing Debtors General Unsecured Claims and Holders of Allowed FXA General Unsecured Claims and such Beneficiaries shall share the Tranche A Litigation Trust Interests Pro Rata based on (x) in the case of the RCM Estate, the aggregate amount of Allowed RCM Implied Deficiency Claims and the Allowed RCM FX/Unsecured Claims, and (y) in the case of Holders of Contributing Debtors General Unsecured Claims and the Holders of FXA General Unsecured Claims, the amount of each such Holder's Allowed Claim.

### Tranche B Litigation Trust Interests

As provided by section 5.25 of the Plan, the Tranche A Litigation Trust Interests Beneficiaries will be deemed to have transferred to each Holder of an Allowed Class 8 Old Equity Interest who has made a Private Actions Trust Election a Pro Rata share of the Tranche B Litigation Trust Interests. Section 5.7(c)(ii) of the Plan specifically provides that such Tranche B Litigation Trust Beneficiaries will share the Tranche B Litigation Trust Interests Pro Rata based on the number of shares held by the Holders of such Interests or the number of shares previously held to the extent that the Holder has asserted a Claim related to such shares.

### Private Actions Trust

As further detailed in section 5.8 of the Plan, on the Effective Date the Private Actions Trust will be established on the terms set forth in the Private Actions Trust Agreement attached as Exhibit G to the Plan. The Private Actions Trust will hold certain claims and causes of action against third parties owned by Holders of Claims or Interests against RCM or the Debtors and which claims, even after contribution, are not assets of the Estates. Beneficiaries of the Private Actions Trust will be Holders of Contributing Debtors General Unsecured Claims, FXA General Unsecured Claims, RCM Securities Customer Claims, RCM FX/Unsecured Claims and those Old Equity Interests that make the Private Actions Trust Election, who shall be given interests in the Private Actions Trust to the same extent as in the Litigation Trust.

Furthermore, to the extent that any Non-Estate Refco Claims cannot be transferred to the Private Actions Trust because of a restriction on transferability under applicable non-bankruptcy law that is not superseded or preempted by section 1123 of the Bankruptcy Code or any other provision of the Bankruptcy Code, such Non-Estate Refco Claims will be deemed to have been retained by the grantor, as applicable, and the Private Actions Trustee shall be deemed to have been designated as a representative of such grantor to enforce and pursue such Non-Estate Refco Claims on behalf of such grantor. Notwithstanding the foregoing, all net proceeds of such Non-Estate Refco Claims will be transferred to the Private Actions Trust Beneficiaries consistent with the other provisions of the Plan and the Private Actions Trust Agreement.

PLEASE COMPLETE THIS PRIVATE ACTIONS TRUST ELECTION FORM AND OTHERWISE FOLLOW THE DIRECTIONS OF YOUR BANK, BROKERAGE FIRM OR OTHER NOMINEE (THE "NOMINEE") IF YOU WISH TO TRANSFER YOUR NON-ESTATE REFCO CLAIMS AND YOUR ALLOCABLE SHARE OF ANY PROCEEDS OF CLASS ACTION CLAIMS TO THE PRIVATE ACTIONS TRUST IN EXCHANGE FOR (i) A PRO RATA SHARE OF TRANCHE B LITIGATION TRUST INTERESTS AND (ii) AN EQUIVALENT NUMBER OF INTERESTS IN THE PRIVATE ACTIONS TRUST.

THIS EXECUTED FORM MUST BE PROVIDED BY YOUR NOMINEE TO FINANCIAL BALLOTING GROUP IN ORDER FOR YOUR ELECTION TO BE EFFECTIVE. FINANCIAL BALLOTING GROUP WILL NOT ACCEPT FORMS BY FACSIMILE TRANSMISSION OR OTHER ELECTRONIC MEANS.

**ANY HOLDER OF OLD EQUITY INTERESTS WHO DOES NOT WISH TO PARTICIPATE IN THE PRIVATE ACTIONS TRUST ELECTION OR OTHERWISE FAILS TO TIMELY AND PROPERLY INSTRUCT ITS NOMINEE WILL RECEIVE NO DISTRIBUTION UNDER THE PLAN, BUT WILL RETAIN THE RIGHT TO PURSUE NON-ESTATE REFCO CLAIMS AND CLASS ACTION CLAIMS. YOUR NOMINEE MUST PROPERLY EFFECT ANY PRIVATE ACTIONS TRUST ELECTION ON YOUR BEHALF.**

**DO NOT MAKE THE PRIVATE ACTIONS TRUST ELECTION IF YOU WISH TO RETAIN YOUR NON-ESTATE REFCO CLAIMS AND YOUR ALLOCABLE SHARE OF PROCEEDS OF CLASS ACTION CLAIMS.**

**HOLDERS WHO HAVE MADE THE PRIVATE ACTIONS TRUST ELECTION WILL HAVE NO GOVERNANCE OR OVERSIGHT RIGHTS WITH RESPECT TO THE PRIVATE ACTIONS TRUST OR THE LITIGATION TRUST.**

The enclosed Plan contains information to assist you in deciding whether to make the Private Actions Trust Election. Your rights are more specifically set forth in the Plan, and in the event of inconsistency between the Plan and the summary provided herein, the Plan shall control. **Please review the Plan carefully before you decide whether or not to make the Private Actions Trust Election.** Information concerning the Private Actions Trust Election is set forth in Sections 5.7, 5.8 and 5.25 of the Plan. You also may wish to seek legal, financial or tax advice prior to deciding whether to make such election.

**Questions.** If you have any questions about the Private Actions Trust Election or if you do not have a copy of the Plan, please contact Financial Balloting Group, 757 Third Avenue, Third Floor, New York, New York 10017, telephone (646) 282-1800.

---

**PRIVATE ACTIONS TRUST ELECTION DEADLINE**

**THE DEADLINE FOR YOUR NOMINEE TO MAKE THE PRIVATE ACTIONS TRUST ELECTION IS 5:00 P.M., EASTERN TIME, ON JANUARY 30, 2007.**

Your Private Actions Trust Election must be sent to the Nominee that sent you this election form sufficiently far enough in advance so that the Nominee can effectuate your Private Actions Trust Election by the deadline of 5:00 p.m. Eastern Time on January 30, 2007. You should follow the directions provided by your Nominee.

If your Private Actions Trust Election is not received by the Nominee that sent you the Private Actions Trust Election in sufficient time for the Nominee to electronically deliver your Old Equity Interests to the account established for that purpose to effectuate your Private Actions Trust Election, by the deadline of 5:00 p.m., Eastern Time, on January 30, 2007, your Private Actions Trust Election will not count and your Private Actions Trust Election will not be effective.

---

**Item 1.**    In accordance with Section 1.148 of the Plan, you may make a Private Actions Trust Election, thereby indicating that you elect to assign and contribute your Non-Estate Refco Claims, and the proceeds of any Class Action Claims, to the Private Actions Trust. If you make a Private Actions Trust Election, you shall receive a distribution pursuant to sections 5.7, 5.8 and 5.25 of the Plan, which distribution shall consist of (i) a Pro Rata share of the Tranche B Litigation Trust Interests and (ii) and an equivalent number of interests in the Private Actions Trust.

Each holder of a Class 8 Old Equity Interest that has not made a Private Actions Trust Election prior to the Private Actions Trust Election Deadline shall not be entitled, nor shall such holder receive or retain, any property or interest in property on account of such Class 8 Old Equity Interest under the Plan.

You should read and consider carefully the matters described in the Plan as a whole, including respecting the Class 8 Old Equity Interests and the Private Actions Trust and consider consulting with your legal, business, financial and tax consultants before deciding whether to make the Private Actions Trust Election.

---

**PRIVATE ACTIONS TRUST ELECTION**
(Check the box only if you wish to make the Private Actions Trust Election)

---

**Item 2.**    **Other Old Equity Interests Held.** You must make your Private Actions Trust Election for all your Old Equity Interests. You may not split your Private Actions Trust Election. By returning this Private Actions Trust Election form, you certify that you have made the same decision respecting the Private Actions Trust Election regarding all of your Class 8 Old Equity Interests in or against the Debtors.

**Item 3.**    **Certification.** By returning this Private Actions Trust Election Form, I:

1.    certify that: (i) I have full power and authority to make this Private Actions Trust Election with respect to my Class 8 Old Equity Interests in or against the Debtors; (ii) I hereby authorize my Nominee to treat this Private Actions Trust Election Form as a direction to electronically deliver my Old Equity Interests to the account established for that purpose; (iii) I hereby authorize my Nominee to provide this executed form to Financial Balloting Group; (iv) I hereby assign and contribute my Non-Estate Refco Claims, and the proceeds of any Class Action Claims, to the Private Actions Trust; (v) I have received and reviewed a copy of the Plan (including exhibits F and G thereto); and (vi) I agree, as a

"grantor," to the terms and conditions of the Refco Old Equity Assignment and Acknowledgement annexed hereto as Exhibit "A."

2.  agree to provide (i) proof of my authority to make this Private Actions Trust Election and (ii) additional information or documentation that may be required to fully effectuate the election, if required or requested by the Nominee, Financial Balloting Group, the Debtors or the Bankruptcy Court; and

3.  certify that I have considered carefully and have consulted with such legal, business, financial and tax consultants as I considered necessary before deciding on whether or not to make the Private Actions Trust Election (or have chosen to forego such consultation) and that I understand that if I make the Private Actions Trust Election that I cannot withdraw or revoke my Election and that I cannot further trade my Old Equity Interests.

Date: _____Redacted_____, 2007

Signature: _____Redacted_____

Name of Holder: _____Redacted_____
(Print or Type)

Social Security
or Federal Tax I.D. No: _____Redacted_____

Name of Person Signing: _____
(if Other than Holder)

Title (if corporation, partnership,
or LLC): _____

Street Address: _____Redacted_____

City, State, Zip Code: _____Redacted_____

Telephone Number: _____

E-Mail: _____

Redacted

Redacted

2007 JAN 30 PM 3:26

## EXHIBIT "A"

## REFCO OLD EQUITY INTEREST ASSIGNMENT AND ACKNOWLEDGEMENT

Reference is made to that certain Refco Non-Estate Private Actions Trust Agreement, dated as of December 26, 2006 (the "Private Actions Trust Agreement"), pursuant to which the Private Actions Trustee[3] agreed to acquire Non-Estate Refco Claims from those holders of claims against and equity interests in Refco Inc. or its Debtor affiliates (collectively, "Refco") that duly made a Private Actions Trust Election, and confirm in writing their agreement to assign such Non-Estate Refco Claims in exchange for interests in the Private Action Trust. Pursuant to this Assignment and Acknowledgement (this "Agreement"), the signatory of this Private Actions Trust Election Form ("Grantor") hereby confirms, as of the Effective Date, as follows:

1.   **Effective Beneficiary.**  As of the date of this Private Actions Trust Election, Grantor is the Holder of an Old Equity Interest. Grantor acknowledges and accepts that interests in the Private Actions Trust shall be distributed to Grantor to the same extent as interests in the Litigation Trust, taking into account the aggregate number of Holders of Allowed Old Equity Interests making the Private Actions Trust Election.

2.   **Incorporation of Private Actions Trust Agreement.**  Grantor has reviewed the Private Actions Trust Agreement, which has been made available on the docket of the Bankruptcy Court and at www.refcodocket.com, and has acknowledged, accepted and agreed to the terms and conditions thereof as if a signatory thereto.

3.   **Assignment and Transfer.**  Except as provided in Section 5.8(b) of the Plan, and in exchange for interests in the Private Actions Trust described in Section 5.8(a) of the Plan and the Private Actions Trust Agreement, Grantor has irrevocably transferred and assigned to the Private Actions Trustee all claims (including "claims" as defined in Bankruptcy Code § 101(5)), suits, causes of action and any other rights of Grantor, whether known or unknown, that are based upon, arise out of or are related to any matter involving any Refco Entity and the Old Equity Interests held or previously held by Grantor, including claims, suits, causes of action and any other rights against (i) all current and former officers, directors or employees of the Refco Entities, (ii) all persons or entities that conducted transactions with the Refco Entities, (iii) all persons or entities that provided services to the Refco Entities, including, without limitation, all attorneys, accountants, financial advisors and parties providing services to the Refco Entities in connection with the public issuance of debt or equity, including, without limitation, all underwriters; *provided, however*, such transfer and assignment shall exclude any contract claims against third parties and Class Action Claims; *provided, further*, such transfer and assignment shall include Grantor's allocable share of any proceeds of Class Action Claims and the right to opt into or out of any settlement of such Class Action Claims. To

---

[3]        Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Modified Joint Chapter 11 Plan of Refco Inc. and Certain of its Direct and Indirect Subsidiaries, dated December 14, 2006, confirmed by order of the Bankruptcy Court entered on December 15, 2006.

the extent Grantor receives any proceeds of any of the foregoing, Grantor shall be deemed to hold such proceeds in trust on behalf of the Private Actions Trustee and shall immediately notify the Private Actions Trustee in writing of the receipt of such proceeds and turn over such proceeds to the Private Actions Trustee. Notwithstanding the foregoing, the transfer of (i) Non-Estate Refco Claims or (ii) the proceeds of any Class Action Claims by any of the plaintiffs in the Securities Litigation shall not include the transfer of any recovery received by such plaintiffs in any pending action against BAWAG.

4.  Notices; Payment Address.  Notices required or permitted to be given to the Grantor by this Agreement or the Private Actions Trust Agreement may be given by (i) hand delivery, (ii) electronic mail or facsimile communication (as evidenced by a confirmed fax transmission report), (iii) registered or certified mail, return receipt requested or (iv) commercial delivery service or courier. Grantor agrees that, until and unless notice of a change of address is provided to the Private Actions Trustee in accordance with the Private Actions Trust Agreement, all notices, payments, requests and other communications shall be sent to the address indicated on the signature page hereof.

5.  GOVERNING LAW.  THIS AGREEMENT SHALL BE CONSTRUED (BOTH AS TO VALIDITY AND PERFORMANCE) AND ENFORCED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK WITHOUT REGARD TO THE PRINCIPLES OF CONFLICTS OF LAWS THEREOF.

6.  Assignability; Benefits.  This Agreement shall be binding upon the Grantor and all of its heirs, successors and permitted assigns.

The signatory of this Private Actions Trust Election Form represents that such Person is authorized to execute this Agreement on behalf of Grantor.