UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                                             :
In re REFCO, INC. Securities Litigation                      :   07 MDL 1902 (JSR)
                                                             :
------------------------------------------------------------ x
This document applies to:                                    :
                                                             :
                                                             :   **Electronically filed**
THOMAS H. LEE EQUITY FUND V, L.P.,                           :
THOMAS H. LEE PARALLEL FUND V, L.P.,                         :
and THOMAS H. LEE EQUITY (CAYMAN)                            :   07 Civ. 8663 (JSR)
FUND V, L.P.,                                                :
                                                             :
         Plaintiffs/Counterclaim-Defendants,                 :
                                                             :
                        v.                                   :
                                                             :
GRANT THORNTON LLP,                                          :
                                                             :
         Defendant/Counterclaim-Plaintiff.                   :
------------------------------------------------------------ x


# MEMORANDUM OF LAW IN SUPPORT OF
# GRANT THORNTON LLP'S MOTION TO QUASH
# RULE 45 SUBPOENAS SERVED ON GRANT THORNTON LLP


WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700

35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600

*Attorneys for Defendant Grant Thornton LLP*

CHI:2537308.5

## TABLE OF CONTENTS

|  | PAGE |
|---|---|
| TABLE OF AUTHORITIES ................................................................................ | ii |
| BACKGROUND ............................................................................................... | 1 |
| ARGUMENT .................................................................................................... | 3 |
| A.  The subpoenas are an improper attempt to reopen discovery ....................... | 4 |
|     1.  The Document Subpoena is simply an untimely Rule 34 Document request ................................................................................ | 4 |
|     2.  The Trial Subpoena parrots the Document Subpoena and must fail as well ................................................................................................ | 5 |
| B.  The subpoenas seek irrelevant information relating to punitive damages ..... | 6 |
| CONCLUSION.................................................................................................. | 9 |

# TABLE OF AUTHORITIES

**CASES**                                         **PAGE**

*Alper v. United States*,
  190 F.R.D. 281 (D. Mass. 2000) .............................................................................. 4

*Arkwright v. Mut. Ins. Co. v. Nat'l. Union Fire Ins. Co.*,
  No. 90 Civ. 7811, 1995 WL 66405 (S.D.N.Y. Feb. 15, 1995) ........................... 3

*Burns v. Bank of America*,
  No. 03 Civ. 1685, 2007 WL 1589437 (S.D.N.Y. Jun. 4, 2007) ......................... 3

  2007 WL 1589437, at *14 ................................................................................ 4

*Campania Mgt. Co. v. Rooks, Pitts & Poust*,
  290 F.3d 843 (7th Cir. 2002) ............................................................................. 5

*China Trust Bank of New York v. Standard Chartered Bank, PLC*,
  981 F. Supp. 282 (S.D.N.Y. 1997) .................................................................... 7

*Dodson v. CBS Broadcasting, Inc.*,
  No. 02 Civ. 9270, 2005 WL 3177723 (S.D.N.Y. Nov. 29, 2005) ...................... 6

*Kingsway Fin. Servs., Inc. v. PricewaterhouseCoopers LLP*,
  No. 03 Civ. 5560, 2008 WL 4452134 (S.D.N.Y. Oct. 2, 2008) ......................... 3

*Lovely Peoples Fashion, Inc. v. Magna Fabrics, Inc.*,
  No. 95 Civ. 8450, 1998 WL 422482 (S.D.N.Y. July 22, 1998) ......................... 7

*McNerney v. Archer Daniels Midland Co.*,
  164 F.R.D. 584 (W.D.N.Y. 1995) ..................................................................... 3

  164 F.R.D. at 588 .............................................................................................. 4

*Mortgage Info. Servs., Inc. v. Kitchens*,
  210 F.R.D. 562 (W.D.N.C. 2002) ..................................................................... 4

  210 F.R.D. at 568 .............................................................................................. 6

*Rent-A-Center, Inc. v. 47 Mamaronek Ave. Corp.*,
  215 F.R.D. 100 (S.D.N.Y. 2003) ...................................................................... 5

*Revander v. Denman*,
  No. 00 Civ. 1810, 2004 WL 97693 (S.D.N.Y. Jan 21, 2004) ........................... 5

  2004 WL 97693, at * 1 ..................................................................................... 6

**RULES**

Federal Rule of Civil Procedure 26 ............................................................................ 4

Federal Rule of Civil Procedure 34 ............................................................................ 4

  Rule 34 .............................................................................................................. 5

Federal Rule of Civil Procedure 45 ............................................................................ 1

| | |
|---|---|
| Rule 45 ................................................................................................................. | 5 |
| Federal Rule of Civil Procedure 45(c) ......................................................................... | 1 |
| Rule 45(c) ............................................................................................................. | 3 |

CHI:2537308.5

The Court's deadline for serving document requests expired in November 2009 – over a year and a half ago. Now, on the eve of trial, TH Lee has served Grant Thornton with nine document requests in the guise of Rule 45 subpoenas. One subpoena is framed as a document subpoena and the other as a trial subpoena, and both make the same nine document requests. The subpoenas are a transparent attempt to reopen fact discovery many months after it closed. They can and should be quashed under Rule 45(c) on that basis alone.

Moreover, the subpoenas seek documents relevant only to a demand for punitive damages – a demand that TH Lee never pleaded and that Grant Thornton learned about for the first time only recently, after the time for seeking summary judgment had passed. A demand for punitive damages has never been part of this case, and it cannot be added now. Indeed, if such a demand had been part of this case, Grant Thornton would have addressed it in its motion for summary judgment. TH Lee does not have one iota of evidence that Grant Thornton acted in the "evil and reprehensible" manner necessary to award punitive damages. To the contrary, Grant Thornton was the primary target of a fraud hatched by individuals who *did* act in such a reprehensible manner. Accordingly, these untimely document requests should also be quashed in light of their irrelevance to any issue properly in this case.

## BACKGROUND

Grant Thornton and TH Lee were named as defendants in numerous lawsuits filed soon after the collapse of Refco in October 2005. During the discovery period in the consolidated MDL cases, which lasted several years, whenever Grant Thornton responded to discovery requests, it would provide responsive documents to not only the requesting parties but also to TH Lee and other parties to the MDL proceedings. In the fifteen months between Judge Lynch's August 2008 ruling that allowed TH Lee's fraud-based claims against Grant Thornton to proceed

and the November 6, 2009 deadline that Special Master Hedges set for serving document requests (Ex. 1 to the Declaration of Ruth A. Braun submitted herewith), TH Lee did not serve Grant Thornton with a single document request or any other type of discovery request.

Following the close of fact discovery, the parties proceeded with expert discovery, which concluded in October 2010. In November 2010, Grant Thornton and TH Lee both moved for summary judgment on the claims against them. Special Master Capra recommended that the motions be denied on March 28, 2011 and on April 11, 2011, respectively. This Court recently adopted those recommendations. The parties are now proceeding toward trial, which is set to begin less than six weeks from today.

On April 22, 2011, as part of coordinating pretrial exchanges, counsel for TH Lee advised counsel for Grant Thornton that TH Lee intended to issue a trial subpoena to Grant Thornton seeking "financial information in connection with TH Lee's claims for punitive damages against Grant Thornton," as well as information relating to damages that Grant Thornton asserted in its counterclaim. (Braun Decl. Ex. 2, p. 5). This letter was the first time TH Lee ever advised Grant Thornton that it was seeking punitive damages in this case. Critically, TH Lee's complaint does not contain a request for punitive damages.

On May 18, 2011 – over one and a half years after the November 6, 2009 deadline for submitting document requests – TH Lee served Grant Thornton with a Subpoena to Produce Documents ("Document Subpoena") and a Subpoena to Appear and Testify at Trial ("Trial Subpoena") (Braun Decl. Ex. 3 and Ex. 4.)[1] Both subpoenas contain nine identical document requests. The first eight requests seek the following general categories of documents: (1) those

---

[1] TH Lee also served Grant Thornton with a trial subpoena directed at partner Mark Ramler. Grant Thornton has already agreed that Mr. Ramler will testify at trial. The Ramler subpoena requested no documents and is not the subject of this motion.

2

showing Grant Thornton's financial information, (2) those identifying sources of funds that could be used to satisfy any damages award, and (3) those relating to past judgments, fines or awards entered against Grant Thornton.[2]  As TH Lee acknowledged in the April 22 letter to Grant Thornton, the only potential relevance of the documents sought in the first eight requests is to support a demand for punitive damages.

## ARGUMENT

A party may not serve discovery requests, by a subpoena or otherwise, after the close of discovery, and any such untimely subpoenas and discovery requests "should be denied." *McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 588 (W.D.N.Y. 1995).  Further, a party is not allowed to use Rule 45 subpoenas to "circumvent the regular discovery process." *Burns v. Bank of America*, No. 03 Civ. 1685, 2007 WL 1589437, at * 13 (S.D.N.Y. Jun. 4, 2007).  Discovery requests after the discovery deadline should be denied because "the value of structured discovery in a complex case . . . is undermined if interim deadlines are abrogated." *Arkwright v. Mut. Ins. Co. v. Nat'l. Union Fire Ins. Co.*, No. 90 Civ. 7811, 1995 WL 66405, at * 1 (S.D.N.Y. Feb. 15, 1995).  Further, even if a subpoena is timely served, once a motion to quash is filed, "[t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Kingsway Fin. Servs., Inc. v. PricewaterhouseCoopers LLP*, No. 03 Civ. 5560, 2008 WL 4452134, at * 4 (S.D.N.Y. Oct. 2, 2008).  The subpoenas here are an attempt to circumvent the discovery process and to seek information that is irrelevant to any issue properly before this Court.   For each of these independent reasons, the subpoenas should be quashed pursuant to Rule 45(c).

---

[2] The ninth request asks for all documents that Grant Thornton "will rely upon to establish your claimed damages" in the Counterclaim against TH Lee.  Grant Thornton has agreed to provide TH Lee with documents it intends to rely upon to support its damages claims as part of the pretrial exchange of exhibits.  There is no need to subpoena such documents.

3

**A. The subpoenas are an improper attempt to reopen discovery.**

**1. The Document Subpoena is simply an untimely Rule 34 document request.**

The Document Subpoena is nothing more than a Rule 34 request for production by a party opponent that should have been served during the discovery period.  If TH Lee were to serve such a request at this stage under Rule 34, Grant Thornton of course would be justified in not responding to it, given that we are well past the discovery period and on the eve of trial.  The fact that the document requests here were made pursuant to Rule 45 does not change the analysis.

While Rule 45 document subpoenas on a party opponent are not necessarily prohibited, they "are clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34." *Burns*, 2007 WL 1589437, at * 14.  A party cannot seek discovery from a party – whether using a Rule 45 subpoena or a Rule 34 document request – if the discovery deadline has closed.  Rule 45 subpoenas "are subject to the same time constraints that apply to all of the other methods of formal discovery." *Alper v. United States*, 190 F.R.D. 281, 284 (D. Mass. 2000), (*quoting Marvin Lumber & Cedar Co. v. PPG Indus., Inc.*, 177 F.R.D. 443 (D. Minn. 1997)).  "Allowing a party to use Rule 45 to circumvent the requirements of a court-mandated discovery deadline would clearly be contrary" to the interdependent nature of the Federal Rules of Civil Procedure.  *Mortgage Info. Servs., Inc. v. Kitchens*, 210 F.R.D. 562, 566-67 (W.D.N.C. 2002); *see also McNerney*, 164 F.R.D. at 588 (when a party "is aware of the existence of documents before the discovery cutoff date and issues discovery requests including subpoenas after the discovery deadline has passed, then the subpoenas and discovery request should be denied").

4

Here, none of the categories of documents TH Lee requested were unknown to TH Lee during the discovery period. The document requests relate either to Grant Thornton's financial condition or to any past damages claims and proceedings against Grant Thornton. TH Lee easily could have asked for these documents during discovery[3] but instead chose to wait until a time when the parties are fully engaged in preparing for trial, which begins in a mere matter of weeks. Such gamesmanship is the very reason courts require parties to adhere to discovery deadlines. *See Rent-A-Center, Inc. v. 47 Mamaronek Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. 2003) (scheduling order may be modified only upon showing of "good cause" and "if a party was not diligent, the good cause inquiry should end"); *see also Campania Mgt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 852 (7th Cir. 2002) (courts are "to use a firm hand when shepherding cases to trial, carefully and thoughtfully adhering to the deadlines"). This Court should reject TH Lee's bald attempt to seek documents it should have asked for long ago, if at all.

**2. The Trial Subpoena parrots the Document Subpoena and must fail as well.**

Apparently recognizing that the Document Subpoena is nothing more than a poorly disguised, untimely Rule 34 document request, TH Lee asks for the same documents in the Trial Subpoena. But TH Lee's attempt to dress up its Rule 34 discovery requests as a "trial" subpoena must fail, just like the attempt to disguise the requests as a "document" subpoena.

Rule 45 authorizes issuing trial subpoenas to a party opponent only under certain limited circumstances, "such as securing an original document previously disclosed during discovery, or for purposes of memory recollection or trial preparation." *Revander v. Denman*, No. 00 Civ. 1810, 2004 WL 97693, at * 1 (S.D.N.Y. Jan 21, 2004). Accordingly "Rule 45 trial subpoenas

---

[3] TH Lee's second and third document requests ask for Grant Thornton's financial data as of December 31, 2010, March 31, 2011 and as of the date of trial. While each of these time periods falls after the close of discovery, TH Lee could have made these requests during the discovery period and asked Grant Thornton to provide the responsive documents at the appropriate time. TH Lee did not do so.

5

duces tecum may not be used . . . as means to engage in discovery after the discovery deadline has passed." *Dodson v. CBS Broadcasting, Inc.*, No. 02 Civ. 9270, 2005 WL 3177723, at * 1 (S.D.N.Y. Nov. 29, 2005).

That is exactly what TH Lee is doing here.  Each of the document requests seeks broad categories of documents as opposed to specific exhibits.  None of the document requests attempt to secure original copies of documents previously referenced.  None relate to documents to be used to refresh the recollection of any trial witnesses.  When a trial subpoena like this one uses "broad language . . . in the document request[s], which seeks the production of entire categories of documents rather than itemizing specific documents necessary for use as exhibits at trial," the subpoena must be quashed.  *Mortgage Info. Servs.*, 210 F.R.D. at 568 (quashing trial subpoena seeking broad categories of documents, including those relating to defendant's financial and sales data, all of which plaintiff could have secured earlier).  During fact discovery, TH Lee failed to do *any* affirmative document discovery of its own with regard to Grant Thornton;  it cannot start that process weeks before trial.  *See Revander*, 2004 WL 97693, at * 1 (trial subpoena should be quashed when "there is no reason why the subpoena could not have been brought during the discovery period").  The untimeliness of TH Lee's request is enough by itself to warrant quashing the subpoena – not to mention the immense burden compliance would impose on Grant Thornton given the looming trial date.

**B.  The subpoenas seek irrelevant information relating to punitive damages.**

Even if the subpoenas were not untimely, they should still be quashed because they seek irrelevant information solely related to TH Lee's supposed claim for punitive damages.  TH Lee conceded as much in its April 22 letter to Grant Thornton.

CHI:2537308.5

Punitive damages have never been part of this case, and they cannot be introduced into the case and made the subject of fact discovery at this late date. TH Lee's complaint did not plead a demand for punitive damages, nor was the issue raised at any point in fact or expert discovery. If TH Lee had raised the issue earlier, Grant Thornton would have moved to dismiss any demand for punitive damages on summary judgment, on the ground that TH Lee has no evidence that Grant Thornton engaged in any "evil and reprehensible" conduct.

Indeed, even now, TH Lee could not possibly make the showing required to present a claim for punitive damages to the jury. The two remaining claims against Grant Thornton are for fraudulent misrepresentation and aiding and abetting fraud. It is "well-settled in New York that punitive damages are not available in the ordinary fraud and deceit case." *Lovely Peoples Fashion, Inc. v. Magna Fabrics, Inc.*, No. 95 Civ. 8450, 1998 WL 422482, at * 8 (S.D.N.Y. July 22, 1998) (*citing Kelly v. Defoe Corp.*, 636 N.Y.S.2d 123, 124 (2d Dep't 1996)). Rather, to be entitled to punitive damages, the plaintiff must establish that "defendants engaged in gross, wanton, or willful fraud or other morally culpable conduct." *Id.* In other words, in a common law fraud case, evidence and arguments concerning punitive damages may be presented to the jury "only where the defendant acts with evil and reprehensible motives." *China Trust Bank of New York v. Standard Chartered Bank, PLC*, 981 F. Supp. 282, 289 (S.D.N.Y. 1997) (*quoting Wallach Marine Corp. v. Donzi Marine Corp.*, 675 F. Supp. 838, 842 (S.D.N.Y. 1987)).

As set forth in Grant Thornton's summary judgment papers, after years of discovery, TH Lee has not presented a single witness who testified that Grant Thornton knew of the fraud engineered by the Refco Insiders. *See* GT Brief at 11.[4] TH Lee has not raised a shred of evidence that Grant Thornton had a fraudulent motive or acted with fraudulent intent. Grant

---

[4] "GT Brief" refers to the Memorandum of Law in Support of Grant Thornton LLP's Motion for Summary Judgment, filed with the Court on November 12, 2010.

7

Thornton did not act in a "gross, wanton, willful" or otherwise "morally culpable" manner, and TH Lee has no evidence to the contrary. There is absolutely no evidence that Grant Thornton acted with intent to harm TH Lee.

To survive summary judgment, TH Lee resorted to reciting a litany of wrongdoing committed by Refco Insiders – wrongdoing of which it claimed GT "knew" or "had evidence." TH Lee Opp'n at 13-18.[5] Even assuming that cobbling together these "red flags" is enough to enable TH Lee's claims to survive summary judgment, it certainly does not demonstrate that Grant Thornton acted with the "evil and reprehensible motives" required for punitive damages. Had TH Lee secured evidence of such ill intent, it surely would have raised it at summary judgment. It did not. Instead, it relied on evidence of wrongdoing committed by others and tried to impute that wrongdoing to Grant Thornton solely by claiming Grant Thornton was aware of it.

Grant Thornton was the primary target of the fraud engineered by the Refco Insiders. As a result, it is no surprise that TH Lee cannot establish that Grant Thornton acted with the necessary morally culpable conduct to make punitive damages appropriate. As explained in Grant Thornton's summary judgment papers, and undisputed by TH Lee, Refco's CEO Phil Bennett and executives Robert Trosten and Santo Maggio all pled guilty to crimes predicated on concealing the truth from Grant Thornton. GT Brief at 6. Trosten and Maggio admitted in their civil depositions that they purposefully and repeatedly lied to Grant Thornton. *Id.* TH Lee acknowledged Trosten was the "architect of the fraud." TH Lee Opp'n at 14. A federal jury convicted Refco President Tone Grant of conspiracy, one predicate act of which was lying to Grant Thornton. GT Brief at 6. While these Refco Insiders, by their own admission (or jury finding), may well have acted in the "morally culpable" manner that would support an award of

---

[5] "TH Lee Opp'n" refers to TH Lee's Memorandum of Law in Opposition to Grant Thornton's Motion for Summary Judgment filed with the Court on December 17, 2010.

8

CHI:2537308.5

punitive damages, Grant Thornton – the auditor that was the primary target of the fraud – most certainly did not.

Because TH Lee is prohibited as a matter of law from seeking punitive damages from Grant Thornton, the documents TH Lee requests in the subpoenas have no relevance to TH Lee's claims or Grant Thornton's defenses in this action. Given that there is no other basis for which the documents may be used at the trial in this case, the subpoenas should be quashed.

## CONCLUSION

For all these reasons, Grant Thornton respectfully requests that the Court quash TH Lee's untimely and improper document subpoenas.

Dated:  June 1, 2011
        New York, New York

Respectfully submitted,

WINSTON & STRAWN LLP

_____/s_____
By:  Beth A. Tagliamonti

*Of Counsel:*

Margaret Maxwell Zagel
Tracy W. Berry
Kenneth Cunningham
GRANT THORNTON LLP
175 West Jackson, 20th Floor
Chicago, Illinois 60604
Ph: 312-856-0001
Fax: 312-565-3473

Beth A. Tagliamonti
(btagliamonti@winston.com)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Ph: 212-294-6700
Fax: 212-294-4700

Bruce R. Braun (bbraun@winston.com)
Catherine W. Joyce (cjoyce@winston.com)
Linda T. Coberly (lcoberly@winston.com)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
Ph: 312-558-5600
Fax: 312-558-5700

*Attorneys for Grant Thornton LLP*