**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
                                                          :
In re REFCO, INC. SECURITIES LITIGATION    :      07 MDL No. 1902
                                                          :
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
                                                          :
KENNETH M. KRYS, et al.                           :      ECF CASE
                                                          :
                 Plaintiffs,                          :      08 Civ. 3086
                                                          :
        -v-                                             :
                                                          :
CHRISTOPHER SUGRUE, et al.                   :
                                                          :
                 Defendants.                        :
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
                                                          :
KENNETH M. KRYS, et al.                           :
                                                          :
                 Plaintiffs,                          :      10 Civ. 3594 (JSR)
                                                          :
        -v-                                             :
                                                          :
DEUTSCHE BANK SECURITIES INC., et al.    :
                                                          :
                 Defendants.                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANTS' SUPPLEMENTAL REPLY BRIEF SEEKING**
**DISMISSAL OF THE "REFCO FRAUD" CLAIMS**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ ii

PRELIMINARY STATEMENT ...................................................................................... 1

ARGUMENT .................................................................................................................... 2

I.   Plaintiffs' Claims Based on the Refco Fraud Are Derivative .................................... 2

    A.   The Court has already decided this issue. .................................................... 2

    B.   Plaintiffs' theories of "direct" injury were correctly rejected. ...................... 3

II.  *In Pari Delicto* Bars Plaintiffs' Derivative Claims Based on the Refco Fraud. ....... 7

    A.   Plaintiffs' Refco fraud claims are subject to the same defenses that were
       available against the Refco Trustee's claims. .............................................. 7

    B.   Equity does not suggest, let alone mandate, a different result. ...................... 9

# TABLE OF AUTHORITIES

## Cases

Page(s)

*ABF Capital Management v. Askin Capital Management*,
　957 F. Supp. 1308 (S.D.N.Y. 1997)............................................................................8

*Nat'l Am. Ins. Co. v. Ruppert Landscaping Co.*,
　187 F.3d 439, 442 (4th Cir. 1999) ............................................................................8

*Baena v. KPMG LLP*,
　453 F.3d 1 (1st Cir. 2006)...........................................................................................7

*Begier v. IRS*,
　496 U.S. 53 (1990)......................................................................................................5

*In re Goldman Sachs Mutual Funds Fee Litigation*,
　No. 04 Civ. 2567, 2006 WL 126772 (S.D.N.Y. Jan. 17, 2006)............................4, 5

*Kirschner v. Bennett*,
　No. 07 Civ. 8165, 2010 WL 5129073 (S.D.N.Y. Dec. 13, 2010).............................3

*Kirschner v. Bennett*,
　No. 07 Civ. 8165, 2011 WL 1875449 (S.D.N.Y. Feb. 14, 2011) .............................5

*Kirschner v. Grant Thornton LLP*,
　No. 07 Civ. 11604, 2009 WL 1286326 (S.D.N.Y. May 6, 2009)........................6, 7

*Kirschner v. KPMG LLP*,
　15 N.Y.3d 446 (N.Y. 2010) ...................................................................................7, 9

*Primavera Familienstiftung v. Askin*,
　No. 95 Civ. 8905, 1996 WL 494904 (S.D.N.Y. Aug. 30, 1996) ..............................4

*Tax Analysts & Advocates v. Simon*,
　390 F. Supp. 927 (D.D.C. 1975)................................................................................6

## Other Authorities

*Kirschner v. KMPG LLP*,
　Brief for Plaintiff-Appellant, No. 2011-151, 2010 WL 4109300 (N.Y. Mar. 23, 2010)...........9

*Teachers' Retirement System of La. v. PricewaterhouseCoopers LLP*,
　Brief for Appellants, No. 2010-152, 2010 WL 4109438 (N.Y. June 1, 2010) .........................9

## PRELIMINARY STATEMENT

The Special Master and the Court have already decided that Plaintiffs' "Refco fraud" claims are derivative, not direct.  The Refco fraud claims rest on the theory that SMFF was injured *indirectly* when the LBO, IPO, and other transactions supposedly stripped value *from RCM* and left it unable to repay its creditors.  As the Special Master and Judge Rakoff have held, that theory makes Plaintiffs' injury "no different from [that allegedly suffered by] any other creditor of Refco and . . . dependent on the harm to Refco."  Standing R&R at 20 (adopted by Mar. 31, 2010 Order).  In short, these are classic derivative claims.

Plaintiffs' Opposition is at war with these decisions.  Registering their "disagree[ment] with" what they refer to as "the Special Master's characterization of the Refco Fraud injury as derivative," Opp. at 2, Plaintiffs suggest that Judge Rakoff rejected that characterization.  To the contrary, Judge Rakoff *adopted* the Special Master's recommendation that the Refco fraud claims be dismissed without prejudice as derivative.  Indeed, he subsequently dismissed *with prejudice* the Refco fraud claims asserted against defendants that have settled with Refco on the ground that those defendants have already paid for damages they allegedly caused to Refco.  Both of these decisions necessarily depended on Judge Rakoff's conclusion, in agreement with the Special Master's, that Plaintiffs' Refco fraud claims are derivative.

Plaintiffs seek to reopen this long-lost issue because, after the New York Court of Appeals' decision in *Kirschner*, the conclusion that the Refco fraud claims are derivative requires their dismissal.  As *Kirschner* holds, if a wrongdoing corporation's direct claims are barred by *in pari delicto*, so too are derivative claims, such as those asserted by the corporation's shareholders or creditors.  There is no equitable basis for avoiding this clear rule of law.  Under controlling New York law, therefore, Plaintiffs' Refco fraud claims should be dismissed with prejudice.

**ARGUMENT**

**I.      Plaintiffs' Claims Based on the Refco Fraud Are Derivative.**

**A.      The Court has already decided this issue.**

The Special Master and Judge Rakoff have already concluded that Plaintiffs' Refco fraud claims allege, at most, an injury to SMFF that arises derivatively from Refco's ultimate collapse into insolvency. *See* Standing R&R at 20 (adopted by Mar. 31, 2010 Order & May 3, 2011 Mem. Order). As the Special Master put it, "[i]t is only because Refco couldn't pay [Plaintiffs] off that Plaintiffs would have a cause of action under the Refco fraud theory," and Refco "was unable to pay them off [only] because it was stripped and made insolvent by the Refco fraud." Standing R&R at 19. Thus, with respect to the Refco fraud, Plaintiffs are situated no differently than all of Refco's other creditors. The Complaint makes this abundantly clear. *See, e.g.*, Am. Compl. ¶ 886 ("The investment banker defendants *damaged RCM* by arranging $1.4 billion of LBO financing" (emphasis added)); *id.* ¶ 207 (alleging that the LBO "left [RCM] insolvent and unable to repay its customers, including SMFF"); Compl. at 98, *Krys v. Deutsche Bank Sec. Inc.* ("The Harm Of The IPO To Refco") (heading).[1]

Plaintiffs try to avoid the determination that their claims are derivative by claiming that Judge Rakoff did not endorse it. They observe that, while the Court adopted the conclusions of the Standing R&R, including specifically the Special Master's recommendations on pages 28-34, the passages quoted above do not appear on those pages of the Standing R&R. *See* Opp. at 16 n.9. But precisely the same conclusions also *do* appear on those pages. *See, e.g.*, Standing R&R at 28 ("Any injury to customers of RCM was thus derivative"); *id.* at 29 (claim that defendants' misconduct "allow[ed] the Refco insiders the time and opportunity to cash out their interests in

---

[1] Citations to "Am. Compl." are to the Amended Complaint in *Krys v. Sugrue*.

Refco through the LBO and the IPO" alleges "direct harm to Refco and a derivative harm to Plaintiffs"). And, more fundamentally, the entire basis for the Special Master's recommendation to dismiss the Refco fraud claims without prejudice was the conclusion that those claims were derivative. Judge Rakoff necessarily agreed with that conclusion when he adopted the recommendation.

Similarly, Judge Rakoff's decision adopting the Special Master's recommendation that Plaintiffs' Refco fraud claims against BAWAG and EMF be dismissed *with* prejudice evidences his agreement with the Special Master that the Refco fraud claims are derivative. If Plaintiffs' claims against BAWAG and EMF were direct claims belonging to SMFF, and not derivative of Refco's own claims, then it would make no difference that BAWAG and EMF have settled with Refco's litigation trustee (the "Refco Trustee"). Plaintiffs all but admit as much. *See* Opp. at 3-4 n.2.

In short, as both the Special Master and Judge Rakoff held well over a year ago, while Plaintiffs' *SPhinX fraud* claims may be distinct from claims by other Refco creditors, their *Refco fraud* claims are not. This is truly the law of the case. *See, e.g., Kirschner v. Bennett*, No. 07 Civ. 8165, 2010 WL 5129073, at *1 (S.D.N.Y. Dec. 13, 2010) ("The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case" (citations omitted)).

**B.    Plaintiffs' theories of "direct" injury were correctly rejected.**

Even aside from the "law of the case," Plaintiffs' arguments for finding their Refco fraud claims direct, and not derivative, are no more persuasive now than they were in the past.

"Theft" or Conversion.  Plaintiffs assert that they were directly injured when Refco improperly transferred SMFF's cash from segregated accounts at Refco LLC to unsegregated accounts at RCM. Opp. at 7, 8. That may be, but any such direct claims concern the SPhinX

3

fraud—the "alleged wrong related to the transfer of Plaintiffs' funds," Standing R&R at 3—not

the Refco fraud.  As the Special Master has already noted, Plaintiffs cannot simply "shift from

one theory to the other to avoid a finding that, as to one of the theories [the Refco fraud], the

Plaintiffs' claims are no different from any other Refco creditor."  *Id.* at 20.

Plaintiffs' reliance on the statement in *Wagoner* and subsequent cases that creditors may

have standing to sue when the wrongdoing corporation does not, *see* Opp. at 13-15 & n.7, is

similarly misplaced.  To be sure, creditors who allege they were defrauded may have *direct*

claims for conversion, theft, or the like—such as, in this case, the SPhinX fraud claims.  But

neither *Wagoner* nor any other case of which we are aware holds that a creditor's *derivative*

claims alleging direct harm to the corporation—like the Refco fraud claims—are somehow

transformed into direct claims simply because of the misconduct of the corporation's own agents.

The law is just the opposite.  *See, e.g., Primavera Familienstiftung v. Askin*, No. 95 Civ. 8905,

1996 WL 494904, at *12 (S.D.N.Y. Aug. 30, 1996) (a "decision that the Trustee [is] barred by

the doctrine of *in pari delicto* from recovering on behalf of [the debtor] can neither confer

constitutional standing upon [the debtor's investors] nor transform the nature of [their] injury

from a derivative one into a direct and personal one").

Breach of Fiduciary Duty.  Plaintiffs maintain that they have a direct claim for breach of

fiduciary duty because Refco allegedly owed Plaintiffs such a duty.  Opp. at 8.  That does not

follow.  As discussed above, what matters in determining whether a claim is direct or derivative

is the nature of the alleged injury, not the alleged duty.  *See supra* at 2.  That Refco allegedly

owed a fiduciary duty to Plaintiffs does not mean Plaintiffs suffered a direct injury from a breach

of such duty.  *See In re Goldman Sachs Mutual Funds Fee Litig.*, No. 04 Civ. 2567, 2006 WL

126772, at *7 (S.D.N.Y. Jan. 17, 2006) (although "plaintiffs argue that they may bring a direct

action here because they seek to vindicate duties owed to them directly[,] [e]ven if this were the case, a direct action would not be appropriate because plaintiffs cannot allege any injury independent from that suffered by the Funds" in which they had invested).

      <u>Fraudulent Inducement.</u>  Plaintiffs' argument that the Complaint states a direct claim for "fraudulent inducement," *see* Opp. at 10, fares no better.  The Special Master and the Court have already rejected this contention as well, concluding correctly that the Complaint asserts no such claim—indeed, that the thrust of the Complaint refutes any such claim.  Standing R&R at 19-20 (adopted by Mar. 31, 2010 Order).

      Plaintiffs' "fraudulent inducement" theory is at odds with "the 'gravamen' of the [Co]mplaint"—*i.e.*, "that SMFF cash was [improperly] transferred to an unsegregated account at RCM."  Standing R&R at 20.  If, as Plaintiffs contend, the so-called innocent insiders at SPhinX and PlusFunds believed that SMFF cash was to be maintained in segregated accounts at Refco LLC, then "Refco's 'false image of solvency' would have been no matter because the money would have remained protected" in the event of Refco's bankruptcy.  *Id.*; *see also Begier v. IRS*, 496 U.S. 53, 59 (1990) ("Because the debtor does not own an equitable interest in property he holds in trust for another, that interest is not 'property of the estate'").  Plaintiffs' alleged expectation that SMFF assets were to be maintained in segregated accounts at Refco LLC distinguishes their claims from those of the FX customers in the Private Actions Trust case, who allege that they *intentionally* deposited funds in unsegregated accounts at RCM based on their misperception of RCM's solvency.  *See* Report & Recommendation of the Special Master, *Kirschner v. Bennett*, No. 07 Civ. 8165, 2011 WL 1875449, at *7 (S.D.N.Y. Feb. 14, 2011) ("concerns about Refco's insolvency would not have been as critical to SPhinX because,

according to the *Krys v. Sugrue* complaint, the innocent insiders thought that the funds were segregated and thus protected from any Refco insolvency").

Additionally, the alleged Refco fraud could not plausibly have induced SMFF to deposit money with Refco LLC.  Plaintiffs allege that SMFF first deposited funds at Refco in November 2002.  *See* Am. Compl. ¶ 124.  That was years before the August 2004 LBO and August 2005 IPO and thus well before Plaintiffs could conceivably have relied upon the "public filings relating to [those] transactions."  *Id.* ¶ 1317.

Lack of Injury to Refco.  Finally, Plaintiffs argue that their claims must be direct, not derivative, because Judge Lynch and the Second Circuit have held that the Refco Trustee's complaint was "saturated by allegations that Refco received substantial benefits from the [Refco] insiders' alleged wrongdoing" and that, therefore, Refco has no direct claims to bring.  Opp. at 4-5 (quoting *Kirschner v. Grant Thornton LLP*, No. 07 Civ 11604, 2009 WL 1286326, at *6 (S.D.N.Y. May 6, 2009)  ("*Kirschner I*").  That argument is a non sequitur.  If Refco in fact suffered no injury, then Plaintiffs' derivative claims fail not only because they are derivative, but also because the directly injured party was not injured at all.  *See, e.g., Tax Analysts & Advocates v. Simon*, 390 F. Supp. 927, 937-38 (D.D.C. 1975) ("Since [association's] standing is derivative of its members, and they have been shown to lack the requisite injury and protected interests, [association] does not have standing").

In any event, the Refco Trustee's complaint did not fail because it alleged that Refco *ultimately* benefitted from the Refco fraud.  To the contrary, the complaint asserted that the fraud ultimately was harmful because Refco was forced into bankruptcy when the fraud was uncovered.  *See* Refco Trustee Compl. ¶ 105, available at *Kirschner v. Grant Thornton LLP*, No. 07 Civ 5306 (N.D. Ill.) [Dkt. No. 1, Attachment No. 1].  Before it was uncovered, however, the

fraud concealed Refco's trading losses and helped it survive.  Such a temporary benefit is all that the law requires to impute the actions of a corporation's agents to the corporation for purposes of *in pari delicto*.  *See, e.g., Baena v. KPMG LLP*, 453 F.3d 1, 8 (1st Cir. 2006) ("A fraud by top management to overstate earnings, and so facilitate stock sales or acquisitions, is not in the long-term interest of the company; but, like price-fixing, it profits the company in the first instance and the company is still civilly and criminally liable") (cited in *Kirschner I*, 2009 WL 1286326, at *6); *Kirschner v. KPMG LLP*, 15 N.Y.3d 446, 470 (2010) ("*Kirschner III*") (rejecting the Refco Trustee's invitation to adopt a rule in which "short term, illusory benefit to the company does not defeat the adverse interest exception").  That temporary benefit to Refco—on which the Second Circuit's decision rested—has nothing to do with whether Plaintiffs' claims in this case are direct or derivative.

## II.   *In Pari Delicto* Bars Plaintiffs' Derivative Claims Based on the Refco Fraud.

### A.   Plaintiffs' Refco fraud claims are subject to the same defenses that were available against the Refco Trustee's claims.

That the Refco fraud claims are derivative, not direct, requires their dismissal with prejudice.  As the New York Court of Appeals held in *Kirschner*, derivative claims asserted by the supposedly innocent stakeholders of the wrongdoing corporation are every bit as subject to the defense of *in pari delicto* as are direct claims by the corporation itself.  *Kirschner III*, 15 N.Y.3d at 462-63, 475-77.  Indeed, Plaintiffs concede the point by admitting that "defenses available against the corporation may bar [a] derivative plaintiff's claims."  Opp. at 17.  Accordingly, Plaintiffs' derivative Refco fraud claims must be dismissed under the doctrine of *in pari delicto*, based on the misconduct of Refco's own agents, which also led to dismissal of the Refco Trustee's claims.  Plaintiffs' half-hearted arguments to the contrary are unavailing.

7

Plaintiffs have not cited a single case in which a creditor that was unable to allege a direct injury was nevertheless allowed to assert derivative claims free from defenses that could have been asserted against the supposedly directly injured debtor.  If that were permitted, the courts would be flooded by lawsuits brought by individual creditors, undermining the efficiencies that Congress sought to achieve by vesting in a bankruptcy trustee the exclusive right to bring estate claims.  *See Nat'l Am. Ins. Co. v. Ruppert Landscaping Co.*, 187 F.3d 439, 442 (4th Cir. 1999) ("The goal of bankruptcy is to consolidate the proceedings and avoid piecemeal litigation") (cited in Standing R&R at 22).

There is also no support for Plaintiffs' assertion that while *in pari delicto* would bar shareholders or other investors from asserting derivative claims based on injuries allegedly suffered by the corporation, it does not bar claims based on the same injuries asserted by the corporation's *creditors*.  The cases cited by Plaintiffs reject this very distinction, emphasizing that the central question is not the identity of the plaintiffs, but whether plaintiffs allege that they suffered harm that is distinct from harm to the corporation.  In *ABF Capital Management v. Askin Capital Management*, 957 F. Supp. 1308, 1332-33 (S.D.N.Y. 1997), for example, the court dismissed claims by fund investors, not because they were shareholders rather than creditors, but because, like Plaintiffs here, they alleged "no injury to themselves distinct from the injury to the Funds."

In this case, the result could not be clearer.  *In pari delicto* bars the Refco fraud claims, whether asserted directly or derivatively.  Judge Lynch and the Second Circuit dismissed the direct claims asserted by the Refco Trustee based on the misconduct of Refco's agents, and the New York Court of Appeals held that *in pari delicto* applies with equal force to derivative claims.  Plaintiffs' derivative Refco fraud claims should be dismissed.

**B.      Equity does not suggest, let alone mandate, a different result.**

Plaintiffs' vague appeal to principles of "equity," Opp. at 20-22, also cannot change this result. To begin with, Plaintiffs have standing to pursue the Sphinx fraud claims that are "at the heart" of their Complaint, Apr. 25, 2011 Opinion & Order at 3, and have already recovered nearly $50 million from the Refco estate. Thus, Plaintiffs are, to say the least, "in a somewhat weaker position" than other claimants might be when it comes to equitable considerations. Standing R&R at 26. Yet, Plaintiffs contend that "equity" somehow "mandates that Plaintiffs' claims go forward." *Id.* at 20 (heading). This argument flies in the face of settled law.

In *Kirschner*, the New York Court of Appeals squarely rejected the argument that, as a matter of equity, *in pari delicto* should not bar claims brought by innocent derivative plaintiffs. Plaintiffs suggest that the Court of Appeals' equitable analysis is "irrelevant here" because, they contend, that court was not faced with a claim brought on behalf of alleged "victims of the fraud." Opp. at 20-22. That is simply wrong; this exact question was before the Court of Appeals. Like these Plaintiffs, the plaintiffs in both the Refco and AIG cases stressed that they were seeking to recover for the benefit of innocent victims. The Refco Trustee told the court that any recovery would "benefit the innocent claimants who suffered losses from the fraud," including "nearly two thousand innocent customers, trade creditors, and employees." Br. for Plaintiff-Appellant, *Kirschner v. KMPG LLP*, No. 2010-151, 2010 WL 4109300, at *3 (N.Y. Mar. 23, 2010). Likewise, the AIG plaintiffs argued that AIG has "thousands of employees and shareholders, who indirectly were victims of the fraud and would benefit from recovery here." Br. for Appellants, *Teachers' Ret. Sys. of La. v. PricewaterhouseCoopers LLP*, No. 2010-152, 2010 WL 4109438, at *29 (N.Y. June 1, 2010). The Court of Appeals nevertheless concluded that *in pari delicto* barred the claims brought derivatively by the alleged "victims" of the frauds just as it would bar claims brought by the directly injured parties. It did so because it recognized

9

that the defendants also had shareholders, creditors, employees, and other constituencies who "may be said to be at least as 'innocent' as Refco's unsecured creditors and AIG's stockholders." *Kirschner III*, 15 N.Y.3d at 476.

Finally, Defendants do not contend that *no one* has standing to pursue any claims based on any alleged wrongdoing involving Refco.  *Compare, e.g.*, Opp. at 22 ("Defendants' position is that the victims of Refco's fraud . . . lack standing to complain").  An innocent third party that was directly injured by alleged wrongdoing at Refco would, of course, have standing to sue, just as SMFF has standing to sue for the "SPhinX fraud."  Indeed, as the Court is well aware, several of these Defendants have agreed to significant settlements of claims brought by alleged victims of the wrongdoing at Refco, including bondholders who purchased debt in connection with the 2004 LBO and shareholders who purchased stock in connection with the 2005 IPO.  Thus, Defendants' argument is not that direct claims by creditors are barred by the misconduct of Refco's own principals, but rather merely that derivative claims for injury allegedly suffered by Refco itself are so barred.  That proposition is hardly controversial.  It is the law of New York, flowing directly from the Court of Appeals' decision in *Kirschner*.

Dated:  June 3, 2011                      Respectfully submitted,
        New York, New York
                                          WINSTON & STRAWN LLP

                                          By:   _/s/ Linda T. Coberly_____
*Of Counsel:*                                   Linda T. Coberly

Margaret Maxwell Zagel                    Beth A. Tagliamonti
Kenneth Cunningham                        (btagliamonti@winston.com)
Tracy W. Berry                            WINSTON & STRAWN LLP
GRANT THORNTON LLP                        200 Park Avenue
175 West Jackson, 20th Floor              New York, New York 10166
Chicago, Illinois 60604                   Ph: 212-294-6700
Ph: 312-856-0001                          Fax: 212-294-4700
Fax: 312-565-3473
                                          Bruce Braun (bbraun@winston.com)
                                          Catherine W. Joyce (cjoyce@winston.com)
                                          Linda T. Coberly (lcoberly@winston.com)
                                          WINSTON & STRAWN LLP
                                          35 W. Wacker Drive
                                          Chicago, Illinois 60601
                                          Ph: 312-558-5600
                                          Fax: 312-558-5700

                                          *Attorneys for Defendants*
                                          *Grant Thornton LLP and Mark Ramler*

11

Dated:  June 3, 2011                     WILMER CUTLER PICKERING
        New York, New York            HALE AND DORR LLP

                                By:  /s/ Philip D. Anker
                                  Philip D. Anker
                                (philip.anker@wilmerhale.com)
                                Jeremy S. Winer
                                Ross E. Firsenbaum

                                399 Park Avenue
                                New York, New York 10022
                                Tel: (212) 230-8800
                                Fax: (212) 230-8888

                                *Attorneys for Defendants Banc of America
Securities LLC, Credit Suisse Securities
(USA) LLC, and JPMorgan Chase & Co.*

Dated:  June 3, 2011                     WILLIAMS & CONNOLLY LLP
        Washington, D.C.

                                By:  /s/ Craig D. Singer
                                John K. Villa
                                George A. Borden
                                Craig D. Singer
                                (csinger@wc.com)

                                725 Twelfth Street, NW
                                Washington, DC 20005
                                Tel.: (202) 434-5000

                                *Attorneys for Defendants Mayer Brown
LLP and Edward S. Best*

Dated:  June 3, 2011
       New York, New York

KING AND SPALDING LLP

By:  /s/ James J. Capra Jr.          
     James J. Capra Jr.
     (jcapra@kslaw.com)
     James P. Cusick

     1185 Avenue of the Americas
     New York, New York 10036
     Tel: (212) 556-2100
     Fax: (212) 556-2222

*Attorneys for Defendants
PricewaterhouseCoopers LLP and Mari
Ferris*

Dated:  June 3, 2011
       New York, New York

COOLEY GODWARD KRONISH LLP

By:  /s/ William J. Schwartz        
     William J. Schwartz
     (wschwartz@cooley.com)
     Jonathan P. Bach
     Reed A. Smith
     Daniel M. Hibshoosh
     Kathleen E. Cassidy

     1114 Avenue of the Americas
     New York, NY 10036-7798
     Tel.: (212) 479-6000

*Attorneys for Defendant Joseph P. Collins*

Dated:  June 3, 2011
       New York, New York

CLAYMAN & ROSENBERG

By:  /s/ Charles E. Clayman        
     Charles E. Clayman
     (clayman@clayro.com)

     305 Madison Avenue, Suite 1301
     New York, NY 10165
     Tel.: (212) 922-1080

*Attorneys for Defendant Paul Koury*

13

Dated:  June 3, 2011                    DAVIS POLK & WARDWELL
        New York, New York
                                        By:  /s/ Robert F. Wise, Jr.
                                             Robert F. Wise, Jr.
                                             (robert.wise@davispolk.com)

                                             450 Lexington Avenue
                                             New York, NY 10017
                                             Tel: (212) 450-4000

                                             *Attorneys for Defendants Ingram Micro Inc.
                                             and CIM Ventures Inc.*


Dated:  June 3, 2011                    MARINO, TORTORELLA & BOYLE, P.C.
        Chatham, New Jersey

                                        By:  /s/ John D. Tortorella
                                             John D. Tortorella
                                             (jtortorella@khmarino.com)

                                             437 Southern Boulevard
                                             Chatham, NJ 07928-1488
                                             Tel.: (973) 824-9300

                                             *Attorneys for Defendants Liberty Corner
                                             Capital Strategies, LLC and William T.
                                             Pigott*


Dated:  June 3, 2011                    LINKLATERS LLP
        New York, New York

                                        By:  /s/ James R. Warnot, Jr.
                                             James R. Warnot, Jr.
                                             (james.warnot@linklaters.com)

                                             1345 Avenue of the Americas
                                             New York, NY 10105
                                             Tel.: (212) 903-9000

                                             *Attorneys for Defendants Deutsche Bank
                                             Securities Inc., Deutsche Bank Trust
                                             Company Americas, and Deutsche Bank
                                             AG*