Case 1:08-cv-03086-JSR   Document 545   Filed 06/17/11   Page 1 of 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X
                                                               :
In re REFCO INC. SECURITIES LITIGATION                         :   Case No. 07-MD-1902 (JSR)
                                                               :
-------------------------------------------------------------- X
       This document relates to:                               :
-------------------------------------------------------------- X
KENNETH M. KRYS, *et al.*,                                     :
                                                               :   Case No. 08-cv-3065 (JSR)
                                         Plaintiffs,           :   Case No. 08-cv-3086 (JSR)
                                                               :
       -against-                                               :   **DECLARATION OF ANDREW**
                                                               :   **DASH  IN SUPPORT OF MOTION**
CHRISTOPHER SUGRUE, *et al.*,                                  :   **FOR DEFAULT JUDGMENT**
                                                               :
                                         Defendants.           :
-------------------------------------------------------------- X

Andrew Dash declares as follows:

1.   I am a partner at the law firm of Brown Rudnick LLP, co-counsel, with Beus Gilbert PLLC, for plaintiffs Kenneth M. Krys and Margot MacInnis, as Joint Official Liquidators of SPhinX Ltd., *et al.* (and as assignees of certain other claims) and The Harbour Trust Co, as trustee of the SPhinX Trust (collectively, "Plaintiffs") in the above-captioned action, and admitted to practice before this Court.  I have personal knowledge of the matters set forth herein.  I respectfully submit this declaration in support of Plaintiffs' Motion for a Default Judgment against defendant Thomas Hackl ("Hackl").

2.   This is an action to recover $263 million (plus interest) in damages suffered by the SPhinX family of hedge funds, the lost business enterprise value and deepening insolvency damages suffered by SPhinX's investment manager, PlusFunds Group, Inc. and damages suffered by SPhinX investors, arising from the diversion of SPhinX's cash from protected, customer-segregated accounts to unprotected offshore accounts, where those assets were ultimately lost in the Refco scandal.  The Complaint in this action was filed in the Supreme

Court, State of New York, County of New York, on March 5, 2008. The action was removed by two separate groups of defendants to the United States Court for the Southern District of New York pursuant to two separate Notices of Removal filed on March 26, 2008.

3. On April 9, 2008, the Court entered an order setting the briefing schedule in the above-captioned litigation (the "Scheduling Order"). A true and accurate copy of the Scheduling Order is annexed hereto as Exhibit A. The Scheduling Order provided that time for defendants to the action to answer, move or otherwise response to Plaintiffs' Complaint was within 20 days after entry of a decision on Plaintiffs' Motion for Remand and/or Abstention.

4. On October 10, 2008, Plaintiffs filed and served an Amended Complaint. A true and accurate copy of the Amended Complaint is annexed hereto as Exhibit B.

5. On October 23, 2008, the Honorable Gerard E. Lynch entered a decision on Plaintiffs' Motion for Remand and/or Abstention, setting a deadline of November 12, 2008 for defendants to answer, move or otherwise respond to the Amended Complaint.

6. As evidenced by Plaintiffs' certificate of service dated February 23, 2009, jurisdiction was properly obtained over Hackl by serving him with a copy of the Amended Complaint by personal delivery on February 23, 2009, pursuant to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters and applicable laws of the Canton of Zürich, Switzerland. A true and accurate copy of the certificate of service is annexed hereto as Exhibit C.

7. On March 24, 2009, at the request of Hackl, Plaintiffs and Hackl entered into a stipulation adjourning the deadline for Hackl to respond to the Amended Complaint to May 8, 2009, which was entered by the Court on March 25, 2009. On April 27, 2009, again at the request of Hackl, Plaintiffs and Hackl entered into a stipulation adjourning the deadline for Hackl to respond to the Amended Complaint to June 15, 2009, which was entered by the Court

on April 30, 2009.  On June 15, 2009, also at the request of Hackl, Plaintiffs and Hackl entered into an additional stipulation adjourning the deadline for Hackl to respond to the Amended Complaint to July 6, 2009, which was entered by the Court on June 16, 2009.  True and accurate copies of these stipulations are collectively annexed hereto as Exhibit D.

8. Defendant Hackl has failed to answer, move or otherwise respond to Plaintiffs' Amended Complaint.

9. On July 17, 2009, Plaintiffs requested entry of default against Hackl and submitted a declaration (and annexed exhibits) in support thereof dated July 17, 2009.  A true and accurate copy of Plaintiffs' Request for Entry of Default and Clerk's Certificate is attached hereto as Exhibit E.

10. A Clerk's Certificate of Default was executed by the Deputy Clerk of Court on July 20, 2009, certifying, *inter alia*, that Hackl has not filed an answer or otherwise moved with respect to the Amended Complaint.  A true and accurate copy of the Clerk's Certificate is attached hereto as Exhibit F.

11. To the best of my knowledge, Thomas Hackl is not an infant, in the military, or an incompetent person.

12. In light of the foregoing, Plaintiffs respectfully request that default judgment be entered against defendant Thomas Hackl for Fraud, Breach of Fiduciary Duty, Conversion, Aiding and Abetting Conversion, and Interference with a Contract/Prospective Contract, and that assessment and calculation of damages, costs, and interest await the outcome of the relevant plaintiffs' claims against non-defaulting defendants.

8299414

13. I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 17, 2011

>   /s Andrew Dash
>   ANDREW DASH

8299414