UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
In re REFCO INC. SECURITIES LITIGATION    : Case No. 07-MD-1902 (JSR)
                                                             :
------------------------------------------------------------ X
    This document relates to:
------------------------------------------------------------ X
KENNETH M. KRYS, *et al.*,                        :
                                                             : Case No. 08-cv-3065 (JSR)
                               Plaintiffs,    : Case No. 08-cv-3086 (JSR)
                                                             :
             -against-                              : **DECLARATION OF ANDREW**
                                                             : **DASH  IN SUPPORT OF MOTION**
CHRISTOPHER SUGRUE, *et al.*,               : **FOR DEFAULT JUDGMENT**
                                                             :
                               Defendants.   :
------------------------------------------------------------ X

Andrew Dash declares as follows:

1.  I am a partner at the law firm of Brown Rudnick LLP, co-counsel, with Beus Gilbert PLLC, for plaintiffs Kenneth M. Krys and Margot MacInnis, as Joint Official Liquidators of SPhinX Ltd., *et al.* (and as assignees of certain other claims) and The Harbour Trust Co, as trustee of the SPhinX Trust (collectively, "Plaintiffs") in the above-captioned action, and admitted to practice before this Court.  I have personal knowledge of the matters set forth herein.  I respectfully submit this declaration in support of Plaintiffs' motion for a Default Judgment against defendants Christopher Sugrue, Phillip Bennett and Refco Group Holdings, Inc. ("RGHI").

2.  This is an action to recover $263 million (plus interest) in damages suffered by the SPhinX family of hedge funds, the lost business enterprise value and deepening insolvency damages suffered by SPhinX's investment manager, PlusFunds Group, Inc. and damages suffered by SPhinX investors, arising from the diversion of SPhinX's cash from protected, customer-segregated accounts to unprotected offshore accounts, where those assets were

ultimately lost in the Refco scandal. The Complaint in this action was filed in the Supreme Court for the State of New York, County of New York on March 5, 2008. The action was removed by two separate groups of defendants to the United States Court for the Southern District of New York pursuant to two separate Notices of Removal filed on March 26, 2008.

3. On April 9, 2008, the Court entered an order setting the briefing schedule in the above-captioned litigation (the "Scheduling Order"). A true and accurate copy of the Scheduling Order is annexed hereto as Exhibit A. The Scheduling Order provided that time for defendants to the action to answer, move or otherwise respond to Plaintiffs' Complaint was within twenty days after entry of a decision on Plaintiffs' Motion for Remand and/or Abstention.

4. On October 10, 2008, Plaintiffs filed and served an Amended Complaint. A true and accurate copy of the Amended Complaint is annexed hereto as Exhibit B.

5. On October 23, 2008, the Honorable Gerard E. Lynch entered a decision on Plaintiffs' Motion for Remand and/or Abstention, setting a deadline of November 12, 2008 for defendants to answer, move or otherwise respond to the Amended Complaint.

6. Defendants Christopher Sugrue, Phillip Bennett and RGHI have failed to answer, move or otherwise respond to Plaintiffs' Amended Complaint.

7. Jurisdiction was properly obtained over defendant Christopher Sugrue by serving him with a copy of the Amended Complaint by mail, as evidenced by Plaintiffs' Certificate of Service of the Amended Complaint, dated October 10, 2008, a true and accurate copy of which is annexed hereto as Exhibit C.

8. Jurisdiction was properly obtained over defendants Phillip Bennett and RGHI by serving their attorney, Jeffrey T. Golenbock of Golenbock, Eiseman, Assor, Bell and Peskie LLP, with a copy of the Amended Complaint by mail, as evidenced by the annexed Certificate of Service. (Ex. C).

9.     On December 5, 2008, Plaintiffs requested entry of default against Christopher Sugrue, Phillip Bennett and RGHI and submitted a declaration in support thereof dated December 4, 2008.  A true and accurate copy of Plaintiffs' Request for Entry of Default and Clerk's Certificate is attached hereto as Exhibit D.

10.     A Clerk's Certificate of Default was executed by the Deputy Clerk of Court on December 5, 2008, certifying, *inter alia*, that defendants Christophe Sugrue, Phillip Bennett and RGHI have not filed an answer or otherwise moved with respect to the Amended Complaint.  A true and accurate copy of the Clerk's Certificate of Default is attached hereto as Exhibit E.

11.     To the best of my knowledge, neither Sugrue, Bennett, nor RGHI is an infant, currently in the military or an incompetent person.

12.     As such, Plaintiffs respectfully request that default judgment be entered against defendants as follows:

   i.     Against Christopher Sugrue for Breach of Fiduciary Duty, Aiding and Abetting Breach of Fiduciary Duty, Fraud/Misrepresentation, Conversion/Aiding and Abetting Conversion, Director/Officer Liability, and Interference with a Contract/Prospective Contract, with the assessment of damages, costs, and interest awaiting the outcome of the relevant Plaintiffs' claims against non-defaulting defendants.

   ii.    Against Philip Bennett for Fraud, Breach of Fiduciary Duty, Conversion, Aiding and Abetting Breach of Fiduciary Duty, and Interference with a Contract/Prospective Contract.  Assessment of damages, costs, and interest may await the outcome of the relevant Plaintiffs' claims against non-defaulting defendants.

   iii.   Against RGHI for Aiding and Abetting Breach of Fiduciary Duty and Interference with a Contract/Prospective Contract, with the assessment of damages, costs,

and interest awaiting the outcome of the relevant Plaintiffs' claims against non-defaulting defendants.

13.     I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 17, 2011

                                                     s/ Andrew S. Dash
                                                   ANDREW S. DASH