```
                    07md1902 08 cv 7416 Transcript.txt
0001
  1            IN THE UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF NEW YORK
  2                       ----
  3
       In re: REFCO INC. SECURITIES:   07-MDL-1902(GEL)
  4    LITIGATION                  :
                                    :
  5    KENNETH M. KRYS and         :   08-Civ.07416(GEL)
       CHRISTOPHER STRIDE, as JOINT:
  6    OFFICIAL LIQUIDATORS of     :
       SPHINX LTD., et al,         :
  7    Plaintiffs                  :
               -against-           :
  8    ROBERT AARON, et al.,       :
       Defendants                  :
  9
 10                       ----
                  Friday, July 8, 2011
 11                       ----
 12
 13    In-camera proceeding held before SPECIAL MASTER
 14    RONALD J. HEDGES, ESQUIRE, at the offices of DLA
 15    PIPER, 300 Campus Drive, Suite 100, Florham Park,
 16    New Jersey, commencing at 10:13 a.m., on the above
 17    date, before Mickey Dinter, Registered Professional
 18    Reporter, Certified Court Reporter and Notary Public
 19    for the State of New Jersey.
 20
 21                       ----
 22
 23
 24                       ----
 25
0002
  1              MR. HEDGES:  Good morning.
  2    This is Special Master Hedges.  I'm
  3    conducting, without any counsel present,
  4    an in camera review of documents
  5    submitted to me in Krys v. Sugrue by Mr.
  6    Christopher Deubert of the Ginsberg &
  7    Burgos firm by letter dated May 5, 2001.
  8              This in camera is further
  9    being conducted pursuant to my Orders on
 10    discovery disputes dated March 24 and
 11    April 27, 2011, in which the latter
 12    includes my notation that any production
 13    shall be subject to an existing Federal
 14    Rule of Evidence 502(d) Order.
 15              I have before me, the
 16    declaration of Mr. Ginsberg in opposition
 17    to defendants, Mark Kavanaugh and Brian
 18    Owens', Motion to Compel the production
 19    of documents.
 20              First, let me apologize to
 21    counsel.  We had planned to do this in
 22    camera on the date of a conference with
 23    Judge Rakoff.  There was, obviously,
 24    some miscommunication between us.  I was
 25    sitting in one room and counsel were
0003
  1    sitting in another room, which is why we
  2    are doing it here today.  Let me begin
                                           Page 1
```

```
                    07md1902 08 cv 7416 Transcript.txt
 3      looking at documents.
 4                    I have redacted and unredacted
 5      copies of every document, most or all of
 6      which are e-mail chains.  As I go through
 7      the documents, I will refer to the first
 8      e-mail in a given document as the parent,
 9      later e-mails will be called children or
10      a child; and the last e-mail will be the
11      last child or the final child e-mail.  I
12      will attempt to keep those conventions
13      as we go through.
14                    First document, CM00000842
15      through 847.  I'm going to begin looking
16      at the documents now.  There are several
17      redactions in this document.  The first
18      is on Page 844; the redactions continue
19      through 842 to the ultimate child e-mail.
20      The redactions on pages 842 and the first
21      redaction on Page 843 pertain to health
22      issues.  These are irrelevant and need
23      not be provided.
24                    On Page 843, 844; and this
25      is beginning on Page 843, with an e-mail
0004
 1      from Mr. Ginsberg to PKF dated June 21,
 2      at 12:27 p.m.  I'm not prepared to say
 3      that the redaction on Page 844, Ginsberg
 4      to PKF, dated June 21, 2006, at 10:56 a.m.
 5      is irrelevant.  It appears to be relevant.
 6      It relates to prior communications; and
 7      I see nothing including the provision of
 8      any legal advice.  I will order the e-
 9      mail, June 21, 2006, 10:56 a.m., to be
10      turned over unredacted.
11                    That leaves e-mails on Page
12      843.  The first redaction, PKF to
13      Ginsberg, June 21 at 12:59 p.m., is
14      irrelevant, need not be produced.  The
15      second two e-mails on Page 843 from
16      Ginsberg to PKF dated June 21 at 12:27
17      p.m., is protected by privilege and need
18      not be produced; the second dated
19      June 21 from PKF to Mr. Ginsberg is also
20      subject to privilege and need not be
21      produced.  So, pages 842 through 847,
22      the only e-mail that should be turned
23      over is from Mr. Ginsberg to PKF dated
24      June 21 at 10:56 appearing on Page 844.
25                    Next document, CM848 through
0005
 1      852; redactions are on pages 848 and 849.
 2      These redactions appear in the first set
 3      of documents that I reviewed. My rulings
 4      are the same.  The production or non-
 5      production in the first set of documents
 6      will apply to this document as these are
 7      repeats.
 8                    Next, CM853 through 862,
 9      redactions appearing on pages 853 through
10      857.  Redactions on page 854 include, as
11      the first redaction, a footer from Mr.
12      Feighery that gives a fax number and e-
13      mail address and a statement of
                                Page 2
```

```
                    07md1902 08 cv 7416 Transcript.txt
14    confidentiality.  There's nothing
15    privileged about that.  On the other hand,
16    it's irrelevant and need not be produced.
17    The second redaction on page 854 appeared
18    in the first set of documents I reviewed,
19    as do the redactions on page 855 and
20    856.  The only "original" document to be
21    redacted is the ultimate child e-mail,
22    which appears on page 853.  There are two
23    e-mails on this pages; the first is from
24    Mr. Feighery to Patricia Peter and to
25    Andrew Feighery, "June Invoices-Sphinx
0006
 1    Board Information."  This is the re-
 2    cording of a communication between Mr.
 3    Feighery about a Plus Funds call.  I see
 4    nothing here that is privileged and it
 5    appears to be relevant.  I will order on
 6    page 853 the second e-mail, Feighery,
 7    June 21, at 1:37 p.m., to be turned over.
 8    The ultimate child e-mail on page 853 is
 9    from PKF to Feighery; that appears to be
10    subject to the attorney/client privilege,
11    if not work product protection, and I
12    will order that that redaction be sus-
13    tained.
14              Next, we have documents CM863
15    through 873; redactions begin on page 869.
16    The redaction on page 869, again, is
17    irrelevant.  It simply has an address,
18    Carnegie Hall Tower, with an e-mail
19    address mailed to Robert Malchman at
20    Plusfunds.com.  I don't see anything
21    relevant in that.  I will sustain that
22    redaction.
23              The redactions on page 868
24    repeat redactions, repeat e-mails, from
25    the first document I looked at.  My prior
0007
 1    ruling stands as to that.
 2              On page 867, there are two
 3    redactions; page 866, there are two
 4    redactions; page 865, the redactions on
 5    the top of the page, again, is footer
 6    information, including Mr. Feighery's
 7    address in Ireland and the like, and a
 8    statement of confidentiality.  Those are
 9    irrelevant.  I will not require that to
10    be produced.  The second redaction,
11    again, is a copy of an e-mail I looked
12    at in the first set.  My prior ruling
13    applies.
14              On page 864, the bottom e-
15    mail, June 21 at 1:37, is from Mr.
16    Feighery.  I ruled on this before.  This
17    is a record of a conversation he had on
18    the Plus Funds call.  That's to be
19    produced.
20              The top e-mail on page 864 is
21    a response from Mr. Ginsberg to Mr.
22    Feighery.  Mr. Ginsberg is making a
23    request of information from Mr. Feighery.
24    I see no communication that implicates
                              Page 3
```

```
                    07md1902 08 cv 7416 Transcript.txt
25      attorney/client privilege.  I will order
0008
 1      that to be turned over.  So, the
 2      redactions on page 864 are to be removed
 3      and the entire document turned over.
 4                On page 863, again, the entire
 5      bottom of the page is Mr. Feighery's
 6      footer.  It's not privileged, but it's not
 7      relevant.  It doesn't have to be turned
 8      over.  The ultimate child e-mail on the
 9      top of page 863, I see no communication
10      for the purpose of securing legal advice.
11      I will order the entire page, 863, to be
12      unredacted and turned over.
13                Next set of documents, pages
14      874 through 882; redactions begin on
15      page 874 and continue through 878.  These
16      repeat e-mails in the first documents,
17      the first set of documents, I looked at.
18      They are duplicative and need not be
19      turned over.  My prior rulings apply.
20                Next pages, 883 through 887.
21      Again, these pages repeat e-mails that
22      were contained in the first set of
23      documents I looked at.  My rulings as to
24      the first set of documents apply.  This
25      latest set need not be turned over.  It
0009
 1      would be duplicative.
 2                The next pages, 888 through
 3      891.  The redactions appear on page 888.
 4      Again, these are duplicative of the first
 5      set of documents I looked at.  These need
 6      not be turned over.  My rulings as to the
 7      first set will govern these pages.
 8                The remaining documents I
 9      must review, appear from Mr. Ginsberg's
10      affidavit to simply not have been
11      provided to counsel on the grounds that
12      the entire content of the e-mail chains
13      are privileged.  I will review each of
14      these documents separately.
15                Pages 892 through 899, these
16      documents plainly pertain, or e-mail,
17      plainly pertain to legal advice.  Other
18      than a number of e-mail which simply
19      speak about times for calls and the like,
20      those are irrelevant.  This information
21      is either irrelevant or privileged and
22      none of these pages, 892 through 899,
23      need be turned over.
24                Pages 900 through 906, with
25      the exception of irrelevant e-mail which
0010
 1      appear on pages 900 and the top of page
 2      901, pages 900 through 906 repeat pages
 3      892 through 899.  I have already con-
 4      cluded that the first set of documents,
 5      these contain either irrelevant infor-
 6      mation or privileged information.  My
 7      rulings as to 892 through 899 will control
 8      as to anything subject to privilege.  The
 9      remainder is irrelevant and merely for
                              Page 4
```

```
                    07md1902 08 cv 7416 Transcript.txt
10      the purpose of scheduling calls and the
11      like, need not be produced.  I will
12      sustain the entire redaction.
13               Pages 905, 906, Mr. Ginsberg's
14      declaration at page 8 states in paragraph
15      32 that these documents were produced on
16      or about November 29, 2010.  Counsel can
17      confer if the documents were in fact not
18      produced.  Mr. Ginsberg should make
19      these available.
20               Pages 907 through 912 are
21      repeats of pages 892 through 899.  My
22      rulings as to the first, that first set
23      of documents, apply to pages 907 through
24      912.  These need not be produced.
25               Pages 916 through 921, 922
0011
 1      through 925, again, are included within
 2      the first set of documents, pages 892 on.
 3      My rulings apply.  These documents are
 4      either irrelevant or privileged.
 5               Pages 927 through 929 also
 6      appear in the documents beginning on
 7      page 892.  The contents are either
 8      irrelevant or privileged.  927 through
 9      929 need not be produced.  Same rulings
10      as to pages 930, 931; same rulings as to
11      pages 932, 933.
12               Page 1255 through 1263 are a
13      different set of e-mails.  I'm satisfied
14      that pages 1255 through 1263 contain
15      either irrelevant information, such as
16      headers or footers, although the footers,
17      they are irrelevant, there's nothing to
18      do with them.
19               The content of the e-mail on
20      these pages plainly reflect requests for
21      or giving of legal advice.  These docu-
22      ments need not be turned over.  I will
23      sustain the non-production.  That's 1255
24      through 1263.
25               Pages 1264 through 1271, as
0012
 1      stated in Mr. Ginsberg's declaration, are
 2      a subset of pages 1255 through 1263.  My
 3      prior rulings apply.  I will sustain the
 4      non-production.
 5               I can't find pages 1272 and
 6      1273.  These are reflected in paragraph
 7      41 of Mr. Ginsberg's declaration.  They
 8      may be in the pile.  If not, counsel will
 9      either have to resolve this among them-
10      selves or get me those two pages to look
11      at.
12               Pages 1274 through 1277 are
13      a subset of pages 1255 through 1263.  My
14      prior rulings apply.
15               Page 9489 is a set of docu-
16      ments pertaining to Mr. Jon Knight,
17      identified as a consultant.  Based on
18      Mr. Ginsberg's declaration at paragraphs
19      43 through 53, I am satisfied that the
20      information contained in these pages,
                                Page 5
```

```
                    07md1902 08 cv 7416 Transcript.txt
21   consistent with the paragraphs of Mr.
22   Ginsberg's declaration, either contain
23   information which is irrelevant, such as
24   headers or footers or information subject
25   to work product, and I will sustain the
0013
 1   non-production of pages 9489 through
 2   9555.  I will also note that a number of
 3   these pages contain e-mail which are
 4   duplicative.
 5             Next pages, 372 and 373.
 6   These are addressed in paragraph 54 of
 7   Mr. Ginsberg's declaration.  Consistent
 8   with Mr. Ginsberg's declaration, it
 9   appears that the information contained in
10   pages 372 and 373 are irrelevant, need
11   not be produced.
12             I see nothing in page 397 that
13   is relevant.  It need not be produced.
14             Page 668, this page contains
15   irrelevant information and need not be
16   produced.
17             Page 10915 and 916, consistent
18   with Mr. Ginsberg's declarations and my
19   review of the documents as I have re-
20   viewed all other documents this morning,
21   I find nothing on pages 10915 or 916 that
22   are relevant.  These need not be produced.
23             Page 10951, I find nothing in
24   this document that is relevant.  It need
25   not be produced.
0014
 1             I have pages 10977 and 978 in
 2   front of me.  These are identified in
 3   paragraph 59 of Mr. Ginsberg's
 4   declaration.  I see nothing in these two
 5   pages that is relevant.  They need not
 6   be produced.
 7             Pages 10979 through 10981,
 8   these documents are a repeat of pages
 9   10977 and 978 with an additional e-mail
10   on the top of page 10979.  Again, I see
11   nothing relevant.  These need not be
12   produced.
13             Pages 1082 through 1085,
14   again, these are reflective of pages
15   10977, 978, 979 and through 981.  Some
16   are duplicative.  In any event, the in-
17   formation contained therein is irrelevant.
18   None of these documents need be produced.
19             Pages 986 through 988, I see
20   nothing relevant in these pages.  These
21   need not be produced.
22             Pages 1090 through 1095,
23   again, with one or two exceptions of
24   child e-mails, these repeat prior pages.
25   Nothing is relevant.  These documents
0015
 1   need not be produced.
 2             Last, pages 11106 through
 3   11108, these documents are irrelevant and
 4   need not be produced.
 5             For the record, I appear to
                              Page 6
```

```
                    07md1902 08 cv 7416 Transcript.txt
 6    be missing pages 1272 and 1273.  Unless
 7    counsel can work some stipulation out
 8    with regard to those pages, Mr. Ginsberg
 9    should send them to me so I can review
10    these.
11              Many of the e-mail chains that
12    I have looked at this morning are
13    duplicative of prior e-mail.  I fail to
14    see why counsel could not have worked
15    some resolution out of that rather than
16    having me look at everything multiple
17    occasions.  Nonetheless, I have ruled
18    that some pages are relevant and should
19    be produced.  The majority of the pages,
20    however, contain either irrelevant in-
21    formation or information subject to
22    attorney/client and/or work product
23    privileges.
24              Mr. Ginsberg is directed to
25    prepare a form of order describing what
0016
 1    pages should and should not be produced
 2    and to share that with counsel, along
 3    with the transcript.  Thank you.
 4       (Proceeding concluded, 11:07 a.m.)
 5                    ----
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
0017
 1              CERTIFICATION
 2
 3              I hereby certify that the
 4    proceedings in the aforegoing matter are
 5    contained fully and accurately in the
 6    stenographic notes taken by me, and that the
 7    copy is a true and correct transcript of the
 8    same.
 9
10    MICKEY DINTER
      Registered Professional Reporter
11    Certified Court Reporter XI00119 New Jersey
12
13    The foregoing certification does not apply
14    to any reproduction of the same by any means
15    unless under the direct control and/or
                                   Page 7
```

```
                        07md1902 08 cv 7416 Transcript.txt
16   supervision of the certifying shorthand
17   reporter.
18
19
20
21
22
23
24
25
```