USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 7/19/2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                                             :
In re REFCO INC. SECURITIES LITIGATION   :  Case No. 07-MD-1902 (JSR)
                                                             :
------------------------------------------------------------ X
          This document relates to:                 :
------------------------------------------------------------ X
KENNETH M. KRYS, *et al.*,                       :
                                                             :  Case No. 08-cv-3065 (JSR)
                                       Plaintiffs,   :  Case No. 08-cv-3086 (JSR)
                                                             :
          -against-                                   :  **REPORT AND**
                                                             :  **RECOMMENDATION OF THE**
CHRISTOPHER SUGRUE, *et al.*,            :  **SPECIAL MASTER ON MOTION**
                                                             :  **FOR DEFAULT JUDGMENT**
                                       Defendants. :  **AGAINST DEFENDANT THOMAS**
------------------------------------------------------------ X  **HACKL**

HEDGES, SPECIAL MASTER

This matter is before me on the motion of plaintiffs' Kenneth M. Krys and Margot MacInnis, as Joint Official Liquidators of SPhinX Ltd., *et al.* (and as assignees of certain other claims) and The Harbour Trust Co., as trustee of the SPhinX Trust "Plaintiffs") for entry of default judgment against defendant Thomas Hackl ("Hackl") pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. There was no opposition. There was no oral argument.

Having considered the motion papers, I find as follows:

1. This is an action to recover $263 million (plus interest) in damages suffered by the SPhinX family of hedge funds, the lost business enterprise value and deepening insolvency damages suffered by SPhinX's investment manager, PlusFunds Group, Inc. and damages suffered by SPhinX investors, arising from the diversion of SPhinX's cash from protected, customer-segregated accounts to unprotected offshore accounts, where those assets were ultimately lost in the so-called Refco scandal.

2.     The Complaint was filed in the Supreme Court for the State of New York, County of New York, on March 5, 2008. The action was removed by two separate groups of defendants to the United States Court for the Southern District of New York pursuant to two separate Notices of Removal filed on March 26, 2008.

3.     On April 9, 2008, this Court entered orders setting a briefing schedule in this civil action ("Scheduling Orders"). The Scheduling Orders provided that the time for defendants to answer, move or otherwise respon to the Complaint was within twenty days after entry of a decision on Plaintiffs' Motion for Remand and/or Abstention.

4.     On October 10, 2008, Plaintiffs filed and served an Amended Complaint.

5.     On October 23, 2008, the Honorable Gerard E. Lynch ruled on the motion and set a deadline of November 12, 2008 for defendants to answer, move or otherwise respond to the Amended Complaint.

6.     As evidenced by plaintiffs' certificate of service dated February 23, 2009, jurisdiction was properly obtained overHackl by serving him with a copy of the Amended Complaint by personal delivery on February 23, 2009, pursuant to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters and applicable laws of the Canton of Zürich, Switzerland.

7.     On March 24, 2009, at the request of Hackl, Plaintiffs and Hackl entered into a stipulation resetting the deadline for Hackl to respond to the Amended Complaint to May 8, 2009, which was entered by the Court on March 25, 2009. On April 27, 2009, at the request of Hackl, Plaintiffs and Hackl entered into another stipulation resetting the deadline for Hackl to respond to the Amended Complaint to June 15, 2009, which was entered by the Court on April 30, 2009. On June 15, 2009, at the request of Hackl, Plaintiffs and Hackl entered into a third

stipulation resetting the deadline for Hack to respond to the Amended Complaint to July 6, 2009, which was entered by the Court on June 16, 2009.

8. Defendant Hackl has failed to answer, move or otherwise respond to the Amended Complaint.

9. On July 17, 2009, Plaintiffs requested the entry of default against Hackl and submitted a declaration and annexed exhibits in support thereof dated July 17, 2009.

10. A Clerk's Certificate of Default was executed by the Deputy Clerk of Court on July 20, 2009, certifying, *inter alia*, that Hackl had not answered or otherwise moved with respect to the Amended Complaint.

11. Hackl is not an infant, in the military, or incompetent.

THEREFORE, IT IS RECOMMENDED that:

Default judgment be entered against defendant Thomas Hackl for Fraud, Breach of Fiduciary Duty, Conversion, Aiding and Abetting Conversion, and Interference with a Contract/Prospective Contract. The assessment of damages, costs, and interest shall await the outcome of the plaintiffs' claims against non-defaulting defendants.

New York, New York
7/19/2011

_____
RONALD J. HEDGES, SPECIAL MASTER