UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
In re REFCO INC. SECURITIES LITIGATION    :    Case No. 07-md-1902 (JSR)
                                                                 :
-----------------------------------------------------------------X

## SPECIAL MASTER ORDER ON DISCOVERY DISPUTES

WHEREAS this Court entered an Order on the 24th day of March, 2011, with respect to the subpoenas served upon Peter Ginsberg, Esq., by the attorneys for Kavanagh and Owens and the DPM defendants; and

WHEREAS Mr. Ginsberg appealed that Order on March 31, 2011, after efforts to negotiate a procedure for production that was agreeable to the parties were unsuccessful; and

WHEREAS the Honorable Jed S. Rakoff ordered that the parties submit briefing as to the substance of the appealed Order; and

WHEREAS Ginsberg & Burgos, PLLC, in an effort to settle this discovery dispute, allowed counsel for Kavanagh and Owens and the DPM Defendants to review certain documents, withheld on privilege grounds, covered by a Protective Order pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure and Rule 502(d) of the Federal Rules of Evidence and entered by the Court on January 24, 2011; and

WHEREAS on April 8, 2011, counsel met and conferred regarding the privilege claims; and

WHEREAS the parties agreed to the production of certain documents and to submit to Special Master Ronald J. Hedges for *in camera* review certain documents for which privilege is asserted; and

WHEREAS on the 8th day of July, 2011, Special Master Ronald J. Hedges conducted an in camera review of documents submitted to him by Ginsberg & Burgos PLLC by letter dated May 5, 2011; and

WHEREAS the in camera review was conducted pursuant to Orders on discovery disputes signed by Special Master Hedges on March 24, 2011, and April 27, 2011, in which the latter contains a notation that any production shall be subject to a Protective Order pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure and Rule 502(d) of the Federal Rules of Evidence entered by the Court on January 24, 2011; and

WHEREAS Special Master Hedges had before him the declaration of Peter Ginsberg in opposition to the motion to compel the production of documents filed by defendants Mark Kavanagh and Brian Owens;

SPECIAL MASTER RONALD J. HEDGES, for good cause shown, hereby orders as follows:

Mr. Ginsberg shall produce, and such production of these documents does not constitute a waiver of any privilege, attorney-client or attorney work product or otherwise, that Mr. Ginsberg or his clients would otherwise be entitled to assert with respect to any other documents, communications and information, unredacted copies of the following documents or portions of documents where indicated:

- CM00000844 – the email from Mr. Ginsberg to PKF and Andrew Feighery, dated June 21, 2006 at 10:56a.m., to be produced unredacted (*see* July 8, 2011 Transcript ("Tr.") at 4:2-24);

- CM00000849 - the email from Mr. Ginsberg to PKF and Andrew Feighery, dated June 21, 2006 at 10:56a.m., to be produced unredacted (duplicate of CM00000844) (*see* Tr. at 5:1-7);

- CM00000853 – the second email from Mr. Feighery, dated June 21, 2006 at 1:37 p.m., to be produced unredacted (*see* Tr. at 6:1-7);

- CM00000863 – entire page to be produced unredacted (*see* Tr. at 8:8-12);

- CM00000864 – entire page to be produced unredacted (*see* Tr. at 7:14 to 8:3);and

- CM00000868 – the e-mail dated June 21, 2006 at 10:56a.m., to be produced unredacted (duplicate of CM00000844) (*see* Tr. at 6:23 to 7:1).

Mr. Ginsberg is not required to produce unredacted copies of any other document reviewed by Special Master Hedges on July 8, 2011, with the exception of those documents specifically noted above; and

Mr. Ginsberg shall provide pages CM00001272-1273 to Special Master Hedges for review within ten (10) days of the date of this Order unless the parties are otherwise able to agree to the production, withholding and/or redaction of those pages; and

Mr. Ginsberg shall make available for copying all such documents produced to Messrs. Kavanagh and Owens and the DPM Defendants upon request by any other party in the actions captioned *Krys v. Sugrue*, Nos. 08 Civ. 3065 & 3086 and *Krys v. Aaron*, No. 08 Civ. 7416 subject to any such party and counsel agreeing to be bound by the terms and conditions of the instant Order.

Messrs. Kavanagh and Owens and the DPM Defendants, including their counsel, shall not make available to any party to this action, including counsel, or to any other person or entity any of the documents released pursuant to this Order, until such person or entity agrees, in writing, to be bound to the terms and conditions set forth in the instant Order and until Messrs. Kavanagh and Owens and the DPM Defendants, or their counsel, have provided to Ginsberg & Burgos twenty-four (24) hours' written advance notice of any such production.

The production of these documents to any party to this Agreement or any party who subsequently makes a request for such documents does not constitute a waiver of any privilege, attorney-client or attorney work product or otherwise, that Mr. Ginsberg or his clients would

3

otherwise be entitled to assert with respect to any other documents, communications and information.

Each party seeking such production shall bear its own cost of production, including the cost of copying such documents.

SO ORDERED this 15 day of July, 2011

_____
HON. RONALD J. HEDGES
SPECIAL MASTER