UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                             :
In re REFCO, INC. Securities Litigation                      :   07 MDL 1902 (JSR)
                                                             :
------------------------------------------------------------ x
                                                             :
This document applies to:                                    :
                                                             :   **Electronically filed**
THOMAS H. LEE EQUITY FUND V, L.P.,                           :
THOMAS H. LEE PARALLEL FUND V, L.P.,                         :
and THOMAS H. LEE EQUITY (CAYMAN)                            :   07 Civ. 8663 (JSR)
FUND V, L.P.,                                                :
                                                             :
      Plaintiffs/Counterclaim-Defendants,                    :
                                                             :
              v.                                             :
                                                             :
GRANT THORNTON LLP,                                          :
                                                             :
      Defendant/Counterclaim-Plaintiff.                      :
------------------------------------------------------------ x


## MEMORANDUM OF LAW IN OPPOSITION TO
## TH LEE'S MOTION TO STRIKE THE EXPERT OPINION OF PETER KAUFMAN


                              WINSTON & STRAWN LLP
                              200 Park Avenue
                              New York, New York 10166
                              (212) 294-6700

                              35 West Wacker Drive
                              Chicago, Illinois 60601
                              (312) 558-5600

                              *Attorneys for Defendant Grant Thornton LLP*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

BACKGROUND ..............................................................................................................................2

ARGUMENT....................................................................................................................................6

    I.    Kaufman's report was produced after the close of expert discovery only because TH Lee itself presented a new theory and new opinions on the eve of trial........................................................................................7

    II.    Grant Thornton would be greatly prejudiced by the exclusion of the report—and TH Lee would suffer no material prejudice if it is allowed to stand. ................................................................................................9

CONCLUSION................................................................................................................................10

# TABLE OF AUTHORITIES

**CASES** **PAGE**

*Complaint of Kreta Shipping, S.A.*,
   181 F.R.D. 273, 277 (S.D.N.Y. 1998) .................................................................... 6

*Continental Casualty Co. v. PricewaterhouseCoopers, LLP*,
   15 N.Y.3d 264, 933 N.E.2d 738, 907 N.Y.S.2d 139 (2010) ...................................... 2

   15 N.Y.3d at 271-72, 933 N.E.2d at 742, 907 N.Y.S.2d at 143 ................................. 3

*Design Strategy, Inc. v. Davis*,
   469 F.3d 284 (2d. Cir. 2006) ................................................................................ 6

*Nippo Corp./Int'l Bridge Corp v. AMEC Earth & Envtl., Inc.*,
   No. 09 Civ. 0956, 2011 WL 1196922 (E.D.Pa. March 30, 2011) ............................... 8

*Novomoskovsk Joint Stock Co. "Azot" v. Revson*,
   No. 95 Civ. 5399, 1998 WL 804712 (S.D.N.Y. Nov. 12, 1998) ................................. 9

*Rmed Int'l, Inc. v. Sloan's Supermarkets, Inc.*,
   No. 94 Civ. 5587, 2002 WL 31780188, at * 3 (S.D.N.Y. Dec. 11, 2002) .................... 6

*Wald v. Costco Wholesale Corp.*,
   No. 03 Civ. 6308, 2005 WL 425864 (S.D.N.Y. Feb. 22, 2005) ................................. 9

*Wechsler v. Hunt Health Systems, Ltd.*,
   381 F. Supp. 2d 135 (S.D.N.Y. 2003) .................................................................... 6

**OTHER AUTHORITIES** **PAGE**

Federal Rule of Civil Procedure 26 ....................................................................... 6

Local Rule 56.1 ................................................................................................. 5

Federal Rule of Evidence 702 .............................................................................. 1

Federal Rule of Evidence 702 .............................................................................. 4

Federal Rule of Evidence 702 .............................................................................. 8

**PRELIMINARY STATEMENT**

TH Lee's motion to strike Peter Kaufman's report is a waste of precious time. Kaufman's report is a *rebuttal* report—rebutting purported lay opinions presented by TH Lee executive Scott Schoen in a Court-ordered deposition only two months ago. The topics on which Schoen opined were not even part of TH Lee's case until summary judgment, when TH Lee introduced an entirely new damages theory long after the close of discovery—a theory that its damages expert had never explored. In light of this history, it is absurd to suggest that Grant Thornton should have offered Kaufman's rebuttal report during expert discovery. At that time, there was nothing for Kaufman to rebut.

The report is also anything but a "surprise." Mem. re Mot. to Strike at 7. Grant Thornton asked this Court to order a deposition on Schoen's anticipated lay opinion testimony precisely so that it could "retain and rely on a Rule 702 expert to rebut it." Grant Thornton's Obj. to R&R on its Mot. for Summ. J. (Dkt. 216) at 24. The Court allowed the deposition, and Grant Thornton notified TH Lee within days after that deposition that it would be retaining a rebuttal expert on restructuring. Grant Thornton served its rebuttal report with five weeks to go before trial. Under the circumstances, the report is both timely and appropriate.

Excluding Kaufman's report would create tremendous prejudice for Grant Thornton. To rebut Schoen's purported lay opinions, Grant Thornton had no choice but to seek the help of an expert. Unlike TH Lee, Grant Thornton has no one on its staff with the kind of "extensive knowledge" about Refco's business that Scott Schoen has. One of the great ironies of this case is that the *plaintiff*—private equity investor TH Lee—has always had more extensive knowledge about the subject of the fraud than the defendant does. Scott Schoen claims to have gained "extensive knowledge of Refco both before and after" the acquisition, when TH Lee became Refco's controlling shareholder and Schoen (and others) became Board members and Refco

insiders.  Report & Recommendation on Grant Thornton's Mot. for Summ. J. ("SJ R&R") (Dkt. 214) at 10.  Grant Thornton, on the other hand, was *never* a Refco insider.  If anything, TH Lee's admittedly superior knowledge of Refco should be a barrier to its claims—not a tactical advantage.  The motion to strike Kaufman's report should be denied.

## BACKGROUND

From the beginning, TH Lee's claims have been based on the allegation that it was fraudulently induced "to consummate" its August 2004 leveraged buy-out ("LBO") of Refco.  Compl. ¶ 95 (Dkt. 2); *see also, e.g.*, *id.* ¶ 1 (TH Lee was induced "to invest" in Refco).  TH Lee quantified its damages as the difference between what it paid for its investment in August 2004 and what it has actually recovered over the years.  In other words, its damages calculation starts with the entire $462 million purchase price and subtracts or "offsets" various payments TH Lee received over the course of its investment.  TH Lee presented this damages calculation through proposed expert Jerry Hausman, who submitted two reports and was deposed at length.

As a matter of New York law, however, a plaintiff's recovery for fraud is limited to "date-of-investment" damages.  That measure refers to the difference between what the investor paid for the investment and what it was truly worth at the time, absent the fraud.  *See Continental Cas. Co. v. PricewaterhouseCoopers, LLP*, 15 N.Y.3d 264, 271, 933 N.E.2d 738, 742, 907 N.Y.S.2d 139, 143 (2010).  Hausman did not provide an opinion under this measure.  He testified that he was not asked to perform such an analysis and did not even know how it could be done.  Hausman 10/15/10 Dep. at 94:20-95:2, 96:11-20 (Ex. A to Decl. of Beth A. Tagliamonti, filed today).  He also admitted that he had no experience in this sort of analysis.  *Id.* at 98:19-101:6.

In light of Hausman's failure to provide an opinion on this subject, Grant Thornton moved for summary judgment on the ground that TH Lee had developed no evidence of damages properly measured under New York law.  *See Cont'l Cas. Co.*, 15 N.Y.3d at 271-72, 933 N.E.2d

at 742, 907 N.Y.S.2d at 143 (affirming grant of summary judgment for defendant on exactly this basis). TH Lee made several arguments in response, each of which depended on making fundamental changes to its case long after the close of discovery. First, TH Lee introduced *a brand new legal theory*, arguing for the first time that it was fraudulently induced not only to purchase its interest in Refco but to hold that interest as well, which (TH Lee argued) brought this case within an exception to the date-of-investment rule. Second, TH Lee introduced *a brand new damages theory*, asserting that the true date-of-investment value of Refco was zero. TH Lee argued that it did not need an expert for this theory, claiming that it could introduce lay opinion testimony by Scott Schoen. Third, and alternatively, TH Lee argued that it should be allowed to go back to its damages expert to obtain a new opinion on date-of-investment damages (even though Hausman had already disclaimed any expertise in such calculations).

Special Master Capra recommended that Grant Thornton's motion be denied, concluding that TH Lee had raised a factual question for trial on whether it "held" its investment in reliance on Grant Thornton. SJ R&R at 10-11. He also concluded that if TH Lee was required to establish date-of-investment damages, it could proffer Schoen's lay opinions at trial. *Id.* Special Master Capra reached no conclusion on TH Lee's argument that it should be allowed to ask Hausman to submit a new expert report on damages. On that issue, he merely noted that "it appears that the equities favor GT." *Id.* at 10. But because Special Master Capra's assignment did not encompass discovery matters, he instructed TH Lee to petition Special Master Hedges if it wished to present a new opinion from Hausman. *Id.* TH Lee ultimately declined to do so.

Grant Thornton objected to the Report and Recommendation on several grounds. Among other things, Grant Thornton argued that it was simply too late for TH Lee—as plaintiff—to introduce a new theory, expert report, or lay opinion on damages. At a minimum, however,

3

Grant Thornton argued that it should be "given the opportunity to hear Mr. Schoen's lay opinion in advance so that it may retain and rely on a Rule 702 expert to rebut it." Grant Thornton's Obj. to R&R on its Mot. for Summ. J. (Dkt 216) at 24. This Court agreed to that request, ordering TH Lee to make Scott Schoen available for deposition if it intended to present the jury with a lay opinion. 5/27/11 Order (Dkt. 241) at 2. The Court explicitly stated it was making no determination as to the admissibility of any lay opinion on these subjects. *Id*. In all other respects, Grant Thornton's objection was overruled.

Schoen's reopened deposition was held on June 9, 2011. At that time, the trial was set to begin thirty-two days later—on July 11, 2011. Although Schoen had been deposed twice before, those depositions took place at a time when TH Lee was proceeding under a different damages theory and was not relying on any lay opinions. Accordingly, the June 9, 2011 deposition represented Grant Thornton's first and only opportunity to learn what lay opinions Schoen intended to offer at trial and how he formed those opinions.

According to his deposition, Schoen will opine at trial that Refco was worth zero when TH Lee bought it. Schoen 6/9/11 Dep. at 1422:16-1423:14 (Ex. B to Tagliamonti Decl.).[1] This opinion is based on Schoen's admittedly speculative view that the run on the bank that led to Refco's collapse in October 2005 would also have happened if the fraud had been discovered on August 4, 2004, the date of the LBO. *Id.* at 1423:15-1425:25. Underlying all these opinions,

---

[1] All Scott Schoen deposition transcripts were initially designated by TH Lee as "confidential." TH Lee has since waived the confidentiality protection for these transcripts and has publicly filed the Kaufman report, which cites the transcripts. Therefore, both this brief and its exhibits have been filed publicly as well.

4

apparently, is Schoen's assumption that no matter when the fraud was discovered, a run on the bank was inevitable.[2]

Schoen acknowledged that at his prior depositions, he declined to answer several questions on related issues on the grounds that the answer would require him to speculate. *Id.* at 1439:5-14, 1441:4-5. In fact, even when he did answer such questions, he made clear that his response was merely "speculation." For example, when he was asked if Refco would have been forced to file for bankruptcy if the receivable had been disclosed at the time of the acquisition, he prefaced his response by stating, "Again, this is obviously, again, we're now in the land of speculation. . . ." Schoen 9/25/09 Dep. at 895:17-896:4 (Ex. C to Tagliamonti Decl.). At that time, Grant Thornton had no reason to believe that this admitted "speculation" would become the basis for lay opinions that are critical to TH Lee's case. Now, however, Schoen insists that this speculation is "appropriate" because it is "tied to [his] actual experience." Schoen 6/9/11 Dep. at 1452:9-19, 1455:4-16.

TH Lee admits that within days of Schoen's June 9, 2011 deposition, it was on notice that Grant Thornton would be retaining and relying on a restructuring expert to rebut Schoen's opinion. *See* Mem. re Mot. to Strike at 5 & Ex. 5 (pretrial disclosures exchanged on June 13, 2011). Shortly thereafter, the trial date was reset for September 12, 2011. On August 8, 2011—five weeks before trial—Grant Thornton served TH Lee with the rebuttal report of restructuring expert Peter Kaufman. Kaufman's report rebuts Schoen's purported lay opinions—including his

---

[2] TH Lee states repeatedly that Grant Thornton has "conceded" that Refco's collapse was caused by the Refco insiders' fraud. *E.g.*, Mem. re Mot. to Strike at 3. That is a red herring. Grant Thornton has never conceded that Refco's bankruptcy was inevitable either in October 2005 or in August 2004. And in any event, the assertions in the Rule 56.1 statement were made only in the context of the summary judgment record. Having ***lost*** its motion for summary judgment, Grant Thornton is not judicially estopped from putting TH Lee to its proof on all the elements of its claims. The jury will come to its own conclusions based on the evidence presented at trial.

5

admittedly speculative opinion that once the fraud was discovered, Refco's collapse was inevitable and would have occurred the same way if the fraud had been discovered more than a year earlier, at the time of the LBO.

## ARGUMENT

Courts recognize that the "exclusion of expert testimony is a drastic remedy." *Wechsler v. Hunt Health Systems, Ltd.*, 381 F. Supp. 2d 135, 155 (S.D.N.Y. 2003) (quotations omitted); *see also Rmed Int'l, Inc. v. Sloan's Supermarkets, Inc.*, No. 94 Civ. 5587, 2002 WL 31780188, at * 3 (S.D.N.Y. Dec. 11, 2002) (quotations omitted). Striking a report is a "harsh penalty" that "may at times tend to frustrate the Federal Rules' overarching objective of doing substantial justice to litigants." *Complaint of Kreta Shipping, S.A.*, 181 F.R.D. 273, 277 (S.D.N.Y. 1998) (citations omitted). In determining whether to exclude a report disclosed after the deadlines under Rule 26, the Court balances the explanation for the supposed untimeliness, the importance of the witness's testimony, the prejudice suffered by the opposing party, and the possibility of a continuance (if necessary). *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d. Cir. 2006).

For the reasons set forth below, these factors point definitively in favor of denying TH Lee's motion. Grant Thornton disclosed this rebuttal expert and proffered his report promptly after being placed on notice of TH Lee's new damages theory and having an opportunity to explore Schoen's purported lay opinions in a Court-ordered deposition. Further, Grant Thornton would be greatly prejudiced if TH Lee were permitted to take advantage of its superior knowledge of Refco by presenting lay opinions that Grant Thornton's own lay witnesses have no ability to rebut. For its part, TH Lee will suffer no material prejudice (and needs no continuance). Its own counsel has recognized that depositions happen immediately before trial "all the time." These factors all demonstrate that TH Lee's motion must be denied.

**I.    Kaufman's report was produced after the close of expert discovery only because TH Lee itself presented a new theory and new opinions on the eve of trial.**

Under the circumstances, the fact that Kaufman's report was served after the close of expert discovery does not make it "untimely." Kaufman's report rebuts Schoen's purported lay opinions on damages, which were first disclosed and explored in deposition long after the close of discovery. TH Lee's only argument to the contrary is that Schoen's original deposition also included some speculation about what caused the collapse of Refco—speculation that supposedly now forms the basis for Schoen's lay opinions. This misses the point.

During discovery, Schoen was deposed as a *fact* witness—not as an opinion witness on damages for purposes of this case. He was deposed on many topics by many different lawyers, under the protocol established for the MDL. The hypothetical questions concerning what might have happened to Refco under different circumstances were posed by counsel for the Trustee and for other parties—not by counsel for Grant Thornton. Yes, Schoen offered some "speculation" in response to these questions. *E.g.*, Ex. C at 895:17-896:4. But Grant Thornton had no reason to believe that TH Lee would attempt to use such "speculation" from Schoen as the basis for a lay opinion on damages. So, there was no reason for Grant Thornton to question Schoen about the scope of any opinions he planned to offer at trial or to explore the basis for such opinions.

Similarly, during expert discovery, there was no reason for Grant Thornton to proffer an expert to rebut any lay opinion relating to damages. TH Lee had already identified a damages expert, and Grant Thornton produced its own expert in response. But Hausman had provided no opinion on the issue of date-of-investment damages and, in fact, admitted that such an opinion would be outside his expertise. The only reasonable conclusion at the time was that TH Lee intended to demand a different measure of damages. Again, that is why Grant Thornton moved for summary judgment—based on TH Lee's failure to develop evidence under the date-of-

7

investment measure of damages set forth under New York law. TH Lee admits as much: it agrees that Grant Thornton's motion for summary judgment was "based on the fact that TH [Lee] had not used this measure of damages." Mem. re *Daubert* Mot. to Limit Expert Testimony of J. McConnell at 22 (served on August 15, 2011).

In short, there was no date-of-investment theory, expert report, or lay opinion in this case at all until long after the close of fact and expert discovery. That is why discovery was effectively reopened for Schoen's deposition just two months ago. The entire purpose of that deposition was to give Grant Thornton an opportunity to ask Schoen what his lay opinion testimony would be, to explore the basis for that testimony, and to "retain and rely on a Rule 702 expert to rebut it." Grant Thornton's Obj. to R&R on its Mot. for Summ. J. (Dkt. 216) at 24. Within four days of the deposition, Grant Thornton had disclosed that it would indeed be retaining a rebuttal expert on restructuring (*see supra* at 5), and it served the expert report with five weeks to go before trial. The report is not untimely at all—and its submission after the close of expert discover is entirely justified.

TH Lee's argument that Grant Thornton ***cannot*** use an expert to rebut a lay opinion has no support in the Federal Rules. TH Lee cites *Nippo Corp./Int'l Bridge Corp v. AMEC Earth & Envtl., Inc.*, No. 09 Civ. 0956, 2011 WL 1196922 (E.D. Pa. March 30, 2011), but that case holds only that "rebuttal reports may not be used to contradict or rebut fact witnesses." Mem. re Mot. to Strike at 7-8. Here, Schoen is claiming to be ***more*** than a "fact witness[]." Grant Thornton must be granted the opportunity to rebut his opinions, and it cannot do so without an expert.

Finally, TH Lee cannot complain that Grant Thornton did not specifically seek leave of court before submitting Kaufman's report. TH Lee has known for ***months*** that Grant Thornton intended to retain a rebuttal expert after taking Schoen's reopened deposition. Indeed, that

8

intention was an explicit part of Grant Thornton's request for this Court's permission to re-depose Schoen. Grant Thornton's Obj. to R&R on its Mot. for Summ. J. (Dkt. 216) at 24. And none of the cases TH Lee cites excludes a report that was submitted to rebut opinion testimony that itself was not disclosed until after the close of discovery. Mem. re Mot. to Strike at 7 (citing *Wald v. Costco Wholesale Corp.*, No. 03 Civ. 6308, 2005 WL 425864, at *5 (S.D.N.Y. Feb. 22, 2005) and *Novomoskovsk Joint Stock Co. "Azot" v. Revson*, No. 95 Civ. 5399, 1998 WL 804712 at *1 (S.D.N.Y. Nov. 12, 1998)). In the end, it was **TH Lee** that changed its theory and inserted new opinions into this case long after the close of expert discovery. Under the circumstances, TH Lee has no basis to complain about the procedure or timing of this rebuttal report.

## II. Grant Thornton would be greatly prejudiced by the exclusion of the report—and TH Lee would suffer no material prejudice if it is allowed to stand.

Excluding the Kaufman report would put Grant Thornton as a tremendous and unfair disadvantage. Effectively, TH Lee introduced an entirely new damages theory at the eleventh hour and happens to have a senior executive on its staff who can purportedly offer last-minute lay opinion testimony to support it. Grant Thornton has moved *in limine* to exclude Schoen's lay opinions—including because they are the product of pure speculation. If Schoen's opinion testimony is allowed, however, Grant Thornton must be given a chance to rebut it, and it can only do so with the help of an expert witness. Unlike TH Lee, Grant Thornton does not have any partner or employee on its staff who was so intimately involved with Refco that he can claim to offer a lay opinion about its "true value" at the time of the LBO. To allow TH Lee to use its superior knowledge of Refco to gain such an unfair advantage would be the height of irony. TH Lee's superior knowledge of Refco should *defeat* its claims for damages, not advance them.

TH Lee cannot claim any comparable prejudice. Indeed, this entire situation is the product of TH Lee's own choice not to present an expert report on date-of-investment damages

9

during the period for expert discovery. Further, Kaufman has been and remains available for deposition, though TH Lee has allowed two weeks to elapse without even attempting to schedule one. As TH Lee's counsel argued while seeking to offer new expert opinions of its own, "People take depositions right before trial all the time. It's not a big deal. Let's do that." 2/17/11 Hearing Tr. at 110:21-24 (Ex. D to Tagliamonti Decl.). Schoen's deposition—which was Grant Thornton's first and only chance to identify, explore, and potentially rebut Schoen's purported lay opinions—was held only thirty-two days in advance of trial. The trial was later moved, and Grant Thornton served Kaufman's report even further in advance—thirty-*five* days before trial. Under these circumstances, the Kaufman report cannot possibly prejudice TH Lee.

Remarkably, TH Lee argues that Grant Thornton is "estopped" from arguing that TH Lee is not prejudiced by the timing of Kaufman's report. TH Lee claims that Grant Thornton argued "successfully" that it was too late for TH Lee to ask its damages expert to provide a new, post-discovery opinion on date-of-investment damages. Mem. re Mot. to Strike at 10. Of course, the question whether the plaintiff should be allowed to interject a new damages opinion on the eve of trial has nothing to do with whether the defendant should be permitted to *rebut* an opinion that the plaintiff has already interjected. And in any event, Grant Thornton's effort to block a new expert report was not "successful," as Special Master Capra simply referred the question to Special Master Hedges. SJ R&R at 10. It was TH Lee itself who decided not to pursue it.

## CONCLUSION

The Kaufman report is a *rebuttal* report, responding to opinions that TH Lee presented for the first time on the eve of trial, long after the close of discovery. To bar Grant Thornton from presenting a rebuttal expert would be to allow TH Lee to turn its superior knowledge of Refco into a tremendously unfair advantage at trial. The motion to strike should be denied.

Dated: August 22, 2011
     New York, New York

Respectfully submitted,

WINSTON & STRAWN LLP

         /s                   
By: Linda T. Coberly

*Of Counsel:*

Margaret Maxwell Zagel
Kenneth Cunningham
Tracy W. Berry
GRANT THORNTON LLP
175 West Jackson, 20th Floor
Chicago, Illinois 60604
Ph: 312-856-0001
Fax: 312-565-3473

Bruce R. Braun (bbraun@winston.com)
Catherine W. Joyce (cjoyce@winston.com)
Linda T. Coberly (lcoberly@winston.com)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
Ph: 312-558-5600
Fax: 312-558-5700

Beth A. Tagliamonti
(btagliamonti@winston.com)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Ph: 212-294-6700
Fax: 212-294-4700

*Attorneys for Grant Thornton LLP*