UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: REFCO INC. SECURITIES LITIGATION | Case No. 07 MDL 1902 (JSR) |
| This document applies to:<br><br>MARC S. KIRSCHNER,<br>As Trustee of the Refco Private Actions Trust,<br><br>                  Plaintiff,<br><br>     v.<br><br>PHILLIP R. BENNETT, SANTO C. MAGGIO, ROBERT C. TROSTEN, MAYER, BROWN LLP, MAYER BROWN INTERNATIONAL LLP, and GRANT THORNTON LLP,<br><br>                  Defendants. | Case No. 07 Civ. 8165 (JSR)<br><br>(REDACTED VERSION) |
| GRANT THORNTON LLP,<br><br>                  Defendant/Third-Party Plaintiff,<br><br>     v.<br><br>THOMAS H. LEE PARTNERS, L.P.; THL EQUITY ADVISORS V, LLC; THL MANAGERS V, LLC; THOMAS H. LEE EQUITY FUND V, L.P.; THOMAS H. LEE PARALLEL FUND V, L.P., THOMAS H. LEE EQUITY (CAYMAN) FUND V, L.P., THOMAS H. LEE; DAVID V. HARKINS; SCOTT L. JAECKEL; and SCOTT A. SCHOEN,<br><br>                  Third-Party Defendants. | |

**MEMORANDUM IN SUPPORT OF THE THL DEFENDANTS' MOTION TO DISMISS
<u>GRANT THORNTON LLP'S THIRD-PARTY COMPLAINT FOR CONTRIBUTION</u>**

# TABLE OF AUTHORITIES

Page

**Cases:**

*Kelly v. New York Tel. Co.*, 473 N.Y.S.2d 480, 481 (App. Div. 1984) ............................................4

*Madaffari v. Wilmod Co.*, 409 N.Y.S.2d 587, 589-90 (Sup. Ct. 1978) ............................................4

**Statutes:**

N.Y. Gen. Oblig. Law § 15-108................................................................................................. 3-4

N.Y. Gen. Oblig. Law § 15-108(a) ...............................................................................................4

**PRELIMINARY STATEMENT**

Grant Thornton's ("GT") Third-Party Complaint for Contribution against the THL Defendants should be dismissed because the THL Defendants have now settled with and obtained a release from the Private Actions Trustee ("Trustee") for any liability to the Trustee arising out of this action. Such a release bars GT's claim for contribution against the THL Defendants as a matter of New York statutory law, and GT's Third-Party Complaint must be dismissed with prejudice.

**BACKGROUND**

On August 27, 2007, the Trustee, on behalf of certain foreign exchange customers ("FX customers") of Refco affiliate Refco Capital Markets Ltd. ("RCM"), sued Refco insiders Phillip Bennett, Santo Maggio, and Robert Trosten (collectively, the "Insiders") for fraud, breach of fiduciary duty, and conversion. *See* Compl. (Dkt. Nos. 1-2, 1-3) (filed Aug. 27, 2007). The Trustee also sued GT for aiding and abetting these wrongs. Subsequently, the Trustee amended its complaint, alleging that the Refco Insiders fraudulently induced the FX customers to deposit money at RCM without disclosing that RCM was "hopelessly insolvent." The Trustee added a corresponding claim against GT for aiding and abetting this fraudulent inducement. *See* Am. Compl. ¶¶ 290-294, 325-328 (Dkt. No. 130) (filed Dec. 8, 2009). After failing to have the Trustee's Amended Complaint dismissed, on February 16, 2011, GT filed a Third-Party Complaint for contribution against the THL Defendants.

On February 28, 2011, the THL Defendants entered into a settlement agreement with the Trustee (as Trustee of the Private Actions Trust and the Refco Litigation Trust) to settle all existing and potential Refco-related claims of the Trustee against the THL Defendants. *See* Trustee Settlement Agreement and General Release ("Trustee Settlement Agreement") §§ II.A.1,

II.F (Huff Decl., Exh. 1); *see also* Report and Recommendation of the Special Master on Motions for (I) Preliminary Approval of Settlement With the THL Defendants, (II) Preliminary Certification of the Class for Purposes of Settlement, and (III) Approval of Notice to Class at 2 ("R&R"), *In re Refco Capital Markets, Ltd. Brokerage Customer Securities Litig.*, 06 Civ. 00643(GEL) (Dkt. No. 291) (filed April 15, 2011). In recommending preliminary approval of one component of the settlement, the Special Master noted that the settlement "was the product of serious, informed, noncollusive negotiations" and that "the amounts recovered from the Settling Defendants are based on a well-informed and intelligent assessment of the relative strength of the claims and the amount of potential recoveries against the Settling Defendants." R&R at 10.

   The Trustee Settlement Agreement has now become final based on Judge Rakoff's approval of the class component of the settlement and the filing of the dismissal orders. *See* Exh. 1 § M; *see also* Judgment and Order of Dismissal with Prejudice, *In re Refco Capital Markets, Ltd. Brokerage Customer Securities Litig.*, 06 Civ. 00643(GEL) (Dkt. No. 312) (filed Aug. 5, 2011); Joint Stipulation of Dismissal With Prejudice, *Kirschner v. Thomas H. Lee Partners, L.P. et al.*, 07 Civ. 7074(JSR) (Dkt. No. 197) (filed Aug. 11, 2011); Notice of Voluntary Dismissal With Prejudice As Against the THL Defendants Only, *Capital Management Select Fund Ltd. et al. v. Bennett et al.*, 08 Civ. 9810(JSR) (Dkt. No. 75) (filed Aug. 11, 2011); Stipulation, *Capital Management Select Fund Ltd. et al. v. Bennett et al.*, 08-6166-cv (2d Cir.) (dated Aug. 4, 2011); Stipulation, *VR Global Partners, L.P. et al. v. Bennett et al.*, 08-6230-cv (2d Cir.) (dated Aug. 4, 2011).

   As part of the Trustee Settlement Agreement, the THL Defendants and the Trustee specifically settled any and all potential liability the THL Defendants may have relating to the

instant case, and the Trustee granted the THL Defendants a release in the instant case. *See* Exh. 1 § L (███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████).

## ARGUMENT

The THL Defendants' settlement with and release from the plaintiff in this case bars GT's Third-Party Complaint for contribution against the THL Defendants as a matter of New York statutory law. Under New York law, once an alleged tortfeasor is released by the injured person, that alleged tortfeasor is relieved of any liability to another alleged joint tortfeasor for contribution. This rule is set forth in N.Y. Gen. Oblig. Law § 15-108, which provides:

> (a) Effect of release of or covenant not to sue tortfeasors. When a release or a covenant not to sue or not to enforce a judgment is given to one of two or more persons liable or claimed to be liable in tort for the same injury, or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms expressly so provide, but it reduces the claim of the releasor against the other tortfeasors to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, or in the amount of the released tortfeasor's equitable share of the damages under article fourteen of the civil practice law and rules, whichever is the greatest.
>
> (b) Release of tortfeasor. A release given in good faith by the injured person to one tortfeasor as provided in subdivision (a) relieves him from liability to any other person for contribution as provided in article fourteen of the civil practice law and rules.
>
> (c) Waiver of contribution. A tortfeasor who has obtained his own release from liability shall not be entitled to contribution from any other person.
>
> (d) Releases and covenants within the scope of this section. A release or a covenant not to sue between a plaintiff or claimant and a person who is liable or

3

>claimed to be liable in tort shall be deemed a release or covenant for the purposes of this section only if:
>>(1) the plaintiff or claimant receives, as part of the agreement, monetary consideration greater than one dollar;
>>(2) the release or covenant completely or substantially terminates the dispute between the plaintiff or claimant and the person who was claimed to be liable; and
>>(3) such release or covenant is provided prior to entry of judgment.

Under the plain terms of sub-section (b), the Trustee's release of the THL Defendants relieves them of liability to GT for contribution. There can be no dispute that the release given to the THL Defendants meets all of the conditions set forth in sub-section (d) of the statute: (1) the Trustee received consideration of more than $1; (2) the release completely terminated the dispute between the Trustee and the THL Defendants; and (3) the release was provided to the THL Defendants prior to the entry of any judgment against the THL Defendants in this case.

The rationale for this rule releasing the THL Defendants from liability from contribution is that there is no need for GT to claim contribution from the THL Defendants, since, to the extent GT is found liable to the Trustee in this case, GT may claim a credit for the greater of the amount of the THL Defendants' equitable share of the liability in this case or the amount paid by the THL Defendants for the release. *See* N.Y. Gen. Oblig. Law § 15-108(a).

Courts have routinely dismissed cases under this rule in circumstances similar to those here. *See Kelly v. New York Tel. Co.*, 473 N.Y.S.2d 480, 481 (App. Div. 1984) (reversing lower court's failure to dismiss the third-party complaint and stating that "Plaintiff in the main action has released appellant in exchange for substantial consideration. Therefore, as a settling tort-feasor with no potential liability for contribution, appellant is entitled to dismissal of the third-party complaint."); *see also, e.g., Madaffari v. Wilmod Co.*, 409 N.Y.S.2d 587, 589-90 (Sup. Ct. 1978) (dismissing third party complaint because of settlement between original plaintiff and third-party defendant). The release given to the THL Defendants from the Trustee falls squarely

4

within the provision of New York law releasing settling alleged tortfeasors from liability to others for contribution when they have settled with the plaintiff. As such, GT's claim for contribution against the THL Defendants must be dismissed.

## CONCLUSION

For the reasons set forth above, GT's Third-Party Complaint for Contribution should be dismissed with prejudice.

Dated: August 24, 2011
Washington, D.C.

KELLOGG, HUBER, HANSEN, TODD
EVANS & FIGEL, P.L.L.C.

By: /s/ Kevin Huff

Mark C. Hansen
Kevin B. Huff (KH-9284)
Rebecca A. Beynon
khuff@khhte.com
1615 M Street, N.W., Suite 400
Washington, DC 20036
Tel.: (202) 326-7900
Fax: (202) 326-7999

WEIL GOTSHAL & MANGES LLP

Greg A. Danilow (GD-1621)
767 Fifth Avenue
New York, New York 10153
Tel.: (212) 310-8000

*Attorneys for Thomas H. Lee Partners, L.P., THL Equity Advisors V, LLC, THL Managers V, LLC, Thomas H. Lee Equity Fund V, L.P., Thomas H. Lee Parallel Fund V, L.P., Thomas H. Lee Equity (Cayman) Fund V, L.P., Thomas H. Lee, David V. Harkins, Scott L. Jaeckel, and Scott A. Schoen*