UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re REFCO INC. SECURITIES LITIGATION | Case No. 07-MD-1902 (JSR) |

This Document Relates to:

| | |
|---|---|
| KENNETH M. KRYS, *et al.*,<br><br>                              Plaintiffs,<br><br>        -against-<br><br>CHRISTOPHER SUGRUE, *et al.*,<br><br>                              Defendants. | Case No. 08-CV-3065 (JSR)<br>Case No. 08-CV-3086 (JSR) |

**SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF
THE THL DEFENDANTS' MOTION TO DISMISS**

| | |
|---|---|
| PAUL, WEISS, RIFKIND,<br>    WHARTON & GARRISON LLP<br>Richard A. Rosen<br>Walter Rieman<br>1285 Avenue of the Americas<br>New York, New York  10019-6064<br>Tel.: (212) 373-3000<br>Fax:  (212) 757-3990 | WEIL, GOTSHAL & MANGES LLP<br>Greg A. Danilow<br>767 Fifth Avenue<br>New York, New York  10153-0003<br>Tel.: (212) 310-8000<br>Fax:  (212) 310-8007 |

Attorneys for Defendants Thomas H. Lee Partners, L.P.,
THL Managers V LLC, Thomas H. Lee Advisors LLC,
Thomas H. Lee Equity Fund V, L.P., Thomas H. Lee
Parallel Fund V, L.P., Thomas H. Lee Equity (Cayman)
Fund V, L.P., THL Equity Advisors V, LLC, Thomas H.
Lee Investors Limited Partnership, The 1997 Thomas H.
Lee Nominee Trust, Thomas H. Lee, David V. Harkins,
Scott L. Jaeckel, and Scott A. Schoen

## Table of Contents

    **Page**

Table of Authorities ................................................................................................................ ii

Preliminary Statement ............................................................................................................. 1

Background ............................................................................................................................. 2

    A.    The Special Master's Standing-Related Report and Recommendation of February 3, 2010, Which Recommended Dismissal of Certain Claims Against the THL Defendants Without Prejudice on the Ground that the Claims Were Derivative in Nature ................................... 2

    B.    By Order Entered March 31, 2010, Judge Rakoff Adopts the Special Master's Conclusions and Dismisses Without Prejudice Certain Claims Asserted Against the THL Defendants ............................... 3

    C.    The Second Circuit Affirms the Dismissal of the Refco Trustee's Claims Under the Doctrine of *in Pari Delicto* Against a Group of Defendants That Did Not Include Any of the THL Defendants ........................................................... 4

    D.    Judge Rakoff Enters His Standing-Related Order of May 3, 2011, Which Authorized Plaintiffs to Reassert Certain Claims that the Refco Trustee Was Barred from Asserting Under the *In Pari Delicto* and *Wagoner* Doctrines ..................................... 4

    E.    Judge Rakoff Adopts the Special Master's Recommendation that Plaintiffs' Claims Based on the Refco Fraud Against Defendants Who Have Settled with the Refco Trustee Should Be Dismissed with Prejudice ........................................................... 5

    F.    The Refco Trustee Settles His Separate Action Against the THL Defendants, and that Settlement Becomes Final ............................... 6

Argument ................................................................................................................................ 7

    Plaintiffs' Claims Against the THL Defendants Should Be Dismissed with Prejudice ................................................................... 7

Conclusion .............................................................................................................................. 9

# Table of Authorities

**Cases**  **Page(s)**

*Ambase Corp v. City Inv. Co. Liquidating Trust*,
   326 F.3d 63 (2d Cir. 2003) ................................................................................................. 1

*Jackson Nat'l Life Ins. Co. v. Ligator*,
   949 F. Supp. 200 (S.D.N.Y. 1996) ....................................................................................... 8

*Kirschner v. KPMG LLP*,
   626 F.3d 673 (2d Cir. 2010) ................................................................................................. 4

*N. Am. Airlines, Inc. v. Int'l Bhd. of Teamsters*,
   No. 04 Civ. 9949 (KMK), 2005 WL 646350 (S.D.N.Y. Mar. 21, 2005) ............................ 1

*Picard v. HSBC Bank PLC*,
   No. 11 Civ. 763 (JSR), 2011 WL 3200298 (S.D.N.Y. July 28, 2011) ................................ 3

*Primavera Familienstiftung v. Askin*,
   No. 95 Civ. 8905 (RWS), 1996 WL 494904 (S.D.N.Y. Aug. 30, 1996)............................ 8

*Truong v. Truong*,
   No. 03 Civ. 3423 (PKC), 2007 WL 415152 (S.D.N.Y. Feb. 5, 2007) ................................ 1

**Rule**

Federal Rule of Civil Procedure 12(b)(1) ..................................................................................... 1

**Preliminary Statement**

The THL Defendants[1] have now settled the claims brought against them on behalf of the Refco bankruptcy estates by Marc S. Kirschner, as Trustee of the Refco Litigation Trust (the "Refco Trustee"), and as a result the Refco Trustee and the THL Defendants have filed a joint stipulation of dismissal with prejudice of those claims.[2] As the Special Master has already determined, and as Judge Rakoff has already held, the claims asserted by plaintiffs in *Krys v. Sugrue* against the THL Defendants seek redress for alleged harm to plaintiffs that is derivative of harm to the Refco bankruptcy estates. Accordingly, settlement of the claims brought by the Refco Trustee entitles the THL Defendants to dismissal with prejudice of the claims brought by plaintiffs in *Krys v. Sugrue*.

---

[1] The THL Defendants are Thomas H. Lee Partners, L.P., THL Managers V LLC, Thomas H. Lee Advisors LLC, Thomas H. Lee Equity Fund V, L.P., Thomas H. Lee Parallel Fund V, L.P., Thomas H. Lee Equity (Cayman) Fund V, L.P., THL Equity Advisors V, LLC, Thomas H. Lee Investors Limited Partnership, The 1997 Thomas H. Lee Nominee Trust, Thomas H. Lee, David V. Harkins, Scott L. Jaeckel, and Scott A. Schoen.

[2] The joint stipulation of dismissal with prejudice "can be judicially noticed on this motion to dismiss," just as the notices of dismissal associated with the settlement of the Trustee's claims against BAWAG and the EMF Defendants could be and were judicially noticed on motions to dismiss. (Report and Recommendation Regarding Motions to Dismiss by BAWAG and the EMF Defendants (the "Settlement R&R," attached as Ex. A to the declaration of Walter Rieman ("Rieman Decl.")).) That is so because "courts may take judicial notice of facts 'shown by the court's own records.'" *Truong v. Truong*, No. 03 Civ. 3423 (PKC), 2007 WL 415152, at *2 n.3 (S.D.N.Y. Feb. 5, 2007) (quoting *Ambase Corp v. City Inv. Co. Liquidating Trust*, 326 F.3d 63, 72 (2d Cir. 2003)). In addition, because this motion is based in relevant part on plaintiffs' lack of standing, it is a motion made pursuant to Federal Rule of Civil Procedure 12(b)(1), under which the Court may consider evidence outside the pleadings, including evidence of the settlement. *See, e.g., N. Am. Airlines, Inc. v. Int'l Bhd. of Teamsters, AFL-CIO*, No. 04 Civ. 9949 (KMK), 2005 WL 646350, at *6 (S.D.N.Y. Mar. 21, 2005).

For this very reason, Judge Rakoff has already dismissed with prejudice claims by the plaintiffs in *Krys v. Sugrue* against other defendants who have settled with the Trustee—BAWAG and the EMF Defendants—that were based on allegations concerning what the Special Master and Judge Rakoff have described as the "Refco fraud." Now that the THL Defendants have completed their settlement with the Trustee, they too are entitled to such a dismissal.

## Background

Plaintiffs in *Krys v. Sugrue* have asserted claims against the THL Defendants for breach of fiduciary duty and aiding and abetting a breach of fiduciary duty. (Am. Compl. ¶¶ 1334-43.) The theory of plaintiffs' claims is that after buying a stake in Refco through a leveraged buy-out, the THL Defendants "essentially continued the Refco fraud by keeping up the Round Trip Loan scheme and allowing the continued diversion of RCM customer accounts." (Report and Recommendation of the Special Master on the Omnibus Issue of Standing (the "Standing R&R," attached as Ex. B to the Rieman Decl.) 29-30.) The relevant procedural history is briefly summarized below.

**A.     The Special Master's Standing-Related Report and Recommendation of February 3, 2010, Which Recommended Dismissal of Certain Claims Against the THL Defendants Without Prejudice on the Ground that the Claims Were Derivative in Nature**

On February 3, 2010, the Special Master issued the Standing R&R, which recommended dismissal with prejudice of claims brought by investors in SPhinX, and by SPhinX funds other than SMFF, against various defendants, including the THL Defendants, for lack of standing. (Rieman Decl. Ex. B, at 15, 16, 18.) That recommendation, which Judge Rakoff subsequently adopted, is not at issue on this motion.

2

In addition, the Special Master recommended dismissal without prejudice of all claims asserted by the remaining SPhinX plaintiffs against the THL Defendants. (Rieman Decl. Ex. B, at 27, 29-30.)  For simplicity, this brief refers to the claims against the THL Defendants recommended for dismissal without prejudice as plantiffs' claims. The Special Master reasoned that those claims all arose from the "Refco fraud," which, according to plaintiffs' allegations, harmed Refco and its affiliates directly, and plaintiffs only derivatively, by causing a Refco subsidiary—RCM—to be unable to return assets that plaintiffs had deposited.  (*See* Rieman Decl. Ex. B, at 18-19.)  Accordingly, plaintiffs lacked standing to bring those claims, which belonged instead to the Refco Trustee.  (*See* Rieman Decl. Ex. B, at 21, 25-27.)

The Special Master recommended dismissal of plaintiffs' claims for lack of standing *without* prejudice because he recognized the possibility that the Refco Trustee might be barred by the *Wagoner* doctrine or the doctrine of *in pari delicto* from asserting claims arising from the Refco fraud.[3]  (Rieman Decl. Ex. B, at 25.)  In that event, the Special Master concluded, it might be appropriate to consider allowing plaintiffs to assert those claims instead.  (Rieman Decl. Ex. B, at 26.)

**B.    By Order Entered March 31, 2010, Judge Rakoff Adopts the Special Master's Conclusions and Dismisses Without Prejudice Certain Claims Asserted Against the THL Defendants**

On March 31, 2010, Judge Rakoff issued the First Standing Order, in which he adopted the conclusions of the Standing R&R.  (Rieman Decl. Ex. C, at 2.)  As

---

[3]  As Judge Rakoff has recently observed, "[a]lthough, under New York State law, in pari delicto is an affirmative defense, in federal court prudential considerations deprive a bankruptcy trustee of standing [under *Wagoner*] to even bring a claim that would be barred by in pari delicto." *Picard v. HSBC Bank PLC*, No. 11 Civ. 763 (JSR), 2011 WL 3200298, at *2 (S.D.N.Y. July 28, 2011) (citation omitted).

3

he later explained in an order dated May 3, 2011 (the "Second Standing Order"), the First Standing Order "dismissed, *without prejudice*, all claims of [certain plaintiffs] arising from the so-called 'Refco Fraud,' as that term was defined in the [Standing R&R]," for lack of standing. (Second Standing Order, Rieman Decl. Ex. D, at 2.) All claims against the THL Defendants were dismissed—with prejudice as to claims by investors in SphinX and by SphinX funds other than SMFF, and without prejudice as to claims by the remaining plaintiffs. (*See* Rieman Decl. Ex. C, at 2-3.)

C. **The Second Circuit Affirms the Dismissal of the Refco Trustee's Claims Under the Doctrine of *in Pari Delicto* Against a Group of Defendants That Did Not Include Any of the THL Defendants**

The Second Circuit held on November 18, 2010, that the Refco Trustee was barred on *in pari delicto* or *Wagoner* grounds from bringing claims based on allegations concerning the Refco fraud against numerous defendants (the "*In Pari Delicto* Defendants"). *See Kirschner v. KPMG LLP*, 626 F.3d 673, 677-78 (2d Cir. 2010). The *In Pari Delicto* Defendants, however, did *not* include the THL Defendants. *See id*. at 673. The THL Defendants were not parties to *Kirschner v. KPMG LLP*.

D. **Judge Rakoff Enters His Standing-Related Order of May 3, 2011, Which Authorized Plaintiffs to Reassert Certain Claims that the Refco Trustee Was Barred from Asserting Under the *In Pari Delicto* and *Wagoner* Doctrines**

On May 3, 2011, Judge Rakoff issued the Second Standing Order. In the Second Standing Order, Judge Rakoff ruled that plaintiffs could reassert certain previously dismissed claims based on allegations concerning the Refco fraud, because "it has now been finally determined [by the Second Circuit in *KPMG*] that the Refco Trustee is barred from bringing" those claims under the *in pari delicto* and *Wagoner* doctrines. (Rieman Decl. Ex. D, at 3-5.) By allowing plaintiffs to reassert those claims, the Court

4

avoided what the Court perceived as a potential "Catch 22" in which plaintiffs lacked standing to bring the claims because those claims belonged to the Refco Trustee, but the Refco Trustee could not bring the claims because he was barred from doing so by the *in pari delicto* or *Wagoner* doctrines.  (*See* Rieman Decl. Ex. D, at 4.)[4]

E. **Judge Rakoff Adopts the Special Master's Recommendation that Plaintiffs' Claims Based on the Refco Fraud Against Defendants Who Have Settled with the Refco Trustee Should Be Dismissed with Prejudice**

The same day that Judge Rakoff issued the Second Standing Order, he issued an order adopting in full the Settlement R&R. (*See* Rieman Dec. Ex. F, at 1.)  In the Settlement R&R, the Special Master recommended that "the claims in this action [based on the Refco fraud] against a defendant who has already settled a claim brought by the Refco Trustee should be dismissed *with prejudice*."  (Rieman Dec. Ex. A, at 2.)

---

[4] Promptly after Judge Rakoff issued the Second Standing Order, counsel for the THL Defendants called Judge Rakoff's chambers.  During that call, in which counsel for plaintiffs participated, counsel for the THL Defendants requested leave to file a motion seeking clarification that the Second Standing Order did not allow plaintiffs to reassert any claims against the THL Defendants.  There was no potential "Catch 22" as to the THL Defendants because, as discussed in text, the THL Defendants were not parties to *Kirschner v. KPMG*, and the claims brought by the Refco Trustee against the THL Defendants remained pending and had not been dismissed under the doctrines of *in pari delicto* or *Wagoner*.  Instead, the THL Defendants were in the process of settling those claims with the Refco Trustee.  It was the position of the THL Defendants that because the Refco Trustee's claims against the THL Defendants remained pending, the purportedly separate claims brought by plaintiffs in *Krys v. Sugrue* against the THL Defendants, which the Court had already ruled were derivative in nature, should remain dismissed without prejudice pursuant to the First Standing Order.  Following the call, the Court's chambers instructed counsel for the THL Defendants to raise the matter orally at the status conference held on May 10, 2011, rather than by motion. When counsel for the THL Defendants did so, Judge Rakoff indicated that he did not wish to consider the question raised at that time, and would instead revisit the status of the THL Defendants in *Krys v. Sugrue* following the expected completion of the settlement between the Refco Trustee and the THL Defendants.  (*See* Rieman Decl. Ex. E, at 27:13-20.)

The logic of the Settlement R&R was straightforward. As the Special Master explained, "the rationale for dismissing the [plaintiffs' Refco fraud] claims *without prejudice* was that if it is ultimately determined that the Refco Trustee is barred by the *Wagoner* doctrine from bringing the claims of the Refco Estate, a dismissal in this action of the Plantiffs' claims with prejudice could result in a wrong without a remedy." (*Id*.) But "the payment of the settlement [to the Refco Trustee] means that there is no risk of a wrong without a remedy—the remedy is the settlement payment that became available to Refco creditors." (*Id*.) Accordingly, dismissal *with prejudice* was appropriate. Any other result would create "the very risk of double recovery that the standing doctrine is designed to avoid—the settling defendant would have compensated Refco creditors and yet would be subject to paying other Refco creditors (i.e., these Plaintiffs) for the same wrong." (*Id*.) For this reason, the Court dismissed with prejudice plaintiffs' Refco-fraud claims against BAWAG and the EMF Defendants, which had settled those claims with the Refco Trustee. (*Id*.)

**F.  The Refco Trustee Settles His Separate Action Against the THL Defendants, and that Settlement Becomes Final**

The Refco Trustee sued the THL Defendants—separately from the *In Pari Delicto* Defendants—in *Kirschner v. Thomas H. Lee Partners, L.P.*, No. 07 Civ. 7074 (JSR) ("*Kirschner v. THL*"). The Refco Trustee's claims against the THL Defendants have never been held to be barred by the *in pari delicto* or *Wagoner* doctrines. The THL Defendants and the Refco Trustee entered into an agreement dated February 28, 2011, to settle *Kirschner v. THL*. (Rieman Decl. ¶ 8.)

At a hearing before Judge Rakoff on May 10, 2011, counsel for the THL Defendants noted that once the settlement with the Refco Trustee becomes final, "the

6

THL defendants will be in a situation indistinguishable from that of BAWAG and the EMF defendants for relevant purposes, and they will be entitled to a dismissal with prejudice" of the claims asserted against them in *Krys v. Sugrue*. (Rieman Decl. Ex. E, at 23:13-16.) Judge Rakoff deferred ruling on the status of the THL Defendants in *Krys v. Sugrue* until the expected completion of the settlement between the Refco Trustee and the THL Defendants. (*Id.* at 27:16-20.)

*Kirschner v. THL* was dismissed with prejudice on August 11, 2011, as evidenced by the Joint Stipulation of Dismissal with Prejudice filed in that action (attached as Ex. G to the Rieman Decl.). (Rieman Decl. ¶ 8.) The THL Defendants' settlement with the Refco Trustee became final on August 12, 2011. (*Id.*)

## Argument

### Plaintiffs' Claims Against the THL Defendants Should Be Dismissed with Prejudice

In the view of the THL Defendants, the Special Master should recommend dismissal with prejudice of plaintiffs' claims against the THL Defendants in *Krys v. Sugrue*. That is so because the THL Defendants have settled the claims brought against them by the Refco Trustee, and plaintiffs in *Krys v. Sugrue* therefore can never have standing to assert claims based on alleged injuries to the Refco bankruptcy estates. Both the Special Master and Judge Rakoff have already reached precisely this conclusion as to other defendants who have settled with the Trustee.

As the Special Master ruled in the Settlement R&R, which Judge Rakoff adopted in full, "the claims in this action against a defendant who has already settled a claim brought by the Refco Trustee should be dismissed *with prejudice*." (Rieman Dec. Ex. A, at 2.) Judge Rakoff has already dismissed with prejudice claims against other

7

defendants—BAWAG and the EMF Defendants—on this ground.  (Rieman Dec. Ex. F, at 1.)

Like BAWAG and the EMF Defendants, the THL Defendants have settled with the Refco Trustee.  And for the same reasons that BAWAG and the EMF Defendants were entitled to dismissal with prejudice, the THL Defendants are entitled to dismissal with prejudice.

Both the Special Master and Judge Rakoff have determined that plaintiffs' claims are based on alleged injury to Refco entities, and in particular to RCM.  The Refco Trustee is the proper party to bring claims based on any such alleged injury.  (*See* Rieman Decl. Ex. B, at 21 ("A debtor's appointed trustee has the exclusive right to assert the debtor's claim."), 25-27; Ex. C, at 2 (adopting conclusions of the Standing R&R (Ex. B)); Ex. A, at 2 ("The rationale for dismissing the Refco fraud claims on standing grounds was that those claims are property of the Refco Estate and therefore should be brought by the Refco Trustee."); Ex. F, at 1 (adopting the Settlement R&R (Ex. A)).  The Refco Trustee brought such claims against the THL Defendants in *Kirshner v. THL*, and the Refco Trustee subsequently agreed to a settlement that has resulted in dismissal of those claims with prejudice (*see* Rieman Decl. Ex. G).  Under elementary principles governing the relationship between direct and derivative claims, the plaintiffs in *Krys v. Sugrue* cannot now be permitted to assert duplicative claims against the THL Defendants.  *See Jackson Nat'l Life Ins. Co. v. Ligator*, 949 F. Supp. 200, 203-07 (S.D.N.Y. 1996); *Primavera Familienstiftung v. Askin*, No. 95 Civ. 8905 (RWS), 1996 WL 494904, at *11 (S.D.N.Y. Aug. 30, 1996).  Furthermore, without dismissal with prejudice of plaintiffs' claims, the THL Defendants would be at risk of paying a double recovery to the Refco

8

Trustee and to plaintiffs here—a result the Special Master and Judge Rakoff have already recognized as unacceptable. (Rieman Decl. Ex. F, at 1; Ex. A, at 2.)

## Conclusion

The claims asserted by plaintiffs in *Krys v. Sugrue* against the THL Defendants should be dismissed with prejudice.

Dated: New York, New York
August 25, 2011

Respectfully submitted,

PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP


By:        s/ Walter Rieman
Richard A. Rosen (rrosen@paulweiss.com)
Walter Rieman (wrieman@paulweiss.com)
1285 Avenue of the Americas
New York, New York  10019-6064
Tel.:  (212) 373-3000
Fax:  (21) 757-3990

-and-

WEIL, GOTSHAL & MANGES LLP
Greg A. Danilow (greg.danilow@weil.com)
767 Fifth Avenue
New York, New York 10153-0003
Tel.:  (212) 310-8000
Fax:  (212) 310-8007

*Attorneys for Defendants Thomas H. Lee Partners L.P., THL Managers V LLC, Thomas H. Lee Advisors LLC, Thomas H. Lee Equity Fund V, L.P., Thomas H. Lee Parallel Fund V, L.P., Thomas H. Lee Equity (Cayman) Fund V, L.P., THL Equity Advisors V, LLC, Thomas H. Lee Investors Limited Partnership, The 1997 Thomas H. Lee Nominee Trust, Thomas H. Lee, David V. Harkins, Scott L. Jaeckel, and Scott A. Schoen*