UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
In re REFCO INC. SECURITIES LITIGATION                       :   Case No. 07-MD-1902 (JSR)
                                                             :
------------------------------------------------------------ X
      This document relates to:
------------------------------------------------------------ X
KENNETH M. KRYS, et al.,                                     :   Case No. 08-cv-3065 (JSR)
                                                             :   Case No. 08-cv-3086 (JSR)
                              Plaintiffs,                    :
                                                             :   **REVISED REPORT AND**
          -against-                                          :   **RECOMMENDATION OF THE**
                                                             :   **SPECIAL MASTER ON MOTION FOR**
CHRISTOPHER SUGRUE, et al.,                                  :   **DEFAULT JUDGMENT AGAINST**
                                                             :   **DEFENDANTS CHRISTOPHER**
                              Defendants.                    :   **SUGRUE, PHILLIP BENNETT AND**
------------------------------------------------------------ X   **REFCO GROUP HOLDINGS, INC.**

HEDGES, SPECIAL MASTER.

## INTRODUCTION

This matter is before me on the motion of plaintiffs' Kenneth M. Krys and Margot MacInnis, as Joint Official Liquidators of SPhinX Ltd., et al. (and as assignees of certain other claims) and The Harbour Trust Co., as trustee of the SPhinX Trust (the "Plaintiffs") for entry of default judgment against defendants Christopher Sugrue ("Sugrue"), Phillip Bennett ("Bennett") and Refco Group Holdings, Inc. ("RGHI") pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure ("Rules"). There was no opposition to the motion.

After initial review of the motion papers, I requested supplemental briefing on the question of sufficiency of service. I am in receipt of supplemental submissions from Plaintiffs on that question.

On August 1, 2011, I issued a Report and Recommendation which was filed on August 24, 2011. On August 26, 2011, Plaintiffs submitted a letter and multiple exhibits, noting certain information regarding service on Sugrue that had not previously been brought to my attention.

I have considered the original and supplemental papers as well as Plaintiffs recent letter and exhibits regarding service on Sugrue. There was no oral argument.

### FINDINGS OF FACT

Having considered the papers, I find as follows:

1. This is an action to recover $263 million (plus interest) in damages suffered by the SPhinX family of hedge funds, the lost business enterprise value and deepening insolvency damages suffered by SPhinX's investment manager. PlusFunds Group, Inc. and damages suffered by SPhinX investors, arising from the diversion of SPhinX's cash from protected. customer-segregated accounts to unproteeted offshore accounts, where those assets were ultimately lost in the Refco scandal.

2. The Complaint was filed in the Supreme Court for the State of New York, County of New York on March 5, 2008, The action was removed by two separate groups of defendants to the United States Court for the Southern District of New York pursuant to Notices of Removal filed on March 26, 2008.

3. On April 9, 2008, the Court entered orders setting a briefing schedule in the above-captioned litigation (the "Scheduling Orders"). The Scheduling Orders provided that the time for defendants to the action to answer, move or otherwise respond to the Complaint was within twenty days after entry of a decision on Plaintiffs' Motion for Remand and/or Abstention.

4. On April 14, 2008, after three unsuccessful attempts to serve Bennett at his home, Plaintiffs left a summons, and copies of the Complaint Notice of Removal with the doorman at Bennett's building. Thereafter, on April 16, 2008, Plaintiffs sent the summons and Complaint to Bennett by first class mail.

5. By Order, dated August 18, 2009, Judge Lynch authorized substituted service of the Summons and Complaint on Christopher Sugrue by international courier service at his address in Angola and electronic mail. On August 19, 2008, Plaintiffs complied with this Order by (i) sending via Federal Express the summons, Complaint and copies of the August 18, 2008 Order to Sugrue at Av. Amilar Cabral No. 110-2, Ed. Sonangol Distribuidora, Luanda, Angola; and (ii) sending an e-mail to Sugrue at chris.sugrue@yahoo.com.sg, attaching the same.

6. Defendants did not answer, move, or otherwise respond to the Complaint.

7. On October 10, 2008, Plaintiffs filed the Amended Complaint.

8. On October 23, 2008, the Honorable Gerard E. Lynch ruled on the motion for remand and set a deadline of November 12, 2008 for defendants to answer, move, or otherwise respond to the Amended Complaint.

9. Defendant Sugrue was served with a copy of the Amended Complaint by first class mail on October 10, 2008, at an address in Angola.

10. Defendants Bennett and RGHI were served with a copy of the Amended Complaint through Mr. Golenbock by first class mail on October 10, 2008.

11. Defendants did not answer, move, or otherwise respond to the Amended Complaint.

12. On December 5, 2008, Plaintiffs requested the entry of default against all defendants.

13. A Clerk's Certificate of Default was executed by the Deputy Clerk of Court on December 5, 2008, certifying, among other things, that defendants had not answered or otherwise moved in response to the Amended Complaint.

14. No defendant is an infant, a current member of the military service, or an incompetent person.

## CONCLUSIONS OF LAW

1. This is a motion for default judgment pursuant to Rule 55(b)(2).

2. Service of copies of the summons and the Complaint was made properly on Bennett pursuant to Rule 4(e)(1) and C.P.L.R. Section 308(2).

3. Service of copies of the summons and the Complaint was made properly on RGHI (through Bennett) pursuant to Rule 4(h)(1)(B).

4. Service of a copy of the summons and the Complaint was made properly on Sugrue, pursuant to the August 18, 2008 Order.

5. Service of copies of the Amended Complaint were made properly on Bennett and RGHI pursuant to Rule 5(b)(1). Service of the Amended Complaint on Sugrue was made properly pursuant to Rule 5(b)(2)(C).

## CONCLUSION

Based on the above, IT IS RESPECTFULLY RECOMMENDED that default judgment be entered as follows:

1. Against Philip Bennett for Fraud, Breach of Fiduciary Duty, Conversion, Aiding and Abetting Conversion, and Interference with a Contract/Prospective Contract, with the assessment of damages, costs, and interest to await the outcome of the relevant plaintiffs' claims against non-defaulting defendants.

2. Against Refco Group Holdings, Inc., for Aiding and Abetting Breach of Fiduciary Duty and Interference with a Contract/Prospective Contract, with the assessment of damages, costs, and interest to await the outcome of the relevant plaintiffs' claims against non-defaulting defendants.

3. Against Christopher Sugrue for Breach of Fiduciary Duty, Aiding and Abetting Breach of Fiduciary Duty, Fraud/Misrepresentation, Conversion/Aiding and Abetting Conversion, Director/Officer Liability, and Interference with a Contract/Prospective Contract, with the assessment of damages, costs, and interest to await the outcome of the relevant plaintiffs' claims against non-defaulting defendants.

RONALD J. HEDGES, SPECIAL MASTER