UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re REFCO INC. SECURITIES LITIGATION | Case No. 07-MD-1902 (JSR) |

This Document Relates to:

| | |
|---|---|
| KENNETH M. KRYS, *et al.*,<br><br>                    Plaintiffs,<br><br>-against-<br><br>CHRISTOPHER SUGRUE, *et al.*,<br><br>                    Defendants. | Case No. 08-CV-3065 (JSR)<br>Case No. 08-CV-3086 (JSR) |

**THE THL DEFENDANTS' SEPARATE OBJECTION TO THE REPORT AND RECOMMENDATION OF THE SPECIAL MASTER ON THE OMNIBUS ISSUE OF THE APPLICABILITY OF SLUSA**

PAUL, WEISS, RIFKIND,
   WHARTON & GARRISON LLP
Richard A. Rosen
Walter Rieman
1285 Avenue of the Americas
New York, New York  10019-6064
Tel.: (212) 373-3000
Fax:  (212) 757-3990

WEIL, GOTSHAL & MANGES LLP
Greg A. Danilow
767 Fifth Avenue
New York, New York  10153-0003
Tel.: (212) 310-8000
Fax:  (212) 310-8007

      Attorneys for Defendants Thomas H. Lee Partners, L.P., THL Managers V LLC, Thomas H. Lee Advisors LLC, Thomas H. Lee Equity Fund V, L.P., Thomas H. Lee Parallel Fund V, L.P., Thomas H. Lee Equity (Cayman) Fund V, L.P., THL Equity Advisors V, LLC, Thomas H. Lee Investors Limited Partnership, The 1997 Thomas H. Lee Nominee Trust, Thomas H. Lee, David V. Harkins, Scott L. Jaeckel, and Scott A. Schoen

## Table of Contents

## Table of Authorities

**Page(s)**

### Cases

*Instituto de Prevision Militar v. Merrill Lynch*,
    546 F.3d 1340 (11th Cir. 2008) ........................................................................... 3

*In re Kingate Mgmt. Ltd. Litig.*,
    No. 09 Civ. 5386 (DAB), 2011 WL 1362106 (S.D.N.Y. Mar. 30, 2011) .............. 3

### Statutes

Securities Litigation Uniform Standards Act of 1998,
    Pub. L. No. 105-353, 112 Stat. 3227 .................................................................... 1

### Other Authorities

*American Heritage College Dictionary* (4th ed. 2002) ..................................................... 2

Kenneth G. Wilson, *The Columbia Guide to Standard American English* (1993) ............ 2

**Preliminary Statement**

The THL Defendants[1] have joined Defendants' Objection to the Report and Recommendation of the Special Master on the Omnibus Issue of the Applicability of SLUSA (the "Joint Objection"). The THL Defendants, however, also respectfully submit this objection to address points specific to them.

In the Report and Recommendation of the Special Master on the Omnibus Issue of the Applicability of SLUSA (the "R&R"), the Special Master recommended denial of defendants' motions to dismiss, to the extent those motions were based on the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), Pub. L. No. 105-353, 112 Stat. 3227, on the ground that this action does not constitute a "covered class action" within the meaning of SLUSA. (R&R at 19.) The THL Defendants respectfully submit that for the reasons set forth in the Joint Objection, the Court should decline to adopt this recommendation, and should determine that this action is properly considered a covered class action.

The Special Master also recommended that if the Court finds this action to constitute a covered class action, the Court should dismiss certain claims as precluded by SLUSA. These claims, the Special Master reasoned, allege misrepresentations or omissions in connection with the purchase or sale of a covered security within the meaning of SLUSA. The Special Master included in this class of claims Claim XXV of the Amended Complaint, "insofar as the claim is based on THL's preparations for and

---

[1]  The THL Defendants are Thomas H. Lee Partners, L.P., THL Managers V LLC, Thomas H. Lee Advisors LLC, Thomas H. Lee Equity Fund V, L.P., Thomas H. Lee Parallel Fund V, L.P., Thomas H. Lee Equity (Cayman) Fund V, L.P., THL Equity Advisors V, LLC, Thomas H. Lee Investors Limited Partnership, The 1997 Thomas H. Lee Nominee Trust, Thomas H. Lee, David V. Harkins, Scott L. Jaeckel, and Scott A. Schoen.

engineering of the IPO." (R&R at 20.) Claim XXV is the only claim that plaintiffs purport to bring against the THL Defendants.

As the Special Master recognized elsewhere in the R&R, preclusion under SLUSA is analyzed on a claim-by-claim basis. (*See* R&R at 5.) Consequently, if the Court holds that this action is a covered class action, as the THL Defendants believe it should, the Court should dismiss the entirety of Claim XXV. SLUSA does not authorize a court to excise precluded allegations or legal theories from a claim; the entire claim must be dismissed. To the extent the Special Master recommended dismissal of Claim XXV in part and only "insofar as the claim is based on . . . the IPO," the recommendation was incorrect.[2]

## Argument

**SLUSA PRECLUDES CLAIM XXV IN ITS ENTIRETY BECAUSE CLAIM XXV IS PREMISED AT LEAST IN PART ON THE REFCO LBO OR IPO**

SLUSA precludes the entirety of Claim XXV against the THL Defendants because that claim alleges misrepresentations or omissions in connection with the purchase or sale of covered securities—namely, the securities issued as part of the Refco LBO and IPO. The Special Master correctly concluded that claims invoking the LBO and IPO allege misrepresentations or omissions in connection with the purchase or sale of

---

[2] The R&R could conceivably be read to recommend the dismissal of Claim XXV as a whole because the claim is based in part on the IPO. *Cf.* Kenneth G. Wilson, *The Columbia Guide to Standard American English* 240 (1993) ("inasmuch as" and "insofar as" "have meanings and functions similar to *since*, *because*, and *as*"). The R&R, however, expressly refers to the dismissal of some claims "in [their] entirety." (R&R at 20.) In contrast, the R&R refers to the dismissal of Claim XXV "insofar as the claim is based on . . . the IPO." (*Id.*) The R&R therefore appears to suggest that if this action is deemed a covered class action, Claim XXV should be dismissed only to the extent it relates to the IPO. *Cf. American Heritage College Dictionary* 719 (4th ed. 2002) ("insofar as" means "to the extent that").

2

covered securities. The Special Master also correctly concluded that Claim XXV, which is based at least in part on "preparations for and engineering of the IPO," is such a claim. (R&R at 11-18, 20.)

The R&R, however, appears to suggest that SLUSA precludes Claim XXV only "insofar as the claim is based on THL's preparations for and engineering of the IPO." If Claim XXV includes allegations triggering preclusion, as it does, then SLUSA precludes the entirety of the claim.

SLUSA preclusion proceeds on a "claim-by-claim" basis. (R&R at 5 (citing *In re Kingate Mgmt. Ltd. Litig.*, No. 09 Civ. 5386 (DAB), 2011 WL 1362106, at *6 (S.D.N.Y. Mar. 30, 2011) (collecting cases).) That principle necessarily means that if a claim includes allegations triggering preclusion, SLUSA precludes the claim in its entirety. As the Eleventh Circuit has held,

> [SLUSA] does not require district courts to act like a prospector panning for a few non-precluded theories amid a river of precluded ones. Rather, to avoid preclusion under SLUSA, a claim for relief should clearly state the ground on which it is based, and that ground cannot be one that is "in connection with the purchase or sale" of [a] security under § 10(b) and SLUSA. If a single claim premises liability on multiple factual theories, then that claim would be precluded if at least *one* of those theories hinges on representations made "in connection with the purchase or sale" of a security.

*Instituto de Prevision Militar v. Merrill Lynch*, 546 F.3d 1340, 1350 (11th Cir. 2008).

Claim XXV is such a precluded claim, because it includes allegations and theories involving misrepresentations or omissions in connection with the purchase or sale of a covered security. More specifically, and as the R&R indicates, Claim XXV is premised at least in part on allegations concerning the THL Defendants' "preparation for and engineering of the IPO," and those allegations implicate the purchase or sale of a covered security. (R&R at 17-18 ("Any claims that invoke the LBO or IPO are in

3

connection with a securities transaction.").) The Amended Complaint also seems to allege that during the due diligence undertaken by the THL Defendants in preparation for the LBO, the THL Defendants became aware of potential undisclosed misconduct by Refco insiders.  (*See* Am. Compl. ¶¶ 1052-54.)  Claim XXV incorporates those allegations. (*See id.* ¶ 1334.)  These LBO-related allegations involving the THL Defendants, as well as the IPO-related allegations mentioned in the R&R's reference to Claim XXV, are independently sufficient to require preclusion under SLUSA. Accordingly, even if the R&R were correct to suggest that SLUSA precludes allegations or theories rather than claims, SLUSA would preclude any LBO-related allegations and theories underlying Claim XXV, as well as those related to the IPO.  In fact, however, plaintiffs' LBO-related allegations are simply an additional and independent basis for the conclusion that SLUSA precludes all of Claim XXV.

### Conclusion

The Court should dismiss Claim XXV in its entirety on the ground that it is precluded by SLUSA.

Dated: New York, New York
September 16, 2011

           Respectfully submitted,
           PAUL, WEISS, RIFKIND,
            WHARTON & GARRISON LLP


           By:   s/ Walter Rieman
             Richard A. Rosen (rrosen@paulweiss.com)
             Walter Rieman (wrieman@paulweiss.com)
           1285 Avenue of the Americas
           New York, New York  10019-6064
           Tel.:  (212) 373-3000
           Fax:  (21) 757-3990
                -and-

WEIL, GOTSHAL & MANGES LLP
Greg A. Danilow (greg.danilow@weil.com)
767 Fifth Avenue
New York, New York 10153-0003
Tel.: (212) 310-8000
Fax: (212) 310-8007

*Attorneys for Defendants Thomas H. Lee Partners L.P., THL Managers V LLC, Thomas H. Lee Advisors LLC, Thomas H. Lee Equity Fund V, L.P., Thomas H. Lee Parallel Fund V, L.P., Thomas H. Lee Equity (Cayman) Fund V, L.P., THL Equity Advisors V, LLC, Thomas H. Lee Investors Limited Partnership, The 1997 Thomas H. Lee Nominee Trust, Thomas H. Lee, David V. Harkins, Scott L. Jaeckel, and Scott A. Schoen*