UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
:
IN RE: REFCO SECURITIES LITIGATION    :    07 MDL 1902 (JSR)
:
------------------------------------------------------------X

------------------------------------------------------------X
:
KENNETH M. KRYS and CHRISTOPHER    :    08 Civ. 7416 (JSR)
STRIDE, as JOINT OFFICIAL LIQUIDATORS    :
of SPHINX LTD., et al.    :
:    ORDER
Plaintiffs,    :
:
-against-    :
:
:
ROBERT AARON, et al.,    :
:
Defendants.    :
:
------------------------------------------------------------X

### ORDER RELATED TO SEPTEMBER 14, 2011 DISCOVERY CONFERENCE REGARDING THE DPM DEFENDANTS' SUBPOENAS TO CHRISTOPHER ALIPRANDI AND PATRICK MCMAHON

This matter having been opened to the Court by DLA Piper LLP (US), attorneys for the DPM Defendants in connection with subpoenas served upon Christopher Aliprandi and Patrick McMahon, on or about June 9, 2010, and July 15, 2010, pursuant to Federal Rule of Civil Procedure 45; and the Court having conducted a conference with Carter Ledyard & Milburn LLP, counsel for non-party individuals Aliprandi and McMahon, DLA Piper LLP (US), counsel for the DPM Defendants, Gibson Dunn & Crutcher LLP, counsel for defendants Mark Kavanagh and Brian Owens, Beus Gilbert PLLC and Brown Rudnick LLP, counsel for plaintiffs, on September 14, 2011; and good cause appearing;

IT IS on this 30th day of September, 2011

ORDERED that:

A)  Counsel, having met and conferred regarding the use of terms to search the sample set of data ordered on March 1, 2011, as well as the remaining unprocessed data, will continue to meet and confer to confirm that the scope of the Protective Order in this matter, with provisions pursuant to Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502(d), is broad enough to encompass the document production of non-parties Aliprandi and McMahon, and, if necessary, counsel are to agree on a separate protective order applicable to the document production of non-parties Aliprandi and McMahon;

B)  Despite disagreement regarding which party should bear the costs of discovery relating to the document production of non-parties Aliprandi and McMahon, without waiver of their right to submit an application seeking reimbursement for such costs and knowing that the DPM defendants have taken the position that they are not required to bear any such costs and will oppose any application seeking reimbursement for such costs, counsel for Aliprandi and McMahon agree that they will begin to produce documents and complete the production as soon as possible;

C)  Another conference will be held on October 26, 2011, at 2 PM to determine the status and progress of the production.

SO ORDERED.

_____
Hon. Ronald J. Hedges
SPECIAL MASTER