UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re REFCO INC. SECURITIES LITIGATION | Case No. 07-MD-1902 (JSR) |

This Document Relates to:

| | |
|---|---|
| KENNETH M. KRYS, *et al.*,<br><br>                    Plaintiffs,<br><br>            -against-<br><br>CHRISTOPHER SUGRUE, *et al.*,<br><br>                    Defendants. | Case No. 08-CV-3065 (JSR)<br>Case No. 08-CV-3086 (JSR) |

**SUPPLEMENTAL REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF THE THL DEFENDANTS' MOTION TO DISMISS**

| | |
|---|---|
| PAUL, WEISS, RIFKIND,<br>    WHARTON & GARRISON LLP<br>Richard A. Rosen<br>Walter Rieman<br>1285 Avenue of the Americas<br>New York, New York  10019-6064<br>Tel.: (212) 373-3000<br>Fax: (212) 757-3990 | WEIL, GOTSHAL & MANGES LLP<br>Greg A. Danilow<br>767 Fifth Avenue<br>New York, New York  10153-0003<br>Tel.: (212) 310-8000<br>Fax: (212) 310-8007 |

> Attorneys for Defendants Thomas H. Lee Partners, L.P.,
> THL Managers V LLC, Thomas H. Lee Advisors LLC,
> Thomas H. Lee Equity Fund V, L.P., Thomas H. Lee
> Parallel Fund V, L.P., Thomas H. Lee Equity (Cayman)
> Fund V, L.P., THL Equity Advisors V, LLC, Thomas H.
> Lee Investors Limited Partnership, The 1997 Thomas H.
> Lee Nominee Trust, Thomas H. Lee, David V. Harkins,
> Scott L. Jaeckel, and Scott A. Schoen

## Table of Contents

                                                                                           **Page**

Table of Authorities ................................................................................................................. ii

Preliminary Statement ............................................................................................................... 1

Argument .................................................................................................................................... 2

I.      The Settlement R&R Requires Dismissal with Prejudice
       of Plaintiffs' Claims Against the THL Defendants ................................................... 2

II.     The July 5 R&R Reaffirms the Settlement R&R and Also
       Requires Dismissal with Prejudice of Plaintiffs' Claims ........................................ 5

III.    Plaintiffs Cannot Avoid Dismissal with Prejudice of
       Their Claims by Relying on Claims They Never
       Asserted or Claims by Other Parties in Other Cases ............................................... 6

Conclusion .................................................................................................................................. 9

# Table of Authorities

Page(s)

## Cases

*In re Tamoxifen Citrate Antitrust Litig.*,
   466 F.3d 187 (2d Cir. 2006) ................................................................................ 8

*Kirschner v. Bennett (In re Refco Sec. Litig.)*,
   759 F. Supp. 2d 301 (S.D.N.Y. 2010) .................................................................. 2

*Liona Corp. v. PCH Assocs. (In re PCH Assocs.)*,
   949 F.2d 585, 592 (2d Cir. 1991) ......................................................................... 3

*Masters v. Wilhelmina Model Agency, Inc.*,
   No. 02 Civ. 4911 (HB), 2003 WL 1990262 (S.D.N.Y. Apr. 29, 2003) ................ 8

*State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld*,
   921 F.2d 409 (2d Cir. 1990) ................................................................................ 8

**Preliminary Statement**

As the THL Defendants demonstrated in their opening papers, the Special Master should recommend dismissal with prejudice of the claims against them because the THL Defendants have settled with the Refco Trustee. Under the Settlement R&R,[1] which Judge Rakoff adopted in full, defendants who settle with the Refco Trustee are entitled to dismissal with prejudice of any claims based on the Refco fraud that are asserted against them. The only claims asserted by plaintiffs against the THL Defendants are based on the Refco fraud, so the Court should dismiss those claims with prejudice. It is that simple.

Plaintiffs try to avoid this result by exhuming old arguments that the Settlement R&R was incorrectly decided—arguments that Judge Rakoff necessarily rejected when he adopted the Settlement R&R in full. Those arguments now fail both because the Settlement R&R is the law of the case, and because they were correctly rejected on the merits the first time plaintiffs raised them. Judge Rakoff again endorsed the reasoning of the R&R in dismissing with prejudice the claims against defendant Dennis Klejna, a Refco insider who also settled with the Refco Trustee.

In addition, plaintiffs suggest that the Report and Recommendation of the Special Master on the Omnibus Issue of In Pari Delicto and Refco Fraud Claims dated July 5, 2011 (the "July 5 R&R"[2]), somehow undercuts the ruling in the Settlement R&R. In fact, the July 5 R&R expressly reaffirmed the Settlement R&R. The July 5 R&R

---

[1] Capitalized terms that were defined in the Supplemental Memorandum of Law in Further Support of the THL Defendants' Motion to Dismiss, filed August 25, 2011, have the meanings set forth in that document.

[2] In an order entered September 12, 2011, Judge Rakoff adopted in full the July 5 R&R.

stated that under the Settlement R&R, plaintiffs could not bring claims for harm to RCM against parties that had settled with the Refco Trustee.

Finally, according to plaintiffs, the Special Master should not recommend dismissal of their claims because the Special Master has concluded that claims by other plaintiffs against the THL Defendants were supported by sufficient evidence on the issues of scienter and substantial participation to withstand a motion for summary judgment. This application, however, concerns standing, not scienter and substantial participation. Under the Settlement R&R, plaintiffs manifestly lack standing, and their claims should be dismissed with prejudice.

## Argument

I. **The Settlement R&R Requires Dismissal with Prejudice of Plaintiffs' Claims Against the THL Defendants**

By adopting the Settlement R&R in full as if incorporated in his order entered May 3, 2011, Judge Rakoff held that "the claims in this action against a defendant who has already settled a claim brought by the Refco Trustee should be dismissed *with prejudice*." (Settlement R&R 2.) Thus, the claims against the THL Defendants, who have "already settled a claim brought by the Refco Trustee," "should be dismissed *with prejudice*." This result follows so obviously from the Settlement R&R that plaintiffs are now obliged to resist it largely by relitigating issues—sometimes verbatim—that they lost in unsuccessfully objecting to the Settlement R&R. But because that R&R is now the law of the case, plaintiffs' arguments must be rejected. *See Kirschner v. Bennett (In re Refco Sec. Litig.)*, 759 F. Supp. 2d 301, 308 (S.D.N.Y. 2010) ("The law of the case doctrine 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same

2

case.'" (quoting *Liona Corp. v. PCH Assocs. (In re PCH Assocs.)*, 949 F.2d 585, 592 (2d Cir. 1991) (further citation omitted)).

Plaintiffs revisit the notion, for example, that a defendant's "settlement with the [Refco Trustee] . . . can[not] affect claims of SPhinX/PlusFunds, who were not party to any action between [the Refco Trustee] and [the Defendant]." Pls.' Resp. to Supplemental Mem. of Law in Further Supp. of THL Defs.' Mot. to Dismiss, dated Sept. 21, 2011 ("Pls.' Resp.") at 7; *see* Pls.' Objection to Report and Recommendation Regarding Mots. to Dismiss by BAWAG and EMF Defs., filed Apr. 30, 2010 ("Pls.' BAWAG/EMF Obj.") at 4 (arguing that "a settlement between [the Refco Trustee] and BAWAG or EMF can[not] affect claims of SPHinX or PlusFunds, who were not parties to any action between [the Refco Trustee] and BAWAG or EMF"). They even restate verbatim a passage they previously advanced in an effort to support this notion. (*Compare* Pls.' Resp. 7-8 ("As a matter of law, absent a bar order or some other mechanism, settlement with one party does not, and cannot, affect another party's claim. *See City of New York v. Exxon Corp.*, 697 F. Supp. 677, 688-89 (S.D.N.Y 1988) . . . ."), *with* Pls.' BAWAG/EMF Obj. 4 (verbatim).)

If other parts of plaintiffs' brief in response to the THL Defendants' current application seem familiar, it is because they are. (*Compare* Pls.' Resp. 8 (arguing that "settlement of a dispute between two parties cannot compromise the interests of an unrepresented third party"), *with* Pls.' BAWAG/EMF Obj. 5 (same); *compare* Pls.' Resp. 16-18 (arguing that there is no double-recovery concern in allowing both plaintiffs and the Refco Trustee to recover from the THL Defendants), *with* Pls.' BAWAG/EMF Obj. 12-15 (same as to the BAWAG and EMF defendants).)

3

Plaintiffs also try to relitigate whether, as Judge Rakoff and the Special Master have held, plaintiffs' claims against the THL Defendants are indirect in nature because those claims are based on the Refco fraud, as opposed to direct claims by a creditor. Plaintiffs argue, for example, that the THL Defendants, unlike the EMF and BAWAG defendants, settled with the Refco Trustee after it became apparent that the doctrine of *in pari delicto* barred the Refco Trustee's claims against many of the THL Defendants' (and the EMF and BAWAG defendants') codefendants in this case. (*See* Pls.' Resp. 9.) Thus, plaintiffs contend, "THL cannot argue that it entered into its settlement agreement with [the Refco Trustee] under the impression that [the Refco Trustee] somehow represents the interests of all of RCM's creditors." (*Id.*)

But it has been clear all along that the Refco Trustee never directly represented RCM's creditors. The Refco Trustee represents the interests of RCM itself, as well as the interests of other Refco entities. Plaintiffs' claims against the THL Defendants fail because those claims are based on the Refco fraud, seek recovery based on alleged harm to RCM, and therefore belong to the Refco Trustee. The Settlement R&R reaffirmed this point. (*See* Settlement R&R 2 ("The rationale for dismissing the Refco fraud claims on standing grounds was that those claims are property of the Refco Estate and therefore should be brought by the Refco Trustee."); Standing R&R 29-30 (concluding that the claims against the THL Defendants are Refco-fraud claims).) And in an order filed May 16, 2011, Judge Rakoff again reaffirmed this point when he relied on the Settlement R&R to dismiss with prejudice the Amended Complaint as against defendant Dennis Klejna, who had settled with the Refco Trustee. Klejna, Judge Rakoff explained, was "similarly situated to the defendants dismissed with prejudice in the

4

Court's [order adopting the Settlement R&R]."[3] Plaintiffs therefore cannot escape the Settlement R&R by mischaracterizing their Refco-fraud claims against the THL Defendants as direct customer claims. (*See* Pls.' Resp. 9-14.)

Except for arguments relating to the July 5 R&R and the viability of claims plaintiffs have not asserted—which are addressed below—all of the arguments in plaintiffs' papers are arguments that Judge Rakoff and the Special Master have already rejected or are attempts to relitigate issues already decided.

II.   **The July 5 R&R Reaffirms the Settlement R&R and Also Requires Dismissal with Prejudice of Plaintiffs' Claims**

In addition to relitigating the Settlement R&R, plaintiffs also distort the July 5 R&R to try to suggest that the July 5 R&R undermines the Settlement R&R and, by extension, a conclusion that necessarily follows from the Settlement R&R: namely, the conclusion that the THL Defendants are now entitled to dismissal with prejudice. In fact, the July 5 R&R further supports this conclusion.

Plaintiffs misleadingly cite the July 5 R&R for the proposition that "Plaintiffs have standing to bring their Refco fraud claims." (Pls.' Resp. 7 (quoting the July 5 R&R).) What the July 5 R&R actually states is that "[r]ecovery by secondary plaintiffs [seeking indirect damages] is not allowed if the primary plaintiff [here, the Refco Trustee] has already recovered" (July 5 R&R 9), but that "the limitations on standing to recover for indirect damages can be . . . lifted *if the party who suffered the*

---

[3]   (Reply Declaration of Walter Rieman ("Rieman Reply Decl.") Ex. 1.) Plaintiffs and Klejna attempted to stipulate to dismissal of the claims against Klejna, on the condition that those claims would be reinstated if plaintiffs prevailed on an appeal of Judge Rakoff's order adopting the Settlement R&R. Judge Rakoff, however, rejected the attempted stipulation and dismissed the claims against Klejna on the same basis that the claims against the BAWAG and EMF Defendants had been dismissed. (*See* Rieman Reply Decl. Ex. 2)

5

*primary wrong is unable to sue*" (*id.* at 2 (emphasis added)).  More specifically, if the doctrine of *in pari delicto* renders the Refco Trustee "unable to sue" on some claim, then under the reasoning of the July 5 R&R, the plaintiffs here may have standing to seek indirect damages arising from that claim.  But no court has ever held that the doctrine of *in pari delicto* bars any claim by the Refco Trustee against the THL Defendants (*cf.* Report and Recommendation of the Special Master on the Omnibus Issue of *In Pari Delcito* and *Wagoner*, filed Dec. 6, 2010, at 20-22), so the "limitations on standing to recover for indirect damages" from the THL Defendants have not been "lifted" for plaintiffs.

And under the July 5 R&R, those limitations can never be lifted.  As the July 5 R&R recognized, "the sole premise of the [Settlement R&R] is that the Plaintiffs could not bring claims against third parties who had already contributed to the Refco Estate because the Trustee of the party that suffered the primary injury—RCM—had already recovered from those defendants." (*Id.* at 9.)  Plaintiffs "should not be permitted to proceed *ever* if the one who suffered the primary injury obtains recovery." (*Id.*)  The Refco Trustee has recovered against the THL Defendants through settlement, as he did against the BAWAG and EMF defendants.  So plaintiffs "should not be permitted to proceed *ever*" on their claims against the THL Defendants.  The THL Defendants, like the BAWAG and EMF defendants, accordingly are entitled to dismissal with prejudice.

III.  **Plaintiffs Cannot Avoid Dismissal with Prejudice of Their Claims by Relying on Claims They Never Asserted or Claims by Other Parties in Other Cases**

Plaintiffs note that claims by other parties in other cases have survived motions to dismiss and motions for summary judgment.  But as can readily be shown, the rulings that plaintiffs cite are wholly irrelevant to the issue presented by this application.

6

As plaintiffs observe, the Special Master and the Court have "held . . . that other RCM customers (the "FX Customers") have direct standing to bring 'fraudulent inducement' claims against [alleged] aiders and abettors of the Refco fraud." (Pls.' Resp. 14.) But as the Special Master concluded in the very report and recommendation that plaintiffs cite: "One critical difference in [the FX Customers case] is that the amended complaint in *Krys v. Sugrue* never specifically alleged fraudulent inducement . . . ." (Report and Recommendation of the Special Master on Grant Thornton's Mot. to Dismiss for Lack of Standing, filed Feb. 14, 2011 ("FX R&R"), at 9.) It is the law of the case that all of the claims asserted by plaintiffs here against the THL Defendants are indirect in nature and therefore cannot be asserted by plaintiffs here unless the Refco Trustee has been barred under the doctrine of *in pari delicto* from asserting claims against those defendants. That proposition is in no way qualified or compromised by the FX R&R.

Later, plaintiffs argue that their claims "should not be dismissed" because "aiding and abetting claims based on allegations similar to Plaintiffs' [but from a different case altogether] are supported by evidence [of scienter and substantial participation] sufficient to survive summary judgment." (Pls.' Resp. 18, 20.)[4] This application does not concern the evidentiary support for plaintiffs' complaint, which from the outset of the case has purported to assert a claim against the THL Defendants for aiding and abetting breach of fiduciary duty. This application instead concerns whether plaintiffs have standing in light of the THL Defendants' settlement with the Refco Trustee. Nothing in Point III of plaintiffs' memorandum, where plaintiffs present the argument under discussion, has the slightest relevance to that issue. Plaintiffs say that

---

[4] The THL Defendants respectfully disagree with this conclusion, but the important point here is that the Special Master's conclusion is irrelevant to the issue at hand.

7

they "allege, or could allege if given leave to amend," allegations sufficient to withstand a motion for summary judgment on the elements of scienter and substantial participation, neither of which is relevant to this application. (Pls.' Resp. 20.) Plaintiffs, moreover, refer to "leave to amend," but they have not filed a motion seeking leave to amend. Nor do plaintiffs actually request leave to amend even in their brief, which would not be an appropriate place to make such a request. *Cf. In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 220 (2d Cir. 2006) ("It is within the court's discretion to deny leave to amend implicitly by not addressing the request when leave is requested informally in a brief filed in opposition to a motion to dismiss."). The THL Defendants respectfully submit that unless and until plaintiffs actually file a motion seeking leave to amend and a proposed amended complaint, plaintiffs' ruminations about allegations that they supposedly could advance, but in fact have not advanced, should be disregarded.[5]

---

[5] If plaintiffs did file a motion seeking leave to amend, the THL Defendants would oppose the motion on the grounds, among others, that such a motion would be grossly untimely; that requiring the THL Defendants to bear the burdens and expense of relitigating their motion to dismiss would be highly prejudicial to those defendants; and that the filing of an amended complaint would be futile. Other defendants would also be entitled to be heard on this question. Plaintiffs have already amended their complaint once; they subsequently submitted a proposed second amended complaint (*see* Decl. of David J. Molton in Opp'n to Mots. to Dismiss Ex. A, filed Mar. 16, 2009); and they have litigated motions to dismiss on shifting theories before the Special Master and Judge Rakoff for years. *See State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld*, 921 F.2d 409, 410, 417-18 (2d Cir. 1990) (affirming district court's denial of leave to amend even where there had been no previous amendment); *Masters v. Wilhelmina Model Agency, Inc.*, No. 02 Civ. 4911 (HB), 2003 WL 1990262, at *4 (S.D.N.Y. Apr. 29, 2003) (noting that pleading "is not an interactive game in which plaintiffs file a complaint, and then bat it back and forth with the Court over a rhetorical net until a viable complaint emerges").

8

**Conclusion**

The Court should dismiss with prejudice the claims against the THL Defendants.

Dated: New York, New York
October 6, 2011

Respectfully submitted,

PAUL, WEISS, RIFKIND,
   WHARTON & GARRISON LLP

By:   s/ Walter Rieman
        Richard A. Rosen (rrosen@paulweiss.com)
        Walter Rieman (wrieman@paulweiss.com)
1285 Avenue of the Americas
New York, New York  10019-6064
Tel.:  (212) 373-3000
Fax:  (21) 757-3990

-and-

WEIL, GOTSHAL & MANGES LLP
Greg A. Danilow (greg.danilow@weil.com)
767 Fifth Avenue
New York, New York 10153-0003
Tel.:  (212) 310-8000
Fax:  (212) 310-8007

*Attorneys for Defendants Thomas H. Lee Partners L.P., THL Managers V LLC, Thomas H. Lee Advisors LLC, Thomas H. Lee Equity Fund V, L.P., Thomas H. Lee Parallel Fund V, L.P., Thomas H. Lee Equity (Cayman) Fund V, L.P., THL Equity Advisors V, LLC, Thomas H. Lee Investors Limited Partnership, The 1997 Thomas H. Lee Nominee Trust, Thomas H. Lee, David V. Harkins, Scott L. Jaeckel, and Scott A. Schoen*