```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
In re REFCO INC. SECURITIES          :    07 MDL 1902 (JSR)
LITIGATION                           :
------------------------------------x

This Document Relates to:

------------------------------------x
KENNETH M. KRYS, et al.,             :
                                     :
          Plaintiffs,                :    08 Civ. 3065 (JSR)
                                     :    08 Civ. 3086 (JSR)
          -v-                        :
                                     :
CHRISTOPHER SUGRUE, et al.,          :
                                     :
          Defendants.                :
------------------------------------x
KENNETH M. KRYS, et al.,             :
                                     :    10 Civ. 3594 (JSR)
          Plaintiffs,                :
                                     :
          -v-                        :
                                     :
DEUTSCHE BANK SECURITIES INC., et al.,:   MEMORANDUM ORDER
                                     :
          Defendants.                :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

By Order dated September 9, 2011, the Court adopted in all material respects the July 5, 2011 Report and Recommendation of Special Master Daniel J. Capra in the above-captioned cases recommending that defendants' motions to dismiss certain of plaintiffs' claims based on the doctrine of in pari delicto be denied. On October 5, 2011, defendants moved to have this Court certify its September 9 Order for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b). Plaintiffs submitted their opposition papers on October 19, 2011. Having carefully considered the

parties' submissions, the Court hereby denies defendants' motion for certification.

Defendants' only colorable argument for certification is the Special Master's suggestion that his recommendation on the issue of in pari delicto is in "tension" with another decision in this District, see Memorandum of Law in Support of Defendants' Motion for Certification of the Court's Order Denying Defendants' Motion to Dismiss Plaintiffs' Refco Fraud Claims on Grounds of In Pari Delicto ("Def. Br."), at 11, referring to Primavera Familienstiftung v. Askin, No. 95 Civ. 8905 (RWS), 1996 WL 494904, at *12 (S.D.N.Y. Aug. 30, 1996). Neither this nor any of the other arguments advanced by defendants is remotely sufficient to warrant the substantial delay that interlocutory appeal would impose on this multi-faceted litigation. The applicable statute, 28 U.S.C. § 1292(b), provides that "[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order."

(emphasis added). Even assuming, arguendo, that the first prong of this test is met, the second is lacking.[1]

Indeed, the instant motion is a classic example of why "[f]ederal practice is strongly biased against interlocutory appeals. Appeals from interlocutory orders prolong judicial proceedings, add delay and expense to litigants, burden appellate courts, and present issues for decisions on uncertain and incomplete records, tending to weaken the precedential value of judicial opinions." United States ex. rel. Assocs. Against Outlier Fraud v. Huron Consulting Group, Inc., No. 09 Civ. 1800(JSR), 2011 WL 2017322, at *1 (S.D.N.Y. May 16, 2011) (quoting In re September 11 Litig., No. 21 MC 97(AKH), 2003 WL 22251325, at *1 (S.D.N.Y. Oct. 1, 2003)). The Second Circuit has therefore held that "only 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria, 921 F.2d 21, 25 (2d Cir. 1990) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)). No such circumstances are presented here.

---

[1] Moreover, a district judge has "'unfettered discretion to deny certification' of an order for interlocutory appeal even when a party has demonstrated that the criteria of 28 U.S.C. § 1292(b) are met." Gulino v. Bd. of Educ., 234 F. Supp. 2d 324, 325 (S.D.N.Y. 2002) (quoting Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc., 71 F. Supp. 2d 139, 162 (E.D.N.Y. 1999)).

Rather, the complexity of the Refco MDL proceedings have required extended proceedings. Now, however, the end is in sight, and the Court has set a firm date for the completion of discovery in all parts of this litigation of September 30, 2012. In these circumstances, interlocutory review of the single issue presented by defendants' certification motion will only delay, rather than "materially advance the ultimate termination of this litigation." 28 U.S.C. § 1292(b). The time has come to bring this complex litigation to a conclusion, and the Court will not countenance such a transparent delaying tactic as the one presented by the instant motion.

Accordingly, defendants' motion for certification for interlocutory appeal is hereby denied. The Clerk of the Court is directed to close document number 91 on the docket sheet for 10 Civ. 3594, document number 608 on the docket sheet for 08 Civ. 3086, and document number 1275 on the docket sheet for 07 MDL 1902.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
November 21, 2011