```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
                                      :
                                      :
IN RE REFCO SECURITIES LITIGATION     :    07 MDL 1902 (JSR)
                                      :
                                      :
------------------------------------- x
------------------------------------- x
KENNETH M. KRYS, et al.,              :
                                      :
         Plaintiffs,                  :    08 Civ. 3065 (JSR)
                                      :    08 Civ. 3086 (JSR)
         -v-                          :
                                      :
CHRISTOPHER SUGRUE, et al.,           :    MEMORANDUM ORDER
                                      :
         Defendants.                  :
------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

On October 21, 2010, Special Master Daniel J. Capra issued a Report and Recommendation in the above-captioned case recommending that the motions of defendants Brian Owens and Mark Kavanagh to dismiss plaintiffs' claims against them be granted in part and denied in part. After both defendants and plaintiffs submitted objections and each party responded thereto, the Court heard oral argument on June 28, 2011 and considered the entire matter de novo. Having done so, the Court finds itself in agreement in all material respects with Special Master Capra's excellent Report and Recommendation.

The Court will, however, add one additional point, in light of an argument raised by defendants at the June 28, 2011 hearing. The Special Master's Report and Recommendation lists the wide array of documents he reviewed alongside plaintiffs' First Amended Complaint in

considering the motions to dismiss. See Owens & Kavanagh R&R, at 6-14. Among other documents, the Special Master considered responses to interrogatories in this action that were served by other defendants. Id. at 10. At oral argument before this Court, however, defendants argued that the Special Master failed to consider plaintiffs' response to BAWAG's Interrogatory No. 4. See Krys Plaintiffs' Supplemental Response, dated Oct. 29, 2009, to BAWAG's First Set of Interrogatories. This interrogatory asked plaintiffs' to "identify all Persons who were aware, or who received notice, that 'SMFF's cash was transferred from Refco LLC accounts to RCM,' as alleged in paragraph 183 of the Amended Complaint, or that any of SPhinX's assets were subject to transfer among Refco entities." Id. Because plaintiffs did not identify either Owens or Kavanagh in response to this interrogatory, defendants argued, plaintiffs' allegations that these defendants were aware that SMFF cash was transferred to unsegregated accounts and took steps to hide the nature of the transfers and allow Refco to maintain control over SMFF cash are implausible. See 6/28/11 Tr. at 18-19. Thus, defendants argued, the Special Master erred in not recommending this Court dismiss plaintiffs' claims that rely on defendants' participation in the scheme to maintain Refco's control over SMFF cash.

The Court disagrees. Although Special Master Capra did not explicitly address Interrogatory No. 4 in his Report and

2

Recommendation, in addressing other interrogatories he noted that since plaintiffs' answers were in response to interrogatories served by other defendants (in this case, BAWAG) "their actual significance in reviewing the motion to dismiss is questionable." Owens & Kavanagh R&R at 10. Additionally plaintiffs' response to Interrogatory No. 4 is hardly a "smoking gun" admission. The response states that based on the information "currently available" to plaintiffs, they could identify various people who may have known of the SMFF transfers, but repeatedly states that those identifications were "not limited to [those people]." Interrogatory No. 4. This narrow, hedged response to an interrogatory served by BAWAG, not Owens and Kavanagh, compared to the "number of specific actions taken by Owens and Kavanagh to maintain Refco's control over SMFF's cash, including concealment of the improper transfers to RCM, efforts regarding the Suffolk Transactions and the Standby Credit Facility, and efforts to silence Bousbib and other innocents and to conceal the import of those efforts," Owens & Kavanagh R&R at 17, is insufficient to convince this Court that plaintiffs' allegations against defendants are implausible, or that the Special Master erred in recommending that certain claims against defendants arising out of these allegations survive dismissal as a matter of law.

Accordingly, with this addendum, the Court hereby adopts the Report and Recommendation of the Special Master in full as if incorporated herein and likewise adopts its recommendations. The Clerk

of the Court is directed to close document number 197 on the docket of 08 Civ. 3065, document number 244 on the docket of 08 Civ. 3086, and document number 240 on the docket of 07 MDL 1902.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       December 6, 2011