UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re REFCO, INC. SECURITIES LITIGATION | Case No. 07-md-1902 (JSR) |
| KENNETH M. KRYS, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>DEUTSCHE BANK SECURITIES INC., *et al.*,<br><br>　　　　　Defendants. | Case No. 10-cv-3594 (JSR)<br><br>ECF Filed |

**RESPONSE OF DEFENDANTS MARK KAVANAGH AND BRIAN OWENS TO THE KRYS PLAINTIFFS' OBJECTION TO THE REPORT AND RECOMMENDATION OF THE SPECIAL MASTER ON DEUTSCHE BANK DEFENDANTS' MOTION TO DISMISS**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, New York 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

*Attorneys for Defendants Mark Kavanagh and Brian Owens*

December 12, 2011

Mark Kavanagh and Brian Owens are defendants in the Refco MDL action captioned *Krys v. Sugrue*, Nos. 08cv3065 & 08cv3086 (JSR). Defendants Kavanagh and Owens respectfully submit this response to the November 22, 2011 Objection of the Krys Plaintiffs to the Report and Recommendation of the Special Master on the Deutsche Bank Defendants' Motion to Dismiss (the "Krys Plaintiffs' Objection).[1]

Kavanagh and Owens agree with that portion of the Deutsche Bank Defendants' Response to the Krys Plaintiffs' Objection concerning the Special Master's recommendation that the Krys plaintiffs' declaratory judgment claim should be dismissed. We submit this brief response to address one additional point that militates in favor of dismissal of that claim. At page 57 of his report, Special Master Capra correctly recommended that "any claim of indemnity [by the Deutsche Bank Defendants] is likely to be filed in the Cayman Islands SPhinX Liquidation and it would be inappropriate in this action to foreclose an indemnity claim that has not yet even been filed in the Caymans." *See* Report and Recommendation on Deutsche Bank Motion to Dismiss, citing *In re Parmalat Sec. Litig.*, 477 F. Supp.2d 602, 613-14 (S.D.N.Y. 2007) (declining to consider a request for a declaratory judgment, deferring to resolution of the issue in Cayman liquidation proceedings: "Plaintiffs have not alleged that the Caymans proceedings are unfair or that they contravene U.S. policies. Accordingly, the Court declines to consider plaintiffs' request for a declaratory judgment."). The Krys plaintiffs have failed to address, let alone rebut, this portion of the recommendation.

---

[1]   Kavanagh and Owens have an interest in the resolution of that portion of the Deutsche Bank Motion to Dismiss that concerns the Krys plaintiffs' request for a declaratory judgment against the Deutsche Bank Defendants with respect to yet to be filed claims for indemnification. As described below in more detail, Kavanagh and Owens have already filed claims for indemnification against the Krys plaintiffs in the Cayman Islands, and the Court's resolution of the instant motion may impact the resolution of Kavanagh's and Owens' claims.

The Special Master's recommendation on this point is further bolstered by the course of events with respect to other indemnity claims that have already been brought in the Caymans.  As set forth in a letter we submitted to the Court, dated October 31, 2011 [DKT. 1289], Messrs. Kavanagh and Owens are two out of several dozens of persons and entities who enjoy (for a variety of reasons) rights against the *Krys* plaintiffs for indemnification of all losses (including attorneys' fees) incurred in the Refco MDL and any subsequent cases, unless in a final judgment they are found to have engaged in intentional wrongdoing.  These indemnification rights protect the indemnitees, not only in suits like the *Krys* actions (brought by PlusFunds and the SPhinX investors), but also in claims that are yet to be brought, for indemnification or contribution.

In 2006, Messrs. Kavanagh and Owens submitted proofs of debt to the JOLs, under Cayman Islands law, demanding indemnification for, among other things, their attorneys' fees in the Refco MDL.  Other indemnitees, including DPM Mellon and PWC, did the same.  In September 2008, after nearly two years of delay, the JOLs rejected Messrs. Kavanagh and Owens' proofs of debt.  Kavanagh and Owens promptly appealed to the Cayman Court.  The JOLs then agreed that final resolution of the issue by the Cayman Court should be deferred until after a judgment on the merits of *Krys* plaintiffs' fraud claims.

Contrary to the JOLs' recent statements to this Court, the Cayman Court has never stated that it will leave the indemnity claims to be resolved by this Court.  Indeed, the issue of Messrs. Kavanagh and Owens' entitlement to indemnification is and has been for years in litigation in the Cayman Court.

Dated: New York, New York
December 12, 2011

                GIBSON, DUNN & CRUTCHER LLP

                By: /s/ Mitchell Karlan
                    Mitchell A. Karlan (MK-4413)

                200 Park Avenue, 47th Floor
                New York, New York 10166-0193
                Telephone: 212.351.4000
                Facsimile: 212.351.4035

                *Attorneys for Defendants Mark Kavanagh and Brian Owens*