**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------
                                                    :
IN RE REFCO INC. SECURITIES LITIGATION   :        CASE NO. 07-MD-1902 (JSR)
------------------------------------------------------------------   :

This document relates to:

------------------------------------------------------------------
KENNETH M. KRYS, *ET AL.,*                          :
                                                    :
                            Plaintiffs,             :        CASE NO. 08-CV-3086 (JSR)
                                                    :
            -against-                               :
                                                    :
CHRISTOPHER SUGRUE, *ET AL.*                        :
                                                    :
                            Defendants.             :
------------------------------------------------------------------   :


**THE MAYER BROWN DEFENDANTS' LIMITED OBJECTION TO THE
REPORT AND RECOMMENDATION OF THE SPECIAL MASTER ON
THE MOTIONS TO DISMISS BROUGHT BY THE MAYER BROWN DEFENDANTS**

# TABLE OF CONTENTS

Table of Authorities ............................................................................................................... ii

Preliminary Statement ............................................................................................................1

Argument ................................................................................................................................2

I.      Plaintiffs Cannot Recover for Deposits Made Prior to Their Reliance on a Refco Misrepresentation Allegedly Aided And Abetted by the Mayer Brown Defendants. .........2

II.     Plaintiffs Fail To Plead the Requisite Strong Inference that the Mayer Brown Defendants Knew of the "Refco Fraud." ............................................................................3

III.    Plaintiffs Have Failed To Plead that the Mayer Brown Defendants Substantially Assisted in any Improper Siphoning Of RCM Customer Deposits. ...................................7

Conclusion ..............................................................................................................................9

# TABLE OF AUTHORITIES

## CASES

*American Tissue, Inc. v. Donaldson, Lufkin & Jenrette Securities Corp.*, 351 F. Supp. 2d 79 (S.D.N.Y. 2004)................................................................................................6

*Bloor v. Carro, Spanbock, Londin, Rodman & Fass*, 754 F.2d 57 (2d Cir. 1985) ........................2

*Bondi v. Grant Thornton Int'l (In re Parmalat Securities Litigation)*, 421 F. Supp. 2d 703 (S.D.N.Y. 2006) ................................................................................................8

*Fraternity Fund Ltd. v. Beacon Hill Asset Management, LLC*, 479 F. Supp. 2d 349 (S.D.N.Y. 2007) ................................................................................................2, 3

*HA2003 Liquidating Trust v. Credit Suisse Securities (USA) LLC*, 517 F.3d 454 (7th Cir. 2008) ................................................................................................5

*Lerner v. Fleet Bank, N.A.*, 459 F.3d 273 (2d Cir. 2006) ................................................................3

*Marion v. TDI Inc.*, 591 F.3d 137 (3d Cir. 2010) ................................................................8

*McDaniel v. Bear, Stearns & Co.*, 196 F. Supp. 2d 343 (S.D.N.Y. 2002) ........................................8

*Ryan v. Hunton & Williams*, No. 99 Civ 5938, 2000 WL 1375265 (E.D.N.Y. Sept. 20, 2000) ................................................................................................6

*SEC v. DiBella*, 587 F.3d 553 (2d Cir. 2009) ................................................................2

*Stanford Trading Co. v. V.R.I. Distribution Corp.*, 98 Civ 0591, 2003 WL 21662828 (N.D. Tex. July 14, 2003) ................................................................................................6

*Turter v. Rothschild Registry International, Inc.*, 26 F.3d 304 (2d Cir. 1994) ................................3

*United States v. Bruno*, 09 Cr. 29, 2009 WL 2601249 (N.D.N.Y. Aug. 21, 2009) ........................6

*United States v. Collins*, No. 10-1048-cr, __ F.3d __, 2012 WL 34044 (2d Cir. Jan. 9, 2012) ................................................................................................6

## DOCKETED CASES

*Kirschner v. Bennett*, No. 07 Civ 8165 ................................................................................................3

*Thomas H. Lee Equity Fund V v. Mayer, Brown, Rowe & Maw LLP*, No. 07 Civ. 6767 ..............5

Mayer Brown LLP, Joseph Collins, Paul Koury, and Edward Best (the "Mayer Brown Defendants") respectfully submit this objection to the Report and Recommendation of the Special Master on the Motions to Dismiss Brought by the Mayer Brown Defendants.

## PRELIMINARY STATEMENT

The Special Master recommends dismissing with prejudice all but one of the claims brought against these defendants. R&R at 18.  As to that one remaining claim, for aiding and abetting the "Refco fraud," the Special Master recommends that the claim should be dismissed in part.  *Id.*  As noted in the Report, these dismissals were "essentially determined" by conclusions reached in previous reports, some of which have already been affirmed by the Court.  *Id.* at 2.

The Mayer Brown Defendants do not, of course, object to these recommended dismissals. And, with respect to the surviving claim for aiding and abetting the Refco fraud, we recognize that several of the issues presented in the Mayer Brown Defendants' motion to dismiss have been presented by other defendants and/or resolved by prior decisions of the Court.  While preserving those arguments, and joining in the prior objections of other defendants, the Mayer Brown Defendants do not intend to reargue the same objections that the Court has already considered.

Instead, we submit this limited objection to address three issues that arise specifically in the context of the Report regarding the Mayer Brown Defendants.  First, the Report holds that Plaintiffs cannot recover damages for any deposits they made with Refco prior to the Mayer Brown Defendants' alleged wrongdoing.  That is certainly correct; but it is equally correct that Plaintiffs cannot recover for deposits made prior to their *reliance* on a Refco misrepresentation aided and abetted by the defendants.  The Report does not appear to consider this point.  Second, the Report incorrectly concludes that the Complaint alleges scienter on the part of the Mayer Brown Defendants, when in fact Plaintiffs' allegations, even if they were true, would not establish knowledge either of Refco's wrongful use of funds at RCM or its financial fraud.  Third, the Mayer

1

Brown Defendants object to the Report's conclusions about the element of substantial assistance, and in particular the Report's conditional recommendation that the Complaint adequately alleges defendants' substantial assistance for the claims of aiding and abetting breach of fiduciary duty and conversion.  Because those two claims were recommended for dismissal on other grounds, Mayer Brown objects only in the event the Court were to disagree with the Special Master's recommendation to dismiss them.

We emphasize that the effect of the Report is merely to consider whether Plaintiffs have stated a claim on the pleadings.  At the summary judgment stage, and if necessary at trial, the Mayer Brown Defendants intend to argue that Plaintiffs cannot establish the elements of their claim as a matter of fact or law.

## ARGUMENT

**I.     PLAINTIFFS CANNOT RECOVER FOR DEPOSITS MADE PRIOR TO THEIR RELIANCE ON A REFCO MISREPRESENTATION ALLEGEDLY AIDED AND ABETTED BY THE MAYER BROWN DEFENDANTS.**

It is black-letter law that, to make out a claim for aiding and abetting, "a plaintiff must allege that the defendant's substantial assistance in the primary violation proximately caused the harm on which the primary liability is predicated."  *Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt., LLC*, 479 F. Supp. 2d 349, 370–71 (S.D.N.Y. 2007); *accord SEC v. DiBella*, 587 F.3d 553, 566 (2d Cir. 2009); *Bloor v. Carro, Spanbock, Londin, Rodman & Fass*, 754 F.2d 57, 62 (2d Cir. 1985).  The Report recommends dismissing the claim against the Mayer Brown Defendants for aiding and abetting fraud "to the extent [Plaintiffs] seek recovery of assets placed with Refco *before* the date of Mayer Brown's alleged wrongdoing."  R&R at 12 (emphasis added).  As to the recovery of assets placed with Refco *after* the date of any alleged wrongdoing by the Mayer Brown Defendants, however, the Report should not be misunderstood as presuming that Plaintiffs have or can establish proximate cause.

2

If the Report is adopted by the Court, the "primary violation" in this case will be fraud by Refco based on alleged misrepresentations in "public statements regarding [the company's] financial condition." *Fraternity Fund*, 479 F. Supp. 2d at 371; R&R at 10. Reasonable reliance on those misrepresentations is an "essential element[ ]" of a fraud claim under New York law. *E.g.*, *Turter v. Rothschild Registry Int'l, Inc.*, 26 F.3d 304, 310 (2d Cir. 1994). And Plaintiffs will need to establish that any alleged conduct by the Mayer Brown Defendants "proximately caused SPhinX/PlusFunds to place money with Refco." R&R at 12. That is to say, Plaintiffs will need to prove that they placed money with Refco in reliance on fraudulent statements that the Mayer Brown Defendants aided and abetted.

The Report does not appear to undertake this analysis, and at this motion-to-dismiss stage it may be unnecessary to do so. Indisputably, Plaintiffs can recover damages only if they can show actionable wrongdoing *and* reliance before the date of their deposits with Refco.

## II.    PLAINTIFFS FAIL TO PLEAD THE REQUISITE STRONG INFERENCE THAT THE MAYER BROWN DEFENDANTS KNEW OF THE "REFCO FRAUD."

A plaintiff seeking to hold a party liable for aiding and abetting a tort must raise a "strong inference" that the third party actually knew of the wrongdoing. *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 293 (2d Cir. 2006). The Report concludes that Plaintiffs have sufficiently alleged that the Mayer Brown Defendants knew both of the siphoning of assets from RCM and of the fraud regarding Refco's financial condition. *See* Report at 6–9. It errs in both conclusions.

1.    As to the siphoning of assets from RCM to other Refco entities, the Special Master bases his reasoning on legal advice that Mayer Brown lawyers provided to RCM.[1] But none of the legal advice described in the Complaint discusses intra-corporate transfers by RCM.

---

[1] While the Court has already adopted a recommendation by the Special Master in the PAT case that the allegations in *that* case regarding Mayer Brown's awareness of the siphoning were sufficient, *see* Order at 2, Dkt. No. 186, *Kirschner v. Bennett*, No. 07 Civ. 8165 (Dec. 13, 2010), the allegations in the PAT case were more extensive than those in *this* Complaint, *see* R&R at 6–7.

In some of the documents cited in the Complaint and addressed in the Report, Mayer Brown lawyers advised RCM that certain of its activities (*not* the intra-corporate transfers) may be subject to federal regulations.  *See* Exhibits 1–2 to the Declaration of John S. Williams ("Williams Declaration"); Memorandum in Support of Motion To Dismiss ("Memorandum") at 41, Dkt. No. 204 (quoting Am. Compl. ¶ 547); Corrected Separate Reply Memorandum in Support of Motion To Dismiss ("Reply") at 12, Dkt. No. 350.[2]  Plaintiffs claim that Mayer Brown lawyers gave correct regulatory advice to RCM as Refco was imploding in October 2005 in an effort to "paper the file" and "cover [their] tracks."  Am. Compl. ¶ 543.  But the advice given in October 2005 was the *same advice* Mayer Brown attorneys had given RCM years earlier.  *See* Memorandum at 41; Reply at 12; *compare* Exhibit 1 *with* Exhibit 2.

In another document, a Mayer Brown lawyer advised an RCM officer that RCM should consider segregating funds or transferring the funds to an onshore, regulated Refco entity so that Refco would not be in violation of governing regulations.  *See* Exhibit 3 to Williams Declaration; Memorandum at 40–41; Reply at 12–13.  This document, like the others discussed above, actually *undermines* any inference that lawyers at Mayer Brown were aware of improper siphoning.  *See* Exhibits 1–3.  If Mayer Brown attorneys had been aware that RCM needed to siphon the funds to other Refco entities to support a financial fraud, and had they intended to further such a fraud (which is what Plaintiffs would have to prove to recover on a claim for aiding and abetting fraud) they never would have given such advice, because following that advice – subjecting the funds to regulation, segregating them, transferring them onshore – would have made the alleged fraud impossible.

---

[2] The Williams Declaration is being submitted in conjunction with this objection and all exhibits referred to herein are exhibits to that declaration and were previously exhibits to the Mayer Brown Defendants' Memorandum.

2.      With respect to the financial fraud at Refco, the great weight of Plaintiffs'
allegations depends on the notion that lawyers should – indeed, should be presumed to – know
the purpose and accounting treatment of the transactions that they work on for their clients.[3]
That simply is not what lawyers do; nor is it a service sophisticated corporate clients want their
lawyers to provide given the array of financial professionals that they hire.  *See HA2003*
*Liquidating Trust v. Credit Suisse Sec. (USA) LLC*, 517 F.3d 454, 457 (7th Cir. 2008) (noting
economy's benefit from "allow[ing] specialists to do what they are best at").

The core of Plaintiffs' allegations regarding knowledge of the Refco fraud is that Mayer
Brown lawyers were asked to prepare routine legal documentation for back-to-back loan
transactions between RCM, RGHI, and a third party.[4]  *See* Am. Compl. ¶¶ 534–41.  There is no
allegation in the Complaint that lawyers at Mayer Brown were told that these loans were being
used to pay down a hidden intercompany receivable.  (Indeed, there is no specific allegation in
the Complaint that the lawyers were at all aware of any hidden intercompany receivable.[5])  The
Report emphasizes Plaintiffs' allegations regarding the supposedly suspicious nature of the loans
– such as that the loans were for short periods of time, were repeated periodically, and were
designed to minimize risk for the third party.  But this is not a negligence case; the question is
what Mayer Brown lawyers actually knew, not what they allegedly failed to apprehend.
Plaintiffs' allegations do not establish that lawyers at Mayer Brown knew Refco's improper

---

[3] We acknowledge that Judge Lynch found that a different set of plaintiffs (the THL plaintiffs/defendants that Plaintiffs here seek to hold liable for their losses) had successfully pleaded a claim for aiding and abetting fraud. Opinion & Order, Dkt. No. 75, *Thomas H. Lee Equity Fund V v. Mayer, Brown, Rowe & Maw LLP*, No. 07 Civ. 6767 (Mar. 23, 2009).  The allegations in that case, unlike this one, included direct dealings between the plaintiffs and Mayer Brown in which the plaintiffs alleged that they had been defrauded.

[4] While the Report and Complaint refer to these loans as "Round Trip Loans," the loans Mayer Brown lawyers worked on were only "back to back" (i.e., RCM to third party and third party to RGHI).  Mayer Brown lawyers had no involvement in or knowledge of the improper "third leg," in which RGHI used the money to pay down the receivable it owed RCM.

[5] For years, Refco reported in its audited financial statements the existence of a receivable owed to the company by RGHI.  *See* Memorandum at 42–43; Reply at 14.  The existence of this known, reported RGHI receivable undercuts any inference that Mayer Brown lawyers should have been alerted to fraud during the few instances in which a related-party receivable came up in transactions on which they were working for Refco.

purpose for those transactions or how Refco would –or should – account for those transactions. *See Ryan v. Hunton & Williams*, No. 99 Civ. 5938, 2000 WL 1375265, at *8–10 (E.D.N.Y. Sept. 20, 2000) (allegation that defendant knew of "red flags" suggesting its client was using accounts for fraudulent activities insufficient to establish actual knowledge).  The far stronger inference is that the Mayer Brown lawyers working on these transactions did not learn of the fraud.

       3.      In evaluating these issues, the Special Master appears to have drawn unwarranted and inappropriate inferences from the fact that Mr. Collins was indicted and, for a time, convicted for his work providing legal services to Refco.  R&R at 9 n.7.  Mr. Collins's conviction has been overturned.  *See United States v. Collins*, No. 10-1048-cr, __ F.3d __, 2012 WL 34044 (2d Cir. Jan. 9, 2012).  In short, a "dissenting juror" was singled out for a private instruction from the court that amounted to a private "modified *Allen* charge." *Id.* at *6.  The resulting tainted verdict has been vacated and of course should not be considered in evaluating Mayer Brown's motion.  As to Mr. Collins's indictment, it is black-letter law that "[a] criminal indictment is only an accusatory document and *is proof of nothing*."  *Stanford Trading Co. v. V.R.I. Distribution Corp.*, 98 Civ. 0591, 2003 WL 21662828 (N.D. Tex. July 14, 2003) (emphasis added); *see also United States v. Bruno*, 09 Cr. 29, 2009 WL 2601249, at *6 (N.D.N.Y. Aug. 21, 2009) ("It is axiomatic that an indictment is merely an allegation and proof of nothing.").   In the course of evaluating the sufficiency of a separate civil complaint, therefore, a court can take judicial notice of an indictment, but "not for the truth of the matters asserted in the other litigation, but rather [only] to establish the fact of such litigation and related filings." *Am. Tissue, Inc. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 351 F. Supp. 2d 79, 96 & n.17 (S.D.N.Y. 2004) (internal quotation marks omitted).   Equally probative of nothing is the Bankruptcy Examiner's "finding" of Mayer Brown's knowledge of a related-party debt at Refco,

which the Report concludes is "certainly relevant to whether the Plaintiffs have alleged a question of fact."  R&R at 7.  It is certainly not.  It is, on the contrary, an inadmissible conclusion by a lawyer appointed to find claims that might be brought by Refco's estate to recover monies for creditors.

Fundamentally, Plaintiffs allege that Mayer Brown lawyers provided Refco with legal services that Refco executives either failed to follow (as in the case of regulatory advice about RCM) or used to further an accounting fraud (as in the case of the back-to-back loans).  Those allegations simply do not give rise to a strong inference that the lawyers actually knew their client was engaged in fraud.

## III.   PLAINTIFFS HAVE FAILED TO PLEAD THAT THE MAYER BROWN DEFENDANTS SUBSTANTIALLY ASSISTED IN ANY IMPROPER SIPHONING OF RCM CUSTOMER DEPOSITS.

The Report recommends dismissing with prejudice the claims against the Mayer Brown Defendants for aiding and abetting Refco's alleged breaches of fiduciary duty and conversion for failure to plead knowledge.  The Report errs, however, in recommending that the Plaintiffs have adequately pleaded the Mayer Brown Defendants' substantial participation in those torts.  R&R at 15 & 17.  In the event the Report's recommendation to dismiss these claims is adopted, this objection is moot.  The Mayer Brown Defendants object only in the event the Court declines to adopt the Report's recommendation of dismissal on scienter grounds.[6]

The basis for both of these primary violations is that Refco allegedly wrongfully "siphoned" or "upstreamed" RCM customer deposits to the rest of the Refco enterprise.  *Id.* at 12–13, 16.  The Report's basis for recommending that the Mayer Brown Defendants

---

[6] As the Special Master noted, the Report's analysis on substantial assistance appears to be the same as that contained in previous reports and recommendations, including the one concerning PWC's motion to dismiss which the Court has since adopted.  *See* Report at 15 (citing other reports).  This Court has not had occasion to decide an objection to the Special Master's analysis of substantial assistance of the breach of fiduciary duty and conversion claims, however, because the Court adopted the Special Master's recommendation to dismiss these claims against PwC on scienter grounds.

substantially assisted these torts, however, is unrelated to the alleged siphoning.  It is instead conduct that allegedly contributed to misrepresentations of Refco's financial condition.  *Id.* at 15 & 17.

Proximate causation requires more.  The conduct must be a "substantial factor in the sequence of responsible causation."  *McDaniel v. Bear, Stearns & Co.*, 196 F. Supp. 2d 343, 359 (S.D.N.Y. 2002).  As noted in the Report, the Court *has already agreed* with a recommendation by the Special Master that "allegations about the broader Refco fraud, including Round Trip Loans and a fraudulent LBO, did not further the siphoning – rather it was the reverse, the siphoning furthered those transactions because it allowed Refco to continue operating until the insiders could cash out."  R&R at 10.  The same reasoning should apply here.  At most, the financial fraud at Refco was nothing more than a "condition that made the resulting injury possible."  *Bondi v. Grant Thornton Int'l (In re Parmalat Sec. Litig.)*, 421 F. Supp. 2d 703, 722 (S.D.N.Y. 2006) (quotations omitted).  It would have had no bearing on RCM customers if not for the "intervening acts of the company's management" to upstream customer deposits, and therefore cannot constitute proximate cause.  *Marion v. TDI Inc.*, 591 F.3d 137, 150 (3d Cir. 2010).

For similar reasons, the Mayer Brown Defendants believe the aiding and abetting fraud claim should be dismissed for lack of an adequate allegation of substantial assistance, and that the Special Master's contrary conclusion is inconsistent with prior decisions in this Refco litigation.  Defendants specifically object to the Report on this ground.  We recognize, however, that the Court has already adopted the Special Master's similarly reasoned recommendations concerning substantial assistance allegations against PricewaterhouseCoopers.

**CONCLUSION**

For the foregoing reasons, the Mayer Brown Defendants respectfully request that the

Court dismiss each of the claims against them with prejudice.


Respectfully submitted,


Dated:  Washington, D.C.                            WILLIAMS & CONNOLLY LLP
          January 27, 2012


                                            By: /s/ Craig D. Singer
                                              John K. Villa
                                              George A. Borden
                                              Craig D. Singer
                                              (csinger@wc.com)

                                              725 Twelfth Street, NW
                                              Washington, DC 20005
                                              Tel.: (202) 434-5000

                                              *Attorneys for Defendants Mayer Brown*
                                              *LLP and Edward S. Best*


Dated:  New York, New York                       COOLEY LLP
          January 27, 2012


                                              By: /s/ William J. Schwartz
                                              William J. Schwartz
                                              (wschwartz@cooley.com)
                                              Jonathan P. Bach
                                              Reed A. Smith

                                              1114 Avenue of the Americas
                                              New York, NY 10036-7798
                                              Tel.: (212) 479-6000

                                              *Attorneys for Defendant Joseph P. Collins*

Dated:  New York, New York                      CLAYMAN & ROSENBERG
             January 27, 2012


                                                By: /s/ Charles E. Clayman
                                                       Charles E. Clayman
                                                       (clayman@clayro.com)

                                                       305 Madison Avenue, Suite 1301
                                                       New York, NY 10165
                                                       Tel.: (212) 922-1080

                                                       *Attorneys for Defendant Paul Koury*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 27th day of January 2012, a copy of the foregoing Mayer Brown Defendants' Limited Objection to the Report and Recommendation of the Special Master on the Motions To Dismiss by the Mayer Brown Defendants was filed with the Court through the CM/ECF system.  The foregoing was served on counsel of record via the Court's CM/ECF system.

/s/ John Williams\_\_\_\_\_
John Williams
