```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
                                         :
IN RE REFCO SECURITIES LITIGATION        :    07 MDL 1902 (JSR)
                                         :
---------------------------------------- x
---------------------------------------- x
KENNETH M. KRYS, et al.,                 :
                                         :
          Plaintiffs,                    :    10 Civ. 3594 (JSR)
                                         :
          -v-                            :    ORDER
                                         :
DEUTSCHE BANK SECURITIES INC, et al.,    :
                                         :
          Defendants.                    :
---------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

On November 1 2011, Special Master Daniel J. Capra issued a Report and Recommendation in the above-captioned case recommending that defendants' motion to dismiss plaintiffs' claims be granted in part and denied in part. After the parties timely submitted their objections and responded thereto, the Court heard oral argument on December 21, 2011 and considered the entire matter de novo. Having done so, the Court finds itself in agreement with Special Master Capra's Report and Recommendation in all material respects and hereby adopts it in full as if incorporated herein.

One issue deserves further comments. Plaintiffs object that Count IV of their complaint against Deutsche Bank AG ("DB AG") - aiding and abetting fraud - should not be dismissed with prejudice, and that plaintiffs should have the opportunity to amend the complaint in order to add more specific allegations concerning the relationship

between DB AG and Deutsche Bank Securities Inc. ("DBSI") that, plaintiffs argue, will plausibly allege DB AG learned of the Refco fraud from DBSI. See Krys Plaintiffs' Objection to the Report and Recommendation of the Special Master on Deutsche Bank Defendants' Motion to Dismiss ("Pl. Obj.") at 13-14. Specifically, plaintiffs' proposed amendment would allege that three agents of DB AG decided that DB AG would participate in the Refco LBO, over the objections of DBSI's credit risk committee. Id. From this, plaintiffs suggest, the complaint would plausibly allege that DB AG, like DBSI, knew that Refco was insolvent and was fraudulently hiding its true financial condition.

The Court disagrees. Unlike the highly specific allegations in plaintiffs' complaint against DBSI that suggest DBSI learned of the Refco fraud through its due diligence on Refco, see DB R&R at 44-45 (recounting plaintiffs' allegations of specific internal DBSI emails, memos, notes, etc.), the mere fact that three DB AG agents decided DB AG would participate in the Refco LBO over DBSI's credit risk committee's objection does not plausibly suggest DB AG had "actual knowledge" of the Refco fraud. See Rosner v. Bank of China, 349 F. App'x 637, 638 (2d Cir. 2009) (holding allegations of "reason to suspect" fraud not sufficient to show "actual knowledge" of fraud). Accordingly, plaintiffs' request for leave to amend is hereby denied.

SO ORDERED.

2

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       February 16, 2012