```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
In re REFCO INC. SECURITIES         :    07 MDL 1902 (JSR)
LITIGATION                          :
------------------------------------x
------------------------------------x
KENNETH M. KRYS, et al.,            :
                                    :
          Plaintiffs,               :    08 Civ. 3065 (JSR)
                                    :    08 Civ. 3086 (JSR)
     -v-                            :
                                    :    MEMORANDUM ORDER
CHRISTOPHER SUGRUE, et al.,         :
                                    :
          Defendants.               :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

On February 10, 2012, the parties in the above-captioned case deposed non-party Diego Winegardner, a former director and employee of PlusFunds. During that deposition, Mr. Winegardner stated that he had met and discussed this case with the Krys plaintiffs' attorneys prior to his deposition. See Transcript of Deposition of Diego Winegardner dated February 10, 2012 ("Winegardner Dep.") at 529-30. When defendants asked Mr. Winegardner what had been discussed at these meetings, the Krys plaintiffs' counsel objected and directed Winegardner not to answer, citing attorney-client privilege and work product protection. See id. Defendants called Special Master Ronald J. Hedges from the deposition, seeking to overturn plaintiffs' counsel's assertion of privilege. After hearing argument from both sides, Special Master Hedges ruled that the Krys plaintiffs could not invoke attorney-client privilege or work product protection, and directed Winegardner to answer defendants'

questions. Id. at 549-58. Immediately thereafter, plaintiffs convened a joint telephone conference with this Court to object to the Special Master's ruling. See Case Management Order No. 3, at 2-3. The Court agreed to review the Special Masters' ruling, which, as a pure legal issue, it reviews de novo. Thomas H. Lee Equity Fund V, L.P. v. Mayer, Brown, Rowe & Maw LLP, No. 07 Civ. 6767(JSR), 2010 WL 3063876, at *1 (S.D.N.Y. Aug. 4, 2010).

At the direction of the Court, plaintiffs submitted a letter brief in support of their objections on February 13, 2012, and defendants submitted their response on February 14, 2012. On February 15, 2012, the parties convened a joint telephone conference with the Court, during which the Court ruled that it would uphold the Special Master's ruling, and that Winegardner should answer all questions about his discussions with plaintiffs' counsel. Per the request of both parties, this Memorandum Order confirms that ruling and explains the Court's reasoning.

Diego Winegardner is what plaintiffs call an "innocent" at PlusFunds - he was unaware of the alleged actions of certain PlusFunds insiders, who, in concert with Refco insiders, authorized moving the excess SMFF cash from segregated accounts at Refco LLC to unsegregated accounts at Refco Capital Markets ("RCM"), where the cash was then swept into a complicated fraud

designed to disguise Refco's insolvency. See Letter Brief of Krys Plaintiffs dated February 13, 2012 ("Pl. Br.") at 4. The Krys plaintiffs bring claims belonging to PlusFunds and have been assigned all of PlusFunds attorney-client and work product privileges. See Order Approving Joint Motion of the SPhinX Trustee and the PlusFunds Trustee for the Entry of an Order Approving the Supplemental Common Interest and Confidentiality Agreement Which, Inter Alia, Modifies the Document Retention Protocol, the SPhinX License, and the Standstill Stipulations, In re PlusFunds Group, Inc., No. 06-10402 (JMP), at 2-3 (Bankr. S.D.N.Y. Mar. 5, 2009).

Mr. Winegardner met with plaintiffs' counsel before his deposition "to discuss his recollection of the facts during his employment at PlusFunds." Pl. Br. at 2. Winegardner brought his own attorney, William Devaney, Esq., to both these interviews and to the deposition. Id. At the deposition, Winegardner expressly stated that the Krys plaintiffs' counsel were not his attorneys. Winegardner Dep. at 6, 100.

The Krys plaintiffs argue they are asserting PlusFunds's attorney-client and work product privilege in their conversations with a former PlusFunds employee, Winegardner. They argue that because the attorney-client privilege protects communications between counsel for a company (or its successor)

and former company employees concerning information obtained in the course of employment, these conversations with a former PlusFunds employee are privileged. See Gary Friedrich Enters., LLC v. Marvel Enters., Inc., No. 08-cv-1533, 2011 WL 2020586, at *5-6 (S.D.N.Y. May 20, 2011) (attorney-client privilege and work product protection generally cover conversations with former employees concerning the scope of the employment). Likewise, they argue that the work product doctrine bars inquiry into pre-deposition meetings with former employees that "may reveal counsel's legal analysis." Id. at *5-6.

The foundation for extending the corporation's privilege to conversations with employees was laid by the Supreme Court's opinion in Upjohn, where the Court held that employee communications with outside counsel during an internal investigation were privileged. Upjohn Co. v. United States, 449 U.S. 383, 386, 394-95 (1981). Although the Upjohn Court declined to address whether this privilege extended to conversations with former employees, see id. at 394 n.3, and although the Second Circuit has yet to opine on the issue, district courts in this Circuit have extended Upjohn's holding to cover conversations between corporate counsel and former employees of the corporation, so long as the discussion related to the former employee's conduct and knowledge gained during employment. See,

e.g., Export-Import Bank of the U.S. v. Asia Pulp & Paper Co., 232 F.R.D. 103, 112 (S.D.N.Y. 2005); Perlata v. Cendant Corp., 190 F.R.D. 38, 41-42 (D. Conn. 1999); see also In re Allen, 106 F.3d 582, 605-06 (4th Cir. 1997) (holding Upjohn applies with equal force to former employees). But see, e.g., Clark Equip. Co. v. Lift Parts Mfg. Co., No. 82 C 4585, 1985 WL 2917, at *5 (N.D. Ill. Oct. 1, 1985) (holding former employees are not the "client," and that "post-employment communications with former employees are not within the scope of the attorney-client privilege"). However, even those courts in this Circuit that have extended the privilege to cover some communications with former employees have noted that former employees should not be treated as if they were current employees in determining the applicability of Upjohn and privilege. See Perlata, 190 F.R.D. at 40. The Upjohn Court noted that the privilege extended to employees of the corporation acting "at the direction of corporate superiors." 449 U.S. at 394; see also id. at 403 (Burger, C.J., concurring in part and concurring in the judgment) (noting that Upjohn addressed case where employee spoke with corporation's attorney at the direction of management).

  Here, the circumstances plainly indicate that the conversation between the Krys plaintiffs' counsel and this former director of PlusFunds can in no way be said to be a conversation

between a corporate attorney and an employee "client" at the direction of management. The Krys plaintiffs are the Joint Official Liquidators of the SPhinX funds and were assigned PlusFunds's <u>prior</u> privilege rights by court order. These conversations with Winegardner, however, were not intended to provide any legal advice to PlusFunds, a defunct entity. Rather, they were intended to help plaintiffs' counsel prepare for a deposition related to its strategy to assist the Joint Official Liquidators bring claims against the defendants on behalf of creditors of the SPhinX funds.

Indeed, in their role as the representative of the SPhinX estate and its creditors, plaintiffs' attorneys have indicated to Mr. Winegardner that the estate possesses live claims against <u>him</u> in his former role as a PlusFunds director. The Krys plaintiffs and Mr. Winegardner have entered into a tolling agreement that prevents Winegardner from asserting a statute of limitations defense to any claims brought against him by the Krys plaintiffs based on time covered under the agreement. <u>See</u> Defendants' Letter Brief dated February 14, 2012 ("Def. Br."), Ex. 3, 4 (March 2008 tolling agreement and August 2011 extension).

Moreover, Winegardner was represented by his own, independent counsel at the meetings with the Krys plaintiffs'

6

counsel and at the deposition. He affirmatively indicated that the Krys plaintiffs' attorneys did not and do not represent him. This arms-length relationship between Winegardner and the Krys plaintiffs is far afield from this Court's previous determination that the privilege covering an actual attorney-client relationship between Weil Gotshal and the plaintiffs it represented could not be pierced because plaintiffs had potential (though unknown) claims against their attorneys. See Thomas H. Lee Equity Fund V, 2010 WL 3063876, at *1-2. In no sense can Winegardner, a former director of a defunct entity who is potentially liable to the Krys plaintiffs, be considered a "client" or agent of the Krys plaintiffs, or acting at the direction of the Krys plaintiffs, such that the attorney-client privilege covers conversations between him and the Krys plaintiffs' attorneys. Cf. In re Steinhardt Partners, L.P., 9 F.3d 230, 235 (2d Cir. 1993) (holding that sharing privileged materials with an adversary eliminates any need for privilege). But see In re Worldwide Wholesale Lumber, Inc., 392 B.R. 197, 201-04 (Bankr. D.S.C. 2008) (holding bankruptcy trustee can assert privilege over conversations with debtor's former agents to develop legal theory).

Likewise, plaintiffs cannot invoke the work product doctrine, as plaintiffs' attorneys shared their legal strategy

7

with a non-party, Winegardner, who is not part of the attorney-client relationship between plaintiffs' counsel and the Krys plaintiffs. <u>Steinhardt Partners</u>, 9 F.3d at 234.

The Court therefore adopts Special Master Hedges's ruling in full and reaffirms its February 15, 2012 ruling. Mr. Winegardner must answer the questions about his conversations with the Krys plaintiffs' attorneys.

SO ORDERED.

                                                          _____
                                                          JED S. RAKOFF, U.S.D.J.

Dated:    New York, New York
          February 27, 2012

8