UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
In re REFCO INC. SECURITIES         :    07 MDL 1902 (JSR)
LITIGATION                          :
------------------------------------x
------------------------------------x
KENNETH M. KRYS, et al.,            :
                                    :
        Plaintiffs,                 :    08 Civ. 3065 (JSR)
                                    :    08 Civ. 3086 (JSR)
        -v-                         :
                                    :    SUPPLEMENTAL ORDER
CHRISTOPHER SUGRUE, et al.,         :
                                    :
        Defendants.                 :
------------------------------------x

JED S. RAKOFF, U.S.D.J.

This will serve to supplement the Order dated March 26, 2012, by which the Court adopted the Report and Recommendation of Special Master Daniel J. Capra, and granted in part and denied in part the motions to dismiss filed by defendants Grant Thornton LLP and Mark Ramler. The Special Master's Report and Recommendation limits plaintiffs' damages on the aiding and abetting fraud claim to those assets deposited by the SPhinX plaintiffs at Refco after Grant Thornton issued its first "clean" auditing opinion, the first act alleged as defendants' substantial assistance to the Refco fraud, i.e., the "run on the bank" theory of causation. See Report and Recommendation of the Special Master on Motions to Dismiss Brought by Grant Thornton LLP and Mark Ramler dated Dec. 16, 2011, at 16-17. In objecting to the Special Master's Report and Recommendation on this point, plaintiffs advanced an alternative theory of aiding and abetting fraud against defendant Ramler that suggests Ramler can be held

liable for all of plaintiffs' damages through his work as the Refco engagement partner for Arthur Andersen LLP (where he worked before Grant Thornton) before the SPhinX plaintiffs deposited any assets at Refco. See SPhinX Plaintiffs' Limited Objection to the December 16, 2011 Report and Recommendation of the Special Master on Motions to Dismiss Brought By Grant Thornton LLP and Mark Ramler at 24. In response, defendants argued that this theory was not plausibly alleged on the face of the complaint and that plaintiffs should not have leave to amend their complaint at this point to try to allege such a theory. See Response to Plaintiffs' Limited Objection to the Report & Recommendation Concerning Grant Thornton LLP and Mark Ramler at 16-18. Without reaching the merits of this argument, the Court, in its Order adopting the Report and Recommendation, directed plaintiffs to present their argument to the Special Master. See Order dated Mar. 26, 2012 at 1-2.

Defendants now move for reconsideration of that Order pursuant to Local Rule 6.3, Local Rules, S.D.N.Y., on the ground that the Court granted plaintiffs relief they did not seek, in that they never formally asked for leave to amend. But as is obvious from the above account, both sides implicitly recognized that such a request was inherent in the arguments that were briefed.

Accordingly, the Court issues this supplemental Order to clarify the original Order. The Court agrees with defendants that, on the face of the present complaint, plaintiffs have not plausibly alleged that Ramler's work on Refco's financial statements when he worked at Arthur Andersen is connected to the Refco fraud in any way. Nonetheless, it may still be possible for plaintiffs to amend their complaint to allege plausibly that Ramler substantially assisted the Refco fraud earlier than the current allegations against him (and Grant Thornton) suggest. See Fed. R. Civ. P. 15(a)(2); see Foman v. Davis, 371 U.S. 178, 182 (1962) (explaining policy of allowing liberal amendments). With these clarifications, the Court reaffirms its original Order: if plaintiffs believe they can plausibly allege such a theory, they are hereby directed to present their argument to amend the complaint to the Special Master. See Arnold v. KPMG LLP, 334 F. App'x 349, 352 (2d Cir. 2009) (summary order) (noting plaintiff must demonstrate he can amend complaint in manner that would survive dismissal).

Although the Court had originally directed expedited briefing on defendants' motion for reconsideration, the Court now issues this Order sua sponte, so that the Court's clarification of the possibly unclear prior Order may save the parties from any further, unnecessary motion practice on defendants' motion for

reconsideration. See, e.g., Picard v. Katz, No. 11 Civ. 3605 (JSR), 2012 WL 127397, at *6 (S.D.N.Y. Jan. 17, 2012) (denying motion for certifying interlocutory appeal but granting relief through sua sponte reconsideration). If, however, defendants still wish to press their motion for reconsideration, they should convene a joint telephone conference with the Court by no later than April 10, 2012.

    SO ORDERED.

                                                                      JED S. RAKOFF, U.S.D.J.

Dated:    New York, New York
           April 5, 2012

4