UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARC S. KIRSCHNER, As Trustee of the Refco Private Actions Trust,<br><br>                    Plaintiff,<br><br>          -against-<br><br>PHILLIP R. BENNETT, SANTO C. MAGGIO, ROBERT C. TROSTEN, MAYER BROWN, LLP, MAYER BROWN INTERNATIONAL, LLP, and GRANT THORNTON LLP,<br><br>                    Defendants. | ELECTRONICALLY FILED<br><br>07 MDL 1902 (JSR)<br><br>07 Civ. 8165 (JSR) |

**PLAINTIFF'S RESPONSE TO GRANT THORNTON LLP'S SUPPLEMENTAL
MEMORANDUM OF LAW CONCERNING MANDATORY ABSTENTION**

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ...................................................................................................1

PROCEDURAL STATEMENT ......................................................................................................2

      A.      Judge Lynch's Decision Denying Mandatory Abstention ..........................2

      B.      Judge Lynch's Dismissal Decision And The Trustee's Amended Complaint..................................................................................................3

      C.      The Second Circuit's *Parmalat* Decisions....................................................4

ARGUMENT...................................................................................................................................5

    I.    Although The Issue Was Wrongly Decided At The Time, Under Current Circumstances, Abstention Is No Longer Warranted As To The Claim Against Grant Thornton ........................................................................................5

      A.      The Party Resisting Abstention Bears The Burden Of Proof ......................6

      B.      The Trustee's Claim Against Grant Thornton No Longer May Be Timely Adjudicated In State Court..............................................................7

      C.      By Contrast, The Trustee's Dismissed Claims Against Mayer Brown Can Be Timely Adjudicated In State Court ....................................9

    II.    The Court Should Disregard Grant Thornton's Argument Regarding Supplemental Jurisdiction..................................................................................11

CONCLUSION..............................................................................................................................14

# TABLE OF AUTHORITIES

Page

**Cases**

*Achtman v. Kirby, McInerney & Squire, LLP*,
 464 F.3d 328 (2d Cir. 2006) ...............................................................................................13

*Acolyte Elec. Corp. v. City of New York*,
 69 B.R. 155 (Bankr. E.D.N.Y. 1986).....................................................................................7

*In re Adelphia Commc'ns Corp.*,
 285 B.R. 127 (Bankr. S.D.N.Y. 2002)...................................................................................9

*Allstate Ins. Co. v. Ace Sec. Corp.*,
 2011 WL 3628852 (S.D.N.Y. 2011)......................................................................................6

*In re Almonacy*,
 2011 WL 13659 (Bankr. D.N.J. 2011)...................................................................................6

*Bondi v. Grant Thornton Int'l*,
 322 B.R. 44 (S.D.N.Y. 2005) ................................................................................................3

*Bricker v. Martin*,
 348 B.R. 28 (W.D. Pa. 2006) *aff'd*, 265 F. App'x 141 (3d Cir. 2008) ...............................9, 10

*Brzak v. United Nations*,
 597 F.3d 107 (2d Cir. 2010).................................................................................................13

*Capital Mgmt. Select Funds Ltd. v. Bennett*,
 670 F.3d 194 (2d Cir. 2012).................................................................................................13

*In re Earned Capital Corp.*,
 331 B.R. 208 (Bankr. W.D. Pa. 2005) .................................................................................10

*Federman v. Empire Fire & Marine Ins. Co.*,
 597 F.2d 798 (2d Cir. 1979).................................................................................................12

*Geruschat v. Ernst & Young LLP*,
 346 B.R. 123 (W.D. Pa. 2006) ............................................................................................10

*In re Global Crossing, Ltd. Sec. Litig.*,
 311 B.R. 345 (S.D.N.Y. 2003) ..............................................................................................3

*Klein & Co. Futures, Inc. v. Bd. of Trade*,
 464 F.3d 255 (2d Cir. 2006).................................................................................................13

*Little Rest Twelve, Inc. v. Visan*,
 458 B.R. 44 (S.D.N.Y. 2011).............................................................................................9, 11

*In re MTBE Prods. Liab. Litig.*,
 510 F. Supp. 2d 299 (S.D.N.Y. 2007)..................................................................................13

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*,
    547 U.S. 71 (2006) ..............................................................................................................14

*Montefiore Med. Ctr. v. Teamsters Local 272*,
    642 F.3d 321 (2d Cir. 2011) ...............................................................................................12

*Nagler v. Illiano*,
    585 F. Supp. 2d 358 (E.D.N.Y. 2008) ................................................................................12

*Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*,
    639 F.3d 572 (2d Cir. 2011) ....................................................................................... 4-8, 13

*Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*,
    671 F.3d 261 (2d Cir. 2012) ................................................................................. 4, 6-8, 12

*In re Refco Inc. Sec. Litig.*,
    2012 WL 996910, *adopted in full by* 2012 WL 1003552 (S.D.N.Y. 2012) ..............................4

*In re Refco, Inc. Securities Litigation*,
    628 F. Supp. 2d 432 (S.D.N.Y. 2008) ..................................................................................2

*In re Republic Reader's Serv., Inc.*,
    81 B.R. 422 (Bankr. S.D. Tex. 1987) ...................................................................................9

*In re Seven Fields Dev. Corp.*,
    505 F.3d 237 (3d Cir. 2007) ...............................................................................................10

*Spielman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    332 F.3d 116 (2d Cir. 2003) ...............................................................................................14

*United Mine Workers of Am. v. Gibbs*,
    383 U.S. 715 (1966) ............................................................................................................12

*Valencia v. Lee*,
    316 F.3d 299 (2d Cir. 2003) ...............................................................................................13

*XL Sports, Ltd. v. Lawler*,
    49 F. App'x 13, 20 (6th Cir. 2002) .......................................................................................6

*Younger v. Harris*,
    401 U.S. 37 (1971) ...............................................................................................................6

## **Statutes**

11 U.S.C. § 304 .............................................................................................................................8

15 U.S.C. § 78bb(f)(1)(A) ...........................................................................................................14

28 U.S.C. § 1334(b) ..................................................................................................................1, 2

28 U.S.C. § 1334(c)(2) ........................................................................................... 1-2, 4-6, 10, 14

28 U.S.C. § 1452(b) ......................................................................................................................9

129 Cong. Rec. 9952..................................................................................................................10

**Rules**

Fed. R. Civ. P. 12(b)(6)..............................................................................................................3

Plaintiff Marc S. Kirschner, the Trustee for the Refco Private Actions Trust (the "Trustee"), respectfully submits this Response to Grant Thornton LLP's ("Grant Thornton's") Supplemental Memorandum of Law Concerning Mandatory Abstention.

## **PRELIMINARY STATEMENT**

The Second Circuit's decisions in *Parmalat* provide important guidance concerning mandatory abstention under 28 U.S.C. § 1334(c)(2), including that the inquiry must be performed as of the present day rather than as of when the initial motion to abstain was filed. Applying the *Parmalat* framework, the Trustee agrees with Grant Thornton's ultimate conclusion that abstention is now inappropriate as to his claim against Grant Thornton because that claim has proceeded through extensive discovery, is on the eve of a summary-judgment argument that has been fully briefed, and is scheduled for a trial before this Court in August.

The Trustee wishes to make clear, however, that he does not agree with all of Grant Thornton's underlying analysis. The Trustee disagrees, for example, with Grant Thornton's assertion that the Trustee bears the burden of proof on the *Parmalat* factors, and with Grant Thornton's alternative argument (which was waived and is improperly raised here) that even if the Trustee were to prevail on the *Parmalat* factors, abstention is not required because the action supposedly "could have been commenced" in federal court on a basis other than bankruptcy related-to jurisdiction under 28 U.S.C. § 1334(b). Further, the application of the *Parmalat* factors to the Trustee's claim against Grant Thornton diverges from the application of those factors to the Trustee's claims against Mayer Brown LLP and Mayer Brown International LLP ("Mayer Brown"), which were dismissed nearly a year and a half ago and have not proceeded

through discovery.[1]  Abstention under section 1334(c)(2), which does not need to be decided now, is thus mandatory as to the Trustee's claims against Mayer Brown.

## PROCEDURAL STATEMENT

### A.  Judge Lynch's Decision Denying Mandatory Abstention

After the Trustee asserted the claims of certain former foreign exchange customers of Refco Capital Markets ("RCM") in New York state court, defendants Grant Thornton and Mayer Brown removed the action to federal court on the asserted ground that the action was "related to" Refco's earlier-filed bankruptcy proceeding.  *See* 28 U.S.C. § 1334(b).  Because the Trustee's state-law claims were made on behalf of RCM customers, and not any Refco estate, the Trustee promptly challenged the existence of federal jurisdiction and argued alternatively for both mandatory and permissive abstention.  (*See* Dkt. No. 13, Mem. of Law in Support of Pl's Mot. to Remand to N.Y. State Court (Oct. 17, 2007).)[2]  On May 6, 2008, the Court (Judge Lynch) denied the Trustee's motion in its entirety.  (Dkt. No. 44, Order Denying Remand.)

In denying mandatory abstention, Judge Lynch held that the action could not be "timely adjudicated" in the Commercial Division of New York Supreme Court within the meaning of section 1334(c)(2).[3]  (*Id.* at 14-15.)  Citing his "denial of the Litigation Trustee's virtually identical motion" in *In re Refco, Inc. Securities Litigation*, 628 F. Supp. 2d 432 (S.D.N.Y. 2008),

---

[1]  The dismissal of the Trustee's claims against Mayer Brown, and the question of jurisdiction, are preserved for appeal.

[2]  For information relating to Refco's bankruptcy and plan confirmation, along with a synopsis of the nature and purpose of the Refco Private Actions Trust (the "PAT") and the customer, not estate, claims assigned to it, the Trustee refers the Court to his previously filed brief in support of abstention and remand.  (*See* Dkt. No. 13 at 1-5.)

[3]  This subsection provides in pertinent part that "[u]pon timely motion of a party in a" state-law proceeding that is "related to" a bankruptcy case and that "could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." 28 U.S.C. § 1334(c)(2).

2

and a since-vacated decision by the *Parmalat* district court denying abstention, Judge Lynch labeled this action "clearly distinguishable" from "the general run of cases filed in the Commercial Division" because it is "'but one piece of a much larger, extremely complex litigation puzzle.'" (*Id.* at 14, 16 (quoting *Bondi v. Grant Thornton Int'l*, 322 B.R. 44, 50 (S.D.N.Y. 2005) (Kaplan, J.).) Judge Lynch elaborated that the intent behind mandatory abstention "has no application to litigation of this sort, in which a case properly removed to federal court is intertwined both with complex bankruptcy proceedings and equally complex securities class actions pending in federal court." (*Id.* (internal quotation marks omitted).) He concluded that, "far from promoting 'timely adjudicat[ion]' of the Trustee's claims, to remand this action to the New York state court 'would simply complicate and slow down the resolution of those claims, as well as of the matters already pending before this Court.'" (*Id.* at 15 (quoting *In re Global Crossing, Ltd. Sec. Litig.*, 311 B.R. 345, 349 (S.D.N.Y. 2003) (Lynch, J.)).) The Trustee firmly believes that Judge Lynch's decision was legally and factually unsupportable at the time it was issued.

      **B.**      **Judge Lynch's Dismissal Decision And The Trustee's Amended Complaint**

After deciding that the Trustee's action should remain in federal court, Judge Lynch granted Defendants' motion to dismiss under Rule 12(b)(6), while affording the Trustee leave to replead. (Dkt. No. 107, Opinion and Order on MTD (Aug. 25, 2009).) The case was subsequently transferred to the Honorable Jed S. Rakoff. The Trustee filed an Amended Complaint that this Court held stated a claim against Grant Thornton for aiding and abetting fraudulent inducement "with respect to those FX Customer deposits with RCM made after the 2004 LBO." (Dkt. No. 186, Order on MTD Amended Complaint at 2 (Dec. 13, 2010).) The Court dismissed the Trustee's claims against Mayer Brown based on what the Special Master

3

called certain "critical determinations by Judge Lynch" regarding pleading and proving substantial assistance. (Dkt. No. 161, Private Actions Trust R&R at 8 (June 3, 2010).)[4]

Because the Trustee's motion to abstain was denied in May 2008, the Trustee has now been forced to litigate his claims in federal court for four years, and nearly a year and a half has passed since this Court's decision on the motion to dismiss his Amended Complaint. Since then, the Trustee and Grant Thornton have completed extensive fact and expert discovery. Oral argument on Grant Thornton's motion for summary judgment, which the Trustee believes lacks merit, is three and a half weeks away. If the motion is denied, the case will be tried in August.

### C. The Second Circuit's *Parmalat* Decisions

On February 21, 2012, the Second Circuit issued its second decision in *Parmalat*, which, together with an earlier Circuit decision in that case, rejected the notion that abstention may be denied based on supposed efficiencies related to other actions beside the one at issue, and announced a four-factor framework (which the Trustee addresses below) to govern the timely-adjudication analysis at the heart of mandatory abstention under section 1334(c)(2). *Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.,* 639 F.3d 572 (2d Cir. 2011) ("*Parmalat I*"); *Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 671 F.3d 261 (2d Cir. 2012) ("*Parmalat II*"). Based on *Parmalat II*, Grant Thornton insisted that the Trustee either (1) stipulate to waive any right it may have to seek abstention in this action, or (2) brief the abstention issue before this Court. The

---

[4] The Trustee respectfully submits that this dismissal—largely, if not exclusively, dictated by adherence to the law-of-the-case doctrine—conflicts with the Court's subsequent decision to allow aiding-and-abetting claims against Mayer Brown based on materially similar allegations by a separate set of Refco customers. *See In re Refco Inc. Sec. Litig.*, 2012 WL 996910, at *8 (allowing the plaintiffs "to sue for the Refco Fraud writ large"; thus, "all of Mayer Brown's alleged extensive activity in assisting Refco in hiding its true financial picture and allowing the insiders to cash out may properly be considered"), *adopted in full by* 2012 WL 1003552 (S.D.N.Y. 2012).

Trustee declined to stipulate, Grant Thornton filed its memorandum of law on April 16, 2012, and the Trustee now files this Response.

## ARGUMENT

### I. ALTHOUGH THE ISSUE WAS WRONGLY DECIDED AT THE TIME, UNDER CURRENT CIRCUMSTANCES, ABSTENTION IS NO LONGER WARRANTED AS TO THE CLAIM AGAINST GRANT THORNTON

In *Parmalat*, the Second Circuit rejected the district court's (Judge Kaplan's) rationale (upon which Judge Lynch relied in his *Refco* abstention decision, *see* Dkt. No. 44 at 14-15) that abstention under section 1334(c)(2) is improper where keeping the action in federal court will create efficiencies for *other* actions already in federal court. *See Parmalat I*, 639 F.3d at 581 ("In the present case, the district courts emphasized that remand would not promote timely adjudication because this case is a 'complex bankruptcy-cum-securities fraud multidistrict litigation[]' such that 'the importance of coordinating this proceeding with the international bankruptcy and the Securities Fraud Action outweighs any interest in comity with Illinois courts or Illinois law.' We disagree with this approach. The impact of the state court proceedings on the securities class action itself, absent evidence of prolonging the administration or liquidation of the foreign estates, is immaterial to the question of timely adjudication.") (footnote omitted).

In place of that rejected approach, the Second Circuit adopted a four-factor test for "evaluating § 1334(c)(2) timeliness":

> (1) the backlog of the state court's calendar relative to the federal court's calendar; (2) the complexity of the issues presented and the respective expertise of each forum; (3) the status of the title 11 bankruptcy proceeding to which the state law claims are related; and (4) whether the state court proceeding would prolong the administration or liquidation of the estate.

*Id.* at 580. The Circuit cautioned that "timeliness is a case- and situation-specific inquiry," one that is "informed by the comparative speeds of adjudication in the federal and state forums." *Id.*

5

Further, the "district court should allow the parties to supplement the record with current information to allow it to assess timely adjudication in the present tense." *Id.* at 582 ("It would be futile for the district court on remand to consider only the facts known to it at the time of its initial order.").[5]

Applying these factors, abstention was required as to both the claims against Grant Thornton and the claims against Mayer Brown in May 2008. While that analysis continues to apply to the claims against Mayer Brown, it no longer applies, as explained below, to the Trustee's claim against Grant Thornton, which is now on the eve of trial.

### A. The Party Resisting Abstention Bears The Burden Of Proof

Before turning to the *Parmalat* factors, the Trustee briefly addresses Grant Thornton's assertion (GT Br. 10) that the Trustee bears the burden on the question of abstention. As Grant Thornton concedes (GT Br. 11 n.4), this is an issue that was explicitly left open by the Second Circuit in *Parmalat*. *See Parmalat I*, 639 F.3d at 582 (noting but not resolving the issue); *Parmalat II*, 671 F.3d at 270 n.4 (same). The Trustee agrees with *Parmalat I*'s suggestion that the burden lies with the party (here, Grant Thornton) resisting abstention. *See Parmalat I*, 639 F.3d at 582 ("Placing the burden on the party seeking remand may . . . be inconsistent with the mandatory nature of abstention under § 1334(c)(2) as well as the principles of comity, which presume that a state court will operate efficiently and effectively.") (citing *Younger v. Harris*, 401 U.S. 37, 44 (1971)); *see also, e.g.*, *Allstate Ins. Co. v. Ace Sec. Corp.*, 2011 WL 3628852, at *7 (S.D.N.Y. 2011) (discussing *Parmalat I* and assigning burden to party resisting abstention); *accord XL Sports, Ltd. v. Lawler*, 49 F. App'x 13, 20 (6th Cir. 2002); *In re Almonacy*, 2011 WL

---

[5]  The Circuit remanded the case for the district court to apply this framework. After the district court did so and concluded abstention was not warranted, the Circuit reversed and ordered the district court to abstain. *Parmalat II*, 671 F.3d at 264.

6

13659, at *2 (Bankr. D.N.J. 2011) (placing burden on party resisting abstention); *Acolyte Elec. Corp. v. City of New York*, 69 B.R. 155, 180 (Bankr. E.D.N.Y. 1986) (same).  As set forth below, Grant Thornton's burden is satisfied here given the eve-of-trial posture of the Trustee's claim against Grant Thornton.

> **B.     The Trustee's Claim Against Grant Thornton No Longer May Be Timely Adjudicated In State Court**

After spending years preparing for the upcoming August jury trial in this Court, the Trustee agrees that, relative to imminent trial in this Court, his claim against Grant Thornton can no longer be "timely adjudicated" under the *Parmalat* factors in New York state court.[6]

As to the first *Parmalat* factor ("the backlog of the state court's calendar relative to the federal court's calendar"), which is not "solely determinative," *Parmalat I*, 639 F.3d at 581, the Trustee does not dispute the general statistics and commentary cited by Grant Thornton showing that the current progression of a "trial-ready civil case" may be slower in New York state court than in federal court.  (*See* GT Br. 11-13.)

The second *Parmalat* factor ("the complexity of the issues presented and the respective expertise of each forum") asks whether case-specific factors alter the general statistics on relative speeds to judgment.  This factor supports this Court retaining jurisdiction over the Trustee's claim against Grant Thornton.  *See Parmalat II*, 671 F.3d at 267 (addressing relevance of relative timing to resolution).  Although the state-law nature of the Trustee's claim against Grant Thornton militates in favor of state-court adjudication, *see Parmalat I*, 639 F.3d at 580-81, it is

---

[6]   After years of litigation, the Trustee wishes, understandably, to proceed to trial in August and not be remanded to state court, where the claims in his Amended Complaint against Grant Thornton would need to go through pre-trial briefing (including motion to dismiss and summary judgment) and wait for a trial date, resulting in substantial and costly additional delay.

trumped by the fact that this specific claim against Grant Thornton is on the eve of trial in federal court, but would, if remanded, be far from trial in state court.[7]

The third factor —"the status of the title 11 bankruptcy proceeding to which the state law claims are related"—is, at best, neutral. Because the main bankruptcy proceeding in *Parmalat* was in Italy, and the title 11 bankruptcy proceeding was only an ancillary proceeding under the old 11 U.S.C. § 304 (now chapter 15), the third factor in *Parmalat* weighed in favor of abstention. *See Parmalat II*, 671 F.3d at 268 (third factor weighed in favor of finding that state court could timely adjudicate because "[i]t is difficult to see how these [offensive] actions [by the trustee] will affect the § 304 proceeding"). Here, while the main bankruptcy proceeding is, in contrast, a United States proceeding under chapter 11 of the Bankruptcy Code, *compare Parmalat I*, 639 F.3d at 581 n.9 ("a court overseeing a § 304 case is not tasked with overseeing reorganization or liquidation of the estate"), that proceeding is—other than the remaining litigation being pursued by the PAT and the Refco Litigation Trust on behalf of their respective beneficiaries—all but concluded.

The fourth factor ("whether the state court proceeding would prolong the administration or liquidation of the estate") is considered in combination with the third factor. Judge Lynch found sufficient interrelation with the administration of the Refco estates—the PAT was established by the Modified Joint Chapter 11 Plan of Refco Inc. and Certain of its Direct and

---

[7] The Trustee disagrees with Grant Thornton's assertion that this Court's "experience in all things Refco" (GT Br. 9) is a relevant consideration. A similar argument was made and rejected in *Parmalat*, where the Second Circuit recognized that the state forum's expertise on state-law issues was a predominant concern. *See Parmalat II*, 671 F.3d 261, 267-68 (refusing to endorse continued federal jurisdiction simply "because the facts in the case are complex, and the District Court is already familiar with them," given that "the District Court's disposition of the[] cases rested on its prediction and interpretation of" state law). Here, unlike in *Parmalat*, the most relevant consideration is that this particular claim is on the eve of trial in federal court but would be far from resolution if it returned to state court.

Indirect Subsidiaries (the "Plan"), the Bankruptcy Court retained jurisdiction over its administration, and the PAT would need to repay certain loans it received from the Refco Litigation Trust—to justify exercising "related to" jurisdiction over the Trustee's claims. (*See* Dkt. 44, at 10-12 (Judge Lynch's discussion of nexus of the PAT claims to the Refco Bankruptcy and its administration).) Notwithstanding the marginal impact, if any, that delay might be argued to have on any remaining ministerial administration of the Plan, abstention is not now warranted given the substantial delay that will result if the Trustee's eve-of-trial claim against Grant Thornton were remanded to state court.

### C. By Contrast, The Trustee's Dismissed Claims Against Mayer Brown Can Be Timely Adjudicated In State Court

That the Trustee's claim against Grant Thornton cannot be timely adjudicated in state court under the *Parmalat* factors (and thus abstention as to that claim is not warranted) does not compel the same conclusion as to the Trustee's claims against Mayer Brown. "[P]artial abstention is permissible." *Bricker v. Martin*, 348 B.R. 28, 39 (W.D. Pa. 2006), *aff'd*, 265 F. App'x 141 (3d Cir. 2008); *see also In re Adelphia Commc'ns Corp.*, 285 B.R. 127, 135 n.27 (Bankr. S.D.N.Y. 2002) (assuming without deciding that a court "has the ability to remand or abstain with respect to a single cause of action, and/or the claims asserted against less than all defendants, even if it has determined that it should not do so with respect to *all* of the claims"); *In re Republic Reader's Serv., Inc.*, 81 B.R. 422, 427 (Bankr. S.D. Tex. 1987) (viewing "partial abstention as appropriate to divisible state law claims").[8] Although few courts have considered

---

[8] Although sections 1334(c)(1) and (c)(2) refer to abstaining from a "proceeding" rather than a "cause of action" or "claim," the statute governing removal of claims "related to" bankruptcy proceedings expressly allows "[t]he court to which *such claim or cause of action* is removed" to "remand *such claim or cause of action*." 28 U.S.C. § 1452(b) (emphasis added). The situation is much like that of separately filed, consolidated lawsuits, for which partial abstention is unquestionably proper. *See Little Rest Twelve, Inc. v. Visan*, 458 B.R. 44, 48 (S.D.N.Y. 2011)

9

partial abstention, those that have done so "have upheld" the practice. *Bricker*, 348 B.R. at 37. And in general, the framework for abstention analysis used by most courts "implicitly presupposes that partial abstention may be appropriate" by factoring in the "feasibility of severing state law claims." *Id*. at 38 (citing *In re Earned Capital Corp.*, 331 B.R. 208, 220 (Bankr. W.D. Pa. 2005), *aff'd sub nom. Geruschat v. Ernst & Young LLP*, 346 B.R. 123 (W.D. Pa. 2006), *aff'd sub nom. In re Seven Fields Dev. Corp.*, 505 F.3d 237 (3d Cir. 2007)). Here, partial abstention is feasible given the different trajectory already taken between the Trustee's claims against Mayer Brown and his claim against Grant Thornton.

The key distinction between the claims against Mayer Brown and the claim against Grant Thornton concerns the second *Parmalat* factor of specific considerations affecting the general statistics on relative adjudication speed. Unlike the Trustee's claim against Grant Thornton, in which discovery is complete and trial is scheduled in this Court for August, the Trustee's claims against Mayer Brown were dismissed, have lain dormant and are anything but "trial ready." Although not ripe for adjudication because of that dismissal and because Mayer Brown has not participated in this briefing, the issue of abstention on the Trustee's claims against Mayer Brown is preserved for appeal.

Whether reinstated for state-court adjudication by a federal ruling that abstention applies or reinstated for federal-court adjudication by a reversal on the merits of the dismissal, the claims against Mayer Brown will require extensive additional fact and expert discovery and summary judgment briefing. And under *Parmalat*'s second factor as well as the underlying purpose of section 1334(c)(2) to have state-law claims adjudicated in state court, *see* 129 Cong. Rec. 9952 (daily ed. Apr. 27, 1983) (stressing that "the interests of judicial federalism and the interests of

---

(Koeltl, J.) (finding mandatory and permissive abstention appropriate in two of "three cases featuring common counsel, related parties, and a convoluted procedural history").

10

allowing State courts to decide matters of State law" were "inadequately considered by the 1978 act"), the state-law nature of the Trustee's claims against Mayer Brown trumps this Court's greater factual familiarity and the general statistics suggesting that federal courts may be somewhat faster. *See supra*, at 7-8 & n.6.

Accordingly, the Trustee reserves all rights to pursue mandatory abstention against Mayer Brown pursuant to the *Parmalat* decisions.

## II.  THE COURT SHOULD DISREGARD GRANT THORNTON'S ARGUMENT REGARDING SUPPLEMENTAL JURISDICTION

Grant Thornton theorizes that, even if the Trustee's claim could be "timely adjudicated" in state court, abstention is unavailable "because this case could have been filed in federal court without relying on bankruptcy jurisdiction." (GT Br. 19.)  Specifically, Grant Thornton contends that other "RCM customer claims that were already being prosecuted under federal law" would provide supplemental jurisdiction. (*Id.* at 4.)  Although the Court need not reach the issue of supplemental jurisdiction given that Grant Thornton and the Trustee agree that—in light of the extensive proceedings conducted in this Court since Judge Lynch's decision not to abstain—the claim against Grant Thornton can be adjudicated here far more quickly than it could be in state court (such that abstention is not warranted), the Trustee is compelled to respond to Grant Thornton's misconceived, and improperly raised, alternative argument.

*First*, Grant Thornton waived this argument by not raising it in the first round of abstention briefing.[9]  At that time, the Trustee argued that "there is no basis for federal jurisdiction beyond 28 U.S.C. § 1334." (Dkt. No. 13 at 14.) In response, "Grant Thornton and

---

[9]  Defendants also waived this argument by not raising supplemental jurisdiction in their notice of removal. (*See* GT Br. 24-25.) *See Little Rest Twelve*, 458 B.R. at 58-59 (holding that "[a] notice of removal may not be sustained on a ground of jurisdiction not stated in that notice," and rejecting the assertion of diversity jurisdiction as precluding mandatory abstention where the defendant "did not claim diversity jurisdiction in its notice of removal").

11

the other defendants did not raise any alternative basis for federal jurisdiction." (GT Br. 23.) Indeed, the *Parmalat* trial judge was reversed for considering a belated jurisdictional argument like the one advanced by Grant Thornton, "because it had not [previously] been raised with the District Court as a basis to avoid mandatory abstention." *Parmalat II*, 671 F.3d at 270-71. Grant Thornton's supplemental jurisdiction argument is improper, moreover, because the recent *Parmalat* decisions upon which Grant Thornton premised its unorthodox request for this briefing are based solely on "timely adjudication." *Parmalat I* and *II* did not address supplemental jurisdiction as part of their holdings or have any effect whatsoever on that doctrine. (*See* GT Br. 2 (the inquiry is "whether and how the *Parmalat* decisions impact this case").)

*Second*, a similar fact pattern between claims does not support supplemental jurisdiction. Rather, the claims must be "such that the plaintiff 'would ordinarily be expected to try them all in one judicial proceeding.'" *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 332 (2d Cir. 2011) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)); *see also Federman v. Empire Fire & Marine Ins. Co.*, 597 F.2d 798, 812 (2d Cir. 1979) (requiring more than "some factual relationship to [a] claim for securities fraud"); *Nagler v. Illiano*, 585 F. Supp. 2d 358, 359 (E.D.N.Y. 2008) ("[T]he fact that there is a *separate* federal lawsuit that raises a federal question and involves these parties and shares some of the same operative facts does not mean that the instant suit, sounding only in tort, can be heard in the federal courts."). That is not so here: the state-law FX customer claims are distinct from the federal securities claims, which were asserted on behalf of a different set of customer assignors (the only overlap among dozens of former Refco FX customers identified by Grant Thornton potentially being the Rogers Funds). Moreover, the Trustee never sued Grant Thornton based on claims assigned to the PAT by Refco securities customers.

*Third*, even if the PAT might be considered the same plaintiff in both cases, rather than the underlying RCM customer assignors, the case that Grant Thornton would have this state-law action "supplement" has been dismissed for lack of standing, making it an abuse of discretion to retain jurisdiction over the state-law claims. *Capital Mgmt. Select Funds Ltd. v. Bennett*, 670 F.3d 194, 198 (2d Cir. 2012) (affirming "[t]he district court dismiss[al of] the claims for lack of standing and failure to allege deceptive conduct"); *see Klein & Co. Futures, Inc. v. Bd. of Trade*, 464 F.3d 255, 262 (2d Cir. 2006) (affirming dismissal of state-law claims for lack of supplemental jurisdiction after federal securities claims were dismissed for lack of standing); *see also Brzak v. United Nations*, 597 F.3d 107, 113-114 (2d Cir. 2010) (recommending dismissal of state claims "if a plaintiff's federal claims are dismissed before trial" and affirming district court's doing so); *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 306-08 (2d Cir. 2003). And although the federal claim existed when the state claims were filed, it is "futile" for a district court to reevaluate abstention based only on "the facts known to it at the time of its initial order," *Parmalat I*, 639 F.3d at 582, particularly when those facts are no longer accurate.

*Fourth*, only in very limited circumstances, not present here, has the Second Circuit expanded section 1367 jurisdiction to a separate state-law *action* (as opposed to a separate state-law claim within a single action). In *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335-36 (2d Cir. 2006) (*see* GT Br. 21-22), the federal case was a securities class action, and the non-federal case concerned the class members' claim that their attorneys in the federal case committed malpractice by *failing* to sue an auditor. To the Trustee's knowledge, no court has extended *Achtman*—which already lies at "the outer limits of the 'same case or controversy' doctrine," *In re MTBE Prods. Liab. Litig.*, 510 F. Supp. 2d 299, 323 (S.D.N.Y. 2007)—to a

13

separate state-law action like the Trustee's here based simply upon a coincidental factual overlap.

*Finally*, Grant Thornton's SLUSA argument is misleading. SLUSA is not a basis for federal jurisdiction. To the contrary, SLUSA, where applicable, prevents federal and state courts from exercising jurisdiction by "provid[ing] that '[n]o covered class action' based on state law and alleging 'a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security . . . may be maintained *in any State or Federal court*.'" *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 74 (2006) (quoting 15 U.S.C. § 78bb(f)(1)(A)) (emphasis added). Although SLUSA provides for removal of "covered class actions," a district court's task is limited to determining whether "the removed action is, in fact, a preempted class action" under SLUSA. *Spielman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 332 F.3d 116, 124 (2d Cir. 2003) (internal quotation marks omitted). Moreover, given the common law state law claims asserted by the Trustee against Grant Thornton, the Court has consistently rejected Grant Thornton's barrage of nearly identical SLUSA arguments—now in their *third* iteration and also currently briefed before Special Master Capra on summary judgment—and should do so yet again here after receiving the Special Master's Report and Recommendation.

## CONCLUSION

Because the Trustee's claim against Grant Thornton is on the eve of trial, that claim cannot be "timely adjudicated" in New York state court within the meaning of 28 U.S.C. § 1334(c)(2). Conversely, abstention continues to be required as to the Trustee's claims against Mayer Brown, although the issue is not ripe for adjudication given this Court's prior dismissal of those claims and Mayer Brown's absence from this briefing.

14

DATED:   April 30, 2012

                               QUINN EMANUEL URQUHART &
                               SULLIVAN, LLP

By: _/s/ Richard I. Werder, Jr._____
   Richard I. Werder, Jr.
   Sascha N. Rand
   Sanford I. Weisburst
   Nicholas J. Calamari
    rickwerder@quinnemanuel.com
    sascharand@quinnemanuel.com
    sandyweisburst@quinnemanuel.com
    nicholascalamari@quinnemanuel.com

51 Madison Avenue, 22nd Floor
New York, New York  10010-1601
(212) 849-7000

*Attorneys for Plaintiff Marc S. Kirschner, as
  Trustee for the Refco Private Actions Trust*