UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
                                      :
                                      :
IN RE REFCO SECURITIES LITIGATION     :        07 MDL 1902 (JSR)
                                      :
                                      :
------------------------------------ x
------------------------------------ x
KENNETH M. KRYS, et al.,              :
                                      :
        Plaintiffs,                   :        08 Civ. 7416 (JSR)
                                      :
        -v-                           :
                                      :            ORDER
ROBERT AARON, et al.,                 :
                                      :
        Defendants.                   :
------------------------------------ x

JED S. RAKOFF, U.S.D.J.

        On January 27, 2012, Special Master Ronald J. Hedges issued a

Report and Recommendation in the above-captioned case recommending that

default judgment be entered against third-party defendant Christopher

Sugrue.  Defendant Sugrue has failed to file any objections to the

Report and Recommendation.  See Case Management Order No. 3, dated Nov.

2, 2009.  Accordingly, the Court hereby adopts the Special Master's

Report and Recommendation in its entirety as if incorporated herein and

directs that default judgment be entered against third-party defendant

Sugrue.  The Clerk of the Court is directed to close document 1346 on

the docket sheet of 07 MDL 1902 and document 274 on the docket sheet of

08 Civ. 7416.

        SO ORDERED.

                                        _____
                                        JED S. RAKOFF, U.S.D.J.

Dated:  New York, New York
        May 6 , 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
                            :
IN RE: REFCO SECURITIES LITIGATION        :    07 MDL 1902 (JSR)
                            :
------------------------------------------------------------------X

------------------------------------------------------------------X
                            :
KENNETH M. KRYS, *et al.*,                :    08 Civ. 7416 (JSR)
                            :
           Plaintiffs,              :
                            :
    -against-                     :
                            :    **REPORT AND**
                            :    **RECOMMENDATION OF**
ROBERT AARON, *et al.*,              :    **THE SPECIAL MASTER ON**
                            :    **MOTION FOR DEFAULT**
           Defendants.           :    **JUDGMENT AGAINST**
                            :    **THIRD-PARTY DEFENDANT**
    -against-                     :    **CHRISTOPHER SUGRUE**
                            :
PATRINA KHOO FARQUHARSON, ANDREW  :
FEIGHERY, and CHRISTOPHER SUGRUE,   :
                            :
           Third-Party Defendants.    :
                            :
                            :
------------------------------------------------------------------X

Hedges, R.J., Special Master

       Defendants/ and Third-Party Plaintiffs ("Plaintiffs") have moved for the entry of default

judgment against Third-Party Defendant Christopher Sugrue {"Sugrue") pursuant to Rule

55(b)(2) of the Federal Rules of Civil Procedure.

## FINDINGS OF FACT

       Having considered the papers submitted in support of the motion, I find as follows:

       1.    Plaintiffs seek to recover $263 million in damages, together with interest and

costs, suffered by the SPhinX family of hedge funds, the lost business enterprise value and

deepening insolvency damages suffered by SPhinX's investment manager, PlusFunds Group, Inc,. and damage suffered by SPhinX investors.

2.     On August 15, 2011, Plaintiffs filed an Amended Answer, Affirmative Defenses, Counterclaims and Third-Party Complaint.

3.     On October 6, 2011, this Court issued an Order Authorizing Service of Summons and Complaint on Sugrue pursuant to Rule 4(f)(3).

4.     Pursuant to the October 6th Order, on October 11, 2011, Plaintiffs served on Sugrue true and accurate copies of the Amended Complaint, the Amended Answer, Affirmative Defenses, Counterclaims, and Third-Party Complaint, Summons and October 6th Order.

5.     On November 3, 2011, Plaintiffs filed an Affidavit of Service indicating that the Document for Service were transmitted via electronic mail but did not reach Sugure via Federal Express.

6.     Sugrue has failed to answer, move, or otherwise respond to the Third-Party Complaint.

7.     Jurisdiction was properly obtained over Sugrue by serving him with a copy of the Amended Answer, Affirmative Defenses, Counterclaim and Third-Party Complaint by electronic mail.

8.     Sugrue is not an infant, in the military, or an incompetent person.

9.     On December 2, 2011, Plaintiffs requested the entry of default against Sugrue and submitted a declaration in support thereof dated December 1, 2011.

10.     A Clerk's Certificate of Default was executed by the Deputy Clerk of the Court on December 2, 2011, certifying, *inter alia*, that Sugrue had not answered or otherwise moved with regard to the Third-Party Complaint.

2

## CONCLUSIONS OF LAW

1.       This is a motion for default judgment pursuant to Rule 55(b)(2).

2.       Service of a copy of the Summons and Third-Party Complaint was made properly on Sugrue pursuant to the October 6, 2011 Order.


## CONCLUSION

Based on the above, IT IS RECOMMENDED that default judgment be entered against Sugrue pursuant to the Third-Party Complaint with the assessment of damages, costs, and interest awaiting the outcome of the remainder of the action.

Dated: January 17, 2012
      Washington, D.C.

RONALD J. HEDGES, SPECIAL MASTER

3