UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------ X
                                           :
In re REFCO, INC. SECURITIES LITIGATION    :   07 MDL No. 1902 (JSR)
                                           :   ECF CASE
                                           :
------------------------------------------ X
------------------------------------------ X
KENNETH M. KRYS, et al.,                   :
                                           :
        Plaintiffs,                        :
                                           :
    -v-                                    :   08 Civ. 7416 (JSR)
                                           :
ROBERT AARON, et al.,                      :
                                           :
        Defendants.                        :
------------------------------------------ X
------------------------------------------ X
KENNETH M. KRYS, et al.,                   :
                                           :
        Plaintiffs,                        :
                                           :   08 Civ. 3086 (JSR)
    -v-                                    :
                                           :
CHRISTOPHER SUGRUE, et al.,                :
                                           :
        Defendants.                        :
------------------------------------------ X

AMENDED [~~PROPOSED~~] ORDER GRANTING MOVING DEFENDANTS'
MOTION FOR ISSUANCE OF LETTERS ROGATORY

RONALD J. HEDGES, Special Master:

It is hereby ORDERED that the request for international judicial assistance pursuant to the Moving Defendants' Motion for Issuance of Letters Rogatory, filed on June 1, 2012, and joined by the Aaron and DPM defendants in the *Krys v. Aaron* action, GRANTED. The Clerk of this Court shall issue under the Court's seal the signed letters rogatory attached to this order, and

transmit the signed, sealed letters rogatory to Jeremy S. Winer, Wilmer Cutler Pickering Hale and Dorr LLP, 399 Park Avenue, New York, New York 10022, counsel for Merrill Lynch, Pierce, Fenner & Smith Incorporated (as successor by merger to Banc of America Securities LLC) and Credit Suisse Securities (USA) LLC.

SO ORDERED

Dated: New York, New York
June 6, 2012

6/12/12

_____
RONALD J. HEDGES
Special Master

6/12/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------- X
                                            :
In re REFCO, INC. SECURITIES LITIGATION     :   07 MDL No. 1902 (JSR)
                                            :   ECF CASE
                                            :
------------------------------------------- X
------------------------------------------- X
KENNETH M. KRYS, et al.,                    :
                                            :
         Plaintiffs,                        :
                                            :   08 Civ. 7416 (JSR)
    -v-                                     :
                                            :
ROBERT AARON, et al.,                       :
                                            :
         Defendants.                        :
------------------------------------------- X
------------------------------------------- X
KENNETH M. KRYS, et al.,                    :
                                            :
         Plaintiffs,                        :
                                            :   08 Civ. 3086 (JSR)
    -v-                                     :
                                            :
CHRISTOPHER SUGRUE, et al.,                 :
                                            :
         Defendants.                        :
------------------------------------------- X

## LETTERS ROGATORY

**FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK TO THE APPROPRIATE JUDICIAL AUTHORITY OF THE BAHAMAS, GREETINGS:**

The United States District Court for the Southern District of New York presents its compliments to the appropriate Judicial Authority of The Bahamas, and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the

above captioned matter.

This Court requests the assistance described herein as necessary in the interests of justice. The purpose of the request is to obtain oral evidence relevant to a matter before this Court from an individual who possesses knowledge of facts in issue. The assistance requested is that the Supreme Court compel the appearance of the below-named witness to give deposition testimony, if at all possible in advance of July 31, 2012, but otherwise no later than September 28, 2012, for potential use at trial or on summary judgment.

The Supreme Court is respectfully requested to summon Tamischa Ambrister, who may be reached through her counsel, Carol Misiewicz of Misiewicz & Co., Chambers, Suite No. 7, Grosvenor Close & Shirley Street, Nassau, The Bahamas, to give testimony, before a person so designated under Bahamas law, as described below.

**Facts:**

Plaintiffs Kenneth M. Krys and Margot MacInnis, as Joint Official Liquidators of the SPhinX family of hedge funds, and the Harbour Trust, trustee for the SPhinX Trust (collectively, "Plaintiffs"), asserts claims against the Moving Defendants on behalf of the SPhinX funds ("SPhinX"), which are in liquidation proceedings in the Cayman Islands, and SPhinX's investment advisor, PlusFunds Group, Inc. ("PlusFunds").

The gravamen of Plaintiffs' complaint is that cash belonging to one of the SPhinX funds, the SPhinX Managed Futures Fund SPC ("SMFF"), was moved from segregated accounts at Refco, LLC to non-segregated accounts at Refco Capital Markets, Ltd. ("RCM"), where the cash was exposed to loss in the event of RCM's insolvency. *See* Am. Compl. ¶¶ 1, 5-6 in *Krys v. Sugrue*, 08 Civ. 3086 (S.D.N.Y.) [Dkt. No. 129-2].[1] Plaintiffs allege that the movement of SMFF funds to non-segregated accounts was in breach of promises that the SPhinX funds made

---

[1] SMFF withdrew upwards of $312 million in cash from RCM a few days before RCM filed for bankruptcy protection in October 2005, but RCM's creditors committee brought suit against SMFF in the Bankruptcy Court for the Southern District of New York, alleging that SMFF's withdrawal of the money was voidable under the U.S. Bankruptcy Code as a preferential transfer of the debtor's property. SMFF settled that lawsuit in 2007, returning $263 million to the RCM estate. Plaintiffs now seek to recover that $263 million (plus interest) from the Moving Defendants. *Id.* ¶ 1.

to their investors. *Id.* ¶ 3. According to the complaint, innocent members of SPhinX's and PlusFunds' boards of directors, and innocent members of PlusFunds' management, did not know that SMFF's cash was transferred on a regular basis from segregated accounts at Refco LLC to non-segregated accounts at RCM. *Id.* ¶ 5. Ms. Ambrister can provide testimony concerning the disputed—and highly relevant—question of who at SPhinX and PlusFunds knew that SMFF cash was at RCM and who knew that the cash was in non-segregated accounts.

In the summer and fall of 2005, Ms. Ambrister, who was then a principal of Bahamas-based hedge fund services provider LevCap Systems Ltd., worked on a cash management proposal for the SPhinX funds (the "Proposal"). The Proposal was made by a Bahamas-based investment holding company, Plus Liquid Assets, Ltd., for which LevCap Systems Ltd. served as a "liquidity administrator." The Proposal appears to have been arranged by Jon Knight (a colleague of Ms. Ambrister and the former owner of LevCap Systems Ltd.) and Thomas Hackl (of ACIES Asset Management of Geneva, Switzerland), both of whom have prior business connections with PlusFunds' founder, Christopher Sugrue. In a contemporaneous email, Mr. Knight described Ms. Ambrister as the "main point of contact" with SPhinX and PlusFunds on the Proposal. Ms. Ambrister had email communications concerning the Proposal with one of the directors of the SPhinX funds, Patrina Khoo Farquharson, who previously had worked with Ms. Ambrister at LevCap Systems Ltd. and other entities.

In connection with the Proposal, Ms. Ambrister met with members of PlusFunds' management and the SPhinX board and, *inter alia*, discussed the then-existing cash management regime at SMFF. Those meetings appear to have included a July 2005 presentation to the SPhinX board of directors, an August 31, 2005 presentation to members of PlusFunds management, and additional meetings with PlusFunds management and technical staff on September 14-15, 2005. Participants in those meetings may have included, among others, Ms. Ambrister, Mr. Hackl, Mr. Knight, his son Jonathan Knight, PlusFunds CEO Paul Aaronson, PlusFunds CFO Christopher Aliprandi, PlusFunds COO Chris Rose, PlusFunds general counsel Patrick McMahon, PlusFunds compliance officer Peter Ewing, and PlusFunds director of

operations Tia Urban.

Subsequent to those meetings and presentations, Ms. Ambrister prepared a memorandum that purports to describe the existing cash management regime at SMFF. (A copy of the memorandum is attached hereto at Exhibit A.) Among other things, the memorandum describes "the current practice by which PlusFunds Operations sweeps funds from [SPhinX's] Segregated Accounts to the General Account at each PB [prime broker]." Throughout the memorandum, Ms. Ambrister refers to the then-current process of moving SPhinX cash from segregated to nonsegregated (or "general") accounts.

**Deposition Topics/Questions:**

The topics on which Ms. Ambrister is requested to give testimony include, *inter alia*:

1. The origins of the Proposal, including how Ms. Ambrister came to work on the Proposal and her understanding of how LevCap Systems Ltd. became involved.

2. The involvement, if any, that Mr. Sugrue had in the Proposal.

3. Jon Knight's and Thomas Hackl's roles in the Proposal and the nature and extent of their relationship with individuals at SPhinX and PlusFunds.

4. Ms. Ambrister's communications about the proposal with individuals at SPhinX and PlusFunds, including Mr. Aaronson, Mr. Aliprandi, Mr. Rose, Mr. McMahon, Mr. Ewing, Ms. Urban, and Ms. Farquharson.

5. Ms. Ambrister's presentations to, and meetings with, individuals at SPhinX and PlusFunds in the June-September 2005 time period, including what Ms. Ambrister told individuals at SPhinX and PlusFunds, and what those individuals told Ms. Ambrister, particularly concerning the Proposal and the SPhinX funds' existing operations.

6. Ms. Ambrister's communications with individuals at SPhinX or PlusFunds concerning the manner in which SPhinX assets were held, including any requirements that such assets be held in customer-segregated accounts.

7. The knowledge of Ms. Ambrister and of individuals at SPhinX or PlusFunds concerning how, and in what types of accounts, SMFF funds were or would be held at RCM or other entities.

8. How, and in what types of accounts, SMFF cash was in fact held at RCM or other entities.

9. Ms. Ambrister's communications with Ms. Farquharson concerning the Refco/RCM bankruptcy, the loss of SMFF cash in the Refco/RCM bankruptcy, and related matters.

The Court requests that the Supreme Court permit U.S. counsel for the Moving Defendants to attend the deposition and assist in the examination.

**Reciprocity:**

This Court shall be pleased to provide the Courts of The Bahamas with similar judicial assistance, in similar cases.

**Reimbursement for Costs:**

The Moving Defendants have confirmed that they will reimburse the judicial authorities of The Bahamas for reasonable costs and expenses incurred in executing the foregoing Letters Rogatory.

                                                  RONALD J. HEDGES
                                                  Special Master