UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re REFCO, INC. Securities Litigation | 07 MDL 1902 (JSR) |
| This document applies to:<br><br>MARC S. KIRSCHNER,<br>As Trustee of the Refco Private Actions Trust,<br><br>Plaintiff,<br>vs-<br><br>PHILLIP R. BENNETT, SANTO C. MAGGIO, ROBERT C. TROSTEN, MAYER, BROWN LLP, MAYER BROWN INTERNATIONAL LLP, and GRANT THORNTON LLP,<br><br>Defendants. | 07 Civ. 8165 (JSR)<br><br>**SPECIAL MASTER HEDGES' ORDER REGARDING FX CUSTOMER DEPOSITION DISCOVERY** |

WHEREAS, in an Order dated November 15, 2011, Special Master Hedges ordered that the trial of this action shall be bifurcated between liability and damages ("November 15 Order");

WHEREAS, the November 15 Order required counsel for Marc S. Kirschner, as Trustee of the Refco Private Actions Trust (the "Trustee") to advise by November 21, 2011, if there are any FX Customers not already deposed (excluding Rogers Fund and JWH) that the Trustee intends to present at the liability stage of trial, including any FX Customers whose testimony the Trustee believes will be necessary for the purpose of authenticating documents;

WHEREAS, on November 21, 2011, counsel for the Trustee advised the Court there are no additional FX Customers not already deposed (excluding Rogers Fund and JWH) that the Trustee intends to present at the liability stage of trial; and

WHEREAS, counsel for the Trustee further requested the ability under certain circumstances to elicit liability-related testimony from seven additional FX Customers (Abu

Dhabi Investment Authority; Denali Asset Management LLP; KPC Corporation; European Sicav Alliance Insulate; the Everest Fund; Te Grinham Portfolio Ltd., and Tau 28 Fund) during the damages phase of the trial, after liability for all other FX Customers has been adjudicated. SPECIAL MASTER HEDGES, having considered the alternative form of order, for good cause shown, hereby orders as follows:

1. The Trustee's request that he be allowed to depose or present testimony from any FX Customer on liability after the liability stage of the trial has concluded is denied.

2. The Court's November 15, 2011 Order remains in full force and effect.

3. At the liability stage of trial, the Trustee may not present testimony from any FX Customer witness who has not been deposed as of today's date other than witnesses representing the Rogers Funds and JWH, provided that their depositions are held prior to December 31, 2011.

SO ORDERED.

_____
Ronald Hedges
Special Master

Dated: Hackensack, NJ
November 2⃝, 2011

2