# In The Matter Of:

*MARC S. KIRSCHNER, et al.*
*v.*
*PHILLIP R. BENNETT, et al.*

---

## TELEPHONIC CONFERENCE - Vol. 1
### November 11, 2011

---

# *CONFIDENTIAL*

**MERRILL CORPORATION**
LegaLink, Inc.
225 Varick Street
10th Floor
New York, NY 10014
Phone: 212.557.7400
Fax: 212.692.9171

CONFIDENTIAL
TELEPHONIC CONFERENCE - 11/11/2011

Page 1

C O N F I D E N T I A L

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
  In re REFCO, INC. Securities Litigation
_____


MARC S. KIRSCHNER,
As Trustee of the Refco Private Actions
Trust,

                                   Plaintiff,

vs.

PHILLIP R. BENNETT, SANTO C. MAGGIO
ROBERT C. TROSTEN, MAYER, BROWN LLP,
MAYER BROWN INTERNATIONAL LLP,
and GRANT THORNTON LLP,

                                   Defendants.

                    07 MDL 1902 (JSR)
                    07 Civ. 8165 (JSR)

------------------------------------------x

                         November 11, 2011

                         11:00 a.m.


            TELEPHONIC CONFERENCE BEFORE:


            RONALD J. HEDGES, Special Master




Reported by: Mark Richman, CSR, RPR

CONFIDENTIAL
TELEPHONIC CONFERENCE - 11/11/2011

Page 26

```
                    1      CONFIDENTIAL
11:19:36   2    yet?
11:19:36   3           MR. RAND: I do know, judge.
11:19:38   4    I'm happy to enter into this. I
11:19:41   5    enter with some trepidation because
11:19:43   6    I view this now as somewhat on the
11:19:45   7    substantive side and akin to
11:19:46   8    summary judgment arguments that I
11:19:48   9    expect Grant Thornton will make and
11:19:49  10    that day will come and we will be
11:19:51  11    in front of Professor Capra and
11:19:53  12    Judge Rakoff on it.
11:19:54  13           But simply put I would say
11:19:57  14    this. Every single FX customer who
11:19:59  15    has been deposed and will offer
11:20:01  16    testimony has said had I known that
11:20:03  17    RCM was not a going concern, was
11:20:06  18    insolvent or had financial
11:20:08  19    irregularities or the auditor
11:20:10  20    provided a qualified audit opinion,
11:20:13  21    which this auditor didn't in
11:20:14  22    unbelievable derogation of its
11:20:16  23    obligations, if I had known that I
11:20:18  24    never would have allowed my money
11:20:20  25    to move to RCM from where I was or
```

Page 27

```
                    1      CONFIDENTIAL
11:20:22   2    I never would have allowed it to go
11:20:23   3    from Cargill to where it was and
11:20:25   4    Cargill has said they never would
11:20:27   5    have done the deal.
11:20:28   6           And so, respectfully, I don't
11:20:29   7    think we have this causation
11:20:30   8    problem. I don't think any more
11:20:32   9    deposition testimony is going to
11:20:33  10    elicit what Grant Thornton
11:20:36  11    proffered that it thought it was
11:20:36  12    going to get somehow from these
11:20:39  13    customers, which is somehow they
11:20:39  14    would have stayed at RCM or used
11:20:41  15    RCM if they had known RCM was
11:20:43  16    hopelessly insolvent which I think
11:20:45  17    is a completely untenable position,
11:20:48  18    counterlogical, irrational.
11:20:49  19           And ultimately I think, judge,
11:20:51  20    you've hit the nail on the head
11:20:53  21    which is that it is cumulative and
11:20:54  22    duplicative and ultimately if there
11:20:57  23    are problems in proof, it's our
11:20:59  24    problems.
11:21:00  25           We're the plaintiff and we're
```

Page 28

```
                    1      CONFIDENTIAL
11:21:01   2    going to have to go forward and we
11:21:02   3    understand that.
11:21:03   4           And what's going on really, I
11:21:04   5    think, is that Grant Thornton wants
11:21:06   6    to drive this out, make it very
11:21:08   7    expensive, delay things and not let
11:21:10   8    us go forward. If we are able to
11:21:12   9    prove it up, well we all know
11:21:13  10    what's going to happen. That's our
11:21:14  11    burden.
11:21:14  12           MS. JOYCE: There is another
11:21:17  13    issue, Special Master Hedges.
11:21:17  14           SPECIAL MASTER: Hold on one
11:21:18  15    second, Ms. Joyce. I'm just having
11:21:20  16    trouble understanding why you need
11:21:21  17    depositions to disprove something
11:21:23  18    that according to you there's no
11:21:24  19    evidence on.
11:21:25  20           MS. JOYCE: There's a separate
11:21:26  21    issue also on damages. The Trustee
11:21:28  22    has taken the position that, and
11:21:31  23    he's actually served his expert
11:21:33  24    report on damages and has taken the
11:21:34  25    position that it is Grant
```

Page 29

```
                    1      CONFIDENTIAL
11:21:37   2    Thornton's burden to put forward
11:21:40   3    evidence on mitigation of damages.
11:21:42   4           So his expert is going to put
11:21:44   5    in testimony related to what the
11:21:47   6    allowed claims were here and has
11:21:50   7    not offered up any work or any
11:21:54   8    testimony with regard to what the
11:21:57   9    actual recoveries were here or
11:22:00  10    set-off amounts.
11:22:01  11           And the Trustee has taken the
11:22:03  12    position that it's Grant Thornton's
11:22:04  13    burden to move forward on proving
11:22:08  14    what in fact was mitigated.
11:22:10  15           We learned in the deposition
11:22:12  16    of Stilton for the first time that
11:22:17  17    there was a settlement agreement
11:22:19  18    between Stilton and Cargill. We
11:22:21  19    would have never have known that
11:22:24  20    information.
11:22:24  21           And I think and maybe I'm
11:22:24  22    speaking out of turn here, but I
11:22:26  23    think that counsel for the Trustee
11:22:27  24    learned for the first time at that
11:22:29  25    deposition that there was actually
```

CONFIDENTIAL
TELEPHONIC CONFERENCE - 11/11/2011

Page 38

```
              1        CONFIDENTIAL
11:27:59      2        I appreciate Grant Thornton's
11:28:01      3    argument that the depositions of
11:28:03      4    the remaining FX customers are
11:28:06      5    necessary to prove reliance.  I
11:28:08      6    disagree.  It appears to me that
11:28:11      7    that is an obligation that the
11:28:12      8    plaintiff has.
11:28:14      9        I will give the plaintiff an
11:28:15     10    opportunity until November 21 to
11:28:19     11    identify any customers who the
11:28:21     12    Trustee plans to present at trial,
11:28:24     13    and also to identify any customers
11:28:27     14    who must be gone to for
11:28:29     15    authentication purposes.
11:28:31     16        Mr. Rand I believe agrees with
11:28:35     17    me, and whether he does or not, I
11:28:37     18    think it's correct that that burden
11:28:38     19    of proof is on the Trustee and that
11:28:42     20    additional depositions frankly are
11:28:44     21    unnecessary unless the plaintiff,
11:28:46     22    unless the Trustee can put proofs
11:28:49     23    on as to reliance.
11:28:50     24        So for the purposes of
11:28:51     25    liability, I will not allow
```

Page 39

```
              1        CONFIDENTIAL
11:28:53      2    additional depositions of FX
11:28:55      3    customers to be taken, if for no
11:28:58      4    other reason then I think it's
11:29:00      5    unreasonable and unnecessary under
11:29:02      6    rule 26 (b)(2)(c).
11:29:03      7        With regard to damages, based
11:29:06      8    on the arguments of counsel, it
11:29:08      9    appears to me that the deposition
11:29:10     10    testimony of all of the FX
11:29:12     11    customers may be necessary and may
11:29:14     12    not be, as we go forward and get
11:29:16     13    all the expert reports in.
11:29:18     14        I will bifurcate trial on
11:29:20     15    liability and damages.  If there is
11:29:23     16    a need to take depositions of FX
11:29:26     17    customers for purposes of damages,
11:29:29     18    and that's what I understand we're
11:29:31     19    talking about with mitigation, I'll
11:29:33     20    address that later.
11:29:35     21        Your fact discovery, all the
11:29:37     22    fact discovery and wrapping
11:29:39     23    everything up in this case is
11:29:41     24    closed by December 31.
11:29:43     25        Mr. Rand, you can include my
```

Page 40

```
              1        CONFIDENTIAL
11:29:45      2    not allowing depositions on
11:29:47      3    liability but allowing them on
11:29:48      4    damages, include the bifurcation,
11:29:51      5    include the close of discovery.
11:29:53      6        Now, when are all the expert
11:29:56      7    reports going to be closed?
11:29:58      8        MR. RAND:  We've already
11:29:59      9    provided our expert reports to
11:30:01     10    Grant Thornton.  Grant Thornton is
11:30:02     11    providing its expert reports back
11:30:04     12    to us on December 12th, with the
11:30:08     13    exception of the damages expert
11:30:09     14    which will be 20 days, Grant
11:30:12     15    Thornton will provide their damages
11:30:13     16    expert 20 days after the last FX
11:30:16     17    customer is taken and pursuant to
11:30:19     18    your ruling today, judge, on
11:30:20     19    liability as it were, and then we
11:30:22     20    have 20 days to provide a reply.
11:30:24     21        The reason we asked and agreed
11:30:26     22    upon the Trustee providing a reply
11:30:29     23    expert report on damages was so the
11:30:31     24    parties would essentially at least
11:30:32     25    have an opportunity to join issue
```

Page 41

```
              1        CONFIDENTIAL
11:30:33      2    because of these mitigation
11:30:35      3    discussions and issues that have
11:30:36      4    been going around, so the experts
11:30:38      5    wouldn't be talking past each other
11:30:40      6    completely.
11:30:40      7        SPECIAL MASTER:  The damage
11:30:42      8    reports are adjourned without date
11:30:43      9    pending completion of the liability
11:30:44     10    trial.  We don't need those for
11:30:48     11    trial now.
11:30:50     12        Now, everything's going to be
11:30:52     13    done then in a relatively early
11:30:54     14    date.  Is everyone planning on
11:30:56     15    deposing experts?
11:30:57     16        MR. RAND:  Yes, judge.  We set
11:30:59     17    January 27th as the expert
11:31:01     18    deposition cut off.
11:31:05     19        SPECIAL MASTER:  I'm just
11:31:06     20    checking to make sure.  I've got
11:31:08     21    that order in front of me.  I want
11:31:09     22    to make sure we're not changing
11:31:11     23    anything.
11:31:11     24        Now, summary judgment motions.
11:31:14     25    It sounds as if we should be -- now
```

11 (Pages 38 to 41)