UNITED STATES DISTRICT COURT
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
                                                       :
MARC S. KIRSCHNER, as Trustee of the                   :
Refco Private Actions Trust,                           :
                                     Plaintiff,        :
                                                       :
            -v-                                        :    **DECLARATION OF**
                                                       :    **DAVID R. KESSARAM**
PHILIP  R.  BENNETT,  SANTO  C.                        :
MAGGIO,  ROBERT  C.  TROSTEN,                          :
MAYER BROWN LLP, MAYER BROWN                           :
INTERNATIONAL,  LLP,  and  GRANT                       :
THORNTON, LLP,                                         :
                                                       :
                                    Defendants         :
-------------------------------------------------------x

I, **DAVID R. KESSARAM** declare and state as follows under penalty of perjury under the laws of the United States:

1.  I have been asked by the US attorneys for the Plaintiff ("the Trustee") to express my opinion as to whether Bermuda law would consider that there was a duty owed by Refco Capital Markets Ltd. ("RCM") to disclose that it was hopelessly insolvent before accepting from its existing or new customers funds for trading purposes on their behalf.

2.  RCM is a Bermuda limited liability company. It acted as a broker in executing trades for its FX Customers. Under its customer agreements RCM was obliged to return to its FX Customers upon settlement of all Transactions entered into pursuant to the agreement all cash, securities and other property representing the customers' deposits to the extent that they were not required as collateral.

3.  In providing this declaration I have considered the following documents:
    (a)    Report and Recommendation of the Special Master dated June 3, 2010;

(b) Plaintiff's Memorandum of Law in Opposition to Defendant's Objection to the Report and Recommendation on Summary Judgment dated July 9, 2012;

(c) Grant Thornton LLP's Objection to the Report & Recommendation on Summary Judgment;

(d) The Order of the Hon. Judge J.S. Rakoff, U.S.D.J. dated July 16, 2012.

(e) The decision of the United States Court of Appeals entitled *United States of America v Szur* 289 F.3d 200

### Background and Experience as an Expert on Bermuda Law

4. I was called to the Bar of England and Wales on 19th July 1977. On 27th March 1978 I was called to the Bermuda Bar. I have been in active private practice in Bermuda continuously since then. My field of practice has been litigation and in particular commercial and civil litigation[1]. In the course of my practice I have on many occasions given expert evidence of Bermuda law for the purposes of commercial litigation continuing in foreign courts involving Bermuda companies.

### Sources of Bermuda Law

5. Bermuda shares the common law traditions of the United Kingdom including the doctrine of binding precedent resulting from decisions in cases heard and determined in the superior courts of Bermuda.

6. Bermuda law is comprised of:

(f) the common law, the doctrines of equity, and the Acts of the Parliament of England of general application which were in force in England at the date when Bermuda was settled, i.e., on 11th July 1612 (s. 15 of the Supreme Court Act 1905);

(g) statute law passed by the Bermuda legislature since the date of settlement;

---
[1] Attached is a copy of my Curriculum Vitae

    (h)    the common law of Bermuda since the date of settlement as developed in decisions of Bermuda's superior courts;

    (i)    United Kingdom legislation which has been extended to Bermuda by Order-in-Council, e.g., Merchant Shipping Acts, etc.

7. Bermuda common law has followed English common law. That is to say, the principles of English common law as expounded in the cases decided in the superior courts of England have been consistently applied by the courts of Bermuda. The decisions of these UK courts are considered to be of persuasive authority.

8. Decisions of the Judicial Committee of the Privy Council (which is the highest court of appeal for many Commonwealth countries and Overseas Dependent Territories of Great Britain including Bermuda) are binding on Bermuda's courts except where, by reason of custom, statute, or for other reasons peculiar to the jurisdiction where the matters in dispute arose, the Privy Council is required to determine whether English law should or should not be applied[2].

**Opinion**

9. It is likely in my view that a Bermuda Court would regard the relationship between RCM and its FX Customers as one of principal and agent given that RCM is given authority by its FX Customers to act on their behalf in relation to funds placed in RCM's hands for the purpose of effecting FX trades, etc. The relationship of principal and agent is a fiduciary relationship under Bermuda law and imports the duty of loyalty owed by the agent to his principal. The existence of the customer agreement regulating the rights and obligations of the parties does not preclude the co-existence of a fiduciary relationship between the same parties.

---

[2] *Tai Hing Ltd. v Liu Chong Hong Bank* [1986] (P.C.) AC 80; and *Lance Murray Crockwell v Theresa E. Haley and Thomas F. Haley*, Civil appeal No. 23 of 1992.

The fiduciary relationship, however, must accommodate itself to the terms of the contract so that it is consistent with and conforms to them[3].

10. The nature and extent of the duty of loyalty owed by a fiduciary is illustrated in the following quotation from the judgment of Millett, L.J. in *Bristol and West Building Society v Mothew* (1998) 1 Ch. 1:

> "The distinguishing obligation of a fiduciary is the obligation of loyalty. The principal is entitled to the single-minded loyalty of his fiduciary. This core liability has several facets. A fiduciary must act in good faith; he must not make a profit out of his trust; he may not act for his own benefit or the benefit of a third person without the informed consent of his principal".

11. What amounts to informed consent is a question of fact in each case. Disclosure of sufficient facts to enable the principal to consider whether to give his consent must be shown positively by the agent on whom the burden lies[5].

12. It is likely that a Bermuda Court would hold that in the process of receiving new deposits to be held in accordance with the terms of a customer agreement RCM would be under a duty to disclose to the customer its known inability to comply with its obligations under the agreement to return the funds whether such inability arises by reason of its irreversible insolvency or otherwise. This duty of disclosure would arise from the pre-existing fiduciary relationship importing the duty of loyalty and good faith to enable its customer to make an informed decision whether to accept the fiduciary's prospective breach of its duty.

13. Furthermore, with respect to the acceptance of new funds from new or existing FX Customers it is likely in my view that a Bermuda Court would consider that

---

[3] *Ross River v Cambridge City Football Club* (2008) 1 All ER 1004 at [197].
[5] *Dunne v English* (1874) L.R. 18 Eq. 524.

such acceptance would amount to an implied representation by RCM that it was trading properly and legitimately in the sense that it was not insolvent and would be able to honour its agreement to return such cash, securities or other property pursuant to the terms of the customer agreements. If such a representation was made with knowledge of its untruth (as would be the case if RCM was and was known to be hopelessly insolvent at the time) the representation would be treated as fraudulent by a Bermuda Court. Provided that the other requirements of the tort were satisfied, e.g., inducement and loss, a Bermuda Court would find that RCM was liable to its FX Customers for deceit: *Lindsay v O'Loughnane* [2010] EWHC 529 (QB).

Executed on the 20th day of July 2012
Hamilton, Bermuda

_____
David R. Kessaram

## David Robert Kessaram, FCIArb

| | |
|---|---|
| **Present Position:** | Partner (since 1983) and Head of the Litigation Department of Cox Hallett Wilkinson Limited |
| **Address:** | 6 Trinity Church Road,<br>Hamilton Parish<br>Bermuda |
| **Nationality:** | Bermudian/British Subject |
| **Education:** | (a) McGill University (B.A.)<br>(b) Inns of Court School of Law, Middle Temple, 1977<br>(c) Admitted to the Bar of England and Wales 1977<br>(d) Admitted to the Bermuda Bar 1978<br>(e) Admitted to the Bar of the British Virgin Islands 2009 |
| **Memberships and Affiliations:** | Member of the Honourable Society of the Middle Temple; Fellow of the Chartered Institute of Arbitrators; President of the Bermuda Bar Council (2002-2004); Member of Criminal Injuries Compensation Board; Honorary Member of Center for International Legal Studies; member of Executive Committee of Bermuda Branch of Chartered Institute of Arbitrators; Chairman of Professional Conduct Committee of Bermuda Bar Association 2003-2009. |
| **Publications**: | Co-Author (with Ernest Morrison) of Bermuda chapter on "*Offshore Financing: Security and Insolvency*" (Sweet & Maxwell)<br><br>Bermuda chapter on "*International Execution against Judgment Debtors*", (Oceana Publications, Inc.) |

**Cases:**

**Margie Richardson v. Butterfield Executor & Trustee Co, Ltd.**

Working with London counsel and Hong Kong solicitors in ongoing litigation to obtain ruling from Bermuda Court on construction of Bermuda Trust holding assets of over $11m; advising on points of law in connection with appointment of person to

represent estate of deceased joint settlor; advising on points of law regarding pre-emptive costs order and stay of proceedings; successfully defending application for costs order and stay of proceedings.

### Maco S.A. v. Bank of Bermuda (et al)

Commenced proceedings and drafted documents of claim against bank and others to obtain declaration that proceeds of transfer of US$24m in Bermuda between bank accounts held by transferee on constructive trust with alternative claim in damages against bank for breach of contract and breach of duties as constructive trustee; advised on jurisdiction of Bermuda Court and obtained leave to serve proceedings abroad; applied for and argued contested application for summary judgment involving consideration of duties of directors and ratification of acts of directors during course of which claim settled by return of monies.

### Hubbard, Boden (et al) v Cardenas

Proceedings on behalf of trustees of Bermuda trust for injunction to restrain foreign proceedings in Texas court; contested proceedings by beneficiary of trust to set aside service out of jurisdiction on grounds that court had no jurisdiction; advising trustees on settlement of action; advised and implemented settlement of action and obtaining court approval; liaising with Texas counsel in respect of Texas action.

### Littlewoods Organization v Bank of Bermuda (et al)

Worked with London solicitors in obtaining order from Bermuda court for discovery of documents relating to transfer of funds through Bermuda bank in the amount of approximately 14 million pounds sterling alleged to be proceeds of fraud; advised solicitors on Bermuda law regarding evidence illegally or improperly obtained; advised on aspects of Bermuda law concerned with fraudulent conveyances.

### NationsBank v Vitol Finance

Working with US attorneys to obtain declaration that proceeds of promissory note belonged to estate of bankrupt US company and collateral in favour of bank; assisted US trustee in bankruptcy in application for stay of Bermuda proceedings on grounds of lis alibi pendens in US bankruptcy court; advised on question of jurisdiction and procedure; advising plaintiff in connection with appeal.

### Pamela Ellefsen v. Bermuda Trust Co. Ltd. (et al)

Worked with US attorneys to obtain evidence in Bermuda for use at trial in US proceedings; obtained judgment in contested summary judgment proceedings for

recognition of US judgment where public policy issues raised as defence; commenced proceedings to enforce same in Bermuda against Bermuda trust and exempt company; commenced garnishee proceedings against officer of Bermuda exempt company; advised and commenced action to set aside transfer of shares in exempt company tainted by undue influence and for declaration that transfer void as fraudulent conveyance; advised on complicated questions of election and res judicata; represented plaintiff on appeal against refusal of judge to grant trial of preliminary issues; settled case on payment of substantial sum to client.

**Simmons v P. W. G. Suttle (Lloyds syndicate)**

Argued case in Supreme Court and Court of Appeal on meaning and intent of statutory provisions concerning limits of liability of insurance policy; advised on further appeal to Privy Council in London where appeal fought and won.

**Mutual Reinsurance Company Limited v Peat Marwick & Mitchell & Co.**

Advising liquidators of Mutual on question of construction of bye-laws and Companies Act 1981 as to whether "officer" in a company's bye-laws granting indemnity against damages and costs includes auditors for adjudication of dispute in United Kingdom court.

**H.H. Thyssen-Bornemisza and LRT Trustee (Pvt) Ltd. v. G.H. Thyssen-Bornemisza, Favorita Holding Ltd. (formerly Tamara Corp. Ltd.), Thybo Trustees Limited and Tornabuoni Ltd.**

Acting as lead Bermuda counsel in defence of an application to the Bermuda Court to set aside a Bermuda trust on the grounds of undue influence and misrepresentation; advising on numerous points of Bermuda law including security for costs; setting aside a Bermuda trust under the Trusts (Special Provisions) Act, 1989; advising on admissibility of expert evidence; advising on taking evidence abroad for use in Bermuda proceedings; advising on possible claim against Bermuda Government arising out of resignation of trial judge.

**Motion Picture Association of America v. Bermuda Cablevision Ltd.**

Acting for and advising the Motion Picture Association in a copyright dispute with Bermuda Cablevision Ltd.; instructing and attending conferences with Queen's Counsel in the United Kingdom; assisting in the preparation of report on the calculation of damages in copyright cases with particular reference to this dispute; taking part in mediation meetings.

**Absolute Alpha Fund PCC Ltd. and Aris Fund PCC Ltd. v. Manhattan Investment Fund Ltd.**

Acting with United Kingdom solicitors on behalf of investors in the Manhattan Investment Fund to recover subscription monies prior to allotment of shares; drafting, issuing and serving Writ of Summons and Statement of Claim; applying for leave to proceed with action as proprietary claimant after commencement of liquidation; obtaining ex parte injunction against dealing with proprietary monies; taking part in settlement negotiations; arranging for discontinuance of action upon achieving settlement.

**Heinrich v. Dermo Ltd.**

Taking instructions and acting for director in obtaining injunction against fellow directors in connection with defective directors' meeting; advising on Bermuda law with respect to the convening of directors' meetings.

**Thompson v The Bermuda Dental Board**

Acting for dentist in judicial review proceedings to quash a decision of the Bermuda Dental Board failing him in a practical exam required in order to qualify for registration to practice in Bermuda.  Advised and represented Thompson in complaint of unlawful discrimination before a Human Rights Tribunal set up under the Human Rights Act 1981; acting for complainant in appeal against Tribunal's decision in Supreme Court, Court of Appeal and Privy Council in which Thompson was successful in establishing unlawful discrimination.

**Wingate v. Butterfield Trust**

Acted for beneficiary of discretionary trust in successful application to obtain information and disclosure of documents from Trustee applying principles of *Schmidt v Rosewood.*

**Commercial Union v David Lines (US proceedings)**

Gave evidence on Bermuda insolvency law to Federal District Court in proceedings relating to claims for damages under reinsurance contract.

**Arbitrations:**

Acted as a sole arbitrator in a building dispute between owner and contractor.

Acted as attorney for arbitrating party in a real estate agent's dispute concerning entitlement to commission.

Acted as sole arbitrator in a dispute between a landholding company and a company carrying on commercial retail business concerning a joint venture for the building and use of commercial space on Front Street, Hamilton, Bermuda.

Acted as attorney for arbitrating party in a substantial construction dispute between an owner of residential premises and the general contractor.

Acted as party nominated arbitrator in a commercial dispute in London between a hedge fund manager and the fund.

Advised in numerous insurance arbitrations involving procedural questions of Bermuda arbitration law and substantive questions of insurance law including issues of confidentiality of award, issue estoppel, doctrine of separability, *amiable compositeur, etc.*

**REFERENCES TO THE DECLARATION OF DAVID R. KESSARAM
DATED JULY 20, 2012**

| Tab Number | Reference |
|---|---|
| 1 | *Tai Hing Ltd., v Lie Chong Hong Bank* [1986] (O.C.) AC 98 |
| 2 | *Lance Murray Crockwell v Theresa E. Haley and Thomas F. Haley, Civil appeal No. 23 of 1992* |
| 3 | *Ross River v Cambridge City Football Club* (2008) 1 All ER 1004 |
| 4 | *Bristol and West Building Society v Mothew* (1998) 1 Ch. 1 |
| 5 | *Dunne v English* (1874) L.R. 18 Eq. 524 |
| 6 | *Lindsay v O'Loughnane* [2010] EWHC 529 (QB) |