UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re REFCO, INC. SECURITIES LITIGATION   :   07 MDL 1902 (JSR)
: 
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
This document relates to:   : 
:   07 Civ. 8165 (JSR)
MARC S. KIRSCHNER,   : 
As Trustee of the Refco Private Actions Trust,   : 
: 
      Plaintiff,   : 
: 
     -v-   : 
: 
PHILLIP R. BENNETT, SANTO C. MAGGIO,   : 
ROBERT C. TROSTEN, MAYER BROWN,   : 
LLP, MAYER BROWN INTERNATIONAL   : 
LLP, and GRANT THORNTON LLP,   : 
: 
      Defendants.   : 
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DECLARATION OF MARK GUY CHUDLEIGH

I, **MARK GUY CHUDLEIGH**, declare as follows:-

1 I am the principal of Sedgwick Chudleigh, a firm of barristers and attorneys in Bermuda. Sedgwick Chudleigh is the associated Bermuda office of the international law firm, Sedgwick LLP. I was called to the Bar of England and Wales at Lincoln's Inn in 1990 and to the Bermuda Bar in 1992. I am also admitted to practice at the California Bar in 1998. My practice focuses primarily on commercial litigation, with an emphasis on international disputes which posses a Bermuda element.

2 I have been asked by U.S. counsel representing Grant Thornton LLP in the above captioned proceedings to express my opinion on an issue of Bermuda law formulated in the following terms in the Order of the United States District Court for the Southern District of New York

1

dated July 16, 2012: "*Whether Bermuda law recognizes a duty similar to the New York common law duty to disclose "hopeless insolvency" or the like.*"

3  The question is posed in respect of the duties attaching to an investment broker-dealer. I have been provided with a copy of an undated Foreign Exchange and Options Master Agreement (the "FX&O Master Agreement") entered into by and between Refco Capital Markets, Ltd ("RCM") and Rogers International Raw Materials, LP. I have assumed that the terms of this document in relevant ways typify those prevailing under all customer agreements which are the subject matter of the proceedings. Under the FX&O Master Agreement, the parties contract on a principal to principal basis.

4  The extent of the duties owed by a broker-dealer to its customer under Bermuda law will be a matter of contract. The Bermuda courts have adopted a restrictive approach towards the expansion of duties beyond the terms of the contract. The Court of Appeal for Bermuda in *White v Conyers Dill & Pearman*[1] cited with approval the following passage from the opinion of the Privy Council[2] in *Tai Hing v Liu Chong Hing Bank*[3] (a case involving the relationship between a bank and its customer):

> *"Their Lordships do not believe that there is anything to the advantage of the law's development in searching for a liability in tort where the parties are in a contractual relationship. This is particularly so in a commercial relationship ... their Lordships believe it to be correct in principle and necessary for the avoidance of confusion in the law to adhere to the contractual analysis: on principle because it is a relationship in which the parties have, subject to a few exceptions, the right to determine their obligations to each other ..."*

---

[1]  Civil Appeal No. 31 of 1993 at page 5. *White v Conyers Dill & Pearman* has been followed in a first instance decision of the Supreme Court of Bermuda involving the duties of a hedge fund administrator and a custodian bank: *Phoenix Global Fund Ltd & Anor v Citi Group Fund Services (Bermuda) Ltd & Anor* (Civil Jurisdiction 2006: No. 20) at 263.

[2]  The highest appellate court for Bermuda is the Judicial Committee of the United Kingdom Privy Council. Decisions of this court are directly binding on the lower courts of Bermuda, the Court of Appeal and the Supreme Court. Decisions of the courts of England and Wales, particularly the Court of Appeal and House of Lords, are treated as highly persuasive by the Bermuda courts.

[3]  [1986] A.C. 80 at 107.

5    The Bermuda court will imply terms into a contract to reflect the intention of the parties as collected from the words of the agreement and the surrounding circumstances. For example, in *Green v Lines Overseas Management Ltd*[4], a case involving a contract between an investment manager and its customer (who was also an employee), the court implied terms into an investment account agreement based on "custom and usage".  As is clear from the Court of Appeal for Bermuda's judgment in *Green* (at page 4), custom and usage needs to be proved as fact and the lower court's decision to imply terms was based on the evidence of two expert witnesses. While it would be a matter for expert evidence from an expert broker-dealer, I am unaware of any custom or practice in Bermuda whereby broker-dealers disclose to customers details of their solvency (whether hopeless or otherwise) and I am unaware of any decision (whether in Bermuda or England) whereby a term to disclose details of solvency has been implied into a contract between a broker-dealer and its customer.

6    Bermuda contract law, like English contract law, does not recognise a principle of good faith of general application[5]. A duty of disclosure (arising as an incidence of a duty of good faith) arises under Bermuda law only in a very limited range of contexts, including contracts of insurance[6] and contracts of surety or guarantee and as an incident or ingredient of certain fiduciary duties where applicable. Outside those contexts (none of which applies here), no duty of disclosure arises except insofar as a contract or statute provides. The category of contracts of good faith is narrow and does not include contracts of the type that the FX&O Master Agreement exemplifies. I am unaware of any statutory provision in Bermuda that would impose a duty on a broker-dealer to disclose details of its solvency (or hopeless insolvency) to a customer.

---

[4]    Civil Appeal No. 4 of 2002.

[5]    *Interfoto Picture Library Ltd. v Stilletto Visual Programmes Ltd.* [1989] 1 Q.B. 433 at 439.

[6]    *Colonial Insurance Co Ltd v Zico Majors and George Baisden* [2008] Bda LR 13

7   I am unaware of any Bermuda or English decision imposing a duty to disclose details of solvency in circumstances analogous to the present, where one of two sophisticated parties to a transaction was required to deposit security for transactions that would be carried out on its behalf. In my opinion, no such duty attaches to the role of a broker-dealer.  It is clear that the FX&O Master Agreement represents a contract between two sophisticated parties in which each acts as principal and where the parties are independent and commercially adverse to one another.

8   In all the circumstances, it is my opinion that Bermuda law does not recognize a duty similar to the New York common law duty to disclose "hopeless insolvency" or the like.



Mark Chudleigh

July 20, 2012