UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re REFCO INC. SECURITIES LITIGATION | Case No. 07-MD-1902 |
| This Document Relates to: | 07 Civ. 8165 (JSR) |
| MARC S. KIRSCHNER, As Trustee of the Refco Private Actions Trust,<br><br>                                        Plaintiff,<br><br>-against-<br><br>PHILLIP R. BENNETT, SANTO C. MAGGIO, ROBERT C. TROSTEN, MAYER BROWN, LLP, MAYER BROWN INTERNATIONAL, LLP, and GRANT THORNTON LLP,<br><br>                                        Defendants. | |

## DECLARATION OF KEHINDE ABINBOLA LUCILLE GEORGE

I, KEHINDE ABINBOLA LUCILLE GEORGE, declare as follows:-

1. I am a partner in the Bermudian firm of Barristers and Attorneys, Attride-Stirling & Woloniecki, and I have been asked by counsel acting in the above captioned proceedings for defendant, Grant Thornton LLP ("Grant Thornton"), to express my opinion on a question of Bermudian law. I understand that this declaration will be submitted in connection with Grant Thornton's motion for summary judgment in the above captioned proceedings.

**Qualifications as Expert Witness**

2. I have a bachelor's degree in law (LL.B.) from the University of London. I was admitted as a solicitor of the Supreme Court of England and Wales in 1985 and called to the bar of Bermuda in 1996.

3.  I am the head of the insolvency department of Attride-Stirling & Woloniecki. The firm practices in the areas of commercial litigation, arbitration, corporate insolvency and restructuring and corporate law. For the past sixteen years I have practised law in Bermuda specializing in the fields of international insolvency and restructuring. In the course of my practice I have frequently advised clients on the rights of creditors and liquidators of insolvent companies under Bermudian law.

4.  I have given expert evidence on affidavit of Bermuda to Federal Courts in the United States. I have also written on a variety of subjects relating to Bermudian law.

**The issue upon which I have been asked to opine**

5.  I have been asked to give an opinion in response to the following question raised by Judge Rakoff in his order dated 16 July 2012 in these proceedings:

    "Whether Bermuda law recognizes a duty similar to the New York common law duty to disclose "hopeless insolvency" or the like."

6.  This question arises from Special Master Capra's June 3, 2010 Report and Recommendation (the "R&R") recommending that the Court deny Grant Thornton's motion to dismiss. The R&R notes at page 12 that "the Trustee is claiming that even if RCM had no general fiduciary duty, and even if it could use the FX funds however it wanted, it had the duty to notify customers that it was hopelessly insolvent." The R&R notes at page 11 that "Where the fraud is based on alleged omission of material fact -- as is the case here --- the plaintiff must show that the defendant had a duty to disclose."

7.  The R&R relies upon the Second Circuit's decision in *United States v Szur*, on nineteenth century U.S. cases regarding insolvent banks cited by the Trustee and upon section 339-d of the New York General Business Law and anti fraud provisions of the Securities Exchange Act, in support of the existence of a duty to notify customers of hopeless insolvency.

**Relevant Principles of Bermudian Law**

293901

8. There are no equivalent statutory provisions under Bermudian law. Neither am I aware of any authority under Bermudian or English law (which is applicable to Bermuda) which imposes such a duty of financial disclosure when the company becomes insolvent.

9. Under Bermudian law, there are no restrictions on a company continuing to trade whilst insolvent. Further, directors of a Bermuda company do not have an affirmative duty to disclose their financial condition to creditors even if the company is insolvent.  In the English case *Re White & Osmond (Parkstone) Ltd.,*[1] Buckley J stated that when a company becomes insolvent, directors "who genuinely believe that the clouds will roll away and the sunshine of prosperity will shine upon them again and disperse the fog of their depression" are entitled to incur new credit "to help them get over the bad time." This principle continues to apply under Bermudian law (which has not introduced the English concept of wrongful trading[2]). The duty owed by a director of an insolvent corporation is identical to that owed by a director of a solvent company, which is to use the director's best business judgment in causing the company to pursue business expected to generate a positive return.  But there is no duty to liquidate in the event of insolvency, and in the absence of contractual provision to that effect, there are no new duties of disclosure created when a company becomes insolvent, or is in danger of insolvency.

**Contractual nature of the broker-client relationship**

10. It appears implicit in the only Bermuda case concerning investment brokers – *Green v. Lines Overseas Management Limited* [2002] Bda. L.R. 53 – that the broker-client relationship is a contractual, debtor/creditor relationship. The case was concerned with the terms that were to be implied into the contract between the parties in circumstance where the customer, who also happened to be an employee of the broker, had failed to sign the broker's standard customer contract.

---

[1] Unreported, 30 June 1960, cited in *Re Produce Marketing Consortium Ltd (No. 2)* (1989) 5 BCC 569 at 594.

[2] Under section 214 of the Insolvency Act 1986, English law now imposes certain civil and criminal sanctions (but not fiduciary duties) on persons who cause a company to continue trading while insolvent to the detriment of creditors.  Bermuda has not adopted a variation of the 1986 Act, nor has it adopted any analogous form of "wrongful trading" liability.

293901

11. Brokerages are in a position analogous to real estate agents – see the Privy Council case of *Kelly v. Cooper* [1993] A.C. 205 on appeal from Bermuda in which the Privy Council held (among other things) that the fiduciary duties owed by the defendants to the plaintiff were to be defined by the terms of the contract of agency

12. It is open to the customer of a broker to negotiate specific terms incorporating financial disclosure requirements into the contract. But in the absence of such contractual provisions, the mere fact of the insolvency or hopeless insolvency of the broker would not give rise to such disclosure requirements.

**Remedies**

13. The fact that there is no duty on the company or its directors to disclose hopeless insolvency does not mean that a creditor would have no remedy. A person who extends credit to an insolvent company after being deceived into believing that the company is solvent may have a claim for fraud (deceit) against the company, and perhaps against particular directors who participated in the fraud. And creditors as a general matter may have a cause of action against a company which entered into transactions with the intent of putting assets beyond the reach of creditors[3], as well as a right to *pari passu* distribution of the proceeds of claims the company can bring including claims against directors and officers for breach of fiduciary duties. In a liquidation of the company, the liquidator and any creditor or contributory (shareholder) may be able to bring a claim against persons who were knowingly party to carrying on the business of the company with intent to defraud creditors.[4] These are remedies available to all creditors in common; they do not arise out of the particular relationship between broker and customer.

---

[3] Pursuant to Part IVA of the Conveyancing Act 1983, dispositions at an undervalue made with the dominant purpose of putting the property which is the subject of the disposition beyond the reach of creditors, are voidable at the instance of eligible creditors.

[4] Companies Act 1981, section 246

4

293901

## Conclusion

14. In view of the above, it is my opinion that Bermudian law does not recognize a duty similar to the New York common law duty to disclose "hopeless insolvency" or the like.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 20th day of July2012, in Hamilton, Bermuda.

KEHINDE ABINBOLA LUCILLE GEORGE

5