UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re REFCO INC. SECURITIES LITIGATION | Case No. 07-MD-1902 |
| This Document Relates to:<br><br>MARC S. KIRSCHNER, As Trustee of the Refco Private Actions Trust,<br>　　　　　　　　　　　Plaintiff,<br>-against-<br>PHILLIP R. BENNETT, SANTO C. MAGGIO, ROBERT C. TROSTEN, MAYER BROWN, LLP, MAYER BROWN INTERNATIONAL, LLP, and GRANT THORNTON LLP,<br>　　　　　　　　　　　Defendants. | 07 Civ. 8165 (JSR) |

### SUPPLEMENTAL DECLARATION OF KEHINDE ABINBOLA LUCILLE GEORGE

I, KEHINDE ABINBOLA LUCILLE GEORGE, declare as follows:-

1. I am a partner in the Bermudian firm of Barristers and Attorneys, Attride-Stirling & Woloniecki, and I have been asked by counsel acting in the above captioned proceedings for defendant, Grant Thornton LLP ("Grant Thornton"), to submit this supplemental declaration in response to the declaration of Barry Isaacs QC dated July 20, 2012 (the "Isaacs Declaration"), submitted by the Plaintiff. In particular, this declaration responds to

the conclusions reached in paragraphs 8 and 9 of the Isaacs Declaration, concerning the scope of agency law duties.

2.  The Isaacs Declaration finds that an agency relationship entails a duty of good faith and a duty of disclosure, relying upon the principle espoused in *Bowstead and Reynolds on Agency* (Nineteenth Edition at paragraph 6-062). However, that principle relates to the situation where the agent is dealing *with* the principal (as the heading to this principle suggests). That is, where the agent, in its own interest, is entering into a contract with the principal with respect to the specific transaction that is the subject of the agency, as opposed to contracting with a third party on the principal's behalf. The commentary in B*owstead* which follows the statement of this principle refers to the principle as the "fair-dealing rule" and notes that it has been argued that "the fair-dealing rule is simply part of the conflicts rule affecting all fiduciaries." (at paragraph 6-063). The author then goes on to address the particular situations in which the principle applies including: purchase from principal (an agent engaged to sell property for a principal may not buy it himself without full and fair disclosure of all the facts to the principal); sale to principal (an agent may not sell his own property to his principal without full and fair disclosure and the principal's consent); and agent with specific instructions (an agent with specific instructions to buy or sell at a particular price may be free to sell his own property or buy the principal's since he has no discretion and therefore no conflict of interest). The illustrations are given under the headings "Purchase from principal" "Sale to principal" and "Other dealings by agent with principal" (where the examples are a solicitor taking a mortgage from his client who failed to disclose an unusual power of sale; and a steward contracting with his employer for a lease who was required to disclose his knowledge of every circumstance reflecting the value of the property). The illustrations all relate to information about the specific property or transaction that is the subject of the agency relationship, and the agent's connection with it as a party in its own interest. +Moreover, none of the situations used to illustrate the principle include a requirement for the agent to disclose general information about himself, such as his financial status.

294005

3. I referred in my declaration dated 20 July 2012 to the Privy Council case of *Kelly v. Cooper* [1993] A.C. 205 on appeal from Bermuda. This decision is binding on the Bermuda courts. This was a case which turned on this very principle, the extent of the defendant estate agents' duty of disclosure to their principal where the agents acted for the individual vendors of two separate properties which they sold to members of the same family. The Privy Council stated that the resolution of the case depended on "two fundamental propositions: first, agency is a contract made between principal and agent; second, like every other contract, the rights and duties of the principal and agent are dependent on the terms of the contract between them, whether express or implied." (at p213H). Accordingly, I reiterate that the duty of a broker to disclose information to its customers must be founded in the contract between them.

4. It is noteworthy that the Isaacs Declaration does not cite any cases where it was found that an agent had a duty to disclose its insolvency or hopeless insolvency. In my view, a clear statement of such a duty in case law would be necessary for such a duty to be implied into a broker's contract which was silent on the issue.

**Conclusion**

5. In view of the above, it remains my opinion that Bermudian law does not recognize a duty similar to the New York common law duty to disclose "hopeless insolvency" or the like.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 23rd day of July 2012, in Hamilton, Bermuda.

KEHINDE ABINBOLA LUCILLE GEORGE

3

294005