```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
                                      :
IN RE REFCO SECURITIES LITIGATION     :    07 MDL 1902 (JSR)
                                      :
------------------------------------- x
------------------------------------- x
MARC S. KIRSCHNER, as Trustee of the  :
Refco Private Actions Trust,          :
                                      :    07 Civ. 8165 (JSR)
          Plaintiff,                  :
                                      :    ORDER
          -v-                         :
                                      :
PHILLIP R. BENNETT et al.,            :
                                      :
          Defendants.                 :
------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

Pending before the Court are several motions filed by defendant Grant Thornton, to wit: objections to Special Master Daniel J. Capra's June 16, 2012 Report and Recommendation, which recommended that the Court deny Grant Thornton's motion for summary judgment; motions to preclude the expert testimony and reports of three of the Trustee's proposed expert witnesses; a motion in limine to preclude the testimony of Mark Donoghue, a former Refco employee; and motions in limine to preclude testimony by certain FX customer representative witnesses on the ground of lack of personal knowledge and, accordingly, to dismiss the claims brought on behalf of those FX customers that have not presented direct evidence of reliance. Having considered the parties' submissions, oral arguments, and supplemental briefing on the choice of law issues raised in the Court's Order dated July 17, 2012, the Court reaches the following conclusions:

1) Defendant's motion for summary judgment is denied, for reasons that will be explained in a forthcoming written opinion.

2) Defendant's motion to exclude the testimony and expert report of Lisa Collura is denied. The Court concludes that Collura's proposed testimony is appropriate as both expert testimony pursuant to Fed. R. Evid. 702, and as summary witness testimony pursuant to Fed. R. Evid. 1006.

3) Defendant's motion to exclude the expert report and testimony of Israel Shaked is granted in part, in that Shaked, while he may offer opinions as to RCM's financial conditions, may not use the term "hopeless insolvency," which, in the context of this case, is a legal term requiring a legal definition. The motion is denied in all other respects.

4) Defendant's motion to exclude certain opinions of Douglas Carmichael is granted in part, in that Carmichael may not offer his opinion of whether Grant Thornton's audit was conducted in "good faith," nor his opinion on whether Grant Thornton had a duty to serve "the public interest," as those terms are calculated to create confusion in the context of this case. The motion is denied in all other respects.

5) Defendant's motion to exclude the testimony and expert report of Barbara Lucas is granted in part, in that Lucas may not offer (i) her opinion of whether, had Grant Thornton withdrawn

or qualified its RCM audit opinion, that fact would have been widely reported in the financial press and, as a consequence, RCM would not have been able to continue to operate, nor (ii) her opinion of whether RCM was legally entitled to claim exemption from SEC regulation under the SEC's "safe harbor" regulation for offshore brokers, which, according to Lucas, Grant Thorton should have known. The first opinion is beyond the witness's expertise, and the second involves conclusions of law. The motion is denied in all other respects.

6) Defendant's motion to preclude the testimony of Mark Donoghue, a former Refco employee whom the Trustee has represented will be offered only as a custodial witness, is denied. The Court reaffirms its order at the oral argument held on July 13, 2012 that Grant Thornton's counsel can depose Donoghue for one hour sometime before trial begins, at a time to be jointly arranged by the parties.

7) Defendant's motion to preclude the testimony of the FX customer representative witnesses on the ground that they lack personal knowledge of the relevant events, and to accordingly dismiss the claims brought on behalf of those FX customers that have failed to present direct evidence of reliance, is denied, without prejudice to Grant Thornton's renewing its objections to lack of personal knowledge of such witnesses at appropriate points during trial.

Counsel are reminded that trial will begin Tuesday, September 4, 2012 at 9 A.M. Because the Court will be sitting by designation on the Ninth Circuit Court of Appeals during the last week of August, the Court hereby orders that any further motions in limine that the parties may wish to file in advance of trial be filed with the Court by no later than August 20, 2012. All other pre-trial materials that must be delivered to the Court as outlined in Rules 4, 6, 7, and 8 of the Court's Individual Rules of Practice should be delivered to Chambers by hand delivery by no later than noon on August 24, 2012. The Clerk of the Court is hereby directed to close document numbers 272, 315, 318, 321, and 324 on the docket of 07 Civ. 8165, and the corresponding document numbers on the docket of 07 MDL 1902.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       July 27, 2012