# EXHIBIT 3

LAW OFFICES
## WILLIAMS & CONNOLLY LLP
725 TWELFTH STREET, N.W.
WASHINGTON, D. C. 20005-5901
(202) 434-5000
FAX (202) 434-5029

CRAIG D. SINGER
(202) 434-5964
csinger@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

July 2, 2012

Dennis K. Blackhurst, Esq.
Beus Gilbert PLLC
4800 N. Scottsdale Rd., Suite 6000
Scottsdale, AZ 85251

Mason C. Simpson, Esq.
Brown Rudnick LLP
Seven Times Square
New York, NY 10036

Dear Dennis and Mason:

    As you are aware, the June 21 deposition of former PlusFunds Chief Operating Officer Christopher Rose brought to light an extremely serious issue regarding spoliation of evidence by PlusFunds. According to Mr. Rose, relevant documents – binders filled with his handwritten notes – were destroyed at a time when PlusFunds had an obligation to preserve them. We are writing to give you an opportunity to provide any additional facts Plaintiffs may believe are relevant to this spoliation issue before we raise this matter with the Court.

    Mr. Rose testified that, throughout his employment with PlusFunds, he made a practice of continuously writing notes in loose-leaf binders, including notes he took during the in-person and telephonic meetings that he attended. June 21 Tr. at 829:12–830:2, 831:20–832:5. The documents that have been produced, as well as the testimony of Mr. Rose and other witnesses, show that Mr. Rose attended many such meetings where issues relevant to this case were discussed. Mr. Rose testified that he had handwritten notes in his possession in October 2005, and that he continued taking such notes until he left PlusFunds in July 2006. June 21 Tr. at 830:18–23, 831:3–7, 832:5–10. Mr. Rose explained that he typically would fill up a binder with notes in a matter of approximately "a few weeks." June 21 Tr. at 830:12–17. Based on his testimony, there should have been numerous binders of notes created during this timeframe. Mr. Rose also stated that he believes that all of his notes were thrown out, and that he is unaware of

WILLIAMS & CONNOLLY LLP

Dennis K. Blackhurst, Esq.
Mason C. Simpson, Esq.
July 2, 2012
Page 2

any of his notes being produced in any form in connection with any litigation. June 21 Tr. at 831:13–15, 832:11–23. Our review of the documents produced by Plaintiffs tends to corroborate this account, as we have not found any binders of notes fitting this description.

Mr. Rose is one of the most significant witnesses in this case, and the destruction of his notes must be regarded as a matter of the utmost seriousness. Before we take any action regarding this spoliation matter, we wish to allow Plaintiffs an opportunity to provide any facts that may bear on this issue. In particular, please inform us whether Plaintiffs agree that Mr. Rose's notes have not been produced in this litigation. Like Mr. Rose, we are not aware that any of his notes have been produced, and we have no reason to doubt Mr. Rose's testimony that his notes were destroyed after Refco's bankruptcy. If Plaintiffs possess additional facts necessary to form a complete understanding of this issue, please let us know. We would appreciate a response to this letter by Monday, July 9, 2012.

Sincerely,

Craig D. Singer /KL