UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARC S. KIRSCHNER, As Trustee of the
Refco Private Actions Trust,

               Plaintiff,

         -against-

PHILLIP R. BENNETT, SANTO C.
MAGGIO, ROBERT C. TROSTEN, MAYER
BROWN, LLP, MAYER BROWN
INTERNATIONAL, LLP, and GRANT
THORNTON LLP,

               Defendants.

07 MDL 1902 (JSR)

07 Civ. 8165 (JSR)

**<u>Electronically Filed</u>**

---

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATING TO <u>CARLOS SEVILLEJA GARCIA</u>

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................1

BACKGROUND ...........................................................................................................1

ARGUMENT.................................................................................................................2

CONCLUSION..............................................................................................................5

# TABLE OF AUTHORITIES

**Page**

## Cases

*Bensen v. Am. Ultramar, Ltd.*,
   1996 WL 422262 (S.D.N.Y. July 29, 1996) ........................................................................5

*Daniels v. Loizzo*,
   986 F. Supp. 245 (S.D.N.Y. 1997)........................................................................................3

*Farganis v. Town of Montgomery*,
   397 F. App'x 666 (2d Cir. 2010)...........................................................................................3

*Jean-Laurent v. Hennessy*,
   840 F. Supp. 2d 529 (E.D.N.Y. 2011) ...............................................................................3, 4

*Mazzo v. Ibrahim*,
   2011 WL 6003913 (S.D.N.Y. Dec. 1, 2011) ......................................................................3, 4

*United States v. Estrada*,
   430 F.3d 606 (2d Cir. 2005)..................................................................................................4

*United States v. Mahler*,
   579 F.2d 730 (2d Cir. 1978)..................................................................................................3

*Zinman v. Black & Decker, Inc.*,
   983 F.2d 431 (2d Cir. 1993)..................................................................................................3

## Statutes

Fed. R. Evid. 401 ..........................................................................................................................2

Fed. R. Evid. 402 ..........................................................................................................................2

Fed. R. Evid. 403 .......................................................................................................................2, 4

Fed. R. Evid. 404 .......................................................................................................................2, 3

Fed. R. Evid. 404(b)...................................................................................................................2, 3

Fed. R. Evid. 404(b)(1) .................................................................................................................2

Fed. R. Evid. 609 .......................................................................................................................2, 3

Fed. R. Evid. 609(a)(2) ..................................................................................................................4

Fed. R. Evid. 609(b)...................................................................................................................3, 4

Fed. R. Evid. 609(b)(1) ..................................................................................................................3

## Other Authority

*Weinstein's Federal Evidence*, § 609.20 ......................................................................................4

Plaintiff Marc S. Kirschner, the Trustee for the Refco Private Actions Trust (the "Trustee"), respectfully moves *in limine* to preclude defendant Grant Thornton LLP ("Grant Thornton") from introducing evidence regarding or otherwise referring to Carlos Sevilleja Garcia's ("Mr. Sevilleja") prior criminal conviction at trial.

## PRELIMINARY STATEMENT

As he testified at deposition, Mr. Sevilleja—one of the 48 FX Customers whose assigned claims are being advanced by the Trustee—pleaded guilty more than 20 years ago to signing a false police report in Switzerland, an offense for which he immediately took full responsibility and received a short four-month suspended sentence.  To prejudice the jury against Mr. Sevilleja's claim and testimony in this case, Grant Thornton improperly seeks to introduce his criminal conviction at trial.  Beyond its lack of relevance and inherent prejudice, introduction of Mr. Sevilleja's conviction is expressly precluded by Federal Rules of Evidence 404 and 609.

## BACKGROUND

Mr. Sevilleja is a foreign exchange trader with decades of experience and one of the 48 FX Customers fraudulently induced to deposit hundreds of millions of dollars at Refco Capital Markets Ltd. ("RCM").  At deposition, Mr. Sevilleja testified that approximately 25 years ago, when he was in his mid-twenties, he was convicted of signing a false police report in Zurich, Switzerland.  (*See* Ex. 1[1] (Sevilleja Dep. 19:6-25 (November 15, 2007) ("Sevilleja I")); Ex. 2 (Sevilleja Dep. 196:14-23 (June 14, 2011) ("Sevilleja II")).)[2]  He voluntarily pleaded guilty to

---

[1] "Ex." refers to the exhibits attached to the August 3, 2012 Declaration of Nicholas Calamari.

[2] Although Mr. Sevilleja could not recall in detail the events surrounding this decades-old conviction—which he admitted resulted from "absolute stupidity" on his part—he testified that the substance of the false police report was related to an attempt by a former acquaintance to falsify a car insurance report.  *See* Ex. 1 (Sevilleja I 19:18-25); Ex. 2 (Sevilleja II 197:2-20).

this offense and received a suspended sentence of four months incarceration as a result of this conviction.  (*See* Ex. 1 (Sevilleja I 19:9-20:6); Ex. 2 (Sevilleja II 197:21-198:7).)  Mr. Sevilleja never served any jail time in connection with this offense.  (*See* Ex. 2 (Sevilleja II 198:8-12).) More than two decades have since passed, and Mr. Sevilleja has never been charged with any other crime either before or since.  (*See* Ex. 1 (Sevilleja I 19:9-13 & 20:7-12); Ex. 2 (Sevilleja II 196:13-19).)

## ARGUMENT

As a threshold matter, Grant Thornton should be precluded at trial from referring to or from introducing evidence relating to Mr. Sevilleja's prior criminal conviction as it is irrelevant and therefore inadmissible.  *See* Fed. R. Evid. 402.  Mr.  Sevilleja's conviction occurred more than twenty years ago in a foreign jurisdiction under foreign laws, when Mr. Sevilleja was in his mid-twenties.  It has absolutely nothing to do with Refco, his trading, the fraudulent inducement claim against Grant Thornton or Mr. Sevilleja's testimony in this case, and therefore has no tendency to make any fact of consequence in determining this action more or less probable than it would be without this evidence.  *See* Fed. R. Evid. 401.  Nor is it relevant to assessing his credibility: it is a decades-old equivalent of a misdemeanor offense.

Even if the conviction were deemed marginally relevant, it must still be excluded under Federal Rules of Evidence 404, 609, and 403.

Mr. Sevilleja's more than 20-year old conviction is a textbook example of the type of evidence prohibited by Rule 404(b).  *See* Fed. R. Evid. 404(b)(1) (precluding admission of prior crimes evidence "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.").  As the conviction has nothing to do with Refco or Mr. Sevilleja's trading activities, its introduction would serve only to impugn his character, and falls squarely within Rule 404(b)'s prohibition.

Nor can Grant Thornton side-step Federal Rule of Evidence 404 by relying on Rule 609. Where, as here, more than ten years have passed since the witness's conviction, "[e]vidence of the conviction is admissible *only* if … its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1) (emphasis added).[3] As a result, "convictions more than ten years old" are "admitted very rarely and only in exceptional circumstances." *Farganis v. Town of Montgomery*, 397 F. App'x 666, 669 (2d Cir. 2010) (quoting *Zinman v. Black & Decker, Inc.*, 983 F. 2d 431, 434 (2d Cir. 1993)).[4] No such exceptional circumstances exist here.

In *Mazzo v. Ibrahim*, 2011 WL 6003913 (S.D.N.Y. Dec. 1, 2011), for example, the court excluded the prior conviction of a party's medical expert—for summary contempt for lying to a judge—reasoning that a twenty-eight year time lapse was "significantly more than the ten year time frame contemplated by Rule 609(b)" and thus drastically lessened the conviction's probative value. *Id.* at *3. The court also concluded that, even though the crime involved lying to a court, the conviction did not diminish the witness's credibility as an expert in that case. *Id.* The court further determined that the witness's credibility was not critical because the jury had other evidence to consider in deciding the case. *Id.* The conviction's probative value thus could not outweigh its prejudicial effect, and it was excluded. *Id.*

---

[3]   In weighing the probative value of a criminal conviction against its potential prejudice, courts often consider: (1) the impeachment value of the prior crime, (2) the remoteness in time of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness. *See Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 544 (E.D.N.Y. 2011) (citing *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997)); *Mazzo v. Ibrahim*, 2011 WL 6003913, at *3 (S.D.N.Y. Dec. 1, 2011). Here, each of these factors weighs in favor of excluding evidence of Mr. Sevilleja's criminal conviction.

[4]   This rule reflects a recognition by Congress that convictions of more than ten years old have very little or no probative value. *See United States v. Mahler*, 579 F. 2d 730, 736 (2d Cir. 1978).

3

As in *Mazzo*, the decades since Mr. Sevilleja's conviction *far* exceeds the ten-year period

in Rule 609(b).  Moreover, the conviction—for signing a false police report when he was in his

twenties—does not involve Mr. Sevilleja's credibility as a currency trader now or then, or call

into question his testimony that he would never have deposited funds with RCM if he had

learned (or been told) that RCM was financially compromised, let alone insolvent.  Further, Mr.

Sevilleja's testimony is only one small part of the Trustee's case, and the testimony of a number

of FX customers and others are expected to be presented at trial.  What little probative value

there is in Mr. Sevilleja's conviction is substantially outweighed by its prejudicial effect, and

Grant Thornton cannot demonstrate "that exceptional circumstances exist to justify the

admission of the conviction for impeachment purposes."  *Id.* at *3.[5]

Finally, as the risk of prejudice to the Trustee and Mr. Sevilleja is great, evidence relating

to the conviction should independently be excluded under Federal Rule of Evidence 403.  Its

introduction will potentially confuse and mislead the jury as to its importance and create a

distraction from the real issue—Grant Thornton's culpability.  *See Jean-Laurent v. Hennessy*,

840 F. Supp. 2d 529, 537 (E.D.N.Y. 2011) ("In making a Rule 403 determination, courts should

ask whether the evidence's proper value 'is more than matched by [the possibility] . . . that it will

---

[5]   At a minimum, even if evidence regarding the fact of the conviction itself is found to be admissible, Grant Thornton should be precluded from offering any evidence, or eliciting any testimony, regarding the facts and circumstances underlying the conviction. *See, e.g., United States v. Estrada*, 430 F.3d 606, 615 (2d Cir. 2005) ("The presumption under Rule 609(a)(2) … is that the 'essential facts' of a witness's convictions, including the statutory name of each offense, the date of conviction, and the sentence imposed, are included within the 'evidence' that is to be admitted for impeachment purposes."); 4 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence*, § 609.20 (Joseph M. McLaughlin, ed., Matthew Bender 2d ed. 1997) ("When a prior conviction is admissible for impeachment, the impeaching party is generally limited to establishing the bare facts of the conviction: usually the name of the offense, the date of the conviction, and the sentence.").

divert the jury from the facts which should control their verdict.'") (quoting *Bensen v. Am. Ultramar, Ltd.*, 1996 WL 422262, at \*6 (S.D.N.Y. July 29, 1996)).

**<u>CONCLUSION</u>**

The Court should exclude any evidence of or reference to Mr. Sevilleja's prior criminal conviction at trial.

DATED:    August 3, 2012

                                              Respectfully submitted,

                                              QUINN EMANUEL URQUHART &
                                                  SULLIVAN, LLP


                                              By: /s/ Richard I. Werder, Jr.
                                                  Richard I. Werder, Jr.
                                                  Sascha N. Rand
                                                  Rex Lee
                                                  Maaren A. Choksi
                                                    rickwerder@quinnemanuel.com
                                                    sascharand@quinnemanuel.com
                                                    rexlee@quinnemanuel.com
                                                    maarenchoksi@quinnemanuel.com

                                              51 Madison Avenue, 22nd Floor
                                              New York, New York  10010-1601
                                              (212) 849-7000

                                              *Attorneys for Plaintiff Marc S. Kirschner, as*
                                              *Trustee for the Refco Private Actions Trust*

5
