UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
In re REFCO INC. SECURITIES LITIGATION   :   Case No. 07-MD-1902 (JSR)
                                                             :
------------------------------------------------------------ X

# ORDER

**Introduction.** On August 23 and 27, 2012, I issued informal Orders to Show Cause (*via* e-mail) why two documents that had been placed in the Clerk's vault under seal should not be unsealed and docketed in the normal course. These documents relate to a pending motion *in limine.* The orders to show cause were returnable before me at the close of business on October 30th.

I did not receive any substantive response to the orders to show cause. I did, however, receive a request to delay any ruling until the motion was decided, which I declined to do.

1

**Discussion.** There is no need for any extended discussion. As *The Sedona Guidelines: Best Practices Addressing Protective Orders, Confidentiality, and Public Access in Civil Cases* (Mar. 2007) note, "the general rule announced by the United States Supreme Court is that the public's right of access to material produced in connection with a particular pretrial or trial proceeding arises when (1) the proceeding has historically been open and (2) public access plays a significant role in the proper functioning of the process. *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8 (1986); *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 605-06 (1982). In doing so, the Court and the case law relying on this general rule have made distinctions between, for instance, discovery as historically private exchanges conducted by the parties, and trials as historically open proceedings in which the public has an interest, directly or as a matter of public accountability. *Baxter International v. Abbott Labs*, 297 F. 3d 544 (7th Cir. 2002)."

The documents *sub judice* were filed under seal pursuant to the terms of a confidentiality order. However, as reflected in the extended quote above, there is a distinction between the exchange of materials in discovery and the filing of materials with a court so that the latter may engage in its public adjudicatory function. No party has offered any *private* interest which I could measure against the *public* interest in unsealing the documents.

**Conclusion.** For the reasons set forth above, and bearing in mind the extraordinary burden placed on a party which seeks to make a sealed filing, the Clerk is directed to remove documents numbered 1623 and 1631 from the Vault and docket these with no restriction to public access forthwith.

**SO ORDERED**

*[Signature]*
Special Master
August 31, 2012