UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

In re REFCO INC. SECURITIES LITIGATION                    Case No. 07-MD-1902 (JSR)
---------------------------------------------------------------X

This Document Relates to:
---------------------------------------------------------------X
KENNETH M. KRYS, et al.,                         :          Case No. 08-CV-3065 (JSR)
                                                 :          Case No. 08-CV-3086 (JSR)
                                      Plaintiffs, :
                                                 :
                      -against-                  :
                                                 :
CHRISTOPHER SUGRUE, et al.,                      :
                                                 :
                                     Defendants. :
                                                 :
---------------------------------------------------------------X
KENNETH M. KRYS, et al.                          :          Case No. 10-CV-3594 (JSR)
                                      Plaintiffs, :
                                                 :
                      -v-                        :
                                                 :
DEUTSCHE BANK SECURITIES INC., et al.            :
                                                 :
                                     Defendants. :
                                                 :
---------------------------------------------------------------X

## RULE 56.1 STATEMENT OF MOVING DEFENDANTS
## IN SUPPORT OF SUMMARY JUDGMENT WITH PLAINTIFFS' RESPONSES

    Defendants PricewaterhouseCoopers LLP ("PwC"), Credit Suisse Securities (USA) LLC

("Credit Suisse"), Merrill Lynch, Pierce, Fenner & Smith, Incorporated, as successor-by-merger

to Banc of America Securities LLC ("BAS"), Deutsche Bank Securities Inc. ("DBSI"), Mayer

Brown LLP ("Mayer Brown"), Edward Best, Joseph P. Collins, Paul Koury, Grant Thornton

LLP ("Grant Thornton") and Mark Ramler (collectively, "Moving Defendants") respectfully

resubmit their statement of material facts as to which there is no genuine issue to be tried with

Plaintiffs' responses added below each statement to assist the Court in deciding the motions for summary judgment made by the Moving Defendants.[1]

1.      Plaintiff SPhinX Managed Futures Fund SPC ("SMFF") was comprised of various portfolios ("Portfolios"), which maintained cash accounts at Refco Capital Markets, Ltd. ("RCM") (collectively, the "RCM Accounts") starting in or about December 2002.  *See* Declaration of James J. Capra, Jr. in Support of PwC's Motion for Summary Judgment, dated August 2, 2012 ("Capra Decl."), ¶ 3 and Exhibit 1 thereto ("Report on cash balances and transfers in respect of the SPhinX Group of Companies," signed and dated June 29, 2012 by Kenneth M. Krys ("Krys Expert Report")) 3.4, 3.6, 3.7, Appendix 3 and Appendix 6.

**Plaintiffs' Response**

Plaintiffs dispute the facts stated in Paragraph 1 of the Moving Defendants' Rule 56.1 Statement. Each of the RCM Accounts referred to in Paragraph 1 was denominated a "USD Margin Account."  *See* Simpson Decl. Ex. P (sample account statement).  SMFF also held foreign currency exchange trading, or "FX," accounts at RCM.  *See* Simpson Decl. Ex. Q (sample FX account statement).


2.      On or about October 12, 2005, SMFF transferred $312,046,266 (approximately, and hereinafter, "$312 million") from the RCM Accounts (the "October 2005 Transfer") to Refco LLC.  *See* Capra Decl. ¶ 5 and Exhibit 1 (Krys Expert Report) 3.8, Appendix 6.

---

[1] Plaintiffs have put forward "Additional Material Facts" on reliance in their response to the Rule 56.1 Statement (¶¶ 24-37).  Plaintiffs' characterization of the discovery record on this issue is highly misleading.  Because the merits of Plaintiffs' assertions on reliance are not material to the current motion, however, Moving Defendants have not responded to these assertions (nor do they have any obligation under Local Rule 56.1 to do so).

**Plaintiffs' Response**

For purposes of the Moving Defendants' Motion, Plaintiffs do not dispute the facts stated in Paragraph 2 of the Moving Defendants' Rule 56.1 Statement.

### A.  The Timing of Events at Refco

3.      On June 8, 2004, THL Refco Acquisition Partners, Refco Group Ltd., LLC ("RGL"), and certain other parties entered into an equity purchase and merger agreement.  The agreement provided for a series of transactions through which THL Refco Acquisition Partners and its affiliates and co-investors would own approximately 57% of an entity that was to become the parent of RGL (the "LBO Transaction").  *See* Capra Decl. ¶ 8 and Exhibit 3 (Confidential Offering Circular excerpt).

**Plaintiffs' Response**

For purposes of the Moving Defendants' Motion, Plaintiffs do not dispute the facts stated in Paragraph 3 of the Moving Defendants' Rule 56.1 Statement.

4.      In connection with the LBO Transaction, Refco Finance Holdings LLC (which was later merged into RGL) and Refco Finance Inc. ("Refco Finance") offered notes ("Notes") for purchase through a Confidential Offering Circular, dated July 22, 2004.  *See* Capra Decl. ¶ 8 and Exhibit 3 (Confidential Offering Circular excerpt).

**Plaintiffs' Response**

For purposes of the Moving Defendants' Motion, Plaintiffs do not dispute the facts stated in Paragraph 4 of the Moving Defendants' Rule 56.1 Statement.

5.       The LBO Transaction closed on August 5, 2004.  *See* Capra Decl. ¶ 11 and Exhibit 6 (Amended Complaint excerpt) at ¶ 254.

**<u>Plaintiffs' Response</u>**

For purposes of the Moving Defendants' Motion, Plaintiffs do not dispute the facts stated in Paragraph 5 of the Moving Defendants' Rule 56.1 Statement.

6.       RGL and Refco Finance filed an S-4 registration statement with the Securities and Exchange Commission ("SEC") on October 12, 2004 in connection with an exchange offer for the Notes, which was RGL's first SEC filing.  *See* Capra Decl. ¶ 9 and Exhibit 4 (S-4 filing, cover page).

**<u>Plaintiffs' Response</u>**

For purposes of the Moving Defendants' Motion, Plaintiffs do not dispute the facts stated in Paragraph 6 of the Moving Defendants' Rule 56.1 Statement.

7.       Refco Inc. ("Refco') filed an S-1 with the SEC on April 8, 2005 in connection with its initial public offering ("IPO").  *See* Capra Decl. ¶ 10 and Exhibit 5 (S-1 filing, cover page).  Refco's IPO commenced on or about August 10, 2005.  *See* Capra Decl. ¶ 11 and Exhibit 6 (Amended Complaint excerpt) at ¶¶ 279, 907.

**<u>Plaintiffs' Response</u>**

For purposes of the Moving Defendants' Motion, Plaintiffs do not dispute the facts stated in Paragraph 7 of the Moving Defendants' Rule 56.1 Statement.

### B.  Changes in SMFF's Cash Balance at RCM Over Time

8.     The table below shows the change in SMFF's balances in the RCM Accounts

from different dates through the time immediately preceding the October 2005 Transfer:

| Starting Date | Starting Date Description | Starting Date Balance | October 2005 Transfer | (Decrease) in Balance from Starting Date to October 2005 Transfer |
|---|---|---|---|---|
| August 5, 2004 | Refco's LBO | $541,577,862 | $312,046,266 | ($229,531,596) |
| October 12, 2004 | Refco's initial S-4 Filing | $586,087,197 | $312,046,266 | ($274,040,931) |
| April 8, 2005 | Refco's initial S-1 Filing | $522,235,446 | $312,046,266 | ($210,189,180) |
| August 10, 2005 | Commencement of Refco's IPO | $395,230,539 | $312,046,266 | ($83,184,273) |

*See* Capra Decl. ¶¶ 2, 6, and Exhibit 1 (Krys Expert Report) Appendix 6, and Exhibit 2.

**Plaintiffs' Response**

For purposes of the Moving Defendants' Motion, Plaintiffs do not dispute the facts stated

in Paragraph 8 of the Moving Defendants' Rule 56.1 Statement.  However, the decrease in

balances at RCM is irrelevant for the reasons stated in Plaintiffs Memorandum in Opposition to

the Moving Defendants' Motion.


9.     At all times between August 5, 2004 and late September 2005, the balance in the

RCM Accounts was greater than $312 million.  *See* Capra Decl. ¶¶ 2, 7, and Exhibit 1 (Krys

Expert Report) Appendix 6.

**Plaintiffs' Response**

For purposes of the Moving Defendants' Motion, Plaintiffs do not dispute the facts stated

in Paragraph 9 of the Moving Defendants' Rule 56.1 Statement.  However, the decrease in

balances at RCM is irrelevant for the reasons stated in Plaintiffs Memorandum in Opposition to the Moving Defendants' Motion.

### C. PwC

10.     PricewaterhouseCoopers LLP ("PwC") was first engaged by RGL to provide accounting advisory services on or about May 5, 2004.  *See* Capra Decl. ¶¶ 11, 12, and Exhibit 6 (Amended Complaint excerpt) at ¶ 570 and Exhibit 7 (PwC Engagement Letter).

**Plaintiffs' Response**

For purposes of the Moving Defendants' Motion, Plaintiffs do not dispute the facts stated in Paragraph 10 of the Moving Defendants' Rule 56.1 Statement.

11.     On May 5, 2004, preceding the engagement of PwC by RGL, the balance in the RCM Accounts was $429,220,086.  During the period from May 5, 2004 to the time immediately preceding the October 2005 Transfer, the balance in the RCM Accounts decreased, on a net basis, by $117,173,820.  *See* Capra Decl. ¶ 2 and Exhibit 1 (Krys Expert Report) Appendix 6.

**Plaintiffs' Response**

For purposes of the Moving Defendants' Motion, Plaintiffs do not dispute the facts stated in Paragraph 11 of the Moving Defendants' Rule 56.1 Statement.  However, the decrease in balances at RCM is irrelevant for the reasons stated in Plaintiffs' Memorandum in Opposition to the Moving Defendants' Motion.

### D. Credit Suisse, BAS, and DBSI

12.     Credit Suisse, BAS, and DBSI served as initial purchasers and joint book-running managers of the private placement of the Notes in connection with the LBO Transaction.  *See*

Capra Decl. ¶¶ 8, 11, and Exhibit 3 (Confidential Offering Circular excerpt) and Exhibit 6 (Amended Complaint excerpt) at ¶¶ 877, 880.

**Plaintiffs' Response**

For purposes of the Moving Defendants' Motion, Plaintiffs do not dispute the facts stated in Paragraph 12 of the Moving Defendants' Rule 56.1 Statement.

13.     On August 5, 2004, preceding the LBO Transaction, the balance in the RCM Accounts was $541,577,862.  During the period from August 5, 2004 to the time immediately preceding the October 2005 Transfer, the balance in the RCM Accounts decreased, on a net basis, by $229,531,596.  *See* Capra Decl. ¶¶ 2, 6, and Exhibit 1 (Krys Expert Report) 4.4, Appendix 6 and Exhibit 2.

**Plaintiffs' Response**

For purposes of the Moving Defendants' Motion, Plaintiffs do not dispute the facts stated in Paragraph 13 of the Moving Defendants' Rule 56.1 Statement.  However, the decrease in balances at RCM is irrelevant for the reasons stated in Plaintiffs' Memorandum in Opposition to the Moving Defendants' Motion.

14.     Credit Suisse and BAS (and other financial institutions not a party to this action) served as joint book-running managers of the underwriting syndicate for the IPO, and DBSI (and other financial institutions not a party to this action) served as co-managers and underwriters for the IPO.  *See* Capra Decl. ¶¶ 10, 11, Exhibit 5 (S-1 excerpt), and Exhibit 6 (Amended Complaint excerpt) at ¶¶ 877, 880.

**Plaintiffs' Response**

For purposes of the Moving Defendants' Motion, Plaintiffs do not dispute the facts stated in Paragraph 14 of the Moving Defendants' Rule 56.1 Statement.

15.     On August 10, 2005, preceding the IPO, the balance in the RCM Accounts was $395,230,539.  During the period from August 10, 2005 to the time immediately preceding the October 2005 Transfer, the balance in the RCM Accounts decreased, on a net basis, by $83,184,273.  *See* Capra Decl. ¶¶ 2, 6, and Exhibit 1 (Krys Expert Report) Appendix 6 and Exhibit 2.

**Plaintiffs' Response**

For purposes of the Moving Defendants' Motion, Plaintiffs do not dispute the facts stated in Paragraph 15 of the Moving Defendants' Rule 56.1 Statement.  However, the decrease in balances at RCM is irrelevant for the reasons stated in Plaintiffs' Memorandum in Opposition to the Moving Defendants' Motion.

### E.  Grant Thornton Defendants

16.     Grant Thornton LLP served as outside auditor to RGL, issuing audit opinions on RGL's consolidated financial statements.   The first time any Grant Thornton audit opinion relating to Refco appeared in any public filing was in RGL's initial form S-4 registration statement, filed with the SEC on October 12, 2004.  *See* Capra Decl. ¶ 9 & Exhibit 4.

**Plaintiffs' Response**

Plaintiffs dispute the facts stated in Paragraph 15 of the Moving Defendants' Rule 56.1 Statement. Refco LLC was required to, and did, publicly file Grant Thornton LLP's independent accountant's opinions with the Commodity Futures Trading Commission ("CFTC") and the

National Futures Association ("NFA") for the fiscal years 2003 and 2004.  *See* 17 C.F.R. §§

1.10(g)(5), 1.16 (Apr. 1, 2003); Simpson Decl. Exs. N, 0.


17.     On October 12, 2004, the balance in the RCM Accounts was $586,087,197.

During the period from October 12, 2004 to the time immediately preceding the October 2005

Transfer, the balance in the RCM Accounts decreased, on a net basis, by $274,040,931.  *See*

Capra Decl. ¶¶ 2, 6, and Exhibit 1 (Krys Expert Report) Appendix 6, and Exhibit 2.

**Plaintiffs' Response**

        For purposes of the Moving Defendants' Motion, Plaintiffs do not dispute the facts stated

in Paragraph 17 of the Moving Defendants' Rule 56.1 Statement.  However, the decrease in

balances at RCM is irrelevant for the reasons stated in Plaintiffs' Memorandum in Opposition to

the Moving Defendants' Motion.


18.     On August 5, 2004, the date the LBO Transaction closed, the balance in the RCM

Accounts was $541,577,862.  During the period from August 5, 2004 to the time immediately

preceding the October 2005 Transfer, the balance in the RCM Accounts decreased, on a net

basis, by $229,531,596.  *See id.*

**Plaintiffs' Response**

        For purposes of the Moving Defendants' Motion, Plaintiffs do not dispute the facts stated

in Paragraph 18 of the Moving Defendants' Rule 56.1 Statement.  However, the decrease in

balances at RCM is irrelevant for the reasons stated in Plaintiffs' Memorandum in Opposition to

the Moving Defendants' Motion.

### F.  **Mayer Brown Defendants**

19.     Mayer Brown LLP and Messrs. Collins, Koury and Best provided certain legal services, at RGL's direction, to RGL in connection with the LBO.  *See* Capra Decl. ¶ 11 and Exhibit 6 (Amended Complaint excerpt) at ¶¶ 257–58.

**Plaintiffs' Response**

For purposes of the Moving Defendants' Motion, Plaintiffs do not dispute the facts stated in Paragraph 19 of the Moving Defendants' Rule 56.1 Statement.

20.     On August 5, 2004, the date the LBO Transaction closed, the balance in the RCM Accounts was $541,577,862.  During the period from August 5, 2004 to the time immediately preceding the October 2005 Transfer, the balance in the RCM Accounts decreased, on a net basis, by $229,531,596.  *See* Capra Decl. ¶¶ 2, 6, and Exhibit 1 (Krys Expert Report) Appendix 6, and Exhibit 2.

**Plaintiffs' Response**

For purposes of the Moving Defendants' Motion, Plaintiffs do not dispute the facts stated in Paragraph 20 of the Moving Defendants' Rule 56.1 Statement.  However, the decrease in balances at RCM is irrelevant for the reasons stated in Plaintiffs' Memorandum in Opposition to the Moving Defendants' Motion.

21.     On October 12, 2004, the date of the initial S-4 filing by RGL and Refco Finance, the balance in the RCM Accounts was $586,087,197.  During the period from October 12, 2004 to the time immediately preceding the October 2005 Transfer, the balance in the RCM Accounts decreased, on a net basis, by $274,040,931.  *See id.*

10

**Plaintiffs' Response**

For purposes of the Moving Defendants' Motion, Plaintiffs do not dispute the facts stated in Paragraph 21 of the Moving Defendants' Rule 56.1 Statement.  However, the decrease in balances at RCM is irrelevant for the reasons stated in Plaintiffs' Memorandum in Opposition to the Moving Defendants' Motion.


22.     Mayer Brown LLP and Messrs. Collins and Best provided certain legal services, at Refco's direction, to Refco in connection with the IPO.  *See* Capra Decl. ¶ 11 and Exhibit 6 (Amended Complaint excerpt) at ¶ 279.

**Plaintiffs' Response**

For purposes of the Moving Defendants' Motion, Plaintiffs do not dispute the facts stated in Paragraph 22 of the Moving Defendants' Rule 56.1 Statement.


23.     On August 10, 2005, the day the Refco IPO commenced, the balance in the RCM Accounts was $395,230,539.  During the period from August 10, 2005 to the time immediately preceding the October 2005 Transfer, the balance in the RCM Accounts decreased, on a net basis, by $83,184,273.  *See* Capra Decl. ¶¶ 2, 6, and Exhibit 1 (Krys Expert Report) Appendix 6 and Exhibit 2.

**Plaintiffs' Response**

For purposes of the Moving Defendants' Motion, Plaintiffs do not dispute the facts stated in Paragraph 23 of the Moving Defendants' Rule 56.1 Statement. However, the decrease in balances at RCM is irrelevant for the reasons stated in Plaintiffs' Memorandum in Opposition to the Moving Defendants' Motion.

Dated: New York, New York
       August 31, 2012

**KING & SPALDING LLP**


By:   /s/ James J. Capra, Jr.
       James J. Capra, Jr.
       James P. Cusick
       1185 Avenue of the Americas
       New York, New York 10036
       Tel: (212) 556-2100

       *Attorneys for Defendant*
       *PricewaterhouseCoopers LLP*


**WILMER CUTLER PICKERING**
  **HALE AND DORR LLP**


By:   /s/ Philip D. Anker
       Philip D. Anker
       Peter J. Macdonald
       Jeremy S. Winer
       Ross E. Firsenbaum
       7 World Trade Center
       250 Greenwich Street
       New York, New York 10007
       Tel: (212) 230-8800

       *Attorneys for Defendants Credit Suisse*
       *Securities (USA) LLC and Merrill Lynch,*
       *Pierce, Fenner & Smith, Incorporated, as*
       *successor-by-merger to Banc of America*
       *Securities LLC*


**LINKLATERS LLP**


By:   /s/ James R. Warnot, Jr.
       James R. Warnot, Jr.
       Ruth E. Harlow
       Robert H. Bell
       1345 Avenue of the Americas

New York, New York 10105
Tel: (212) 903-9000

*Attorneys for Defendant Deutsche Bank
Securities Inc.*


**WILLIAMS & CONNOLLY LLP**


By:   /s/ Craig D. Singer
  John K. Villa
  George A. Borden
  Craig D. Singer
  725 Twelfth Street, NW
  Washington, DC 20005
  Tel: (202) 434-5000

  *Attorneys for Defendants Mayer Brown LLP
  and Edward S. Best*


**COOLEY LLP**


By:   /s/ William J. Schwartz
  William J. Schwartz
  Jonathan P. Bach
  Reed A. Smith
  1114 Avenue of the Americas
  New York, NY 10036-7798
  Tel: (212) 479-6000

  *Attorneys for Defendant Joseph P. Collins*


**CLAYMAN & ROSENBERG**


By:   /s/ Charles E. Clayman
  Charles E. Clayman
  305 Madison Avenue, Suite 1301
  New York, NY 10165
  Tel: (212) 922-1080

*Attorneys for Defendant Paul Koury*

**WINSTON & STRAWN LLP**

By:   /s/ Linda T. Coberly
       Linda T. Coberly
       Bruce R. Braun
       Catherine W. Joyce
       David J. Doyle
       35 W. Wacker Drive
       Chicago, Illinois 60601
       Tel: (312) 558-5600
       Fax: (312) 558-5700

       Luke A. Connelly
       200 Park Avenue
       New York, New York 10166
       Ph: (212) 294-6700
       Fax: (212) 294-4700

       *Attorneys for Defendants*
       *Grant Thornton LLP and Mark Ramler*