**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re REFCO INC. SECURITIES LITIGATION | 07 MDL No. 1902 (JSR) |
| KENNETH M. KRYS, *et al.*,<br><br>     Plaintiffs,<br><br>   -against-<br>CHRISTOPHER SUGRUE, *et al.*,<br><br>     Defendants. | ECF CASE<br><br>08-cv-3065 (JSR)<br>08-cv-3086 (JSR) |
| KENNETH M. KRYS, *et al.*,<br><br>     Plaintiffs,<br><br>   -against-<br>ROBERT AARON, *et al.*,<br><br>     Defendants. | 08 Civ. 7416 (JSR) |
| KENNETH M. KRYS, *et. al.,*<br><br>     Plaintiffs,<br><br>   -against-<br>DEUTSCHE BANK SECURITIES INC., *et. al.* | 10-cv-3594 (JSR) |

ORDER ON SUPP./REBUTTAL REPORTS

This matter having been opened to the Court by application of Plaintiffs' counsel for

leave to serve supplemental/rebuttal expert reports; and the Court having considered responses

served on behalf of the Bank Defendants, Deutsche Bank Securities Inc.,

PricewaterhouseCoopers LLP, the Grant Thornton Defendants, and the Mayer Brown

Defendants, and the Court having conducted telephone conferences with counsel on Wednesday,

August 29, 2012, and Friday, August 31, 2012; and the Court having considered all of the

submissions served on behalf of the parties in connection with this Application; and good cause

appearing;

**IT IS** on this _____ day of September 2012, **ORDERED** as follows:

1.      Plaintiffs' application for leave to serve any supplemental/rebuttal expert reports

        be and it hereby is denied without prejudice for the reasons set forth in the

        transcript of the hearing of August 31, 2012, a copy of which is attached.

2)      After the conclusion of all expert discovery, presently scheduled to end on

        September 30, 2012, Plaintiffs may renew their request by filing an application,

        which shall include but not be limited to, copies of all existing reports and the

        deposition transcripts of these experts together with detailed reasons supporting

        the application for leave to serve any additional reports at that time.


                                                Ronald J. Hedges
                                                Special Master


SO ORDERED

Dated:  September ___, 2012

083112refco-hearing.txt

0001
 1    UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF NEW YORK
 2
 3    - - - - - - - - - - - - - - - - - -x
      In re REFCO, INC. SECURITIES
 4    LITIGATION
 5                    07-MDL-1902
                      (Applies to all cases)
 6
 7    - - - - - - - - - - - - - - - - - -x
 8
 9
10               TELEPHONIC HEARING on Friday,
11    August 31, 2012, commencing at 12:07 p.m., before
12    Jamie I. Moskowitz, a Registered Professional
13    Reporter and Notary Public.
14
15
16
17
18
19
20
21
22
23
24
25
0002
 1    A P P E A R A N C E S:
 2
 3    BROWN RUDNICK
      BY:  MASON C. SIMPSON, ESQUIRE
 4    7 Times Square
      New York, New York  10036
 5    212.209.4800
      msimpson@brownrudnick.com
 6    Counsel for the Lead Plaintiffs
 7
      BEUS GILBERT PLLC
 8    BY:  ROBERT T. MILLS, ESQUIRE
      BY:  LEE M. ANDELIN, ESQUIRE
 9    4800 North Scottsdale Road
      Scottsdale, Arizona 85251-7630
10    480.429.3000
      rmills@beusgilbert.com
11    landelin@beusgilbert.com
      Counsel for Plaintiffs in the Krys Action
12
13    KING & SPALDING
      BY:  JAMES J. CAPRA, ESQUIRE
14    BY:  J. EMMETT MURPHY, ESQUIRE
      1185 Avenue of the Americas
15    New York, New York  10036
      212.5562154
16    jcapra@kslaw.com
      jemurphy@sklaw.com
17    Counsel for Defendants PricewaterhouseCoopers LLP
      and Mari Ferris in the Krys Action
18
19    DLA PIPER LLP (U.S.)
      BY:  B. JOHN PENDLETON, JR., ESQUIRE
                                        Page 1

```
                              083112refco-hearing.txt
20   300 Campus Drive - Suite 100
     Florham Park, New Jersey  07932-1039
21   212.335.4500
     john.pendleton@dlapiper.com
22   Counsel for Defendants Derivatives Portfolio
     Management, LLC, Derivatives Portfolio Management,
23   Ltd. and Guy Castranova
24
25
0003
 1   A P P E A R A N C E S:
 2
     WINSTON & STRAWN LLP
 3   BY:  LUKE A. CONNELLY, ESQUIRE, ESQUIRE
     BY:  CATHERINE W. JOYCE, ESQUIRE
 4   200 Park Avenue
     New York, New York  10166-4193
 5   212.294.6700
     lconnelly@winston.com
 6   cjoyce@winston.com
     Counsel for Defendants Grant Thornton LLP and
 7
 8   WILMER CUTLER PICKERING HALE and DORR LLP
     BY:  ROSS E. FIRSENBAUM, ESQUIRE
 9   BY:  PHILIP D. ANKER, ESQUIRE
     60 State Street
10   Boston, Massachusetts 02109
     617.526.6000
11   ross.firsenbaum@wilmerhale.com
     philip.anker@wilmerhale.com
12   Counsel for the Underwriter Defendants
     Credit Suisse Securities (U.S.A.) LLC, Banc of
13   America Securities LLC and JPMorgan Chase & Company
14
     LINKLATERS LLP
15   BY:  ROBERT BELL, ESQUIRE
     BY:  JAMES R. WARNOT, ESQUIRE
16   1345 Avenue of the Americas
     New York, New York  10105
17   212.903.9000
     robert.bell@linklaters.com
18   james.warnot@linklaters.com
     Counsel for Defendant Deutsche Bank
19
20   WILLIAMS & CONNOLLY LLP
     BY:  CRAIG D. SINGER, ESQUIRE
21   BY:  DANIEL P. SHANAHAN, ESQUIRE
     725 Twelfth Street, N.W.
22   Washington, D.C.  20005
     202.434.5000
23   csinger@wc.com
     dshanahan@wc.com
24   Counsel for the Defendants Mayer Brown LLP and
     Edward Best in the Krys Action
25
0004
 1   A P P E A R A N C E S:
 2
     GIBSON DUNN
 3   BY:  JONATHAN D. FORTNEY, ESQUIRE
     200 Park Avenue
 4   New York, New York  10166-0193
     212.351.4000
                                                    Page 2
```

083112refco-hearing.txt

5 jfortney@gibsondunn.com
Counsel for the Defendants Mark Kavanagh and Brian
6 Owens
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
0005
1               SPECIAL MASTER HEDGES:  Good
2  afternoon.  How is everyone?
3               A SPEAKER:  Good afternoon, Special
4  Master.
5               SPECIAL MASTER HEDGES:  I will take
6  that to mean that everyone is fine and we're
7  ready to go.  Right?
8               A SPEAKER:  That's right.
9               SPECIAL MASTER HEDGES:  So my
10 question, frankly, is this, and let's back up a
11 little because I just want to make sure we have
12 some basic information on the record.
13               How many -- I'm going to call them
14 supplemental, because I don't know if rebuttal
15 is the correct word here, reports may we see
16 from the plaintiffs all together?
17               MR. MILLS:  We were anticipating, I
18 believe, four.  This is Bob Mills, by the way.
19               SPECIAL MASTER HEDGES:  Mr. Mills,
20 tell me the subject matter of the four experts.
21               MR. MILLS:  Well, one would be
22 addressing -- one or two would be addressing, I
23 believe, matters that were raised by Mayer
24 Brown's experts.  Mayer Brown, by itself,
25 disclosed, I believe, five experts in addition
0006
1  to joining in with certain other experts of
2  the -- co-sponsored by certain other experts.
3               And there were some issues in those
4  reports that I think have been explained in the
5  e-mail we sent to you, that we believe in
6  fairness we ought to be able to have an
7  opportunity to address.
8               The other issues to be addressed for
9  our experts are those, I think, that we have
10 laid out in the bullet points in the e-mail
11 addressing, for example, you know, SPhinX's
12 supposed knowledge of the lack of segregation
13 of excess cash at RCM and authorization of the
14 transfers; that's something that we certainly
                                              Page 3

083112refco-hearing.txt

15  did not bring up in our expert reports that the
16  defendants did.
17          SPECIAL MASTER HEDGES:  By the way,
18  let me interrupt you and just for the record
19  ask you whether the bullet points you are
20  referring to are in the Andelin to me e-mail of
21  August 30, 2012 at 1:30 a.m., correct?
22          A SPEAKER:  Yes, yes.
23          SPECIAL MASTER HEDGES:  Okay, you can
24  proceed.
25          MR. MILLS:  Okay.  And I think that a
0007
1   very specific example of why it would be fair
2   to allow us to submit expert reports is in
3   response to -- specifically to a couple of
4   Mayer Brown's experts who, attempt to
5   articulate very specific supposedly legitimate
6   business purposes or round-trip loan
7   transactions.
8           We have taken the position throughout
9   this case that the round-trip loan transactions
10  were illegitimate on their face and fraudulent
11  on their face.
12          We have had up until now nothing but
13  only very vague reference from certain
14  defendants about certain legitimate business --
15  about there being legitimate business purposes
16  for round-trip loan transactions, but we have
17  never heard it articulated in any type of
18  specifics.
19          Now, in response to our expert
20  reports, the defendants have submitted a couple
21  of expert reports that lay out very
22  specifically types of transactions that they
23  claim are legitimate and that would have given
24  Mayer Brown no reason to believe that there was
25  anything wrong with these round-trip loan
0008
1   transactions.
2           I believe that in fairness to the
3   plaintiffs, we ought to be given an opportunity
4   to have an expert evaluate those very detailed
5   purposes set out in those reports in order to
6   determine and opine, number one, whether those
7   purposes are, in fact, legitimate; and number
8   two, whether those purposes are, in fact,
9   anything like the round-trip loans that were,
10  in fact, occurring at REFCO in this case.
11          I think that's a real specific example
12  of why, in fairness, we ought to be able to
13  submit a rebuttal report to those.
14          SPECIAL MASTER HEDGES:  Before we even
15  go into the other ones, and they are in the
16  bullets as you mentioned.
17          MR. MILLS:  Yes, Your Honor.
18          SPECIAL MASTER HEDGES:  If I allow you
19  to do this, where does it end?  Because I know
20  what's going to happen.  As soon as you're
21  done, I'm going to hear from an adversary
22  saying, Judge, this isn't fair, now he's
23  addressing these things and I should be able to
24  respond to them.
25          MR. MILLS:  It is not our intention to
                    Page 4

083112refco-hearing.txt

0009
1    raise anything new in these reports, Your
2    Honor.  It's solely to rebut issues that were
3    raised in the defendants' expert reports.
4         SPECIAL MASTER HEDGES:  Who wants to
5    speak for the defendants first?
6         MR. SINGER:  I will, Your Honor, this
7    is Craig Singer from Mayer Brown.  And let me
8    start by making two points.  The first is, is
9    the one thing I haven't heard about is how in
10   the world this can possibly be done.  Whether
11   there are four supplemental reports, whether
12   are there are six supplemental reports, six
13   bullet points that the plaintiffs put in in
14   their e-mail, or whether there are eight
15   supplemental reports that you -- if you add to
16   those six bullet points the two reports that
17   they pointed to from Mayer Brown's experts,
18   it's just not possible, we have a
19   September 30th deadline.
20        Judge Rakoff has said he is not going
21   to move that deadline.  If you don't move the
22   deadline, there are not enough days left in the
23   calendar to get this done.  So it's simply
24   impossible.  Because all of these experts, both
25   plaintiffs' experts, defendants' experts would
0010
1    have to be deposed after the supplemental
2    reports; and after everybody had a chance to
3    digest what was in there and after the
4    defendants had an opportunity to seek any
5    surrebuttal reports, if necessary, because by
6    definition if the plaintiffs are going to be
7    putting in opinions on issues in which they
8    have the burden of proof that they have not yet
9    put in, the defendants would have an
10   opportunity and a right to respond because it's
11   our party defending the case.
12        SPECIAL MASTER HEDGES:  Counsel, hold
13   on one second.  His position is, and I could be
14   corrected after I hear you out, is that we
15   served our expert reports, we raised issues via
16   our experts, and having done that, the
17   plaintiff says, look, all I'm doing is
18   responding to new arguments they were raised.
19        There's nothing new coming in in these
20   reports that counsel wants me to allow, so, in
21   effect, all I'm doing is leveling the playing
22   field.  Everyone gets to say something once
23   about a position.  Everyone gets to respond to
24   it once, and then that's it; isn't that right?
25
0011
1         MR. SINGER:  That's correct, Your
2    Honor.  It's right if that's what they're
3    saying.  This is Craig Singer speaking again.
4    But it's not right that that is true.
5         Couple things.  They have the burden
6    of proof.  Everything in Mayer Brown's expert
7    report, including especially the stuff about
8    the so called round-trip loans, is in
9    plaintiffs' complaint.  They have alleged, they
10   have based their case on the back-to-back
                                   Page 5

```
                        083112refco-hearing.txt
11   loans.  They put in an expert report from
12   Richard Breeden saying that Mayer Brown knew
13   about the fraud at REFCO because they worked on
14   the back-to-back loans and the back-to-back
15   loans are inherently suspicious.
16            They knew our defense.  whether they
17   knew or not is irrelevant, but they did know
18   that our defense to that proposition is that
19   back-to-back loans are not entirely suspicious.
20   we have said that in our motion papers, the
21   Special Master Capra has said that in his
22   reports and recommendations.  There are cases
23   that we have cited to support that proposition.
24   It is all a response to their complaint as to
25   which they had the burden of proof, and if they
0012
1    wished to put in expert testimony about
2    back-to-back loans over and above what they
3    have already offered, which they have offered
4    in spades, if they wish to put in additional
5    expert testimony on that, they had every
6    opportunity to do that by the deadline for
7    their reports as to which they had the burden
8    of proof.
9             But there is nothing new therefore
10   about our response.  We put in the expert
11   testimony that we believe supports our defense.
12   That's what we have a right to do.  We are not
13   unfairly raising new issues.  We do not have
14   the burden of proof on the case.
15            Judge Rakoff's standard order in the
16   case, in all of his cases, specifically deals
17   with this situation.  It says that he requires
18   all expert testimony by the party bearing the
19   burden of proof by a particular date certain,
20   which is what happened here.  The opponent gets
21   to put in his expert testimony by a date
22   certain, which is what happened here, and no --
23   I'm quoting now, "No expert testimony, whether
24   designated as rebuttal or otherwise, will be
25   permitted by other experts or beyond the scope
0013
1    of the opinions covered by the aforesaid
2    disclosures, except upon prior express
3    permission of the Court, application for which
4    must by made no later than 10 days..."
5    et cetera.
6             So, he's clearly discouraging it, it's
7    clearly the exception, it's very unusual.  They
8    had the burden of proof.
9             And back to the first point, there's
10   just no time to do it.  Even if there were any
11   right to putting in a rebuttal report, it can't
12   happen here because it can't be done within the
13   constraints of the discovery schedule, which
14   the plaintiffs have known about all along; and
15   not withstanding that, the plaintiffs asked for
16   an additional two weeks to put in their opening
17   expert reports, their only expert reports,
18   knowing that that would leave only six weeks
19   for expert discovery after the defense put in
20   their expert report.
21            SPECIAL MASTER HEDGES:  Let me tell
                        Page 6
```

083112refco-hearing.txt
22   you what my problem is.  I understand
23   everything that's being said by all parties.  I
24   don't have the actual expert reports in front
25   of me, and although I have an understanding
0014
1    based on the bullet points in this one e-mail
2    that came in that there was discussion on
3    before, I don't know what the reports say.
4         My inclination is to allow these
5    reports solely for the purpose of me having an
6    opportunity to rule on them with the
7    understanding that no one will be obliged to
8    get any kind of rebuttal report into those; and
9    also with the understanding, quite frankly,
10   that my inclination is not to allow these
11   reports for the simple reason that you
12   mentioned, Counsel, that we have got a date
13   deadline and I don't deem myself competent to
14   change the deadline that Judge Rakoff gave.
15        That procedure is something that would
16   be acceptable to everyone at least now, that I
17   allow them to be served, I have an opportunity
18   to look at them and I strike or disallow
19   whatever I think I should disallow in there.
20        MR. SINGER:  This is Craig Singer.  I
21   would object to that procedure for the simple
22   reason that there's no time to do it.  We have
23   to schedule depositions of the expert
24   immediately.  We have already scheduled many of
25   them but those would have to be rescheduled and
0015
1    everything pushed back.  We have until
2    September 30th to take all of the expert
3    depositions.
4         There's a period of time when they
5    have to draft and put in their rebuttal reports
6    even provisionally so that you can look at them
7    and then accept or reject them.  There won't be
8    time to get the depositions done.  So I would
9    object for that reason.  I would also object --
10        SPECIAL MASTER HEDGES:  Hold on for
11   one second, then I will let you come back and
12   put your other objection on the record.
13        Let's assume that we -- the schedule
14   as it is now, everything is completed by
15   September 30th, I don't allow these rebuttal
16   reports, or whatever you want to call them, to
17   come in at this point.
18        What do I do?  Limit the plaintiff on
19   cross-examination of your witnesses; or allow
20   everything to be examined in the reports and
21   use that as a basis to decide whether I should
22   be going to Judge Rakoff and asking for the
23   parties to have more time to deal with this
24   other round of experts' preps?
25        MR. SINGER:  Craig Singer, again.
0016
1    There is no -- the depositions are going to
2    happen.  It has to be on the basis of all of
3    the opinions that have come in the case, and
4    so there's no reason to limit experts'
5    depositions on the basis of potential rebuttal
6    reports.
                          Page 7

```
                    083112refco-hearing.txt
 7                 I mean, if there aren't going to be
 8       rebuttal reports, the expert depositions can go
 9       forward and the experts can be deposed on every
10       issue in their reports.  We know what they all
11       are.
12                 If there are going to be rebuttal
13       reports, then they can't be deposed until those
14       rebuttal reports are submitted and we know
15       what's going to be in them, and we know whether
16       they are going to be in to evidence or not.  So
17       that's the logistical impossibility here, it
18       just can't be done.
19                 My other objection, just for the
20       record, is there is absolutely no basis for
21       rebuttal reports.  They have cited no authority
22       for it, it is not permissible and so I would
23       object to any procedure that would move that
24       process forward in any way.
25                 SPECIAL MASTER HEDGES:  Mr. Pendleton,
0017
 1       do you have any position on this?
 2                 MR. PENDLETON:  My only position is
 3       the extent to which the -- the defendants'
 4       reports are in the Cribs versus Segrue matter.
 5       You will recall that we had a separate matter
 6       that will go back to the District of New Jersey
 7       and be tried there, and my concern is that
 8       there should not be any expert rebuttal report
 9       in that action as a result of the defense
10       expert reports in the Segrue case, which are
11       not admissible and not expert opinions in our
12       case.  So that's my only concern.
13                 SPECIAL MASTER HEDGES:  Anyone else
14       have any other comment?
15                 MR. SINGER:  Judge, I think what
16       Mr. Pendleton said just reinforces the
17       impossibility of the situation.  We now are
18       going to have rebuttal reports in this case,
19       then there will be a lot of back and forth as
20       to whether there are rebuttal reports in the
21       other SPhinX case, and we don't know what the
22       procedure is going to be in terms of
23       coordination or consolidation and so on.  So it
24       just adds yet another level of complexity.
25                 And just to say one more time, there
0018
 1       is no unfairness here to plaintiffs from
 2       anything that has been put in by the
 3       defendants.  Everything comes straight out of
 4       their complaint.  It comes straight out of the
 5       deposition testimony.  Mr. Collins testified
 6       about back-to-back loans.  They were put on
 7       notice of that for years; they knew this was
 8       coming.
 9                 In terms of the issue that Mr. Mills
10       raised about SPhinX's knowledge, or the lack of
11       segregation and the authorization of the
12       transfers, these have been intensively explored
13       in discovery this year.  They knew this was
14       coming.
15                 So it's outrageous to say now they
16       were somehow surprised by these opinions coming
17       in from the defendants.  The case has proceeded
                              Page 8
```

083112refco-hearing.txt
18    exactly the way it was supposed to:  Expert
19    reports by the party having the burden of
20    proof, plaintiffs on these cases, and then the
21    defense expert reports, and that's it.  And now
22    we need to finish up discovery by the deadline
23    that we have and we need to move this case
24    forward.
25              MR. MILLS:  This is Bob Mills, again,
0019
1     and I don't have it in front of me, but I am
2     pretty sure that we did not plead in our
3     complaint that there were legitimate business
4     purposes for the round-trip loans.  This is, as
5     Mr. Singer indicated, this is a defense that
6     was raised by the defendants, and they never
7     really -- they have never articulated in any
8     detail until we got these expert reports.
9              And I believe it really is fair to
10    allow us to have an opportunity to evaluate
11    what their experts said and comment on that.
12              MR. SINGER:  Your Honor, Craig Singer,
13    again.  Just to respond to that, it's entirely
14    incorrect.  We have made detailed arguments in
15    our motion papers about the legitimacy of
16    back-to-back loans years ago, which are cited
17    in the e-mail that I sent to Your Honor on
18    behalf of the defendants this morning.
19              And the complaint, of course, does not
20    read that the back-to-back loans were
21    legitimate or else we wouldn't have a case.
22    The back-to-back loans were illegitimate.
23              Our defense is that there are
24    legitimate purposes for back-to-back loans.
25    That is what we said in our motion papers, that
0020
1     is what Mr. Collins testified to.  And that is
2     what experts are supposed to do, is to amplify
3     that defense with -- that's what's contemplated
4     all along, that's what every expert witness in
5     this case has done.  So I just don't see the
6     issue.
7              SPECIAL MASTER HEDGES:  Here is where
8     we will go from now, and this is a tentative
9     ruling.  As of this date and based on the
10    submissions I have seen by e-mail as well as
11    argument today, I am not going to allow
12    rebuttal or reply reports, however these are
13    denominated or identified.
14              That being said, you will complete the
15    disclosure and service of all the expert
16    reports that have been contemplated.  For this
17    application arose for leave to serve another
18    round of reports, you will take the
19    depositions, complete the depositions by
20    September 30th, and after I have had an
21    opportunity to see all the expert reports that
22    are due as of now, as well as the deposition
23    transcripts, and at the depositions obviously
24    plaintiffs may inquire into what they allege to
25    be new theories or whatever offered by defense
0021
1     experts, you may come back to me on a renewed
2     application for a leave to serve these rebuttal
                              Page 9

083112refco-hearing.txt

3      reports.
4              Mr. Pendleton, you can prepare a form
5      of order for me, please.
6              MR. PENDLETON:  I will do that and
7      send it out this afternoon, Your Honor.
8              SPECIAL MASTER HEDGES:  Please.  And
9      make sure this reflects that this is a ruling
10     without prejudice to a further application
11     after completion of the current, or whatever
12     language you want to use in the order, expert
13     process.  Anything else, Counsel?
14             A SPEAKER:  Nothing further.
15             SPECIAL MASTER HEDGES:  All right,
16     thank you.  Get me a form of order.
17             I'd like to have the transcript,
18     please.  Mr. Pendleton, will you make
19     arrangements to have the transcript attached to
20     the order?
21             MR. PENDLETON:  Yes.
22             SPECIAL MASTER HEDGES:  And let's just
23     put in the order that for the reasons described
24     in the attached, all right?
25             MR. PENDLETON:  Okay.
0022
1              SPECIAL MASTER HEDGES:  Okay, Counsel,
2      thank you.  Keep yourself busy with the expert
3      reports as you have them now.  Send the expert
4      depositions as you have these now.  You don't
5      have a trial date, correct?
6              MR. MILLS:  No, that's right.
7              SPECIAL MASTER HEDGES:  I assume,
8      Counsel, we will have plenty of time, probably
9      two weeks to revisit this and you get more
10     reports in if you need to.
11             And by the way, where is -- who am I
12     missing today?  Who sent an e-mail to me
13     yesterday?  I sent a response, too, but I don't
14     recall what it was.  Well, never mind, it
15     doesn't matter.
16             Get me the order, Mr. Pendleton,
17     circulate it to consent as to form only,
18     please.
19             MR. PENDLETON:  Yes, will do.
20             SPECIAL MASTER HEDGES:  And we will go
21     from there.  All right, thank you, everyone.
22     Have a good Labor Day.
23             MR. SINGER:  Thank you.
24             MR. PENDLETON:  Thank you.
25             MR. MILLS:  Thank you.
0023
1          (Whereupon, the hearing concluded at
2      12:29 p.m.)
3
4
5
6
7
8
9
10
11
12
13