UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :

In re REFCO, INC. SECURITIES LITIGATION  :  07 MDL 1902 (JSR)
                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                             :

This document relates to:

MARC S. KIRSCHNER,  :  07 Civ. 8165 (JSR)
As Trustee of the Refco Private Actions Trust

Plaintiff,

              -v-

PHILLIP R. BENNETT, SANTO C. MAGGIO,
ROBERT C. TROSTEN, MAYER BROWN,
LLP, MAYER BROWN INTERNATIONAL
LLP, and GRANT THORNTON LLP,

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE REGARDING CARLOS SEVILLEJA GARCIA

### (FILED UNDER SEAL)

                      WINSTON & STRAWN LLP
                      200 Park Avenue
                      New York, New York 10166
                      (212) 294-6700

                      35 West Wacker Drive
                      Chicago, Illinois 60601
                      (312) 558-5600

                      *Attorneys for Defendant Grant Thornton LLP*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT .....................................................................................................................................1

CONCLUSION ..................................................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Daniels v. Loizzo*,
　986 F. Supp. 245, 250 (S.D.N.Y. 1997).................................................................................3

*Harris v. Clark*,
　2009 WL 2408724, at *1 (E.D. Wis. July 31, 2009) ..............................................................4

*Jean-Laurent v. Hennessy*,
　840 F. Supp. 2d 529, 544 (E.D.N.Y. 2011) .........................................................................3, 4

*Jennings v. Thompson*,
　792 F. Supp. 2d 7, 14 (D.D.C. 2011) .....................................................................................3

*JP Morgan Chase Bank v. Winnick*,
　406 F. Supp. 2d 247, 252, 256 (S.D.N.Y. 2005)....................................................................5

*Mazzo v. Ibrahim*,
　2011 WL 6003913 (S.D.N.Y. Dec. 1, 2011) .........................................................................6

*Sanders v. Ritz-Carlton Hotel Co., LLC*,
　2008 WL 4155635, at *5 (S.D.N.Y. Sept. 9, 2008)........................................................2, 4, 5

*Sango v. City of New York*,
　1989 WL 86995, at *17 (E.D.N.Y. July 25, 1989) ................................................................7

*United States v. Cobb*,
　588 F.2d 607, 612-13 (8th Cir. 1978) ....................................................................................7

*United States v. Haslip*,
　160 F.3d 649, 654 (10th Cir. 1998) .......................................................................................6

*United States v. Hayes*,
　553 F.2d 824, 827 (2d Cir. 1977)...........................................................................................2

*United States v. Murray*,
　751 F.2d 1528, 1533 (9th Cir. 1985) .....................................................................................3

*United States v. Payton*,
　159 F.3d 49, 57 (2d Cir. 1998)...............................................................................................3

*United States v. Pettiford*,
　238 F.R.D. 33, 37 (D.D.C. 2006)...........................................................................................2

*United States v. Spero*,
  625 F.2d 779, 780-81 (8th Cir. 1980) ...................................................................................2

*United States v. Valencia*,
  61 F.3d 616, 619 (8th Cir. 1995) .........................................................................................7

*United States v. Whitley*,
  2005 WL 2105535, at *2 (S.D.N.Y. Aug. 31, 2005) ............................................................7

*Zinman v. Black & Decker, Inc.*,
  983 F.2d 431, 434-35 (2d Cir. 1993) ................................................................................3, 5

**OTHER AUTHORITIES**

Federal Rule of Evidence 401 ..............................................................................................4

Federal Rule of Evidence 402 ...........................................................................................1, 4

Federal Rule of Evidence 403 ...........................................................................................1, 3

Federal Rule of Evidence 404 ..............................................................................................6

Federal Rule of Evidence 404(a)(3) ......................................................................................6

Federal Rule of Evidence 404(b) ......................................................................................1, 6

Federal Rule of Evidence 609 ....................................................................................1, 2, 6, 7

Federal Rule of Evidence 609(a)(2) ..................................................................................2, 3

Federal Rule of Evidence 609(b) ..................................................................................2, 4, 7

**PRELIMINARY STATEMENT**

On its exhibit list for trial, Grant Thornton has reserved the ability to present impeachment evidence relating to the credibility of one of Kirschner's star witnesses—FX customer Carlos Sevilleja Garcia.  Sevilleja is one of only four customer witnesses whom Kirschner plans to present in person at trial, and his testimony is essential to two of the three largest customer claims in Kirschner's case.  As the evidence shows, however, Sevilleja was convicted some years ago of deliberately lying to law enforcement officials—a crime that bears directly on his credibility as a witness at trial.

The motion to exclude this evidence wanders from one inapplicable rule to the other. Kirschner disputes the relevance of this evidence under Rule 402, despite the fact that impeachment evidence is *always* relevant.  He complains that this evidence is barred as "other acts" evidence under Rule 404(b), despite that rule's clear exception for impeachment evidence as it relates to witnesses at trial.  He invokes a prejudice analysis under Rule 403, despite the fact that there is no need for a separate Rule 403 analysis once a conviction is deemed admissible for impeachment.  And, he refuses to acknowledge the unique probative value of a conviction that involves a dishonest act or false statement.

As discussed below, Sevilleja's conviction should be admitted as impeachment evidence under Rule 609.  The importance of Sevilleja's credibility is already clear, so this Court can and should deny Kirschner's motion outright.  But if there is any doubt about the role Sevilleja and his credibility will play at trial, the Court should, at a minimum, defer the issue to the appropriate time at trial, when it can be resolved based upon all the facts and circumstances.

**ARGUMENT**

The admission of criminal convictions for impeachment purposes is governed by Federal Rule of Evidence 609.  Rule 609 applies regardless of where the conviction was rendered,

1

whether in a federal, state, or foreign forum, and regardless of whether it was based on a jury verdict, judicial decision, or guilty plea. *See United States v. Pettiford*, 238 F.R.D. 33, 37 (D.D.C. 2006).

The structure of Rule 609 reflects the particular impeachment value of criminal convictions involving dishonesty. Rule 609(a)(2) provides:

> [F]or any crime regardless of the punishment, the evidence [of a criminal conviction] *must* be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement.

(Emphasis added). Evidence of convictions that fall under Rule 609(a)(2) is admitted as a matter of course, "with the trial court having no discretion" to exclude such evidence, "regardless of the seriousness of the offense or its prejudice to the defendant." *United States v. Hayes,* 553 F.2d 824, 827 (2d Cir. 1977).

Although this rule is modified somewhat for older convictions, *any* conviction—no matter how old—may nevertheless be admitted if it is sufficiently probative of the witness's credibility. "[I]f more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later," admission of the conviction remains proper provided that the adverse party had the opportunity to challenge the evidence in advance and the probative value of the conviction, "supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b). The age of the conviction itself is not dispositive; "[c]ourts have admitted old convictions into evidence when the conviction is in the nature of *crimen falsi* and the credibility of the witness is of great import to the issues of the case." *Sanders v. Ritz-Carlton Hotel Co., LLC*, 2008 WL 4155635, at *5 (S.D.N.Y. Sept. 9, 2008) (admitting tax fraud conviction 19 years after release from prison); *see also United States v. Spero*, 625 F.2d 779, 780-81 (8th Cir. 1980) (affirming admission of grand theft conviction 22

years later); *United States v. Murray*, 751 F.2d 1528, 1533 (9th Cir. 1985) (affirming admission of receiving stolen property conviction 18 years later). Such convictions are admissible for impeachment as long as the probative value substantially outweighs any prejudice, taking into account "the impeachment value of the prior crime, . . . the remoteness of the prior conviction, [and] . . . the importance of the credibility of the witness." *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 544 (E.D.N.Y. 2011) (quoting *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997)).[1] This balancing takes the place of any prejudice analysis under Rule 403.

Sevilleja's conviction is plainly the type with the greatest impeachment value. He was convicted in 1989 in Zurich, Switzerland of submitting a false report to the police. Sevilleja Dep. at 194:3-14, 195:12-14, 196:14-23 (June 14, 2011) (excerpts attached as Ex. I to Decl. of Catherine W. Joyce). This is obviously a crime involving "a dishonest act or false statement." Fed. R. Evid. 609(a)(2); *see, e.g.*, *United States v. Payton*, 159 F.3d 49, 57 (2d Cir. 1998) ("[Defendant's] conviction for making a sworn false statement to a government official is obviously a crime of dishonesty and false statement by virtue of its title alone."). And given that the underlying crime involved lying to a government official, the conviction's impeachment value remains very high, despite its age. As courts have recognized, "making a false statement to a government agency is a crime akin to perjury, and . . . therefore b[ears] heavily on [a witness's] credibility." *Zinman v. Black & Decker, Inc.*, 983 F.2d 431, 434-35 (2d Cir. 1993);

---

[1] Where the witness to be impeached is also the defendant, courts also consider "the similarity between the past crime and the conduct at issue." *Jean-Laurent*, 840 F. Supp. 2d at 544. This is necessary to protect against the danger that the jury will misuse the prior conviction as evidence of the defendant's propensity to commit a particular kind of crime. *Jennings v. Thompson*, 792 F. Supp. 2d 7, 14 (D.D.C. 2011). Because Sevilleja is not a defendant, "this factor is not particularly apposite here." *Id.* And even if the Court were to consider this factor, it weighs in favor of admission, since "[t]he less similar the pending case to the prior conviction, the less prejudicial its admission is." *Jean-Laurent*, 840 F. Supp. 2d at 544 (citation and internal quotation marks omitted).

*see also Sanders*, 2008 WL 4155635, at *4-5 (holding that under Rule 609(b), "impeachment value" of plaintiff's convictions for "making false and fraudulent statements to the government" was "high").

Kirschner complains that the conviction "does not involve Mr. Sevilleja's credibility as a currency trader" (Mem. at 4), but that is entirely beside the point.  Sevilleja's credibility as a currency trader—whatever that means—will not be at issue in this trial.  What is certainly at issue is Sevilleja's credibility as a ***trial witness***, which is "always relevant."  *Harris v. Clark*, 2009 WL 2408724, at *1 (E.D. Wis. July 31, 2009) ("Evidence concerning a witness's character for truthfulness is always relevant . . . .").  That is precisely why impeachment evidence falls under its own rule, rather than requiring an independent showing of relevance under Rules 401 and 402.  *See* Mem. at 2 (attempting to seek exclusion of the conviction under these rules).

Under the facts of this case, there can be no doubt about "the importance of the credibility" of Sevilleja as a trial witness.  *Jean-Laurent*, 840 F. Supp 2d at 544.  Sevilleja is one of only four customer witnesses who are scheduled to appear before the jury at trial.  More importantly, he is the ***only*** witness who can speak with respect to the claims of Cosmorex Ltd. ("Cosmorex") and Creative Finance Ltd. ("Creative Finance").  This is hardly a "small part of the Trustee's case," as Kirschner's brief suggests.  Mem. at 4.  Cosmorex and Creative Finance hold two of the three largest claims out of the 48 claims Kirschner is asserting, and by Kirschner's own calculations, they account for about one third of the total amount at issue—all of which consists of Sevilleja's own personal alleged losses.  Sevilleja is the sole owner and director of these companies, and they exist solely to carry out his own personal FX trading.  *See* Joyce Decl. Ex. I at 17:15-18:7, 24:12-25:7.  Other than an administrative assistant, he is their only employee.  *Id*. at 15:18-16:9, 17:15-17, 24:20-24.  There is little documentary evidence for

4

Grant Thornton to use with respect to these customers, given that Sevilleja deletes almost all of his emails within days of receiving them and has never implemented any kind of document retention policy. *Id*. at 58:24-59:14, 76:14-24. No one else has any basis to say why these particular customers chose RCM as their FX broker and how—if at all—those choices were influenced by Grant Thornton's unqualified audit opinions on RCM (or the absence of a qualification). Where, as here, information is uniquely within a plaintiff's personal knowledge, his character for truthfulness is extremely important to the case. *See Zinman*, 983 F.2d at 434 (affirming admission of convictions where witness's testimony was crucial to several matters uniquely within his personal knowledge); *see also Sanders*, 2008 WL 4155635, at *5 (admitting convictions where plaintiff's truthfulness regarding his own actions was "central to the case").

Kirschner cannot minimize the importance of Sevilleja's testimony by implying that it will be limited to whether Sevilleja would have deposited funds at RCM had he known RCM had financial problems. Mem. at 4. As a matter of law, Kirschner must prove far more than this, and it is reasonable to assume that Sevilleja will address more than this in his testimony. Among other things, Kirschner must prove that Grant Thornton aided and abetted RCM's fraud against the customers—in other words, that the injury "on which the primary liability is predicated" was "proximately caused" by some action taken by Grant Thornton. *See JP Morgan Chase Bank v. Winnick*, 406 F. Supp. 2d 247, 252, 256 (S.D.N.Y. 2005). In that regard, Kirschner presumably intends to ask Sevilleja whether he knew about and drew any inferences about Grant Thornton's role at RCM. *See* Joyce Decl. Ex. I at 97:23-98:11, 220:10-221:9 (Sevilleja testified at deposition that he took comfort merely in the fact that the account confirmations sent by RCM reflected that Grant Thornton was RCM's auditor). Sevilleja's credibility on these issues—

5

including whether any action by Grant Thornton played a role in his investment decisions—will unquestionably be important at trial.

Kirschner's Rule 609 analysis depends largely on single case that is entirely inapposite. *See* Mem. at 3 (discussing *Mazzo v. Ibrahim*, 2011 WL 6003913 (S.D.N.Y. Dec. 1, 2011)). *Mazzo* concerned the admissibility of a nearly 30-year-old conviction relating to an expert witness. *See* 2011 WL 6003913, at *3. In excluding the conviction, the court specifically relied on the fact that the witness's own conduct or claims were not at issue, that the conviction was not probative of the credibility of the medical expert testimony he intended to give, and that his testimony on the standard of care was not central to the case. *Id.* The issues here could not be more different; Sevilleja is a fact witness, testifying on his own behalf, with a conviction that undeniably undermines his credibility as a witness in a legal proceeding. He will provide testimony that uniquely falls within his own personal knowledge and that is critical to the merits of his own corporations' claims. *Mazzo* provides no support for excluding a conviction under these circumstances.

Nor can Kirschner avoid the clear impeachment value of the Sevilleja conviction by characterizing it as improper "other acts" evidence under Rule 404(b). *See* Mem. at 2-3. Rule 404 and Rule 609 provide independent grounds for admission; indeed, Rule 404 specifically carves out an exception for character evidence when it relates to a witness at trial. *See* Fed. R. Evid. 404(a)(3) (creating exception and referring to Rule 609); *United States v. Haslip*, 160 F.3d 649, 654 (10th Cir. 1998) (consideration of Rule 609 is "independent" of ruling under Rule 404(b)). As one court has stated, "[I]t is critical to note that evidence offered under the respective rules [404 and 609] is probative as to different matters. The probative character of evidence under Rule 609 has to do with credibility of a witness, while 404(b) 'probativeness'

6

essentially goes to the question of whether or not the accused committed the crime charged." *United States v. Valencia*, 61 F.3d 616, 619 (8th Cir. 1995). Grant Thornton's reliance on Rule 609 is not a "side-step," as Kirschner contends (Mem. at 3); it is an independent basis for admitting the evidence.

The admissibility of this evidence is clear even now and warrants denial of Kirschner's motion. But to the extent the Court has any question about the importance of Sevilleja's testimony and credibility, Grant Thornton asks at a minimum that the admissibility of his conviction be deferred until trial. Given that the balancing test required by Rule 609(b) depends upon the nature of the witness's testimony and its importance to the case, courts often wait until trial to rule on the admissibility of impeachment evidence. *See United States v. Whitley*, 2005 WL 2105535, at *2 (S.D.N.Y. Aug. 31, 2005). Indeed, one court has suggested that Rule 609(b) rulings should always be reserved for trial, because the rule "clearly contemplates that any final ruling on . . . admissibility . . . should rest upon 'specific facts and circumstances' developed in the course of the trial which bear on the probative value or prejudicial effect of the conviction in question." *United States v. Cobb*, 588 F.2d 607, 612-13 (8th Cir. 1978). There is "no pressing need to make a determination in advance of the trial." *Sango v. City of New York*, 1989 WL 86995, at *17 (E.D.N.Y. July 25, 1989).

## CONCLUSION

For all these reasons, Kirschner's motion to exclude Sevilleja's criminal conviction should be denied outright or, at a minimum, deferred until the appropriate time at trial.

7

Dated: August 17, 2012
      New York, New York

*Of Counsel:*

Kenneth Cunningham
Tracy W. Berry
GRANT THORNTON LLP
175 West Jackson, 20th Floor
Chicago, Illinois 60604
Ph: 312-856-0001
Fax: 312-565-3473

Respectfully submitted,

WINSTON & STRAWN LLP

*/s/ Linda T. Coberly*

Bruce R. Braun (bbraun@winston.com)
Catherine W. Joyce (cjoyce@winston.com)
Linda T. Coberly (lcoberly@winston.com)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
Ph: 312-558-5600
Fax: 312-558-5700

Luke Connelly
(lconnelly@winston.com)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Ph: 212-294-6700
Fax: 212-294-4700

*Attorneys for Grant Thornton LLP*

8