UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE REFCO INC. SECURITIES LITIGATION | CASE NO. 07-MD-1902 (JSR) |

This document relates to:

| | |
|---|---|
| KENNETH M. KRYS, *ET AL.*, <br><br> Plaintiffs, <br><br> -against- <br><br> CHRISTOPHER SUGRUE, *ET AL.*, <br><br> Defendants. | CASE NO. 08-CV-3065 (JSR) <br><br> CASE NO. 08-CV-3086 (JSR) |

| | |
|---|---|
| KENNETH M. KRYS, *ET AL.*, <br><br> Plaintiffs, <br><br> -against- <br><br> DEUTSCHE BANK SECURITIES INC., *ET AL.*, <br><br> Defendants. | CASE NO. 10-cv-3594 (JSR) |

**REPLY IN SUPPORT OF THE UNDERSIGNED DEFENDANTS' MOTION TO DISMISS OR FOR OTHER SANCTIONS FOR SPOLIATION OF EVIDENCE**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

I.    Each Prerequisite For Severe Sanctions Is Met .............................................................. 2

    A.    Mr. Rose's Handwritten Notes Were Spoliated At A Time When PlusFunds And SPhinX Had A Duty To Preserve Them ........................................ 3

    B.    The Spoliation Of Mr. Rose's Notes Was Willful ..................................................... 5

    C.    The Spoliated Notes Would Have Been Favorable To The Defense ...................... 6

II.    Dismissal Or, Alternatively, Another Severe Sanction Is Warranted ................................. 8

CONCLUSION ........................................................................................................................ 10

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Arista Records LLC v. Usenet.com, Inc.*, 608 F. Supp. 2d 409 (S.D.N.Y. 2009) ......................9, 10

*Byrnie v. Town of Cromwell, Board of Education*, 243 F.3d 93 (2d Cir. 2001) ..............................3

*Chin v. Port Authority of New York & New Jersey*, 685 F.3d 135 (2d Cir. 2012) .......................8, 9

*E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 803 F. Supp. 2d 469 (E.D. Va. 2011)..................................................................................................................................3

*Fujitsu Ltd. v. Federal Express Corp.*, 247 F.3d 423 (2d Cir. 2001) ...............................................8

*Goodman v. Praxair Services, Inc.*, 632 F. Supp. 2d 494 (D. Md. 2009) .......................................8

*In re National Century Financial Enterprises, Inc.*, No, 2:03-md-1565, 2009 WL 2169174 (S.D. Ohio July 16, 2009)..............................................................................................8

*Kronisch v. United States*, 150 F.3d 112 (2d Cir. 1998) .................................................................6

*Miller v. Time-Warner Communications, Inc.*, No. 97 Civ. 7286(JSM), 1999 WL 739528 (S.D.N.Y. Sept. 22, 1999)............................................................................................9

*MOSAID Technologies Inc. v. Samsung Electronics Co.*, 224 F.R.D. 595 (D.N.J. 2004)............10

*MOSAID Technologies Inc. v. Samsung Electronics Co.*, 348 F. Supp. 2d 332 (D.N.J. 2004)..................................................................................................................................10

*Pension Committee of the University of Montreal Pension Plan v. Banc of America Securities, LLC*, 685 F. Supp. 2d 456 (S.D.N.Y. 2010) .............................................................9

*Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99 (2d Cir. 2002) .............3, 6

*Rotella v. Wood*, 528 U.S. 549 (2000)............................................................................................6

*Sachs v. Cantwell*, No. 10 Civ. 1663 (JPO), 2012 WL 3822220 (S.D.N.Y. Sept. 4, 2012)............3

*Silvestri v. General Motors Corp.*, 271 F.3d 583 (4th Cir. 2001) ...................................................9

*Valentine v. Museum of Modern Art*, 29 F.3d 47 (2d Cir. 1994)......................................................9

*Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497 (D. Md. 2010) ....................................3

*West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776 (2d Cir. 1999) ..............................................9

*Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422 (S.D.N.Y. 2004) ("*Zubulake V*").............5, 6, 10

**STATE CASES**

*915 Broadway Associates LLC v. Paul, Hastings, Janofsky & Walker, LLP*,
  No. 403114/08, 2012 WL 593075 (N.Y. Sup. Ct. Feb. 16, 2012)..............................6

*Sage Realty Corp. v. Proskauer Rose*, 713 N.Y.S.2d 155 (N.Y. App. Div. 2000) .........................6

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 26(b)(1)......................................................................3, 4

This is a straightforward, blatant case of spoliation of evidence.  Faced with that reality, Plaintiffs seek to obfuscate the record by imagining that Mr. Rose's testimony is ambiguous – or by simply mischaracterizing it.  Mr. Rose's testimony is as clear as it is damning:

- During his entire employment at PlusFunds, Mr. Rose would "continuously write notes in . . . binders."  After filling a binder with several weeks' notes, he "threw them out."  Mem. Ex. 1, at 829:18–19; 830:6–11.[1]

- After the collapse of Refco and the implementation of a litigation hold, Mr. Rose continued discarding his notes:  Mr. Rose was asked, "Even after the events at Refco unfolded and there was impending litigation, you would have thrown out notes?"  His answer:  "Yes, yeah."  *Id.* at 831:3–7.

- Mr. Rose's notes were not just trivial to-do lists; he took notes "of meetings" he attended:  Mr. Rose was asked, "Well, would you take notes, for example, of meetings that you participated in?"  His answer:  "Yes, yes."  *Id.* at 831:20–23.

- The notes also included "important" matters arising in phone calls:  Mr. Rose was asked, "And you'd take notes of telephone calls if you thought that there was something important said on the telephone call?"  His answer:  "Well, telephonic meetings, yes."  *Id.* at 831:24–832:4.

- The notes that were destroyed covered key events after Refco's collapse – "the time period after October 10, 2005 until the day that [Mr. Rose] left PlusFunds."  When asked whether he created such notes, Mr. Rose answered, "Yeah."  *Id.* at 832:5–10.  And when asked, "And what has become of those notes?" he answered candidly, "They were either thrown out or produced by me or in some storage somewhere at PlusFunds, I don't know."  *Id.* at 832:11–18.

This testimony is crystal clear, and it is <u>unrebutted</u>.  Plaintiffs' counsel did not question Mr. Rose to seek to elicit any different or additional testimony.  Plaintiffs' counsel did not object to defense counsel's questions, as they were obligated to do if they believed the questions were ambiguous (they were not).  Tellingly, Plaintiffs have not submitted any affidavit from Mr. Rose in connection with this motion, even though Mr. Rose has worked closely with Plaintiffs

---

[1]  All references to numbered exhibits are references to the exhibits attached to the Moving Defendants' Memorandum in Support of the Motion.  *See* MDL Doc. No. 1625 ("Mem.").  Attached hereto, as Exhibit A, is a copy of the transcript of the preliminary hearing regarding this matter that took place on August 29, 2012.

1

throughout this litigation and Plaintiffs are paying Mr. Rose's legal fees. And no handwritten notes by Mr. Rose were produced in this case. In fact, when Plaintiffs' counsel were contacted regarding this issue, they responded that they had "not seen any such notes" and never disputed that the notes had been destroyed. Mem. Ex. 4 (July 11, 2012 letter).

It is equally clear, and entirely undisputed, that PlusFunds did not even send a litigation hold to its personnel, including Mr. Rose, until a month and a half after Refco's collapse, Mem. Ex. 2, long after Mr. Rose and others had actual knowledge of the litigation risk. <u>Mr. Rose continued to destroy his notes both before and long after he received that litigation hold</u> – until he departed PlusFunds in July 2006. *See* Mem. Ex. 1, at 832:5–23.

The Court should grant Defendants' motion to dismiss or for other sanctions. PlusFunds, through its Chief Operating Officer, destroyed binders full of handwritten notes taken during critical moments in this case. Mr. Rose is not only one of the central figures in the case; he is also a witness with pronounced credibility problems – making his contemporaneous notes particularly important. The destruction of his contemporaneous notes has greatly prejudiced Defendants' ability to defend the case. Severe sanctions are needed to remedy that prejudice, to prevent Plaintiffs' wrongdoing from being rewarded,[2] to deter future spoliation, and to maintain the integrity of the judicial process.

**I.      Each Prerequisite For Severe Sanctions Is Met.**

The elements of spoliation are well established: To find spoliation of evidence, the court need only "be satisfied that the party alleged to have spoliated evidence had a 'duty to preserve'

---

[2]      Plaintiffs argue in a footnote that they are not responsible for any spoliation that occurred prior to their appointment as Joint Official Liquidators and trustee for the estates of SPhinX and PlusFunds, respectively. *See* MDL Doc. No. 1664 ("Opp."), at 19 n.11. As explained in Defendants' opening brief, that assertion is incorrect as a matter of law. Plaintiffs stand in the shoes of PlusFunds and SPhinX and therefore bear responsibility for the wrongful conduct of their agents. *See* Mem. at 10–11.

relevant evidence, which the party then 'breach[ed] . . . through the destruction or alteration of the evidence.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 803 F. Supp. 2d 469, 496 (E.D. Va. 2011) (quoting *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 521 (D. Md. 2010)). Whether the evidence would have been relevant for this purpose is governed by the liberal standard of Federal Rule of Civil Procedure 26(b)(1), under which any evidence that is "reasonably calculated to lead to the discovery of admissible evidence" is discoverable.[3] A court in this Circuit may impose "more severe sanctions" (dismissal, preclusion of evidence, or an adverse inference jury instruction), upon a showing that: (1) the party with control over the relevant evidence had an obligation to preserve the evidence when it was destroyed; (2) the evidence was destroyed with a culpable state of mind; and (3) the evidence, had it not been destroyed, likely would have supported the movant's claim or defense. *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002) (citing *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 107–12 (2d Cir. 2001)); *see also Sachs v. Cantwell*, No. 10 Civ. 1663 (JPO), 2012 WL 3822220, at *7 (S.D.N.Y. Sept. 4, 2012). Plaintiffs strain to dispute each of these elements, but there is no serious question that they are satisfied.

  A. **Mr. Rose's Handwritten Notes Were Spoliated At A Time When PlusFunds And SPhinX Had A Duty To Preserve Them.**

PlusFunds' and SPhinX's duty to preserve evidence for reasonably foreseeable litigation attached immediately upon the announcement of Refco's financial troubles on October 10, 2005. Even Plaintiffs do not seriously contend that the relevant trigger date falls any later than October 17, which was the date Refco filed for bankruptcy. *See* Opp. at 5. To the contrary, Plaintiffs' counsel agreed with the Special Master that "the latest date of the trigger would be the date of the

---

[3] In arguing for a heightened relevance standard, Opp. at 9, Plaintiffs confuse the standard for spoliation and the separate standard, discussed below, for "more severe sanctions" for spoliation.

3

bankruptcy filing." Ex. A, at 8:5–12. Here, in the immediate aftermath of Refco's announcement on October 10, PlusFunds was on notice of litigation with Refco. Within days, its officers took steps that provoked a preference action by the Refco estate – a preference action that PlusFunds and its counsel <u>actually did</u> foresee by October 14. *See* Mem. at 12–13. On November 30, PlusFunds' General Counsel sent a litigation hold to all personnel requiring preservation of "all documents relating to REFCO," including "any hard copy . . . documents relating to REFCO," Mem. Ex. 2; and there is no dispute that Mr. Rose received it. Mr. Rose destroyed binders full of his notes both before and after receiving the litigation hold.

Plaintiffs primarily contest whether the notes Mr. Rose discarded after the trigger date contained relevant evidence. *See* Opp. at 3–6. But Mr. Rose's testimony is proof positive that they did. The standard for "relevance" in this context is discoverability under Rule 26(a)(1) – not a high bar. Plaintiffs struggle to parse Mr. Rose's testimony to offer alternative impressions of what Mr. Rose might have "fairly" meant. For example, focusing on one (nonresponsive) statement offered by Mr. Rose, Plaintiffs assert that his notes were actually nothing more than "to-do lists." *Id.* at 3. That mischaracterizes not only the passage, but Mr. Rose's testimony as a whole. After Mr. Rose equivocated that he took notes of "to-do lists" and "ongoing stuff," Mem. Ex. 1 at 831:17–18, he was pushed to clarify whether he took notes "<u>of meetings</u>," *id.* at 831:20–22 (emphasis added). His answer left no room for ambiguity: "Yes, yes." *Id.* at 831:23. Indeed, Mr. Rose's testimony was that, throughout his entire tenure as PlusFunds' Chief Operating Officer – up until July 2006 – he would "<u>continuously write notes</u> in . . . [ringed]

4

binders," *id.* at 829:18–20 (emphasis added).[4]  Although the parties will never know the precise contents of Mr. Rose's notes, there is no doubt that they were both relevant and significant.

### B. The Spoliation Of Mr. Rose's Notes Was Willful.

Plaintiffs cannot dispute that Mr. Rose destroyed his handwritten notes after receiving clear instructions that such documents were to be the subject of a litigation hold. *See* Opp. at 6–8.  Accordingly, PlusFunds, through Mr. Rose, "for unknown reasons" destroyed documents "in defiance of explicit instructions [from counsel] not to." *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 436 (S.D.N.Y. 2004) ("*Zubulake V*") (emphasis added).  That conduct, by definition, is "willful" and satisfies the standard for severe sanctions. *See id.* (defendant who defied instructions to preserve documents "acted [willfully] in destroying potentially relevant information, which resulted . . . in the absence of such information"); *see also* Mem. at 16–17.

Unable to contest this, Plaintiffs instead try to separate PlusFunds' Chief Operating Officer from PlusFunds itself.  This would be insufficient even if PlusFunds were otherwise blameless (it isn't).  "At the end of the day, . . . the duty to preserve and produce documents rests on the party.  Once that duty is made clear to a party, . . . by instructions from counsel, that party is on notice of its obligations and acts at its own peril." *Zubulake V*, 229 F.R.D. at 436.  The destruction here was carried out by "[PlusFunds'] personnel" – its Chief Operating Officer, undoubtedly an agent of the company. *Id.*  Were that not enough, other PlusFunds executives also warrant blame.  The litigation hold was not released until November 30 – six weeks after Refco's bankruptcy filing, and after Rose evidently destroyed several binders worth of relevant

---

[4]   No one believes Mr. Rose's notes were "verbatim" transcriptions of meetings, *see* Opp. at 3.  Spoliation applies to relevant evidence, not merely verbatim transcripts.  That standard is obviously met here. *See* Mem. at 18–19 (summarizing critical meetings that Mr. Rose likely had notes on after the trigger date).

information.  *See* Mem. Ex. 1, at 830:7–17 (stating that Mr. Rose would "typically" fill a binder with notes in "a few weeks" time and subsequently destroy the notes "within a week").

### C. The Spoliated Notes Would Have Been Favorable To The Defense.

Plaintiffs completely ignore the relevant law:  Because Mr. Rose's notes were willfully destroyed in defiance of the obligation to preserve them, it is <u>presumed</u> that their content would have been favorable to the defense.  This is only fair.  "[I]t is the peculiarity of many spoliation cases that the very destruction of the evidence diminishes the ability of the deprived party to prove relevance directly."  *Sage Realty Corp. v. Proskauer Rose*, 713 N.Y.S.2d 155, 160 (N.Y. App. Div. 2000).  As a result, there is an "inherent unfairness" in "asking a party to prove that the destroyed evidence is relevant even though it no longer exists and cannot be specifically identified as a result of the spoliator's own misconduct."  *915 Broadway Assocs. LLC v. Paul, Hastings, Janofsky & Walker, LLP*, No. 403114/08, 2012 WL 593075, at *6 (N.Y. Sup. Ct. Feb. 16, 2012).  Because of this recognized inequity, courts established the "'long-standing principle of law that a party's intentional destruction of evidence relevant to proof of an issue at trial can support an inference that the evidence would have been unfavorable to the party responsible for its destruction.'"  *Zubulake V*, 229 F.R.D. at 436 n.96 (quoting *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998), *overruled on other grounds by Rotella v. Wood*, 528 U.S. 549 (2000)).  Thus, in cases like this, "[w]hen evidence is destroyed in bad faith (*i.e.*, intentionally or <u>willfully</u>), that fact alone is sufficient to demonstrate relevance."  *Id.* at 431, 431 n.64 (emphasis added) (citing *Residential Funding*, 306 F.3d at 109).

Nevertheless, even absent any presumption, evidence shows that Mr. Rose's destroyed notes <u>would</u> have been favorable – in fact, critical – to Defendants.  *See* Mem. at 18–22.  As Plaintiffs admit, Mr. Rose "<u>was really involved in everything going on</u>."  Ex. A at 9:17–20 (emphasis added).  He attended important meetings that occurred just before and during the

6

period in which PlusFunds was under a duty to preserve evidence, including meetings where issues related to Refco and customer segregation that are crucial to Defendants' defense were discussed. For example, in one or more meetings with Tamischa Ambrister a few weeks before Refco's collapse, PlusFunds employees openly discussed the company's transfers of excess cash from segregated accounts to general accounts. *See* Mem. at 18–20. Mr. Rose now denies being aware of such facts; his notes would likely prove the contrary. *See id.*

Plaintiffs try to say that some of those meetings occurred before the October 17 (truly, October 10) trigger date. *See* Opp. at 14–15. But that is beside the point. Mr. Rose testified that it would take him "<u>a few weeks</u> typically" to fill a binder of notes. Mem. Ex. 1 at 830:12–17. There is accordingly every reason to believe that he still had notes of these critical meetings from shortly before Refco's collapse, at the time when PlusFunds' preservation duties attached.

Of course, Mr. Rose also attended significant meetings <u>after</u> October 17. *See* Mem. at 19–20. Plaintiffs do not contest this, but they try to minimize the importance of Mr. Rose's notes. Opp. at 15–16. This effort is unpersuasive in the extreme. For instance, Plaintiffs note that other people besides Mr. Rose took notes at a board meeting where several PlusFunds executives resigned, *id.* at 15, but they leave out that Mr. Rose participated in "<u>multiple</u> meetings" for several days <u>prior</u> to the board meeting where core issues in the case would have been discussed, Mem. at 20. Nor is it helpful to Plaintiffs' case that Mr. Rose was able to provide testimony regarding some meetings. To the contrary, the entire point is that Defendants do not have access to his contemporaneous notes to refresh and, critically, impeach his recollections.

It cannot be emphasized enough that the evidence within Mr. Rose's destroyed notes likely would have provided Defendants with invaluable impeachment evidence against Mr. Rose

7

and others. *See id.* at 20–22. Mr. Rose has enormous credibility problems. *See* Opp. at 16 n.10. PlusFunds' own lawyers in the preference action worried that Mr. Rose's "story changes daily." Dep. Ex. 5039. In any event, it is not for Plaintiffs to say what evidence is or is not relevant to Defendants' defense. *See, e.g.*, *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 517 n.12 (D. Md. 2009) ("The ultimate decision of what is relevant is not determined by a party's subjective assessment filtered through its own perception of self-interest.").

To support their argument, Plaintiffs misread *In re National Century Financial Enterprises, Inc.*, No, 2:03-md-1565, 2009 WL 2169174 (S.D. Ohio July 16, 2009).[5] *See* Opp. at 12. While that court did not find sufficient proof of prejudice arising from the destruction of handwritten notes, that was because the moving party had possession of a letter that had been drafted based on the notes before their destruction, and the moving party could not offer the court a "basis for [the] belief that the draft letter did not contain the complete content of the missing notes." 2009 WL 2169174, at *11–12. Defendants are not so fortunate. They have been permanently and wholly deprived of the contents of Mr. Rose's notes.

**II.     Dismissal Or, Alternatively, Another Severe Sanction Is Warranted.**

"The determination of an appropriate sanction for spoliation . . . is confined to the sound discretion of the trial judge." *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001); *see also Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 162 (2d Cir. 2012) (endorsing a "'case-by-case approach'" where sanctions are imposed "at the discretion of the district court"). Because of the substantial and incurable prejudice Defendants have suffered from the willful spoliation of Mr. Rose's notes, the Court should dismiss Plaintiffs' case.

---

[5]     Plaintiffs also appear to be incorrect that the *National Century* decision was affirmed by the Sixth Circuit. The decision to which Plaintiffs cite, *see* Opp. at 12 (citing to an Aug. 29, 2012 decision), involved res judicata.

8

Dismissal may be granted if, like here, "there is a showing of <u>willfulness</u>, bad faith, <u>or</u> fault on the part of the sanctioned party." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999) (emphasis added); *see also Valentine v. Museum of Modern Art*, 29 F.3d 47, 49 (2d Cir. 1994). In other words, dismissal can be appropriate where the spoliation was a willful breach of a preservation duty, regardless of whether the spoliator subjectively intended, in bad faith, to thwart any party's ability to press a claim or defense in litigation. *See Arista Records LLC v. Usenet.com, Inc.*, 608 F. Supp. 2d 409, 434 (S.D.N.Y. 2009) ("'Severe sanctions for discovery violations, including dismissal, may be imposed for intentional conduct, such as bad faith or gross negligence.'").

Moreover, although dismissal "is usually justified only in circumstances of bad faith or other like action[,] . . . even when conduct is less culpable, dismissal may be necessary if the prejudice to the defendant is extraordinary, denying it the ability to adequately defend its case." *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 593 (4th Cir. 2001) (citations and internal quotation marks omitted); *see also Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 685 F. Supp. 2d 456, 469, 469 n.40 (S.D.N.Y. 2010) ("Appropriate sanctions should . . . 'restore the prejudiced party to the same position [it] would have been in absent the wrongful destruction of evidence.'" (alteration in original) (quoting *West*, 167 F.3d at 779)), *abrogated on other grounds by Chin*, 685 F.3d 135.

Here, Defendants suffer extreme prejudice from the complete unavailability of Mr. Rose's notes that has resulted from their willful spoliation. Only dismissal will cure this prejudice. *See, e.g.*, *Miller v. Time-Warner Commc'ns, Inc.*, No. 97 Civ. 7286(JSM), 1999 WL 739528, at *2 (S.D.N.Y. Sept. 22, 1999) (noting dismissal of plaintiff's case for deliberate

9

erasure of relevant notes would have been proper if not enough "traces of the writing remained to permit the defendants to determine the substance of the erased writing").

Plaintiffs argue that Mr. Rose's conduct was not sufficiently egregious. Defendants beg to differ. The wholesale destruction of binders full of critical and irreplaceable notes by a witness aligned with Plaintiffs, whose credibility is hotly disputed, at a time when he knew full well that the documents needed to be preserved, should satisfy any standard of egregiousness.

If dismissal is not granted, lesser sanctions are appropriate. Those sanctions should include (1) preclusion of evidence related to matters contained within the destroyed notes, *e.g.*, *Arista Records*, 608 F. Supp. 2d at 443, and (2) an adverse inference jury instruction by which the jury should infer that the spoliated evidence would have been unfavorable to Plaintiffs, *e.g.*, *Zubulake V*, 229 F.R.D. at 436–37.[6] These sanctions, while not a complete cure, would help level the playing field in this litigation left uneven by Plaintiffs' spoliation. *See, e.g.*, *MOSAID Techs. Inc. v. Samsung Elecs. Co.*, 348 F. Supp. 2d 332, 338 (D.N.J. 2004) ("Primarily, the spoliation inference serves a remedial function – leveling the playing field after a party has destroyed or withheld relevant evidence."). The Court should further award Defendants reasonable attorney fees and the costs associated with this motion. *E.g.*, *MOSAID Techs. Inc. v. Samsung Elecs. Co.*, 224 F.R.D. 595, 596–99 (D.N.J. 2004).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that their Motion To Dismiss or for Other Sanctions for Spoliation of Evidence be granted.

---

[6] The specific evidence to preclude and specific language for the adverse inference instruction will be proposed at an appropriate time – after Plaintiffs have disclosed their trial witnesses and exhibits – or whenever else the Court may direct. Mem. at 23.

                                          Respectfully submitted,

Dated: Washington, DC                WILLIAMS & CONNOLLY LLP
       September 24, 2012

                                          By: /s/ Craig D. Singer
                                             John K. Villa
                                             George A. Borden
                                             Craig D. Singer
                                             (csinger@wc.com)
                                             725 Twelfth Street, N.W.
                                             Washington, DC 20005
                                             Tel.: (202) 434-5000

                                             *Attorneys for Defendants Mayer Brown*
                                             *LLP and Edward S. Best*


Dated: New York, New York           WINSTON & STRAWN LLP
       September 24, 2012

                                             By:  /s/ Linda T. Coberly
                                              Linda T. Coberly
                                              Bruce R. Braun
                                             Catherine W. Joyce
                                             David J. Doyle
                                             35 W. Wacker Drive
                                             Chicago, Illinois 60601
                                             Tel: (312) 558-5600
                                             Fax: (312) 558-5700

                                             Luke A. Connelly
                                             200 Park Avenue
                                             New York, New York 10166
                                             Ph: (212) 294-6700
                                             Fax: (212) 294-4700

                                             *Attorneys for Defendants Grant Thornton*
                                             *LLP and Mark Ramler*

LINKLATERS LLP

By: /s/ James R. Warnot, Jr.
    James R. Warnot, Jr.
    Ruth E. Harlow
    Robert H. Bell
    1345 Avenue of the Americas
    New York, New York 10105
    Tel: (212) 903-9000

    *Attorneys for Defendant Deutsche Bank Securities Inc.*


KING & SPALDING LLP

By: /s/ James J. Capra, Jr.
    James J. Capra, Jr.
    James P. Cusick
    1185 Avenue of the Americas
    New York, New York 10036
    Tel: (212) 556-2100

    *Attorneys for Defendant PricewaterhouseCoopers LLP*


COOLEY LLP

By: /s/ William J. Schwartz
    William J. Schwartz
    Jonathan P. Bach
    Reed A. Smith
    1114 Avenue of the Americas
    New York, NY 10036-7798
    Tel: (212) 479-6000

    *Attorneys for Defendant Joseph P. Collins*

CLAYMAN & ROSENBERG

By: /s/ Charles E. Clayman
    Charles E. Clayman
    305 Madison Avenue, Suite 1301
    New York, NY 10165
    Tel: (212) 922-1080

*Attorneys for Defendant Paul Koury*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of September 2012, a copy of the foregoing Reply in Support of the Undersigned Defendants' Motion To Dismiss or for Other Sanctions for Spoliation of Evidence was filed with the Court through the CM/ECF system. The foregoing was served on counsel of record via the Court's CM/ECF system.

/s/ John Williams
John Williams