UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| In re REFCO INC. SECURITIES LITIGATION | Case No. 07-MD-1902 (JSR) |

-----------------------------------------------------------------X
              This Document Relates to:
-----------------------------------------------------------------X

KENNETH M. KRYS, et al.,     :
                                          :    Case No. 08-CV-3065 (JSR)
                           Plaintiffs, :   Case No. 08-CV-3086 (JSR)

                -against-                   :

CHRISTOPHER SUGRUE, et al.,   :

                           Defendants. :

-----------------------------------------------------------------X

KENNETH M. KRYS, et al.,    :   Case No. 10-CV-3594 (JSR)
                         Plaintiffs, :

              -against-           :

DEUTSCHE BANK SECURITIES INC., et al.,  :

                       Defendants. :

-----------------------------------------------------------------X

**RESPONSE OF THE BANK DEFENDANTS, DEUTSCHE BANK
AND PWC TO PLAINTIFFS' LIMITED OBJECTION TO THE
REPORT AND RECOMMENDATION OF THE SPECIAL MASTER
<u>ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>**

Credit Suisse Securities (USA) LLC ("Credit Suisse"), Merrill Lynch, Pierce, Fenner & Smith, Incorporated, as successor-by-merger to Banc of America Securities LLC (together with Credit Suisse, the "Bank Defendants"), Deutsche Bank Securities Inc. ("DBSI"), and PricewaterhouseCoopers LLP ("PwC") hereby respond to Plaintiffs' Limited Objection to the Report and Recommendation of the Special Master on Certain Defendants' Motion for Summary Judgment.

Plaintiffs' Limited Objection is more remarkable for what it does not say than for what it does. Plaintiffs argue that Special Master Capra's Report and Recommendation ("R&R") should be rejected to the extent that it recommends dismissal of PlusFunds' claims "at least as against the Mayer Brown and Grant Thornton defendants." Pls.' Obj. at 1, 3, 8, 14. But, tellingly, Plaintiffs offer no argument about PlusFunds' claims against the Bank Defendants, DBSI or PwC.[1] Indeed, the Limited Objection barely mentions those defendants at all. This silence effectively waives any possible challenge by Plaintiffs to the R&R's recommended dismissal of PlusFunds' claims against the Bank Defendants, DBSI and PwC. *See, e.g., Chylinski v. Bank of America, N.A.,* No. 10-1345, 2011 WL 5023257, at *1 (2d Cir. Oct. 21, 2011); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

The reason Plaintiffs say nothing about the PlusFunds claims against the Bank Defendants, DBSI and PwC is that there is no evidence that those defendants did anything to aid and abet the "Refco fraud" before the public filings made by Refco in connection with its August 2004 LBO. By that time, PlusFunds had already deposited hundreds of millions of dollars in SMFF cash at what Plaintiffs themselves assert was a "massively insolvent" Refco. Pls.' Obj. at

---

[1] *See* Pls.' Obj., Table of Contents ("Argument. A. Mayer Brown caused damages to PlusFunds. B. Grant Thornton caused damages to PlusFunds.").

1

1.  Because PlusFunds' "primary business was managing the SPhinX Funds," *id.* at 5, its failure was thus inevitable under Plaintiffs' own analysis by the time of the LBO, whenever the Refco fraud came to light and the inescapable "run on the bank" by SMFF investors began. Recognizing this, Plaintiffs do not (and could not) make any argument that the Bank Defendants, DBSI or PwC caused any injury to PlusFunds.

Plaintiffs' concession also is significant with respect to Special Master Capra's recommendation that the SMFF claims not be dismissed as to the Bank Defendants, DBSI, and PwC. The only issue that now remains on that recommendation is whether Special Master Capra is correct that SMFF's withdrawals *after* the LBO of cash it deposited at Refco *before* the LBO are legally irrelevant. If he is wrong on that point—as the Moving Defendants have shown in their limited objection to the R&R—then the Bank Defendants, DBSI and PwC are entitled to summary judgment on SMFF's claims as well as those of PlusFunds because, by Plaintiffs' own admission, SMFF's "*net* deposits" with Refco "after the LBO and IPO decreased." Pls.' Obj. at 6. Under Plaintiffs' own theory of the case, if the Bank Defendants, DBSI and PwC had disclosed the Refco fraud the very first day that each is alleged to have aided and abetted that fraud (or any day thereafter), then SMFF would have lost more money than it ultimately did. SMFF, therefore, suffered no injury proximately caused by the Bank Defendants, DBSI or PwC.

For these reasons and those set forth in the Moving Defendants' limited objection to the R&R, summary judgment should be granted in favor of the Bank Defendants, DBSI, and PwC on the remaining claims of both PlusFunds and SMFF.

Dated: New York, New York
November 27, 2012

        **WILMER CUTLER PICKERING**
        **HALE AND DORR LLP**

By:  /s/ Philip D. Anker
      Philip D. Anker
      Peter J. Macdonald
      Jeremy S. Winer
      Ross E. Firsenbaum
      7 World Trade Center
      250 Greenwich Street
      New York, New York 10007
      Tel: (212) 230-8800

*Attorneys for Defendants Credit Suisse Securities (USA) LLC and Merrill Lynch, Pierce, Fenner & Smith, Incorporated, as successor-by-merger to Banc of America Securities LLC*

**LINKLATERS LLP**

By:  /s/ James R. Warnot, Jr.
      James R. Warnot, Jr.
      Ruth E. Harlow
      Robert H. Bell
      1345 Avenue of the Americas
      New York, New York 10105
      Tel: (212) 903-9000

*Attorneys for Defendant Deutsche Bank Securities Inc.*

**KING & SPALDING LLP**

By:  /s/ James J. Capra, Jr.
      James J. Capra, Jr.
      James P. Cusick
      1185 Avenue of the Americas
      New York, New York 10036
      Tel: (212) 556-2100

*Attorneys for Defendant PricewaterhouseCoopers LLP*