UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE REFCO INC. SECURITIES LITIGATION | CASE NO. 07-MD-1902 (JSR) |
| KENNETH M. KRYS, *ET AL.*,<br><br>    Plaintiffs,<br><br>-against-<br><br>CHRISTOPHER SUGRUE, *ET AL.*,<br><br>    Defendants. | CASE NO. 08-CV-3065 (JSR)<br><br>CASE NO. 08-CV-3086 (JSR) |
| KENNETH M. KRYS, *ET AL.*,<br><br>    Plaintiffs,<br><br>-against-<br><br>ROBERT AARON, *ET AL.*,<br><br>    Defendants. | CASE NO. 08-CV-7416 (JSR) |
| KENNETH M. KRYS, *ET AL.*,<br><br>    Plaintiffs,<br><br>-against-<br><br>DEUTSCHE BANK SECURITIES INC., *ET AL.*,<br><br>    Defendants. | CASE NO. 10-CV-3594 (JSR) |

**ORDER**

WHEREAS, this matter having been opened to the Court by a Motion to Dismiss or for Other Sanctions for Spoliation of Evidence; and the Court having referred this motion to the Special Master for his consideration; and the Special Master having considered responses served on behalf of Plaintiffs; and the Special Master having conducted a telephone conference with counsel on Wednesday, August 29, 2012, and a hearing on Wednesday, November 28, 2012; and the Special Master having considered all of the submissions served on behalf of the parties in connection with this Application; and good cause appearing;

IT IS on this 13th day of December 2012, **ORDERED** as follows:

1) H. Christopher Rose, former Chief Operating Officer of PlusFunds Group, Inc. ("PlusFunds"), testified as follows at his deposition on June 21, 2012 ("Rose Dep."):

   a. During his entire employment at PlusFunds, Mr. Rose would continuously write notes in binders. After filling a binder with several weeks' notes, he threw them out. Rose Dep. Tr. at 829:18–19, 830:6–11.

   b. Mr. Rose was asked: "Even after the events at Refco unfolded and there was impending litigation, you would have thrown out notes?" He answered: "Yes, yeah." *Id.* at 831:3–7

   c. Mr. Rose was asked: "Well, would you take notes, for example, of meetings that you participated in?" He answered: "Yes, yes." *Id.* at 831:20–23.

   d. Mr. Rose was asked: "And you'd take notes of telephone calls if you thought that there was something important said on the

      telephone call?" He answered: "Well, telephonic meetings, yes." *Id.* at 831:24–832:4.

    e. When asked whether he created notes that covered "the time period after October 10, 2005 until the day that [he] left PlusFunds," Mr. Rose answered: "Yeah." *Id.* at 832:5–10. And when asked, "And what has become of those notes?" he answered: "They were either thrown out or produced by me or in some storage somewhere at PlusFunds, I don't know." *Id.* at 832:11–18.

2)  Mr. Rose's acts are attributable to the SPhinX Funds and to PlusFunds based on his position and agency principles. Hearing Tr. (Nov. 28, 2012) at 86, 89-90.

3)  Mr. Rose's acts are attributable to Plaintiffs, who stand in the shoes of the SPhinX Funds and PlusFunds. *Id.* at 7-8, 86.

4)  The SPhinX Funds and PlusFunds had a duty to preserve evidence relating to Refco, including Mr. Rose's notes, beginning on October 12, 2005. *Id.* at 8-11, 88, 89-90.

5)  Mr. Rose acted willfully when he destroyed his notes, for the reasons established in the transcript of the November 28, 2012 hearing, ~~which is attached to this Order~~. *Id.* at 10-11, 30-31, 60, 75, 87. No finding has been made that Mr. Rose acted in "bad faith or with an evil intent," *id.* at 10-11, although "a jury could decide" that he did, *id.* at 31.

6)  Mr. Rose's notes contained relevant information, although because the notes were destroyed, there is "no way to know" the degree of relevance and how probative

      Mr. Rose's notes would have been on matters that may proceed to trial. *Id.* at 12, 60, 75, 87.

7)   Plaintiffs shall provide the Special Master with complete, hard-copy transcripts of the 2006 and 2012 deposition testimony of Mr. Rose, in full-size or otherwise readable form. *Id.* at 88, 93-94.

8)   Within seven (7) calendar days after a ruling on motions for summary judgment (irrespective of any motions for reconsideration), Plaintiffs shall advise the Special Master and Defendants whether they will call Mr. Rose as a trial witness. Within seven (7) calendar days after Plaintiffs' election, should Plaintiffs elect not to call Mr. Rose as a trial witness, Defendants in the *Krys v. Sugrue* and *Krys v. Deutsche Bank* cases shall advise the Special Master and Plaintiffs whether they intend to subpoena Mr. Rose to testify at trial. *Id.* at 87-88.

9)   Following any summary judgment rulings, the Special Master's review of the transcripts of Mr. Rose's deposition testimony, and the parties' elections regarding Mr. Rose's appearance as a trial witness, the Special Master will consider whether any adverse inferences (permissive or mandatory), and/or any preclusion of evidence, will issue as sanctions in favor of Defendants; and the Special Master may reconvene the parties in connection with his consideration of such sanctions. *Id.* at 90-93.

10)   For the reasons set forth in the ~~attached~~ transcript of the November 28, 2012 hearing, Defendants' request for a case terminating sanction, fees and costs is denied. *Id.* at 5-7, 13, 40, 88.

11) If Mr. Rose testifies as a trial witness, Defendants shall have broad latitude to examine him regarding the facts and circumstances of his spoliation, subject to any limitations that may be imposed by the trial court. *Id.* at 85-86, 90.

12) No party has requested reopening Mr. Rose's deposition, and the Special Master will not order the deposition reopened for purposes of this motion. *Id.* at 5, 86.

13) The defendants in the *Krys v. Aaron* case reserve all rights to apply for relief based on, or seek to enforce, this Order and any final Order in Plaintiffs' separate action against them. *Id.* at 96-97.

14) This Order shall not be considered final for purposes of appeal until the Special Master makes further rulings with respect to adverse inferences and preclusion sanctions, if any. *Id.* at 94-95.

/s/ Ronald J. Hedges
Ronald J. Hedges
Special Master

SO ORDERED

Dated: December 13, 2012