UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re REFCO INC. SECURITIES LITIGATION     Case No. 07-MD-1902 (JSR)
-----------------------------------------------------------------X
              This Document Relates to:
-----------------------------------------------------------------X
KENNETH M. KRYS, et al.,               :
                                          :     Case No. 08-CV-3065 (JSR)
                           Plaintiffs,  :     Case No. 08-CV-3086 (JSR)
                                          :
                      -against-               :
                                          :
CHRISTOPHER SUGRUE, et al.,       :
                                          :
                           Defendants. :
                                          :
-----------------------------------------------------------------X

**RESPONSE OF PRICEWATERHOUSECOOPERS LLP TO PLAINTIFFS' OBJECTION TO THE REPORT AND RECOMMENDATION STRIKING EXPERT OPINIONS**

                                                KING & SPALDING LLP
                                                1185 Avenue of the Americas
                                                New York, New York 10036
                                                Tel:  (212) 556-2100

                                                *Attorneys for Defendant*
                                                *PricewaterhouseCoopers LLP*

# TABLE OF CONTENTS

**Page**

Procedural Background .................................................................................................................. 2

The Expert Reports and PwC's Motion to Strike ........................................................................... 3

The Special Master's Rulings ......................................................................................................... 4

Argument ........................................................................................................................................ 7

Conclusion .................................................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Cyril v. Neighborhood P'ship II Hous. Dev. Fund, Inc.*,
   124 Fed. App'x. 26, 2005 WL 181659 (2d Cir. 2005) ................................................................ 9

*Daubert v. Merrell Dow Pharm., Inc.*,
   509 U.S. 579, 113 S.Ct. 2786 (1993) .......................................................................................... 7

**OTHER AUTHORITIES**

Fed. R. Evid. 702(a) ........................................................................................................................ 7

PricewaterhouseCoopers LLP ("PwC") moved to strike certain specific opinions of Plaintiffs' experts I. Michael Greenberger and R. David Wallace because in their reports they offered opinions against PwC on claims that have been dismissed with prejudice. In a Report and Recommendation dated November 29, 2012, Special Master Capra largely agreed with PwC. Plaintiffs object.

PwC's motion is straightforward and targeted.[1] Plaintiffs' response before Special Master Capra and their Objection to this Court are anything but. They never take head-on the basic point that a party cannot use its experts to overrule the Court on decisions with which it disagrees. But that is exactly what Mr. Greenberger and Mr. Wallace are up to. And the Special Master's evident dismay with such tactics apparently fell on deaf ears, given Plaintiffs' continued cavil. *See* 9/14/12 Transcript (December 20, 2012 Declaration of James J. Capra, Jr., Exhibit A) at 146-47 (SM Capra: "I think I would like to start . . . with the opinions of Mr. Greenberger that basically disagree with Judge Rakoff's order. How is that at all even close to being appropriate under Rule 702 of the Federal Rules of Evidence? . . . I, personally, consider this outrageous."), 147 ("These are all legal conclusions from an expert [Mr. Greenberger]. And legal conclusions in the very case, saying that the Court decided it incorrectly. Why would that ever be helpful under Rule 702?"), 148 (SM Capra: "[Mr. Greenberger is] saying that the Special Master and Judge Rakoff were wrong in their determination." Plaintiffs' counsel: "Yes, that's his opinion. Now, that will probably get stricken. He won't be able to say that."), 148-49 (SM Capra: "I'm just asking, where does he [Mr. Greenberger] get off saying that these orders were wrong? . . . I've never seen anything like this.").

---

[1] The opinions of these (and other of Plaintiffs') experts are objectionable for a whole host of reasons, including that they go to Defendants' state of mind - *i.e.*, actual knowledge of the Refco fraud. If necessary, PwC will make a motion directed at those other defects prior to trial. *See* R&R at 1 n.1.

Plaintiffs' Objection is a study in further misdirection. They offer up a litany of meritless excuses for submitting opinions on claims that are long gone from the case. For example, Plaintiffs plead that their experts should be heard because they have consummate qualifications - Mr. Greenberger has been called upon by Congress and others to provide his views, and he teaches a course in law school, etc.; and Mr. Wallace is a very experienced CPA. Or, the Court should reject the Special Master's observations because they are unfair. Or, the challenged opinions are justifiable "offers of proof." And so on. None of this is remotely a basis to overturn the Special Master's ruling. Indeed, to do so would effectively rewrite the history of the case against PwC - as set out in *four* separate rulings (including this R&R). [2]

## Procedural Background

Five of six claims against PwC were dismissed with prejudice on Rule 12 motion. This included the dismissal of all claims based on PwC's audits of the financial statements of SPhinX Managed Futures Fund SPC ("SMFF") and of that fund's investment advisor, PlusFunds Group, Inc. ("PlusFunds"), which were the focus of Counts VI (accountant malpractice), VII (aiding and abetting breach of fiduciary duty) and VIII (fraud/misrepresentation). It also included the dismissal of Counts XVIII (aiding and abetting Refco's breach of fiduciary duty) and Count XIX (aiding and abetting Refco's conversion), both of which were based on the theory that PwC knew that Refco wrongfully transferred the assets of customers of Refco Capital Markets, Ltd. ("RCM") to other Refco entities (so-called "upstreaming").

The rulings came in the form of:

(1) a 30-page, single-spaced Report and Recommendation, dated August 10, 2011 ("PwC R&R"), issued after extensive briefing and lengthy oral argument

---

[2] Defendants Grant Thornton LLP and Mark Ramler filed a similar motion, which is also addressed in the R&R. Those parties are submitting a separate response to Plaintiffs' Objection.

2

before Special Master Capra, which recommended "with prejudice" dismissal of five claims, and allowed only one count to go forward - aiding and abetting the Refco fraud (Count XVII);

(2) an October 24, 2011 Order, in which the Court, after briefing and oral argument, and after considering the matter *de novo*, ruled that it was "in agreement in all material respects with Special Master Capra's superb Report and Recommendation and hereby adopts it in full as if incorporated herein" ("October 24, 2011 Order"); and

(3) a Memorandum Order, dated February 16, 2012 ("February 16, 2012 Memorandum Order"), in which the Court denied Plaintiffs' motion for reconsideration of the October 24, 2011 Order after it "carefully considered the parties' submissions," and conclusively rejected each of the five claimed errors in the prior rulings: "plaintiffs' motion is not only procedurally defective but also substantively unpersuasive." February 16, 2012 Memorandum Order at 13.[3]

These decisions could not have been clearer as to the scope of the remaining case against PwC.

### The Expert Reports and PwC's Motion to Strike

Nevertheless, months later, at the deadline for experts' submissions, Plaintiffs served reports from two experts, Mr. Greenberger and Mr. Wallace, that addressed the dismissed-with-prejudice claims. Corrected Expert Report of Findings and Opinions, R. David Wallace, dated

---

[3] Plaintiffs' objection to the PwC R&R included, for the first time and without leave of Court, an affidavit from R. David Wallace, one of the experts whose opinions are at issue on this motion. The affidavit attempted to bolster the pleading of audit-related claims. The Court rejected it. October 24, 2011 Order at 1 n.1. Plaintiffs' motion for reconsideration argued that the Court erred in not considering the Wallace submission, but the Court disagreed and denied the motion. February 16, 2012 Memorandum Order at 5-7. Mr. Wallace included that same affidavit in his subsequent expert report. PwC moved to strike it and, not surprisingly, the Special Master agreed. R&R at 15-16.

July 20, 2012 ("Wallace Report") and Expert Report of I. Michael Greenberger, dated June 29, 2012 ("Greenberger Report"). PwC moved to strike the offending opinions in those reports, identifying in each case the specific paragraphs that it believed exceeded the bounds of proper expert testimony because they related to dismissed claims. PwC Notice of Motion to Strike Expert Opinions Relating to Dismissed Claims (docket no. 778 in *Krys v. Sugrue*, No. 08 Civ. 3086) and Memorandum of Law in Support, Appendix (docket no. 779), filed August 7, 2012.

### The Special Master's Rulings

After briefing and oral argument, the Special Master issued a 22-page, single-spaced Report and Recommendation on November 29, 2012. The R&R largely granted PwC's motion.[4] After reciting the prior Rule 12 rulings and the remaining claim against PwC, the Special Master addressed the legal principles with respect to expert "fit" and whether opinions on dismissed claims were relevant or necessary, citing more than a dozen cases on these issues, including one of his own rulings as a Special Master in another proceeding. R&R at 7-8. He concluded that "[t]he expert opinions here, to the extent they evaluate the merits of dismissed claims, are simply seeking to relitigate adverse determinations rendered by the court in this case. . . . [T]o the extent that the opinions seek reconsideration of prior rulings in the very case in which the rulings are made, they are nothing more than argument." *Id.* at 7. Indeed, the Special Master concluded that "the experts in certain parts of their reports are seeking to take a step that even the lawyers cannot take, i.e., to argue directly to the factfinder that the court erred in its prior rulings in the case." *Id.* at 8. And "[t]o allow a dismissed claim to be revived [through expert opinion] . . . makes a mockery of the law of the case doctrine and Rule 12(b)(6)." *Id.*

---

[4] There were a handful of paragraphs in the Wallace Report that PwC challenged that were allowed to stand by the Special Master. PwC did not object to the R&R as to these rulings, which arguably related to issues other than the audit-side claims and upstreaming.

4

With those principles at hand, the Special Master noted generally that: (1) opinions as to PwC's audits of SMFF were "essentially seeking reconsideration of the court's [prior] determination . . . even though Judge Rakoff has *already reconsidered* this argument made by the Plaintiffs, and rejected it, twice. *See* Greenberger Report at ¶¶ 135-36." R&R at 8 n.7 (emphasis in original); *see also id.* at 14 (rejecting Mr. Wallace's opinion on PwC's audit work because it "is simply seeking to reargue the motion to dismiss that the parties who have retained him have already lost."); and (2) an opinion with respect to PwC's knowledge of upstreaming "flies in the face of the previous ruling to the contrary in this case and therefore any reliance on it cannot be helpful to any determination about PwC's knowledge about the Refco Fraud." *Id.* at 11.

The Special Master then went through a careful and painstaking analysis of the specific paragraphs of each report that PwC challenged, one-by-one. And his Report includes a ruling on *each* paragraph, in some cases parsing individual sentences within a paragraph as he deemed necessary. R&R at 9-17. His conclusions were consistent with his statement of the legal principles on the proper bounds of expert testimony. And, as summarized below, each and every recommendation is squarely supported by prior, settled rulings in the case as to PwC.

**The Special Master struck Mr. Wallace's opinions as to PwC's audits:**

Wallace Report ¶ 4 (bullet point 12) ("Wallace is simply attempting to tell the factfinder that PwC breached a duty which the court has held PwC did not have." R&R at 10); ¶ 17 ("[A]ccording to the Plaintiffs' own brief, Wallace's opinion regarding the SMFF's financial statement is relevant *only* if the Special Master, and Judge Rakoff, were *wrong* in their conclusion [about] PwC . . . " R&R at 12-13); ¶ 123 (struck to the extent it mentions PwC's audit work for SPhinX/SMFF and PlusFunds (R&R at 13)); ¶¶ 363-65 and 367 ("These opinions

5

fly in the face of the ruling of Judge Rakoff that dismissed, with prejudice, the Plaintiffs' claims that PwC knew about, or had a duty to discover and disclose, the fact that the excess cash was unprotected. . . . [Mr. Wallace] is simply seeking to reargue the motion to dismiss that the parties who have retained him have already lost." R&R at 14), ¶ 368 ("Wallace's bald assertion that PwC had a duty of disclosure in its representation of the portfolio funds is made for no purpose other than to revive a dismissed claim, and is not helpful." R&R at 14); ¶¶ 429-34 ("The opinions in Paragraphs 429-434 have no bearing on the remaining claims for aiding and abetting the Refco Fraud. These opinions and assertions are merely a reargument of dismissed claims and so are not helpful." R&R at 15); ¶ 435 (rejecting Wallace's opinion that "RCM was simply holding—or more to the point, stealing—SMFF's excess cash for the benefit of Refco's fraud—and PwC had knowledge of it!," because it is "unhelpful" and "seeks to reargue dismissed claims" R&R at 15); and ¶ 435 (striking previously submitted Wallace Affidavit, which was incorporated by reference into his Report, because it "is solely about how the Special Master was completely and utterly wrong in recommending dismissal of the audit-related claims. Because the Wallace Affidavit . . . only seeks to reargue audit-related claims that have been dismissed, it is not helpful." R&R at 15-16).[5]

**The Special Master struck Mr. Greenberger's opinions as to PwC's audits:**

Greenberger Report ¶¶ 58 and 59 ("Because the assertion regarding PwC's knowledge refers to a claim already dismissed—and for no purpose other than to revive a dead claim—these paragraphs are unhelpful and should be struck." R&R at 16); ¶¶ 135, 136 and 138 ("These paragraphs give unhelpful expert opinions a bad name. In these paragraphs, Greenberger decides to review the analysis of the Special Master in the PwC R and R—as well as Judge Rakoff's

---

[5] Plaintiffs have not specifically objected to the R&R rulings striking several of these opinions (Wallace Report ¶¶ 123, 363-65, 367, 368 and 435 (final sentence)).

reasoning in adopting that R and R—and finds the Special Master's and Judge Rakoff's decisions to be misguided and insufficiently thought out. . . . It is self-evident that attacking prior rulings in the case is not proper work for an expert."  R&R at 16 (citation omitted)); and ¶ 179 (referring back to ¶ 59).

   **The Special Master struck Mr. Wallace's upstreaming opinions:**

  Wallace Report ¶ 14 (bullet point 8) ("[I]t has already been determined in this action that Plaintiffs have failed to adequately allege that PwC 'knew' that the upstreaming was unauthorized or improper."  R&R at 10 (citation omitted)); and ¶¶ 352-55 ("Judge Rakoff has already dismissed the Plaintiffs' claims that PwC knew the transfers from RCM were wrongful.  Wallace's attempt to revive this issue, for the sole purpose of drawing a conclusion that has already been rejected by the court in this case, is simply not helpful and not the proper function of an expert."  R&R at 14).

   **The Special Master struck Mr. Greenberger's upstreaming opinions:**

  Greenberger Report ¶¶ 134 and 135 (R&R at 16-17).

## Argument

  Because these issues have been comprehensively (and correctly, in PwC's view) addressed by the Special Master, PwC does not believe that it is necessary to re-brief at any length an issue that is so straightforward:  Expert opinions that go to claims that are no longer part of the case should not be allowed.  *See* Fed. R. Evid. 702(a) ("A witness who is qualified as an expert . . . may testify in the form of an opinion or otherwise if . . . the expert's . . . specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue."); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591, 113 S.Ct. 2786, 2795 (1993) ("Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful.") (citation omitted).  The R&R cites case after case supporting this common-sense proposition.

7

R&R at 7-8. The work-arounds in Plaintiffs' Objection do not provide any basis for undoing the Special Master's careful analysis of the Greenberger and Wallace Reports. This Court should reject out of hand Plaintiffs' attempt to proceed as if the Rule 12 decisions mean nothing.[6]

***First,*** Plaintiffs now try to recast some of the opinions struck as innocuous background, but that is not the case. Pls. Obj. at 15 (citing Greenberger Report ¶¶ 58-59). The Special Master's ruling striking these paragraphs accurately reflects that their sole apparent purpose is to make a point about PwC's knowledge from its audits of SMFF, and therefore relate to a dismissed claim: "Greenberger then focuses on the financial statements of SMFF and, citing the Wallace Report, states in a very useful (to him) passive voice that it 'has also been asserted that PwC knew that the funds at RCM had not been segregated.' [T]he assertion regarding PwC's knowledge refers to a claim already dismissed." R&R at 16. And to the extent paragraphs 58 and 59 contain background, they should be read in conjunction with other paragraphs in Mr. Greenberger's report that build on that background for his opinions that the Court erred in dismissing the audit-related claims. *See* Greenberger Report ¶¶ 135-36, 138.[7] The Special Master correctly flagged these opinions as an attempted end-run around the Court's Rule 12 adjudications, and his criticisms of Mr. Greenberger are neither unfair nor unwarranted. *See id.* at 16 n.10 ("Greenberger liberally - and deceptively - quotes statements in the PwC R and R [on PwC's Rule 12 motion] as if they were statements of fact that an expert could rely upon.").

---

[6] As with the prior briefing and argument, Plaintiffs' position is difficult to follow because they do not always provide citation to specific portions of the expert reports and, when they do, they vary between citing paragraph and page numbers. It is also not always clear in Plaintiffs' Objection which arguments are directed to PwC and which are aimed at Grant Thornton. In any event, none of the arguments has merit as to the PwC rulings in the R&R.

[7] One of the problems in trying to work through the Greenberger Report, including the connection between the various sections, is that, as the Special Matter noted "[i]t is disorganized, rambling, and over-long." R&R at 19.

*Second,* Plaintiffs have now invented a rationale for the obviously beyond-the-pale expert opinions by claiming that they are simply "offers of proof," included "for purposes of making a record for appeal of the dismissed 'SPhinX Fraud' claims." Pls. Obj. at 24 (citing Greenberger Report ¶¶ 134-39) and 25 (citing the Wallace Affidavit, which was incorporated by reference in the Wallace Report at ¶ 435). This "offer of proof" explanation did not surface until argument before Special Master Capra, as it did not appear in the expert reports nor in Plaintiffs' brief in opposition to the motion. *See* 9/14/2012 Tr. at 149-50. In any event, an "offer of proof" is not relevant to an appeal from the dismissal of claims under Rule 12, which requires an assessment based on the sufficiency of the allegations of the Complaint, not evidence (fact or expert) adduced at trial. *Cyril v. Neighborhood P'ship II Hous. Dev. Fund, Inc.*, 124 Fed. App'x. 26, 27, 2005 WL 181659, at *1 (2d Cir. 2005) (it "would have been improper" for district court to consider affidavits "in ruling upon the motion to dismiss"). Indeed the Court has already ruled that it was improper for Plaintiffs to offer Mr. Wallace's opinions with their objection to the Special Master's ruling on PwC's motion to dismiss: The Special Master's PwC R&R "in no way opened the door to plaintiffs presenting something entirely outside the complaint - in this case, an expert's affidavit - on a motion addressed to the pleadings. . . It is the plaintiffs, and not the Special Master, who here seek to violate the rules." February 16, 2012 Memorandum Order at 7 (citing *Cyril*). The Wallace Affidavit (and the similar opinions in the Wallace and Greenberger reports) are no more appropriate at this time.

*Third*, the Special Master correctly ruled out opinions from both experts regarding PwC's knowledge of upstreaming. The Court's prior dismissal of Counts XVIII and XIX against PwC rested on a ruling that directly addressed upstreaming, namely that Plaintiffs had not properly alleged that "PwC knew that the transfers out of RCM were a breach of Refco's . . . fiduciary

9

duty," nor had Plaintiffs properly alleged that "PwC knew that the excess cash was converted by Refco." PwC R&R at 26, 28. Yet Plaintiffs' experts offer opinions exactly to the contrary: "PwC knew about the looting of RCM customer cash." Wallace Report ¶ 354. The Rule 12 process is meaningless if Plaintiffs can override any adverse rulings simply by getting some experts to say "black" when the Court has said "white."[8]

*Fourth*, Plaintiffs' justification for certain of these opinions as responding to PwC's defenses does not hold up. The Special Master has not "misread" or "misapprehended" Plaintiffs' experts' opinions. *See* Pls. Obj. at 8. He correctly read them for what they were - Plaintiffs' attempt to revive dismissed claims by having their experts offer opinions about PwC's alleged wrongdoing. The fact that discovery has touched on various SPhinX issues, including management's disclosures in notes to the financial statements, does not serve as a basis to undo the dismissal of claims related to PwC's audits.

*Finally,* in broad terms, this motion, and the R&R before the Court, is all about who gets to decide what claims are in or out of the case for trial. And while Plaintiffs make much of their experts' credentials, arguing that their opinions would be helpful to the jury (*see* Pls. Obj. at 3, 4, 17, 24), the Special Master got it right when he concluded over and over and over again that these experts were "patently unhelpful because they do nothing more than seek to relitigate final determinations of Judge Rakoff." R&R at 8 n.7. Plaintiffs cannot circumvent the Court's carefully considered rulings and get to the jury on dismissed claims by way of their experts.

---

[8] Plaintiffs' half-hearted attempt to make a run at undoing the "law of the case" (Pls. Obj. at 3 n.1) does not come close to satisfying that stringent standard.

**Conclusion**

For the reasons set forth herein, in the Special Master's R&R, and in PwC's motion to strike and supporting papers, PwC respectfully requests that the Court adopt the R&R striking certain opinions of Plaintiffs' experts Messrs. Greenberger and Wallace.

Dated: New York, New York
December 20, 2012

                                           **KING & SPALDING LLP**

                                           By: /s/ James J. Capra, Jr.
                                                James J. Capra, Jr.
                                                James P. Cusick
                                                1185 Avenue of the Americas
                                                New York, New York 10036
                                                Tel: (212) 556-2100

                                                *Attorneys for Defendant*
                                                *PricewaterhouseCoopers LLP*