UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re REFCO INC. SECURITIES LITIGATION  :  Case No. 07-MD-1902 (JSR)
-----------------------------------------------------------X
               This Document Relates to:
-----------------------------------------------------------X
KENNETH M. KRYS, et al.,                :
                                        :
                         Plaintiffs, :  Case No. 08-CV-3065 (JSR)
                                        :  Case No. 08-CV-3086 (JSR)
      -against-                        :
                                        :
CHRISTOPHER SUGRUE, et al.,             :
                                        :  ORAL ARGUMENT
                        Defendants. :  REQUESTED
                                        :
-----------------------------------------------------------X


**THE MAYER BROWN DEFENDANTS' MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDGMENT ON THE ISSUE OF THE PRIMARY VIOLATION OF FRAUD BY REFCO**

# TABLE OF AUTHORITIES

## CASES

*Capital Management Select Fund Ltd. v. Bennett*, 680 F.3d 214, 228–29 (2d Cir. 2012) ..............2

## DOCKETED CASES

Report & Recommendation on the Omnibus Issue of Primary Violations by Refco (Dkt. No. 410), *Krys v. Sugrue (In re Refco Inc. Securities Litigation)*, Nos. 08 Civ. 3065 & 3086 (JSR) (S.D.N.Y. Mar. 2, 2010), at 7, 21–26 ....................................................................1

Order (Dkt. No. 524), *Krys v. Sugrue (In re Refco Inc. Securities Litigation)*, Nos. 08 Civ. 3065 & 3086 (JSR) (S.D.N.Y. May 4, 2011) ...............................................................................1

Report & Recommendation on Motions To Dismiss Brought by the Mayer Brown Defendants (Dkt. No. 661), *Krys v. Sugrue (In re Refco Inc. Securities Litigation)*, Nos. 08 Civ. 3065 & 3086 (JSR) (S.D.N.Y. Jan. 17, 2012), at 5 ..............................................1

Order (Dkt. No. 717), *Krys v. Sugrue (In re Refco Inc. Securities Litigation)*, Nos. 08 Civ. 3065 & 3086 (JSR) (S.D.N.Y. Mar. 26, 2012) ............................................................................1

Mayer Brown LLP, Joseph Collins, and Paul Koury join in the arguments raised by Grant Thornton LLP and Mark Ramler (the "Grant Thornton Defendants") in the Grant Thornton Defendants' Opposition to Plaintiffs' Motion for Summary Judgment (the "Opposition") (with the exception of arguments in the Opposition that concern facts specific to the Grant Thornton Defendants).

The reasoning of the Grant Thornton Defendants' Opposition applies with equal force to the Mayer Brown Defendants.  The sole remaining claim against both the Mayer Brown and Grant Thornton Defendants is Count XVII for aiding and abetting fraud.  *See* Am. Compl. ¶¶ 1255–66.  To recover on that claim, Plaintiffs must prove all of the elements of the primary tort of fraud that they allege the Mayer Brown Defendants aided and abetted.  *E.g.*, Report & Recommendation on Motions To Dismiss Brought by the Mayer Brown Defendants at 5 (Dkt. No. 661), *adopted* Order (Dkt. No. 717); Report & Recommendation on the Omnibus Issue of Primary Violations by Refco at 7, 21–26 (Dkt. No. 410) (listing and analyzing fraud elements), *adopted* Order (Dkt. No. 524).  Yet, as the Opposition makes plain, Plaintiffs have not put forth evidence to meet ***any*** of the elements of fraud.  *See* Opposition at 1–2, 7–8.  Plaintiffs therefore are not entitled to summary judgment on any of those elements—let alone all of them, as their motion apparently requests when it seeks judgment "on the issue of the primary violation of fraud by Refco."

Nor have Plaintiffs proven that there is no genuine dispute as to the material "facts" of Refco's conduct.  Rather, Plaintiffs proffer a hodgepodge of almost entirely inadmissible evidence, and they fail to establish any material facts that they would need to prove at trial by clear and convincing evidence.  *See id.* at 10–16. Notably, Plaintiffs claim that four experts offered by other defendants (Messrs. Rudley, Daines, Holder, and Ellingsen) have

1

"acknowledged and admitted the Refco fraud." Pls.' Mem. at 6. While the Mayer Brown Defendants dispute Plaintiffs' characterization of these experts' opinions, *none* of these experts was offered by the Mayer Brown Defendants and thus their opinions cannot be an "admission" by these defendants.

Like the Grant Thornton Defendants, moreover, the Mayer Brown Defendants dispute Plaintiffs' version of the facts. For example:

- The receivable owed by Refco Group Holdings, Inc. ("RGHI") was *not* worthless. Pls.' Rule 56.1 Statement at ¶ 8. Refco was ultimately paid the entire balance of the receivable. *See* Opposition at 8–9.

- There was nothing "imaginary" about the interest paid on the RGHI receivable. Pls.' Rule 56.1 Statement at ¶ 2. That interest, like the receivable itself, was paid in its entirety. *See* Opposition at 9.

- Refco and its subsidiary Refco Capital Markets, Ltd. ("RCM") did not have a practice of "misappropriat[ing]" customer deposits. Pls.' Rule 56.1 Statement at ¶ 5. The Second Circuit, Judge Rakoff, Judge Lynch, and the Special Master have all held that the terms of RCM customers' contracts with RCM allowed RCM to transfer customer deposits to other Refco entities. *See* Opposition at 9 (citing, e.g., *Capital Mgmt. Select Fund Ltd. v. Bennett*, 680 F.3d 214, 228–29 (2d Cir. 2012)).

- While Plaintiffs assert that losses sustained by Refco customers following market turbulence in Asia were transferred to RGHI, *see* Pls.' Rule 56.1 Statement at ¶¶ 7–8, in fact a subsidiary of Refco called Refco Global Finance assumed those customers' accounts and the "customer losses" were not permanently transferred

to RGHI until August 2004.  *See* Response of the Mayer Brown Defendants in Opp'n to Pls.' Rule 56.1 Statement at ¶ 8.

Plaintiffs simply are not entitled to obtain summary judgment by a conclusory assertion that their conception of the "facts" of the "Refco fraud" is "undisputed."   For these reasons, as well as those stated in the Opposition, Plaintiffs' motion should be denied.

| | |
|---|---|
| Dated:  Washington, D.C.<br>            January 22, 2013 | WILLIAMS & CONNOLLY LLP<br><br>By: /s/ Craig D. Singer            <br>     John K. Villa<br>     George A. Borden<br>     Craig D. Singer<br>     (csinger@wc.com)<br><br>     725 Twelfth Street, N.W.<br>     Washington, DC 20005<br>     Tel.: (202) 434-5000<br><br>     *Attorneys for Defendant Mayer Brown LLP* |
| Dated:  New York, N.Y.<br>            January 22, 2013 | COOLEY LLP<br><br>By: /s/ William J. Schwartz            <br>     William J. Schwartz<br>     Jonathan P. Bach<br>     Reed A. Smith<br>     (jbach@cooley.com)<br><br>     1114 Avenue of the Americas<br>     New York, NY 10036-7798<br>     Tel: (212) 479-6000<br><br>     *Attorneys for Defendant Joseph P. Collins* |

3

CLAYMAN & ROSENBERG

By: /s/ Charles E. Clayman
    Charles E. Clayman
    (clayman@clayro.com)

    305 Madison Avenue, Suite 1301
    New York, NY 10165
    Tel: (212) 922-1080
    *Attorney for Defendant Paul Koury*