**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------- X
                           :

In re REFCO INC. SECURITIES LITIGATION    :   Case No. 07-md-1902 (JSR)
                           :

-------------------------------------------------------- X
                          

This Document Relates To:

-------------------------------------------------------- X
KENNETH M. KRYS, *et al.*,             :
                           :   Case No. 08-cv-3065 (JSR)
                   Plaintiffs,  :   Case No. 08-cv-3086 (JSR)
                           :

         -against-               :
                           :

CHRISTOPHER SUGRUE, *et al.*,       :
                           :

                   Defendants. :
-------------------------------------------------------- X

**PLAINTIFFS' RESPONSE TO JOSEPH P. COLLINS'**
**STATEMENT OF ADDITIONAL MATERIAL FACTS**

Plaintiffs respectfully submit this Response ("Response") to Joseph Collins' Statement of Additional Material Facts ("Statement").  *See* MDL Docket No. 1774.

## GENERAL RESPONSE

For purposes of this Response, each numbered paragraph below corresponds to the same numbered paragraph in Collins' Statement.  As Plaintiffs explain in their individual responses to the Statement, many of Collins' statements of undisputed fact are, if not disputed, irrelevant to, and have no bearing on, Plaintiffs' Motion for Partial Summary Judgment.  Such facts are not "material facts"  under Fed. R. Civ. P. 56 or Local Rule 56.1 and should not be considered by the Court.  To the extent the Plaintiffs nonetheless provide a substantive response, these responses are not intended to be, and should not be considered as, a concession that any of the "facts" contained in those paragraphs are material to the Motion or are otherwise in any way relevant to its resolution.

Plaintiffs' responses are made without prejudice, and Plaintiffs reserve all rights to: (a) contest the facts connected in any paragraph in any further proceedings in this or in any other litigation or matter; (b) cite, submit, or rely upon such additional and further facts, evidence, circumstances, documents or testimony with respect to the subject matter of any paragraph in any further proceedings in this or any other litigation or matter should it become relevant; (c) challenge the admissibility or authenticity of any of the putative evidence cited by Collins at the time it is actually offered; and (d) contest whether the factual assertions in Collins' "statements" are supported by the particular documents and testimony cited therein.

**Defendant's Statement No. 1:**

At Collins's criminal trial, the indictment charged Collins with fraud and conspiracy on two theories: (1) knowingly participating in a scheme to falsify Refco's financial statements by concealing a large related-party debt, of up to $1.1 billion, owed to Refco by its corporate parent RGHI—referred to here as Refco's accounting fraud, Indictment ¶¶ 14-17, 28 30, 33-35, 38-49 (Ex. A to Declaration of Reed A. Smith ("Smith Decl.")) – and (2) knowingly participating in a

scheme to conceal a 2002 Proceeds Participation Agreement ("the PPA") during the TH Lee leveraged buyout of Refco. *Id*. at ¶¶ 19-22, 26-27, 30.

**Response:**

Plaintiffs do not contest that the Indictment charged Collins with knowingly participating in Refco's accounting fraud and with knowingly participating in a scheme to conceal the 2002 Proceeds Participation Agreement ("PPA"). Plaintiffs specifically deny that these two theories were raised for every count of the Indictment. Plaintiffs respectfully refer the Court to the Indictment itself for the specifics of the charges. *See* Ex. A. to Smith Decl.

**Defendant's Statement No. 2:**

With respect to the accounting fraud, the government alleged, in particular, that Collins and colleagues at Mayer Brown prepared documents for "Round Trip Loan" transactions which temporarily reduced the related-party debt and deceived Refco's auditors as to its true amount, *Id*. at ¶¶ 7, 14-17, 28-29, 35, 40-44.

**Response:**

Plaintiffs dispute and do not accept Collins' characterization of the Indictment and respectfully refer the Court to the Indictment itself for the specifics of the charges. *See* Ex. A. to Smith Decl.

**Defendant's Statement No. 3:**

The indictment alleged that, pursuant to the PPA, Refco's minority owner, the Austrian bank BAWAG, through its affiliate DF Capital, had purchased rights to share in the proceeds of any future sale of Refco. Id. at ¶ 19-21; Proceeds Participation Agreement § 1.01 (Ex. B to Smith Decl.).

**Response:**

Plaintiffs dispute and do not accept Collins' characterization of the Indictment and respectfully refer the Court to the Indictment itself for the specifics of the charges. *See* Ex. A to Smith Decl.

**Defendant's Statement No. 4:**

As set forth in the Indictment, the PPA provided BAWAG with a substantial economic interest in Refco, rights to convert its participation interests into equity, to block a sale of Refco, and a security interest in the membership shares of the company. Indictment ¶¶ 19-21 (Ex. A to Smith Decl.); Proceeds Participation Agreement § 1.01 (Ex. B to Smith Decl.); July 12, 2002 Letter Agreement in connection with the Proceeds Participation Agreement, § 5.1 (Ex. C to Smith Decl.), The PPA transaction also contemplated that $350 mm of the money that BAWAG paid to Refco in acquiring these rights would be applied for the benefit of RGHI to retire RGHI borrowings from Refco. Indictment ¶ 19 (Ex. A to Smith Decl.); July 12, 2002 Letter Agreement in connection with the Proceeds Participation Agreement, § 11.1 (Ex. C to Smith Decl.).

**Response:**

Plaintiffs dispute and do not accept Collins' characterization of the Indictment and respectfully refer the Court to the Indictment itself for the specifics of the charges.  *See* Ex. A. to Smith Decl.

**Defendant's Statement No. 5:**

The indictment alleged that Collins participated in a scheme with Bennett, Trosten and others "to hide the true financial condition and economic structure of Refco – including the existence of a large debt owed to Refco by RGHI and the full extent of BAWAG's economic interest in Refco – from Refco's banks, counterparties, auditors, investors, and potential investors." Indictment ¶ 7 (Ex. A to Smith Decl.).

**Response:**

Plaintiffs dispute and do not accept Collins' characterization of the Indictment and respectfully refer the Court to the Indictment itself for the specifics of the charges.  *See* Ex. A. to Smith Decl.

**Defendant's Statement No. 6:**

At his criminal trial, Collins denied any knowledge of the alleged Refco accounting fraud and the fraudulent purpose of the "Round Trip Loan" documents. Defense Opening: 256:24-257:21, 268:8-11 (Ex. D to Smith Decl.); Defense Summation: 3097:4-6 (Ex, E to Smith Decl.).

**Response:**

Plaintiffs dispute and do not accept Collins' characterization of his lawyer's arguments at the criminal trial, and respectfully refer the Court to the record for the full contents thereof.

3

**Defendant's Statement No. 7:**

At his criminal trial, Collins admitted that he purposefully did not disclose the existence of the PPA, but contended that he did so in good faith. Defense Opening: 274:12¬275:3 (Ex. D to Smith Decl.).

**Response:**

Plaintiffs dispute and do not accept Collins' characterization of his lawyer's arguments at the criminal trial, and respectfully refer the Court to the record for the full contents thereof.

**Defendant's Statement No. 8:**

At the criminal trial the government elicited testimony from TH Lee principal Scott Schoen about why BAWAG's purchase of rights to share in the proceeds of a Refco sale would have "mattered to" him. Schoen: 434:7-435:24 (Ex. F to Smith Decl.). Schoen testified that the PPA, would have revealed "a very different set of circumstances in terms of ownership and the right to proceeds from the story that we had been told"; that BAWAG's undisclosed right to block the sale was inconsistent with the rights that TH Lee believed it was acquiring. *Id.* at 434:14-435:5, 435:15-24.

**Response:**

Plaintiffs dispute and do not accept Collins' characterization of the testimony of witnesses at his criminal trial. Plaintiffs respectfully refer the Court to the record for the full contents thereof. Plaintiffs further state that any testimony about the non-disclosure of the PPA is irrelevant and immaterial to the relief sought by Plaintiffs in this Motion.

**Defendant's Statement No. 9:**

The government elicited testimony from TH Lee's attorney Jay Tabor that, in his communications with Collins and others, he had sought due diligence concerning any "material contracts," including "any right that somebody has to get an ownership interest in this company," because

> From a legal perspective, we needed to be able to confirm the ownership of this company, know who owned it, to be sure that our client was going to get the ownership percentage that it had bargained for,

> And to the extent there were any contracts under which somebody else had the right to get an interest, we would certainly want to understand those economics, or our client would.

Tabor: 2371:10-2372:8, 2386:23-2387:14, 2394:9-2395:6, 2395:14-2396:1 (Ex, G to Smith Decl.).

**Response:**

Plaintiffs dispute and do not accept Collins' characterization of the testimony of witnesses at his criminal trial. Plaintiffs respectfully refer the Court to the record for the full contents thereof. Plaintiffs further state that any testimony about the non-disclosure of the PPA is irrelevant and immaterial to the relief sought by Plaintiffs in this Motion.

**Defendant's Statement No. 10:**

The government elicited testimony from TH Lee's attorney James Westra that it was important to TH Lee to understand whether any third-party had the right to block, or veto a proposed transaction. Westra: 2271:4-20, 2273:11-19 (Ex, H to Smith Decl.).

**Response:**

Plaintiffs dispute and do not accept Collins' characterization of the testimony of witnesses at his criminal trial. Plaintiffs respectfully refer the Court to the record for the full contents thereof. Plaintiffs further state that any testimony about the non-disclosure of the PPA is irrelevant and immaterial to the relief sought by Plaintiffs in this Motion.

**Defendant's Statement No. 11:**

The government elicited testimony from John Sullivan, a lawyer who represented BAWAG during the TH Lee leveraged buyout, concerning a meeting with Collins and Refco's principal Phillip Bennett, at which he explained that he did not want to disclose the PPA to TH Lee because it "could complicate the transaction" and "could drive down the price." Sullivan: 1959:12-22 (Ex. I to Smith Decl.), The government elicited testimony from Sullivan solely about the PPA. *Id*. at 1953-1965, 1986-1990.

**Response:**

Plaintiffs dispute and do not accept Collins' characterization of the testimony of witnesses at his criminal trial. Plaintiffs respectfully refer the Court to the record for the full contents thereof. Plaintiffs further state that any testimony about the non-disclosure of the PPA is irrelevant and immaterial to the relief sought by Plaintiffs in this Motion.

**Defendant's Statement No. 12:**

      The government elicited testimony from Jason Berger, Sullivan's partner, that he had argued to Collins that the terms of the TH Lee deal required that the PPA he disclosed. Berger; 2007:24-2010:10 (Ex. J to Smith Decl.), The government elicited testimony from Berger solely about the PPA. *Id*. at 1997-2083.

**Response:**

      Plaintiffs dispute and do not accept Collins' characterization of the testimony of witnesses at his criminal trial.  Plaintiffs respectfully refer the Court to the record for the full contents thereof.  Plaintiffs further state that any testimony about the non-disclosure of the PPA is irrelevant and immaterial to the relief sought by Plaintiffs in this Motion.

**Defendant's Statement No. 13:**

      The government elicited testimony concerning various ways in which TH Lee had called for disclosure of agreements like the PPA. Tabor: 2394-2396, 2405-2416 (Ex, G to Smith Decl.).

**Response:**

      Plaintiffs dispute and do not accept Collins' characterization of the testimony of witnesses at his criminal trial.  Plaintiffs respectfully refer the Court to the record for the full contents thereof.  Plaintiffs further state that any testimony about the non-disclosure of the PPA is irrelevant and immaterial to the relief sought by Plaintiffs in this Motion.

**Defendant's Statement No. 14:**

      The government introduced evidence and argued to the jury that Collins deliberately drafted documents to conceal the PPA from Lee, and also hid the PPA from partners at Mayer Brown who might have advocated for its disclosure. Tabor: 2419:1-2426:12 (Ex. G to Smith Decl.); Berger: 2058:21-2073:12 (Ex. J to Smith Decl.).

**Response:**

      Plaintiffs dispute and do not accept Collins' characterization of the testimony of witnesses at his criminal trial.  Plaintiffs respectfully refer the Court to the record for the full

contents thereof.  Plaintiffs further state that any testimony about the non-disclosure of the PPA

is irrelevant and immaterial to the relief sought by Plaintiffs in this Motion.

**Defendant's Statement No. 15:**

The government introduced admissions from Collins's five-days of testimony at his first trial, and from his three-day deposition in the civil litigation. Of 22 exhibits introduced as admissions, 11 dealt exclusively with Collins's non-disclosure of the PPA—including a 35 page cross-examination on that single subject—or circumstances of his alleged misrepresentations concerning the PPA. Government Exhibits 2204, 2205, 2206, 2207, 2209, 2210, 2211-1, 2211-3, 2211-6, 2211-7, 2211-8 (Ex. K to Smith Decl.). Among the other admissions introduced, several dealt with the PPA along with other matters, Government Exhibits 2200, 2211-10 (Ex. K to Smith Decl.).

**Response:**

Plaintiffs dispute and do not accept Collins' characterization of the testimony of

witnesses at his criminal trial.  Plaintiffs respectfully refer the Court to the record for the full

contents thereof.  Plaintiffs further state that any testimony about the non-disclosure of the PPA

is irrelevant and immaterial to the relief sought by Plaintiffs in this Motion.

**Defendant's Statement No. 16:**

The defense requested a jury instruction that would have required the jury to find that Collins knew of Refco's hidden inter-company debt and accounting fraud in order to convict. Collins's Supplemental Requests to Charge, Request 1 (Ex. L to Smith Decl.).

**Response:**

Plaintiffs do not deny that Collins submitted jury instructions in his criminal trial.  They

dispute and do not accept Collins' characterization of those instructions and refer to the Court to

the instructions themselves for the full contents thereof.  *See* Ex. L. to Smith Decl.

**Defendant's Statement No. 17:**

At the charging conference, the government argued that that the jury could convict Collins of fraud and conspiracy based solely on his alleged role in a scheme to hide the PPA, "[e]ven if the jury concludes somehow the defendant had no knowledge of the financial condition or, more significantly, the related-party receivable." Charging Conference: 2908:8-11 (Ex M to Smith Decl.).

**Response:**

Plaintiffs do not contest that Collins accurately and selectively quoted from the transcript of the charging conference at his criminal trial. Plaintiffs dispute Collins' characterization of the government's argument and refer the Court to the transcript for the full contents thereof.

**Defendant's Statement No. 18:**

The district court agreed with the government concluding that the jury could find that the PPA should have been disclosed to TH Lee, that disclosure was a "material omission in connection with the purchase or sale of securities" to TH Lee, and that it was securities fraud, as well as a basis to convict for conspiracy, Charging Conference: 2911:3-10, 2913:3-6, 2919:9-15 (Ex. M to Smith Decl.).

**Response:**

Plaintiffs dispute Collins' characterization of Chief Judge Preska's remarks at the charging conference and refer the Court to the transcript for the full contents thereof.

**Defendant's Statement No. 19:**

The court gave a theory of defense charge which, as the court expressly noted, addressed "the underlying fraud at Refco" and the non-disclosure of the PPA separately, *Id.* at 2922:5-15, The theory of defense charge read:

> The defense contends that at all times the defendant acted in good faith. *With respect to the underlying fraud at Refco*, [Collins] contends that he did not scheme to hide the true financial condition of Refco and that he did not know that there was any hidden related-party debt between Refco and RGHI. *With respect to the PPA, he admits that he did not disclose it, but he contends that he did so in good faith as a lawyer representing his client.* More generally, Mr. Collins contends that he acted with the honest belief that the misstatements charged in the indictment were true and that no material misstatements were made.

Jury Charge: 3352:4-14 (emphasis added) (Ex. N to Smith Decl.).

**Response:**

Plaintiffs do not dispute that Collins accurately quoted from the jury instructions that Chief Judge Preska gave, with the exception of the added italics, and the substitution of

8

"Collins" for "him" in the original.  Plaintiffs dispute Collins' characterization of the referenced jury instruction and refer the Court to the transcript for the full contents thereof.

**Defendant's Statement No. 20:**

The court instructed the jury that, if it found Collins guilty on the conspiracy count, it could convict him of any of the substantive offenses charged in the indictment, based on the acts of his coconspirators, whether or not Collins actually knew of or participated in the commission of those offenses. *Id*. at 3388:6-3389:23.

**Response:**

Plaintiffs dispute Collins' characterization of the Court's jury instructions and refer the Court to the transcript for the full contents thereof.

**Defendant's Statement No. 21:**

The defense argued in its summation both that Collins was unaware of the alleged accounting fraud and that the PPA, standing alone, was not material. Defense Summation: 3097:2-3099:8, 3182:12-3184:1, 3206:24-3208:5, 3232:5-3234:11 (Ex. E to Smith Decl.).

**Response:**

Plaintiffs dispute Collins' characterization of his lawyer's argument at trial and refer the Court to the transcript for the full contents thereof.

**Defendant's Statement No. 22:**

The government responded to the defense's PPA argument in its rebuttal, detailing for the jury reasons that it could find the non-disclosure of the PPA to have been material apart from the accounting fraud. Government Rebuttal Summation: 3296:5-3307:10 (Ex. 0 to Smith Decl.).

**Response:**

Plaintiffs dispute Collins' characterization of the Government's argument at trial and refer the Court to the transcript for the full contents thereof.  Plaintiffs further state that any argument about the non-disclosure of the PPA is irrelevant and immaterial to the relief sought by Plaintiffs in this Motion.

**Defendant's Statement No. 23:**

The jury charge allowed the jury to convict of conspiracy and fraud either on the accounting fraud theory, or on the stand-alone theory that Collins schemed to conceal the PPA from TH Lee, Jury Charge (Ex. N to Smith Decl.).

**Response:**

Plaintiffs dispute Collins' characterization of the jury charge, which lacks any specific references to the transcript.  Plaintiffs dispute Collins' characterization of the "PPA" scheme as a "stand-alone theory" and object to the vague and undefined term "accounting fraud theory."  Plaintiffs specifically deny that the charge permitted the jury to convict on each count of the Indictment based on the two referenced "theories."

Dated:  New York, New York
       February 1, 2013

                              **BROWN RUDNICK LLP**

                              By:___/s David J. Molton_____
                                      David J. Molton
                                      Andrew Dash
                                      Mason Simpson

                              Seven Times Square
                              New York, New York 10036
                              Tel: (212) 209-4800
                              Fax: (212) 209-4801
                              dmolton@brownrudnick.com
                              adash@brownrudnick.com
                              msimpson@brownrudnick.com

                                     - and -

                              Leo R. Beus (admitted *pro hac vice*)
                              Dennis K. Blackhurst (admitted *pro hac vice*)
                              Lee M. Andelin (admitted *pro hac vice*)
                              BEUS GILBERT PLLC
                              701 N. 44th Street
                              Phoenix, Arizona  85008
                              Telephone: (480) 429-3000
                              Facsimile: (480) 429-3100
                              lbeus@beusgilbert.com

10

dblackhurst@beusgilbert.com
landelin@beusgilbert.com

*Attorneys for Plaintiffs*

60986862 v2