**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------- X
                                                           :
In re REFCO INC. SECURITIES LITIGATION       :     Case No. 07-md-1902 (JSR)
                                                           :
---------------------------------------------------------- X

This Document Relates To:

---------------------------------------------------------- X
KENNETH M. KRYS, *et al.*,                        :
                                                           :     Case No. 08-cv-3065 (JSR)
                                             Plaintiffs,  :     Case No. 08-cv-3086 (JSR)
                                                           :
              -against-                                   :
                                                           :
CHRISTOPHER SUGRUE, *et al.*,                   :
                                                           :
                                       Defendants.  :
---------------------------------------------------------- X

**PLANTIFFS' RESPONSE TO MAYER BROWN LLP'S AND**
**PAUL KOURY'S STATEMENT OF ADDITIONAL MATERIAL FACTS**

Plaintiffs respectfully submit this response ("Response") to the Statement of Additional Material Facts ("Statement") that is included in the response of Mayer Brown, LLP and Paul Koury in opposition to Plaintiffs' Rule 56.1 Statement (MDL Docket No. 1784).

## **GENERAL RESPONSE**

For purposes of this Response, each numbered paragraph below corresponds to the same numbered paragraph in Mayer Brown's Statement. As Plaintiffs explain in their individual responses to the Statement, many of Mayer Brown's statements of undisputed fact are, if not disputed, irrelevant to, and have no bearing on, Plaintiffs' Motion for Partial Summary Judgment. Such facts are not "material facts" under Fed. R. Civ. P. 56 or Local Rule 56.1 and should not be considered by the Court. To the extent the Plaintiffs nonetheless provide a substantive response, these responses are not intended to be, and should not be considered as, a concession that any of the "facts" contained in those paragraphs are material to the Motion or are otherwise in any way relevant to its resolution.

Plaintiffs' responses are made without prejudice, and Plaintiffs reserve all rights to: (a) contest the facts connected in any paragraph in any further proceedings in this or in any other litigation or matter; (b) cite, submit, or rely upon such additional and further facts, evidence, circumstances, documents or testimony with respect to the subject matter of any paragraph in any further proceedings in this or any other litigation or matter should it become relevant; (c) challenge the admissibility or authenticity of any of the putative evidence cited by Mayer Brown at the time it is actually offered; and (d) contest whether the factual assertions in Mayer Brown's "statements" are supported by the particular documents and testimony cited therein.

**Defendants' Statement No. 53:**

In the criminal proceeding against Mr. Collins, each of the ten substantive counts charged against Mr. Collins was predicated on two alternative theories of his liability: one alleging that he engaged in primary fraudulent acts, and a second alleging that he aided and abetted other individuals' primary fraudulent acts. *See, e.g.*, Nov. 9, 2012 Trial Tr. at 3352:2–3 & 3384:10–21 (Singer Decl., Ex. 24) (Jury Charge).

**Response:**

Plaintiffs dispute the factual assertions in Statement No. 53. The referenced passages

from the trial transcript do not support Mayer Brown's claim that "each of the ten substantive

counts charged against Mr. Collins was predicated on two alternative theories of his liability."

Indeed, Mayer Brown's own Statements submitted herein specifically contradicts this assertion.

*See* Statement No. 65 ("the jury convicted Mr. Collins on two wire fraud counts (Counts Seven

and Eight) that were *based exclusively on allegations of Mr. Collins's role in a fraudulent*

*scheme to conceal the PPA from THL.*"). Plaintiffs respectfully refer the Court to the Jury

Charge for the specifics of the Court's instructions.

**Defendants' Statement No. 54:**

In the criminal proceeding against Mr. Collins, the conspiracy count in the Indictment was supported by 34 pages of factual allegations charging multiple theories of fraud, which were incorporated into each of the other charges. Simpson Decl., Ex.10, at ¶¶ 1–59.

**Response:**

Plaintiffs dispute Mayer Brown's characterization of the Indictment. They respectfully

refer the Court to the Indictment itself for the full contents thereof.

**Defendants' Statement No. 55:**

In the criminal proceeding against Mr. Collins, the Government, in addition to alleging that Mr. Collins was involved in a scheme to hide Refco's trading losses and the RGHI receivable, accused Mr. Collins of participating in "a further fraud . . . to hide . . . at all costs" the terms and existence of the PPA from Thomas H. Lee ("THL") in the course of THL's due diligence for its 2004 LBO transaction. Oct. 10, 2012 Trial Tr. at 239:23–24 (Singer Decl., Ex. 25) (Gov't Opening).

**Response:**

Plaintiffs dispute Mayer Brown's characterization of the theories that the Government asserted at Collins' criminal trial and refer the Court to the record for the full contents thereof. Plaintiffs further object to Mayer Brown's use of multiple ellipses in its selective quotation from the trial transcript, and refer the Court to the transcript itself for the full contents thereof.

**Defendants' Statement No. 56:**

In the criminal proceeding against Mr. Collins, the Government alleged that the PPA granted BAWAG the right to receive a percentage of proceeds from any sale or public offering of Refco or, alternatively, to convert that right into ownership shares of Refco, as well as a right to veto any potential sale of Refco; it also allegedly "contemplated that RGHI would guarantee Refco's performance under the terms of the PPA and otherwise secure BAWAG's participation right." Simpson Decl., Ex.10, at ¶¶ 19–20.

**Response:**

Plaintiffs dispute Mayer Brown's characterization of the Government's allegations and refer the Court to the record for the full contents thereof. Plaintiffs further state that any argument or testimony relating to the non-disclosure of the PPA is irrelevant and immaterial to the relief sought herein.

**Defendants' Statement No. 57:**

In the criminal proceeding against Mr. Collins, the Government referred to the concealment of the PPA as the "core [act of] criminality" in the case against him. Nov. 6, 2012 Trial Tr. at 2915:11–18 (Singer Decl., Ex. 26) (Charge Conference).

**Response:**

Plaintiffs dispute Mayer Brown's characterization of the Government's remarks at the charge conference and refer the Court to the transcript for the full contents thereof. They further assert that these remarks must be read in the context of the colloquy with the Court to appreciate their meaning.

3

**Defendants' Statement No. 58:**

In the criminal proceeding against Mr. Collins, the Government told the jury that Mr. Collins's alleged involvement in the purported scheme to conceal the PPA from THL was "fraud in itself." Oct. 10, 2012 Trial Tr. at 240:12–13 (Singer Decl., Ex. 25) (Gov't Opening).

**Response:**

Plaintiffs dispute Mayer Brown's characterization of the Government's argument at trial and refer the Court to the transcript for the full contents thereof. Plaintiffs further state that any argument or testimony relating to the non-disclosure of the PPA is irrelevant and immaterial to the relief sought herein.

**Defendants' Statement No. 59:**

In the criminal proceeding against Mr. Collins, the Government argued that concealing the PPA from THL was criminal fraud, regardless of whether Mr. Collins was aware of Refco's financial fraud, since the PPA was a material document the disclosure of which was "called for in the context of negotiations and in the documents that were signed" in connection with THL's transactions. See Nov. 6, 2006 Trial Tr. 2908:7–19 (Singer Decl., Ex. 26) (Charge Conference).

**Response:**

Plaintiffs dispute Mayer Brown's characterization of the Government's argument at trial and refer the Court to the transcript for the full contents thereof. Plaintiffs further state that any argument or testimony relating to the non-disclosure of the PPA is irrelevant and immaterial to the relief sought herein.

**Defendants' Statement No. 60:**

In the criminal proceeding against Mr. Collins, the Government presented evidence from several witnesses designed to support the proposition that concealing the PPA from THL was "fraud in itself," for reasons having nothing to do with the Refco Fraud alleged by Plaintiffs in this civil case. *See, e.g.*, Oct. 23, 2012 Trial Tr. at 2008:5–2014:13 (Singer Decl., Ex. 27) (Berger Direct); Oct. 25, 2012 Trial Tr. at 2408:11–2411:25 (Singer Decl., Ex. 28) (Tabor Direct).

**Response:**

Plaintiffs dispute Mayer Brown's characterization of the Government's evidence at trial and refer the Court to the transcript for the full contents thereof. In particular, Plaintiffs dispute

Mayer Brown's argumentative characterization of the Government's purpose in introducing evidence at trial (evidence "designed to support" a stated "proposition") and its editorial comment "for reasons having nothing to do with the Refco Fraud alleged by Plaintiffs in this civil case." Such characterization and editorializing is not a statement of material fact and is also not supported by evidence as required by Rule 56. Plaintiffs further state that any argument or testimony relating to the non-disclosure of the PPA is irrelevant and immaterial to the relief sought herein.

**Defendants' Statement No. 61:**

In the criminal proceeding against Mr. Collins, Scott Schoen, THL's former managing director, testified that the PPA was a material document for due diligence purposes that should have been disclosed to THL because it showed "a very different set of circumstances in terms of ownership and the right to proceeds" and because THL "didn't need any additional consents from another party." Oct. 11, 2012 Trial Tr. at 434:22–435:5 (Singer Decl., Ex. 29) (Schoen Direct).

**Response:**

Plaintiffs dispute Mayer Brown's characterization of the testimony presented at trial and refer the Court to the transcript for the full contents thereof. Plaintiffs further state that any argument or testimony relating to the non-disclosure of the PPA is irrelevant and immaterial to the relief sought herein.

**Defendants' Statement No. 62:**

In the criminal proceeding against Mr. Collins, the Government argued to the jury that THL had "a fundamental right to know . . . who has the power to withhold consent and how did they get that power." Nov. 8, 2012 Trial Tr. at 3305:13–23 (Singer Decl., Ex. 30) (Gov't Rebuttal Summation).

**Response:**

Plaintiffs dispute Mayer Brown's characterization of the Government's argument at trial and refer the Court to the transcript for the full contents thereof. Plaintiffs further state that any

argument or testimony relating to the non-disclosure of the PPA is irrelevant and immaterial to the relief sought herein.

**Defendants' Statement No. 63:**

In the criminal proceeding against Mr. Collins, the Government argued that "[e]ven if the jury conclude[d] somehow [that Mr. Collins] had no knowledge of [Refco's] financial condition, or, more significantly, the related-party receivable," the jury still could convict Mr. Collins of fraud and conspiracy based only on his alleged role in a scheme to hide the PPA. Nov. 6, 2012 Trial Tr. at 2908:7–19 (Singer Decl., Ex. 26) (Charge Conference).

**Response:**

Plaintiffs dispute Mayer Brown's characterization of the Government's argument at trial and refer the Court to the transcript for the full contents thereof. Plaintiffs further state that any argument or testimony relating to the non-disclosure of the PPA is irrelevant and immaterial to the relief sought herein.

**Defendants' Statement No. 64:**

In the criminal proceeding against Mr. Collins, the trial court instructed the jury that if it found Mr. Collins guilty on the conspiracy count, it could convict him of any of the non-conspiracy counts based exclusively on the acts of Mr. Collins's co-conspirators, even if Mr. Collins did not know of or participate in those other individuals' acts. Nov. 9, 2012 Trial Tr. at 3389:7–17 (Singer Decl., Ex. 24) (Jury Charge).

**Response:**

Plaintiffs dispute Mayer Brown's characterization of the jury instructions given at trial and refer the Court to the transcript for the full contents thereof. Plaintiffs further state that any such instruction is irrelevant and immaterial to the relief sought herein.

**Defendants' Statement No. 65:**

In the criminal proceeding against Mr. Collins, the jury convicted Mr. Collins on two wire fraud counts (Counts Seven and Eight) that were based exclusively on allegations of Mr. Collins's role in a fraudulent scheme to conceal the PPA from THL. Nov. 7, 2012 Trial Tr. at 3089:18–25 (Singer Decl., Ex. 31) (Government Summation); Oct. 25, 2012 Trial Tr. at 2408:11–2411:25 (Singer Decl., Ex. 28) (Tabor Direct).

**Response:**

Plaintiffs do not dispute that Collins was convicted of Counts Seven and Eight and further state that the Indictment speaks for itself.

**Defendants' Statement No. 66:**

In the criminal proceeding against Mr. Collins, the jury returned only a general verdict on all counts against Mr. Collins. See Nov. 16, 2012 Trial Tr. at 3516:13–3517:9 (Singer Decl., Ex. 31) (Verdict).

**Response:**

Plaintiffs object to the undefined term "general verdict" and note that the jury rendered separate verdicts for each of the counts charged in the Indictment.

**Defendants' Statement No. 67:**

In the criminal proceeding against Mr. Collins, the jury acquitted Mr. Collins on the only wire fraud count (Count Six) that was based on allegations of Mr. Collins's role in a fraudulent scheme to conceal the RGHI receivable and Refco's trading losses. Nov. 7, 2012 Trial Tr. at 3089:13–17 (Singer Decl., Ex. 32) (Gov't Summation).

**Response:**

Plaintiffs do not dispute that Collins was acquitted of Count Six and further state that the Indictment speaks for itself.

**Defendants' Statement No. 68:**

The jury also acquitted Mr. Collins of another wire fraud count, Count Nine, which was based on allegations about Refco's financial fraud as well as the PPA. Nov. 7, 2012 Trial Tr. at 3090:1–7 (Singer Decl., Ex. 32)

**Response:**

Plaintiffs do not dispute that Collins was acquitted of Count Nine and further state that the Indictment speaks for itself.

**Defendants' Statement No. 69:**

The Government in the trial of Mr. Collins contended on numerous occasions that Mr. Collins "hid the PPA's existence from his own law partners" at Mayer Brown, submitting that Mr. Collins had to hide the PPA from the other lawyers at Mayer Brown working on the LBO

with THL because those lawyers would have readily disclosed it in the Equity Purchase & Merger Agreement. *E.g.*, Nov. 7, 2012 Trial Tr. at 3066, 3073, 3075, 3079 & 3080–81 (Singer Decl., Ex. 32) (Gov't Summation); Nov. 8, 2012 Trial Tr. at 3302, 3307, 3308, 3309 (Singer Decl., Ex. 30) (Gov't Rebuttal Summation); Oct. 10, 2012 Trial Tr. at 241 (Singer Decl., Ex. 25) (Gov't Opening).

**Response:**

Plaintiffs dispute Mayer Brown's characterization of the Government's argument at trial and refer the Court to the transcript for the full contents thereof.  Plaintiffs further state that any argument or testimony relating to the non-disclosure of the PPA is irrelevant and immaterial to the relief sought herein.

Dated: New York, New York
        February 1, 2013

                                    **BROWN RUDNICK LLP**

                                    By:   /s David J. Molton
                                              David J. Molton
                                              Andrew Dash
                                              Mason Simpson

                                    Seven Times Square
                                    New York, New York 10036
                                    Tel: (212) 209-4800
                                    Fax: (212) 209-4801
                                    dmolton@brownrudnick.com
                                    adash@brownrudnick.com
                                    msimpson@brownrudnick.com

                                            - and -

                                    Leo R. Beus (admitted *pro hac vice*)
                                    Dennis K. Blackhurst (admitted *pro hac vice*)
                                    Lee M. Andelin (admitted *pro hac vice*)
                                    BEUS GILBERT PLLC
                                    701 N. 44th Street
                                    Phoenix, Arizona  85008
                                    Telephone: (480) 429-3000
                                    Facsimile: (480) 429-3100
                                    lbeus@beusgilbert.com
                                    dblackhurst@beusgilbert.com
                                    landelin@beusgilbert.com

                                    *Attorneys for Plaintiffs*

60986969 v2

9