UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re REFCO INC. SECURITIES LITIGATION   :   Case No. 07-MD-1902 (JSR)
------------------------------------------------------------X
            This Document Relates to:
------------------------------------------------------------X
KENNETH M. KRYS, et al.,   :
                                Plaintiffs,   :   Case No. 08-CV-3065 (JSR)
                                       :   Case No. 08-CV-3086 (JSR)
        -against-   :

CHRISTOPHER SUGRUE, et al.,   :
                                     :   ORAL ARGUMENT
                              Defendants.   :   REQUESTED
------------------------------------------------------------X


**MAYER BROWN LLP'S AND PAUL KOURY'S SUPPLEMENTAL MEMORANDUM
IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT AGAINST THE MAYER BROWN DEFENDANTS**

# **TABLE OF AUTHORITIES**

## **CASES**

*A to Z Associates v. Cooper*, 613 N.Y.S.2d 512, 517 (N.Y. Sup. Ct. 1993)..................................4

*Beras v. Carvlin*, 313 F. App'x 353 (2d Cir. 2008)...................................................................1–2

*Ferris v. Cuevas*, 118 F.3d 122, 127 n.6 (2d Cir. 1997)................................................................4

*Hallinan v. Republic Bank & Trust Co.*, 519 F. Supp. 2d 340, 348, 356–58 & n.34
   (S.D.N.Y. 2007) ........................................................................................................................3

*Hallock v. United States*, No. 6:09-CV-1141, 2010 U.S. Dist. LEXIS 109278, *21–*22
   (N.D.N.Y. July 28, 2010)..........................................................................................................2

*Richards v. Jefferson County, Alabama*, 517 U.S. 793, 798 (1996)..............................................5

*Smith v. Bayer Corp.*, 131 S. Ct. 2368 (2011) ...............................................................................1

*Stichting v. Schreiber*, 327 F.3d 173, 184–87 (2d Cir. 2003)...............................................2, 3, 4

*Taylor v. Sturgell*, 553 U.S. 880, 894, 898 (2008)................................................................ passim

*West v. WRH Energy Partners LLC (In re Noram Resources, Inc.)*, Case No. 08-38222,
   ADV. No. 10-3703, 2011 Bankr. LEXIS 5183 (Bankr. S.D. Tex. Dec. 30, 2011) ..............1–2

## **MISCELLANEOUS**

18A Charles Alan Wright et al., *Federal Practice and Procedure* § 4460 (2d ed.) .......................4

Restatement (First) of Judgments §§ 84–92, 99 (1942)..................................................................5

Restatement (Second) of Judgments §§ 43, 44, 51, 52, 55, 59, 60 (1982) ..................................4–5

i

With the Special Master's permission, Mayer Brown LLP and Paul Koury submit this supplemental memorandum to respond to the new arguments and authorities in Plaintiffs' Reply Memorandum.

Finally acknowledging the existence of *Taylor v. Sturgell*, 553 U.S. 880 (2008), Plaintiffs' Reply asserts that it "has no bearing on this case." Reply at 1. To the contrary, *Taylor* is the Supreme Court's governing statement on the scope of nonparty issue preclusion in all cases applying federal law. The Supreme Court itself reaffirmed *Taylor*'s analysis as recently as 2011. *Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2379 (2011). *Taylor* held that nonparty preclusion is limited to six narrow and discrete circumstances, while "emphasiz[ing] the fundamental nature of the general rule that a litigant is not bound by a judgment to which she was not a party." 553 U.S. at 898. Yet Plaintiffs now argue that *Taylor*'s exception for "pre-existing substantive legal relationships"[1] is so broad as to bind a principal (here, a partnership) whenever its agent (a partner) is convicted for his actions within the scope of the agency relationship. That is not the law, and the authorities Plaintiffs cite say nothing of the sort.

**I.      Plaintiffs' Cited Authorities After *Taylor* Are Inapposite.**

Plaintiffs claim to have identified post-*Taylor* case law holding that the mere existence of a partner-partnership relationship satisfies *Taylor*'s "pre-existing substantive legal relationship" exception. *See* Reply at 9–10. But Plaintiffs misread these cases. All three apply claim preclusion (res judicata) and not issue preclusion (collateral estoppel). Two do not even mention *Taylor* and apply ***defensive*** claim preclusion. *See Beras v. Carvlin*, 313 F. App'x 353 (2d Cir. 2008); *West v. WRH Energy Partners LLC*, Case No. 08-38222, Adv. No. 10-3703, 2011 Bankr. LEXIS 5183 (Bankr. S.D. Tex. Dec. 30, 2011). The cases thus allowed partner-defendants to use

---

[1] Plaintiffs do not argue that any of *Taylor*'s other five exceptions to nonparty preclusion applies, and they do not, *see* MB Br. at 6–7.

"privity" as a **shield**, to bar **plaintiffs** from suing them on claims *that those same plaintiffs had already asserted and lost* (or waived) in prior cases against the defendants' partners or partnership.  This sort of preclusion does not offend due process because the parties who are precluded are the same ones who were before the court in the prior case.  In contrast, the issue that *Taylor* confronted, and that is presented here, is where a judgment is used offensively to bar a **nonparty** to that judgment from defending itself.

The third case, *Hallock v. United States*, No. 6:09-CV-1141, 2010 U.S. Dist. LEXIS 109278 (N.D.N.Y. July 28, 2010), held that a husband's claims were ***not*** precluded by a prior case brought by his wife and their joint business, and found that it was "***unnecessary . . . to decide***" whether the business and familial relationships established privity for preclusion purposes.  *Id*. at *21–*22 (emphasis added).

## II.   *Taylor*'s Exception Does Not Swallow the Rule Against Nonparty Preclusion.

Plaintiffs also draw on ***pre***-*Taylor* authorities to suggest that when *Taylor* referred to an exception for "pre-existing substantive legal relationships," it meant to include any partner-partnership relationship.  *See, e.g.*, Reply at 7–9.  Plaintiffs contend that "whether a 'privity' case was decided before or after *Taylor* is of no legal moment" because *Taylor* "did not change the law of 'privity,' other than to observe that the lower courts' use of that term had become confusing."  *Id*. at 9.  This misses the point.  *Taylor* eschewed the term "privity" precisely because the lower courts had used it too broadly, for example, to state the conclusion that nonparties could be precluded based on such amorphous concepts as "virtual representation." *See* 553 U.S. at 894 n.8.

Even before *Taylor*, the Second Circuit's definition of "privity" did not extend to agency relationships like this one.  In *Stichting v. Schreiber*, 327 F.3d 173 (2003), the Second Circuit unequivocally held that a CEO's criminal conviction did not preclude his corporation, a nonparty

2

to the criminal case, even though the CEO's criminal conduct occurred when he was an agent of the corporation.  The Court explained in detail that agency doctrine cannot be confused with preclusion.  *Id.* at 184–87.  That a principal may be vicariously liable for the agent's conduct does not mean a judgment against the agent is **preclusive** as to the principal.  MB Br. at 9–11.

Plaintiffs respond that *Stichting* addressed only "privity based on representation" and "not the 'substantive legal relationship' version of privity that Plaintiffs advocate here."  Reply at 11.  This is flatly incorrect, and it makes no sense.  The Court in *Stichting* was clear in describing the only "two methods of establishing privity" then available in the Second Circuit—one representation-based, and the other based on the nonparty's control of the prior litigation.  327 F.3d at 185 & n.13 (emphasis added).  Its analysis would have been unnecessary if the CEO's former agency relationship could have triggered some *other* form of privity-based preclusion.

Plaintiffs do not cite any case that reads *Stichting* as they propose—but they do cite cases that confirm Mayer Brown's reading.  Specifically, Plaintiffs point to *Hallinan v. Republic Bank & Trust Co.*, 519 F. Supp. 2d 340 (S.D.N.Y. 2007), *aff'd*, 306 F. App'x 626 (2d Cir. 2009), for the proposition that New York law on preclusion is the same as Second Circuit law.  *See* Opp. 8 n.5.  The court there explained that the Second Circuit recognizes only the two methods of establishing privity that are set forth in *Stichting*.  519 F. Supp. 2d at 348.  And then it rejected the argument that New York recognizes a broader form of privity, explaining that New York courts do not "distinguish[] from [the Second Circuit's] two traditional categories of privity (i.e. 'representation' and 'control')" by recognizing "a separate and distinct third category" "where rights or obligations are 'conditioned on' or 'derivative of' the prior party's rights."  *Id*. at 356–58 & n.34.  In other words, by 2007 **both** federal law in the Second Circuit and New York law had rejected the expansive view of "privity" that Plaintiffs propose.

3

Plaintiffs also rely on a New York Supreme Court decision that applies *New York* preclusion law to bar ***plaintiffs*** from taking a second bite at the apple by relitigating through a partnership. *A to Z Assocs. v. Cooper*, 613 N.Y.S.2d 512, 517 (N.Y. Sup. Ct. 1993); *see also* Reply at 7 (citing *Ferris v. Cuevas*, 118 F.3d 122, 127 n.6 (2d Cir. 1997), which cites to *A to Z Assocs.*, in a footnote, in dicta)). The plaintiff-preclusion scenario is inapposite here for the reasons discussed earlier. *See supra* p.2. The *A to Z Associates* case itself is particularly distinguishable because the only two partners of the plaintiff partnership had actually participated in the prior proceeding. 613 N.Y.S.2d at 517. And of course, *A to Z Associates* was decided long before both *Taylor* and *Stichting*.

Finally, Plaintiffs are wrong to rely on Section 60 of the Second Restatement of Judgments to argue that a partner-partnership relationship is among the "pre-existing substantive legal relationships" that can preclude a nonparty after *Taylor*. Reply at 7. Section 60 does not address whether a partnership is precluded by a judgment against a partner. On the contrary, it concludes that a judgment against an individual partner ordinarily is not binding on another individual partner. Nothing in the text of Section 60 supports a broader form of preclusion against a partnership, and Plaintiffs cite no case that so construes it.

*Taylor* itself did not adopt Section 60, let alone Plaintiffs' overbroad reading of it.[2] While the Court cited the Second Restatement, it cited only four ***other*** sections within Chapter 4, Topic 2 as examples of the traditional, ***property***-based relationships that could give rise to preclusion, 553 U.S. at 894 (citing Second Restatement §§ 43–44 (preceding and succeeding property owners), 52 (bailee and bailor), 55 (assignee and assignor)). The Court did ***not*** cite or

---

[2] Plaintiffs also claim that the *Taylor* Court cited Wright & Miller § 4460. Reply at 7. In fact, *Taylor* cites several sections of Wright & Miller, *see* MB Br. at 8–9, 12, but ***not*** § 4460. That section in any event merely describes § 60 of the Second Restatement and in no way opines that a partner-partnership relationship can establish offensive nonparty issue preclusion.

otherwise adopt Section 60 or other *agency*-based relationships included in Topic 2 (e.g., §§ 51, 59).

That distinction is critical. The Second Restatement was published in 1982, during the era of pervasive nonparty preclusion among lower courts. The relationships it lists thus include many that do not fall within *Taylor*'s narrow "pre-existing substantive legal relationship" exception and that *Taylor*'s analysis thus disapproved of as a matter of federal law. *See Richards v. Jefferson Cty., Ala.*, 517 U.S. 793, 798 (1996) (citing generally to Chapter 4 of the Second Restatement to demonstrate that "the term 'privity' is now used to describe various relationships between litigants that would not have come within the traditional definition of that term").[3]

In short, *Taylor* is the law of the land, and it flatly prohibits imposing issue preclusion on nonparties like Mayer Brown and Mr. Koury based solely on a judgment against a former Mayer Brown partner. Plaintiffs still cannot point to *a single case, from any era*, in which a former agent's (let alone a former partner's) criminal conviction precluded a principal from putting on its own defense in a subsequent civil case. Nonparty preclusion based on criminal convictions is exceedingly rare, MB. Br. at 11–12—and certainly has never been authorized based on the mere existence of a garden-variety agency relationship. Unlike agency law, nonparty preclusion depends on the relationship between the parties at the time of the judgment—when, in this case, Mr. Collins was no longer a partner of Mayer Brown and controlled his own defense—not at the time of the allegedly wrongful conduct. *See* MB Br. at 10–11. Thus, even if the criminal judgment were preclusive against Mr. Collins (which it is not, *see* MB Br. at Part II), it would not preclude Mayer Brown or Mr. Koury.

---

[3] The earlier Restatement (First) of Judgments is consistent with traditional, property-based "privity." *See* First Restatement §§ 84–92. It treats agency relationships separately from privies and, like Plaintiffs' post-*Taylor* cases, recognizes only a defensive rule that masters and servants can use their agents' success to protect themselves from serial litigation. *See id*. § 99.

5

                                                  Respectfully submitted,

Dated: Washington, D.C.            WILLIAMS & CONNOLLY LLP
       February 8, 2013

                                        By: /s/ Craig D. Singer
                                            John K. Villa
                                            George A. Borden
                                            Craig D. Singer
                                            (csinger@wc.com)

                                            725 Twelfth Street, NW
                                            Washington, D.C. 20005
                                            Tel.: (202) 434-5000

                                            *Attorneys for Defendant Mayer Brown LLP*


Dated: New York, N.Y.              CLAYMAN & ROSENBERG
       February 8, 2013

                                          By: /s/ Charles E. Clayman
                                            Charles E. Clayman
                                            (clayman@clayro.com)

                                            305 Madison Avenue, Suite 1301
                                            New York, NY 10165
                                            Tel: (212) 922-1080
                                            *Attorney for Defendant Paul Koury*