UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                                                 :
In re REFCO INC. SECURITIES LITIGATION     :  Case No. 07-md-1902 (JSR)
                                                                 :
---------------------------------------------------------------- X

This Document Relates To:

---------------------------------------------------------------- X
KENNETH M. KRYS, et al.,                         :
                                                                 :  Case No. 08-cv-3065 (JSR)
                                          Plaintiffs,   :  Case No. 08-cv-3086 (JSR)
                                                                 :
              -against-                                  :
                                                                 :
CHRISTOPHER SUGRUE, et al.,              :
                                                                 :
                                          Defendants. :
---------------------------------------------------------------- X

## REPORT AND RECOMMENDATION

Plaintiffs have moved for the entry of default judgment against certain defendants. Although styled as an "inquest," the motion is properly brought under Rule 55(b)(2) of the Federal Rules of Civil Procedure and is before me in my capacity as special master.

I had intended to conduct a hearing on April 29, 2014. However, by email dated April 18, 2014, counsel for defendant Tone Grant advised me that, "Mr. Grant does not intend to submit papers in opposition to the application or appear at the hearing on this matter ***. As the Court is aware, Mr. Grant is 70 years old; is currently incarcerated; and is the subject of a $2.4 billion judgment and forfeiture order entered in the Refco criminal case before Judge Buchwald."

There are no disputed issues of fact. There are no credibility determinations to be made.

1

Under the circumstances, I elected to proceed on the papers.

I have considered the Declarations of Kenneth M. Krys and Joan A. Lipton, both filed on April 30, 2014. The following constitute my Findings of Fact and Conclusions of law.

## FINDINGS OF FACT

### I. Procedural history.

1. Plaintiffs are Kenneth M. Krys and Margot MacInnis as Joint Official Liquidators ("JOLs") of the SPhinX Funds named in the Amended Complaint, Kenneth M. Krys and Margot MacInnis as assignees of certain SPhinX investor claims, and the Harbour Trust Company Ltd. as Trustee of the SPhinX Trust, assignee of certain claims of PlusFunds Group Inc. ("PlusFunds"). *See* Am. Compl. ¶¶ 31–37, 86–93; Krys Decl. ¶¶ 2–4, Mar. 21, 2014.

2. Plaintiffs (or their predecessors-in-interest) commenced this action against Defendants, among other parties, on March 5, 2008, in the Supreme Court of the State of New York. *See* Notice of Removal, *Krys v. Sugrue*, Case No. 08-cv-3086 (JSR) (S.D.N.Y. Mar. 26, 2008), ECF No. 1, at ¶ 1.[1]

3. A summons and complaint was served on each of the Defendants. *See* Affidavit of Service, Apr. 18, 2008, ECF No. 27 (Bennett personally and as principal of RGHI); Affidavit of Service, June 4, 2008, ECF No. 84 (Grant); Affidavit of Service, Sept. 3, 2008, ECF No. 116 (Sugrue); Affidavit of Service, Mar. 19, 2009, ECF No. 277 (Hackl).

4. The action was removed from state court and assigned to these MDL proceedings under the caption *In re Refco Inc. Securities Litigation*, 07-md-1902 (JSR).

---

[1] All docket references herein are to *Krys v. Sugrue*, Case No. 08-cv-3086 (JSR) (S.D.N.Y.).

5. Plaintiffs filed their Amended Complaint on October 10, 2008. The Amended Complaint was served on each of the Defendants or their respective attorneys by mail. *See* Certificate of Service, Oct. 10, 2008, ECF No. 129-2.

6. The Amended Complaint alleges that Defendants participated in a fraudulent scheme orchestrated by management of Refco[2] to loot customer deposits and conceal Refco's insolvency. *See* Am. Compl. ¶¶ 1–17, 38, 41, 57, 60, 80, 170–73, 185–280, 356–74, 408–37, 467–79.[3] SPhinX Managed Futures Fund SPC ("SMFF") and PlusFunds suffered injury when they were induced to deposit SMFF's cash into accounts that were exposed to Refco's insolvency. *See id.* ¶¶ 1–17, 170–73, 184–200, 240–46. When Refco's insolvency was publicly disclosed, SMFF lost hundreds of millions of dollars on deposit at Refco and PlusFunds' business collapsed. *See id.* ¶¶ 1, 11–17, 331–42.

7. Claims are brought against Defendants as follows:

- Against Sugrue for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, fraud, aiding and abetting fraud, conversion, aiding and abetting conversion, officer/director liability under New York Bus. Corp. Law § 720, and interference with contract (Am. Compl. Counts I, II, III, IV, V, XXVI);

- Against Bennett for fraud, breach of fiduciary duty, conversion, aiding and abetting breach of fiduciary duty, and interference with contract (Am. Compl. Counts XIII, XIV, XV, XVI, XXVI);

- Against Grant for fraud, breach of fiduciary duty, conversion, and aiding and abetting breach of fiduciary duty (Am. Compl. Counts XIII, XIV, XV, XVI);

---

[2] "Refco" is defined herein to include Refco Inc., its direct and indirect subsidiaries, and their predecessors-in-interest.

[3] "[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability ...." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012)

3

- Against Hackl for fraud, breach of fiduciary duty, conversion, aiding and abetting breach of fiduciary duty, and interference with contract (Am. Compl. Counts XIII, XV, XVI, XXVI); and

- Against RGHI for aiding and abetting breach of fiduciary duty and interference with contract (Am. Compl. Counts XX, XXVI).

8. The Amended Complaint demands relief in the form of:

- Actual damages including $263 million of SMFF's lost cash and the lost enterprise value of PlusFunds Group Inc. ("PlusFunds");

- Prejudgment interest;

- Punitive damages;

- Costs and attorney fees; and

- Such other and further relief that the Court may deem just and proper.

See Am. Compl. ¶¶ 1, 16–17, Prayer for Relief (pp. 299–302).

9. Each of the Defendants failed to answer the Amended Complaint, and the Clerk entered certificates of default against Sugrue, Bennett, RGHI, and Hackl. See Clerk's Certificate, Dec. 5, 2008, ECF No. 235-1 (Sugrue, Bennett, RGHI); Clerk's Certificate, July 20, 2009, ECF No. 545-8 (Hackl).

10. Plaintiffs then moved for default judgment as to liability against Sugrue, Bennett, Hackl, and RGHI. Upon the recommendation of the Special Master and order of the Court, the Clerk entered judgments as to liability against these Defendants. See Judgment, Feb. 17, 2012, ECF No. 693 (Sugrue, Bennett, RGHI); Judgment, Mar. 8, 2012, ECF No. 709 (Hackl).

11. Thereafter, Plaintiffs moved for default judgment against Grant, and upon consent the Court granted default judgment as to liability against Grant. See Order, Jan. 21, 2014, ECF No. 1088.

II. **Evidence of damages.**

A. **PlusFunds.**

12. With respect to damages for PlusFunds' lost enterprise value, Plaintiffs have submitted the Declaration of Joan Lipton, CPA/ABV/CFF, Ph.D., dated March 18, 2014.[4] Dr. Lipton's expert report in this matter is attached to her declaration as Exhibit A.

13. Dr. Lipton is a partner in the Forensic, Litigation & Valuation Services Group of the firm ParenteBeard. *See* Lipton Expert Rep't at 22. Her report summarizes her qualifications to offer an expert opinion on the value of PlusFunds:

> I have been qualified and presented testimony on numerous occasions, including the presentation of valuation analyses in courts in New York, New Jersey, and Connecticut. I am a Certified Public Accountant ("CPA"), and have a Master's Degree in Business Administration as well as a Ph.D. in Government. In addition, I am accredited by the American Institute of Certified Public Accountants ("AICPA") in business valuation (referred to as the "ABV" designation). I have been an instructor for various business valuation courses offered by the New York State Society of Certified Public Accountants and other state CPA organizations, and have lectured extensively at various bar association conferences and meetings, as well as at judicial conferences in the New York area.

*Id.*

14. Dr. Lipton's qualifications are outlined in greater detail in her *curriculum vitae* annexed to her report as Appendix A.

15. Dr. Lipton values PlusFunds at $196 million as of September 30, 2005, just prior to the revelation of the Refco fraud on October 10, 2005. *See* Lipton Rep't at 38–41.

B. **SMFF.**

16. SMFF's loss was quantified at $263 million through a settlement with the Refco bankruptcy estate dated April 26, 2006. *See* Krys Decl. Ex. E.

---

## CONCLUSIONS OF LAW

17. To the extent any of the foregoing findings of fact may be deemed conclusions of law, they are incorporated herein by reference.

### I. Liability.

18. Each of the Defendants has already been adjudged liable by default. *See* Judgment, Feb. 17, 2012, ECF No. 693 (Sugrue, Bennett, RGHI); Judgment, Mar. 8, 2012, ECF No. 709 (Hackl); Order, Jan. 21, 2014, ECF No. 1088 (Grant). It is only necessary to determine the amount of damages to be awarded.

### II. Damages.

#### A. PlusFunds.

19. Dr. Lipton is sufficiently qualified by her "knowledge, skill, experience, training, [and] education," Fed. R. Evid. 702, to render an expert opinion as to the enterprise value of PlusFunds. *See* Lipton Rep't at 22 & App'x A.

20. Dr. Lipton's testimony, provided in the form of her written expert report and declaration:

- is helpful "to understand the evidence [and] to determine a fact in issue," that is, the value of PlusFunds, Fed. R. Evid. 702(a);
- is "based on sufficient facts [and] data," Fed. R. Evid. 702(b);
- is "the product of reliable principles and methods," Fed. R. Evid. 702(c); and
- "reliably applie[s] the principles and methods to the facts of the case." Fed. R. Evid. 702(d).

21. No rebuttal opinion or other evidence has been proffered by Defendants.

22. The Special Master therefore adopts Dr. Lipton's conclusion that PlusFunds' enterprise value that was lost as a consequence of the wrongful conduct by Defendants was $196 million. *See* Lipton Rep't at 38–41.

**B.   SPhinX.**

23. The loss suffered by SPhinX as a consequence of the wrongful conduct by Defendants was $263 million, as established by the unrefuted evidence submitted by Mr. Krys. *See* Krys Decl. ¶¶ 11–18, 21–24 & Exs. E, G.

**C.   Prejudgment interest.**

24. New York law provides for prejudgment interest to accrue "from the earliest ascertainable date the cause of action existed." N.Y. C.P.L.R. § 5001.

25. The statutory rate of interest is 9% per annum. *Id.* § 5004. As there is no evidence of an agreement between any of the parties setting a different rate, the statutory rate applies.

26. It is appropriate to use an accrual date of October 10, 2005, the date of the public disclosure of the Refco fraud. *See* Krys Decl. Ex. A. SMFF's and PlusFunds' claims accrued on that date because Refco's press release put SMFF and PlusFunds on inquiry notice of their claims and it was unlikely at that point that SMFF or PlusFunds could have avoided their damages by withdrawing deposits from Refco. *See* Krys Decl. Ex. A. Indeed, the Bankruptcy Code could allow the Refco trustee to claw back withdrawals going back 90 days prior to Refco's declaration of bankruptcy on October 17, 2005. *See* 11 U.S.C. § 547(b).

27. The accrual of prejudgment interest from October 10, 2005 through April 29, 2014, is shown in Exhibit G to the Krys Declaration.

28. Actual damages to Plaintiffs, after accounting for recoveries from other parties and prejudgment interest accrued through April 29, 2014, total $669,370,991.88. *See* Krys Decl. Ex. G.

29. In the event judgment is entered after April 29, 2014, prejudgment interest should continue to accrue in the amount of $78,430.14 per day until the date judgment is entered.

### III. Conclusion.

30. Each one of the Defendants, being deemed a concurrent tortfeasor, is jointly and severally liable to the Plaintiffs for the full amount of $669,370,991.88 as of April 29, 2014. *See Ravo v. Rogatnick*, 70 N.Y.2d 305, 309, 520 N.Y.S.2d 533, 535 (1987) ("When two or more tortfeasors act concurrently or in concert to produce a single injury, they may be held jointly and severally liable." (internal citations omitted)).

### RECOMMENDATION

31. For the foregoing reasons, I recommend that judgment be entered judgment I nfavor of Plaintiffs against each of Sugrue, Bennett, Grant, RGHI, and Hackl, jointly and severally, in the sum of $669,370,991.88, plus $78,430.14 for each day after April 29, 2014, until the date judgment is entered.

[signature]